**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| JOE HOLCOMBE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 5:18-cv-555-XR <br> ) *consolidated with* Nos. 5:18-cv-712-XR; <br> ) 5:18-cv-881-XR; 5:18-cv-944-XR; 5:18-cv- <br> ) 949-XR; 5:18-cv-951-XR; 5:18-cv-1151- <br> ) XR; 5:19-cv-184-XR; 5:19-cv-289-XR <br> ) <br> ) <br> ) <br> ) |
| KRIS WORKMAN, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 5:19-cv-506-XR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT UNITED STATES OF AMERICA'S SUPPLEMENTAL BRIEFING IN
<u>RESPONSE TO PLAINTIFF'S VICE PRINCIPAL THEORY OF LIABILITY</u>**

# **INTRODUCTION**

On November 2, 2018, the United States filed a motion to dismiss the six theretofore-consolidated cases stemming from the mass shooting at the First Baptist Church of Sutherland Springs in Sutherland Springs, Texas. *See Holcombe v. United States*, No. 5:18-cv-555-XR (Holcombe ECF Doc. 28). The night before the United States was due to file its motion, a seventh case was filed, *Amador v. United States*, Case No. 5:18-cv-01151-XR. The *Amador* complaint alleged a new theory of liability based on the vice-principal doctrine under Texas law. Given the timing of this filing, and the fact that the *Amador* complaint had not yet been consolidated with the other cases, the United States did not specifically address the vice-principal doctrine in its motion. Moreover, Plaintiffs did not advance the theory in their subsequent briefings, which were filed after *Amador* was consolidated with the other cases.

Four days before oral argument on the United States' motion to dismiss, Kris Workman filed his original complaint. (Workman ECF Doc. 1). Like the complaint in *Amador*, the *Workman* complaint alleges that the United States can be held directly liable for acts and omissions of vice-principals under Texas law. The day before oral argument, Mr. Workman filed a motion to amend the scheduling order related to the Government's motion to dismiss the consolidated cases. (Workman ECF Doc. 2). Mr. Workman argued that jurisdictional discovery is necessary for the Court to adjudicate the potential liability of the United States under the vice-principal doctrine. (Workman ECF Doc. 2 at 3).

Even though the vice-principal doctrine was not advanced by the Plaintiffs in their briefing in opposition to the motion to dismiss in the consolidated cases, and the *Workman* complaint has yet to be consolidated with the other cases, during oral argument the United States

- 1 -

offered to provide supplemental briefing to the Court with regard to Mr. Workman's vice-principal theory.

Before addressing the substance of Mr. Workman's arguments, the United States first responds to the suggestion in his brief that the Air Force or the United States dictated the timing of the filing of his action. (Workman ECF Doc. 2 at 1). Any suggestion that Mr. Workman was prevented from filing his complaint earlier than he did is unfounded. The Air Force received Mr. Workman's administrative tort claim on July 18, 2018. (Workman ECF Doc. 1-3). Pursuant to 28 U.S.C. § 2675(a), Mr. Workman was permitted to file his lawsuit once six months elapsed after the agency received the claim, which would have been as early as January 19, 2019. Mr. Workman, however, waited nearly four more months before filing his complaint on the eve of oral argument.

## ARGUMENT

"In Texas, '[w]hen actions are taken by a vice-principal of a corporation, those acts may be deemed to be the acts of the corporation itself.'" *Century Surety Co. v. Seidel*, 893 F.3d 328, 337 (5th Cir. 2018) (quoting *Bennett v. Reynolds*, 315 S.W.3d 867, 883 (Tex. 2010)); *Smith v. Lowe's Home Centers, Inc.*, No. Civ.SA-03-CA-1118 XR, 2005 WL 1533108, at *3–4 (W.D. Tex. June 29, 2005) (Rodriguez, J.). Rather than rely on the theory of *respondeat superior*, plaintiffs may bring actions against an employer based on its own conduct performed through vice-principals. *See Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 391 (Tex. 1997) (discussing "the dichotomy between the doctrine of *respondeat superior* and the liability of a corporation for its own actions") (citing *Fort Worth Elevators Co. v. Russell*, 70 S.W.2d 397 (Tex. 1934)). In other words, an individual's "status as a vice principal of [a] company will

impute liability to his employer for his actions in the workplace." *Ana, Inc. v. Lowry*, 31 S.W.3d 765, 771 (Tex. Ct. App. 2000).

