# IN THE UNITED STATES WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, ET AL., | § | |
| | § | |
| Plaintiffs | § | No. 5:18-CV-555-XR (*consolidated with* |
| vs. | § | Nos. 5:18-CV-712-XR; 5:18-CV-881-XR; |
| | § | 5:18-CV-944-XR; 5:18-CV-949-XR; 5:18- |
| UNITED STATES OF AMERICA, | § | CV-951-XR; 5:18-CV-1151-XR; 5:19-CV- |
| | § | 184-XR; 5:19-CV-289-XR; 5:19-CV-506- |
| Defendant | § | XR) |

## JOINT FED. R. CIV. P. 26 REPORT

1.      Are there any outstanding jurisdictional issues?  For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal?  If not, each party should state its position on the amount in controversy.

**Yes.  Defendant filed a motion to dismiss which was denied in part and granted in part.**

**<u>Defendant's statement:</u>**

**Defendant United States filed a motion to dismiss based on the Court's lack of subject matter jurisdiction under the Federal Tort Claims Act (FTCA).  The United States is in the process of determining whether to seek interlocutory appeal.  In the event the United States does not seek interlocutory appeal, or the petition is denied, the United States will engage in discovery while maintaining its defenses pertaining to the Court's lack of subject matter jurisdiction under the FTCA.**

**<u>Consolidated Plaintiffs' statement:</u>**

**Because Defendant's motion to dismiss Plaintiffs' claims have been denied, Plaintiffs are now entitled to proceed to discovery.  Once the Court enters the Scheduling Order, Plaintiffs should be allowed to proceed to full discovery per the F.R.C.P.**

2.      Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

**<u>Defendant's statement:</u>**

**Currently, there are ten consolidated cases.  However, to date, the United States has received 62 FTCA administrative claims stemming from the shooting.  The United States therefore anticipates the filing of numerous additional complaints.**

**Consolidated Plaintiffs' statement:**

**There are no unserved parties. The Defendant (U.S.A.) is the only party that the Consolidated Plaintiffs have sued, and it has been served properly.**

3.       What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

**Consolidated Plaintiffs' statement:**

**Plaintiffs filed suit for Negligence, Negligence Per se, Negligent Undertaking, Negligent Supervision and Training, and direct liability under the Vice-Principal doctrine.**

**Defendant's statement:**

**The United States has several defenses to Plaintiffs' claims, including but not limited to: (1) the United States did not owe a duty to Plaintiffs under Texas law; (2) the FTCA's misrepresentation exception bars Plaintiffs' claims; (3) the Brady Act immunity provision, 18 U.S.C. § 922(t)(6), precludes the award of damages against the United States. Additional defenses may be raised during the course of the litigation. The United States is also considering issues related to designating responsible third parties, such as the Estate of Devin Kelley. This may include adding the Kelley Estate as a necessary party defendant.**

4.       Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

**Defendant's statement:**

**To date, the parties have stipulated to twelve (12) salient facts that should narrow the scope of needed discovery. The parties continue to discuss additional potential stipulations of facts. The United States also anticipates seeking a stipulation from the consolidated plaintiffs regarding limits on discovery in areas/issues that are covered by appropriate stipulations, or alternatively, seeking protective orders in order to prevent unnecessary and prohibitive duplicative discovery on stipulated facts.**

**Consolidated Plaintiffs' statement:**

**The parties have only stipulated to twelve facts. Plaintiffs' position is that discovery could be streamlined if Defendant would admit to facts as detailed in the various Department of Defense Inspector General's reports (e.g., DOD reports from 2014, 2015, 2017, and 2018). Each of these investigative reports are Defendant admissions and relate to the government's failure to track information, gather evidence, supervise and train staff, and ultimately report dangerous criminals to the various background check systems that would have prevented individuals like Devin Kelley from obtaining weapons.**

**Consolidated Plaintiffs' lead counsel has met and conferred with Defendant's counsel no less than half a dozen times in order to work on obtaining more stipulated facts relating to these investigations and reports. As of the time of this report, the parties have been unable to reach**

agreement on more than twelve facts. At this time, it appears Plaintiffs need to conduct discovery as soon as practicable in order to establish these otherwise admitted facts into admissible trial form.

