IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Joe Holcombe, *et al.*,<br>   Plaintiffs,<br><br>v.<br><br>United States of America,<br>   Defendant. | Civil Action No. 5:18-cv-555-XR<br><br>*Consolidated with*:<br>Nos. 5:18-cv-00712-XR (Vidal); 5:18-cv-00881-XR (Uhl); 5:18-cv-00944-XR (Ramsey); 5:18-cv-00949-XR (McNulty); 5:18-cv-00951-XR (Wall); 5:18-cv-01151-XR (Amador); 5:19-cv-00184-XR (Brown); 5:19-cv-00289-XR (Ward); 5:19-cv-00506-XR (Workman); 5:19-cv-00678-XR (Colbath); 5:19-cv-00691-XR (Braden); 5:19-cv-00706-XR (Lookingbill); 5:19-cv-00714-XR (Solis); 5:19-cv-00715-XR (McKenzie); 5:19-cv-00805-XR (Curnow); 5:19-cv-00806-XR (Macias) |

PLAINTIFFS' JOINT OPPOSITION TO THE GOVERNMENT'S
MOTION TO CERTIFY FOR APPEAL

Jamal K. Alsaffar
Tom Jacob
WHITEHURST, HARKNESS, BREES,
CHENG, ALSAFFAR & HIGGINBOTHAM
& JACOB PLLC
7500 Rialto Blvd, Bldg Two, Ste 250
Austin, TX 78735
Phone: (512) 476-4346
Fax: (512) 476-4400
jalsaffar@nationaltriallaw.com
tjacob@nationaltriallaw.com
   Counsel for Vidal, McNulty,
   and Wall

Jason P. Steed
KILPATRICK TOWNSEND
& STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Phone: (214) 922-7112
Fax: (214) 853-5731
jsteed@kilpatricktownsend.com
   Counsel for Vidal, McNulty,
   and Wall

## TABLE OF CONTENTS

Introduction ........................................................................................................... 1
Background .......................................................................................................... 1
Argument & Authorities........................................................................................ 2
1. There is no substantial ground for disagreement with the Court's denial of immunity under § 922(t)(6) of the Brady Act. ..................................... 3
2. The Government's new argument about the negligent-undertaking theory misconstrues the law. .................................................................... 7
Conclusion ........................................................................................................... 10
Table of Exhibits ................................................................................................. 13

## INTRODUCTION

The Court's order (Dkt. 59) does not involve "a controlling question of law as to which there is substantial ground for difference of opinion," under 28 U.S.C. § 1292(b). The Government's pursuit of an interlocutory appeal is merely a tactic to forestall discovery. After the Court denied the Government's motion to dismiss on May 23, 2019, Plaintiffs began pursuing discovery (see Dkt. 91), and the Government has sought to delay and avoid that discovery. Then—two months after the Court entered its order—the Government asked for leave to appeal (Dkt. 107), hoping to further delay and avoid discovery while knowing that certain plaintiffs (and their causes of action) may not live to see the resolution of an appeal.

Because the Government has failed to show any substantial ground for disagreeing with the Court's order, the Court should reject the Government's pursuit of an immediate appeal and require the Government to produce the discovery that it seeks to delay or avoid.

## BACKGROUND

Plaintiffs have brought suit under the Federal Tort Claims Act because the United States Air Force was negligent in failing to collect and submit information about Devin Kelley into the FBI's national background-check system. This information would have disqualified Kelley from purchasing a firearm. The Inspector General for the Department of Defense (DOD) investigated and concluded that the Government's negligence "allowed Kelley to pass the federally mandated background checks and to purchase four firearms." See Inspector General, Report of the Investigation into the United States Air Force's Failure to Submit Devin Kelley's Criminal History Information to the Federal Bureau of Investigation ("IG Report") at 107 (Dec. 6, 2018), available at https://bit.ly/2LqSYlc. The IG Report states that Kelley then used "three of those firearms on November 5, 2017, to kill 26

people and wound 22 others at the First Baptist Church of Sutherland Springs." *Ibid.* In other words, the IG Report concludes that the Government's negligence led to the harm for which Plaintiffs are now suing.[1]

