IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Joe Holcombe, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>United States of America,<br>    Defendant. | Civil Action No. 5:18-cv-555-XR<br><br>*Consolidated with*:<br>Nos. 5:18-cv-712-XR; 5:18-cv-881-XR;<br>5:18-cv-944-XR; 5:18-cv-949-XR; 5:18-cv-951-XR; 5:18-cv-1151-XR; 5:18-cv-506-XR;5:19-cv-953-XR; 5:19-cv-678-XR |

**PLAINTIFFS' KRIS WORKMAN, DAVID COLBATH, JULIE WORKMAN, AND KIP WORKMAN'S SUPPLEMENTAL JOINT OPPOSITION TO THE GOVERNMENT'S MOTION TO CERTIFY FOR APPEAL**

Plaintiffs Kris Workman, David Colbath, Julie Workman and Julie Workman adopt and incorporate herein the Plaintiffs' Joint Opposition to the Government's Motion to Certify for Appeal filed on this date (Dkt 121). In addition to the grounds set forth in the Plaintiff's Joint Opposition to the Government's Motion to Certify for Appeal, the Plaintiffs herein assert an additional basis in opposition to the requested certification based on the vice-principal allegations in their respective First Amended and Original Complaints. The aforementioned Plaintiffs herein assert that the court's order (Dkt. 59) does not involve "a controlling question of law for as to which there is no substantial ground for difference of opinion" under 28 U.S.C §1292(b). The additional grounds on which the aforementioned Plaintiffs assert the absence of a controlling question of law presented by the Government's Motion to Certify is the government's failure to oppose or move for dismissal of the allegations that vice principals of the United States Air Force and the United States

1

of America committed the acts and/or omissions set forth in detail in these Plaintiffs' First Amended Complaints. (Dkt. 71 and Dkt.1 under pre-consolidated Action No. 5:19-cv-953 and Dkt. 1 in pre-consolidated Action No. 5/10-cv-678)

The aforementioned Plaintiffs to this supplemental opposition incorporate the argument and authorities set forth in the Plaintiffs' Joint Opposition to the Government's Motion to Certify for Appeal (Dkt 121). In addition, the Plaintiffs herein assert that the first and third elements required under 28 U.S.C. § 1292(b) for the court to permit an interlocutory appeal is not met.  An immediate appeal from the order will not or may not materially advance the ultimate termination of the litigation because the Defendant United States of America did not move for dismissal under Rule 12(b) on all bases for liability asserted by all Plaintiffs. A basis for direct liability of the United States asserted by these Plaintiffs would and does establish liability of the United States notwithstanding 18 U.S.C. § 922(t)(6) under the Brady Handgun Violence Protection Act. Therefore, the certification requested by the United States under § 1292(b) the court should deny the certification requested under § 1292(b).

There is no ground for substantial disagreement with the Court's denial of Governmental immunity under 922 (t)(6) of the Brady Act. The Workman, Colbath and Amador Plaintiffs have asserted a direct basis for liability of the United States based on the negligent acts and/or omissions of vice principals,  which stand independently of the grounds made the subject of the court's order for which the Defendant request certification.

On June 6, 2019 Plaintiffs' Workman and Colbath filed their respective First Amended Complaints (Dkt 71, 74). On August 6, 2019, Kip and Julie Workman filed their Original Complaint asserting acts and/or omissions of negligence by vice principals of the United States which is directly liable to the Plaintiffs. (Dkt1 under pre-consolidated Action No. 5:19-cv-953)

In its Motion to Dismiss, the Government failed to address the allegations of direct liability by the United States for all acts and/or omission by vice principals of the United States Air Force and the Department of Defense. Acts and omissions of vice-principals of the United States are acts and omissions of the United States itself. *Century Surety Company v. Seidel, 893 F. 3d 328, 337 (5th Cir. 2018)*. The Defendant has asserted no basis in its 12(b) motion to dismiss any of those allegations. The Defendant cannot wish away those allegations which directly rebut the Government's arguments under § 922(t) (6).

The *Sanders* opinion relied upon by the Defendant does not even address the vice-principal doctrine notwithstanding that the South Carolina Supreme Court recognizes the vice-principal doctrine. *See Wesley v. Holly Hill Lumber Co.*, 211 S. C. 40, 43 S.E. 2d 619, 621-622 (S. Ct. S.C. 1947). The Plaintiffs herein do not by the allegations in their Original and Amended Complaints of negligence of vice principals of the United States "attack the policies of the agency", which was the dismissive argument cited by the court in *Sanders* to hypothetically assume the application of the discretionary functions exception. See 324 F. Supp. 3d at 639–640, 647–649.

The discretionary functions exception has not been asserted by the United States in its 12(b) motion nor do the allegations by the Plaintiffs asserting this supplemental opposition represents "attacks on agency policies." Instead, these Plaintiffs assert multiple specific acts and/or omissions by vice principals within the meaning of the definition of vice-principals under well-settled Texas Law. The acts and omissions of those vice-principals will be the subject of discovery by these Plaintiffs against the United States. Therefore, the *Sanders* opinion does nothing to rebut or undermine these Plaintiffs' allegations that vice-principals of the United States and the United States Air Force committed the acts and/or omissions of negligence made the basis of allegations.

Those allegations go unchallenged as of this date by the United States in any 12(b) Motion to Dismiss.

## CONCLUSION

For the additional reasons presented herein, the Government's motion for certification for interlocutory appeal (Dkt. 107) should be denied.

Respectfully submitted,

    /s/ Brett Reynolds
BRETT T. REYNOLDS
Federal Bar No. 19994
State Bar No. 16795500
btreynolds@btrlaw.com
BRETT REYNOLDS & ASSOCIATES, P.C.
1250 NE Loop 410, Suite 310
San Antonio, Texas  78209
(210) 805-9799 – Telephone
(210) 455-2434 – Facsimile
**ATTORNEY FOR PLAINTIFFS DAVID COLBATH, KRIS WORKMAN, JULIE WORKMAN AND KIP WORKMAN**