**Exhibit 1**

IN THE UNITED STATES DISTRICT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, et. al, | § | NO. 5:18-CV-00555-XR |
| | § | |
| Plaintiffs | § | Consolidated with: |
| | § | 5:18-cv-00712-XR (*Vidal*) |
| | § | 5:18-cv-00881-XR (*Uhl*) |
| vs. | § | 5:18-cv-00944-XR (*Ramsey*) |
| | § | 5:18-cv-00949-XR (*McNulty*) |
| UNITED STATES OF | § | 5:18-cv-00951-XR (*Wall*) |
| AMERICA, | § | 5:18-cv-01151-XR (*Amador*) |
| | § | 5:19-cv-00184-XR (*Brown*) |
| Defendant | § | 5:19-cv-00289-XR (*Ward*) |
| | § | 5:19-cv-00506-XR (*Workman*) |
| | § | 5:19-cv-00678-XR (*Colbath*) |
| | § | 5:19-cv-00691-XR (*Braden*) |
| | § | 5:19-cv-00706-XR (*Lookngbill*) |
| | § | 5:19-cv-00714-XR (*Solis*) |
| | § | 5:19-cv-00715-XR (*McKenzie*) |
| | § | 5:19-cv-00805-XR (*Curnow*) |
| | § | 5:19-cv-00806-XR (*Macias*) |

**PLAINTIFFS' AMENDED FIRST REQUEST FOR
ADMISSIONS & INTERROGATORIES TO DEFENDANT,
UNITED STATES OF AMERICA**

To: Defendant, United States of America, by and through its attorneys PAUL STERN, United States Department of Justice, Three Constitution Square, 175 N Street, N.E., Washington, DC 20002.

From: Plaintiffs, McNulty, et. al, 5:18-cv-00949-XR; Wall, et. al, 5:18-cv-00951-XR; Solis, et. al, 5:19-cv-00714-XR, Vidal, et. al, 5:18-cv-00712-XR, and McKenzie, 5:19-cv-00715-XR.

Pursuant to Rule 26, Rule 33, and Rule 36 of the Federal Rules of Civil Procedure, the above referenced Plaintiffs serve these Requests for Admissions & Interrogatories on the United States of America.

## ANSWER DUE IN THIRTY DAYS

Pursuant to Rule 33(b)(2) and Rule 36(a)(3) of the Federal Rules of Civil Procedure, please answer the following Requests within thirty (30) days after service of this discovery requests.

## DEFINITIONS

Please see W.D. Tex. Local Rule CV-26(b):

(1) Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

(3) Identify (With Respect to Persons). When referring to a person, to "identify" means to give, to the extent known, the person's full name, present

or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5) Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) Person. The term "person" is defined as any natural person or business, legal or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(8) Plaintiffs. The term "Plaintiff" or "Plaintiffs" refers to any and all the consolidated Plaintiffs in the above styled cause of action.

(9) Sutherland Springs shooting. The term "Sutherland Springs shooting" means the mass shooting at the First Baptist Church in Sutherland Springs, Texas perpetrated by Devin Kelley on November 5, 2017.

(10) Identify (With Respect to Statements). When referring to statements, "identify" means to give the verbatim statement, the page number it appears, and the author or speaker of the statement.

## REQUESTS FOR ADMISSION

Please admit or deny:

1. Department of Defense Inspector General Report No. DODIG-2015-011, Evaluation of the Defense Criminal Investigative Organizations' Defense Incident-Based Reporting System Reporting and Reporting Accuracy (Oct. 29, 2014)[1] is a genuine report authored by an agency of the United States of America on a matter within the scope of that agency's relationship and while the agency relationship existed.

2. Department of Defense Inspector General Report No. DODIG-2015-081, Evaluation of Department of Defense Compliance with Criminal History Reporting Requirements (February 12, 2015)[2] is a genuine report authored by an agency of the United States of America on a matter within the scope of that agency's relationship and while the agency relationship existed.

---

[1] Available at https://media.defense.gov/2014/Oct/29/2001713419/-1/-1/1/DODIG-2015-011.pdf (last accessed July 24, 2019).

