IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, et. al, | § | NO. 5:18-CV-00555-XR |
| | § | |
| Plaintiffs | § | Consolidated with: |
| | § | 5:18-cv-00712-XR (*Vidal*) |
| | § | 5:18-cv-00881-XR (*Uhl*) |
| vs. | § | 5:18-cv-00944-XR (*Ramsey*) |
| | § | 5:18-cv-00949-XR (*McNulty*) |
| UNITED STATES OF | § | 5:18-cv-00951-XR (*Wall*) |
| AMERICA, | § | 5:18-cv-01151-XR (*Amador*) |
| | § | 5:19-cv-00184-XR (*Brown*) |
| Defendant | § | 5:19-cv-00289-XR (*Ward*) |
| | § | 5:19-cv-00506-XR (*Workman*) |
| | § | 5:19-cv-00678-XR (*Colbath*) |
| | § | 5:19-cv-00691-XR (*Braden*) |
| | § | 5:19-cv-00706-XR (*Lookingbill*) |
| | § | 5:19-cv-00714-XR (*Solis*) |
| | § | 5:19-cv-00715-XR (*McKenzie*) |
| | § | 5:19-cv-00805-XR (*Curnow*) |
| | § | 5:19-cv-00705-XR (*Workman*) |
| | § | 5:19-cv-00806-XR (*Macias*) |

**JOINT STIPULATIONS AND AGREED ORDER CONCERNING
DISCOVERY AND PRETRIAL MOTIONS PRACTICE**

In accordance with Fed. R. Civ. P. 42(a)(3), the Court enters the following Order concerning discovery, and pretrial motions practice, in this consolidated matter:

1.    This Order is binding upon Defendant, all Plaintiffs in this consolidated matter, and any Plaintiff whose case is later consolidated with this matter.

2.    In accordance with Fed. R. Civ. P. 5(b)(2)(E), the parties agree to service by electronic mail of all papers requiring service pursuant to Fed. R. Civ. P. 5.

1

3. Consistent with prior orders of the Court, Plaintiffs shall continue to act in concert through one attorney as it pertains to discovery and pre-trial motion practice, which specifically includes the following:

(a) For discovery pertaining to the United States' potential liability, one attorney will serve requests for production, interrogatories, requests for admission, depositions by written question, and notices of deposition and Fed. R. Civ. P. 45 subpoenas, upon Defendant on behalf of all Plaintiffs. That same attorney will accept service of any documents not electronically filed with the Court for which service is required under Fed. R. Civ. P. 5 and will accept production of any production of documents or electronically-stored information by Defendant on behalf of all Plaintiffs. For discovery pertaining to Plaintiffs' potential damages, all requests for production, interrogatories, requests for admission, depositions by written question, notices of depositions and Fed. R. Civ. P. 45 subpoenas, expert reports, and requests for independent medical examinations shall be served upon, and answered by, each Plaintiff individually.

(b) One motion, supporting memoranda, opposition, and reply will be filed on behalf of all Plaintiffs on issues or disputes common to the group; one attorney will handle any conferences with Defendant with respect to such motions, including any conferences required by applicable rules; and one attorney will handle any arguments before the Court on such motions.

(c) At any deposition, one attorney will examine the witness and/or defend the deposition on behalf of all Plaintiffs.

  (d) For any mental or physical examination of a Plaintiff, pursuant to Fed. R. Civ. P. 35 or otherwise, only the counsel of record representing that Plaintiff may attend the examination.

4. Any admission by a party, or stipulation between all Plaintiffs and Defendant, shall have the effect of a Fed. R. Civ. P. 36(b) binding admission and shall conclusively establish the fact or issue stipulated to or admitted.  Any such admission or stipulation shall preclude further discovery regarding the fact or issue stipulated to or admitted.

5. Plaintiffs' responses to Defendant's written discovery to all Plaintiffs are binding on all Plaintiffs.  A Plaintiff's responses to Defendant's written discovery to a particular Plaintiff are binding only on that Plaintiff.  Defendant's responses to Plaintiffs' joint written discovery is binding on Defendant as to all Plaintiffs.

6. Plaintiffs' objections to Defendant's written discovery to all Plaintiffs are to be considered objections for all Plaintiffs.  A Plaintiff's objections to Defendant's written discovery to a particular Plaintiff are to be considered objections only for that Plaintiff.  Defendant's objections to Plaintiffs' joint written discovery are to be considered objections as to all Plaintiffs.

