IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, et. al, | § | NO. 5:18-CV-00555-XR |
| | § | |
| Plaintiffs | § | Consolidated with: |
| | § | 5:18-cv-00712-XR (*Vidal*) |
| | § | 5:18-cv-00881-XR (*Uhl*) |
| vs. | § | 5:18-cv-00944-XR (*Ramsey*) |
| | § | 5:18-cv-00949-XR (*McNulty*) |
| UNITED STATES OF | § | 5:18-cv-00951-XR (*Wall*) |
| AMERICA, | § | 5:18-cv-01151-XR (*Amador*) |
| | § | 5:19-cv-00184-XR (*Brown*) |
| Defendant | § | 5:19-cv-00289-XR (*Ward*) |
| | § | 5:19-cv-00506-XR (*Workman*) |
| | § | 5:19-cv-00678-XR (*Colbath*) |
| | § | 5:19-cv-00691-XR (*Braden*) |
| | § | 5:19-cv-00706-XR (*Lookingbill*) |
| | § | 5:19-cv-00714-XR (*Solis*) |
| | § | 5:19-cv-00715-XR (*McKenzie*) |
| | § | 5:19-cv-00805-XR (*Curnow*) |
| | § | 5:19-cv-00705-XR (*Workman*) |
| | § | 5:19-cv-00806-XR (*Macias*) |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

Before the Court is the United States' motion for the entry of a Confidentiality and Protective Order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

1. **Confidential Information**

   a. "Confidential Information" means documents, electronically stored information, or other tangible things that is designated as "Confidential" by any of the producing or receiving persons, whether it be a document, information contained in a document, information revealed

during a deposition, information revealed in an interrogatory answer, or otherwise.

    b. "Confidential Information" includes "Protected Health Information."

Protected Health Information comprises certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including Health Insurance Claim number) that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, the provisions of 45 C.F.R. §§ 164.102-164.534 (regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA)), or information for which there may be no waiver by the patient to produce the records to an entity outside one of the parties.

**2. Qualified Persons**

"Qualified Persons" means:

  a.    For Confidential Information:

      i. retained counsel (including outside counsel and federal agency counsel) for the parties in this consolidated litigation and their respective staff;

      ii. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this consolidated litigation, and the party, if a natural person;

      iii. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case;

      iv. litigation vendors, court reporters not employed by this Court, and other litigation support personnel;

      v. any person who was an author, addressee, or intended or authorized recipient of the Confidential Information and who agrees to keep the information

confidential, provided that such persons may see and use the Confidential Information but not retain a copy;

vi. witnesses, potential witnesses, and deponents, including their counsel;

vii. mediators and arbitrators;

viii. other persons upon consent of the producing party and on such conditions at the parties may agree;

ix. such other person as this Court may designate after notice and an opportunity to be heard; and

x. this Court and its staff, jurors, and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this consolidated litigation.

b. Disclosure to the persons referenced in 2(a)(i) – (ix) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

c. Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

3. **Designation Criteria**[1]

a. *Nonconfidential Information.* Confidential Information shall not include information that either:

---

[1] If the document contains highly sensitive trade secrets or other highly sensitive competitive or Confidential Information, then the parties may stipulate or move for the establishment of an additional category of protection, (e.g., Attorneys' Eyes Only) that prohibits disclosure of such documents or information to that category or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of this consolidated litigation and who agree to be bound by the terms of the Order.

3

      i. is in the public domain at the time of disclosure, as evidenced by a written document;

      ii. becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

      iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

      iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

    b. *Confidential Information*. A party shall designate as Confidential Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

    (1) Information and documents that may be designated as Confidential Information include, but are not limited to, (a) trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties; (b) personal, financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2, including any document, information, or tangible thing protected by the provisions of 45 C.F.R. §§ 164.102–

164.534 (regulations promulgated pursuant to the HIPAA, or the Family and Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. Part 99; (c) is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a; (d) records, documents, and other information related to plaintiffs' administrative claims (Standard Form 95 or "SF-95"); (e) information protected from discovery or public disclosure by the law enforcement privilege, whose disclosure is made pursuant to an order by the Court; (f) information about any Federal law enforcement agency's current or former employees or agents, informants, or internal procedures; (g) information about any Federal office of the inspector general's current or former employees or agents, informants, and witness interviews; (h) firearms tracing data compiled pursuant to the Gun Control Act of 1968, 18 U.S.C. Chapter 44; (i) any video recordings, audio recordings, photographs, and depictions of the shooting at issue in this consolidated litigation, or (j) other documents and records whose disclosure is restricted or prohibited by statute.

(2) Correspondence and other communications between the parties or with nonparties may be designated as Confidential Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

(3) If it comes to a producing party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the producing party must promptly notify all parties that it is withdrawing the designation for the applicable information.

  c. *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the

event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

**4. Use of Confidential Information**

a. All Confidential Information provided by any party or nonparty in the course of this consolidated litigation shall be used solely for the purpose of preparation, trial, and appeal of this consolidated litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof. This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

b. This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this consolidated action. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

c. Nothing in this Protective Order shall restrict the right of any party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

**5. Marking of Documents**

Documents provided in this consolidated litigation may be designated by the producing person or by any party as:

a. For documents produced in paper or an electronic form that allows endorsements or similar designation shall appear by the inclusion of the marking of "CONFIDENTIAL –

SUBJECT TO PROTECTIVE ORDER" for documents that contain Confidential Information on each page of the document for Protected Health Information or other Confidential Information.

      b.  For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall end with "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  The media on which the Confidential or Protected Health Information is provided (e.g. CD, DVD, external hard drive) also must be plainly labeled with "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" unless and until the protection of the data within the media is removed.

      c.  In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided.  Originals shall be preserved for inspection.

      **6.  Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this consolidated litigation, or (b) the deposition of a nonparty may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Confidential Information by notifying all parties in writing not later than thirty (30) calendar days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential Information thereafter.  Each party shall attach a copy of each such written notice

to the face of the transcript and each copy thereof in that party's possession, custody, or control. To the extent possible, the court reporter shall segregate into separate transcripts information designated as Confidential Information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Confidential Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

**7. Disclosure to Qualified Persons**

a. *To Whom.* Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information.

b. *Retention of Copies During this Consolidated Litigation.* Any documents produced in this consolidated litigation that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Confidential Information may be prepared by independent copy services, printers, or illustrators for the purpose of this consolidated litigation.

8.  **Unintentional Disclosures**

Documents unintentionally produced without designation as Confidential Information later may be designated and shall be treated as Confidential Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential Information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

9.  **Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as Confidential during inspection. At the time of copying for the receiving parties, Confidential Information shall be marked prominently "Confidential" by the producing party.

10.  **Consent to Disclosure and Use in Examination**

Nothing in this Order shall prevent disclosure beyond the terms of this Order if each party designating the information as Confidential Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this Order prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced such information.

**11. Challenging the Designation**

a. *Confidential Information.* A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this consolidated litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Confidential Information. The written notice will identify each document it is challenging and provide a description of the basis of each challenge. The designating party shall then have fourteen (14) calendar days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential Information unless and until the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential Information.

After a designation as Confidential Information is removed or withdrawn by the designating party or by the Court, the designating party must provide to the receiving party replacement documents, files, or information that is free from any markings or designations as Confidential Information. The replacement versions shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the parties. The presumptive time for providing the replacement information shall be ten (10) calendar days, but the designating party must in good faith provide the information in a reasonable time, considering any agreements with the receiving party, the volume of information to be re-produced, and the

nature or format of the information.

      b.    *Qualified Persons.*  In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Confidential Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party shall have fourteen (14) calendar days from the date of the designation or, in the event particular Confidential Information is requested subsequent to the designation of the Qualified Person, fourteen (14) calendar days from service of the request to move the Court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Confidential Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Confidential Information shall be made to the disputed person unless and until the Court enters an order preserving the designation.

      **12. Manner of Use in Proceedings**

      a.  In the event a party wishes to use any Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this consolidated litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.

      b.  This Protective Order does not govern the use by the parties of Confidential Information in open court at any hearing or trial, but the parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such

hearing or trial.  If the need arises for any party to disclose Confidential Information in a proceeding in open court or at any hearing or trial, it may do so only after giving seven (7) business days' notice to the producing party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.  If a hearing is scheduled to occur less than the seven (7) business days from the date the hearing is scheduled, the notice contemplated by this paragraph 12(b) shall be accomplished within twenty-four (24) hours, or as soon as practicable. The notice contemplated by this paragraph 12(b) for purposes of a party who asserts the need to disclose Confidential Information at trial may be accomplished at a Pretrial Conference.

### 13. Filing Under Seal

The clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this consolidated litigation that have been designated, in whole or in part, as Confidential Information by any party to this consolidated litigation consistent with the sealing requirements of the Court.

### 14. Return of Documents

a.  Not later than 120 days after conclusion of this consolidated litigation and any appeal related to it, any Confidential Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except paragraph 2(a)(x)) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing.  Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any

Confidential Information.

b. Attorneys for the United States may maintain copies of any documents designated Confidential Information in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

### 15. Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this consolidated litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this consolidated litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

### 16. Advice to Clients

This Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this consolidated litigation from conveying to any party client the attorney's evaluation in a general way of Confidential Information produced or exchanged under the terms of this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential Information produced by another partyif such disclosure would be contrary to the terms of this Protective Order.

### 17. Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to

reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**18. Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this consolidated litigation.

**19. Qualified Order Under HIPAA**

The Court finds that this Order is a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v). All Protected Health Information shall be designated "Confidential" and may be used or disclosed in accordance with the terms of this Protective Order and 45 C.F.R. § 164.512(e)(1)(v).

**20. Qualified Order Under the Privacy Act**

a. The United States is authorized to produce personal identifying information contained within electronically stored information or hard copy documents. Any electronically stored information or hard copy documents containing such personal identifying information will be deemed Confidential Information, regardless of whether the electronically stored information or hard copy documents are marked with a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend designating the information as Confidential Information.

b. This is an Order of a Court of competent jurisdiction. 5 U.S.C. § 552a(b)(11).

**21. Subpoena of Confidential Information**

If a receiving party or anyone subject to this Protective Order receives a subpoena under Federal Rule of Civil Procedure 45 (or an equivalent mechanism under state law) seeking Confidential Information as designated in this consolidated action, the receiving party or such

individual shall promptly notify the designating party and shall not disclose any Confidential Information until the designating party has had a reasonable opportunity to inform the subpoenaed person either that (a) the designating party does not object to the production of the Confidential information or (b) the designating party will seek appropriate relief or protection from the proper court to prevent the production.  The designating party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

**22.  Disclosure of Confidential Information for Violations of the Law**

Nothing in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any of its agencies or departments, or any division or office of any such agency or department, information or materials provided in this consolidated action, including those designated as Confidential Information under this Order, that relate to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.  Nor shall anything contained in this Order prevent or in any way limit or impair the use of any information provided in this consolidated action, including Confidential Information, by an agency in any lawfully permitted proceeding relating to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.  Disclosure of information or materials provided in this consolidated action, including those designated as Confidential Information under this Order, is permitted within the meaning of this paragraph, provided that the agency shall be advised of the terms of this Protective Order and maintain the confidentiality of the Confidential Information in a manner consistent with the terms of this Order.

**23. Disclosure of Confidential Information to Congress**

Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated Confidential Information to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Confidential Information has been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the designating party or non-party of the Congressional entity's request and the United States' response thereto.

**24.** Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party, and this Protective Order does not prohibit or absolve the parties from complying with such other obligations.

**25. Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

**IT IS SO ORDERED** this ___ day of _____, 20_____.

                                                                  _____
                                                                  JUDGE XAVIER RODRIGUEZ
                                                                  UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, et. al, | § | NO. 5:18-CV-00555-XR |
| | § | |
| Plaintiffs | § | Consolidated with: |
| | § | 5:18-cv-00712-XR (*Vidal*) |
| | § | 5:18-cv-00881-XR (*Uhl*) |
| vs. | § | 5:18-cv-00944-XR (*Ramsey*) |
| | § | 5:18-cv-00949-XR (*McNulty*) |
| UNITED STATES OF | § | 5:18-cv-00951-XR (*Wall*) |
| AMERICA, | § | 5:18-cv-01151-XR (*Amador*) |
| | § | 5:19-cv-00184-XR (*Brown*) |
| Defendant | § | 5:19-cv-00289-XR (*Ward*) |
| | § | 5:19-cv-00506-XR (*Workman*) |
| | § | 5:19-cv-00678-XR (*Colbath*) |
| | § | 5:19-cv-00691-XR (*Braden*) |
| | § | 5:19-cv-00706-XR (*Lookingbill*) |
| | § | 5:19-cv-00714-XR (*Solis*) |
| | § | 5:19-cv-00715-XR (*McKenzie*) |
| | § | 5:19-cv-00805-XR (*Curnow*) |
| | § | 5:19-cv-00705-XR (*Workman*) |
| | § | 5:19-cv-00806-XR (*Macias*) |

## **EXHIBIT A**

### CERTIFICATION

I hereby declare that I have read and that I understand the Confidentiality and Protective Order regarding Confidential Information entered in the above-captioned consolidated cases. I further declare that I will comply with all of the terms and conditions of this Protective Order, and that I will not disclose any Confidential Information, as that term is defined in the Protective Order, in a manner that is inconsistent with the Protective Order. I will maintain any Confidential Information in my possession – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it.

       I understand that any unauthorized disclosure may subject me to a ruling of contempt or other sanction imposed by the District Court.  I hereby consent to be subject to the personal jurisdiction of the United States District Court for the Western District of Texas with respect to any proceedings relative to the enforcement of that Order, including any proceeding related to contempt of that Order.

Executed this ___ day of _____ by _____
                                                                                   (Print Name)


Signed_____