IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, et. al, | § | NO. 5:18-CV-00555-XR |
| | § | |
| Plaintiffs | § | Consolidated with: |
| | § | 5:18-cv-00712-XR (*Vidal*) |
| | § | 5:18-cv-00881-XR (*Uhl*) |
| vs. | § | 5:18-cv-00944-XR (*Ramsey*) |
| | § | 5:18-cv-00949-XR (*McNulty*) |
| UNITED STATES OF | § | 5:18-cv-00951-XR (*Wall*) |
| AMERICA, | § | 5:18-cv-01151-XR (*Amador*) |
| | § | 5:19-cv-00184-XR (*Brown*) |
| Defendant | § | 5:19-cv-00289-XR (*Ward*) |
| | § | 5:19-cv-00506-XR (*Workman*) |
| | § | 5:19-cv-00678-XR (*Colbath*) |
| | § | 5:19-cv-00691-XR (*Braden*) |
| | § | 5:19-cv-00706-XR (*Lookingbill*) |
| | § | 5:19-cv-00714-XR (*Solis*) |
| | § | 5:19-cv-00715-XR (*McKenzie*) |
| | § | 5:19-cv-00805-XR (*Curnow*) |
| | § | 5:19-cv-00705-XR (*Workman*) |
| | § | 5:19-cv-00806-XR (*Macias*) |

## **ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)**

The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence that the production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communication or information concerning the same subject matter, in this or in any other proceeding.  This Order applies to attorney-client privilege, work-product protection, as well as all other protections afforded by Federal Rule of Civil Procedure 26(b), governmental privileges to include the law enforcement privilege, the investigatory file privilege, the

deliberative process privilege, and all privileges that may be lawfully asserted without limitation. Nothing in this Order shall constitute an admission that any document disclosed in this consolidated litigation is subject to any of the foregoing privileges or protections, or that any Party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit Parties from withholding from production any document covered by any applicable privilege or other protection.

The Parties intend that this stipulated Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this consolidated litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a Party's right to conduct a pre-production review of documents as it deems appropriate.

**I.    DEFINITIONS**

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this consolidated litigation.

3. "Party" or "Parties," as used herein, means the Parties to the above-captioned actions, including their employees and agents.

4. "Producing Party," as used herein, means the Party producing documents or ESI.

5. "Receiving Party," as used herein, means the Party receiving documents or ESI.

**II.   PROCEDURES**

The procedures applicable to a claim of privilege or protection on a produced document and the resolution thereof shall be as follows:

1. If a Party discovers a document, or part thereof, produced by another Party that is privileged or otherwise protected, the Receiving Party shall promptly notify the Producing Party and must then return the document or destroy it and certify that it has been destroyed to the Producing Party. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the Producing Party to the Receiving Party.

2. If the Producing Party determines that a document produced, or part thereof, is subject to a privilege or protection, the Producing Party shall promptly give the Receiving Party notice of the claim of privilege ("privilege notice").

3. The privilege notice must be in writing, shall be served upon all counsel of record for all Parties, and shall contain information sufficient to: 1) identify the document (by Bates number, if applicable, or by identifying information as necessary to locate the document within the materials produced), interrogatory, or deposition at issue; 2) identify the privilege or protection asserted (the "privilege claim"); 3) provide the basis for the invocation of the privilege or protection; and 4) the date the document was produced. To be effective, the notice shall be provided within a reasonable time, but no later than sixty (60) days after a Party discovers the production of the privileged or otherwise protected document.

4. The privilege notice may be made orally on the record at a deposition or hearing, provided that it is subsequently confirmed in writing within sixty (60) days from the date of the hearing or receipt of the deposition transcript by the Party asserting the privilege or other protection.

5.      If the Producing Party claims that only a portion of a document is privileged, the Producing Party shall provide, along with the notice of the claim of privilege or protection, a new copy of the document with the allegedly privileged or protected portions redacted. Any Party that complies with this paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials.

6.      Upon receiving the privilege notice, if the Receiving Party agrees with the privilege assertion made, the Receiving Party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the Producing Party that the document(s) and copies have been destroyed. The Receiving Party must sequester and destroy any notes taken about the document. If a Receiving Party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the document or information.

7.      Upon receiving the privilege notice, if the Receiving Party wishes to dispute a Producing Party's privilege notice, the Receiving Party shall promptly meet and confer with the Producing Party. The document(s) shall be sequestered and not be used by the Receiving Party in the consolidated litigation (e.g., filed as an exhibit to a pleading; used in deposition) while the dispute is pending. If the Parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the Receiving Party may make a sealed motion for a judicial determination of the privilege claim. The Receiving Party shall file its motion for a judicial determination of the privilege claim within thirty (30) days after the Parties reach an impasse on their attempt to come to an agreement about the privilege assertions in the privilege notice.

8. Pending resolution of the judicial determination, the Parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The Receiving Party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any Party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the Producing Party's favor.

9. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

**IT IS SO ORDERED.**

Dated:

_____
JUDGE XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE