**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOE HOLCOMBE, et. al, | § | NO. 5:18-CV-00555-XR |
| | § | |
| Plaintiffs | § | Consolidated with: |
| | § | 5:18-cv-00712-XR (*Vidal*) |
| | § | 5:18-cv-00881-XR (*Uhl*) |
| vs. | § | 5:18-cv-00944-XR (*Ramsey*) |
| | § | 5:18-cv-00949-XR (*McNulty*) |
| UNITED STATES OF | § | 5:18-cv-00951-XR (*Wall*) |
| AMERICA, | § | 5:18-cv-01151-XR (*Amador*) |
| | § | 5:19-cv-00184-XR (*Brown*) |
| Defendant | § | 5:19-cv-00289-XR (*Ward*) |
| | § | 5:19-cv-00506-XR (*Workman*) |
| | § | 5:19-cv-00678-XR (*Colbath*) |
| | § | 5:19-cv-00691-XR (*Braden*) |
| | § | 5:19-cv-00706-XR (*Lookingbill*) |
| | § | 5:19-cv-00714-XR (*Solis*) |
| | § | 5:19-cv-00715-XR (*McKenzie*) |
| | § | 5:19-cv-00805-XR (*Curnow*) |
| | § | 5:19-cv-00705-XR (*Workman*) |
| | § | 5:19-cv-00806-XR (*Macias*) |

**DISCOVERY ORDER**

WHEREAS, the United States seeks to reduce the time, expense and other burdens of discovery of certain hard copy documents, electronically stored information ("ESI"), and privileged materials as described further below; and to better define the scope of their obligations with respect to preserving and producing such information and materials;

IT IS ORDERED, ADJUDGED AND DECREED as follows:

**A.    Definitions**

    1.    The term "Document," as used herein, includes all items listed in the Federal

Rules of Civil Procedure 34(a)(1)(A) and (B), including any ESI or tangible thing, as well as any documents that will be discoverable but for the application of a privilege or protection such as the attorney work product protection, the attorney-client privilege or other governmental privileges. A draft or non-identical copy is a separate document within the meaning of this term and includes a preliminary version of a document that has been shared by the author with another person (by email, print, or otherwise).

2. The term "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

3. The terms "Party" or "Parties," as used herein, means the Parties to this consolidated litigation, including their employees and agents.

4. The term "Producing Party," as used herein, means the Party producing documents or ESI.

5. The term "Receiving Party," as used herein, means the Party receiving documents or ESI.

**B.     Preservation Requirements**

6. The Parties shall take reasonable steps to preserve potentially relevant documents that are in their possession, custody or control on the date of this Order, or that comes into their possession, custody or control after the date of this Order.

7. With respect to potentially relevant documents, the Parties need only preserve one copy of each non-identical document, but shall retain any existing information related to the custodians of any duplicates that are not preserved for production.

8. The Parties need retain only one copy of a potentially relevant electronic message sent to multiple Parties.

9. By preserving potentially relevant documents or ESI, the Parties are not conceding that such documents are discoverable in this matter, nor are the Parties waiving any claim of privilege.

10. The Parties need not preserve the following categories of ESI for this litigation:

 a. "deleted," "slack," "fragmented," or "unallocated" data on hard drives;

 b. random access memory (RAM) or other ephemeral data;

 c. on-line access data such as temporary internet files, history, cache, cookies, etc.;

 d. data in metadata fields that are frequently updated automatically, such as last-opened dates;

 e. backup data that is substantially duplicative of data that is more accessible elsewhere;

 f. data stored on photocopiers, scanners, and fax machines; and

 g. other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business.

11. Nothing in this Order prevents any Party from asserting, in accordance with the Federal Rules of Civil Procedure, that other categories of ESI are not reasonably accessible within the meaning of Rule 26(b)(2)(B).

12. Nothing in this Order shall affect any other obligations of the Parties to preserve documents or information for other purposes, such as pursuant to court order, administrative order, statute, or in response to other anticipated litigation.

**C.     Format of Production**:  See Appendix A.

**D.      Other Production Issues**

13.     Documents considered "publically available," such as published articles or postings to public web sites, will not be produced, but the location of such "publically available" information will be identified by the Producing Party to the Receiving Party with reasonable particularity as to allow the Receiving Party the ability to retrieve the document.

14.     Original Documents.

The Parties will retain the original hard-copy documents and original ESI documents. Subject to preservation of appropriate privileges and other protections, the Parties will consider reasonable requests, after any necessary meet and confer, to inspect the original hard copy document and source ESI documents of specific documents or groups of documents.

15.     Translation of Produced Materials.  For any foreign-language documents responsive to document requests that a Party translates or translated into the English language for its own purposes, the Producing Party shall produce the translation of the document with the document except to the extent such translation is protected by attorney-client privilege, work product privilege,  governmental privileges, or all other privileges that may be lawfully asserted without limitation.

16.     Costs of Document Production.

Unless this Court orders otherwise, each Party shall bear the costs of producing its own documents.

**E.      Use of Documents During Litigation.**

17.     Notwithstanding any other provision of this Order, the Parties may take any of the following actions with respect to documents and ESI.

a.     Parties may, to the extent necessary to carry out their ordinary duties,

4

edit non-final documents that do not meet the definition of "draft" in Paragraph 1. However, the Parties shall preserve draft documents for discovery.

    b.  The Parties may move unfiled documents or ESI into files or folders that adhere to an organizational scheme that was created before the complaint was filed in this matter.  Nothing in this paragraph prevents the Parties from implementing an organizational scheme that applies only to documents or ESI created after the complaint was filed in this matter.

    c.  The Parties may delete, overwrite, or wipe ESI from devices that are being replaced, upgraded, reimaged, disposed of, or returned at the end of a lease, provided that the potentially relevant ESI is first copied to a new location in a manner that preserves the data, including metadata (to the extent it exists) that will be produced pursuant to Section C of this Order.

    d.  The Parties may copy data from one device to another, or from one location to another, provided that a copy of the ESI remains accessible and unaltered in the first location or the new copy is created in a manner that preserves the data, including metadata (to the extent it exists) that will be produced pursuant to Section C of this Order.

    e.  The Parties may take any of the following actions with respect to data in a database provided that it is part of the routine use of the database: input additional data; access data; update the software running the database; append new data; and modify existing data.

    f.  The Parties may compress, decompress, encrypt, or decrypt data subject to preservation in this matter provided that any data losses during such processes do not result in the loss of metadata (to the extent it existed) required to be produced under this Order or significantly degrade the quality of the data.

**F.      Meet and Confer Requirements.**

      18.      Discovery Disputes.

Pursuant to Local Rule CV.7, before filing any motion with the Court regarding electronic discovery or evidence, the Parties will meet and confer in a good faith attempt to resolve such disputes.

**G.      Expert Discovery.**

      19.      Each Party shall not pursue through discovery, trial subpoena or otherwise:

      a.  Notes taken by a witness required to provide a report under Fed. R. Civ. P. 26(a)(2)(B);

      b.  Communications between a witness required to provide a report under Fed. R. Civ. P. 26(a)(2)(B) and a Party's representative—including, but not limited to, another witness required to provide a report under Fed. R. Civ. P. 26(a)(2)(B)—regardless of the form of the communications, except to the extent that the communications:

      1.      Relate to compensation for an expert's study or testimony;

      2.      Identify facts or data that a Party provided and that the expert considered in forming the opinions to be expressed; or

      3.      Identify assumptions that a Party provided and that the expert relied upon in forming the opinions to be expressed.

      20.      The Party seeking discovery from an expert, who has been identified by another Party as an expert whose opinions may be presented a trial, shall be responsible for paying the reasonable fees for the time the expert spends testifying in deposition after the expert's report has been provided.  The Party seeking such discovery shall not be responsible for any fees or costs associated with the time spent preparing for the deposition, traveling to and/or from the

6

deposition, or reviewing the transcript from the deposition.

**H.** **Preparation of Privilege Log.**

21. Any document, or category of documents falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the Producing Party in a privilege log, which the Producing Party shall produce in an electronic format that allows text searching and organization of data.

22. For documents produced by the United States originating with the FBI, any document, or portion thereof, falling within the scope of any request for production or subpoena that is withheld on the basis of Confidential Information, a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery will be redacted on the document and a redaction code sheet will be provided with the production as a guide to each coded redaction. Such coded redactions allow for as much of the document as possible to be disclosed while at the same time providing the author, date, and type of document, if available, and reason for each redaction on each page. When a document contains classified or law enforcement privileged information, for instance, that requires redaction in full, that page will be redacted with the required code.

23. The Producing Party shall produce privilege logs no later than sixty (60) calendar days after withholding documents pursuant to a claim of privilege. The Parties may stipulate to extend the time period. For each document, or category of documents meeting certain criteria, for which a Producing Party asserts that a privilege applies, the Producing Party must include in the privilege log the information required by Federal Rule of Civil Procedure 26(b)(5), including the following:

  a. Bates range of the document withheld as privileged;

  b. assertion of the ground(s) alleged for withholding such document;

  c. the date, if available, of the document or communication;

  d. the identity of its author and signatories and to whom it was sent, if available; and

  e. a description of the withheld document, communication or tangible thing in a manner that, without revealing information claimed privileged, will enable a Party to assess the validity or efficacy of the privilege claim.

24. Notwithstanding a claim of privilege, any purportedly privileged document containing non-privileged matter must be: (i) produced with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself, and (ii) listed on the privilege log.

25. The obligation to provide a log of privileged or work product materials pursuant to Rule 26(b)(5)(A) presumptively shall not apply to the following privileged or work product materials created on or after November 6, 2017:

  a. Communications exclusively between a Party and its counsel of record, to include communications between Department of Justice counsel and federal agency counsel, and communications between federal agency counsel;

  b. Work product created by counsel of record, federal agency counsel, or by an agent of counsel other than a Party or an employee of a Party; or

  c. Internal communications within (a) a law firm, (b) a legal assistance organization, or (c) a governmental law office.

26. <u>Threaded e-mails.</u> An e-mail shall be treated as a single document regardless of

the number of threaded e-mails contained within the message body. The privilege log for an e-mail withheld under a claim of privilege, to the extent any is required, shall identify the author, recipient(s), subject, dates and times based on the metadata (to the extent it exists), from the top level message, and shall not include data from any e-mail embedded in the message body. An e-mail thread contained within a single document need only be recorded once on the Producing Party's privilege log, even if a privilege is asserted over multiple portions of the thread. However, if an e-mail contains both privileged and non-privileged communications, the non-privileged, responsive communications must be produced. This requirement should be satisfied by producing the original of the threaded, non-privileged e-mail, but if the original is not available, it may be satisfied by producing a redacted version of the privileged e-mail.

27. Privileged documents shall be withheld from production; their Bates numbers may be listed as gaps on an exception report sent with production of that Bates range.

### I.     **Deliberate Withholding of Privileged or Protected Documents or ESI**

28. A Party may challenge the assertion of any privilege or other protection for any documents or ESI originally withheld from production, or asserted as an objection to any interrogatory or interposed during any deposition or hearing. A Party challenging an assertion of any privilege or protection for any document or ESI shall provide notice to the Party claiming the privilege or protection within 60 (sixty) calendar days after receipt of the privilege log or 30 (thirty) calendar days after an objection to any interrogatory or interposed during any deposition or hearing. The Parties may stipulate to extend this time period.

29. The notice required by Paragraph 28 is to be served upon all counsel of record for all Parties, and shall contain information sufficient to: 1) identify the document (by Bates number, if applicable, or by identifying information as necessary to locate the document within

the materials produced), interrogatory, or deposition at issue; 2) identify the privilege or protection asserted (the "privilege claim"); 3) the date the document was produced; and 4) provide the basis for the challenge of the privilege or protection.

30. If the Parties are not able to come to an agreement about the privilege or protection assertion, the Party challenging the privilege or protection assertion may file a motion under seal to the Court pursuant to Local Rule CV-5.2, for a determination of the privilege or protection claim and the Party in possession of the information must preserve the information until the privilege or protection claim is resolved. *See* Fed. R. Civ. P. 26 (b)(5)(B). Any such motion must be filed within 30 (thirty) calendar days from the receipt of the notice required by Paragraph 28. If the Party challenging the privilege or protection assertion fails to file such a motion within the 30 (thirty) day period, it waives any right to dispute the privilege or protection with respect to that document or ESI unless good cause exists for the failure to file such a motion (for example, evidence not available at the time privilege or protection was asserted demonstrates the document was not privileged or protected.) The Parties may stipulate to extend the 30 (thirty) day time period. The burden of proving the privilege or protection claim remains with the Party claiming the privilege or protection.

31. Pending resolution of the Court's determination, the Parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.

32. This Order does not preclude a Party from voluntarily waiving any claims of privilege.

**J.     Enforcement and Modification of This Order**

33. If any Party has cause to believe that a violation of this Order has occurred or is

about to occur, it shall have the right to petition this Court for appropriate relief.

34.   For good cause shown, any Party may seek modification of this Order. No part of the provisions of this Order may be modified except in accordance with this Order. The provisions of this Order, and any subsequent amendments thereto and modifications thereof shall continue to be binding after the termination of this case unless otherwise ordered.

35.   Any Party seeking modification of this Order must first provide counsel for all Parties with at least ten (10) calendar days written notice prior to filing any such motion with the Court. During that 10-day period, the Parties shall attempt to agree to a proposed modification. If such agreement is reached, the Parties shall execute a stipulation setting out such modification, which will then be presented to the Court for approval. If no agreement is reached within the 10-day period, the Party seeking the modification may apply to the Court for such relief upon notice to all Parties. The Court shall provide an opportunity for the Parties to present their respective views to the Court before approving a stipulated request for modification or before granting a motion seeking modification.

36.   Nothing in this Order shall be construed to compel the United States to produce information that, under law or agreement, it is prohibited from producing, including, *inter alia*, information protected from compelled disclosure by a Certificate of Confidentiality or an Assurance of Confidentiality issued pursuant to the Public Health Service Act, 42 U.S.C. §§ 241(d), 242m(d), and/or CIPSEA; confidential substance abuse information protected by 42 U.S.C. §§ 290aa(n) or 290dd-2; visa application material protected by 8 U.S.C. § 1202(f); information subject to the confidentiality provision of section 12(c) of the Export Administration Act of 1979, as amended 50 U.S.C. app 2411(c); information protected by 38 U.S.C. § 5705; or information protected by Federal Rule of Criminal Procedure 6(e). Nothing

in this Order shall be read to enhance or negate any argument that any such laws, provisions, or regulations apply to any particular document.

37. Nothing in this Order shall prevent or in any way limit or impair the right of the United States to disclose to any of its agencies or departments, or any division or office of any such agency or department, information or materials provided in this Action that relate to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction. Nor shall anything contained in this Order prevent or in any way limit or impair the use of any information provided in this Action by an agency in any lawfully permitted proceeding relating to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction. Disclosure of information or materials provided in this Action is permitted within the meaning of this paragraph and in a manner consistent with the terms of this Order and any Protective Orders entered in this Action pursuant to Federal Rules of Civil Procedure Rule 26(c).

38. Nothing in this Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Order does not prohibit or absolve the Parties from complying with such other obligations.

**IT IS SO ORDERED.**

Dated:

                                                          _____
                                                          JUDGE XAVIER RODRIGUEZ
                                                          UNITED STATES DISTRICT JUDGE