IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, et. al, | § | NO. 5:18-CV-00555-XR |
| | § | |
| Plaintiffs | § | Consolidated with: |
| | § | 5:18-cv-00712-XR (*Vidal*) |
| | § | 5:18-cv-00881-XR (*Uhl*) |
| vs. | § | 5:18-cv-00944-XR (*Ramsey*) |
| | § | 5:18-cv-00949-XR (*McNulty*) |
| UNITED STATES OF | § | 5:18-cv-00951-XR (*Wall*) |
| AMERICA, | § | 5:18-cv-01151-XR (*Amador*) |
| | § | 5:19-cv-00184-XR (*Brown*) |
| Defendant | § | 5:19-cv-00289-XR (*Ward*) |
| | § | 5:19-cv-00506-XR (*Workman*) |
| | § | 5:19-cv-00678-XR (*Colbath*) |
| | § | 5:19-cv-00691-XR (*Braden*) |
| | § | 5:19-cv-00706-XR (*Lookingbill*) |
| | § | 5:19-cv-00714-XR (*Solis*) |
| | § | 5:19-cv-00715-XR (*McKenzie*) |
| | § | 5:19-cv-00805-XR (*Curnow*) |
| | § | 5:19-cv-00705-XR (*Workman*) |
| | § | 5:19-cv-00806-XR (*Macias*) |

**UNITED STATES' NOTICE OF FILING OF RULE 16 CONFERENCE DOCUMENTS**

Pursuant to the Court's order dated September 11, 2019, (ECF No. 134), the United States provides the following response:

On June 24, 2019, the United States served its Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1).  (Exh. A.)  A list of the documents produced to date by the United States is attached. (Exh.  B.)  As noted in the United States' motion for the Rule 16 conference, the United States requests that the Court enter discovery documents, which include a Discovery Plan; Confidentiality and Protective Order; Order Pursuant to Federal Rule of Evidence 502(d); and a

Discovery Order.  On September 19, 2019, the parties met and conferred to discuss, among other issues, the parties' proposed Confidentiality and Protective Orders.  The United States believes the conference was productive and anticipates providing the Court an agreed-upon draft of the Protective Order prior to the Rule 16 conference.  Following the Court's ruling on the United States' request for a Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order, the United States intends to produce additional documents pursuant to Federal Rule of Civil Procedure 26(a)(1).

The United States has yet to propound requests for production.  The United States' Objections and Responses to Plaintiffs' First Request for Production is attached.  (Exh. C.)  That attachment provides the United States' objections to certain requests. *See, e.g.*, Def.'s Responses to RFPs 38, 47, 48, 54-67, 69-75, 77-93, 95.  The basis for these objections is more fully detailed in the United States' Motion for a Protective Order. (ECF No. 124.)  Similar to its anticipated production under Rule 26(a), the United States intends to produce documents in response to Plaintiffs' uncontested requests following the Court's ruling on the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order a Protective Order.  *See, e.g.*, Def.'s Responses to RFPs 1-4, 29, 36, 41, 45, 49, 50, 53, 68, 76.  Four sets of Plaintiffs served a Second Request for Production on August 22, 2019, and the United States is drafting its response.

The United States has yet to propound requests for admissions or interrogatories.  The Government's response to Plaintiffs' Amended First Request for Admissions & Interrogatories is attached.  (Exh D.)   The Government provided answers regarding the authenticity of Department of Defense Inspector General reports. *See, e.g.*, Def.'s Responses to RFAs 1-4.  The United States objected to Interrogatory No. 1, agreed to provide an answer to Interrogatory No. 2 following the

2

Court's ruling on the United States' request for a Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order, and provided an answer to Interrogatory No. 3. The basis for the Government's objections to the contested requests for admissions and interrogatories is more fully articulated in the United States' Motion for a Protective Order. (ECF No. 124.)

The United States has yet to serve deposition notices. In response to Plaintiffs' Deposition List served on September 4, 2019, (Pls. Exh. B), the United States notes Plaintiffs' distinction between "Fact Witnesses" and "Commander/Oversight Positions." Without yet identifying specific potential deponents for the eighteen listed "Fact Witnesses," the United States does not dispute the basis for those depositions in general, with the notable exception of the Navy Commander of the facility where Devin Kelley served his prison sentence. Nonetheless, the number of depositions needed in the litigation, as well as the scope of relevant testimony, is one of the grounds for which the United States requested a Rule 16 conference. Following the Court's guidance on the scope of discovery, as well as a ruling on discovery documents, the United States intends to identify facts witnesses to be presented for deposition. With respect to the depositions outlined under the heading "Command/Oversight Positions," however, the United States objects to those requests as disproportional to the needs of the case, highly prejudicial, and unduly burdensome. The vast majority of individuals are high-ranking current and former government officials who did not have any involvement in whether Devin Kelley's disqualifying information was reported to the FBI's national criminal background check system.

On August 22, 2019, Plaintiffs served the United States a Notice of Deposition, which included eleven subject matters for which Plaintiffs sought testimony pursuant to Fed. R. Civ. P. 30(b)(6). On September 18, 2019, the United States presented a witness for deposition to address

3

two of the eleven topics from Plaintiffs' attached 30(b)(6) notice:

6. Policies, procedures, practices, checklists, and protocols concerning Air Force Security Force's and AFOSI's execution of DoD Instruction 7730.47-M Volume 1. This topic includes, but is not limited to, the monthly submission of information to the DMDC and the DIBRS database for centralization of the collection of information reportable by the DoD Components pursuant to The Brady Handgun Violence Prevention Act of 1993. This topic includes but is not limited to, information concerning I2MS, as noted on pages 8–9 of DODIG-2015-011.

8. Policies, procedures, practices, checklists, and protocols concerning the Air Force Security Force's and AFOSI's execution of DoD Instruction 5505.11. This topic includes, but is not limited to, the submission of fingerprints and final disposition reports to FBI CJIS by both the Air Force Security Force and AFOSI. This topic includes, but is not limited to, the process by which Devin Kelley's fingerprints and final disposition report should have been reported to FBI CJIS.

The United States objects to Topics 1-4 as inappropriate subject matters for which to seek testimony under Rule 30(b)(6). The United States does not contest the remaining topics and intends to provide deponents following the Court's ruling on the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order a Protective Order. However, the United States objects to the Notice of Deposition as a means to obtain documents from a party deponent. Accordingly, Plaintiffs must seek to obtain documents from the United States pursuant to Fed. R. Civ. P. 34, rather than notice *duces tecum*.

    Respectfully submitted,

    JOSEPH H. HUNT
    Assistant Attorney General
    Civil Division
    JOHN F. BASH
    United States Attorney
    THOMAS G. WARD
    Deputy Assistant Attorney General
    Civil Division
    JOHN F. PANISZCZYN
    Assistant United States Attorney
    State Bar No. 15443855

JAMES G. TOUHEY, JR.
Director, Torts Branch
Civil Division
AUSTIN L. FURMAN
Trial Counsel, Torts Branch
Civil Division

_____/s/_____
PAUL DAVID STERN
Trial Attorney, Torts Branch
Civil Division
United States Department of Justice
Attorneys for Defendant
UNITED STATES OF AMERICA