IN THE UNITED STATES DISTRICT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, et. al, | § | NO. 5:18-CV-00555-XR |
| | § | |
| Plaintiffs | § | Consolidated with: |
| | § | 5:18-cv-00712-XR (*Vidal*) |
| | § | 5:18-cv-00881-XR (*Uhl*) |
| vs. | § | 5:18-cv-00944-XR (*Ramsey*) |
| | § | 5:18-cv-00949-XR (*McNulty*) |
| UNITED STATES OF AMERICA, | § | 5:18-cv-00951-XR (*Wall*) |
| | § | 5:18-cv-01151-XR (*Amador*) |
| Defendant | § | 5:19-cv-00184-XR (*Brown*) |
| | § | 5:19-cv-00289-XR (*Ward*) |
| | § | 5:19-cv-00506-XR (*Workman*) |
| | § | 5:19-cv-00678-XR (*Colbath*) |
| | § | 5:19-cv-00691-XR (*Braden*) |
| | § | 5:19-cv-00706-XR (*Lookingbill*) |
| | § | 5:19-cv-00714-XR (*Solis*) |
| | § | 5:19-cv-00715-XR (*McKenzie*) |
| | § | 5:19-cv-00805-XR (*Curnow*) |
| | § | 5:19-cv-00705-XR (*Workman*) |
| | § | 5:19-cv-00806-XR (*Macias*) |

**DEFENDANT UNITED STATES' OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

Defendant United States of America, in accordance with Rules 26 and 34 of the Federal

Rules of Civil Procedure, serves the following objections and responses to Plaintiffs' First

Request for Production.  In accordance with Fed. R. Civ. P. 34(b)(2)(B), the United States

notifies Plaintiffs that it will provide copies of documents and ESI in a rolling production

following the Court's rulings on Defendant United States' Motion for a Protective Order, and the

Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and

Discovery Order attached to United States' Motion for a Rule 16 Conference.  In accordance with Fed. R. Civ. P. 34(b)(2)(D) & (E), the United States notifies Plaintiffs that it will produce copies of documents and ESI consistent with the specifications set out in the Discovery Order attached to United States' Motion for a Rule 16 Conference.  The United States may amend these objections and responses as permitted by the Federal Rules of Civil Procedure.

### OBJECTIONS APPLICABLE TO ALL REQUESTS FOR PRODUCTION

1.      The United States has filed a motion for protective order seeking relief from Plaintiffs' requests for production because they are improper, unduly burdensome, oppressive, and disproportional to the needs of the case, particularly because the majority of these demands seek documents and information irrelevant to the remaining issues in this litigation, and the arguments contained in such motion are incorporated herein.  That motion is pending, and the United States does not intend to produce documents or ESI until a ruling on the motion.  As noted in the motion for protective order, the United States and the Plaintiffs have conferred in good faith as to the permissible scope of discovery, but the parties have been unable to reach any agreement.

2.      Plaintiffs' requests for production were propounded on behalf of only four of the eighteen sets of Plaintiffs in this consolidated litigation.  As explained in the United States' motion for protective order, because this practice is inconsistent with the Court's consolidation of the eighteen cases "for all purposes" under Fed. R. Civ. P. 42, all Plaintiffs must jointly serve any discovery requests upon the United States.

3.      For the reasons explained in the United States' Motion for a Rule 16 Conference, it will not be producing documents until rulings by the Court on the Confidentiality and

Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to that motion.

4.      Because Margaret McKenzie does not reside in this judicial district and because the "acts or omissions" for which she contends that the United States is liable did not occur in this judicial district, venue under 28 U.S.C. § 1402(b) is improper with respect to her, and any response to her requests for production is unnecessary.

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION**

1.      Any document referenced in your initial disclosure under Fed. R. Civ. P. 26(a)(1)(A)(i) to (iv) and not already produced in this case.

**Response:**

The United States has already produced certain documents responsive to this request. Additional documents will be produced as part of a rolling production following the Court's rulings on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference.

2.      If you contend that Plaintiffs did not timely present their claims to the appropriate federal agency, produce evidence supporting your contention.

**Response:**

Plaintiffs are already in possession of administrative claims and correspondence responsive to this request.  The United States will produce date-stamped claim forms from Plaintiffs, without attachments, following the Court's rulings on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order Pursuant to

Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference.

    **3.**    Evidence supporting your contention, if any, that Plaintiffs have not performed all conditions precedent to filing suit, or that all conditions precedent for Plaintiffs to file suit have not occurred.

**Response:**

    *See* response to request for production no. 2.

    **4.**    Date-stamped claim forms that have been presented by any Plaintiff to any agency of the United States Government.

**Response:**

    *See* response to request for production no. 2.

    **5.**    Social media posts, messages, photographs, or other evidence created by the Defendant, or a current or former employee, agent, or representative of the Defendant, concerning this case.

**Response:**

    The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the only potentially relevant information responsive to this request would be media posts and messages concerning the absence of Devin Kelley's disqualifying information into NICS before the shooting. The request is also overly broad, unduly burdensome, and disproportional to the needs of this litigation because it seeks all personal and official media postings and messages for all federal employees and contractors concerning anything related to this litigation without time restriction.  The United States further

objects to this request because the phrases "other evidence created by Defendant" and "concerning this case" are vague and ambiguous.

On the basis of those objections, the United States notifies Plaintiffs that it does not intend to undertake the tremendous burden of searching for any such documents.

6.      All incident or occurrence reports concerning the Sutherland Springs shooting.

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly burdensome, and disproportional to the needs of this litigation because it seeks all of the reports "concerning the Sutherland Springs shooting." The United States also objects to this request because "incident or occurrence reports" is vague and ambiguous.

Subject to and without waiving those objections, the United States will produce relevant, non-privileged documents responsive to this request as part of a rolling production following the Court's rulings on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference. Documents not meeting these criteria will not be produced.

7.      Any photograph, video recording, or audio recording, including any such data or information that exists in electronic or magnetic form, concerning the Sutherland Springs shooting, or the Plaintiffs.

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly burdensome, and disproportional to the needs of this litigation because it seeks all of the photographs, video recordings, and audio recordings "concerning the Sutherland Springs

shooting, or the Plaintiffs."  Subject to and without waiving those objections, the United States

will produce relevant documents responsive to this request as part of a rolling production

following the Court's rulings on Defendant United States' Motion for a Protective Order, and the

Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and

Discovery Order attached to United States' Motion for a Rule 16 Conference.  Documents not

meeting these criteria will not be produced.

      **8.**     Documents originating from or obtained from any state or federal governmental

unit or agency concerning any Plaintiff or the Sutherland Springs shooting.

**Response:**

      The United States objects to this request on the ground that it is overly broad, unduly

burdensome, and disproportional to the needs of this litigation because it seeks documents that

are "from any state or federal government unit or agency" and that are "concerning any Plaintiff

or the Sutherland Springs shooting."  Subject to and without waiving those objections, the

United States will produce relevant documents responsive to this request as part of a rolling

production following the Court's rulings on Defendant United States' Motion for a Protective

Order, and the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence

502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference.

Documents not meeting these criteria will not be produced.  Any production of documents from

federal agencies will be limited to the federal agencies relevant to this litigation.  Any production

of documents from state agencies will be limited to documents obtained in connection with this

litigation.

      **9.**     Documents originating from or obtained from any employer or former employer

concerning any Plaintiff.

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly burdensome, and disproportional to the needs of this litigation because it seeks documents (without limitation) from "any employer or past employer" that are "concerning any Plaintiff." For example, this request appears to seek employment documents in the possession of the IRS and documents related to any Plaintiffs' federal or military employment. The United States also objects to this request on the ground that it is unduly burdensome because it seeks information that is equally accessible to Plaintiffs, and thus available from a source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving those objections, the United States responds that it has no documents that were received in connection with this litigation that are responsive to this request in its possession, custody, or control at this time. Any production of documents will be limited to documents obtained in connection with this litigation.

**10.**     Documents originating from or obtained from any educational institution or teacher concerning any Plaintiff.

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly burdensome, and disproportional to the needs of this litigation because it seeks documents (without limitation) from "any educational institution or teacher" that are "concerning any Plaintiff." For example, this request appears to seek documents in the possession of the Department of Education and documents related to any Plaintiffs' schooling on a U.S. military instillation. The United States also objects to this request on the ground that it is unduly

burdensome because it seeks information that is equally accessible to Plaintiffs, and thus available from a source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving those objections, the United States responds that it has no documents that were received in connection with this litigation that are responsive to this request in its possession, custody, or control at this time.  Any production of documents will be limited to documents obtained in connection with this litigation.

11.     Written statements, declarations, or admissions of any Plaintiff, including all documents in your possession written or signed by any Plaintiff.

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly burdensome, and disproportional to the needs of this litigation because it seeks "[w]ritten statements, declarations, or admissions" (without limitation) that are "of any Plaintiff" without regard to whether those documents are relevant to this litigation.  For example, this request appears to seek all federal tax forms signed by Plaintiffs.  The United States also objects to this request on the ground that it is unduly burdensome because it seeks information that is equally accessible to Plaintiffs, and thus available from a source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving those objections, the United States responds that it has no documents that were received in connection with this litigation that are responsive to this request in its possession, custody, or control at this time.  Any production of documents will be limited to documents obtained in connection with this litigation.

**12.**     Depositions, affidavits, or statements—whether in written form, audio recording, or video recording—of any person you have disclosed as a possible witness or expert in this litigation, or any person you believe likely to have discoverable information.

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly burdensome, and disproportional to the needs of this litigation because it seeks "[d]epositions, affidavits, or statements" (without limitation) that are "any person you believe likely to have discoverable information" without regard to whether those documents are relevant to this litigation.  The United States also objects to this request because it seeks information outside the scope of Fed. R. Civ. P. 26(a)(2) and attempts to circumvent this Court's case management order disclosure deadline.  The United States also objects to this request on the ground that it is unduly burdensome because it seeks information that is equally accessible to Plaintiffs, and thus available from a source that is more convenient, less burdensome, or less expensive.  The United States further objects because "any person you believe likely to have discoverable information" is vague and ambiguous.

Subject to and without waiving those objections, the United States responds that it has no documents responsive to this request in its possession, custody, or control at this time.  The United States will provide documents responsive to this request to the extent required by Fed. R. Civ. P. 26(a)(2), the Local Rules, and any orders of the Court, and in accordance with Fed. R. Civ. P. 26(e).

**13.**     The title page(s) and the specific pages from each document, book, treatise, periodical, paper, abstract, journal, magazine, newspaper, newsletter and/or pamphlet, unpublished research (for unpublished research all papers, abstracts, posters concerning said

9

unpublished research, and all documents containing methodology, data, and/or conclusions from such unpublished research) that any witness who you may call to testify at deposition, trial, or by affidavit may rely upon or use for any claim or defense of any party in this lawsuit.

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly burdensome, and disproportional to the needs of this litigation because it seeks an array of documents that "any witness who you may call to testify at deposition, trial, or by affidavit may rely upon or use for any claim or defense of any party in this lawsuit" without regard to whether those documents are relevant to this litigation. The United States also objects to this request on because it seeks information outside the scope of Fed. R. Civ. P. 26(a)(2) and (a)(3) and attempts to circumvent this Court's case management order disclosure deadline. The United States further objects to this request on the ground that it is unduly burdensome because it seeks information that is equally accessible to Plaintiffs, and thus available from a source that is more convenient, less burdensome, or less expensive. The United States additionally objects because "any witness who you may call to testify at deposition, trial, or by affidavit may rely upon or use for any claim or defense of any party in this lawsuit" is vague, ambiguous, and confusing.

Subject to and without waiving those objections, the United States responds that it has no documents responsive to this request in its possession, custody, or control at this time. The United States will provide documents responsive to this request to the extent required by Fed. R. Civ. P. 26(a)(2) and (a)(3), the Local Rules, and any orders of the Court.

**14.** Documents, photographs, video, or other tangible things, including any such data or information that exists in electronic or magnetic form, that has been shown or provided by you to any person that has been identified as having knowledge of relevant facts, or has been shown

10

or provided to you from any person that has been identified as having knowledge of relevant facts.

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly burdensome, and disproportional to the needs of this litigation because it seeks all documents and ESI (without limitation) that were "provided by you" or "provided to you" for "any person that has been identified as having knowledge of relevant facts" without regard to whether those documents are relevant to this litigation.  The United States also objects to this request on the ground that it is vague, ambiguous, and confusing, particularly as to the meaning of "any person that has been identified as having knowledge of relevant facts."

Subject to and without waiving those objections, the United States will produce relevant, non-privileged documents responsive to this request as part of a rolling production following the Court's rulings on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference.  Documents not meeting these criteria will not be produced.

**15.** A copy of each of your testifying experts' (both retained and non-retained) entire file concerning this lawsuit, including the most current version of the expert's curriculum vitae and/or resume, if not already provided in your Fed. R. Civ. P. Rule 26(a)(2)(B) disclosures.

**Response:**

The United States objects to this request because it seeks information outside the scope of Fed. R. Civ. P. 26(a)(2) and protected by the expert work-product protections set out in Fed. R. Civ. P. 26(b)(4), and attempts to circumvent this Court's case management order disclosure

11

deadline.  The United States also objects to this request on the ground that it is unduly

burdensome because it seeks information that is equally accessible to Plaintiffs, and thus

available from a source that is more convenient, less burdensome, or less expensive. The United

States further objects to this request on the ground that it is outside of the scope of Fed. R. Civ.

P. 26(b)(1) because it seeks information that is wholly irrelevant to this litigation.

Subject to and without waiving those objections, the United States responds that it has no

such documents in its possession, custody, or control at this time.  The United States will provide

documents responsive to this request to the extent required by Fed. R. Civ. P. 26(a)(2), the Local

Rules, and any orders of the Court.  Any documents containing irrelevant information or expert

work-product will be withheld.

**16.**      All working papers, notes, calculations, diagrams, photographs, models, exhibits,

and other documents, including reports and factual observations, prepared or reviewed by any

expert (retained or non- retained) who may testify at trial, deposition or by affidavit, if not

already provided in your Fed. R. Civ. P. Rule 26(a)(2)(B) disclosures.

**Response:**

The United States objects to this request because it seeks information outside the scope of

Fed. R. Civ. P. 26(a)(2) and protected by the expert work-product protections set out in Fed. R.

Civ. P. 26(b)(4), and attempts to circumvent this Court's case management order disclosure

deadline.  The United States also objects to this request on the ground that it is outside of the

scope of Fed. R. Civ. P. 26(b)(1) because it seeks information that is wholly irrelevant to this

litigation.

Subject to and without waiving those objections, the United States responds that it has no

such documents in its possession, custody, or control at this time.  The United States will provide

documents responsive to this request to the extent required by Fed. R. Civ. P. 26(a)(2), the Local

Rules, and any orders of the Court.  Any documents containing irrelevant information or expert

work-product will be withheld.

17.      All treatises, rules, regulations, guidelines, statutes, policies, procedures, and any

other material considered in forming an opinion by any expert who may testify at trial, if not

already provided in your Fed. R. Civ. P. Rule 26(a)(2)(B) disclosures.

**Response:**

The United States objects to this request because it seeks information outside the scope of

Fed. R. Civ. P. 26(a)(2) and attempts to circumvent this Court's case management order

disclosure deadline.  The United States also objects to this request on the ground that it is unduly

burdensome to the extent that it seeks documents that are publically available, and thus from a

source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving those objections, the United States responds that it has no

such documents in its possession, custody, or control at this time.  The United States will provide

the requested documents, if available, to the extent required by Fed. R. Civ. P. 26(a)(2), the

Local Rules, and any orders of the Court.

18.      All invoices, bills, fee schedules, and other billing materials for each expert you

have retained to testify at trial, if not already provided in your Fed. R. Civ. P. Rule 26(a)(2)(B)

disclosures.

**Response:**

The United States objects to this request because it seeks information outside the scope of

Fed. R. Civ. P. 26(a)(2) and attempts to circumvent this Court's case management order

disclosure deadline.  Subject to and without waiving those objections, the United States responds

that it has no such documents in its possession, custody, or control at this time.  The United

States will provide documents responsive to this request to the extent required by Fed. R. Civ. P.

26(a)(2), the Local Rules, and any orders of the Court.

**19.** All products, medical devices, illustrations, reconstructions, animations, and/or

computer graphics you may refer to, rely upon, demonstrate, explain to the trier of fact, and/or

offer into evidence at the trial of this cause.

**Response:**

The United States objects to this request on the grounds that it attempts to obtain

information protected by the work-product doctrine and to circumvent the disclosure deadline set

forth in Fed. R. Civ. P. 26(a)(3).  Subject to and without waiving those objections, the United

States responds that it has produced certain documents referred to in its Initial Disclosures and

that it will supplement that production as necessary in accordance with Fed. R. Civ. P. 26(e).

**20.** If you have a theory, belief, contention, opinion, or knowledge regarding cause(s)

of the injuries sustained by Plaintiffs made the subject matter of this lawsuit, produce a true and

correct copy of all evidence that supports such theory, belief, contention, opinion, or knowledge,

including any such data or information that exists in electronic or magnetic form.

**Response:**

The United States objects to this request on the ground that it attempts to obtain

information protected by the work-product doctrine.  Subject to and without waiving that

objection, the United States responds that it has produced certain documents responsive to this

request in its Initial Disclosures, and that it will supplement that production as necessary in

accordance with Fed. R. Civ. P. 26(e).

21.     If you have a theory, belief, contention, opinion, or knowledge regarding the type, extent and/or valuation of Plaintiffs' damages, produce a true and correct copy of all evidence that supports such theory, belief, contention, opinion, or knowledge, including any such data or information that exists in electronic or magnetic form.

**Response:**

The United States objects to this request on the ground that it attempts to obtain information protected by the work-product doctrine.  Subject to and without waiving that objection, the United States responds that it has no documents responsive to this request other than documents that Plaintiffs have provided to it, and that it will supplement as necessary in accordance with Fed. R. Civ. P. 26(e).

22.     If you contend that any Plaintiff or any third person or entity was negligent, or caused, and/or contributed to the injury and/or damages claimed by Plaintiffs in this lawsuit, please provide the documents or evidence that supports such contention.

> Request for Production #22 includes evidence concerning the Fourth, Seventh, and Fourteenth Defenses raised in your Answer. *See* ECF Doc. #106, at 2, 4.

**Response:**

The United States responds that it has produced certain documents responsive to this request in its Initial Disclosures, and that it will supplement that production as necessary in accordance with Fed. R. Civ. P. 26(e).

23.     If you contend that any Plaintiff failed to mitigate damages in this lawsuit, please provide a true and correct copy of all evidence that supports such contention.

**Response:**

15

The United States responds that it has no documents potentially responsive to this request other than documents that Plaintiffs have provided to it, and that it will supplement as necessary in accordance with Fed. R. Civ. P. 26(e).

24.     If you contend any non-human cause of Plaintiffs damages exists that caused or contributed to the injury or damages claimed by Plaintiffs in this lawsuit, please provide a true and correct copy of any evidence that supports such contention.

**Response:**

The United States objects to this request because it is vague, ambiguous, and confusing, particularly as to the meaning of "non-human cause." Subject to and without waiving those objections, the United States responds that it has produced certain documents responsive to this request in its Initial Disclosures, and that it will supplement that production as necessary in accordance with Fed. R. Civ. P. 26(e).

25.     If you contend that a superseding or intervening cause of Plaintiffs damages exists, please provide true and correct copies of any evidence that supports your contention.

**Response:**

The United States responds that it has produced certain documents responsive to this request in its Initial Disclosures, and that it will supplement that production as necessary in accordance with Fed. R. Civ. P. 26(e). Without waiving these objection, the United States agrees, as alleged in Plaintiffs' Complaints, that Devin Kelley intentionally caused the Plaintiffs' damages.

26.     If you contend that the discretionary-function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a) bars this lawsuit, please provide documents or evidence that supports such a contention.

16

> Request for Production #26 includes documents or evidence concerning the Thirteenth Defense raised in your Answer. *See* ECF Doc. #106, at 4.

**Response:**

The United States responds that it has produced certain documents responsive to this request in its Initial Disclosures, and that it will supplement that production as necessary in accordance with Fed. R. Civ. P. 26(e).

27.    Documents or tangible things obtained from nonparties to this suit that are relevant to the claims and defenses of any party to this lawsuit, including but not limited to, films, reports, or other records obtained via Deposition on Written Questions, Subpoena, and/or any written authorization.

**Response:**

The United States objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportional to the needs of this litigation because it seeks all documents from any period of time.  The United States also objects to this request because it is vague, ambiguous, and confusing, particularly as to the meaning of "claims and defenses of any party."

Subject to and without waiving those objections, the United States will produce relevant documents responsive to this request as part of a rolling production following the Court's rulings on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference.  Documents not meeting these criteria will not be produced.

28.     Documents or evidence concerning any offset, subrogation, lien, and/or other reimbursement amounts claimed by the United States that may be asserted against any monetary amount recovered by Plaintiffs in this lawsuit.

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the United States has not yet asserted any claim for "offset, subrogation, lien, and/or other reimbursement" in this litigation.  The request is also overly broad, unduly burdensome, and disproportional to the needs of this litigation because it seeks information from numerous possible agencies, and seeks information that is likely equally accessible to Plaintiffs, and thus available from a source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving those objections, the United States responds that discovery is ongoing and that, to the extent necessary, it will produce documents in response to this request in accordance with Fed. R. Civ. P. 26(e).  Until necessary, documents responsive to this request will not be produced.

29.     Fingerprint cards, fingerprint data, and final disposition reports— electronic form or otherwise—concerning Devin Kelley while he was enlisted in the Air Force.

**Response:**

The United States will produce documents responsive to this request as part of a rolling production following the Court's rulings on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference.

18

30.     Documents which contain or reflect the policies, procedures, checklists, and rules in effect between June 9, 2011 and November 5, 2017 concerning the reporting requirements or other requirements of the Lautenberg Amendment to the Gun Control Act, Brady Handgun Violence Prevention Act, or any other law that concerns the prohibition of the transfer of a firearm.

> Request for Production #30 includes a request for policies, procedures, or rules that were followed by the Armed Forces, the Air Force, the Air Force Security Forces, and Air Force Office of Special Investigations (AFOSI), between June 9, 2011 and November 5, 2017, which governed the reporting requirements by Law Enforcement Agencies to the Federal Bureau of Investigations (FBI), FBI Criminal Justice Information Services (CJIS), Defense Manpower Data Center (DMDC), National Crime Information Center (NCIC), Defense Incident-Based Reporting System (DIBRS), or any other database which could or should be used to meet the requirements of the Lautenberg Amendment to the Gun Control Act, Brady Handgun Violence Prevention Act, or any other law which directly concerns the prohibition of the transfer of a firearm due to disqualifying factors.

> Request for Production #30 includes, but is not limited to, those referenced in DODIG-2019-030 such as:

a) Air Force Instruction 31-118 as referenced on page 51 and footnote 79;
b) Air Force Instruction 31-115 as referenced in footnotes 61 and 76;
c) Air Force Instruction 31-205 as referenced in footnotes 25, 35, 63, 80, 84, pages 40, 52, 77, and 78;
d) Air Force Instruction 31-206 as referenced on pages 51, 68, 71, footnotes 61, and 76;
e) Air Force Instruction 51-201 as referenced in footnote 40;
f) AFOSI Handbook 71-105 as referenced on pages 35, 41, 53, 63, 64 and 73;
g) AFOSI Manual 71-118 Volume 4 as referenced on pages 53, 63, and 73;
h) AFOSI Manual 71-121 as referenced on pages 35, 36, 37, 38, 40, 41, 42, 54, 63, 64, 65, 66, 73, 81, 82, 83, 85, 87, 88, footnotes 36, 41, 88 and 96;
i) DoD Instruction 6400.06 as referenced in footnote 18 of DODIG-2019-030;

19

Request for Production #30 further includes Air Force Instruction 51-202, DoD Instruction 7730.47, and DoD Instruction 5505.11.

**Response:**

The United States objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the litigation because it seeks policies, procedures, checklists, and rules that are for periods of time not relevant to when Kelley's disqualifying information was required to be reported to FBI CJIS, that are for federal departments and agencies other than the Air Force, and that are not relevant to reporting requirements specific to the Air Force. The request is also unduly burdensome because it seeks documents that are publically available, and thus available from a source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving those objections, the United States will produce relevant, non-privileged documents responsive to this request as part of a rolling production following the Court's rulings on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference. Documents not meeting these criteria will not be produced.

**31.** In the event that any documents responsive to Request #30 are no longer in existence for the June 9, 2011 to November 5, 2017 period, please produce responsive documents for the next later date for which such documents exist.

**Response:**

The United States objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportional to the needs of the litigation because it seeks policies,

procedures, checklists, and rules that are for periods of time not relevant to when Kelley's

disqualifying information was required to be reported to FBI CJIS, that are for federal

departments and agencies other than the Air Force, and that are not relevant to reporting

requirements specific to the Air Force.  The United States also objects to this request on the

grounds that it is vague, ambiguous, and confusing, particularly as to the meaning of "next later

date" and "no longer in existence."

Subject to and without waiving those objections, the United States responds that it will

produce relevant, non-privileged documents responsive to this request on a rolling basis

following the entry of the Confidentiality and Protective Order, Order Pursuant to Federal Rule

of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16

Conference, and a ruling on Defendant United States' Motion for a Protective Order.

Documents not meeting these criteria will not be produced.

**32.**     Unredacted Inspector General Reports concerning the subject matter

made the basis of this lawsuit, including the Sutherland Springs Shooting.

> Request for Production #32 is intended to include, but is not
> limited to, unredacted Department of Defense Inspector General
> Report No. DODIG-2019-030 (Dec. 6, 2018), DODIG-2018-035
> (Dec. 4, 2017), DODIG-2015-081 (Feb. 12, 2015), and DODIG-
> 2015-011 (Oct. 29, 2014).  This request is further intended to
> include, but not limited to, the unredacted reports referenced in the
> Inspector General's Report No. DODIG-2019-030 at pages 55
> to 60.

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly

burdensome, and disproportional to the needs of the litigation because the compliance of the Air

Force with reporting obligations under any criminal reporting requirements with respect to

persons other than Devin Kelley is irrelevant to whether the Air Force was negligent in

performing its obligations in reporting disqualifying information about Kelley to FBI CJIS.

Subject to and without waiving those objections, the United States responds that it will produce

relevant documents responsive to this request on a rolling basis following the entry of the

Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and

Discovery Order attached to United States' Motion for a Rule 16 Conference, and a ruling on

Defendant United States' Motion for a Protective Order.  Documents not meeting these criteria

will not be produced.

    **33.**    Transcripts, recordings, notes, memorandum, or other documents reflecting the

content or substance of witness statements, or statements by any person involved in the

investigation of Devin Patrick Kelley, gathered in the preparation of the DoD Office of

Inspector General's Report 2019-030.

> Request for Production #33 is intended to include, but is not
> limited to, a request for recordings, notes, memorandum, and
> transcripts of:
>
> a) interviews conducted by the Air Force Office of Special
>    Investigations Investigator General (AFOSI IG) investigators, as
>    noted in DODIG-2019-030 on page 2, footnote 3;
> b) the subject interview of Kelley referenced on pages 9, 72, and 73;
> c) the interviews of Tessa Kelley referenced on page 16 and footnote
>    23, as well as the documented discussion with Tessa Kelley that is
>    referenced on page 10;
> d) the interview of the redacted party referenced on page 17;
> e) the interviews of friends and family of Kelley and Tessa Kelley as
>    referenced on pages 19,103, and 107 paragraph 2;
> f) the interviews listed as Witness Interview 1, 2, and 3 cited on page
>    20;
> g) the interviews of ex-girlfriends of Kelley as listed in redacted form
>    on pages 21 and 22;
> h) the interview of the former superintendent referenced in footnote
>    72 on page 66;

Additionally, Request for Production #33 is intended to include, but is not limited to, a request for copies of recordings and transcripts of interviews conducted by the Office of Inspector General. This includes, but is not limited to:

a) the questioning of law enforcement agencies and other witnesses whose statements are referenced in footnote 13 on page 10, page 11, footnote 29 on page 21;

b) interviews of AFOSI personnel referenced on page 65, 66, 74, 75, 82, 83, 84, 85, 88, 89, footnote 98 on page 91, page 91 paragraph 2, page 92, page 93, 94, 95, 96, 97, and 98;

c) interviews of 49th Security Forces Squadron personnel referenced on pages 69, 70, 79, 80, 90, 98, 99;

d) the interview of the HAFB Staff Judge Advocate on page 71;

e) the interview of the Chief of Military Justice at the Holloman AFB Staff Judge Advocate office also on page 71;

f) the Air Force Security Forces Center Action Officer interview referenced on page 99;

g) the Curriculum Control Model Manager at the Naval Corrections Academy interview also referenced on page 99;

h) interviews performed by Comal County Sherriff's Office, as noted on page 29; and

i) the interviews conducted by 49th Security Forces Squadron investigators as noted on pages 12 and 37.

**Response:**

The United States objects to this request to the extent that it seeks information protected by attorney-client privilege and/or any applicable governmental privilege, including the deliberative-process privilege.  The United States also objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because any of Devin Kelley's bad acts that were not disqualifying under the Brady Act are irrelevant to whether the Air Force was negligent in not transmitting Kelley's disqualifying information to FBI CJIS.

Subject to and without waiving those objections, the United States will produce relevant, non-privileged documents responsive to this request as part of a rolling production following the Court's rulings on Defendant United States' Motion for a Protective Order, and the

23

Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and

Discovery Order attached to United States' Motion for a Rule 16 Conference.  Documents not

meeting these criteria will not be produced.

**34.**     All transcripts, recordings, emails, notes, memorandum, or other

documents reflecting the communication sent or received concerning Devin Kelley,

the investigation of Devin Kelley, or the DoD Office of Inspector General's Report

2019-030.

> Request for Production #34 is intended to include, but is not limited to, communication referenced in the DODIG- 2019-030 Report, such as:
>
> a)   the communication by the Secretary of Defense requesting the DoD Inspector General to investigate as referenced on pages 2 and 45;
> b)   the communication with the Under Secretary of Defense for Personnel and Readiness and the USAF as referenced on page 4 footnote 4 and pages 117 and 118;
> c)   the notification by Children, Youth, and Families Department to AFOSI as referenced on page 9;
> d)   the contact made by Registered Nurse at Providence Hospital referenced on page 10;
> e)   the report of assault from the USAF Reserve leadership referenced on page 10;
> f)   communication by or to 49th Squadron Forces contacting AFOSI referenced on page 10;
> g)   the communication that contained to briefing of the Staff Judge Advocate by 49th Security Forces Squadron as referenced on page 13;
> h)   records of Tessa Kelley providing the recording of Kelley's confession to his First Sargent or other Government employees or agents, or the subsequent transmission to AFOSI Detachment 225 as referenced on page 16;
> i)   communication between Kelley's chain-of-command and Peak Behavioral Health Services, including those referenced on page 16;
> j)   emails to and from FBI CJIS Criminal History Information and Policy Unit Program analysts, including those referenced on page 18;

k)  the report of the AFOSI investigation sent to the 49th Mission
Support Group Commander and Staff Judge Advocate as
referenced on page 24;

l)  contacts made by or to the FBI, including those referenced on page
25;

m)  the receipt of the Report of Result of Trial by AFOSI as referenced
on page 27;

n)  Facebook messages, including the Facebook message screenshot
sent by Kelley's former supervisor referenced on pages 30 and 44,
and any communication by the former supervisor about the
Facebook messages referenced on those pages;

o)  AFOSI notification to the 49th Logistics Readiness Squadron as
referenced on page 35;

p)  the May 15th email referenced on page 39;

q)  communications with Peak Behavioral Hospital, including the
record of the May 15th contact with Peak Hospital that is
referenced on page 40;

r)  the record of Holloman AFB Base Exchange notification to AFOSI
Detachment 225 of the June 7th gun order as referenced on page
40;

s)  communications with ATF, including the Consultation with ATF
as referenced on page 103; and

t)  the contact with the FBI's NCIC Federal Liaison as
referenced on page 105.

**Response:**

The United States objects to this request to the extent that it seeks information protected

by attorney-client privilege, psychotherapist-patient privilege, any applicable governmental

privilege, including the deliberative-process privilege, the Health Insurance Portability and

Accountability Act (HIPAA), and/or 10 U.S.C. § 1102.  The United States also objects to this

request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1)

because Devin Kelley's mental health history, his bad acts that were not disqualifying under the

Brady Act, and whether the Air Force complied with obligations to report disqualifying

information with respect to persons other than Kelley are all irrelevant to whether the Air Force

was negligent in not transmitting Kelley's disqualifying information to FBI CJIS.

Subject to and without waiving those objections, the United States will produce relevant, non-privileged documents responsive to this request as part of a rolling production following the Court's rulings on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference.  Documents not meeting these criteria will not be produced.

    **35.**    Transcripts, recordings, or other documents concerning, created, or collected in the investigation of Devin Patrick Kelley by the AFOSI.

> Request for Production #35 is intended to include a request for copies of investigative files under AFOSI Case No. 225-C-128-G-32329111651413, or equivalent archived file or file held by the Air Force or AFOSI Headquarters, including recordings and transcripts of interviews conducted by AFOSI, all Investigation and Information Management System (I2MS) case management files, checklists, and files noting review as referenced in DOD- IG-2019-030 Report (Pages 9, 12, 16, 17, 19-22, 24, 27 35-42, 43; Footnotes 3, 11, 23, 41, 72).

**Response:**

The United States objects to this request because the phrase "investigation of Devin Patrick Kelley" is vague and ambiguous.  Subject to and without waiving that objection, the United States responds that it will produce relevant, non-privileged documents responsive to this request on a rolling basis following the entry of the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference, and a ruling on Defendant United States' Motion for a Protective Order.

    **36.**    Transcripts, recordings, other documents or evidence concerning, created or collected in the investigation of Devin Patrick Kelley by the 49th Security Forces Squadron.

> Request for Production #36 is intended to include a request for
> copies of investigative files held under SFMIS Case No.
> I20120200128, including but not limited to, recordings and
> transcripts of witness interviews conducted by the 49th Security
> Forces Squadron investigators as noted in DODIG-2019-030 (Page
> 12, Footnote 17).

**Response:**

The United States objects to this request because the phrase "investigation of Devin

Patrick Kelley" is vague and ambiguous.  Subject to and without waiving that objection, the

United States responds that it will produce relevant, non-privileged documents responsive to this

request on a rolling basis following the entry of the Confidentiality and Protective Order, Order

Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States'

Motion for a Rule 16 Conference, and a ruling on Defendant United States' Motion for a

Protective Order.

      **37.**     Transcripts, recordings, or other documents concerning, gathered, or created by

the DoD Office of Inspector General investigators in the preparation of the DoD Office of

Inspector General's Report 2019-030.

> Request for Production #37 is intended to include, but is not
> limited to, a request for copies of:
>
> a) Kelley's criminal history, medical and mental health records,
> Kelley's admitting records at Peak Behavioral Health Services
> (PBHS), Kelley's student training report as referenced on page 7;
> b) Kelley's USAF Drug and Alcohol Abuse Certificate
> as referenced on page 5;
> c) Records of disciplinary action, including reports containing
> disciplinary actions taken by the USAF prior to Kelley's
> confinement and court-martial as referenced on pages 7, 8, 36, 37,
> and 38;
> d) Kelley's No-Contact Order as referenced on pages 13, 37, 104,
> 105, and in footnote 21;
> e) Kelley's Pretrial Confinement (PTC) package as referenced on
> pages 18 and 40;

f) PTC appeal package as referenced on page 15;

g) PTC Memorandum as referenced on page 23 and footnote 31;

h) all Article 32 Hearing documents as referenced on page 23;

i) Kelley's Military Protective Order (DD Form 2873) as referenced on pages 3, 41, and 104;

j) Kelley's Pretrial Agreement as referenced on pages 24 and 32;

k) confinement records as referenced on pages 25 and 106;

l) Memos concerning Kelley, including those referenced on pages 14, 18, and 40;

m) all ATF Forms 4473 submitted in connection to Devin Kelley as referenced on pages 30, 31, 32, and footnote 49;

n) the Report of Result of Trial as referenced on, pages 25, 27, 42, and 110;

o) the AFOSI closing checklist as referenced on page 81; and

p) the Interview Record as referenced on pages 72, 74, and 109.

**Response:**

The United States objects to this request to the extent that it seeks information protected by attorney-client privilege, psychotherapist-patient privilege, any applicable governmental privilege, including the deliberative-process privilege, and/or 10 U.S.C. § 1102. The United States also objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because Devin Kelley's mental health history, and his bad acts that were not disqualifying under the Brady Act, are irrelevant to whether the Air Force was negligent in not transmitting Kelley's disqualifying information to FBI CJIS.

Subject to and without waiving those objections, the United States will produce relevant, non-privileged documents responsive to this request as part of a rolling production following the Court's rulings on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference. Documents not meeting these criteria will not be produced.

38. Documents, files, policies, and procedures—electronic or otherwise— that show the Air Force and DoD complied with the following as stated in DODIG-2018-35 (page 5):

> "Finally, the April 15, 2012, DoDI 5505.11 revision required the submission of all fingerprints to the FBI electronically. If no electronic submission capability existed at the LEO, the revision required the development of procedures to convert fingerprints from a hard copy FD-249 to an electronic format."

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the compliance of the Air Force with reporting obligations under any criminal reporting requirements the April 15, 2012, DoDI 5505.11 revision is irrelevant to whether the Air Force was negligent in performing its obligations in reporting disqualifying information about Devin Kelley to FBI CJIS. The request is also overly broad and unduly burdensome because DODIG-2018-35 focuses on submissions for the period from January 1, 2015, to December 31, 2016, three years after Devin Kelley was convicted.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

39. Documents, files, policies, procedures—electronic or otherwise—that establish whether Holloman Air Force Base had digital fingerprint scanners in place and in use during the relevant time at issue in this case. If Holloman Air Force Base was not using digital scanners at the relevant time, then produce all documents, files, policies, procedures that show how fingerprints were collected and mailed to HQ AFOSI for submission to the FBI CJIS.

> Request for Production #39 is intended to include, but is not limited to, a request for records establishing the use or digital scanners or processes in place in the event digital scanners were not available as reported in DODIG-2018-035 (Pages 25–26).

29

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly burdensome, and disproportional to the needs of this litigation to the extent that it seeks documents outside of the period when the Air Force was required to submit Kelley's fingerprints to FBI CJIS. Subject to and without waiving those objections, the United States will produce relevant, non-privileged documents responsive to this request as part of a rolling production following the Court's rulings on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference. Documents not meeting these criteria will not be produced.

**40.** Documents or files, policies or procedures—electronic or otherwise— that show, during the relevant time period of this case, "AFOSI's investigative database programming prevents closure of an investigation until an AFOSI supervisor certifies in the Investigative Information Management System (I2MS) database that the fingerprint cards and final disposition reports have been submitted to FBI CJIS." DODIG-2018-035 (page 26).

> Request for Production #40 is intended to include, but is not limited to, documents that show this supervisory certification system was in place and followed (or not) when Devin Kelley's fingerprints should have been obtained and reported while he was enlisted in the Air Force.

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly burdensome, and disproportional to the needs of this litigation to the extent that it seeks documents outside of the period when the Air Force was required to submit Kelley's fingerprints

to FBI CJIS.  Subject to and without waiving those objections, the United States will produce

relevant, non-privileged documents responsive to this request as part of a rolling production

following the Court's rulings on Defendant United States' Motion for a Protective Order, and the

Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and

Discovery Order attached to United States' Motion for a Rule 16 Conference.  Documents not

meeting these criteria will not be produced.

    **41.**    AFOSI manual 71-121, Processing and Reporting Investigative Matters," April

13, 2015, Incorporating Change 1, June 6, 2016, as referenced in DODIG-2018-035 (Page 26).

**Response:**

    The United States objects to this request on the ground that it is overly broad, unduly

burdensome, and disproportional to the needs of this litigation because it seeks documents

outside of the period when the Air Force was required to submit Kelley's fingerprints to FBI

CJIS.  Notwithstanding those objections, the United States will produce the requested document,

if available, as part of a rolling production following the Court's rulings on Defendant United

States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order

Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States'

Motion for a Rule 16 Conference.

    **42.**    The "training documents" from the U.S. Air Force Special Investigations

Academy as referenced in DODIG-2018-035 (Page 26).

**Response:**

    The United States objects to this request on the ground that it is overly broad, unduly

burdensome, and disproportional to the needs of this litigation to the extent that it seeks

documents outside of the period when the Air Force was required to submit Kelley's fingerprints

to FBI CJIS.  Subject to and without waiving those objections, the United States will produce

relevant documents responsive to this request as part of a rolling production following the

Court's rulings on Defendant United States' Motion for a Protective Order, and the

Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and

Discovery Order attached to United States' Motion for a Rule 16 Conference.  Documents not

meeting these criteria will not be produced.

      **43.**     Fingerprint card collection and submission procedures taught during

several classes at the AFOSI Basic Special Investigators Course (BSIC) and Advanced

General Crimes Investigation Course (AGCIC), including but not limited to, the 4-hour

block of instruction for I2MS as referenced in DOGIG-2018-035 (Page 26).

**Response:**

      The United States objects to this request on the ground that it is overly broad, unduly

burdensome, and disproportional to the needs of this litigation to the extent that it seeks

documents in effect outside of the period when the Air Force was required to submit Kelley's

fingerprints to FBI CJIS.  Subject to and without waiving those objections, the United States will

produce relevant documents responsive to this request as part of a rolling production following

the Court's rulings on Defendant United States' Motion for a Protective Order, and the

Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and

Discovery Order attached to United States' Motion for a Rule 16 Conference.  Documents not

meeting these criteria will not be produced.

      **44.**     Fingerprint card submission policies, procedures, pamphlets, PowerPoints, and

other documentation—electronic or otherwise—used during the 1-hour Subject Processing

Procedures lecture and the Web I2MS Case Closure lesson, including but not limited to, the I2MS navigation and documenting guide as referenced in DODIG-2018-035 (Page 26).

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly burdensome, and disproportional to the needs of this litigation to the extent that it seeks documents in effect outside of the period when the Air Force was required to submit Kelley's fingerprints to FBI CJIS.  Subject to and without waiving those objections, the United States will produce relevant documents responsive to this request as part of a rolling production following the Court's rulings on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference.  Documents not meeting these criteria will not be produced.

45.     The AFOSI Investigative Sufficiency Checklist and AFOSI Closed Case Review Checklist as referenced in DODIG-2018-035 (Page 26).

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly burdensome, and disproportional to the needs of this litigation to the extent that it seeks documents in effect outside of the period when the Air Force was required to submit Kelley's fingerprints or disposition reports to FBI CJIS.  Notwithstanding those objections, the United States will produce documents responsive to this request as part of a rolling production following the entry of the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference, and a ruling on Defendant United States' Motion for a Protective Order.

33

46.     The SMART-OSI (Strategic Management Analysis and Reporting Tool) report that field leaders use to identify files within I2MS with missing data, as referenced in DODIG-2018-035 (Pages 26–27).

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly burdensome, and disproportional to the needs of this litigation to the extent that it seeks documents in effect outside of the period when the Air Force was required to submit Kelley's fingerprints to FBI CJIS.  Subject to and without waiving those objections, the United States will produce relevant documents responsive to this request as part of a rolling production following the Court's rulings on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference.  Documents not meeting these criteria will not be produced.

47.     Documents, or files, electronic or otherwise, that reflect policies, procedures, and checklists created, implemented, or enforced by the AFOSI in response to the DoD IG report assessing the Air Force's failure to report fingerprints and final dispositions, including those referenced in DODIG-2018-035 (Pages 27–28).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because documents concerning procedures in effect outside of the period of time when the Air Force was required to submit Devin Kelley's fingerprints and final disposition report to FBI CJIS are irrelevant to whether the Air Force was negligent in reporting Kelley's disqualifying information.  On the basis of that objection, the United States

34

will not be producing any documents responsive to this request unless instructed to do so by the Court.

48. Documents, or files, electronic or otherwise, created by the AFOSI IG in connection with its inspections that began in October 2017 as noted in DODIG-2018-035 (Page 28).

> Request for Production #48 is intended to include, but is not limited to, a request for case files or records of inspections done on AFOSI criminal indexing data as a special interest item during region unit effectiveness inspections (Page 28).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because documents concerning procedures in effect outside of the period of time when the Air Force was required to submit Devin Kelley's fingerprints and final disposition report to FBI CJIS are irrelevant to whether the Air Force was negligent in reporting Kelley's disqualifying information. On the basis of that objection, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

49. Air Force Instruction (AFI) 31-118 "Security Forces Standards and Procedures," as referenced in DODIG-2018-035 (Page 30).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because documents concerning procedures in effect outside of the period of time when the Air Force was required to submit Devin Kelley's fingerprints and final disposition report to FBI CJIS are irrelevant to whether the Air Force was negligent in

reporting Kelley's disqualifying information.  On the basis of that objection, the United States

will not be producing any documents responsive to this request unless instructed to do so by the

Court.

    **50.**    Air Force Instruction (AFI) 31-120 "Security Forces Systems and

Administration," as referenced in DODIG-2018-035 (Page 30).

**Response:**

    The United States objects to this request on the ground that it seeks information outside

the scope of Fed. R. Civ. P. 26(b)(1) because documents concerning procedures in effect outside

of the period of time when the Air Force was required to submit Devin Kelley's fingerprints and

final disposition report to FBI CJIS are irrelevant to whether the Air Force was negligent in

reporting Kelley's disqualifying information.  Notwithstanding that objection, the United States

will produce the requested document, if available, as part of a rolling production following

rulings by the Court on Defendant United States' Motion for a Protective Order, and the

Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and

Discovery Order attached to United States' Motion for a Rule 16 Conference.

    **51.**    AFSFC presentation slides, "Completing a Federal Document (FD) 249/Criminal

Fingerprint Card," as referenced in DODIG-2018-035 (Page 30).

**Response:**

    The United States objects to this request on the ground that it is overly broad, unduly

burdensome, and disproportional to the needs of the litigation to the extent that it seeks

documents in effect outside of the period when the Air Force was required to submit Kelley's

fingerprints to FBI CJIS.  Notwithstanding that objection, the United States will produce the

requested document, if available, as part of a rolling production following rulings by the Court

on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference.

**52.** The Management Internal Control Toolset (MICT) referenced in DODIG-2018-035 (Page 30).

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly burdensome, and disproportional to the needs of the litigation to the extent that it seeks documents in effect outside of the period when the Air Force was required to submit Kelley's fingerprints to FBI CJIS. Subject to and without waiving those objections, the United States will produce relevant documents responsive to this request as part of a rolling production following the Court's rulings on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference. Documents not meeting these criteria will not be produced.

**53.** The Security Forces MICT checklist items as referenced in DODIG-2018-035 (Page 30).

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly burdensome, and disproportional to the needs of the litigation to the extent that it seeks documents in effect outside of the period when the Air Force was required to submit Kelley's fingerprints to FBI CJIS. Notwithstanding those objections, the United States will produce the requested document, if available, as part of a rolling production following rulings by the Court

on Defendant United States' Motion for a Protective Order, and the Confidentiality and

Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order

attached to United States' Motion for a Rule 16 Conference.

**54.** Documents, or files, electronic or otherwise, that reflect policies created,

implemented, or enforced by the Air Force Security Forces in response to the DoD IG report

assessing the Air Force's failure to report fingerprints and final dispositions as referenced in

DODIG-2018-035 (page 31–32).

**Response:**

The United States objects to this request on the ground that it seeks information outside

the scope of Fed. R. Civ. P. 26(b)(1) because documents concerning procedures in effect outside

of the period of time when the Air Force was required to submit Devin Kelley's fingerprints and

final disposition report to FBI CJIS are irrelevant to whether the Air Force was negligent in

reporting Kelley's disqualifying information.  On the basis of that objection, the United States

will not be producing any documents responsive to this request unless instructed to do so by the

Court.

**55.** Communication between the DoD IG office and Secretary of the Air Force, or her

office, concerning the deficiencies found and reported in DODIG-2018-035 to include, but not

limited to, regular updates on the progress of recommendation implementation. *See* DODIG-2018-

035 at pages 28 and 32.

**Response:**

The United States objects to this request on the ground that it seeks information outside

the scope of Fed. R. Civ. P. 26(b)(1) because documents concerning procedures in effect outside

of the period of time when the Air Force was required to submit Devin Kelley's fingerprints and

final disposition report to FBI CJIS are irrelevant to whether the Air Force was negligent in reporting Kelley's disqualifying information.  On the basis of that objection, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

56.     The 93 Air Force Security Forces fingerprint cards and 93 Air Force Security Forces final disposition reports that were not on file in the FBI Next Generation Identification database as referenced in DODIG- 2018-035 (Page 31).

> Request for Production #56 does not seek personal, private identifying information and includes a request to redact all but the first and last initial of any individual identified who is not Devin Kelley.

**Response:**

The United States objects to this request on the ground that it seeks information protected by the Privacy Act, 5 U.S.C. § 552a, because it seeks documents meeting the definition of "records" under the Act, and for which no exception applies and for which those persons have not authorized release.  The United States also objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because documents concerning procedures in effect outside of the period of time when the Air Force was required to submit Devin Kelley's fingerprints and final disposition report to FBI CJIS are irrelevant to whether the Air Force was negligent in reporting Kelley's disqualifying information.  On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

57.     The Air Force Security Forces audit and results of audit (if they are different documents) that is referenced in DODIG-2018-035 (Page 32).

**Response:**

The United States objects to this request on the ground that it seeks information protected by the Privacy Act, 5 U.S.C. § 552a, because it seeks documents meeting the definition of "records" under the Act, and for which no exception applies and for which those persons have not authorized release. The United States also objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the compliance of the Air Force with reporting obligations with respect to individuals other than Devin Kelley, and during time periods outside of the one during which the Air Force was required to submit Kelley's disqualifying information to FBI CJIS, is irrelevant to whether the Air Force was negligent in performing its obligations with respect to Devin Kelley.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**58.** Documentation, notes from interviews, recordings from interviews— written or electronic—of interviews conducted with government personnel that were conducted as part of the DODIG-2018-035 report.

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because documents concerning procedures in effect outside of the period of time when the Air Force was required to submit Devin Kelley's fingerprints and final disposition report to FBI CJIS are irrelevant to whether the Air Force was negligent in reporting Kelley's disqualifying information. On the basis of that objection, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

59.     The "list of convicted offenders who did not have fingerprint cards or final disposition reports on file in the FBI NGI database" as referenced in Appendix A of the DODIG-2018-035 (Page 43).

**Response:**

The United States objects to this request on the ground that it seeks information protected by the Privacy Act, 5 U.S.C. § 552a, because it seeks documents meeting the definition of "records" under the Act, and for which no exception applies and for which those persons have not authorized release.  The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because documents concerning procedures in effect outside of the period of time when the Air Force was required to submit Devin Kelley's fingerprints and final disposition report to FBI CJIS are irrelevant to whether the Air Force was negligent in reporting Kelley's disqualifying information.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

60.     Documents, files, reports—electronic or otherwise—of the "2,502 military service members who were convicted by court-martial of qualifying offenses during our evaluation period" as referenced in DODIG-2018-035 (Page 43).

> Request for Production #60 does not seek personal, private identifying information and includes a request to redact all but the first and last initial of any individual identified who is not Devin Kelley.

**Response:**

The United States objects to this request on the ground that it seeks information protected by the Privacy Act, 5 U.S.C. § 552a, because it seeks documents meeting the definition of

"records" under the Act, and for which no exception applies and for which those persons have not authorized release.  The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because documents concerning procedures in effect outside of the period of time when the Air Force was required to submit Devin Kelley's fingerprints and final disposition report to FBI CJIS are irrelevant to whether the Air Force was negligent in reporting Kelley's disqualifying information.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

61.     Documents provided to the Inspector General by the LEO representatives, as referenced in DODIG-2018-035 (Page 44), including:

a) Guidance applicable to fingerprinting subjects and oversight of fingerprint card and final disposition report submission processes,
b) Investigative case information, such as case numbers, date initiated, investigating organization, FBI numbers, TCNs, and the rationale for non-submission of fingerprint cards and final disposition reports,
c) Training related to fingerprint card and final disposition report submissions, and
d) inspection procedures and results.

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because documents concerning procedures in effect outside of the period of time when the Air Force was required to submit Devin Kelley's fingerprints and final disposition report to FBI CJIS are irrelevant to whether the Air Force was negligent in reporting Kelley's disqualifying information.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because it seeks documents concerning branches of the armed services other than the Air Force.

42

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**62.** Policy and guidance documents, inspections reports, and training materials reviewed by the Inspector General as referenced in DODIG- 2018-035 (Page 44).

**Response:**

The United States also objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the compliance of the Air Force with reporting obligations with respect to individuals other than Devin Kelley, and during time periods outside of the one during which the Air Force was required to submit Kelley's disqualifying information to CJIS FBI, is irrelevant to whether the Air Force was negligent in performing its obligations in reporting Kelley's disqualifying information.  The request is also overly broad, unduly burdensome, and disproportional to the needs of this litigation because it seeks documents concerning branches of the armed services other than the Air Force.

On the basis of these objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**63.** Interview notes, recordings, emails, transcripts from the interviews of "Military Service LEO subject matter experts" as referenced in DODIG-2018-035 (Page 44).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the compliance of the Air Force with reporting obligations with respect to individuals other than Devin Kelley, and during time periods outside of the one during which the Air Force was required to submit Kelley's disqualifying information to CJIS FBI, is irrelevant to whether the Air Force was negligent in performing its obligations in

reporting Kelley's disqualifying information.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because it seeks documents concerning branches of the armed services other than the Air Force.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**64.**     The "spreadsheet" populated by each of the Service JAGs as referenced in DODIG-2018-035 (Page 44).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because documents concerning procedures in effect outside of the period of time when the Air Force was required to submit Devin Kelley's fingerprints and final disposition report to FBI CJIS are irrelevant to whether the Air Force was negligent in reporting Kelley's disqualifying information.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because it seeks documents concerning branches of the armed services other than the Air Force.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**65.**     The data retrieved from the military LEOs reporting systems as referenced in DODIG-2018-035 (Page 44)

> Request for Production #65 only seeks the data and reports obtained from the Air Force Automated Military Justice Administration and Management System (AMJAMS) referenced in DODIG-2018-034 (Page 44)

**Response:**

The United States also objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the compliance of the Air Force with reporting obligations with respect to individuals other than Devin Kelley, and during time periods outside of the one during which the Air Force was required to submit Kelley's disqualifying information to CJIS FBI, is irrelevant to whether the Air Force was negligent in performing its obligations in reporting Kelley's disqualifying information.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because it seeks documents concerning branches of the armed services other than the Air Force.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**66.**     Unredacted copy of "Report No. PO 97-003, "Criminal Investigations Policy Memorandum Number 10, Criminal History Data Reporting Requirements," January 28, 1997 as referenced in DODIG-2018-035 (Page 50).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the compliance of the Air Force with reporting obligations under any criminal reporting requirements in effect in 1997 is irrelevant to whether the Air Force was negligent in performing its obligations in reporting disqualifying information about Devin Kelley to FBI CJIS.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because Kelley was not convicted fifteen years later, and NICS was not even established until one year after the requested report was issued.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**67.**    The AFOSI memorandum of December 9, 1996, that is referenced in DODIG-2018-035 (Page 51).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the compliance of the Air Force with reporting obligations under any criminal reporting requirements in effect in 1997 is irrelevant to whether the Air Force was negligent in performing its obligations in reporting disqualifying information about Devin Kelley to FBI CJIS.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because Kelley was not convicted fifteen years later, and NICS was not even established until one year after the requested report was issued.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**68.**    DoD Instruction 5505.11 as referenced in DODIG-2015-081 (Page 1).

**Response:**

The request is overly broad, unduly burdensome, and disproportional to the needs of the litigation to the extent that it seeks documents in effect outside of the period when the Air Force was required to submit Kelley's fingerprints to FBI CJIS.  It is also vague, ambiguous, and confusing as to which instruction is being requested as page 1 of DODIG-2015-081 references several versions of DoD Instruction 5505.11.

Notwithstanding those objections, the United States responds that it has produced certain version of that Instruction in its Initial Disclosures.  Additional documents, if available, will be produced as part of a rolling production following rulings by the Court on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order

Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference.

**69.** The list of required convicted offender names that did not have fingerprints and/or final disposition updates in IAFIS, as referenced in DODIG-2015-081 (Page 3).

**Response:**

The United States objects to this request on the ground that it seeks information protected by the Privacy Act, 5 U.S.C. § 552a, because it seeks documents meeting the definition of "records" under the Act, and for which no exception applies and for which those persons have not authorized release. The United States also objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the compliance of the Air Force with reporting obligations with respect to persons other than Devin Kelley is irrelevant to whether the Air Force was negligent in performing its obligations in reporting Kelley's disqualifying information.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**70.** The 358 Air Force qualifying convictions, 110 and 113 of which whose fingerprint data and final disposition reports, respectively, were not in the IAFIS, as referenced in DODIG-2015-081 (Pages 4–8).

> Request for Production #70 does not seek personal, private identifying information and includes a request to redact all but the first and last initial of any individual identified who is not Devin Kelley.

**Response:**

The United States objects to this request on the ground that it seeks information protected by the Privacy Act, 5 U.S.C. § 552a, because it seeks documents meeting the definition of "records" under the Act, and for which no exception applies and for which those persons have not authorized release.  The United States also objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the compliance of the Air Force with reporting obligations with respect to persons other than Devin Kelley is irrelevant to whether the Air Force was negligent in performing its obligations in reporting Kelley's disqualifying information.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**71.**     Documents, or files, electronic or otherwise, that reflect policies, rules, or regulations, created, implemented, or enforced by the Air Force in response to Recommendation 2 of DODIG-2015-081. (Page 10)

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the actions that the Air Force took with respect to comply with DoD Instruction 5505.11 with respect to "future arrestees and convicted offenders" is irrelevant to whether the Air Force had a duty to report disqualifying information about Devin Kelley to the FBI's NICS roughly three years prior to the issuance of DODIG-2015-081 or whether the Air Force was negligent in that regard.  On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

48

72.     The unredacted "1997 Department of Defense Office of Inspector General" report titled, "Evaluation of Department of Defense Compliance with Criminal History Data Reporting Requirements" as referenced in DODIG-2015-081 (Page 12).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the compliance of the Air Force with reporting obligations under any criminal reporting requirements in effect in 1997 is irrelevant to whether the Air Force was negligent in performing its obligations in reporting Kelley's disqualifying information.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because Kelley was not convicted fifteen years later, and NICS was not even established until one year after the requested report was issued.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

73.     Documents, or files, electronic or otherwise, that reflect policies, rules, or regulations, created, implemented, or enforced by AFOSI to ensure fingerprints and final disposition reports for future arrestees and convicted offenders comply with DODI 5505.11 as noted in DODIG-2015-081. (page 22).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the compliance of the Air Force with reporting obligations under DODI 5505.11 is irrelevant to whether the Air Force was negligent in performing its obligations in reporting disqualifying information about Devin Kelley to the FBI's

NICS.  On the basis of that objection, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

74.     Documents, or files, electronic or otherwise, that reflect policies, rules, or regulations, created, implemented, or enforced by the Air Force Security Forces to ensure fingerprints and final disposition reports for future arrestees and convicted offenders comply with DODI 5505.11 as noted in DODIG-2015-081. (page 22).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the actions that the Air Force took with respect to comply with DoD Instruction 5505.11 with respect to "future arrestees and convicted offenders" is irrelevant to whether the Air Force had a duty to report disqualifying information about Devin Kelley to the FBI's NICS roughly three years prior to the issuance of DODIG-2015-081 or whether the Air Force was negligent in that regard.  On the basis of that objection, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

75.     The three tabs (attachments) referenced in the December 9, 2014, letter the Deputy Director of Security Forces, USAF sent to the DoDIG, as referenced in DODIG-2015-081 (Page 24).

>    Request for Production #75 requests Tab 1-Draft report criminal history data reporting; Tab 2-(FOUO) Copy of Air Force Fingerprint Results 113 Names; and Tab 3-(FOUO) DoDIG List of Security Forces Names (Page 24)

**Response:**

The United States objects to this request on the ground that it seeks information protected by the Privacy Act, 5 U.S.C. § 552a, because it seeks documents meeting the definition of "records" under the Act, and for which no exception applies and for which those persons have not authorized release. The United States also objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the compliance of the Air Force with reporting obligations with respect to individuals other than Devin Kelley, and during time periods outside of the one during which the Air Force was required to submit Kelley's disqualifying information to CJIS FBI, are irrelevant to whether the Air Force was negligent in performing its obligations in reporting Kelley's disqualifying information.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**76.**     DoD Manual (DoDM) 7730.47-M, Volume 1, "Defense Incident Based Reporting System (DIBRS): Data Segments and Elements," December 7, 2010, as referenced in DODIG-2015-011 (Page i).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS. On the basis of that objection, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**77.**     Interview notes, recordings, transcripts, or other documentation related to communication with the DJIS NIBRS Coordinator referenced in DODIG-2015-011 (Page 5).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.  On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**78.**     Interview notes, recordings, transcripts, or other documentation related to communication with the DMDC DIBRS Database Administrator referenced in DODIG-2015-011 (Pages 5-6).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**79.**     Interview notes, recordings, transcripts, or other documentation related to communication with the DCIS Project Manager, Case Reporting Information Management System (CRIMS) as referenced in DODIG-2015-011 (Page 7).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**80.**     Interview notes, recordings, transcripts, or other documentation related to communication with the HG Air Force Office of Special Investigation IT Enterprise Management Directorate (HQ AFOSI/XIW), Investigative Information Management System (I2MS) Program Manager, as referenced in DODIG-2015-011 (Page 8).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS.  The request is also overly broad, unduly burdensome, and disproportional to the needs

of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

81.    Interview notes, recordings, transcripts, or other documentation concerning communication with the DoD Director of Law Enforcement Policy and Support, as referenced in DODIG-2015-011 (Page 9).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

82.    The "error reports" maintained by the DMDC Database Administrator referenced in DODIG-2015-011 (Page 9).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about

Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**83.**    Documents, or files, electronic or otherwise, that reflect policies, procedures, and checklists created, implemented, or enforced by the Air Force and DoD in response to the DoD IG report Recommendation 1 found in DODIG-2015-011 (Page 11).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**84.**    Documents, or files, electronic or otherwise, that reflect policies, procedures, and checklists created, implemented, or enforced by the Air Force and DoD in response to the DoD IG report Recommendation 2a, 2b, found in DODIG-2015-011 (Page 12 and Page 14).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**85.**      Documents, files, electronic or otherwise, that establish the DCIS was able to deploy CRIMS v.2 so as to ensure DIBRS compliance as described in DODIG-2015-011 (Page 13).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

86. Documents, files, electronic or otherwise, that establish that "CRIMS v.2 is expected to be CJI sharing system compliant for the purposes of DIBRS criminal investigative data reporting" as described in DODIG- 2015-011 (Page 14).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

87. Documents, files, data, reports, electronic or otherwise, that prove "AFOSI identified and corrected the internal process flaw which allowed this lapse to occur, and as of July 10, 2014, the DIBRS program managers completed corrective action" as stated in DODIG-2015-011 (Page 15).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS.  The request is also overly broad, unduly burdensome, and disproportional to the needs

of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**88.** The "submitting agency's policies and procedures for collecting and reporting data regarding criminal incidents" referenced in DODIG- 2015-011 (Page 16).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**89.** The interview notes, recordings, transcripts—electronic or otherwise— of the DoD Director of Law Enforcement Policy and Support, the DMDC DIBRS System Administrator, and key DCIO staff, as referenced in DODIG-2015-011 (Page 16).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about

Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS. The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

90.     The "criminal investigative database reports for a specified time period" referenced in DODIG-2015-011 (Page 16).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS. The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

91.     The "policy guidance and documents to validate the submitting agencies processes concerning accurate reporting" referenced in DODIG-2015-011 (Page 17).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here

comply with the Brady Act through methods other than DIBRS, and any information about Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**92.** The "DIBRS database administrator provided spreadsheets" referenced in DODIG-2015-011 (Page 17).

**Response:**

The United States objects to this request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1) because the law-enforcement components at issue here comply with the Brady Act through methods other than DIBRS, and any information about Kelley contained within DIBRS would not have been included in any of the databases searchable in NICS.  The request is also overly broad, unduly burdensome, and disproportional to the needs of the litigation because reporting with respect to persons other than Devin Kelley into DIBRS is irrelevant to whether Kelley's information was properly reported to NICS.

On the basis of those objections, the United States will not be producing any documents responsive to this request unless instructed to do so by the Court.

**93.** Documents, or files, electronic or otherwise, that contain any records or findings from AFOSI Detachment 225 self-inspections or AFOSI IG Inspections of AFOSI Detachment 225, performed between June 2011 and November 2017.

**Response:**

The United States objects to this request on the ground that it is overly broad, unduly

burdensome, and not proportional to the needs of the litigation because it seeks documents that

are for periods of time not relevant to when Kelley's disqualifying information was required to

be reported to NICS.  The United States further objects to this request on the ground that the

terms "self-inspections" and "Inspections" are vague and ambiguous.

On the basis of those objections, the United States will not be producing any documents

responsive to this request unless instructed to do so by the Court.

**94.**     Documents or files, electronic or otherwise, concerning Devin Kelley,

in the possession of the Defense Manpower Data Center.

> Request for Production #94 is intended to include documents or
> evidence concerning Devin Kelley's base access privileges as well
> as any information collected in accordance with DOD Instruction
> 7730.47-M Volume 1.

**Response:**

The request is also overly broad, unduly burdensome, and disproportional to the needs of

the litigation because it requests documents involving concerning Devin Kelley unrelated to this

litigation.  Subject to and without waiving that objection, the United States will produce relevant,

non-privileged documents responsive to this request as part of a rolling production following the

entry of the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence

502(d), and Discovery Order attached to United States' Motion for a Rule 16 Conference, and a

ruling on Defendant United States' Motion for a Protective Order.  Documents not meeting these

criteria will not be produced.

**95.**     Reports, files, or documents submitted to any oversight institution or body,

including Congress or the Attorney General, or their designee or agent, concerning compliance

with the reporting requirements of the Brady Bill, the national instant background search system,

or DOD Instruction 7730.47-M Volume 1.

> Request for Production #95 includes a request for documents or
> evidence concerning reports to Congress pursuant to 34 U.S.C. §
> 40901(e)(1)(E) and (e)(1)(F).

**Response:**

The United States objects to this request to the extent that it seeks information protected

by attorney-client privilege, the work-product doctrine, and/or any applicable governmental

privilege, including the deliberative-process privilege.  The United States also objects to this

request on the ground that it seeks information outside the scope of Fed. R. Civ. P. 26(b)(1)

because the compliance of the Air Force (or any other federal agency) with reporting obligations

under the Brady Bill, the national instant background search system, or DOD Instruction

7730.47-M Volume 1, is irrelevant to whether the Air Force was negligent in performing its

obligations in reporting disqualifying information about Devin Kelley to the FBI's NICS.  This

request is also overly broad, unduly burdensome, and not proportional to the needs of the

litigation because it appears to seek information related to the reporting obligations of any person

or entity, including persons and entities outside of the federal government.

On the basis of these objections, the United States will not be producing any documents

responsive to this request unless instructed to do so by the Court.


Dated: September 3, 2019

                                                   **JOSEPH H. HUNT**
                                                   Assistant Attorney General
                                                   Civil Division
                                                   **JOHN F. BASH**
                                                   United States Attorney
                                                   Western District of Texas

**JOHN F. PANISZCZYN**
Assistant United States Attorney
State Bar. No. 15443855
**JAMES G. TOUHEY, JR.**
Director, Torts Branch
Civil Division
**STEPHEN E. HANDLER**
Senior Trial Counsel, Torts Branch
Civil Division

By:     */s/ Paul David Stern*
**PAUL DAVID STERN**
Trial Attorney, Torts Branch
Civil Division
*Counsel for the United States of America*