IN THE UNITED STATES DISTRICT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HOLCOMBE, et. al, <br><br> Plaintiffs <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant | NO. 5:18-CV-00555-XR <br> (consolidated cases) |

**DEFENDANT UNITED STATES' UNOPPOSED MOTION FOR
AN ORDER PURSUANT TO 5 U.S.C. § 552a(b)(11)**

Defendant United States of America moves the Court for an order, pursuant to 5 U.S.C. § 552a(b)(11), authorizing it to produce to all parties to this litigation responsive hard copy documents and electronically stored information that may be considered a "record which is contained in a system of records" for purposes of the Privacy Act. In support of this motion, the United States asserts the following:

The United States is prepared to promptly produce documents responsive to Plaintiffs' written discovery, but without a § 552a(b)(11) order in place, it faces the specter of potential Privacy Act litigation. For that reason, the United States requests such an order here.

"The [Privacy Act] provides that '[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record' falls within one of twelve enumerated exceptions." *Vinzant v. United States*, No. 2:06-CV-10561, 2010 WL 2674609, at *6 (E.D. La. June 30, 2010 (citing 5 U.S.C. § 552a). A document or information is a "record" for purposes of

the Privacy Act if it is "both (1) 'about' the individual and (2) linked to that individual by name or identifying particular." *Pierce v. Dep't of U.S. Air Force*, 512 F.3d 184, 188 (5th Cir. 2007). Because of the breadth of this definition, a potentially large number of documents fall under the Privacy Act definition of "record."

The Privacy Act does not apply to Devin Kelley because he is deceased. *See Flores v. Fox*, 394 F. App'x 170, 171-72 (5th Cir. 2010) (per curiam) ("[Plaintiff's] claim for injunctive relief to correct his prison records . . . is mooted by his death."); *Warren v. Colvin*, 744 F.3d 841, 843-44 (2d Cir. 2014) ("[D]eceased individuals generally do not enjoy rights under the Privacy Act"). The documents and electronically stored information that the United States will produce in this litigation, however, contain information about many persons other than Kelley, including his ex-wife, minor stepson, wife, and ex-girlfriends who allege they were sexually assaulted by Kelley, among others.[1] To the extent that those documents are considered "records within a system of records" under the Privacy Act, the United States would potentially be in violation of the Privacy Act in producing those documents to Plaintiffs in the course of discovery.

The United States is fully aware that as a general matter, "the Privacy Act does not create any privilege against discovery and that . . . the relevancy standard of Fed. R. Civ. P. 26(b) governs the court's discretion in ordering disclosure of government records." *Stiward v. United States*, No. CIV.A. 05-1926, 2007 WL 2417382, at *1 (E.D. La. Aug. 24, 2007) (citing cases).[2]

---

[1] In order to protect potential privacy interests, the parties have agreed to keep certain information, including the names of sexual assault victims and the likenesses of minor children, confidential, and the United States will redact certain other information, including all but the initials in names of minor children.

[2] "Where the records sought [in civil discovery] are subject to the Privacy Act, the District Court's supervisory responsibilities may in many cases be weightier than in the usual discovery context." *Gutierrez v. Benavides*, 292 F.R.D. 401, 403 (S.D. Tex. 2013) (quoting *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987)); *see Stiward v. United States,* No. CIV.A. 05-1926, 2007 WL 2417382, at *2 (E.D. La. Aug. 24, 2007) ("Discovery of the personnel files of non-party individual employees presents special concerns about the privacy

The United States therefore requests an order permitting it to produce documents to Plaintiffs, including documents that might not be otherwise excepted from the Privacy Act, so that it can fulfill its discovery obligations while avoiding the prospect of damages lawsuits from third parties under the Privacy Act.

Dated: October 25, 2019

                                              Respectfully submitted,

                                              **JOSEPH H. HUNT**
                                              Assistant Attorney General
                                              Civil Division
                                              **JOHN F. BASH**
                                              United States Attorney
                                              Western District of Texas
                                              **JOHN F. PANISZCZYN**
                                              Assistant United States Attorney
                                              State Bar. No. 15443855
                                              **JAMES G. TOUHEY, JR.**
                                              Director, Torts Branch
                                              Civil Division
                                              **STEPHEN E. HANDLER**
                                              Senior Trial Counsel, Torts Branch
                                              Civil Division

By:    */s/ Paul David Stern*
                                              **PAUL DAVID STERN**
                                              **AUSTIN L. FURMAN**
                                              Trial Attorneys, Torts Branch
                                              Civil Division
                                              *Counsel for the United States of America*

---

rights of the individuals involved."). In exercising its supervisory responsibilities, "the court must balance the requesting party's need for the information against the injury that might result if uncontrolled disclosure is compelled . . . afford[ing] due weight to the affected party's privacy interests." *Gutierrez*, 292 F.R.D. at 404. Courts often strike this balance by ordering the federal government to produce relevant documents, but entering a protective order that pertains to the Privacy Act information. *See Gutierrez*, 292 F.R.D. at 404 (collecting cases); *In re Becker*, 2010 WL 3119903, at *3.

## CERTIFICATE OF SERVICE

I certify that on October 25, 2019, I electronically filed the foregoing with the clerk of court by using the CM/ECF system, and that the following counsel of record have received notice and been served through that system.

Jamal K. Alsaffar
Tom Jacob
WHITEHURST, HARKNESS, BREES,
CHENG, ALSAFFAR & HIGGINBOTHAM
& JACOB PLLC
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735

Jason P. Steed
KILPATRICK TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201

Robert E. Ammons
April A. Strahan
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, TX  77006

Dennis Charles Peery
R. Craig Bettis
TYLER & PEERY
5822 West IH 10
San Antonio, TX 78201

Brett Reynolds
Brett Reynolds & Associates PC
1250 N.E. Loop 410, Suite 310
San Antonio, TX 78209

Mark W. Collmer
COLLMER LAW FIRM
3700 Montrose
Houston, TX 77006

Daniel J.T. Sciano
TINSMAN & SCIANO
10107 McAllister Freeway
San Antonio, TX 78216

Daniel D. Barks
SPEISER KRAUSE, P.C.
5555 Glenridge Connector, Suite 550
Atlanta, GA 30342

Tim Maloney
Paul E. Campolo
MALONEY & CAMPOLO, L.L.P.
926 S. Alamo
San Antonio, TX 78205

George LeGrand
Stanley Bernstein
LEGRAND & BERNSTEIN
2511 N. Saint Mary's St.
San Antonio, Texas 78212

*/s/ Paul David Stern*
**PAUL DAVID STERN**
Trial Attorney, Torts Branch