IN THE UNITED STATES DISTRICT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HOLCOMBE, et. al, | NO. 5:18-CV-00555-XR |
| Plaintiffs | (consolidated cases) |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

**UNITED STATES' MOTION TO RECONSIDER
SANCTIONS AGAINST DEFENDANT UNITED STATES**

On September 25, 2019, the Court held a status conference in response to the United States' Motion for a Rule 16 Conference and Motion for a Protective Order. (ECF No. 124 & 125). During the hearing, the Court found the Government in violation of Federal Rule of Civil Procedure 26(g)(3) and "accordingly sanctioned the defense to payment of attorney fees." (ECF No. 146). Asserting the Government's "obligation under 26(a)(1) is to disclose persons that the government knows ha[ve] knowledge of relevant facts," the Court ordered that by Friday, September 27, 2019, the United States was to supplement its initial disclosures to include the names of witnesses associated with seventeen categories sought by five sets of Plaintiffs for the purpose of conducting depositions. *See* Sept. 25, 2019 Hearing Tr. at 6. The Court further ordered the Government to pay the attorneys' fees for the duration of time Plaintiffs' counsel spent at the hearing.

The United States did not intend to frustrate the Court or impede discovery in any way and apologizes to the Court for that impression. As set forth in the Background section below, prior to the status conference, the United States had been regularly conferring with Plaintiffs' counsel in attempts to resolve the parties' discovery disputes. The parties' meet and confers included an hours-long in-person meeting in Washington D.C. on September 19, 2019, during which the parties resolved several of their disputes on the issue of a protective order. Throughout those discussions the United States reiterated its intention to disclose the names sought by Plaintiffs once the protective order issues were resolved. The protective order issues were – the United States believed – going to be decided by the Court during or following the September 25 status conference, following which, the United States would make the required disclosures. The Court, of course, did decide the issues at hand and, following the status conference, the United States moved with all expediency to disclose names associated with the first seventeen categories of witnesses sought via the Plaintiffs' deposition list. The Court also sanctioned the United States, which we respectfully submit was done in error. Given that the United States acted in good faith while attempting to resolve the various discovery issues prior to the September 25 hearing, and pursuant to the relevant legal authorities, the United States respectfully requests that the Court reconsider its imposition of sanctions.

## BACKGROUND

On June 24, 2019, the United States provided Plaintiffs with its Rule 26(a)(1) Initial Disclosures. With respect to the disclosure of names, the United States noted, "Defendant United States is still in the process of identifying individuals it may rely on to support its defenses. The United States reserves the right to identify and call as witnesses at trial any persons who may be identified through ongoing investigations and discovery. Discovery is ongoing and Defendant

2

reserves its right to supplement these disclosures as additional information becomes available." On July 11, 2019, the United States produced 39 documents, including relevant Department of Defense and Air Force regulations, instructions, and manuals.

On July 2, 2019, the parties met and conferred. Plaintiffs' counsel asked the United States why it did not produce any names in its initial disclosure, including the names of the alleged tortfeasors. Counsel for the United States explained that Rule 26(a)(1) only required the disclosure of names of individuals who support its defenses, and it was unclear whether such Air Force personnel support its theory of the case. As noted in its Motion to Dismiss, the United States' defenses at that time were exclusively legal in nature, not factual. Accordingly, the government's defenses were not based on the support of factual witnesses. The United States affirmed that it would supplement its initial disclosures as discovery continued. The parties agreed to exchange proposed documents that would govern discovery, including drafts of a Confidentiality and Protective Order, an Order Pursuant to Federal Rule of Evidence 502(d), and a Discovery Order. On July 11, 2019, the United States emailed opposing counsel its draft documents, and for the next three months, the parties engaged in meaningful negotiations, including defining the categories of "confidential information."[1]

On August 2, 2019, five sets of Plaintiffs propounded their *Amended First Request for Admissions & Interrogatories to Defendant, United States of America.*[2] Interrogatory number 2

---

[1] On July 22, 2019, the United States filed its Motion for Certification of this Court's Order Dated May 23, 2019 (ECF No. 59) Pursuant to 28 U.S.C. § 1292(b). (ECF No. 107). That motion was denied on September 10, 2019. (ECF No. 133).

[2] Plaintiffs' First Request for Admissions & Interrogatories was sent to the United States via email and certified mail on July 25, 2019. On August 2, Plaintiffs' counsel emailed an amended request to the United States and withdrew the initial request.

read, "Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge." This request, and Plaintiffs' request for production, became the basis for two motions filed by the United States: Defendant United States' Motion for a Protective Order (ECF No. 124) and United States' Motion for a Rule 16 Conference (ECF No. 125). In its motions, the United States sought clarity from the Court as to the scope of discovery and asked for the Court to resolve other issues between the parties, but did not seek to escape its obligations to provide the names of witnesses. In its motion requesting a conference, the Government emphasized that it "is not moving for a protective order on the basis that every discovery demand is objectionable. It will provide responses to the non-objectionable demands, understanding that although it requests that all discovery be re-served by a lead Plaintiffs' counsel, it is unlikely that the Court will rule on this motion prior to the September 3 due-date for responses to the written discovery."

On September 3, the United States provided the following response to Interrogatory number 2: "The United States objects to this request on the ground that the parties continue to dispute the proper scope of discovery and the 'relevant facts' of this case. The United States has filed a motion for protective order seeking relief from Plaintiffs' requests for admissions and interrogatories because they are improper, unduly burdensome, oppressive, and disproportional to the needs of the case, particularly because the majority of these demands seek information irrelevant to the remaining issues in this litigation, and the arguments contained in such motion are incorporated herein. That motion is pending. Subject to and without waiving those objections, the United States will provide a response to Interrogatory No. 2 following the Court's rulings on Defendant United States' Motion for a Protective Order, and the Confidentiality and Protective Order, Order Pursuant to Federal Rule of Evidence 502(d), and Discovery Order attached to

United States' Motion for a Rule 16 Conference."

On September 4, five sets of Plaintiffs emailed the Government their proposed "Sutherland Springs Deposition List."  The list was divided between eighteen categories of "Fact Witnesses" and 13 categories of "Command/Oversight Positions."  Counsel for the Government notified opposing counsel that they did not dispute the basis for deposing the "Fact Witnesses" in general, with the notable exception of the Navy Commander of the facility where Devin Kelley served his prison sentence.  Nonetheless, the number of depositions needed in the litigation, as well as the scope of relevant testimony, was one of the grounds for which the United States requested a Rule 16 conference.  The parties' views regarding the scope of discovery were considerably disparate.  Although the parties conferred in good faith to narrow the scope of contention, there remained significant differences.  Accordingly, the United States sought guidance from the Court on these differences through the requested Rule 16 conference.

Prior to the Rule 16 conference, the Court instructed the parties to meet and confer regarding the pending issues and attempt to resolve any pending disputes.  (ECF No. 134). As the parties were already in Washington, D.C. for the deposition of a Rule 30(b)(6) government witnesses, the parties conducted an in-person meet and confer on September 19, 2019.  Counsel for the United States hosted the conference at their office, and the parties spent nearly five hours conferring about their outstanding disputes.  The conversation largely focused on the categories of information for which the United States sought a protective order.  While the parties did not reach a comprehensive agreement on the term "confidential information," Plaintiffs agreed that certain categories of information could be marked confidential.  Most notably, Plaintiffs agreed that, in the event a protective order was filed in this case, the names of current and former Air Force employees who failed to report Kelley's disqualifying information into NICS could be kept

5

confidential. The day before the Rule 16 hearing, the Government sent Plaintiffs' counsel a revised draft Confidentiality and Protective Order that reflected the Government's understanding of the agreement.

On September 25, 2019, the Court conducted the Rule 16 conference. Upon being informed that the United States had not disclosed the names of individuals with knowledge of relevant facts, the Court found the Government in violation of Rule 26(g)(3). The Court sanctioned the Government, ordering it "to pay each of the lawyers [at the hearing] for 1.5 hours at a reasonable rate." (Tr. at 52.) The Court further ordered the Government to produce names responsive to the first seventeen requests in the Plaintiffs' deposition list by close of business on Friday, September 27, 2019. The United States accordingly disclosed the names of those fact witnesses to Plaintiffs, and the parties are currently in the process of scheduling depositions.

## ARGUMENT

In light of the parties' good faith negotiations, the United States' genuinely held position that it needed guidance from the Court, and the legal authority discussed hereinafter, the United States respectfully submits that the Court imposed sanctions in error. When providing initial disclosures, the party must certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry . . . a disclosure . . . is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1). Sanctions are properly imposed for noncompliance with that requirement only if the "certification violates this rule without substantial justification." Fed. R. Civ. P. 26(g)(3); *see also Heller v. City of Dallas*, 303 F.R.D. 466, 477 (N.D. Tex. 2014) ("[A] court may not—on a party's motion or *sua sponte*—impose Rule 26(g)(3) sanctions unless the certification violated Rule 26(g)(1) 'without substantial justification.'"). Accordingly, the sanction imposed here was proper only if the United States improperly certified that its initial disclosures

6

were "complete and correct" at the time they were made in June 2019 and that certification was without substantial justification.

Rule 26(a)(1) did not require that the United States' initial disclosures contain the names of all persons with relevant information, as the Court suggested, and therefore imposition of a sanction on that basis is not warranted.  Under Federal Rule of Civil Procedure 26(a)(1), "a party must, without awaiting a discovery request, provide to the other parties: the name . . . of each individual likely to have discoverable information . . . that the **disclosing** party may use **to support** its claims or defenses."  (emphasis added).  Although the prior version of the rules required parties to disclose persons with relevant knowledge, in 2000, the scope of Rule 26(a)(1) was "narrowed to cover only information that the disclosing party may use to support its position." Fed. R. Civ. P. 26(a)(1) Advisory Committee's Notes to 2000 amendment; *see Vinzant v. United States*, No. 2:06-CV-10561 2010 WL 2674609, at *3 (E.D. La. June 30, 2010) ("[After the 2000 amendment,] there is no requirement to disclose anything that the disclosing party will not use, which may include much that is harmful to its case.") (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2053 (3d ed. 1998)).  Parties have no obligation to produce the names of witnesses who have general knowledge of the relevant facts or support the opposing party's claims or defenses.  *Gillespie v. Sears, Roebuck & Co.*, 386 F.3d 21, 34 n. 10 (1st Cir. 2004); *Vinzant*, 2010 WL 2674609, at *3; *Goonewardena v. New York Workers Compensation Board*, 258 F. Supp. 3d 326, 349 n.11 (S.D.N.Y. 2017); *ArcelorMittal Indiana Harbor LLC v. Amex Nooter, LLC*, 320 F.R.D. 455, 460 n.2 (N.D. Ind. 2017).  Indeed, the Advisory Committee's Notes to the 2000 amendment specifically state that "[a] party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, **that it does not intend to use**." (emphasis added).  Rather "the essential inquiry is whether the disclosing party

intends to use the witness." *Gluck v. Ansett Australia Ltd*, 204 F.R.D. 217, 222 (D.D.C. 2001); *see Vinzant*, 2010 WL 2674609, at *3 ("[T]he government was under no duty to produce identifying information for the inmate witnesses as part of its initial disclosures. Whether the [government] was in possession of this information when the initial disclosures were exchanged (which is not entirely clear), the government did not anticipate using the testimony of the inmate witnesses "to support its claims or defenses.").

Western District of Texas Local Civil Rule 33(b)(1) reinforces these requirements at the initial disclosure stage. The Local Rule permits parties to serve the following approved interrogatory: "Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge."[3] Such an interrogatory would be unnecessary if this information was already required to be disclosed pursuant to Rule 26(a)(1).

At the hearing on September 25, 2019, the Court ordered the United States to disclose the names of Air Force personnel corresponding to seventeen categories of witnesses that Plaintiffs wish to depose. When informed that counsel for the United States had a list of names corresponding to those categories, the Court stated:

> Now, that's why I got mad, Mr. Furman. You've already known about these people and you wouldn't disclose them. That is just a blatant violation of your 26(a)(1) requirements and that's why I got mad. So you are to disclose at least those 17 names, if not more people, pursuant to your 26(a)(1) disclosures.

(Hearing Tr. at 19:2-7.) Because the United States does not currently intend to use any of those witnesses to support its defenses, Rule 26(a)(1) did not require their disclosure, and sanctions are

---

[3] The Court's interrogatory was the basis for Plaintiffs' Interrogatory 2.


not merited. [4]

Further, the fact that Plaintiffs propounded Interrogatory number 2 underscores the fact that the United States was not obligated to disclose the names of individuals with relevant facts under Rule 26(a)(1).[5] The United States responded to Plaintiffs' Interrogatories on September 3, stating its objections and noting that a motion for a protective order was pending. Although the United States did, in fact, respond to Interrogatory 2, it was not required to do so as long as the Motion for a Protective Order under Rule 26(c) was pending. *See* Fed. R. Civ. Pro. 37(d)(2) (excusing a failure to service answers to interrogatories if "the party failing to act has a pending motion for a protective order under Rule 26(c)."). In addition, the United States made clear in its response that it intended to disclose the information sought once these genuine disputes were resolved by the Court. Obviously, disclosing the names without a protective order was not possible, as once the names are disclosed, they cannot be retroactively protected. Moreover, concerns about reprisal against federal employees whose omissions may have contributed to Devin Kelley's ability to access firearms was a justified reason for seeking a protective order. The United States has previously obtained orders protecting information identifying current or former

---

[4] The United States is mindful of the fact that on October 17, 2018, the Court told the government counsel that it would impose cost shifting measures "pursuant to Rule 1 and pursuant to Rule 16" if the United States "insist[ed] on discovery" for matters that it "should have . . . . agreed to []." Oct. 17, 2018 Hearing Tr. at 27:14-20. However, the Court's statement was part of a discussion regarding stipulations or admissions of undisputed facts, an area unrelated to initial disclosures under to Rule 26(a).

[5] "When invoking Rule 26(g) as a basis for sanctions, the district court must specify which discovery certification was sanctionable." *Ibarra v. Baker*, 338 F. App'x 457, 470 (5th Cir. 2009). The Court has pointed to the Rule 26(a)(1)(A) initial disclosures as the sanctionable offense, and the United States' argument with respect to those disclosures is addressed above. This motion mentions Interrogatory number 2 merely to provide a fulsome understanding of the Government's discovery responses and productions to date.

employees without dispute.  *See, e.g.*, *McKinney v. United States*, Civ. No. 17-4156 (RWP) (D. Minn.) at ECF No. 78; *see generally Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 278 (N.D. Tex. 2017) (noting conduct "substantially justified . . . if reasonable people could differ as to the appropriateness of the contested action") (internal quotation marks and citation omitted).  The parties undertook extensive negotiations on the issues raised in the motions prior to the filings, including on July 2, August 7 and 14, and a five hour negotiation on September 19, 2019. Plaintiffs ultimately agreed that some of the names could be kept confidential at this point in the litigation.  Thus, the United States was substantially justified in delaying disclosure of persons with knowledge of relevant facts.

## CONCLUSION

For the reasons stated and upon the authorities cited, the United States respectfully requests that the Court reconsider its imposition of sanctions under Federal Rule of Civil Procedure 26(g)(3).

Dated: October 30, 2019

    Respectfully submitted,

    JOSEPH H. HUNT
    Assistant Attorney General
    Civil Division
    JOHN F. BASH
    United States Attorney
    THOMAS G. WARD
    Deputy Assistant Attorney General
    Civil Division
    JOHN F. PANISZCZYN
    Assistant United States Attorney
    State Bar No. 15443855
    JAMES G. TOUHEY, JR.
    Director, Torts Branch
    Civil Division

<div style="text-align:right">

AUSTIN L. FURMAN
Trial Counsel, Torts Branch
Civil Division

/s/ Paul David Stern
**PAUL DAVID STERN**
Trial Attorney, Torts Branch
Civil Division
United States Department of Justice
Attorneys for Defendant
UNITED STATES OF AMERICA

</div>