IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JON HOLCOMBE ET AL.**, | § § § § § | |
| *Plaintiffs* | § § | |
| **RUBEN D. RIOS, JR.**, | § § § | |
| *Plaintiff-Intervenor* | § § | CIVIL ACTION NO. 5:18-CV-555-XR |
| **v.** | § § | |
| **THE UNITED STATES,** | § § § | |
| *Defendant* | § § § | |

**RUBEN D. RIOS, JR.'S PERMISSIVE MOTION TO INTERVENE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Ruben D. Rios, Jr. files this Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) and respectfully shows the Court as follows:

**I.
BACKGROUND**

1.1     Ruben D. Rios, Jr. ("Rios") is the surviving spouse of Tara McNulty. On November 5, 2017, Devin Kelley shot and killed McNulty during the mass shooting at Sutherland Springs First Baptist Church in Sutherland Springs, Texas.

1.2     On September 12, 2018, Lisa McNulty, Individually, as Personal Representative of the Estate of Tara McNulty, and as Legal Guardian of H.M. and J.M., two minor children, filed her Original Complaint against the United States of America

1

under the Federal Tort Claims ACT (FTCA), 28 U.S.C. § 2674.

**1.3** In her Original Complaint, Lisa McNulty seeks damages against the United States under the Texas Wrongful Death Act and Survival Statute, Tex. Civ. Prac. & Rem. Code Ann. §§ 71.004 and 71.021(b). In his Original Complaint in Intervention, attached to this Motion as **"Exhibit A,"** Rios also seeks wrongful death and survival damages against the United States arising out of the death of Tara McNulty.

**1.4** On September 30, 2018, Lisa McNulty's case, Civil Action No. 5:18-CV-949-XR, was consolidated with six other cases involving the Sutherland Springs mass shooting. The lead case, *John Holcombe et al. v. United States*, is Civil Action No. 5:18-CV-555-XR. Under Federal Rule of Civil Procedure 24(b)(1)(B), Rios seeks permissive intervention in Civil Action No. 5:18-CV-555-XR.

## II.
## ARGUMENT AND AUTHORITIES

**2.1** Permissive intervention is proper when the Intervenor demonstrates a claim or defense that shares a common question of law or fact with the main action and the Motion to Intervene is timely. Fed. R. Civ. P. 24(b)(1)(B). Federal courts retain significant discretion when deciding whether to permit intervention under Rule 24(b). *See Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (per curiam).

**2.2** In this case, Ruben D. Rios, Jr.'s FTCA claims against the United States[1] and the consolidated main action undoubtedly share several common questions of law and fact. Rios and all Plaintiffs in the main action seek damages against the

---
[1] *See* Ex. A.

2

United States arising out of the Sutherland Springs mass shooting. Specifically, Rios and these Plaintiffs seek damages for negligent acts and omissions committed by the United States and its agencies that allowed the shooter, Devin Kelley, to acquire a firearm and use the deadly weapon in the massacre.

**2.3** These allegations involve common factual issues. For instance, Rios, Plaintiff Lisa McNulty, and all other Plaintiffs in the main action allege that as a result of Devin Kelley's criminal conviction of a crime punishable by imprisonment for a term exceeding one year, convictions of domestic violence, and commitment to a mental institution, he was legally disqualified from purchasing a firearm. *See* 18 U.S.C. §§ 922(d)(1),(4),(9). However, both the Department of the Air Force and the Department of Defense failed to report Kelley's criminal incident data to the FBI as required by federal law. As a result, Kelley was not listed in the FBI's National Instant Criminal Background Checks System (NICS) as ineligible to purchase a firearm. Gun retailers use the NICS to determine whether they may lawfully sell a firearm to a potential customer.

**2.4** Rios' claims and the main action also involve several common questions of law. The primary and controlling question is whether the United States is liable for the personal injuries and damages suffered by numerous innocent individuals in the Sutherland Springs mass shooting, including Tara McNulty. Additionally, Rios is Tara McNulty's wrongful death beneficiary under Texas Civil Practice & Remedies Code § 71.004(b). This means that Rios, Lisa McNulty, and Tara McNulty's biological

children may each recover their own damages suffered as a result of Tara McNulty's death. *See Goode v. Shoukfeh*, 863 S.W.2d 547, 551 (Tex. App.—Amarillo 1993, no writ). Therefore, the extent of mental anguish damages following Tara McNulty's death is a common question of law in Rios' claims and the main action.

**2.5** Furthermore, this Motion to Intervene is timely. In the Fifth Circuit, courts consider the following four factors when reviewing the timeliness of intervention: (1) the length of time the Intervenor knew or should have known of his interest in the case; (2) prejudice to the existing parties resulting from the Intervenor's failure to apply for intervention sooner; (3) prejudice to the Intervenor if his application for intervention is denied; and (4) the existence of unusual circumstances. *Trans Chem., Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003). The Fifth Circuit has cautioned; however, that "[t]here are no absolute measures of timeliness." *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996). Instead, timeliness "is to be determined from all the circumstances." *X-Drill Holdings, Inc. v. Jack-Up Drilling Rig SE 83*, 320 F.R.D. 444, 448 (S.D. Tex. 2017) (Jack, J.) (citing *Doe v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001)). Additionally, when evaluating prejudice, the Fifth Circuit has held that the appropriate inquiry is whether prejudice results from any delay, not whether an existing party would be prejudiced by the addition of the claim. *See Effjohn Intl. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 561 (5th Cir. 2003); *Assoc. of Prof'l Flight Attendants v. Gibbs*, 804 F.2d 318, 321 (5th Cir. 1986).

**2.6** Lisa McNulty filed her Original Complaint, Civil Action No. 5:18-949-

XR, on September 12, 2018. This Complaint was consolidated with six other Sutherland Spring mass shooting cases on September 30, 2018. Nevertheless, the Rule 16 scheduling conference in the consolidated action was held about a month ago on September 25, 2019. As such, no significant deadlines have elapsed and no existing party will suffer prejudice as a result of any delay in filing this Motion to Intervene.

2.7     On the other hand, Ruben D. Rios, Jr. will suffer prejudice if this Motion to Intervene is denied as his interests are not adequately represented by the existing parties in the consolidated action. In a Motion to Intervene, the burden to show inadequate representation is "minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972). When determining if a prospective intervenor met this low burden, Federal courts have held that the "most important factor . . . is how the interest compares with the interest of existing parties." *Wolfsen Cattle Co. v. Pacific Cost Fed'n of Fishermen's Assns*, 695 F.3d 1310, 1316 (Fed. Cir. 2012) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).

2.8     In the main action, Lisa McNulty will necessarily present *some* of the arguments advanced by Ruben D. Rios, Jr. because both parties filed a wrongful death action involving the same decedent, Tara McNulty. For example, Lisa McNulty will present evidence regarding the horrific details of the Sutherland Springs mass shooting. Nevertheless, Lisa McNulty will argue from the perspective of a mother who tragically lost her adult daughter. Additionally, Lisa McNulty, acting as legal guardian for Tara McNulty's two children, will advance arguments involving the

devastating emotional effect of losing a mother in a violent tragedy.

    **2.9**    Lisa McNulty, by and through her counsel of record, will undoubtedly present this evidence to the Court effectively. However, Lisa McNulty cannot advance *any* arguments from Rios' perspective as Tara McNulty's surviving spouse. Thus, Lisa McNulty will fail to accurately portray Rios' relationship with Tara McNulty to the Court, including the mental anguish he suffered following Tara's death. For these reasons, Lisa McNulty cannot adequately represent Rios' interests in the main suit.

    **2.10**    Finally, Federal Courts regularly consider judicial economy in deciding a motion for permissive intervention. *See, e.g., E.E.O.C. v. Commercial Coating Serv., Inc.*, 220 F.R.D. 300, 302-03 (S.D. Tex. 2004) (Atlas, J.) ("Failure to allow intervention will simply result in two federal lawsuits involving the same events . . . [r]esolution of one suit could raise collateral estoppel or other matters that will waste the parties and the Court's time and resources . . . . ); *United States v. Tex. Educ. Agency (Lubbock Indep. Sch. Dist.)*, 138 F.R.D. 503, 508 (N.D. Tex. 1991) ("[J]udicial economy is a relevant consideration in deciding a motion for permissive intervention."). Here, before Rios filed this Motion, seven other Sutherland Springs shooting cases were consolidated. Thus, this Court is also willing to consider judicial economy.

    **2.11**    Denying Rios' Motion for Intervention would result in separate federal lawsuits involving the same legal issue that equally affects Rios, all Plaintiffs, and the same Defendant. That is, whether the United States of America is liable for personal injuries and damages sustained in the Sutherland Springs mass shooting on

6

November 5, 2017. Therefore, in the interest of judicial economy, Rios should be allowed to intervene in the consolidated main action under Federal Rule of Civil Procedure 24(b).

## III.
## CONCLUSION

**3.1** WHEREFORE, Intervener Ruben D. Rios, Jr. requests that he be allowed to intervene in Civil Action No. 5:18-CV-555-XR by filing an Original Complaint in Intervention seeking wrongful death and survival damages under the Federal Tort Claims Act against Defendant, the United States of America. Rios further requests this Court deem filed the Original Complaint in Intervention, attached to this motion as "**Exhibit A**," and that Rios be awarded all other relief to which he may be justly entitled under applicable federal and Texas law.

           Respectfully submitted,

           **THE CARLSON LAW FIRM, P.C.**
           100 East Central Expressway
           Killeen, Texas  76541
           (254) 526-5688
           (254) 526-8204  FAX

BY:  **/s/ Craig W. Carlson**
           Craig W. Carlson
           Attorney-In-Charge
           Texas Bar No. 00792039
           ccarlson@carlsonattorneys.com
           Philip J. Koelsch
           Texas Bar No. 24110103
           pkoelsch@carlsonattorneys.com

## **CERTIFICATE OF SERVICE**

I certify that under Federal Rule of Civil Procedure 5, the foregoing Motion to Intervene was sent to counsel of record for all Plaintiffs' and Defendant, the United States of America, in this matter on November 4, 2019 via the Court's electronic filing system.

BY:  */s/ Craig W. Carlson*