IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE ET AL;<br>*Plaintiffs*<br><br>-vs-<br><br>**UNITED STATES OF AMERICA,**<br>*Defendant* | § § § § § § § § § § § § § § § § § | **SA-18-CV-00555-XR**<br><br>*Consolidated with:*<br>Nos. 5:18-CV-712-XR; 5:18-CV-881-XR;<br>5:18-CV-944-XR; 5:18-CV-949-XR;<br>5:18-CV-951-XR; 5:18-CV-1151-XR;<br>5:19-CV-184-XR; 5:19-CV-289-XR;<br>5:19-CV-506-XR; 5:19-CV-678-XR;<br>5:18-CV-691-XR; 5:18-CV-705-XR;<br>5:19-CV-706-XR; 5:19-CV-714-XR;<br>5:19-CV-715-XR; 5:19-CV-805-XR;<br>5:19-CV-806-XR; 5-19-CV-953-XR;<br>5:19-CV-972-XR |

**ORDER**

On this day the Court considered Defendant United States of America's Motion to Reconsider Sanctions (ECF No. 155) and Plaintiffs' Response (ECF No. 156). For the reasons stated below, the Court DENIES the Motion.

**BACKGROUND**

This case began well over a year ago when Plaintiffs Joe and Claryce Holcombe filed their Complaint against the United States of America ("United States" or "Government") on June 6, 2018. ECF No. 1. Plaintiffs are the surviving parents of Decedent John Bryan Holcombe, a victim of the mass shooting that occurred on November 5, 2017 in Sutherland Springs, Texas. The case brought by the Holcombes is but the first-filed of many similar cases, consolidated here, brought by family members and representatives of deceased victims as well as survivors of the shooting, seeking damages against the United States under the Federal Tort Claims Act. The thrust of these lawsuits is that the shooter, Devin Kelley, should not have been able to purchase

1

firearms, but failures by the United States Air Force and the Department of Defense to collect, handle, and report required information allowed him to do so.

Due to the complexity of this case, the Court was lenient in imposing and enforcing a deadline for the Government to file its answer and allowing the Government to file and brief its motion to dismiss. *See* ECF No. 27 at 29. Accordingly, the Government did not file its motion to dismiss until November 2, 2018 (ECF No. 28) and briefing was not complete on the motion until March 21, 2019 (ECF No. 52). The Court held a hearing on the motion to dismiss on May 14, 2019, and issued its order granting in part and denying in part the motion on May 23, 2019. *See* ECF Nos. 53, 54, 57, 59. That order made clear that discovery in this case was to resume, and the Court directed the parties to confer and submit a proposed scheduling order and Rule 26(f) report by June 13, 2019. ECF No. 59 at 40. The parties timely submitted their Rule 26(f) report. ECF No. 91.

Throughout this litigation, the Court has emphasized many times over the parties' obligations under Federal Rules of Civil Procedure 1, 16, and 26 to meaningfully meet and confer, to exchange information, and to stipulate to agreed upon facts. *See, e.g.*, ECF No. 18 (setting this case for a status conference on Oct. 12, 2018, and instructing the parties to submit a listing of agreed-upon facts or be prepared to discuss why it believes a stipulation cannot be made); ECF No. 27 at 8–10 (advising the Government of its Rule 1 obligations at all stages of litigation and admonishing its inability to submit agreed-upon facts); ECF No. 134 (setting this case for a Rule 16 Conference on Sept. 25, 2019, ordering the parties to provide the Court with all Rule 26(a)(1) disclosures previously served and to complete such disclosures prior to the hearing if not yet completed).

Despite the mandates of the Federal Rules and the express admonishments and orders of this Court, the Government appeared before this Court on September 25, 2019 still having disclosed no names of any individuals likely to have discoverable information as required under Rule 26(a)(1)(A). *See* ECF No. 148 at 5 (admitting the Government has not disclosed *any* witnesses pursuant to its initial disclosures under Rule 26(a)(1)). In its disclosures filed with the Court on September 20, 2019, the United States responded to Rule 26(a)(1)(A)'s inquiry of the "name…of each individual likely to have discoverable information…that the defendant may use to support its defenses" by stating:

> Defendant United States is still in the process of identifying individuals it may rely on to support its defenses. The United States reserves the right to identify and call as witnesses at trial any persons who may be identified through ongoing investigation and discovery. Discovery is ongoing and Defendant reserves its right to supplement these disclosures as additional information becomes available.

ECF No. 143-1.

Because of the Government's failure to disclose any names in its Rule 26(a)(1) disclosures, this Court imposed sanctions on the United States under Rule 26(g)(3) and ordered the United States to pay the attorneys' fees for the duration of time Plaintiffs' counsel spent at the September 25, 2019 hearing. ECF No. 148 at 6. The United States now moves this Court for reconsideration of the sanctions imposed against it by this Court.

## DISCUSSION

According to the United States, it "did not intend to frustrate the Court or impede discovery in any way." ECF No. 155 at 2. Regardless of its intent, the Government has failed to fulfill its obligations under Rule 26(a)(1) and has not presented substantial justification to excuse its failures, and sanctions are warranted against it under Rule 26(g)(3).[1]

---

[1] As the Government points out, a district court invoking Rule 26(g) as a basis for sanctions must specify which discovery certification was sanctionable. As explained herein, the Court finds that the Government's certification of

Rule 26(a)(1) requires that "a party must, without awaiting a discovery request, provide to the other parties…the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A). Rule 26(g)(1) requires that every disclosure made under Rule 26(a)(1) be signed by at least one attorney of record, and that by signing that attorney "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" that the disclosure "is complete and correct as of the time it is made." FED. R. CIV. P. 26(g)(1). Under Rule 26(g)(3), a court may, on motion or on its own, impose an appropriate sanction if a certification of completeness and correctness violates the Rule "without substantial justification." FED. R. CIV. P. 26(g)(3).

In its motion for reconsideration, the Government claims that it provided no names in its Rule 26(a)(1) disclosures because "Rule 26(a)(1) did not require that the United States' initial disclosures contain the names of all persons with relevant information, as the Court suggested," and "[b]ecause the United States does not currently intend to use any of [the witness names sought by Plaintiffs] to support its defenses, Rule 26(a)(1) did not require their disclosure." ECF No. 155 at 7–8. Though this Court is aware of the 2000 amendment to Rule 26(a)(1),[2] the Government has misconstrued the breadth of the Rule.

---

its initial disclosures under Rule 26(a)(1), which identified not a single individual with discoverable information, is sanctionable. Because of the Government's present motion for reconsideration, the Court also has the opportunity to point out that even if sanctions were not warranted on this basis, this Court has inherent authority to impose sanctions for the Government's failure to cooperate in discovery, and could also choose to do so against the Government based on Rules 1, 11, 16, 26(f) and 37. *See generally Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (discussing court's sanctioning powers under both inherent authority and the Rules).

[2] The 2000 amendment to Rule 26(a)(1) narrowed the scope of the disclosure obligation to cover only information "that the disclosing party may use to support its position." *See* FED. R. CIV. P. 26(a)(1) Advisory Committee's Notes to 2000 amendment.

The Advisory Committee's Notes to the 2000 amendment make clear that "use" includes "any use at a pretrial conference, to support a motion, or at trial" and "intended use in discovery." *Id.* "The disclosure obligation attaches both to witnesses…a party intends to use and also to witnesses…the party intends to use if – in the language of 26(a)(3) – 'the need arises.'" *Id.* And, the "disclosure obligation applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party… disclosure should include the identity of any witness…that the disclosing party may use to support such denials." *Id.*

Even after the 2000 amendment, courts have continued to emphasize that 26(a)(1) disclosures are intended to accelerate the exchange of basic information, help focus the discovery that is needed, and facilitate preparation for trial or settlement. *See, e.g.*, *Poitra v. Sch. Dist. No. 1 in the Cty. of Denver*, 311 F.R.D. 659, 663 (D. Colo. 2015) (citing Advisory Committee's Notes to 1993 amendment and collecting cases). Rule 26(a)(1)'s disclosure requirements should "be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish." *Id.* at 664. "Counsel who make the mistake of treating Rule 26(a)(1) disclosures as a technical formality, rather than an efficient start to relevant discovery, do their clients no service and necessarily risk the imposition of sanctions." *Id.*

The Government has engaged in exactly the type of gamesmanship mandatory disclosures under Rule 26(a) were designed to eliminate. *Id.*; *see also Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 204 (5th Cir. 2016) ("Rule 26(a)(1)'s automatic disclosure requirement 'was adopted to end two evils that had threatened civil litigation: expensive and time-consuming pretrial discovery techniques and trial-by-ambush.'") (citing *Standley v. Edmonds-Leach*, 783

F.3d 1276, 1283 (D.C. Cir. 2015)). According to the Government, because at the time of its 26(a) disclosures its defenses "were exclusively legal in nature, not factual" none of its defenses were "based on the support of factual witnesses." ECF No. 155 at 3. The Court finds the Government's explanation perplexing given the procedural history and timeline of this case. The Government's Motion to Dismiss was denied in part on May 23, 2019, and the parties were ordered at that time to resume discovery. ECF No. 59 at 40. The Government did not make its 26(a)(1) disclosures until a full month later on June 24, 2019. ECF No. 155 at 2. The Government began filing its answers to the complaints in these consolidated cases on July 18, 2019, with the most recent being filed on October 29, 2019 – each of which asserts over a dozen defenses and is at least eighty (80) pages long. ECF Nos. 106, 108, 109, 110, 111, 112, 113, 114, 115, 118, 119, 120, 123, 138, 139, 140, 154. Yet by its motion for reconsideration, the Government is asserting that at the time that it certified its disclosures on June 24, 2019, and through the date of the status conference held on September 25, 2019 – over one year from the filing of this suit in June 2018 – it had not identified even one witness who may have discoverable information that the Government may use to support any of its multitude of claims, defenses, or denials in any pretrial proceeding, motion, or at trial. The Court finds such a claim dubious, at best.

The Government also argues it had "substantial justification" for delaying its Rule 26(a)(1) disclosures based on the Government seeking a protective order. Once again, the procedural history and timeline of this case provide no support for the Government's assertions. The Government was ordered to resume discovery in this Court's May 23, 2019 order. ECF No. 59 at 40. The parties were obligated to make their Rule 26(a)(1) disclosures within 14 days of the Rule 26(f) conference. The parties submitted their Rule 26(f) Report on June 13, 2019, and

the Government made its Rule 26(a) disclosures to Plaintiffs on June 24, 2019.  Not until August 29, 2019 did the Government file a Motion for Protective Order (ECF No. 124).  As stated in open court, the Government has no basis for seeking such an order (ECF No. 148 at 7–8), and its motion was denied.  The Government also asserts no legal authority for the proposition that a party's Rule 26(a)(1) obligations are stayed based on the disclosing party filing, two months after such disclosures are due, a motion for a protective order.  To be substantially justified, an attorney's decision to refrain from disclosing information under Rule 26(a)(1) must have a "reasonable basis both in law and fact."  *Olivarez*, 844 F.3d at 205 (5th Cir. 2016) (citing *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988)).  The Government's purported reason for refraining from making its mandatory disclosures has a basis in neither.  The Court finds the Government has put forth no substantial justification for its failure to comply with Rules 26(a)(1) and 26(g).

In addition, the Government failed in its obligations under Rules 26(f)(2) and (3).  It failed in good faith to meet and confer regarding discovery.  Because of this failure, the Court was required to actively intervene in the September 25, 2019 Rule 16 conference to fashion an initial round of discovery.  The Government's unjustified refusal to disclose names of appropriate witnesses evidenced its failure to participate in the Rule 16 conference in good faith and accordingly warranted sanctions under Rule 16(f).

## CONCLUSION

The Court finds that the Government failed to fulfill its obligations under Rule 26(a)(1), that its certification of its disclosures as complete and correct violated Rule 26(g) without substantial justification.  The Court finds that the Government failed to fulfill its obligations under Rules 26(f)(2) and (3) and Rule 16.  Accordingly, the sanctions imposed by this Court are

warranted under Rules 26(g) and 16(f). Thus, the Court declines the Government's invitation to reconsider the sanctions imposed. The Government's motion is DENIED.

It is so ORDERED.

SIGNED this 5th day of November, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE