**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOE HOLCOMBE, INDIVIDUALLY, AS HEIRS AT LAW AND AS REPRESENTATIVES OF THE ESTATE OF JOHN BRYAN HOLCOMBE, DECEASED; AND CLARYCE HOLCOMBE, INDIVIDUALLY, AS HEIRS AT LAW AND AS REPRESENTATIVES OF THE ESTATE OF JOHN BRYAN HOLCOMBE, DECEASED;<br>    *Plaintiffs*<br><br>-vs-<br><br>UNITED STATES OF AMERICA,<br>    *Defendant* | §§§§§§§§§§ | SA-18-CV-00555-XR |

## ORDER

On this date, the Court considered Plaintiff-Intervenor Ruben D. Rios, Jr.'s Motion to Intervene (ECF No. 158). For the reasons stated herein, the motion is GRANTED. Plaintiff-Intervenor is ORDERED to file his Complaint in Intervention by **December 23, 2019**.

## BACKGROUND

This case and those consolidated with it have been brought by family members and representatives of deceased victims as well as survivors of the mass shooting that occurred on November 5, 2017 in Sutherland Springs, Texas. Plaintiffs seek damages against the United States under the Federal Tort Claims Act. The thrust of these lawsuits is that the shooter, Devin Kelley, should not have been able to purchase firearms, but failures by the United States Air Force and the Department of Defense to collect, handle, and report required information allowed him to do so.

1

Plaintiff-Intervenor Ruben D. Rios, Jr. ("Rios") is the surviving spouse of Tara McNulty, one of the victims of the shooting.  Plaintiff Lisa McNulty, individually, as personal representative of the estate of Tara McNulty, and as legal guardian of H.M. and J.M., two minor children, filed her original complaint against the United States on September 18, 2018.  *McNulty v. U.S.*, Civil Action No. 5:18-CV-00949-XR, ECF No. 1.  On September 30, 2018, this Court issued an order consolidating Plaintiff McNulty's case with the lead case, *Holcombe v. U.S.*, Civil Action No. 5:18-CV-00555-XR.  Both Plaintiff McNulty and Rios seek wrongful death and survival damages against the United States arising out of the death of Tara McNulty.

On November 4, 2019, Rios filed this motion to intervene in order to participate in this case.  Rios seeks permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).  Rios requests permission to file his Complaint in Intervention, which was attached to his motion.  Rios wishes to file his suit individually and as heir at law to the Estate of Tara McNulty.  No party has timely filed a response to this motion.

## DISCUSSION

"Federal courts should allow intervention where no one would be hurt and the greater justice could be attained."  *Doe v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001).  Federal Rule of Civil Procedure 24 governs intervention and provides grounds for mandatory and permissive intervention.  FED. R. CIV. P. 24; *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996). Rule 24(b)(2) provides a mechanism for an individual to permissively intervene into an existing action, "[u]pon timely application ... when an applicant's claim or defense and the main action have a question of law or fact in common."  FED. R. CIV. P. 24(b)(2).  In evaluating an individual's right to permissively intervene, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  *Id.*

2

A motion for permissive intervention must be "timely" made. FED. R. CIV. P. 24(b)(2). The timeliness of an application to intervene "is not limited to chronological considerations," but depends on all the circumstances of each case. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). A court's evaluation of the timeliness of an application should focus on the following factors: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) prejudice to the existing parties resulting from the intervenor's failure to apply for intervention sooner; (3) prejudice to the intervenor if his application is denied; and (4) the existence of unusual circumstances. *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003) (citing *Stallworth*, 558 F.2d at 644-49).

The Court finds that Rios' motion to intervene was timely filed. Due to the complexity of these cases, discovery has proceeded slowly as the Government filed and briefed its motion to dismiss and its answers in these cases. By order denying the Government's motion to dismiss, issued on May 23, 2019, the parties were ordered to resume discovery. ECF No. 59. The Court issued a scheduling order on June 24, 2019. ECF No. 98. Per that order, the deadline for completion of discovery is April 1, 2020; the deadline to submit pretrial motions is June 1, 2020; and trial is scheduled for September 8, 2020. *Id.* The Court also held a status conference in this case on September 25, 2019, where it was clear that significant discovery in this case has just recently begun in earnest. Rios' proposed complaint is substantially similar to other complaints filed by other plaintiffs. Based on the current status of discovery, the similarity of the claims at issue, and other parties' failure to object, the Court finds no prejudice to existing parties from Rios' failure to apply for intervention sooner. And, as Rios' motion points out, he would be significantly prejudiced if he were not allowed to intervene because he would be unable to represent his interests in this litigation. Rios does not raise, and the Court is unaware of, any

unusual circumstances to consider. For these reasons, the Court finds Rios' motion to intervene to be timely.

Permissive intervention is a matter wholly discretionary with the district court as long as the intervenor's claims or defenses and the main action have a common question of law or fact. *Stallworth*, 558 F.2d at 269. It is clear that Rios' claims have common questions of both law and fact with Plaintiff McNulty's claims related to the death of Lisa McNulty, and with the other cases consolidated here. The Court also finds that intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

## CONCLUSION

The motion to intervene (ECF No. 158) is GRANTED. Rios is ORDERED to file his Complaint in Intervention by **December 23, 2019**.

It is so ORDERED.

SIGNED this 26th day of November, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE