IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DONNA WHITE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ROY WHITE, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CIVIL ACTION NO. 5:19-cv-01291-XR <br> (*consolidated with* 5:18-cv-555-XR) |

**UNITED STATES' MOTION TO DISMISS**

**STATEMENT**

The present Complaint seeks damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, for the death of Lula White, who was killed in the November 5, 2017, shooting in the First Baptist Church in Sutherland Springs Texas.  However, this Complaint was not brought by Lula White's estate, nor by one of her children.  Rather, it is brought by Donna White who is the wife of Lula White's deceased son, Roy White.  Plaintiff Donna White, individually or on behalf of the estate of her husband, is not entitled to bring suit for the claims alleged.  Moreover, to the extent that this Plaintiff could bring an action, her claims have not been administratively exhausted.

**FACTUAL ALLEGATIONS**

The underlying factual allegations are well known to the court, and have been described in other filings.  The facts that are relevant to this motion are as follows:

On November 5, 2017, Devin Kelley, a former member of the Air Force, entered the First Baptist Church of Sutherland Springs in Sutherland Springs, Texas, killed twenty six people and wounded an additional twenty.[1]  Lula White was one of the victims killed in the shooting.[2]  Roy White, the son of Lula White, filed an administrative claim with the Air Force on January 22, 2018.[3]  Roy White has since passed away.[4]  The present action, commenced on October 30, 2019, was filed by Donna White, the surviving spouse of Roy White.[5]  Donna White,

---

[1] Compl. at ¶¶ 3.44, 7.1.

[2] Compl. at ¶ 7.2.

[3] Compl. at ¶ 10.1; Ex. 1.

[4] Compl. at ¶ 7.4.

[5] Compl. at ¶ 7.5.

individually and as representative of the estate of Roy White "seeks all available damages for the claims possessed by The Estate of Roy White, for which the Estate is entitled in law and in equity."[6] Donna White, individually and on behalf of the estate of Roy White, filed an administrative claim with the Air Force dated October 30, 2019, the same date that the present Complaint was filed.[7]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's subject matter jurisdiction over a case. *Mentis El Paso, LLP v. Health Care Serv. Corp.*, 58 F. Supp. 3d 745, 749 (W.D. Tex. 2014). "The party asserting jurisdiction bears the burden of proof for a Rule 12(b)(1) motion to dismiss." *Id.* (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." In evaluating a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009). The court considers the complaint, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

"It is axiomatic that the United States may not be sued without its consent and the existence of such consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Federal courts are courts of limited [subject matter] jurisdiction," and as such

---

[6] Compl. at ¶ 7.6.

[7] Ex. 2.

there is no presumption that the court has jurisdiction. *Ziegler v. Champion Mortg. Co.*, 913 F.2d 228, 229. (5th Cir. 1990). The plaintiff bears the burden of proof on questions of subject-matter jurisdiction. *Menchaca v. Chrylser Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), *cert. denied*, 449 U.S. 953 (1980). In a cause of action based on the Federal Tort Claims Act, the failure to exhaust administrative remedies is a matter of subject matter jurisdiction. 28 U.S.C. § 2675(a); *see also Frantz v. United States*, 29 F.3d 222, 224 (5th Cir. 1994).

## ARGUMENT

**I.  UNDER TEXAS LAW, DONNA WHITE CANNOT BRING A WRONGFUL DEATH CLAIM OR A SURVIVORSHIP CLAIM ON BEHALF OF LULA WHITE**

Plaintiff brought this action under the FTCA. Actions under the FTCA are governed by state law, 28 USC § 1346(b); here, Texas law governs. Plaintiff is seeking damages for the death of her mother-in-law, Lula White, under the Texas Wrongful Death Statute.

The Texas Wrongful Death Statute provides:

> (a) An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.
>
> (b) The surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all.
>
> (c) If none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals.

Tex. Civ. Prac. & Rem. Code Ann. § 71.004

In an action under the Texas Wrongful Death Statute, "[t]he damages awarded shall be divided, in shares as found by the jury in its verdict, among the individuals who are entitled to recover and who are alive at that time." Tex. Civ. Prac. & Rem. Code Ann. § 71.010. ". . . [T]he

4

courts of [Texas] have consistently held that since the right of action conferred by the Wrongful Death statutes is personal and for the sole benefit of the named beneficiary that such cause of action ceases to exist upon the death of such beneficiary." *Carter v. Van Meter*, 495 S.W.2d 583, 586 (Tex. Civ. App. 1973); *see also Coffey v. Johnson*, 142 S.W.3d 414, 417 (Tex. App. 2004). As such, when a beneficiary dies before damages are awarded, that beneficiary's claims are extinguished. *Id.*

Here, Plaintiff is not advancing any individual claim on her own behalf. Instead, Plaintiff's claims are derived entirely from her husband, Roy White, and she seeks damages "for the claims possessed by the Estate of Roy White, for which the Estate is entitled in law and in equity." Compl. ¶ 7.6. However, Roy White's wrongful death claims seeking to recover damages for the death of his mother were extinguished at the time of his death. The Estate of Roy White therefore does not possess any claims for the wrongful death of Lula White. And, as Plaintiff is not herself a spouse, child, or parent of Lula White, she is not entitled to recover anything under the Texas Wrongful Death Statute. To the extent that other beneficiaries might seek damages for the death of Lula White, the executor or administrator of Lula White's estate is the only person who may bring a wrongful death suit on their behalf. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.004(c).

To the extent that Plaintiff seeks damages under the Texas Survival Statute, her claim also fails. Under Texas law, "[a] personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." Tex. Civ. Prac. & Rem. Code Ann. § 71.021. "The survival cause of action is 'wholly derivative' of the deceased's rights, and the recoverable damages are those the decedent suffered while alive." *Estate of Howard*, 543 S.W.3d 397, 404 (Tex. App. 2018). "Generally only the estate's personal representative has the

capacity to bring a survival claim." *Johnston v. Dexel*, 373 F. Supp. 3d 764, 784 (S.D. Tex. 2019) (internal citations and quotation marks omitted). "However, circumstances can exist when an heir may have standing to bring suit on behalf of the decedent's estate. Heirs at law can maintain a survival suit during the four-year period the law allows for instituting administration proceedings if they allege and prove that there is no administration pending and none necessary." *Shepherd v. Ledford*, 962 S.W.2d 28, 31–32 (Tex. 1998).

Thus, only the estate of Lula White or one of Lula White's heirs would be a proper party to assert a survival action. Plaintiff has not alleged that she is either an heir of Lula White, or the representative of Lula White's estate. Moreover, even if Plaintiff were to allege that she is one of Lula White's heirs, she has also failed to allege that there is no administration pending for the estate of Lula White and that none is necessary. Accordingly, Plaintiff cannot maintain her suit under as either a wrongful death action or as a survival action, and the suit must be dismissed.

## II. PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES

In any event, Plaintiff's claims have been brought prematurely. A jurisdictional prerequisite to bringing an action against the United States under the FTCA is that the claimant must present a claim to the appropriate federal agency; the claim must be either denied or six months must pass after the filing of the claim before a complaint may be brought. 28 U.S.C. § 2675(a).

Here, the Complaint references a claim presented to the United States Air Force on January 22, 2018. This claim was on behalf of "Roy White, individually and as representative of the estate of Lula White." Ex. 1. The present Complaint was filed by "Donna White individually and as representative of the estate of Roy White." Another administrative claim was submitted by "Donna White, individually and as representative of the estate of Roy White"; that

claim was dated October 30, 2019. Ex. 2. Donna White, individually, has failed to administratively exhaust her claims. The claim filed on October 30, 2019, the same date that the present Complaint was filed, clearly does not meet the jurisdictional prerequisite that a claim must be denied, or six months must pass, before an administrative claim can be deemed denied and a complaint may be filed.

Roy White's estate has no claims to pursue. Roy White's individual claim for wrongful death ended at his death. *Carter*, 495 S.W.2d at 586. Further, Roy White, individually, did not have the capacity to bring suit for a survival action. *See Shepherd*, 962 S.W.2d at 31–32 ("circumstances can exist when an heir may have standing to bring suit **on behalf of the decedent's estate**" (emphasis added)). Rather, Roy White could only bring a survival action in his capacity as personal representative of Lula White's estate. Plaintiff, however is not purporting to act on behalf of Lula White's estate, only on behalf of Roy White's estate. Accordingly, Plaintiff has failed to exhaust her claims. *See McNeil v. United States*, 508 U.S. 106 (1993); *Reynolds v. United States*, 748 F.2d 291 (5th Cir. 1984).

## CONCLUSION

For the foregoing reasons, this action should be dismissed with prejudice.

Dated: March 4, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　JOSEPH H. HUNT
　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　Civil Division

　　　　　　　　　　　　　　　　　　JOHN F. BASH
　　　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　　　Western District of Texas

　　　　　　　　　　　　　　　　　　JAMES G. TOUHEY, JR.
　　　　　　　　　　　　　　　　　　Director, Torts Branch
　　　　　　　　　　　　　　　　　　Civil Division

                JOHN PANISZCZYN
                Civil Chief
                United States Attorney's Office
                Western District of Texas

                STEPHEN E. HANDLER
                Senior Trial Counsel, Torts Branch
                Civil Division

By:    */s/ Paul David Stern*
                PAUL DAVID STERN
                AUSTIN L. FURMAN
                JOCELYN KRIEGER
                Trial Attorneys, Torts Branch
                United States Department of Justice
                Civil Division

                *Counsel for the United States of America*

## **CERTIFICATE OF SERVICE**

I certify that on March 4, 2020, I electronically filed the foregoing with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record and any other electronic filer as of the time of the filing.

| | |
|---|---|
| Thomas J. Henry<br>Bar No. 09484210<br><br>Marco A. Crawford<br>Bar No. 24068756<br><br>Dennis J. Bentley<br>Bar No. 24079654<br><br>The Law Offices of Thomas J. Henry<br>521 Starr Street<br>Corpus Christi, TX  78401<br>Telephone: 361-985-0600<br>Facsimile:  361-985-0601<br>Email: mcrawford-svc@tjhlaw.com | Robert C. Hilliard<br>Bar No. 09677700<br>bobh@hmglawfirm.com<br><br>Catherine D. Tobin<br>Bar No. 24013642<br>catherine@hmglawfirm.com<br><br>Marion Reilly<br>Bar No. 24079195<br>marion@hmglawfirm.com<br><br>Hilliard Martinez Gonzales LLP<br>719 S. Shoreline Blvd.<br>Corpus Christi, TX 78401<br>Telephone: 800-334-3298 |

        */s/ Paul David Stern*
        PAUL DAVID STERN
        Trial Attorney, Torts Branch
        *Attorney for Defendant*