Thomas J. Henry Injury Attorneys
4715 Fredericksburg Rd., Ste. 507
San Antonio, TX 78229

A FWA
340

The Claims and Tort Litigation Division
1500 West Perimeter Road, Ste. 1700
Joint Base Andrews, MD 20762

7017 1450 0000 5026 6149



UNITED STATES POSTAGE
PITNEY BOWES

02 1P          $ 007.750
0000876533     OCT 31 2019
MAILED FROM ZIP CODE 78401

# THOMAS J HENRY

## INJURY ATTORNEYS

A TRIAL FIRM OF MORE THAN 150 ATTORNEYS
REPRESENTING VICTIMS NATIONWIDE FOR MORE THAN 25 YEARS

October 30, 2019

***VIA CMRRR: 7017 1450 0000 5026 6149***
The Claims and Tort Litigation Division
1500 West Perimeter Road, Suite 1700
Joint Base Andrews, MD 20762

      RE:    Donna White As Representative of the Estate of Roy White v. The United States of America.

To Whom It May Concern:

      This firm represents Donna White as Representative of the Estate of Roy White, for damages that were sustained as a result of the incident which took place at the First Baptist Church of Sutherland Springs, Texas on November 5, 2017.

      This firm has previously submitted an SF-95 form to the appropriate Federal Agencies for Roy White, as Representative of the Estate of Lula White (Mr. White's deceased mother) and was assigned Claim No. 18-6183.

      Since that time, Roy White has passed away. Donna White intends to continue to pursue the claims held by the Estate of Roy White. It is the Claimant's belief that she can continue to bring the Claims of Roy White's Estate which were assigned Cause No. 18-6183 and that a new SF-95 form is not necessary. However, out of an abundance of caution, Donna White is submitting another SF-95 form to ensure compliance before the Statute of Limitations expires.

      Should you have any questions or need any additional information, please do not hesitate to contact our offices.

               Very truly yours,

               THOMAS J. HENRY, INJURY ATTORNEYS

               Marco Crawford

Enclosure:

***VIA CMRRR: 7017 1450 0000 5026 6132***
United States Air Force
1690 Air Force Pentagon
Washington, D.C. 20330-1670

***VIA CMRRR: 7017 1450 0000 5026 6125***
12FTW/JA
Attn: Claims Office
1 Washington Circle, Suite 6
JBSA-Randolph, Texas 78150-4564


***VIA CMRRR: 7017 1450 0000 5026 6118***
John F. Bash
United States Attorney for the Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216

| CLAIM FOR DAMAGE, INJURY, OR DEATH | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency:<br><br>United States Air Force<br>1690 Air Force Pentagon<br>Washington, D.C. 20330-1670 | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.<br><br>Donna White individually and as representative of the estate of Roy White. |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>10/10/1956 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>11/05/2017 | 7. TIME (A.M. OR P.M.)<br>11:20 A.M. |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Devin Kelley ("Kelley") entered the First Baptist Church in Sutherland Springs, Texas, wielding an AR-15 pattern Ruger AR556 semi-automatic rifle and massacred the parishioners, killing 26 people and injuring 20 others. Roy White's Mother, Lula White, was among those killed by Kelley. The U.S. Air Force failed to report Kelley's 2012 domestic violence convictions to the FBI-- because of that failure, and the Air Force's negligence, Kelley passed background checks and was allowed to purchase the gun he used in the mass shooting, when he should have been blocked from doing so.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

None

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See attached.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| See attached. | See attached. | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 0.00 | 25,000,000 | 25,000,000 | 50,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>(210)656-1000 | 14. DATE OF SIGNATURE<br>10/30/2019 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001). |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

Rec'd   NOV 07 2019

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

| 15. Do you carry accident Insurance?   ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No |
|---|
| N/A |

| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☐ No | 17. If deductible, state amount. |
|---|---|
| N/A | 0.00 |

| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). |
|---|
| N/A |

| 19. Do you carry public liability and property damage insurance?   ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No |
|---|
| N/A |

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is *solely* for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

## CONTINUATION OF SF95

**1. Submit to Appropriate Federal Agency:**

***VIA CMRRR: 7017 1450 0000 5026 6149***
The Claims and Tort Litigation Division
1500 West Perimeter Road, Suite 1700
Joint Base Andrews, MD 20762

***VIA CMRRR: 7017 1450 0000 5026 6125***
12FTW/JA
Attn: Claims Office
1 Washington Circle, Suite 6
JBSA-Randolph, Texas 78150-4564

***VIA CMRRR: 7017 1450 0000 5026 6118***
John F. Bash
United States Attorney for the Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216

***VIA CMRRR: 7017 1450 0000 5026 6132***
United States Air Force
1690 Air Force Pentagon
Washington, D.C. 20330-1670

**2. Claimants Name and Address:**

Donna White, Individually and as representative of the estate of Roy White, previously brought as Roy White individually and as representative of the estate of Lula White.

**ATTORNEYS' NAME AND ADDRESS:**

Robert C. Hilliard
Catherine D. Tobin
Marion M. Reilly
Bradford Klager
Hilliard Martinez Gonzales
719 S. Shoreline Blvd.
Corpus Christi, Texas 78401

Thomas J. Henry
Marco A. Crawford
Dennis J. Bentley
Thomas J. Henry Injury Attorneys
521 Starr Street
Corpus Christi, Texas 78401

**10. STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.**

Roy White's mother, Lula White, was among those killed as a result of the U.S. Air Force's wrongful and negligent conduct.  Specifically, the Air Force failed to enter Kelley's domestic violence court-martial into a federal database, which would have prevented Kelley from purchasing a firearm.  As a result of the Air Force's negligence, Kelley was able to purchase the rifle he used to kill Lula White.

Kelley enlisted in the Air Force in 2010 and received a bad conduct discharge from service in 2014. While in the Air Force, Kelley was convicted of domestic assault on his wife and infant stepson, cracking the child's skull. He was sentenced to one year's confinement.

The federal laws requiring Kelley's conviction to be recorded in the database was enacted to prevent exactly the type of harm that is the basis of this claim. Under terms of a 1996 amendment to the Gun Control Act, known as Lautenberg Amendment, the law lists 11 criteria that would bar someone from purchasing a firearm, including 2 that would have applied to Kelley.

This domestic violence conviction alone should have stopped Kelley from legally purchasing the military-style rifle and three other guns he bought in the last four years. Kelley's conviction of a crime punishable by more than a year in prison also required his entry into the database. Both would have flagged Kelley as ineligible to buy the weapons, if the FBI had been made aware of either of these facts. But the Air Force failed to enter his name for either reason into the federal database for background checks on gun purchasers.

Air Force personnel knew about Kelley's dangerous past and had the obligation to warn others by recording his conviction in the FBI's database. Roy White and Lula White's injuries were foreseeable.

Roy White previously filed this Administrative Claim on behalf of himself and his deceased mother.  The claim was assigned Claim No. 18-6183.  Since then, Roy White has passed away. Donna White now brings this claim on behalf of the Estate of Roy White.

It is the Claimant's position that the prior Administrative Claim filed by Roy White satisfied the claimant's requirement to first present the claim with the proper Federal Administrative Agency, and that Donna White, as Representative of the Estate of Roy White, can continue to prosecute Claim No. 18-6183.  However, out of an abundance of caution, Donna White again files this Federal Administrative claim, to guarantee compliance before the Statute of Limitations passes.

---

**11. Witnesses:**

At this time, Donna White is unaware of the names and contact information for the witnesses to the incident made the basis of this claim, other than those who lost their lives.

---

**13.a Signature of Claimant:**

This SF95 Form is signed by Attorney Marco Crawford.  Attached is a copy of the contract originally signed by Roy White, as well as the contract signed by Donna White, which shows authority to bring this claim.

**Additional Attachments**

1.) Contract Between Donna White and The Law Offices of Thomas J. Henry.
2.) Contract Between Roy White and The Law Offices of Thomas J. Henry.
3.) Death Certificate for Lula White, who was the Mother of Roy White.
4.) Correspondence from the Air Force for Claim No. 18-6183 Dated Feb. 9, 2018.
5.) Claimants Supplemental Letter for Claim No. 18-6183 Dated July 31, 2018.

## THIS CONTRACT IS SUBJECT TO ARBITRATION

### POWER OF ATTORNEY AND CONTINGENT FEE CONTRACT

This agreement is made between Client(s), referred to as "client" and The Law Offices of Thomas J. Henry, hereinafter referred to as "Attorneys".

In consideration of the mutual promises herein contained, the parties hereto agree as follows:

1. **PURPOSE OF REPRESENTATION**

The client hereby retains and employs Attorneys to sue for and recover all damages and compensation to which the client may be entitled as well as to compromise, settle or try all claims arising out of an incident which occurred on or about 11/05/2017.

It is specifically agreed and understood that Attorneys' representation is limited to specific persons and or companies named as clients and that Attorneys are not representing or expected to represent any other person or entity not named herein as a client.  It is expressly agreed and understood that Attorneys' obligations are limited to representing Client in the specific matters documented herein, and Clients do not expect Attorneys to do anything else.

Client's signature hereon confirms that said client was not improperly solicited by The Law Offices of Thomas J. Henry

2. **ATTORNEYS' FEES**

**A. General Fee Agreement:** In consideration of the services rendered and to be rendered to Client by Attorneys, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all the claims and courses of action for and as a reasonable contingent fee for Attorneys' services and said contingent attorneys' fee will be figured on the total gross recovery which includes any money received.

**B. Federal Government and Government Claims or Suit:**

1.  Federal Tort Claims Act: For cases arising out of, or subject to the Federal Tort Claims Act, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all the claims and courses of action for and as a reasonable contingent fee for Attorneys' services and said contingent attorneys' fee will be figured on the total gross recovery which includes any money received:

          20%    of any award or settlement made by an administrative agency;

          25%    of any settlement or recovery made after suit is filed;

2.  In consideration of the services rendered and to be rendered to Client by Attorneys, Client does hereby assign grant and convey to Attorney the following present undivided interests in all the claims and courses of action for and as a reasonable contingent fee for Attorneys' services and said contingent attorneys' fee will be figured on the total gross recovery which includes any money received:

3. **ASSIGNMENT OF INTEREST**

In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the

time of the settlement to pay the attorneys' fees which will be figured on the present value of the total settlement, including the present value of future payments.

All sums due and to become due are payable at The Law Offices of Thomas J. Henry in Nueces County, Texas.

### 4.   APPROVAL NECESSARY FOR SETTLEMENT

No settlement of any nature shall be made without Client's approval and Client agrees to make no settlement or offer of settlement without the approval of the Attorneys.

Attorneys are hereby granted a Power of Attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations and papers as shall be reasonably necessary to conclude this representation, including settlement and/or reducing to possession any and all monies or other things of value due to the Client under the claim as fully as the Client could do in person. Attorneys are also authorized and empowered as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

### 5.   REPRESENTATIONS

It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired. Client realizes that Attorneys will be investigating the law and facts applicable to this claim on a continuing basis and should Attorneys learn something which in the opinion of attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

I understand that if I am currently receiving SSI, Medicaid, or certain other government benefits, and enter into any settlement without a financial consultant and/or attorney taking appropriate precautions on my behalf, that my receipt of these government benefits may be changed, stopped or delayed. The Law Offices of Thomas J. Henry is not providing legal advice regarding any issue regarding SSI, Medicaid, or certain other government benefits.

### 6.   DEDUCTION OF EXPENSES

Client additionally agrees that Attorneys are to be repaid and reimbursed out of client's recovery for all Court costs and expenses of litigation and non-litigation Attorney has paid or incurred. Including but not limited to, collection by various agents for The Law Offices of Thomas J. Henry of medical records, affidavits, statements, depositions, investigator expenses, expert witness expenses, photographs, witness fees, Court costs, travel, meals, copies, long-distance calls, postage, advances to Client or in Client's behalf, or any other expense reasonably related to Client's claim. Regardless of the outcome of the matter described above, all medical expenses, subrogation claims, any and all liens, and adverse parties' costs and expenses shall be the sole responsibility of client. Client agrees that attorneys may borrow funds from a commercial bank to advance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement recovery.

The Law Offices of Thomas J. Henry have Client's permission to send "Letters of Protection" to providers for the benefit of client and attorneys are authorized to pay resultant monies owed from the Client's recovery at the resolution of the case.

### 7.   COOPERATION OF CLIENT

Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys. Client further agrees to keep attorneys advised of his/her whereabouts at all times, and to provide attorneys with any changes of address, phone number, or business affiliation in writing.

Attorneys or either of them may at his/her option, withdraw from the case and cease to represent the client should client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to be involved in this case. Such withdrawal will be effective by mailing written notice to client's last known address.

8. **ASSOCIATION OF OTHER ATTORNEYS**

Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the client. The Law Offices of Thomas J. Henry is a law firm with a number of attorneys. Various of those attorneys may work on Client's case.

9. **TEXAS LAW TO APPLY**

This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of client and of Attorneys regarding attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

10. **ARBITRATION**

Any and all disputes, controversies, claims or demands arising out of or relating to this Agreement or any provision hereof, the providing of services by Attorneys to Client, or in any way relating to the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in affect with the American Arbitration Association. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas, pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas, having jurisdiction.

11. **PARTIES BOUND**

This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors and assigns.

12. **LEGAL CONSTRUCTION**

In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

13. **PRIOR AGREEMENTS SUPERSEDED**

This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this ___30___ day of ___October___, 2019

THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER THE TEXAS GENERAL ARBITRATION STATUTE.

X _Donna White_____
Dona White As Representative of the Estate of Roy White, Deceased

X _____
Attorney

DocuSign Envelope ID: BE6308FA-2BFC-4999-A;   ,40F4A84E343

## THIS CONTRACT IS SUBJECT TO ARBITRATION

### POWER OF ATTORNEY AND CONTINGENT FEE CONTRACT

This agreement is made between Client(s), referred to as "client" and the The Law Offices of Thomas J. Henry, hereinafter referred to as "Attorneys".

In consideration of the mutual promises herein contained, the parties hereto agree as follows:

**1.      PURPOSE OF REPRESENTATION**

The client hereby retain and employs Attorneys to sue for and recover all damages and compensation to which the client may be entitled as well as to compromise and settle all claims arising out of on or about: **11/5/2017.**

It is specifically agreed and understood that Attorneys' representation is limited to specific persons and or companies named as clients and that Attorneys are not representing or expected to represent any other person or entity not named herein as a client.  It is expressly agreed and understood that Attorneys' obligations are limited to representing Client in the specific matters documented herein, and Clients do not expect Attorneys to do anything else.

Client's signature hereon confirms that said client was not improperly solicited by The Law Offices of Thomas J. Henry

**2.      ATTORNEYS' FEES**

**A. General Fee Agreement:** In consideration of the services rendered and to be rendered to Client by Attorneys, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all the claims and courses of action for and as a reasonable contingent fee for Attorneys' services and said contingent attorneys' fee will be figured on the total gross recovery which includes any money received.

**B. Federal Government and Government Claims or Suit:**

  1. Federal Tort Claims Act: For cases arising out of, or subject to the Federal Tort Claims Act, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all the claims and courses of action for and as a reasonable contingent fee for Attorneys' services and said contingent attorneys' fee will be figured on the total gross recovery which includes any money received:

       20 %      of any award or settlement made by an administrative agency;
       25 %      of any settlement or recovery made after suit is filed;

  2. In consideration of the services rendered and to be rendered to Client by Attorneys, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all the claims and courses of action for and as a reasonable contingent fee for Attorneys' services and said contingent attorneys' fee will be figured on the total gross recovery which includes any money received:

███████████████████████████████████████████

**3.      ASSIGNMENT OF INTEREST**

In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorneys' fees which will be figured on the present value of the total settlement, including the present value of future payments.

All sums due and to become due are payable at The Law Offices of Thomas J. Henry in Nueces County, Texas.

**4.      APPROVAL NECESSARY FOR SETTLEMENT**

No settlement of any nature shall be made without Client's approval and Client agrees to make no settlement or offer of settlement without the approval of the Attorneys.

Attorneys are hereby granted a Power of Attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations and papers as shall be reasonably necessary to conclude this representation, including settlement and/or reducing to possession any and all monies or other things of value due to the Client under the claim as fully as the Client could do in person.  Attorneys are also authorized and empowered as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

**5.      REPRESENTATIONS**

It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Client realizes that Attorneys will be investigating the law and facts applicable to this claim on a continuing basis and should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

  I understand that if I am currently receiving SSI, Medicaid, or certain other government benefits, and enter into any settlement without a financial consultant and/or attorney taking appropriate precautions on my behalf, that my receipt of these government benefits may be changed, stopped or delayed.  The Law Offices of Thomas J. Henry is not providing legal advice regarding any issue regarding SSI, Medicaid, or certain other government benefits.

DocuSign Envelope ID: BE6306FA-2BFC-4999-A：　/40F4A84E343

**6.    DEDUCTION OF EXPENSES**
Client additionally agrees that Attorneys are to be repaid and reimbursed out of client's recovery for all Court costs and expenses of litigation and non-litigation Attorney has paid or incurred. Including but not limited to, collection by various agents for The Law Offices of Thomas J. Henry of medical records, affidavits, statements, depositions, investigator expenses, expert witness expenses, photographs, witness fees, Court costs, travel, meals, copies, long-distance calls, postage, advances to Client or in Client's behalf, or any other expense reasonably related to Client's claim. Regardless of the outcome of the matter described above, all medical expenses, subrogation claims, any and all liens, and adverse parties' costs and expenses shall be the sole responsibility of client. Client agrees that attorneys may borrow funds from a commercial bank to advance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement recovery.

The Law Offices of Thomas J. Henry have Client's permission to send "Letters of Protection" to providers for the benefit of client and attorneys are authorized to pay resultant monies owed from the Client's recovery at the resolution of the case.

**7.    COOPERATION OF CLIENT**
Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys. Client further agrees to keep attorneys advised of his/her whereabouts at all times, and to provide attorneys with any changes of address, phone number, or business affiliation in writing.

Attorneys or either of them may at his/her option, withdraw from the case and cease to represent the client should client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to be involved in this case. Such withdrawal will be effective by mailing written notice to client's last known address.

**8.    ASSOCIATION OF OTHER ATTORNEYS**
Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the client. The Law Offices of Thomas J. Henry is a law firm with a number of attorneys; and, several of those attorneys may work on Client's case.

**9.    TEXAS LAW TO APPLY**
This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of client and of Attorneys regarding attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas. Any suit between Client and Attorneys or either of them regarding Attorneys' representation of client or regarding anything covered by this Agreement will be filed in a Court of competent jurisdiction in Nueces County, Texas.

**10.    ARBITRATION**
Any and all disputes, controversies, claims or demands arising out of or relating to this Agreement or any provision hereof, the providing of services by Attorneys to Client, or in any way relating to the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in affect with the American Arbitration Association. Any such arbitration proceeding shall be conducted in Nueces County, Texas. This arbitration provision shall be enforceable in either federal or state court in Nueces County, Texas, pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Nueces County, Texas, having jurisdiction.

**11.    PARTIES BOUND**
This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors and assigns.

**12.    LEGAL CONSTRUCTION**
In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

**13.    PRIOR AGREEMENTS SUPERSEDED**
This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

11/22/2017

Signed and accepted this _____ day of _____, 2017.

THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER THE TEXAS GENERAL ARBITRATION STATUTE.

X _____
CLIENT:

X _____
ATTORNEY

**STATE OF TEXAS**
**CERTIFICATION OF VITAL RECORD**

## WILSON COUNTY

Filed: November 17, 2017   TEXAS DEPARTMENT OF STATE HEALTH SERVICES   Vol. 17   Pg. 598

598

**STATE OF TEXAS** — **CERTIFICATE OF DEATH**

| STATE FILE NUMBER | |
|---|---|
| 1. LEGAL NAME OF DECEDENT (Include AKA's, if any) (First, Middle, Last) | 2. DATE OF DEATH – ACTUAL OR PRESUMED (mm-dd-yyyy) |
| LULA MAY WHITE (Before Marriage) WOICINSKI | NOVEMBER 5, 2017 |

| 3. SEX | 4. DATE OF BIRTH (mm-dd-yyyy) | 5. AGE-Last Birthday (Years) | IF UNDER 1 YR | IF UNDER 1 DAY | 6. BIRTHPLACE (City & State or Foreign Country) |
|---|---|---|---|---|---|
| FEMALE | JULY 2, 1946 | 71 | Months Days | Hours Mins | SAN ANTONIO, TX |

| 7. SOCIAL SECURITY NUMBER | 8. MARITAL STATUS AT TIME OF DEATH | 9. SURVIVING SPOUSE'S NAME (if wife, give name prior to first marriage) |
|---|---|---|
| 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 | ☒ Widowed ☐ Divorced ☐ Never Married ☐ Unknown | |

| 10a. RESIDENCE STREET ADDRESS | 10b. APT. NO. | 10c. CITY OR TOWN |
|---|---|---|
| P.O. BOX 509 | | SUTHERLAND SPRINGS |

| 10d. COUNTY | 10e. STATE | 10f. ZIP CODE | 10g. INSIDE CITY LIMITS |
|---|---|---|---|
| WILSON | TEXAS | 78161 | ☐ Yes ☒ No |

| 11. FATHER'S NAME PRIOR TO FIRST MARRIAGE | 12. MOTHER'S NAME PRIOR TO FIRST MARRIAGE |
|---|---|
| ROY LEE WOICINSKI | ALICE LORENE HOFFMAN |

13. PLACE OF DEATH (CHECK ONLY ONE)

| IF DEATH OCCURRED IN A HOSPITAL: | IF DEATH OCCURRED SOMEWHERE OTHER THAN A HOSPITAL: |
|---|---|
| ☐ Inpatient ☐ ER/Outpatient ☐ DOA | ☐ Hospice Facility ☐ Nursing Home ☐ Decedent's Home ☒ Other (Specify) FIRST BAPTIST CHURCH |

| 14. COUNTY OF DEATH | 15. CITY/TOWN, ZIP (IF OUTSIDE CITY LIMITS, GIVE PRECINCT NO) | 16. FACILITY NAME (if not institution, give street address) |
|---|---|---|
| WILSON | SUTHERLAND SPRINGS, 78161 | 218 4TH STREET |

| 17. INFORMANT'S NAME & RELATIONSHIP TO DECEASED | 18. MAILING ADDRESS OF INFORMANT (Street and Number, City, State, Zip Code) |
|---|---|
| MICHELLE SHIELDS - DAUGHTER | P.O. BOX 713, SUTHERLAND SPRINGS, TX 78161 |

| 19. METHOD OF DISPOSITION | 20. SIGNATURE AND LICENSE NUMBER OF FUNERAL DIRECTOR OR PERSON ACTING AS SUCH | 21. |
|---|---|---|
| ☐ Burial ☒ Cremation ☐ Donation ☐ Entombment ☐ Removal from state ☐ Other (Specify) | GAIL A. UHLIG, BY ELECTRONIC SIGNATURE - 112155 | ☒ Unknown Section Block List Space |

| 22. PLACE OF DISPOSITION (Name of cemetery, crematory, other place) | 23. LOCATION (City/Town, and State) |
|---|---|
| HEART OF TEXAS CREMATORY. | SAN ANTONIO, TX |

| 24. NAME OF FUNERAL FACILITY | 25. COMPLETE ADDRESS OF FUNERAL FACILITY (Street and Number, City, State, Zip Code) |
|---|---|
| FRANKLIN FUNERAL HOME | 914 3RD STREET, FLORESVILLE, TX 78114 |

| 26. CERTIFIER (Check only one) |
|---|
| ☐ Certifying physician To the best of my knowledge, death occurred due to the cause(s) and manner stated. |
| ☐ Medical Examiner/Justice of the Peace - On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date and place, and due to the cause(s) and manner stated. |

| 27. SIGNATURE OF CERTIFIER | 28. DATE CERTIFIED (mm-dd-yyyy) | 29. LICENSE NUMBER | 30. TIME OF DEATH (Actual or presumed) |
|---|---|---|---|
| | NOVEMBER 14, 2017 | | 11:30 AM |

| 31. PRINTED NAME, ADDRESS OF CERTIFIER (Street and Number, City, State, Zip Code) | 32. TITLE OF CERTIFIER |
|---|---|
| HAROLD SCHOTT, BY ELECTRONIC SIGNATURE | |
| HAROLD SCHOTT, 402 BLUEBONNET, LA VERNIA, TX 78121 | JP |

33. PART I. ENTER THE CHAIN OF EVENTS – DISEASES, INJURIES, OR COMPLICATIONS - THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. DO NOT ABBREVIATE. ENTER ONLY ONE CAUSE ON EACH.

| | | Approximate interval Onset to death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | a. MULTIPLE GUNSHOT WOUNDS  Due to (or as a consequence of): | MINUTES |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | b. _____ Due to (or as a consequence of): | |
| | c. _____ Due to (or as a consequence of): | |
| | d. _____ | |

| PART II. ENTER OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I. | 34. WAS AN AUTOPSY PERFORMED? |
|---|---|
| MASS SHOOTING | ☒ Yes ☐ No |
| | 35. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? ☐ Yes ☒ No |

| 36. MANNER OF DEATH | 37. DID TOBACCO USE CONTRIBUTE TO DEATH? | 38. IF FEMALE: | 39. IF TRANSPORTATION INJURY, (SPECIFY): |
|---|---|---|---|
| ☐ Natural ☐ Accident ☐ Suicide ☒ Homicide ☐ Pending Investigation ☐ Could not be determined | ☐ Yes ☒ No ☐ Probably ☐ Unknown | ☐ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to one year before death ☐ Unknown if pregnant within the past year | ☐ Driver/Operator ☐ Passenger ☐ Pedestrian ☐ Other (Specify) |

| 40a. DATE OF INJURY (mm-dd-yyyy) | 40b. TIME OF INJURY | 40c. INJURY AT WORK? | 40d. PLACE OF INJURY (e.g., Decedent's home, construction site, restaurant, wooded area) |
|---|---|---|---|
| NOVEMBER 5, 2017 | 11:30 AM | ☐ Yes ☒ No | BUILDING |

| 40e. LOCATION (Street and Number, City, State, Zip Code) | 42. COUNTY OF INJURY |
|---|---|
| 218 4TH ST, SUTHERLAND SPRINGS, TX 78161 | WILSON |

| 41. DESCRIBE HOW INJURY OCCURRED |
|---|
| MASS SHOOTING |

| 43a. REGISTRAR FILE NO. | 43b. DATE RECEIVED BY LOCAL REGISTRAR | 43c. REGISTRAR |
|---|---|---|
| 01-337 | NOVEMBER 17, 2017 | REGISTRAR - WILSON COUNTY CLERK, ELECTRONICALLY FILED |

EDR NUMBER: 000000000000

VS-112 REV 1/2005

This is a true and correct reproduction of the original record as recorded in this office. Issued under authority of Section 191.051, Health and Safety Code.

Eva S. Martinez
County Clerk/Local Registrar

ISSUED April 12, 2018

WARNING: THIS DOCUMENT HAS A DARK BLUE BORDER AND A COLORED BACKGROUND



**DEPARTMENT OF THE AIR FORCE**
Air Force Legal Operations Agency
Joint Base Andrews, Maryland

HQ AFLOA/JACC
1500 West Perimeter Road, Suite 1700
Joint Base Andrews, MD 20762

FEB 0 9 2018

Thomas J. Henry, Injury Attorneys
Attn: Marco Crawford
4715 Fredericksburg, Suite 507
San Antonio, TX 78229

      Re:  Your client's claim for damages.
            Air Force Claim No.:  18-6183
            Your client: Roy White

Dear Mr. Crawford,

    On January 22, 2018, the Air Force received your client's administrative claim for damages in the amount of $50,000,000.00.  In accordance with Title 28, Code of Federal Regulations, Section 14.4, please submit the following documentation at your earliest convenience:

      -Proof of your representation of Roy White, in the form of a signed letter of representation,

As for any wrongful death claims:

      -An authenticated death certificate or other competent evidence showing cause of death, date of death, and age of the decedent(s),

      -Itemized bills for medical and burial expenses incurred by reason of the incident causing death, or itemized receipts of payment for such expenses,

      -Decedent's employment or occupation at time of death, including monthly or yearly salary or earnings (if any), and the duration of his or her last employment or occupation,

      -Full names, addresses, birth dates, kinship, and marital status of the decedent's survivors, including identification of any survivors who were dependent for support upon the decedent at the time of their death,

      -Degree of support afforded by the decedent to each survivor dependent upon him or her for support at the time of their death,

      -Decedent's general physical and mental condition before death,

      -If damages for pain and suffering prior to death are claimed, a physician's detailed statement specifying the injuries suffered, duration of pain and suffering, any drugs

administered for pain, and the decedent's physical condition in the interval between injury and death

-Any other evidence or information which may have a bearing on either the responsibility of the United States for the death or the damages claimed.

As for any personal injury claims:

-A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity,

-Itemized bills for medical and hospital expenses incurred, or itemized receipts of payment for such expenses,

-If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment,

-If a claim is made for loss of time from employment, a written statement from his or her employer showing actual time lost from employment, whether he or she is a full or part-time employee, and wages or salary actually lost,

-If a claim is made for loss of income and the claimant is self-employed, documentary evidence showing the amounts of earnings actually lost,

-Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed

With the above information, the Air Force will then be in a position to carefully and thoroughly evaluate your client's claim in accordance with the law. If you have any questions in the meantime, please contact me at the above address or by phone at (240) 612-4620.

Sincerely

BRADFORD S. HUNT, Attorney
Chief, General Torts Branch
Air Force Claims and Tort Litigation Division

# THOMAS J HENRY

## INJURY ATTORNEYS

**TOLL FREE: 1-800-580-0601     FAX: 1-888-956-8001     TJHLAW.COM**

THOMAS JUDE HENRY | ROGER L. TURK | MICHAEL E. HENRY† | GEORGE A. DEVERA | RUBEN G. HERRERA | RUSSELL W. ENDSLEY | JAMES D. BASKIN | LESLEY PANISZCZYN
STEPHEN F. BECHTOL | MATTHEW S. SCOTT | DAVID HATCHER | CURTIS W. FITZGERALD, II* | TRAVIS K. VENABLE †† | JUSTIN M. DEAN | REGINALD BLAKELEY | ANDREW D. FOULIS
PHILLIP C. RIPPER | LAURIE DOBSON | KYLE MATHIS | MATTHEW SEAN HULL | JANICE LINDSEY CORBIN | RICHARD W. HUNNICUTT, III*** | JOSEPHINE LUE ††† | ALLEN D. PETIT
WADE B. REESE | ROBIN TREVINO | ALEXANDRA FIELDER | SCOTT SAGER | MELISSA ROBBINS | ROBERT P. WILSON | JIM MARTIN*| TIFFANY GEORGE | CAITLIN BRATT | MARCO CRAWFORD
PETER ZAVALETTA | XAVIER L. GUERRA | ERICA WOLFE | DALE HICKS* | CRAIG L. FARRISH | TANYA BACHAND § | EDWIN L. MCANINCH | KAREN K. VILLARRUEL | TREY PENDERGRAFT
KEVIN NORRIS ‡‡ | JON B. OLSON | CHRISTOPHER M. CHENAULT | BERNARDO GONZALEZ | CHIRAG DESAI | BRIAN GILLETTE | JEFFREY R. JOHNSON‡‡‡ | JOHN D. SCHROEDER | JEFFREY ZERDA
PAUL W. OFINAN § | BRANDON P. MUNDT | GREGORY A. STEWART | CRYSTAL M. WRIGHT | JACOB C. CADENA | CLAIRE E. PARTIN | ANDREW SMITH | JEFFERY E. PRATT | JAY S. MACDONALD
RONALD T. HANCOCK | MARK W. RIORDAN | JASON P. ADAMS | DENNIS BENTLEY | KEVIN GELFAND | ROBERT RODERY | JOSEF. QUILES, III ‡ | LAURA L. LOOMIS | TONY D. CHOI
BRANDON T. LANGE | DANIELLE FOX | NICK WINKLER | CHRISTOPHER R. ROSS §§ | SCOTT BROOKS | PAUL CATALDO | CHARLENE M. LANDRY | KERRY ALLEYNE | MILTON HAMMOND
TONY WADDELL ‡‡ | CHARLES MILLER | ALLISON SKIPPER | JOSEPH HERROS | RASHMI KRISHNAPPA §§§ | LANDON T. HAYS | RYAN BERGMANN | JENNIFER CABALLERO
OMAR S. RIVERO | DYLAN B. PRICE | TARA E. TZITZON ± | ILSE MARIE KIRCHGRABER | JOSEPH NAPILTONIA ±± | ROBERT TODD BARTLETT | JESUS DE LUNA | YADU LI
JESUS ZUNIGA | SIMON FRASER | L. BRENT FARNEY* | LAUREN WILLIAMS | ALISHA D. BOND ±±± | SANDRA CHDX-NWAGWU | STEVEN G. MARQUEZ
VERONICA TREVINO TELLEZ | SCOTT WALTHER | SIMON RAWLS | MATTHEW WILLIS | CASSANDRA CORREA | MIGUEL HERNANDEZ
JESSICA J. BRANDON | RYAN RYENA | ERIN SPENCER | ENRIQUE E. ROJAS | LUIS ESPINOZA | JULIAN DOMINGUEZ | SEAN PONCE
FRANK BARRERA | DAVID C. POINTS, III | LINDSAY ALTENBAUMER | PATRICIA LEIGH McMILLAN | JOHN A. POLLREISZ

† Licensed In TX, PA | †† Licensed In TX, TN | ††† Licensed In TX, MN | †††† Licensed In TX, NY, OH | ‡ Licensed In TX, CT | ‡‡ Licensed In TX, WI | ‡‡‡ Licensed In TX, IN | § Licensed In TX, CA, DC
§§ Licensed In OH | ± Licensed In TX, LA | ±± Licensed In TN | ±±± Licensed In TX, FL | *Board Certified - Personal Injury Trial Law | **Board Certified - Civil Trial Law

July 31, 2018

**<u>*VIA CMRRR: 7017 1450 0000 5029 0281*</u>**
Chief Bradford S. Hunt
General Tort Branch
Airforce Claims and Tort Litigation Division
1500 West Perimeter Road, Suite 1700
Joint Base Andrews, MD 20762

|   | Re: | Our client: | Roy White |
|---|-----|-------------|-----------|
|   |     | Air Force Claim No: | 18-6183 |
|   |     | DOI: | 11/05/2017 |

To Whom It May Concern,

The Law Offices of Thomas J. Henry and Hilliard Martinez Gonzalez, LLP represents the above referenced individual for damages suffered as a result of the loss of his mother, Lula White, on or about November 5, 2017.

This letter is meant to respond to correspondence received from the United States Air Force which requested documents in accordance with Title 28, Code of Federal Regulations, Section 14.4 to support the Claimant's damages of $50,000,000.00.

The Law Offices of Thomas J. Henry and Hilliard Martinez Gonzalez, LLP have previously sent the United States Airforce correspondence on *<u>January 19, 2018</u>*; *<u>January 30, 2018</u>*; and *<u>April 18, 2018</u>* regarding the damages Roy White sustained on November 5, 2017. This letter is meant to serve as an additional supplementation regarding the specific documents requested by the United States Air Force pertaining to the shooting at the First Baptist Church of Sutherland Springs, Texas.

Specifically, with respect requested by the United States Air Force as evidence of the Claimant's Damages, below is an itemization of the requested items and the Claimant's responses.

**1.) An Authenticated death certificate or other competent evidence showing cause of death.**

<u>**RESPONSE:**</u>

- o Please see the copy of Lula White's Death Certificate previously provided to the United States Air Force.

**2.) Itemized bills of medical and burial expenses incurred by reason of the incident causing death, or itemized receipts of payment of such expenses.**

<u>**RESPONSE:**</u>

- o Claimant will supplement.

**3.) Decedent's employment or occupation at time of death, including monthly or yearly salary or earnings (if any), and the duration of his or her last employment or occupation.**

<u>**RESPONSE:**</u>

- o Lula White was the bookkeeper for the First Baptist Church of Sutherland Springs Texas.

- o The Claimant will supplement with evidence of Lula White's earnings.

**4.) Full names, addresses, birth dates, kinship, and marital status of the decedent's survivors, including identification of any survivors who were dependent for support upon the decedent at the time of their death.**

<u>**RESPONSE:**</u>

- o Lula White was survived by her two children.

- o Only Roy White is represented by the undersigned and accordingly, only his information will be provided.

- o Roy White's Personal Information is as follows:
  - ➢ <u>Date of Birth:</u> November 15, 1965.
  - ➢ <u>Address:</u> 4700 North Josey Ln. Apt. 4318, Carrollton, Texas 75010.

5.) **Degree of support afforded by the decedent to each survivor dependent upon him or her for support at the time of their death.**

    <u>RESPONSE:</u>

       o  Lula White did not have any dependents at the time of her death.

6.) **Decedent's general physical and mental condition before death.**

    <u>RESPONSE:</u>

       o  The Claimant will supplement with evidence of Lula White's general physical and mental condition before, and at the time of her death.

7.) **If damages for pain and suffering prior to death are claimed, a physicians detailed statement specifying the injuries suffered, duration of pain and suffering, and drugs administered for pain, and the decedent's physical condition in the interval between injuries.**

    <u>RESPONSE:</u>

       o  The Claimant will supplement with evidence of Lula White's pain and suffering prior to her death.

8.) **Any other evidence or information which may have a bearing on either the responsibility of the United States for the death or the damages claimed. 3**

    <u>RESPONSE:</u>

       o  Enclosed is the Medical Examiner Report from the Autopsy performed on Devin Patrick Kelley.

       o  Please see the SF-95 form previously provided to the United States Air Force and all documents attached to said form.

       o  Claimant would also refer the United States Air Force to all public statements it has made following the shooting, in which it acknowledges that it failed to report Devin Patrick Kelley's court martial and criminal history to the proper federal authorities.

       o  Claimant will supplement with additional information as it becomes available.

    Should you have any questions or need any additional information, please do not hesitate to contact our offices.

              Very truly yours,

              THOMAS J. HENRY, INJURY ATTORNEYS

              Marco Crawford

Enclosure:

---

**CORPUS CHRISTI**

521 Starr Street
Corpus Christi, Texas 78401
Phone: (361) 985-0600

**SAN ANTONIO**

4715 Fredericksburg, Ste 507
San Antonio, Texas 78229
Phone: (210) 686-1000

**HOUSTON**

12 Greenway Plaza, Ste 1100
Houston, Texas 77046
Phone: (713) 338-2525



**TRAVIS COUNTY OFFICE**
**OF THE MEDICAL EXAMINER**
1213 Sabine Street   PO Box 1748   Austin, TX 78767
Tel: (512) 854-9599   Fax: (512) 854-9044
www.traviscountytx.gov/medical_examiner

J. KEITH PINCKARD, MD, PhD
D-ABP, F-ABMDI
CHIEF MEDICAL EXAMINER

### MEDICAL EXAMINER REPORT

### DEVIN PATRICK KELLEY
### GUADALUPE COUNTY, TEXS

**PA17-05087**

The postmortem examination was performed by Vickie L. Willoughby, D.O., Deputy Medical Examiner, beginning at 8:30 a.m. on 11/6/2017, at the Travis County Medical Examiner Office, Austin, Texas, under the written authorization of Todd Friesenhahn, Justice of the Peace, Precinct 4, for Guadalupe County, Texas.

Other person(s) present: Texas Ranger Gary Phillips

**DECLARATION**

The death of DEVIN PATRICK KELLEY was investigated by the Travis County Medical Examiner's Office under the statutory authority of the Justice of the Peace jurisdiction.

I, Vickie L. Willoughby, D.O., a board certified anatomic, clinical, and forensic pathologist licensed to practice medicine in the State of Texas, do declare that I personally performed or supervised the tasks described in this Medical Examiner Report. It is only after careful consideration of all the data available to me at the time this report was finalized that I attest to the diagnoses and opinions stated herein.

Photographs were obtained along the course of the examination. I have personally reviewed those photographs and attest that they are representative of findings reported in this document.

Should you have questions after review of this material, please feel free to contact me at the Travis County Medical Examiner's Office.

KELLEY, Devin Patrick
PA17-05087
Page 2 of 11

## CAUSE OF DEATH STATEMENT

### CAUSE OF DEATH

GUNSHOT WOUND OF HEAD

### MANNER OF DEATH

SUICIDE

Vickie L. Willoughby, D.O.
Deputy Medical Examiner

12/30/2017
Date Signed

KELLEY, Devin Patrick
PA17-05087
Page 3 of 11

## SUMMARY AND OPINION

According to reports, this 26-year-old man was found unresponsive within his motor vehicle on November 5, 2017. He was reportedly shot by other person(s) and had a suspected self-inflicted gunshot wound of the head.

Examination demonstrated an obese male (body mass index was 34.4 kg/m$^2$). There were gunshot wounds of the head, the torso and left leg. There were multiple wounds consistent with pseudostippling upon the left arm consistent fragmentation of the projectile(s) and/or intermediary target(s) prior to hitting the skin. There were several small abrasions upon the lateral left chest and abdomen which could also represent 'pseudostippling'. There were abrasions of the chin and upper extremities; and a contusion of the anterior left lower leg.

The gunshot wound of the right side of the head had a partial muzzle imprint. The injuries associated with the gunshot wound involved the skull and brain. There was a small metallic fragment recovered from the head. The left lateral back had a tangential gunshot wound; the projectile injured the skin and muscles of the back and did not enter the chest cavity. There were few small metallic fragments and a possible plastic fragment recovered from the tissues. The left thigh had a gunshot wound. The projectile injured the skin and muscle of the thigh; few small metallic fragments were recovered from the leg.

The liver was enlarged (2425 grams) and fatty.

Please see separate toxicology report.

It is my opinion that the decedent died from gunshot wound of head. The gunshot wounds of the back and leg, and the pseudostippling wounds of the left arm and torso did not enter into the chest or abdominal cavity and did not appear to strike any major neurovascular structures. Therefore, the gunshot wound of the head is the fatal wound, and the manner of death is suicide.

KELLEY, Devin Patrick
PA17-05087
Page 4 of 11

## EXAMINATION

## EXTERNAL EXAMINATION:

The body is identified by tags and is that of an unembalmed, refrigerated, adult male who appears about the reported age of 26 years. The body weighs 240 pounds (108.7 kg), measures 70 inches (177.8 cm), and appears normally developed and well nourished. The body mass index is 34.4 kg/m$^2$.  The body is cold to touch.  Rigor mortis is present. Livor mortis is fixed posteriorly and focally fixed upon the abdomen and thighs anteriorly.  The left side of the abdomen and the left thigh has skin slippage, and the right side of the abdomen has a focal area of dried yellow skin.

The scalp is partially covered by short to medium length brown hair.  There was absence of hair upon the left temporal scalp.   Facial hair is absent.  The irides appear gray and the sclerae are white.  There are no petechial hemorrhages of the conjunctivae. The ears, nose and mouth appear unremarkable.  The oronasal passages are unobstructed. Upper and lower teeth are present. The neck is symmetric and the trachea is midline.  The neck is free of injury.

The chest and back are normally formed. The abdomen is soft and obese. The genitalia are those of an adult male. The external genitalia and anus are without trauma or lesions. The distal anterior left thigh has two up to 2 cm faint yellow pigmented areas.  The extremities show no edema, abnormal mobility or needle tracks.

## IDENTIFYING MARKS AND SCARS:

There are tattoos around the left wrist, and on the posterior right lower leg and on the right upper back.
A faint scar is on the posterior left forearm.
There are several faint linear scars upon the thighs anteriorly.
The right knee has a scar.

## EVIDENCE OF THERAPY:

None.

## RADIOGRAPHS:

Radiograph of the head shows skull fractures and a small radiopaque material.  Radiographs of the lateral left chest, the left upper arm and left thigh reveal several small radiopaque materials.

KELLEY, Devin Patrick
PA17-05087
Page 5 of 11

CLOTHING:

The body was received wearing a black vest, a black utility belt, a black shirt, black pants with a black belt, black underwear, black socks, and black boots. There were multiple defects of the left sleeve and left side of the shirt. The left pant leg and the left side of the underwear had defects corresponding to the gunshot wound of the leg.

EVIDENCE OF INJURY:
*The body is described in the standard anatomic position.*

**GUNSHOT WOUNDS:**

**GUNSHOT WOUND OF HEAD:**

ENTRANCE: Upon the right side of the head is a 1.5 x 1.3 cm ovoid wound which is centered approximately 12.5 cm below the top of the head and 4 cm above the right external auditory meatus. There is a 1.5 x 1.3 discontinuous ovoid abrasion with a central 0.3 cm circular abrasion between the 1 o'clock to 4 o'clock aspects of the wound. Approximately 0.3 cm from the edge at the 12 o'clock to 1 o'clock is a partial abrasion ring. There are multiple tears radiating from the 1 o'clock, 4 o'clock, 5 o'clock, 6 o'clock and 10 o'clock edge of the wound ranging from 0.3 cm to 2 cm. The tear at the 6 o'clock edge of the wound involves the crus (root) of the helix of the right ear and the top of the right ear is abraded. Mild soot is along the edges of the wound. Stippling is absent.

INJURIES: The wound track is hemorrhagic and disrupted. The projectile path is the right temporal scalp, the right temporal muscle, the right temporal bone, the right temporal lobe of the brain, the brainstem at the midbrain-pons junction, the left temporal lobe of the brain, the left parietal lobe of the brain, the dura, the left parietal bone, and the left temporal-parietal scalp. The bony defect of the right temporal bone has inward beveling, and the bony defect of the left parietal bone has external beveling.

Associated with the gunshot wound is mild subdural blood upon both hemispheres of the brain. There are diffuse subarachnoid hemorrhages at the base of the brain, and focal subarachnoid hemorrhage of the right parietal brain lobe convexity. The basal ganglia are disrupted. There are punctate hemorrhages of the medulla. There are multiple fractures of the calvarium and the base of the skull. Both upper and lower eyelids are contused. There is a mosaic pattern of blood aspiration upon the upper lobes of both lungs.

EXIT: Upon the left side of the head is a 2 x 1 cm irregular wound which is centered approximately 9 cm below the top of the head, and 7 cm above and 3 cm posterior to the left external auditory meatus. The edges of the wound neatly reapproximate. Associated with the exit wound are few small superficial skin tears at the 2 o'clock and 7 o'clock aspect of the wound.

KELLEY, Devin Patrick
PA17-05087
Page 6 of 11

PROJECTILE:  A small metallic fragment is recovered from the brain.

DIRECTION:  The direction of the projectile is right to left, upwards, and front to back.

**TANGENTIAL WOUND OF THE POSTEROLATERAL LEFT BACK:**

WOUND:  The posterolateral left back has a 9 x 4 cm tangential wound which is centered approximately 42 cm below the top of the head and 21 cm to the left of the posterior midline. The wound has ragged edges in which the skin tags point laterally.  There are several clothing fibers within the wound.  There is no soot or muzzle abrasion.  Associated with the wound are multiple abrasions predominantly along the 7 o'clock to 10 o'clock aspect ranging from 0.5 cm to 2 x 1 cm.  There is purple surrounding the 12 o'clock to 6 o'clock (medial aspect) of the wound.

INJURIES:  The wound is hemorrhagic and disrupted.  The wound involved the skin and underlying musculature of the back.  The projectile does not enter into the chest cavity.

PROJECTILE: Two small metallic fragments and a possible small plastic fragment are recovered from the wound.

DIRECTION:  The direction of the projectile is front to back and left to right.  There is no discernible upward or downward deviation.

**GUNSHOT WOUND OF THE RIGHT THIGH:**

ENTRANCE:   The lateral left thigh has a 2 x 1.7 cm ovoid wound which is centered approximately 67 cm above the left heel.  The wound has a 2 x 1.7 cm beveled abrasion along the 2 o'clock to 5 o'clock edge of the wound.   There is an 8 x 7 cm faint purple contusion surrounding the wound. Below the 6 o'clock edge of the wound is a 0.2 cm laceration with surrounding abrasion.  There are clothing fibers within the wound.  There is no soot, stippling or muzzle abrasion.

INJURIES:  The wound track is disrupted with mild hemorrhage.  The projectile perforates the skin and penetrates the skeletal muscle of the thigh.  No major neurovascular injury is present.

EXIT:  There is no exit wound.

PROJECTILE:  Multiple small metallic fragments are recovered from the wound path.

DIRECTION:  The direction of the projectile is upwards and left to right.  There is no discernible forward or backward deviation.

**OTHER GUNSHOT-RELATED WOUNDS:**

The left arm has multiple scattered superficial wounds ranging from 0.1 cm to 1.5 x 0.5 cm.

KELLEY, Devin Patrick
PA17-05087
Page 7 of 11

A wound of the left upper arm and a wound of the left forearm have associated trailing abrasions measuring 9 x 1 cm and 13 x 1 cm respectively.  The wounds of the left arm are superficial, and either involves the skin or superficial adipose tissues.    A small metallic fragment is recovered from the subcutaneous tissues of the left upper arm.    The lateral left chest and the lateral left abdomen have few punctate abrasions measuring up to 0.2 cm.


## BLUNT INJURIES:

The left side of the forehead has a 1.8 x 0.8 cm abrasion.
The right underside of the chin has a 5 x 1.5 cm area of faint red abrasions.
The left underside of the chin has a 3 x 2 cm dried yellow abrasion.
The right elbow has a 1.8 x 0.3 cm abrasion.
The posterior right second finger, at the middle phalanx, has a 0.3 x 0.1 cm abrasion.
The posterior right hand, at the fourth metacarpophalangeal joint, has a 0.1 cm abrasion.
The posterior left upper arm has a 5 x 3 cm faint blue contusion.
The medial left upper arm has a 4 x 3 cm faint blue contusion.
The distal posterior left upper arm has a 3 x 2 cm blue contusion and a 3.5 x 3 cm blue contusion.
The posterior left forearm has a 3.5 x 3 cm faint purple contusion.
The distal lateral left forearm has a 5 x 2 cm area of abrasions.
Below the left knee is a 1.5 x 1 cm faint pink contusion.


## INTERNAL EXAMINATION:

Note:  The following observations are limited to findings other than injuries, if described above.

CHEST / ABDOMINAL CAVITY:
Soft tissues of the thoracic and abdominal walls are well preserved.  Both pleural cavities contain no fluid or adhesions.  The parietal pleurae are intact. The lungs are well-expanded.  The organs of the abdominal cavity have a normal arrangement. There is no fluid collection. The peritoneal cavity is without evidence of peritonitis. There are no adhesions.

NECK:
Anterior neck dissection reveals no hemorrhage in the strap muscles, thyroid gland or thyroid cartilage.  There is no edema of the larynx. Both hyoid bone and larynx are intact and without fractures.  There is no prevertebral fascial hemorrhage.  The thymus is not identified.

HEAD AND CENTRAL NERVOUS SYSTEM:
Injuries to the head are described above.  The brain weighs 1300 grams. There is no evidence of herniation. The leptomeninges are thin and transparent. Coronal sectioning demonstrates a uniformity of cortical gray thickness in the areas without injury. The ventricular system is without dilatation. Pons, medulla, cerebellum, and upper cervical spinal cord are normally formed.

KELLEY, Devin Patrick
PA17-05087
Page 8 of 11

## CARDIOVASCULAR SYSTEM:
The aorta is unremarkable. No aneurysm is present. Within the pericardial sac there is a minimal amount of serous fluid.   The heart weighs 360 grams. The coronary ostia are widely patent. The right coronary artery is the dominant vessel. There are no significant atheromatous plaques of the major branches of the coronary arteries.  The valves appear unremarkable. Circumference of the valve rings are: tricuspid valve – 10.8 cm; pulmonic valve - 7 cm; mitral valve – 10.2 cm; aortic valve – 6.5 cm. The right ventricle is up to 0.3 cm thick, and the left ventricle is up to 1.2 cm thick. There are no lesions of the myocardium. There are no septal defects.

## RESPIRATORY SYSTEM:
Bloody fluid is within the trachea. The mucosa is tan and intact. The left lung weighs 350 grams. The right lung weighs 525 grams. The visceral pleurae are smooth and intact. The parenchyma has dependent congestion, and is without evidence of infection or tumors. The pulmonary vasculature is without thromboembolism.

## HEPATOBILIARY SYSTEM:
The liver weighs 2425 grams, and is brown-yellow. The capsule is intact. The cut surface is smooth, and the parenchyma is soft. The gallbladder is present. The wall is thin and pliable. It contains approximately 5 ml of bile, and no calculi.

## LYMPHORETICULAR SYSTEM:
The spleen weighs 250 grams. The capsule is intact. The parenchyma is dark red and soft. Lymph nodes throughout the body are small and inconspicuous.

## GASTROINTESTINAL SYSTEM:
The tongue shows no trauma.  The esophagus is intact throughout. The stomach contains approximately 50 ml of light brown fluid and rare indiscernible particles of food, and no portions of tablets or capsules. The mucosa is intact. The *in situ* and external examination of the small intestine and colon are without abnormalities.  The appendix is unremarkable.  The pancreas occupies a normal position.  The parenchyma is lobular and firm.

## URINARY SYSTEM:
The left kidney weighs 150 grams. The right kidney weighs 120 grams. The kidneys are normally situated and the capsules strip easily, revealing a surface that is smooth. The corticomedullary demarcation is preserved. The pyramids are not remarkable. The ureters are without obstruction and are unremarkable. The urinary bladder is lined with tan mucosa and contains approximately 50 ml of yellow urine.

## GENITAL SYSTEM:
The prostate is without enlargement or nodularity. Both testes are in the scrotum.  There are mild left paratesticular adhesions.  There is no hemorrhage or masses of the testes.

## ENDOCRINE SYSTEM:
The thyroid gland is red-tan without nodules or cysts. The parathyroid glands are not identified. The adrenal glands are unremarkable. The pituitary gland is not identified.

KELLEY, Devin Patrick
PA17-05087
Page 9 of 11

MUSCULOSKELETAL SYSTEM:
No structural abnormalities of the bony framework or muscles are present.

## MICROSCOPY

One cassette is submitted:

      A. Right side of the head (Entrance gunshot wound)

*Unless otherwise indicated, sections are stained only with hematoxylin and eosin (H&E).

RIGHT SIDE OF THE HEAD:  Skin, skeletal muscle and fibroadipose tissues with hemorrhage.
There are several foci of black granular materials and few ovoid translucent materials.

KELLEY, Devin Patrick
PA17-05087
Page 10 of 11

## PROCEDURAL NOTES

## APPROACH TO AUTOPSY DISSECTION

| | |
|---|---|
| **Rokitansky evisceration:** | No |
| **Virchow evisceration:** | Yes |
| **Modified evisceration:** | No |
| **Pericranial membrane removal:** | No |
| **Anterior neck dissection:** | Yes |
| **Posterior neck dissection:** | No |
| **Facial dissection:** | No |
| **Vertebral artery dissection (in situ):** | No |
| **Cervical spine removal:** | No |
| **Layered anterior trunk dissection:** | No |
| **Anterolateral rib arc dissection:** | No |
| **Back dissection:** | No |
| **Posterior rib arc dissection:** | No |
| **Extremity soft tissue dissection:** | No |
| **Eye enucleation:** | No |
| **Inner middle ear evaluation:** | No |
| **Maxilla or mandible resection:** | No |
| **Spinal cord removal (anterior):** | No |
| **Spinal cord removal (posterior):** | No |
| **Other dissection(s):** | Left leg, left arm |

KELLEY, Devin Patrick
PA17-05087
Page 11 of 11

## QUALITY ASSURANCE REVIEW

### ITEMS REVIEWED

|  | YES | NO | N/A |
|---|---|---|---|
| Death investigation report | ✓ | | |
| Photographs | ✓ | | |
| Microscopic slides | ✓ | | |
| Toxicology report | ✓ | | |
| Other (specify) | | | |

### TECHNICAL AUDIT

|  | YES | NO | N/A |
|---|---|---|---|
| Is the report independently reviewable? | ✓ | | |
| Are the descriptions of identifying marks and scars appropriate for the complexity of the case? | ✓ | | |
| Is the external description (without injuries) appropriately case specific? | ✓ | | |
| Are the descriptions of injury, if present, appropriate for the complexity of the case, and consistent with diagrams and photographs? | ✓ | | |
| Are the descriptions of injury, if present, organized in a logical and understandable sequence? | ✓ | | |
| Are the descriptions of natural disease, if present, organized in a logical and understandable sequence? | ✓ | | |
| Is the text clear and understandable without significant typographical and/or grammatical errors? | ✓ | | |
| Is the opinion logical and complete? | ✓ | | |
| Is the opinion readily understandable by the nonmedical reader? | ✓ | | |
| Are all the significant issues addressed in the opinion? | ✓ | | |
| Was the appropriate ancillary testing performed? | ✓ | | |
| Are the opinions reasonable? | ✓ | | |
| Is the cause of death reasonable? | ✓ | | |
| Is the manner of death reasonable? | ✓ | | |
| Was the report completed in a timely fashion? | ✓ | | |

Satish Chundru, D.O.
Deputy Chief Medical Examiner

1/2/18
Date Signed



**TRAVIS COUNTY OFFICE
OF THE MEDICAL EXAMINER**

J. KEITH PINCKARD, MD, PhD
D-ABP, F-ABMDI
CHIEF MEDICAL EXAMINER

1213 Sabine Street PO Box 1748 Austin, TX 78767
Tel: (512) 854-9599  Fax: (512) 854-9044
www.co.travis.tx.us/medical_examiner

## Toxicology Report

**PA**    **17-05087**
**Kelley, Devin Patrick**
**Pathologist : Dr. Vickie Willoughby**
**Date Completed : 12/21/2017**

| Assay/Specimen | Substance | Result | Units | Method |
|---|---|---|---|---|
| **ACID/NEUTRAL DRUGS** | | | | |
| Blood, femoral | Ibuprofen | Detected | | GC/MS |
| Blood, femoral | Butalbital | <3.0 | mg/L | GC/MS |
| **ALKALINE DRUGS** | | | | |
| Blood, femoral | Cyclobenzaprine | 0.011 | mg/L | LC/MS/MS |
| **BENZODIAZEPINES** | | | | |
| Blood, femoral | Alprazolam | <0.020 | mg/L | LC/MS/MS |
| Blood, femoral | Clonazepam | <0.020 | mg/L | LC/MS/MS |
| Blood, femoral | 7-Aminoclonazepam | 0.088 | mg/L | LC/MS/MS |
| **CANNABINOIDS** | | | | |
| Blood, femoral | Tetrahydrocannabinol | 3.7 | ng/mL | LC/MS/MS |
| Blood, femoral | 9-Carboxy-THC | <2.0 | ng/mL | LC/MS/MS |
| Urine | 9-Carboxy-THC | Detected | | GC/MS |
| **ETHANOL/VOLATILES** | | | | |
| Blood, femoral | | ND | | Headspace GC/FID |
| **IMMUNOASSAY** | | | | |
| Blood, femoral | Amphetamine | ND | | ELISA |
| Blood, femoral | Barbiturate | Detected | | ELISA |
| Blood, femoral | Benzodiazepine | Indicated | | ELISA |
| Blood, femoral | Cocaine Metabolite | ND | | ELISA |
| Blood, femoral | Fentanyl | ND | | ELISA |
| Blood, femoral | Opiate | ND | | ELISA |
| Blood, femoral | Oxycodone | ND | | ELISA |
| Blood, femoral | Cannabinoid | Indicated | | ELISA |
| **NOVEL PSYCHOACTIVE SUBSTANCES** | | | | |
| Blood, femoral | | ND | | LC/MS/MS |
| **OPIOID PANEL** | | | | |
| Blood, femoral | | ND | | LC/MS/MS |
| **SYNTHETIC CANNABINOIDS** | | | | |
| Blood, femoral | | ND | | LC/MS/MS |

ND = None Detected      UFA = Unsuitable for Analysis

Comment:

Brad J. Hall, Ph.D., F-ABFT , Chief Forensic Toxicologist

Medical Examiner    12/30/17