# **EXHIBIT A**

CAUSE NO. 2017CI23341

| | |
|---|---|
| CHRIS WARD, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATES OF JOANN WARD, DECEASED AND B.W., DECEASED MINOR, AND AS NEXT FRIEND OF F.W., A MINOR; ROBERT LOOKINGBILL; AND DALIA LOOKINGBILL, INDIVIDUALLY AND AS NEXT FRIEND OF R.G., A MINOR, AND AS REPRESENTATIVES OF THE ESTATE OF E.G., DECEASED MINOR; § § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* § § | |
| v. § § | BEXAR COUNTY, TEXAS |
| ACADEMY, LTD. D/B/A ACADEMY SPORTS + OUTDOORS § § § | |
| *Defendant.* § | 224TH JUDICIAL DISTRICT |

## AGREED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

Plaintiffs Chris Ward, individually and as representative of the Estates of Joann Ward, Deceased and B.W., Deceased Minor, and as Next Friend Of F.W., A Minor; Robert Lookingbill; and Dalia Lookingbill, individually and as Next Friend Of R.G., A Minor, and as Representatives of The Estate Of E.G., Deceased Minor ("Plaintiffs") and Defendant Academy, Ltd. d/b/a Academy Sports + Outdoors ("Academy") (collectively the "Parties"), hereby stipulate and request that the Court order as follows:

### Basis and Findings.

During the course of pretrial discovery, the Parties have served or will serve discovery that could entail disclosure of information, documents, and other materials which the producing or disclosing party reasonably believes in good faith to comprise or contain confidential or sensitive

information ("Confidential Information").

To avoid any potentially harmful disclosure of Confidential Information and in order to facilitate discovery and other pretrial proceedings in this action without the necessity of repeated motions and hearings before this Court, the Court finds that discovery and disclosure of Confidential Information should proceed only upon the terms and conditions set forth in this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. **Applicability.**

This Order shall apply to all information and materials produced or acquired during this action concerning and including Confidential Information as defined herein. This includes all Confidential Information produced or disclosed through discovery, trial, or any other pretrial proceeding in this action by (i) Plaintiffs or Defendant, or (ii) any person, entity, or witness not a party to this Order ("non-party") which is designated "CONFIDENTIAL."

2. **Confidential Information.**

Information, documents, and things designated as "CONFIDENTIAL" and reasonably considered in good faith by a party to contain either: (a) non-public, proprietary, or confidential financial or business information; (b) non-public, proprietary, or confidential sales and customer information; (c) non-public, proprietary, or confidential corporate and strategic planning information; or (d) the identity of Academy personnel disclosed as persons with knowledge or designated as potential witnesses.

The Parties agree not to designate information as "CONFIDENTIAL" for the purpose of harassing the receiving party or for the purpose of unnecessarily restricting the receiving party's access to information concerning the lawsuit. Information, documents, and things designated as

"CONFIDENTIAL," and the information contained therein, shall be hereinafter referred to collectively as "Confidential Information."

3. **Method of Designation.**

Each page of all documents that the producing party asserts contains Confidential Information shall be clearly marked as either "CONFIDENTIAL."

All **documents** produced by any party, non-party, or witness for inspection or copying shall be treated as Confidential Information if marked as either "CONFIDENTIAL" as provided above within twenty-one (21) days of production. Documents that are to be designated as Confidential Information should be clearly marked on each page, where appropriate, by the producing party, non-party, or witness.

**Testimony** may be designated as Confidential Information in whole or in part. Counsel shall designate such testimony as Confidential Information within twenty-one (21) days of receipt of any transcript, in which case the front/cover page and each page of the portion of any transcript containing such testimony shall be clearly marked, and all transcripts so identified shall be maintained separately, subject to the provisions of this Order.

4. **Limited Use and Disclosure of Information Marked "CONFIDENTIAL."**

Any and all information, documents, and materials covered by this Agreed Protective Order which are designated as "CONFIDENTIAL" by the producing party, and the information contained therein, shall be used solely for the prosecution of the instant action and for no other purpose, and shall not be published or disclosed, directly or indirectly, and shall not be delivered, or their existence made known or exhibited to any persons, except in accordance with the provisions of this Order. Nothing in this Agreed Protective Order shall preclude either party from using its own records and documents in the normal course of its business.

No information designated "CONFIDENTIAL" subject to this Agreed Protective Order or copies of such protected material or information, extracts, or summaries therefrom shall be disclosed, given, or shown to any person, *except* the following:

a. Outside attorneys for any party engaged in connection with the litigation of this action and the employees and contractors of such attorneys;

b. Employees of a party actively engaged in assisting that party's attorney in the conduct of this litigation to the extent reasonably necessary to enable the attorneys for that party to render professional services in the litigation;

c. Persons who are not employees of any party but who are expressly retained to assist a party's counsel ("Retaining Counsel") in the preparation of this action for hearing or trial, including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts ("Outside Experts"), and the employees of such Outside Experts, after such Outside Expert (and the employees of such Outside Expert, where applicable) has signed and delivered to Retaining Counsel a statement in the form annexed hereto as Exhibit A. A copy of Exhibit A must be maintained by Retaining Counsel after its execution;

d. Individual parties to the litigation;

e. This Court, other court officials (including court reporters), and the trier of fact.

No other person shall have access to information designated "CONFIDENTIAL" without Court approval or the written agreement of the Parties to this Agreed Protective Order, except as outlined below. No person shall use any information designated "CONFIDENTIAL" for any purpose, except as needed solely in connection with or to assist in the prosecution or defense of claims in this case.

5. **Use of Confidential Information in Pleadings, Motions, Briefs or Other Court Filings.**

Prior to trial, Confidential Information shall not be routinely filed with the Court, and will only be filed where the filing party has a good faith belief that there is a need to file such material

at that time in order to prosecute or defend this litigation. In the event any party files with the Court any pleading, motion, brief, exhibit, or other paper that contains Confidential Information or contains excerpts or information revealing such Confidential Information, said pleading, motion, brief, etc. shall initially be filed with the Court in camera, or in such other manner, if any, as may be allowed by the Court to accomplish this purpose. Concurrent with or up to fifteen (15) business days from any such filing, any party to this litigation shall have the right to move the Court pursuant to Texas Rule of Civil Procedure 76a to seal the record with respect to some or all such documents. If no party files such a motion to seal, the information shall be filed in the public record.

### 6. Responsibility for Unauthorized Use or Disclosure.

Any counsel disclosing Confidential Information of another party or non-party to anyone qualified under this Agreed Protective Order shall have the duty to reasonably ensure that such person is given a copy of this Order, but in no event shall counsel be personally responsible for anyone else's breach or failure to observe the terms of this Order.

The disclosure of a party's own "Confidential Information" to a person identified in Paragraph 4 (a-e) shall not be deemed a waiver of or disclosure of Confidential Information by such party.

If any party believes that any material which has been designated as "CONFIDENTIAL" is not properly subject to the confidentiality provisions of this Order, that party may so notify the producing party in writing and provide a description of the material which the objecting party believes should be freed from the constraints of this Order, and serve copies of such notice to all other Parties herein. In the case of documents, the objecting party shall identify the document by the document identification number of each document, if the producing party so numbered the

documents. The Parties must then confer and attempt to resolve the issue. If they are unable to resolve the issue, the party producing such designated Confidential Information must then file a motion for protective order within ten (10) days from receipt of such notice and set the motion for hearing or submission and shall bear the burden of justifying confidential treatment of the disputed Confidential Information under applicable law. If such a motion is timely filed, the protection afforded by this Order shall continue until a decision on the motion is made by this Court. If no motion is made within the 10-day period, the protection afforded the Confidential Information by this Order shall terminate as to the Confidential Information described in or attached to the objecting party's notice given pursuant to this paragraph.

IT IS FURTHER ORDERED that this Agreed Protective Order shall apply to copies, duplicates, notes, memoranda, and any other documents that refer, in whole or in part, to the Confidential Information covered by this Agreed Protective Order.

IT IS FURTHER ORDERED that nothing contained in this Order shall preclude the use of Confidential Information at trial or at depositions. If such Confidential Information is used in such depositions, such Confidential Information and all portions of the transcripts of such depositions and exhibits thereto that refer or relate to such information shall be treated as "CONFIDENTIAL."

IT IS FURTHER ORDERED that within thirty (30) days of final termination of the instant action, all Confidential Information, and copies thereof, shall be returned to the counsel for the party that originally produced them or shall be certified to have been destroyed.

**SIGNED AND ENTERED** this  4th  day of  June , 2018.

_____
PRESIDING JUDGE

Agreed to Substance:

s/ Jason C. Webster w/ perm NJD
Jason C. Webster
The Webster Law Firm
State Bar 24033318
6200 Savoy, Suite 150
Houston, Texas 77036

_____
Kelly W. Kelly
Anderson & Associates Law Firm
State Bar 24041230
2600 SW Military Suite 118
San Antonio, Texas 78224
Tel (210) 928-999
Fax: (210) 928-9118

/s Janet E. MIitello w/ perm NJD
Janet E. Militello
Locke Lorde LLP
State Bar 14051200
600 Travis Street, Suite 2800
Houston, Texas 77002