UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOE HOLCOMBE, ET AL. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:18-CV-555-XR |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

## ACADEMY, LTD., D/B/A ACADEMY SPORTS + OUTDOORS' OBJECTIONS AND RESPONSE TO SUBPOENA

Subject to and without waiving its rights under the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 *et seq.*, the stay on discovery currently imposed by the Texas Supreme Court, and/or its rights under the Agreed Protective Order[1] governing discovery in the Stayed Texas Litigation, Academy, Ltd., d/b/a Academy Sports + Outdoors ("Academy") hereby submits its objections and responses to the United States of America's third party Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action in accordance with the Federal Rules of Civil Procedure.

---

[1] Agreed Protective Order, attached as Exhibit A.

RESPECTFULLY SUBMITTED,

**LOCKE LORD LLP**

By:     */s/ Janet E. Militello*
Janet E. Militello
Tex. Bar No. 14051200
2800 JPMorgan Chase Tower
600 Travis Street
Houston, Texas  77002-3095
(713) 226-1208
(713) 229-2544 (fax)

**ATTORNEY-IN-CHARGE FOR**
**ACADEMY, LTD. d/b/a**
**ACADEMY SPORTS + OUTDOORS**

Of Counsel:

**LOCKE LORD LLP**
Brandon Renken
Tex. Bar No. 24056197
2800 JPMorgan Chase Tower
600 Travis Street
Houston, Texas  77002-3095
(713) 226-1131
(713) 229-2652 (fax)

**PRITCHARD YOUNG LLP**
David M. Pritchard
Tex. Bar No. 16317900
Kevin M. Young
Tex. Bar No. 22199700
10101 Reunion Place, Suite 600
San Antonio, Texas  78216
(210) 477-7400
(210) 477-7450 (fax)

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure on March 20, 2020.


                                      */s/ Janet E. Militello*
                                      Janet E. Militello

## OBJECTIONS AND RESPONSES

**Request 1:**

All documents, records, communications, or other materials produced to any plaintiff in the case of *Chris Ward, et al. v. Academy, Ltd.*, Case No. 2017-CI-23341, Bexar County District Court, 224th Judicial District, and in any cases consolidated with that case.

**Response:**

Academy objects to this Request on the grounds that, under the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 *et seq.* ("PLCAA"), Academy is immune from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom. On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation. The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation"). The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court. Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy further objects that the Request seeks documents that contain highly proprietary, sensitive, and confidential non-public information belonging to Academy and its employees. As a result, all documents produced in the Stayed Texas Litigation have been produced pursuant to an executed Agreed Protective Order that was entered by the court and governs all discovery in the Stayed Texas Litigation.[2] A true and correct copy of the executed Protective Order is attached hereto as <u>Exhibit A</u>. As a matter of comity,[3] Academy asks that this Court order that the documents

---

[2] The Agreed Protective Order was entered in the Consolidated Cases. No other discovery was completed in Braden II. When the Plaintiff in Braden II attempted to conduct discovery outside of the Consolidated Cases, which are governed by the Agreed Protective Order, the Texas Supreme Court agreed with Academy that all discovery should be stayed in all cases, pending the Texas Supreme Court's determination of Academy's immunity under PLCAA.

[3] This issue, along with a number of other issues raised by these objections, is more thoroughly set forth and briefed in Academy's Motion for Protection from Subpoena, which is being filed concurrently herewith, and is incorporated for all purposes herein. *See, e.g., Keene Corp. v. Caldwell*, 840 S.W.2d 715, 720 (Tex. App.–Houston [14th Dist.] 1992, orig. proceeding) (holding that the court should enforce protective orders relied on for production in other cases); *Orthoflex, Inc. v. ThermoTek, Inc.*, Civ. Nos . 3:11-cv-0870-D, 3:10-cv-2618-D, 2013 WL 3095106, at *3 (N.D. Tex. June 20, 2013) (holding agreed protective orders should be enforced like contracts); *Butta-Brinkman v. FCA Int'l, Ltd.*, 164 F.R.D. 475, 476 (N.D. Ill. 1995) (supporting use of protective order to maintain confidentiality of identities of particular employees that would otherwise be disclosed in discovery process); *Scott v. Monsanto Co.*, 868 F.2d 786,

produced pursuant to the Subpoena be subject to the Agreed Protective Order entered in the Texas state court cases against Academy, to maintain the status quo with respect to the confidentiality of highly proprietary, sensitive, and confidential information belonging to Academy and its employees.  Again, Academy is filing a Motion for Protection contemporaneously with these Objections and Responses, and incorporates the contents of that Motion herein, for all purposes.

Finally, Academy objects that the scope of the production sought by the government is irrelevant and overly broad with respect to time and subject matter, just as it was when it was requested in the Consolidated Cases.  The only sale within the scope of the government's designation of Academy as a responsible third party is the sale to Devin Kelley; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

As set forth in more detail in Academy's Motion for Protection, subject to and without waiving the foregoing objections, Academy will make available, as ordered, all documents that have been previously produced in the now stayed Consolidated Cases to date, but Academy objects to such compelled production unless all review and/or possession of same is subject to the same terms as the Agreed Protective Order attached as Exhibit A to these objections and responses.  Academy has conferred with the United States Attorney's Office regarding the entrance of Exhibit A as a prerequisite to Academy's submission of documents and information in this lawsuit. The United States Attorney's Office is not opposed to the language in Exhibit A governing Academy's response to subpoena issued by the United States Attorney's office.

---

792 (5th Cir. 1989) (upholding protective order entered by district court that protected confidential information relating to company processes and policies).