UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOE HOLCOMBE, ET AL. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:18-CV-555-XR |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**ACADEMY, LTD., D/B/A ACADEMY SPORTS + OUTDOORS' REPLY IN SUPPORT OF MOTION FOR PROTECTION FROM SUBPOENA**

TO UNITED STATES DISTRICT JUDGE XAVIER RODRIGUEZ:

Non-party Academy, Ltd., d/b/a Academy Sports + Outdoors ("Academy") asks this Court for protection from the third-party subpoena issued by the United States of America (the "United States" or "government"). Based on their Responses, neither the government nor the Plaintiffs appear to contest the propriety of Academy's request that any documents produced in response to the government's subpoena be afforded at least the protection provided by the Texas courts in the Stayed Texas Litigation. As the Court considers how to best protect Academy's interests, and the federal law at the heart of Academy's rights and defense in the Stayed Texas Litigation, it is important that the Court remember why Academy seeks protection in the first place, so that it can take the most prudent steps to protect Academy's rights:

**1.     Academy is immune from suit and discovery under PLCAA.**

As set forth in its Motion, under the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") – Academy is immune from any "qualified civil liability action" (as defined in PLCAA), necessarily including the resulting burdens of discovery. Academy has already asserted PLCAA immunity at length in the Texas state court actions, and

1

acknowledges that it is not actually a party to this federal litigation. Nevertheless, Academy invokes PLCAA in this Court to explain the reasons why it has been and should continue to be shielded from unnecessary and intrusive discovery, especially considering that the government has alleged that Academy is a purported "responsible third party" for the same actions and theories of liability for which Academy asserts PLCAA immunity in the Texas state courts.

Academy does not seek to completely disregard the government's subpoena in this case. Quite the contrary, Academy requests that its burdens with respect to discovery arising from the Sutherland Springs incident be limited to those already ordered by the Texas trial court (subject to Academy's PLCAA objections), both in scope and the level of protection afforded to Academy. By aligning with the existing protections, this Court would create no new or different burdens that would implicate Academy's PLCAA immunity arguments beyond those already briefed in the Texas courts. It will also allow both the United States and all plaintiffs to receive the thousands of pages of relevant documents produced in the Stayed Texas Litigation.

Because Academy urges this Court to limit its discovery obligations to the scope of discovery already ordered subject to Academy's PLCAA objections, it appears that neither Plaintiffs nor the government oppose Academy's position in this regard. It is also consistent with the discovery stay order issued by the Texas Supreme Court on June 21, 2019.

**2. Subject to, and without waiving, its immunity from suit and discovery under PLCAA, Academy produced certain highly private, confidential, and sensitive documents and information pursuant to an Agreed Protective Order in the Stayed Texas Litigation.**

The Agreed Protective Order proposed in this case has already been approved by the Texas courts and binds all parties in the Stayed Texas Litigation.

Over its PLCAA and other objections, Academy was ordered to produce a limited, yet comprehensive, scope of documents in the Stayed Texas Litigation. Academy did so pursuant to

2

an Agreed Protective Order that preserved the privacy and confidentiality of Academy's highly private, confidential, and sensitive information, including Academy's proprietary policies and procedures, confidential sales and performance information, and the highly sensitive names of Academy employees involved in the subject transaction with Devin Kelley. Academy has not stonewalled; it has complied with orders to produce information, subject to an order that protected these important interests.[1]

Pursuant to the Agreed Protective Order, all plaintiffs who received Academy's highly private, confidential, and sensitive information agreed to use it for the purposes of the Stayed Texas Litigation, and for no other purpose. The Texas courts consistently agreed that the protections sought by Academy were appropriate, given the status and nature of the claims against Academy and the incident at issue. For that reason, Academy has carefully sought uniformity in this Court. Academy respectfully requests that this Court enter the same order that already met with approval in the Texas courts and that has already governed this litigation for many months, regardless of any *de minimis* distinctions that might arise because this is a federal court in which Academy is a third party.[2]

---

[1] Academy has not withheld any employees' name requested by plaintiffs in the Stayed Texas Litigation; to the contrary, all relevant employees have been identified. Academy's employees' names have just been redacted from public filings and maintained confidential to the parties and their counsel.

[2] Plaintiffs argue that the Agreed Protective Order should not apply in this case, because certain procedural elements are tailored for the Stayed Texas Litigation, *e.g.*, the fact that the enforceability and termination of the Agreed Protective Order hinges off the Stayed Texas Litigation, and the fact that the government is not a party to the Agreed Protective Order. Academy believes it is appropriate for this Court's order to take into account the ongoing status of the Stayed Texas Litigation, and to extend the confidentiality protections and obligations to the United States. Beyond that, this Court can easily address any procedural distinctions in a way that maintains the essential protections of the Agreed Protective Order; the Court need only adopt the Agreed Protective Order and state, affirmatively, that it applies to all parties to this lawsuit and will remain in effect until this lawsuit is terminated and all confidential documents and information is returned to its owner or destroyed.

**3.     The government seeks the same documents Academy produced in the Stayed Texas Litigation, subject to both its rights under PLCAA and the Agreed Protective Order. To continue protecting Academy's rights, if the Court orders production, the Court should enter the Agreed Protective Order, binding Plaintiffs and the government.**

The government seeks the same discovery Academy was ordered to produce in the state court litigation. While Academy is not a party to this litigation, the propriety of any discovery against Academy arising from the Sutherland Springs incident has been intensely litigated in the Stayed Texas Litigation, by many of the same Plaintiffs who are parties to this lawsuit. The result of all that work in the Texas courts was that Academy produced a substantial amount of information, all of which was subject to the Agreed Protective Order negotiated by the plaintiffs[3] and entered by the Texas Court. There is no reason to recreate the wheel here—the government seeks the same documents Academy produced in Texas, and neither the government nor Plaintiffs argue that such documents should not be afforded the same "confidentiality" protections that Academy was provided in the Stayed Texas Litigation.

Not only is that exactly what this Court should do, but case law suggests that it would be error to order otherwise. In addition to being valid, enforceable, and consistent with the law, Academy specifically relied on the Agreed Protective Order in producing the same documents the government now seeks via its subpoena. FED. R. CIV. P. 26(c)(1); *Scott v. Monsanto Co.*, 868 F.2d 786, 792 (5th Cir. 1989); *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982); *Swanner v. United States*, 406 F.2d 716, 719 (5th Cir. 1969)). As set forth in detail in Academy's motion, it would be error for a court to vacate or refuse to enforce a protective order that has been agreed to and relied on, even in another proceeding. *Keene Corp. v. Caldwell*, 840

---

[3] While Plaintiffs assert in their response that the Agreed Protective Order was not negotiated, that is not correct. The Agreed Protective Order was thoroughly negotiated by all plaintiffs and counsel who had appeared in the Stayed Texas Litigation at the time it was entered by the Court. Subsequently, several additional plaintiffs chose to have their claims consolidated with the original cases, which already had the negotiated Agreed Protective Order in full force and effect.

S.W.2d 715, 720 (Tex. App.–Houston [14th Dist.] 1992, orig. proceeding); *see also Orthoflex, Inc. v. ThermoTek, Inc.*, Civ. Nos. 3:11-cv-0870-D, 3:10-cv-2618-D, 2013 WL 3095106, at *3 (N.D. Tex. June 20, 2013).  Given that neither the government nor Plaintiffs oppose Academy's right to protect the confidentiality of the documents it has already produced in the Stayed Texas Litigation, consistent with the Agreed Protective Order, Academy merely asks that the Court afford it those undisputed protections by granting Academy's request to enforce the substantive confidentiality provisions of the Agreed Protective Order to bind both the government and Plaintiffs in this lawsuit, as well.

## Conclusion and Prayer

This Court should grant Academy's Motion for Protection and enter the Agreed Protective Order in this case.

RESPECTFULLY SUBMITTED,

**LOCKE LORD LLP**

By: */s/ Janet E. Militello*
Janet E. Militello
Tex. Bar No. 14051200
jmilitello@lockelord.com
800 JPMorgan Chase Tower
600 Travis Street
Houston, Texas  77002-3095
(713) 226-1208 (Telephone)
(713) 229-2544 (Fax)

-and-

**PRICHARD YOUNG LLP**
David M. Prichard
Tex. Bar No. 16317900
(210) 477-7401 (Direct)
dprichard@prichardyoungllp.com

5

        Kevin M. Young
Tex. Bar No. 22199700
(210) 477-7404 (Direct)
kyoung@prichardyoungllp.com
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7400 (Telephone)
(210) 477-7450 (Fax)

      -and-

**GREENBERG TRAURIG, LLP**
Dale Wainwright
Tex. Bar No. 00000049
wainwrightd@gtlaw.com
Elizabeth G. Bloch
State Bar No. 02495500
blochh@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
(512) 320-7200 (Telephone)
(512) 320-7210 (Fax)

**ATTORNEYS FOR ACADEMY, LTD. d/b/a ACADEMY SPORTS + OUTDOORS**

<u>**CERTIFICATE OF SERVICE**</u>

    I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure on March 31, 2020.

        */s/ Janet E. Militello*
Janet E. Militello