Mr. Workman suggests that he need not rely on the theory of *respondeat superior* to bring an action against the United States. Rather, he argues that because the United States acted through its vice-principals — namely, the Secretary of the Air Force and other Air Force command personnel — like a corporation, it can be held directly liable for its own actions. This argument fails as a matter of law.

Irrespective of the validity of the vice-principal doctrine under Texas law, it is inapplicable in cases brought under the Federal Tort Claims Act (FTCA). "The whole structure and content of the [FTCA] makes it crystal clear that in enacting it and thus subjecting the Government to suit in tort, the Congress was undertaking with the greatest precision to measure and limit the liability of the Government, under the doctrine of respondeat superior, in the same manner and to the same extent as the liability of private persons under that doctrine were measured and limited in the various states." *United States v. Campbell*, 172 F.2d 500, 503 (5th Cir. 1949); *see also Laird v. Nelms*, 406 U.S. 797, 801 (1972) ("Congress intended to permit liability essentially based on the intentionally wrongful or careless conduct of Government employees, for which the Government was to be made liable according to state law under the doctrine of *respondeat superior*[.]"). Thus, *respondeat superior* is the only basis of liability under the FTCA. *See Johnson v. Sawyer*, 47 F.3d 716, 730 (5th Cir. 1995) (en banc) ("All FTCA liability is *respondeat superior* liability.").

In his motion, Plaintiff cites *Brown & Root, Inc. v. United States*, 92 F. Supp. 257 (S.D. Tex. 1950), *aff'd* 198 F.2d 138 (5th Cir. 1952), arguing that at least one court in the Fifth Circuit has recognized that the vice-principal doctrine may provide a basis for liability under the FTCA.

(Workman ECF Doc. 2 at 6–7). The district court, however, rejected the contractor's reliance on the vice-principal doctrine. Indeed, in doing so, it specifically acknowledged the Fifth Circuit's holding in *United States v. Campbell* to the effect that the Government's potential liability under the FTCA must be based on the doctrine of *respondeat superior. See Brown & Root*, 92 F. Supp. at 266 ("[T]he Court of Appeals for the 5th Circuit holds specifically that the liability of the Government under the [FTCA] is based on the doctrine of respondeat superior, 'in the same manner and to the same extent as the liability of private persons under that doctrine were measured and limited in the various states.'") (citing *Campbell*, 172 F.2d at 503). In affirming the district court's judgment, moreover, the Fifth Circuit found it unnecessary to address whether the vice-principal doctrine could be applied under the FTCA. *See Brown & Root*, 198 F.2d at 142.

Furthermore, the context in which the vice-principal doctrine was raised in *Brown & Root* is entirely different from the circumstances that are presented in this litigation. There, a general contractor brought a suit against the United States for indemnity and contribution after settling claims asserted against it by several federal employees who had been injured when the truck in which they were riding overturned on a road construction project. The United States argued that any defenses that it would have been entitled to raise in a suit brought against it by the injured employees could be raised to defeat the contractor's claims against the United States for contribution or indemnity. Among those defenses was "the old common law defense of the fellow-servant rule whereby a master may not be held liable for injury to his servant flowing from the negligence of a fellow servant." *Brown & Root,* 92 F. Supp. at 266. Arguing that the fellow-servant rule was inapplicable, the contractor in turn invoked the vice-principal doctrine, contending that the driver was the supervisor of the other employees riding in the vehicle.

Rejecting this contention, the district court sustained the Government's assertion of the fellow-servant rule.

Today, however, application of both the common law fellow-servant rule and the vice-principal exception to that common law rule largely has been almost entirely superseded by the passage of workers compensation statutes. Instead, the vice-principal doctrine today serves primarily as a means by which exemplary or punitive damages may be awarded against a corporation when its managerial personnel engage in egregious misconduct. But the award of such damages against the United States is expressly prohibited by the FTCA. *See* 28 U.S.C. § 2674; *Richards v. United States,* 369 U.S. 1, 14 n.28 (1962) ("[A] claimant cannot obtain punitive damages under the [FTCA] even though state law may provide for it against a private defendant[.]"). Thus, the vice-principal doctrine can have no application under the FTCA.

Additionally, Mr. Workman's vice-principal theory of liability suffers from several of the same infirmities as the negligent undertaking and negligent supervision claims asserted by the Plaintiffs in the consolidated cases. As the sole basis for asserting that the United States can be held directly liable under the vice-principal doctrine, Mr. Workman focuses on the alleged failures of the Air Force's leadership to enforce various federal statutes and internal regulations requiring Air Force personnel to report information to the Federal Bureau of Investigation (FBI).

But "the violation of a federal statute or regulation does not give rise to FTCA liability unless the relationship between the offending federal employee or agency and the injured party is such that the former, if a private person or entity, would owe a duty under state law to the latter in a nonfederal context." *Johnson v. Sawyer,* 47 F.3d at 728. "What is necessary is 'some relationship between the government employee[s] and the plaintiff to which state law would attach a duty of care in purely private circumstances.'" *Sea Air Shuttle Corp. v. United States,*

112 F.3d 532, 537 (1st Cir. 1997) (quoting *Myers v. United States,* 17 F.3d 890, 899 (6th Cir. 1994)).

Here, Mr. Workman fails to allege that any kind of relationship existed between himself and the Air Force, or any of its personnel, on which an actionable duty of care could be predicated under Texas law in purely private circumstances. Promulgating federal regulations; failing to comply with recommendations contained in Office of Inspector General (OIG) reports; and other intra-governmental conduct asserted by Mr. Workman does not form such a relationship. Mr. Workman criticizes the leadership of the Air Force, including the Secretary and her predecessor, for failing to "comprehend and address the size, scope and severity of the continued violations of the Brady Act," and for not adhering to the Secretary's assurance that the Air Force would change its practices following the 2015 Department of Defense OIG report. (Workman ECF Doc. 1 at 26).

Absent some relationship between the parties, however, the mere violation of federal statutes or regulations is an insufficient basis for imposing liability under the FTCA. That is the critical distinction between the cases currently before this Court and cases on which Plaintiffs and Mr. Workman rely. *See, e.g.*, *Ingham v. E. Air Lines*, 373 F.2d 227 (2d Cir. 1967); *Kristensen v. United States*, No. 1:17-cv-126 (W.D. Tex. Jan 31, 2019).

Moreover, just as the negligent supervision claims asserted by the Plaintiffs in the consolidated cases fail because no underlying duty of care exists, Mr. Workman's vice-principal theory fails for the same reason. Mr. Workman alleges that the commanding officer at Holloman Air Force Base "failed as a vice-principal to ensure that persons under his command and control submitted the statutory required information into the FBI's background check system." (Workman ECF Doc. 1 at 22). But the personnel under this officer's command breached no

actionable duty under Texas law by failing to report the information at issue to the FBI.  As the Fifth Circuit has noted with respect to negligent supervision claims, "liability . . . must be predicted upon the wrongful act or omission of the employee at the time of the infliction of the injury complained of . . . and, if the employee is guilty of no such act or omission, there is no liability on the part of the employer, however inexperienced, incompetent, and unfit the employee may have been for his task." *Johnson v. Sawyer*, 47 F.3d at 731 (quoting 53 Am. Jur. 2d Master and Servant § 422 at 435).  Similarly, absent an underlying duty owed to the injured party, liability cannot be imposed under the vice-principal doctrine.

Finally, while a federal agency's voluntary adoption of regulations can, under certain circumstances, give rise to "good Samaritan" liability, *see Johnson v. Sawyer,* 47 F.3d at 728 n.25 (discussing *Sheridan v. United States*, 487 U.S. 392 (1988)), in order for such liability to be imposed on the United States under the FTCA, the government's undertaking either must induce reliance by the injured parties, or the injured parties must be placed in a worse position than they would have occupied if the regulations had never been promulgated.

Thus, following remand by the Supreme Court in *Sheridan*, the Court of Appeals concluded that no liability could be imposed on the United States for injuries sustained by motorists who were shot by an intoxicated off-duty sailor while they were driving on a public street adjacent to a Navy hospital where hospital personnel had violated a base regulation that required them to report an individual's unauthorized possession of a firearm on the installation. *See Sheridan v. United States,* 969 F.2d 72, 74-75 (4th Cir. 1992) ("Plaintiffs suffered no greater risk of harm on the streets surrounding Bethesda Naval Medical Center from a serviceman such as Carr because of the gratuitous promulgation of the regulation and their breach than if the United States had never promulgated such regulations in the first instance.").

Here, Mr. Workman alleges neither that he relied on the Air Force's promulgation of regulations, nor that he suffered a greater risk of harm because of the promulgation of those regulations and their breach than he would have suffered if the regulations had never been promulgated at all. In these circumstances, Mr. Workman's invocation of the vice-principal doctrine must fail.

## CONCLUSION

For the reasons stated herein, Mr. Workman's theory of liability under Texas' vice-principal doctrine should be rejected.

Dated this 23rd day of May 2019.

Respectfully submitted,

**JOSEPH H. HUNT**
Assistant Attorney General
Civil Division
**JOHN F. BASH**
United States Attorney
**THOMAS G. WARD**
Deputy Assistant Attorney General
Civil Division
**JOHN F. PANISZCZYN**
Assistant United States Attorney
State Bar No. 15443855
**JAMES G. TOUHEY, JR.**
Director, Torts Branch
Civil Division
**KIRSTEN L. WILKERSON**
Assistant Director, Torts Branch
Civil Division
**STEPHEN E. HANDLER**
Senior Trial Counsel, Torts Branch
Civil Division
**PAUL DAVID STERN**
Trial Attorney, Torts Branch
Civil Division
United States Department of Justice
**Attorneys for Defendant**
**UNITED STATES OF AMERICA**

## CERTIFICATE OF SERVICE

I certify that on March 23, 2019, I electronically filed the foregoing with the clerk of court by using the CM/ECF system, and the following counsel of record have received notice and been served through that system.

Jamal K. Alsaffar
Tom Jacob
WHITEHURST, HARKNESS, BREES,
CHENG, ALSAFFAR & HIGGINBOTHAM
& JACOB PLLC
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735

Jason P. Steed
KILPATRICK TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201

Robert E. Ammons
April A. Strahan
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, TX  77006

Dennis Charles Peery
R. Craig Bettis
TYLER & PEERY
5822 West IH 10
San Antonio, TX 78201

Brett Reynolds
Brett Reynolds & Associates PC
1250 N.E. Loop 410, Suite 310
San Antonio, TX 78209

Mark W. Collmer
COLLMER LAW FIRM
3700 Montrose
Houston, TX 77006

Daniel J.T. Sciano
TINSMAN & SCIANO
10107 McAllister Freeway
San Antonio, TX 78216

Daniel D. Barks
SPEISER KRAUSE, P.C.
5555 Glenridge Connector, Suite 550
Atlanta, GA 30342

Tim Maloney
Paul E. Campolo
MALONEY & CAMPOLO, L.L.P.
926 S. Alamo
San Antonio, TX 78205

George LeGrand
Stanley Bernstein
LEGRAND & BERNSTEIN
2511 N. Saint Mary's St.
San Antonio, Texas 78212

/s/ Paul David Stern
PAUL DAVID STERN
Trial Attorney, Torts Branch
*Attorney for Defendant*

- 9 -