5.      State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

*(A)      What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;*

**Defendant's statement:**

**The United States requests that the Court convene a Rule 16 status conference to address unresolved issues concerning the scope, breadth, and mechanics of discovery. Currently, there are ten consolidated cases. However, to date, the United States has received 62 administrative claims stemming from the shooting. The United States therefore anticipates the filing of numerous additional complaints. A discovery plan should be created to resolve common issues stemming from the shooting equitably and efficiently. The United States is also concerned that it may face repetitive or duplicative discovery as parties are continually added to this consolidated suit.**

**The United States further requests that the Rule 16 status conference be convened after the United States provides Answers to the ten complaints already filed in this litigation. The Court previously requested that the parties confer in an effort to stipulate to agreeable facts to mitigate the need for future discovery. The parties engaged in meaningful discussions and reach an agreement regarding twelve key facts. All Plaintiffs, with the exception of Farida Brown, recently filed Amended Complaints. Notwithstanding Plaintiffs' contention, the amended complaints do not all contain the same factual allegations. Nine of the ten complaints are over 50 pages, and every complaint contains multiple allegations in each background paragraph. Such allegations do not always quote directly from DoD IG reports and must be independently corroborated. The United States is moving with all reasonable haste to review and answer those Amended Complaints. As part of that review, the United States is determining the extent to which it can admit to the factual allegations in those new complaints. The United States proposes that it would be most efficient to postpone the Rule 16 Scheduling Conference until after the United States has answered the Amended Complaints and Plaintiffs have had an opportunity to analyze those answers. At that time, the parties will be in a much better position than currently to have an informed discussion and will better be able to inform the Court regarding the nature and scope of discovery moving forward. The United States therefore requests that Rule 26(a) disclosures and all other discovery be stayed until after the entry of the proposed Discovery Order.**

**Consolidated Plaintiffs' statement:**

**No changes to the requirement for Rule 26 mandatory disclosures should be made. All of the ten amended complaints contain virtually identical factual allegations to support their claims. And the *Brown* complaint contains almost identical factual allegations as the ten amended complaints. The difficulty of answering those complaints is minimal and should not serve as a basis for further delay in Plaintiffs' seeking discovery on their valid claims. While**

counsel for both parties have made themselves available repeatedly and have engaged in amicable discussions, the results of those discussions have only resulted in twelve stipulated facts where many more should be beyond dispute. The consolidated Plaintiffs belive the Court's direction at prior hearings has been clear in terms of facts that should be amenable to stipulation based on the DOD IG reports. But despite the reports, the government has been only able to agree to twelve. Thus, Plaintiffs agree that a Rule 16 status conference may be helpful in directing the parties and Plaintiffs would request the conference be held in-person with the Court.

*(B)      The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;*

**Defendant's statement:**

The United States requests that these consolidated cases be bifurcated for discovery and trial purposes on the issues of liability and damages.  Conducting discovery in phases is an effective technique, especially given the underlying facts, in preventing parties from engaging in traumatic and potentially unnecessary damages discovery.  Phased discovery (liability followed by damages) would allow common issues of liability to be determined initially, thereby streamlining the litigation and promoting judicial economy.  The United States will be flexible and work with Plaintiffs' counsel to preserve damages evidence when circumstance dictate (such as illness or advanced age).  However, determining damages in this case would be an emotional and time-consuming endeavor for all parties, requiring depositions of Plaintiffs and their family members, independent medical examinations, and expert testimony.  Focusing initial discovery on the discrete issues of the United States' negligence – conduct the United States avers was separate and apart from the shooting – would allow the parties and the Court to narrow unresolved before subjecting the parties to damages discovery that is costly both in terms of funding and the emotional toll it will take on plaintiffs.  Given the potential breadth of discovery in this case and the number of fact and expert witnesses that may address a wide range of topics, phased discovery is most appropriate in these consolidated cases.

**Consolidated Plaintiffs' statement:**

Due to the preliminary Government motions and Government shutdown, discovery in this case has been substantially delayed. Bifurcation of discovery will only serve to complicate and delay discovery while working against judicial efficiency. This case will be a bench trial. Thus, bifurcation of liability and damages is unnecessary as the Court will not need to instruct itself to disregard evidence in order to avoid prejudicing itself. Plus, bifurcation of discovery will only complicate a straightforward negligence case when the facts underlying Plaintiffs' claims are already well-established.

Plaintiffs also respectfully aver that Defendant's sympathies are misplaced. The families are in the best position to determine what they can and cannot endure in discovery and all respectfully request that their case be allowed to proceed unimpeded and in full, not in parts. Defendant concedes that some damages discovery will have to be done early due to the advancing age of some Plaintiffs. And Defendant is right. Given that damages discovery will

need to be done early, and Defendant can cite no particular reason why bifurcation will advance efficiency, the Discovery Period should proceed as contemplated under the Court's suggested Scheduling Order—in one non-bifurcated discovery period.

*(C)   Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;*

**Defendant's statement:**

The United States suggests that this issue, in addition to other potential litigation concerns, should be addressed in a Discovery Order submitted to the Court.

**Consolidated Plaintiffs' statement:**

Based on information that has been learned relating to the various database systems that the Department of Defense operates relating to the underlying facts in this case, there will be substantial discoverable and relevant information that is electronically stored. Such information should be preserved by Defendant and produced in searchable and easily identifiable format. Also, any documents produced should be provided in searchable PDF format.

*(D)   Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;*

**Defendant's statement:**

The United States anticipates filing a Protective Order for confidential information, Federal Rule of Evidence 502 Order, and a Discovery Order.  The Protective Order will seek to ensure that the disclosure of any law enforcement sensitive or other protected material is limited to being used solely for the purpose of this litigation and cannot be distributed to third parties. The United States may assert governmental and other privileges over material and produce a privilege log accordingly.

A Discovery Order in this complex litigation is particularly warranted to address numerous issues concerning the mechanics of discovery.  Currently, there are ten consolidated cases. However, to date, the United States has received 62 FTCA administrative claims stemming from the shooting.   The United States anticipates the filing of numerous additional complaints after these claimants have exhausted their administrative claim process.  A discovery plan should be created to resolve common issues equitably and efficiently.  The plan should also address numerous procedural issues, including but not limited to who will serve as lead counsel on behalf of all Plaintiffs, the extent to which non-lead counsel can participate in the discovery process, how discovery requests will be propounded on opposing counsel, and whether future plaintiffs will be consolidated into the action.  Given the commonality of facts and issues, the Defendant should not be unnecessarily subjected to repetitive discovery by multiple Plaintiffs.

**Consolidated Plaintiffs' statement:**

Given the commonality of facts and issues and given that the ten consolidated complaints allege the same factual bases for the Government's liability in this case, Plaintiffs request that a Discovery Plan and Scheduling Order be entered. Plaintiffs have proposed a Scheduling Order that will allow discovery to proceed according to the F.R.C.P. and the Court's local rules. Plaintiffs have filed their Proposed Scheduling Order concurrently with this report. To date, Consolidated Plaintiffs have communicated extensively with Defendant through Plaintiffs' lead counsel without issue and discovery should continue in that same manner.

*(E)      What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and*

**Defendant's statement:**

The United States anticipates raising issues concerning limitations on discovery under the Federal Rules of Civil Procedure during the Rule 16 status conference.  However, until the parties confer following the production of the United States' Answers and negotiate the appropriate scope of discovery, which will in turn inform the discussion regarding the number of appropriate interrogatories, depositions, etc., it is not possible to state what those limitations should be at this time.

The United States does propose that counsel work together to agree to deposition dates.  In the event that an agreement cannot be reached, given the multiple counsel involved, no deposition should be scheduled with less than thirty days' notice.

**Consolidated Plaintiffs' statement:**

Plaintiffs and Defendant have conferred through lead counsel numerous times. And Plaintiffs are unaware of what specific discovery issues Defendant anticipates other than Defendant's promise that such issues will be raised at a later time before the Court. So, Plaintiffs are unable to comment on the Defendant's position other than to say the necessary discovery is well defined in the detailed DOD IG reports. To the extent that Defendant cannot stipulate to facts discovered during their own internal investigations, then discovery will need to proceed on those very issues which, again, are well defined. Plaintiffs have informed Defendant of these areas and needs for discovery should stipulations not be reached relating to them.

Regarding depositions, Plaintiffs anticipate very little trouble coordinating those dates. In fact, the number of competent counsel available on the Plaintiffs' side make it easier, not harder, to agree on dates. What's more, Plaintiffs' lead counsel has communicated to Defendant's lead counsel that Plaintiffs will depose the identified witnesses where the witness resides and not insist that they be produced in the location of suit. Such an agreement will make scheduling more efficient and less difficult on the deponent.

Plaintiffs propose that the limitations on Requests for Admissions and Interrogatories be lifted. Due to the unique nature of publicly disclosed admissions contained within the various

investigations into Defendant's conduct, the use of Requests for Admissions and Interrogatories will be helpful in narrowing the scope of discovery and issues at trial before the Court. Lifting those restrictions will also allow both parties to focus on contested issues of fact, depose only witnesses related to the contested facts, and generally narrow and focus discovery on disputed areas.

(F)     Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**None anticipated at this time.**

6.      What, if any, discovery has been completed?  What discovery remains to be done?  Have the parties considered conducting discovery in phases?

**Defendant's statement:**

**To date, the parties have stipulated to twelve (12) salient facts that should narrow the scope of needed discovery.  Moreover, as noted above, the United States requests that these consolidated cases be bifurcated for discovery and trial purposes on the issues of liability and damages.  In this regard, it is noted that to date, the Air Force has publically provided significant relevant information.**

**Consolidated Plaintiffs' statement:**

**No discovery has been conducted. Because only twelve facts have been stipulated, discovery has not been narrowed. Plaintiffs agree with Defendant that the Air Force has publicly provided significant information implicating its negligence. But providing it is not the equivalent of admitting the evidence in admissible form. As an initial matter, Plaintiffs propose that Defendant engage in a meaningful review of the DOD IG reports and determine what facts it can stipulate to. Doing so will advance the cause of narrowing discovery. Absent that, Plaintiffs will need to proceed expeditiously to begin obtaining evidence in admissible form that it needs to prove the claims at trial.**

7.      What, if any, discovery disputes exist?

**The parties do not currently agree on the appropriate scope of discovery in this case; however, they are continuing to work through this issue to reach an agreement.  The United States requests a Rule 16 status conference to resolve the outstanding issues referenced above.**

8.      Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

**The United States will seek to file an Order pursuant to Federal Rule of Evidence 502.**

9.      Have the parties discussed mediation?

**Not at this time.**

Respectfully submitted,

/s/ Jamal K. Alsaffar
Jamal K. Alsaffar
Tom Jacob
WHITEHURST, HARKNESS, BREES, CHENG,
ALSAFFAR & HIGGINBOTHAM & JACOB PLLC
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
Counsel for Plaintiffs Vidal, McNulty & Wall

/s/ April A. Strahan
April A. Strahan
Robert E. Ammons
THE AMMONS LAW FIRM
3700 Montrose Blvd.
Houston, TX 77006
Counsel for Plaintiffs Holcombe & Ramsey

/s/ Dennis Charles Peery
Dennis Charles Peery
R. Craig Bettis
TYLER & PEERY
5822 West IH 10
San Antonio, TX 78201
Counsel for Plaintiff Uhl

/s/ Daniel J.T. Sciano
Daniel J.T. Sciano
TINSMAN & SCIANO
10107 McAllister Freeway
San Antonio, TX 78216
Counsel for Plaintiff Amador

/s/ Daniel D. Barks
Daniel D. Barks
SPEISER KRAUSE, P.C.
5555 Glenridge Connector, Suite 550
Atlanta, GA 30342
Counsel for Plaintiffs Holcombe

/s/ George LeGrand
George LeGrand
Stanley Bernstein
LEGRAND & BERNSTEIN
2511 N. Saint Mary's St.
San Antonio, Texas 78212
Counsel for Plaintiff Wall

/s/ Tim Maloney
Tim Maloney
Paul E. Campolo
MALONEY & CAMPOLO, L.L.P.
926 S. Alamo
San Antonio, TX 78205
Counsel for Plaintiffs Ramsey

/s/ Brett T. Reynolds
Brett T. Reynolds
BRETT REYNOLDS & ASSOCIATES, P.C.
1250 NE Loop 410, Suite 310
San Antonio, Texas 78209
Counsel for Plaintiffs Workman

/s/ Mark W. Collmer
Mark W. Collmer
COLLMER LAW FIRM
3700 Montrose
Houston, TX 77006
Counsel for Plaintiffs Holcombe

/s/ Paul D. Stern
Joseph H. Hunt
Assistant Attorney General
Civil Division

John F. Bash
United States Attorney
Thomas G. Ward
Deputy Assistant Attorney General
Civil Division
John F. Paniszczyn
Assistant United States Attorney
James G. Touhey, Jr.
Director, Torts Branch
Civil Division
Kirsten L. Wilkerson
Assistant Director, Torts Branch
Civil Division
Stephen E. Handler
Senior Trial Counsel, Torts Branch
Civil Division
Paul David Stern
Trial Attorney, Torts Branch
Civil Division
United States Department of Justice
*Counsel for Defendant United States of America*

## Certificate of Service

I certify that the foregoing was filed through the Court's CM/ECF system on June 13, 2019, and the following counsel have received notice and been served through that system.

*/s/ Jamal Alsaffar*
Jamal Alsaffar

JOSEPH H. HUNT
Assistant Attorney General
United States Dept. of Justice
Civil Division

JOHN F. BASH
United States Attorney
Western District of Texas

KIRSTEN WILKERSON
Assistant Director, Torts Branch
United States Dept. of Justice
Civil Division

PAUL DAVID STERN
Trial Attorney, Torts Branch
United States Dept. of Justice
Civil Division

JAMAL K. ALSAFFAR
TOM JACOB
Whitehurst, Harkness, Brees, Cheng, Alsaffar
& Higginbotham & Jacob PLLC

DENNIS CHARLES PEERY
R. CRAIG BETTIS
Tyler & Peery

DANIEL D. BARKS
Speiser Krause, P.C.

TIM MALONEY
PAUL E. CAMPOLO
Maloney & Campolo, L.L.P.

JOHN PANISZCZYN
Civil Chief
United States Attorney's Office
Western District of Texas

JAMES G. TOUHEY, JR.
Director, Torts Branch
United States Dept. of Justice
Civil Division

STEPHEN E. HANDLER
Senior Trial Counsel, Torts Branch
United States Dept. of Justice
Civil Division

STEPHEN TERRELL
Trial Attorney, Torts Branch
United States Dept. of Justice
Civil Division

ROBERT E. AMMONS
APRIL A. STRAHAN
The Ammons Law Firm, L.L.P.

DANIEL J.T. SCIANO
Tinsman & Sciano

GEORGE LEGRAND
STANLEY BERNSTEIN
Legrand & Bernstein

BRETT REYNOLDS
Brett Reynolds & Associates PC