The Government moved to dismiss Plaintiffs' complaint on three separate grounds: (1) that the Government is immune to Plaintiffs' claims under § 922(t)(6) of the Brady Act; (2) that Plaintiffs' claims were not cognizable under Texas law; and (3) that Plaintiffs' claims were barred by the FTCA's misrepresentation exception. See generally Def.'s Mot. to Dismiss (Dkt. 28). The Court granted the Government's motion in part and denied it in part. Order (Dkt. 59) 40. The Court held, in relevant part, that the Government was not immune under § 922(t)(6); that the misrepresentation exception does not apply; and that Plaintiffs can proceed with their action under negligent-undertaking and negligent-training-and-supervision theories of liability. *Ibid.*

The Government now asks the Court to certify its order for immediate interlocutory appeal under 28 U.S.C. § 1292(b), claiming there are substantial grounds for disagreement over the Court's holdings regarding (1) the Government's immunity under the Brady Act and (2) Plaintiffs' theory of negligent undertaking. Def.'s Mot. (Dkt. 107) 10–20. The Court should deny the Government's motion.

### ARGUMENT & AUTHORITIES

A denial of a motion to dismiss is an interlocutory order. *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 824 (5th Cir. 1986). And interlocutory appeals are limited to only those that are "expressly allowed" by statute. *Commodity Futures Trading Commission v. Preferred Capital Inv. Co.*, 664 F.2d 1316, 1319 (5th Cir. 1982). For example, under 28 U.S.C. § 1292(a)(1), a party can appeal from an

---

[1] For descriptions of the harm that Plaintiffs have suffered as a result of the Government's negligence, see the declarations attached as Ex. A–L.

2

interlocutory order "granting, continuing, modifying, refusing, or dissolving" an injunction. But if an interlocutory order does not fall into one of the categories identified in § 1292(a), then there can be no appeal—except in "exceptional cases that meet three statutory requirements." *Waste Mgmt of La., L.L.C. v. Jefferson Parish ex rel. Jefferson Parish Council*, 594 F. App'x 820, 821 (5th Cir. 2014).

Under 28 U.S.C. § 1292(b), an interlocutory appeal may be permitted if "a district judge" is "of the opinion" that his order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion," and "[3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Here, the key requirement is #2: there is no "substantial ground for difference of opinion" about the Court's order denying the Government's motion to dismiss.

Notably, § 1292(b) "authorizes the certification of **orders** for interlocutory appeal, not certification of **questions**." *Linton v. Shell Oil Co.*, 563 F.3d 556, 557 (5th Cir. 2009) (emphasis added). Nevertheless, the Government suggests that the Court should certify the following questions:

> (1) whether Plaintiffs' claims are precluded by 18 U.S.C. § 922(t)(6), a provision of the Brady Handgun Violence Protection Act that shields employees of the federal government from liability in actions at law for damages for failing to prevent the sale or transfer of firearms to persons whose receipt or possession of them is unlawful; and
>
> (2) Whether Plaintiffs have stated a viable claim under Texas law based on a negligent undertaking theory of liability.

Def.'s Mot. (Dkt. 107) 3. Neither question warrants an interlocutory appeal.

1. **There is no substantial ground for disagreement with the Court's denial of immunity under § 922(t)(6) of the Brady Act.**

In its motion to dismiss, the Government advanced a novel immunity argument, asserting that the Brady Act—specifically, 18 U.S.C. § 922(t)(6)—

3

precludes any claim against the Government for its negligence. The Court correctly rejected this novel argument and held that § 922(t)(6) does not immunize the Government itself, but only "**employee[s]** of the Federal Government," as the statute plainly states. Order (Dkt. 59) 20–27, 40.

The Government acknowledges that the case law interpreting § 922(t)(6) is "sparse" (Def.'s Mot. 10), yet nevertheless insists that there are substantial grounds for disagreement with the Court's plain-text interpretation of the statute. To support this claim, the Government cites *Sanders v. United States*, 324 F.Supp.3d 636 (D.S.C. 2018). But the Government fails to openly acknowledge that *Sanders* is the **only** other decision that addresses the precise question raised here, and that *Sanders* did not involve any careful analysis of the issue. If one contradictory decision from another district court in another circuit were enough to warrant an interlocutory appeal under § 1292(b), then there would be no real bar to interlocutory appeal under § 1292.

In *Sanders*, which arose from a church shooting but involved different allegations of Government negligence, the district court devoted most of its attention to the "discretionary function" exception to the FTCA's waiver of sovereign immunity and concluded that the Government had immunity under that exception. See 324 F. Supp. 3d at 639–640, 647–649. The court devoted only two paragraphs to the immunity issue under § 922(t)(6) of the Brady Act. See *id.* at 649. And in those two paragraphs, the court first noted that "the Government has blown hot and cold on the issue of whether…§ 922(t)(6)…bars the claims of Plaintiffs," and then said:

> [I]t is obvious to the Court that a claim of negligence in the operation of the NICS system resulting in a prohibited person obtaining a firearm falls plainly within the scope of the Government's immunity [under § 922(t)(6)].
>
> Plaintiffs seek to avoid the immunity provision [in § 922(t)(6)] by arguing that this action is more like an attack on the operations of

4

> the agency, rather than the negligence of individual federal employees. This argument cannot survive minimal scrutiny. The Government cannot act other than through its employees. Their conduct gives rise to any negligence claim. Moreover, if this is actually an attack on the policies of the agency, rather than the conduct of individual employees, the claims necessarily are barred by the discretionary function exception. The Government's motion to dismiss based on immunity under 18 U.S.C. § 922(t)(6) provides a second and independent ground to support the Government's motion.

*Id.* at 649–650. This represents the entirety of the court's analysis of § 922(t)(6).

Based on this single paragraph, the Government insists there are substantial grounds for a difference of opinion, to qualify for interlocutory appeal under § 1292(b). But the district court's decision in *Sanders* is neither binding nor precedential—and an appeal from that decision is pending, in which the district court's conclusion could be reversed in its entirety.[2] And even if the district court's decision in *Sanders* were controlling precedent, it still would not justify an interlocutory appeal under § 1292(b). See *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (stating "just because counsel contends that one precedent rather than another is controlling does not mean there is such substantial difference of opinion as will support an interlocutory appeal") (quoting 3 Federal Procedure, Lawyers Ed. § 3:212 (2010)). "Courts traditionally will find a substantial ground for difference of opinion…where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel or difficult questions of first impression are presented." *Ibid.* (internal quotations omitted). A single-paragraph analysis from another district court in another circuit is simply not enough to create a basis for

---

[2] This Court might consider waiting to see what the Fourth Circuit says in *Sanders*, No. 18-1931 (4th Cir.), before relying on the district court's decision as a basis for granting the Government's request for interlocutory appeal. The Fourth Circuit heard oral argument on May 7, 2019, and the audio recording is available at https://www.ca4.uscourts.gov/OAarchive/mp3/18-1931-20190507.mp3.

5

interlocutory appeal—particularly when compared to this Court's careful analysis of the plain text of the statute.

To be sure, the Government's argument that it has immunity under § 922(t)(6) does raise a novel question of first impression in this circuit. But that is only because the argument represents such a distortion of the statutory text—an argument that the Government itself has "blown hot and cold on," because it represents such a reach. Not every creative legal theory deserves immediate appellate review. This Court demonstrated the straightforwardness of this issue when it concluded: "the Brady Act is unambiguous in specifying people and entities immune from liability in providing information to NICS, and the United States is not listed." Order (Dkt. 59) 23. It is a well-established canon of construction that the exclusion of an item from "an associated group or series" is to be understood as "deliberate choice, not inadvertence." *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003). And the Government's novel argument that "Congress intended to immunize the United States in a roundabout fashion through a grant of immunity to federal employees rather than immunizing the United States directly lacks satisfactory support." Order (Dkt. 59) 25. The two-paragraph conclusory opinion in *Sanders* is simply not enough to create substantial grounds for disagreement.[3]

Without "satisfactory support" for the Government's argument—and without more than a single, cursory, contradictory decision from another district court in

---

[3] The Government cites several other cases as evidence of substantial grounds for disagreement with this Court's decision. See Def.'s Mot. (Dkt. 107) 11–16. But **none** of those other cases involved the question presented here, about whether the Government itself is immune under § 922(t)(6). In essence, the Government wants to relitigate the question presented by making new arguments and citing new authorities to support those new arguments. But this is not a motion to reconsider; it's a motion for interlocutory appeal. And the Government cites no authority under § 1292(b) that supports using cases that involve **other** legal questions to find substantial grounds for disagreeing with the Court's decision on the legal question actually presented. For these reasons, the Government's reliance on other cases is unavailing.

another circuit—there is no basis for immediate interlocutory appeal under § 1292(b). Allowing an interlocutory appeal from an order that resolves an issue that has not drawn substantial disagreement from other federal courts would run counter to the courts' responsibility to avoid "opening a floodgate of interlocutory appeals" under § 1292. See *Commodity Futures*, 664 F.2d at 1320.[4]

### 2. The Government's new argument about the negligent-undertaking theory misconstrues the law.

The Government attempts to relitigate the negligent-undertaking theory much in the same way that it attempts to relitigate the immunity issue, by making new arguments and citing new cases. See Def.'s Mot. (Dkt. 107) 17–20. But none of this supports interlocutory appeal under § 1292(b).

The Court correctly concluded that, "in enacting the DOD regulations mandating that information be collected and reported to NICS, the Government assumed a duty to act non-negligently in doing so." Order (Dkt. 59) 37. And "[w]ith the duty element satisfied," the Court correctly concluded that "Plaintiffs easily satisfy the remaining elements" and can therefore pursue their claims under a negligent-undertaking theory of liability. *Id.* at 33–38.

The Government now asserts that "there can be no duty when the plaintiff is in no worse condition than if the defendant had never undertaken to provide the service in the first place." Def.'s Mot. (Dkt. 107) 19 (internal alterations omitted).

---

[4] The Government suggests that the Fifth Circuit encourages interlocutory appeals under § 1292(b) in cases "involving immunity and preemption defenses." See Def.'s Mot. (Dkt. 107) 8–9 (citing *Martin v. Halliburton*, 618 F.3d 476 (5th Cir. 2010)). But in *Martin* the Fifth Circuit was referring to "immunity and preemption defenses" that require "a respect for the interests of the Government **in military matters**." 618 F.3d at 488 (emphasis added). This case does not involve any immunity related to military matters, so *Martin*'s solicitous attitude toward interlocutory appeals does not apply here. Moreover, in *Martin* the Fifth Circuit ultimately dismissed the interlocutory appeal for lack of jurisdiction—so even *Martin* did not employ the solicitous attitude that the Government suggests this Court should adopt in this case.

But the Court correctly analyzed the duty issue under Texas law, based on "several interrelated factors, including the risk, foreseeability, and likelihood of injury weighed against the social utility of the defendant's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant"—and the Court correctly concluded that the Government undertook a duty to operate the national background-check system with reasonable care. See Order (Dkt. 59) 35–37 (quoting *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). The Government's insistence that the question ought to be whether Plaintiffs are in "worse condition" now than if the Government had never undertaken a national background-check system in the first place misconstrues Texas law.

For starters, the Government cites only **one** Texas case that purportedly disagrees with this Court's duty analysis. The rest of the cases that the Government cites do not apply Texas law—which is the only law that matters, both under the FTCA (see 28 U.S.C. § 1346(b)(1)) and under § 1292(b)'s requirement that the Government must show substantial grounds for disagreement on the question presented. In short, as in its argument about § 922(t)(6), the Government can cite only **one** case to support its claim that there are substantial grounds for disagreement. But here, the Government's one case offers even less evidence of disagreement.

The Government's one case is *Colonial Sav. Ass'n v. Taylor*, 544 S.W.2d 116 (Tex. 1976). See Def.'s Mot. (Dkt. 107) 19–20. But *Taylor* involved a negligence claim by a property owner against a lienholder for failing to obtain insurance coverage for the property. See 544 S.W.2d at 118–119. Thus, *Taylor* is clearly distinguishable from this case involving the Government's decision to undertake a national background-check system. And in *Taylor* the Texas Supreme Court's decision turned on whether the plaintiff had relied on the defendant's undertaking.

8

*Id.* at 120. On that point, the Texas Supreme Court noted a factual dispute that went unresolved by the jury:

> Had [the property owner] never learned of [the lienholder]'s undertaking to provide insurance, he certainly could not be heard to say that [the lienholder] should be liable for failing to do so, because the loss would be as much a result of his own failure to obtain insurance as of [the lienholder]'s. We hold, therefore, that [the lienholder] cannot be liable for [the property owner]'s loss unless [the property owner] forbore from obtaining his own insurance in reliance upon [the lienholder]'s undertaking to obtain it for him.

*Ibid.* In other words, as the Texas Supreme Court explained, *Taylor* involved a situation in which the plaintiff's injury could have been "as much a result of his own failure" as of the defendant's negligence. *Ibid.*[5]

Here, it cannot be said that Plaintiffs' injuries are "as much a result of their own failures" as of the Government's negligence. Unlike the plaintiff in *Taylor*, who could've purchased his own insurance, there is no way that Plaintiffs could have established their own national background-check system in lieu of the Government's. As this Court opined in its order, "[t]he United States, of all possible entities, is best positioned to carry out the NICS system effectively and has the resources to absorb the blow when, as here, it allegedly acts negligently and faces the prospect of damages for that negligence." Order (Dkt. 59) 37.

Moreover, the Government asks this Court to add an extra element to the negligent-undertaking cause of action that is not recognized by the Restatement or by Texas courts. See *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838 (Tex. 2000) (discussing Restatement (Second) of Torts § 323 (1965)). The *Torrington* court cites *Taylor* for the elements of a negligent-undertaking action. See *id.* at 838–839. And visibly missing from this list is the Government's suggested "no worse condition"

---

[5]   Because the parties never submitted the reliance issue to the jury, and the insurer did not object to the missing submission, the Texas Supreme Court remanded so the trial court could decide the issue. *Taylor*, 544 S.W.2d at 121.

element. By misinterpreting (or misrepresenting) *Taylor*, the Government presents a counterfactual red herring. The negligent-undertaking theory does not ask the Court to compare Plaintiffs' position now to a hypothetical world where the Government never created the background-check system. Instead, the factfinder must ask whether Plaintiffs relied on the Government to perform its duty with due care—and whether performing that duty **without** due care increased the risk of harm to Plaintiffs. For its part, the Court already correctly determined that the Government owed a duty of care.[6]

For these reasons, the Texas Supreme Court's decision in *Taylor* is inapposite and offers no substantial ground for disagreement with this Court's decision—and thus no ground for granting the Government's request for immediate appeal.

## CONCLUSION

For the reasons presented, the Government's motion to certify (Dkt. 107) should be denied. (Again, Plaintiffs suggest that the Court wait for the Fourth Circuit's decision in *Sanders* before deciding this motion. See Note 1, above.)

And if the Court does choose to certify its order (Dkt. 59) for immediate appeal, the order should be certified in its entirety so that the Court's dismissal of Plaintiffs' negligence-*per-se* claim can also be reviewed on appeal. See *Linton*, 563 F.3d at 557 (stating § 1292(b) "authorizes the certification of **orders**…not certification of questions" (emphasis added)).

Respectfully submitted,

---

[6] Indeed, in another case involving similar facts and claims, this Court recently reaffirmed the Government's potential liability for negligent undertaking. See *Kristensen et al. v. United States*, No. 1:17-CV-126-DAE (W.D. Tex.), Dkt. 44.

10

Jamal K. Alsaffar
Tom Jacob
WHITEHURST, HARKNESS, BREES,
CHENG, ALSAFFAR & HIGGINBOTHAM
& JACOB PLLC
7500 Rialto Blvd, Bldg Two, Ste 250
Austin, TX 78735
Phone: (512) 476-4346
Fax: (512) 476-4400
jalsaffar@nationaltriallaw.com
tjacob@nationaltriallaw.com
   Counsel for Vidal, McNulty, and Wall

Jason P. Steed
KILPATRICK TOWNSEND
& STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Phone: (214) 922-7112
Fax: (214) 853-5731
jsteed@kilpatricktownsend.com
   Counsel for Vidal, McNulty, and Wall

April A. Strahan
Robert E. Ammons
THE AMMONS LAW FIRM
3700 Montrose Blvd.
Houston, TX 77006
Phone: (713) 523-1606
Fax: (713) 523-4159
april@ammonslaw.com
rob@ammonslaw.com
   Counsel for Holcombe and Ramsey

Daniel J.T. Sciano
TINSMAN & SCIANO
10107 McAllister Freeway
San Antonio, TX 78216
Phone: (210) 225-3121
Fax: (210) 225-6235
dsciano@tsslawyers.com
   Counsel for Amador

Daniel D. Barks
SPEISER KRAUSE, P.C.
5555 Glenridge Connector, Suite 550
Atlanta, GA 30342
Phone: (404) 751-0632
Fax: (866) 936-6282
ddb@speiserkrause.com
   Counsel for Holcombe

Mark W. Collmer
COLLMER LAW FIRM
3700 Montrose
Houston, TX 77006
Phone: (713) 337-4040
Fax: (713) 337-4044
ddb@speiserkrause.com
   Counsel for Holcombe

Dennis Charles Peery
Craig Bettis
TYLER & PEERY
5822 West IH 10
San Antonio, TX 78201
Phone: (210) 340-0900
Fax: (210) 736-9197
d.peery@tylerpeery.com
cbettis@tylerpeery.com
   Counsel for Uhl

Tim Maloney
Paul E. Campolo
MALONEY & CAMPOLO, L.L.P.
926 S. Alamo
San Antonio, TX 78205
Phone: (210) 922-2200
Fax: (210) 923-1313
timmaloney@yahoo.com
pcampolo@maloneyandcampolo.com
   Counsel for Ramsey

11

George LeGrand
Stanley Bernstein
LEGRAND & BERNSTEIN
2511 N. Saint Mary's St.
San Antonio, Texas 78212
Phone: (210) 733-9439
Fax: (210) 735-3542
tegrande@aol.com
tiburonel@aol.com
   Counsel for Wall

Justin Demerath
O'HANLON, MCCOLLOM & DEMERATH
808 West Ave.
Austin, TX 78701
Phone: 512-494-9949
jdemerath@808west.com
   Counsel for Corrigan, Braden,
   Warden, Stevens, Pachal,
   McCain, & Poston

Jason Webster
THE WEBSTER LAW FIRM
6200 Savoy, Suite 640
Houston, TX 77036
jwebster@thewebsterlawfirm.com
   Counsel for Lookingbill

Joseph M. Schreiber
Erik A. Knockaert
SCHREIBER | KNOCKAERT, PLLC
701 N. Post Oak Rd., Suite 325
Houston, TX 77024
Phone: (281) 949-8904
Fax: (281) 949-8914
joe@lawdoneright.net
erik@lawdoneright.net
   Counsel for Brown

Brett T. Reynolds
BRETT REYNOLDS & ASSOCIATES, P.C.
1250 N.E. Loop 420, Suite 420
San Antonio, TX 78219
Phone: (210)805-9799
btreynolds@btrlaw.com
   Counsel for Workman, Colblath,
   and Harris

**TABLE OF EXHIBITS**

| | |
|---|---|
| Ex. A | Declaration of H.M.M. (age 16) |
| Ex. B | Declaration of Lisa McNulty |
| Ex. C | Declaration of Juan Ignacio Macias |
| Ex. D | Declaration of Margaret McKenzie |
| Ex. E | Declaration of Kris Workman |
| Ex. F | Declaration of David Colbath |
| Ex. G | Declaration of Rosanne Solis |
| Ex. H | Declaration of Margarette Vidal |
| Ex. I | Declaration of John Holcombe |
| Ex. J | Declaration of Farida Brown |
| Ex. K | Declaration of Deborah Braden |
| Ex. L | Declaration of Julie Workman |