[2] Available at https://media.defense.gov/2015/Feb/12/2001713470/-1/-1/1/DODIG-2015-081.pdf (last accessed July 24, 2019).

3. Department of Defense Inspector General Report No. DODIG-2018-035, Evaluation of Fingerprint Card and Final Disposition Report Submissions by Military Service Law Enforcement Organizations (December 4, 2017)[3] is a genuine report authored by an agency of the United States of America on a matter within the scope of that agency's relationship and while the agency relationship existed.

4. Department of Defense Inspector General Report No. DODIG-2019-030, Report of the Investigation into the United States Air Force's Failure to Submit Devin Kelley's Criminal History Information to the Federal Bureau of Investigation (December 6, 2018)[4] is a genuine report authored by an agency of the United States of America on a matter within the scope of that agency's relationship and while the agency relationship existed.

5. Every statement contained in the Department of Defense Inspector General Report, dated December 6, 2018, and numbered DoDIG-2019-030, is factually true.

6. The United States Air Force's (USAF) was required by federal law and/or federal policy to collect and submit Devin Kelley's fingerprints and final disposition report to the FBI's Criminal Justice Information Services (CJIS) Division for inclusion in its databases after he was convicted of a crime of domestic violence by a USAF General Court-Martial.

7. The United States Air Force's failure to submit Devin Kelley's fingerprints and final disposition information to the FBI CJIS division allowed Kelley to pass the federally mandated background checks and to purchase four firearms from Federal Firearms Licensed dealers, which Kelley used three of those four firearms on November 5, 2017, to kill 26 people and wound 22 others at the First Baptist Church of Sutherland Springs, Sutherland Springs, Texas.

---

[3] Available at https://media.defense.gov/2017/Dec/05/2001852278/-1/-1/1/DODIG-2018-035.PDF (last accessed July 24, 2019).

[4] Available at https://media.defense.gov/2018/Dec/07/2002070069/-1/-1/1/DODIG-2019-030_REDACTED.PDF (last accessed July 24, 2019).

# INTERROGATORIES

Please answer the following interrogatories:

1. Identify any statement within the Department of Defense Inspector General Report, dated December 6, 2018, and numbered DoDIG-2019-030, that you contend is not factually true and the basis for such a contention.

2. Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge. *See* W.D. Tex. Local Rule CV-33(b)(1).

3. If you contend that some other person or legal entity is, in whole or in part, liable to the Plaintiffs in this matter, identify that person or legal entity and describe in detail the basis of said liability. *See* W.D. Tex. Local Rule CV-33(b)(5).

Respectfully submitted,

/s/  Jason P. Steed
**Jason P. Steed**
  JSteed@kilpatricktownsend.com
  Texas Bar No. 24070671
**Kilpatrick Townsend & Stockton LLP**
  2001 Ross Avenue, Suite 4400
  Dallas, TX  75201
  Office 214-922-7112
  Fax 214-853-5731

/s/ Jamal K. Alsaffar
**Jamal K. Alsaffar**
  JAlssaffar@nationaltriallaw.com
  Texas Bar No. 24027193
**Tom Jacob**
  TJacob@nationaltriallaw.com
  Texas Bar No. 24069981
**Whitehurst, Harkness, Brees, Cheng, Alsaffar & Higginbotham & Jacob PLLC**
  7500 Rialto Blvd, Bldg. Two, Ste 250
  Austin, TX 78735
  Office 512-476-4346
  Fax 512-476-4400

## CERTIFICATE OF SERVICE

By our signatures above, we certify that a copy of Plaintiffs' Amended First Request for Admissions & Interrogatories to Defendant, United States of America has been sent to the following on August 2, 2019 via email and certified mail, return receipt requested mail.

    PAUL DAVID STERN
    Trial Attorney, Torts Branch
    United States Dept. of Justice
    Civil Division
    175 N St., N.E.
    United States Department of Justice,
    Three Constitution Square
    Washington, DC 20002
    Paul.David.Stern@usdoj.gov