7. Plaintiffs will jointly designate one set of experts pursuant to pursuant to Fed. R. Civ. P. 26(a)(2)(B) on issues of liability.  Plaintiffs may not designate more than five liability experts, including rebuttal experts, without leave from the Court.  Plaintiffs may individually designate experts pursuant to Fed. R. Civ. P. 26(a)(2)(B) for damages, but will designate and utilize the same economist firm for damages calculation.  Plaintiffs may not jointly designate more than twenty-five damages experts, including rebuttal experts, without leave from the Court.  Defendant may not designate more than five liability experts and twenty-five damages experts, including rebuttal experts, without leave from the Court.

8.     For discovery pertaining to the United States' potential liability, Plaintiffs may jointly serve up to thirty requests for admission upon Defendant. Defendant may serve up to thirty requests for admission upon Plaintiffs. For discovery pertaining to Plaintiffs' potential damages, each Plaintiff may individually serve up to five requests for admissions upon Defendant. Defendant may serve up to five requests for admission upon each Plaintiff. If a request for admissions is admitted or a fact or issue is stipulated, no further discovery on that admission, fact or issue will permitted without good cause and by leave of court.

9.     For discovery pertaining to the United States' potential liability, Plaintiffs may jointly serve up to twenty-five interrogatories upon Defendant. Defendant may serve up to twenty-five interrogatories upon Plaintiffs in addition to the interrogatories on the matters specified below. For discovery pertaining to Plaintiffs' potential damages, each Plaintiff may individually serve up to five interrogatories upon Defendant. Defendant may serve up to five interrogatories upon each Plaintiff.

10.    Plaintiffs may take up to fifteen depositions. Defendant may to take up to fifteen depositions. Both parties may additionally take the depositions of persons and entities specified below:

(a)    Plaintiffs may take the deposition of any expert that Defendant designates pursuant to Fed. R. Civ. P. 26(a)(2)(B) or (C). Defendant may take the deposition of any expert that Plaintiffs designate pursuant to Fed. R. Civ. P. 26(a)(2)(B) or (C).

(b)    Defendant may take the deposition of each Plaintiff.

(c)    Defendant may take the deposition of any provider of medical or psychological services who has treated a Plaintiff for any symptom, condition, or any other alleged injury relevant to that Plaintiff's claim for damages.

(d) Defendant may take the deposition of any person or entity that a Plaintiff identifies as a person or entity supporting a Plaintiff's claim for damages.

(e) Plaintiffs may take the deposition of any person who a Plaintiff identifies as a person supporting a Plaintiff's claim for damages, provided that the parties agree that there is "good cause" to believe that such person will be "unavailable" as a witness at the trial of this matter as that term is used in Fed. R. Civ. P. 32(a)(4).  Defendant may take the deposition of any federal employee or former federal employee who Defendant identifies as a person supporting its defenses, provided that the parties agree that there is "good cause" to believe that such person will be "unavailable" as a witness at the trial of this matter as that term is used in Fed. R. Civ. P. 32(a)(4).  If the parties are unable to agree as to whether such "good cause" exists, the party seeking the deposition may file a motion for leave to take the deposition or use one of the ten depositions allotted to them.

(f) Parties may take five depositions pursuant to Fed. R. Civ. P. 30(b)(6).

11. A medical professional retained by the Defendant may perform one physical examination of any Plaintiff who is claiming a physical injury as damages.  A medical or psychological professional retained by the Defendant may perform one mental examination of any Plaintiff who is claiming a mental or emotional injury as damages.  The Parties agree to meet and confer on appropriate examination time limits for particular Plaintiffs, considering the physical, mental, and other health considerations that may change the amount of time a particular Plaintiff may be examined.

12. Within 30 calendar days of the receipt of an interrogatory requesting that a Plaintiff identify all providers of medical or psychological services who have treated a Plaintiff for any symptom, condition, or any other alleged injury relevant to that Plaintiff's claim for

damages, each Plaintiff will sign and provide to Defendant medical-record releases for all such providers for the purposes of satisfying all Health Insurance Portability and Accountability Act requirements concerning medical records.

13. To the extent permitted to do so by the Federal Rules of Federal Procedure, the parties may agree to modifications to this Order. Any party seeking to otherwise modify, enforce, or be relieved from any provision of this Order, shall file a motion with the Court, but only after conferring and attempting to resolve the dispute with opposing counsel.

14. Nothing in this Order prevents a party from seeking additional discovery consistent with the requirements set forth in the Federal Rules of Civil Procedure.

15. This Order does not apply to any impled third-party defendants or limit the discovery that Plaintiffs or Defendants might otherwise serve on those third-party defendants.

16. The setting of depositions will be on dates, times and places that mutually agreeable to the parties. If the parties cannot mutually agree, any deposition shall be noticed no earlier than 30 days prior to the date of the deposition.

**IT IS SO ORDERED** this_____day of _____, 20_____.

_____
JUDGE XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE