IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HOLCOMBE, et. al, | NO. 5:18-CV-00555-XR |
| | (consolidated cases) |
| Plaintiffs | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

## PLAINTIFFS' COMBINED DESIGNATION OF TESTIFYING EXPERTS

Plaintiffs serve this Combined Designation of Retained Testifying Experts pursuant to Fed. R. Civ. P. 26(a)(2)(B), the Court's Scheduling Order, and the agreement of the parties.

### I.   TESTIFYING EXPERTS

#### *Common Liability Expert Witnesses*

All Plaintiffs designate the following retained expert witnesses to provide testimony in this case regarding common liability issues affecting all cases:

**1.   *Larry D. Youngner, Colonel, USAF (Ret.)***

Areas of Expertise: Government Investigations, Policies and Procedures

Col. Youngner has an extensive background in Military & National Security Law, including direct experience as Air Force Judge Advocate General (JAG) Corps Chief of Staff at The Pentagon, Staff Judge Advocate (SJA) at AF Special

Operations Command (AFSOC), SJA, 9th AF & AF Central Command (USAFCENT), Shaw AFB, SC & Doha, Qatar, and Director, International & Operations Law, HQ, USAF at The Pentagon, among many other distinguished positions. For a more detailed summary of Col. Youngner's skills, training, education, experience, and knowledge, please see his curriculum vitae, which is attached as noted in the chart below and is incorporated by reference into this designation.

Col. Youngner will testify as to the criminal investigation aspects of the events and government conduct and history leading up to the Sutherland Springs shooting, including an assessment of what compliance requirements existed, and what consequences resulted from any acts or omissions of the United States Air Force (USAF) and DoD personnel involved in this matter, and related issues in this case for all Plaintiffs. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

Col. Youngner's opinions are based on reviews of evidence including selected Department of Defense (DoD) documents, DoD Inspector General (IG) reports, depositions and exhibits presented to the deposed witnesses in this case, and documents produced in this case, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience. Including the records cited by Col. Youngner in his report, he has also relied on the following documents:

Depositions:

| | |
|---|---|
| 12.05.19 | Albright, Jacqueline |
| 01.16.20 | Bearden, Lt. Col. Robert C. |
| 01.07.20 | Del Greco, Kimberly J. |
| 12.13.19 | Holz, Yonatan |

| | |
|---|---|
| 01.07.20 | Hoy, James |
| 01.16.20 | Hudson, James |
| 01.09.20 | McLeod-Hughes, Nathan |
| 01.10.20 | Mills, Clinton |
| 12.18.19 | Owen, Col. John |
| 01.14.20 | Sablan, Ryan |
| 09.19.19 | Spencer, Special Agent Robert |
| 12.04.19 | Tullos, Col. Owen W. |
| 12.17.19 | Verdego, Shelly Ann |

Documents produced by Defendant:

USA0000034-417 AFI 71-121

USA0001343-1395 AFI 71-205

USA0001806-1818 DODI 5505.11

USA0004442-4542 DoD Manual 7730.47-M, Vol 2 - DIBRS: Supporting Codes, 12/7/10, incorp change 4/6/17

USA0004931-5013 DoD Manual 7730.47-M, Vol 1 - DIBRS: Data Segments and Elements, 12/7/10, incorp change 12/7/10

USA0005014-5111 DoD Manual 7730.47-M, Vol 2 - DIBRS: Supporting Codes, 12/7/10

USA0005112-5249 DODIG-2019-030, 12/6/18

USA0005250-5387 DODIG-2019-030, 12/6/18

USA0005399-5405 Letter from DOJ Chief Counsel to Program Mgr at DOD IG

USA0005425-5433 AG Fine Testimony

USA0005457-5612 AFI 31-205

USA0005759-5827 AFI 31-206

USA0006816-7203 Navy Inst 1640.9c

USA0007575-7647 AFI 40-301

USA0010238-10243 CJIS Lindquist Testimony

USA0011166-11220 DoDIG Evaluation of DoD Compliance with Criminal History Data Reporting Requirements

USA0011221-11312 DoDIG-2018-035, Evaluation of Fingerprint Card and Final Disposition Report Submissions by Military Service Law Enforcement Organizations, 12/04/17

USA0011697-11732 DoDIG-2015-081, Evaluation of Department of Defense Compliance with Criminal History Data Reporting Requirements, 02/12/15

USA0011733-12132 AFI 51-201

USA0012133-12135 Kelley Firearm Transfer Record (Feb 12, 2012)

USA0012136-12140 Kelley Firearm Transfer Record (Apr 12, 2012)

USA0012797-12808 ATF Report of Investigation

USA0012877-12882 Devin Kelley Report of Trial (Nov. 7, 2012)

USA0012797-12808 Kelley Firearms Transfer Record (Dec 22, 2014)

USA0012893-12895 Kelley Firearms Transfer Record (Dec 22, 2014)

USA0012896-12898 Kelley Firearms Transfer Record (Oct 18, 2017)

USA0012899-12907 Kelley AR557 Transfer Record (Apr 7, 2016)

USA0012908 US DOJ Bureau of Alcohol, Tobacco, Firearms and Explosives, Firearms Transaction Record Part I - Over the Counter form for Kelley, EAA Windicator, 02/12/12

USA0012947-12948 Devin Kelley Report of Trial (Nov. 7, 2012)

USA0012953-12958 Unsubmitted Fingerprints/Disposition of Kelley

USA0013309-10 12.05.04 email from MIL re Kelley's gun possession

USA0013311-14 D-Dex offense report re domestic disturbance call

USA0013315-92 49th SF "Hot" file

USA0013393-14181 I2MS AFOSI case file

USA0014693-94 Personal Information File DK

USA0014698 Personal Information File DK

USA0014704 Personal Information File DK

USA0014752 Personal Information File DK

USA0014960-61 12.02.17 AF Memo to Kelley - no contact order

USA0015371-15373 Kelley Firearms Transfer Records (June 26, 2015)

USA0015525-15640 AFOSI Investigation file

USA0016510-16511 Kelley DMNDBK DB9 9mm Order Form (Jun 7, 2012)

USA0016836 Kelley DIBRS entry

USA0016837-16840 Email concerning FBI data on Kelley

USA0017735-74 IG report, Evaluation of the Defense Criminal Investigative Organizations' DIBRS, 10/29/14

USA0019707 Reviewer and IDP notes on Kelley case file

USA0021235 Kelley mental health and medical records

USA0021241 Kelley mental health and medical records

USA0021823-24 Interview of Troy Bizzack

USA0022295-22300 ATF Brandon Testimony

USA0022301-22313 AFT Brandon Answers

USA0022314-22318 CJIS Lindquist Testimony

USA0022319-22323 AF Sec. Wilson Answers

USA0022324-22325 AF Testimony Sec. Wilson Testimony

<u>Documents produced by Plaintiffs:</u>

SSS-000001-40 2014 DOD IG Report.pdf

SSS-000041-76 2015 DOD IG Report.pdf

SSS-000077-168 2017 DOD IG report

SSS-000169-306 2018 DOD IG report

SSS-000404-405 Wilson Report to Committee on Judiciary US State.pdf

SSS-000406-410 Questions for USAF Sec Wilson.pdf

SSS-001112 2017.12.06 Senate Judiciary Committee Hearing.mp4

SSS-001113-001121 2017.12.06 IG Glenn Fine Statement

SSS-001125-001129 2017.12.06 Dir. Lindquist Statement

SSS-001148-001152 FBI Dir Lindquist Written Testimony to Senate

SSS-001330-001332 Press Release - OSI owns indexing response, way ahead

<u>Pleadings:</u>

DKT #149 Stipulations

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his report. For a more detailed discussion of his opinions and bases for those opinions, please see his report, which is attached as noted in the chart below and incorporated by reference into this designation. Col. Youngner is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other

testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

Col. Youngner has not testified within the past four years; accordingly, no testimony list is provided. However, his fee schedule is attached as noted in the chart below and are incorporated by reference into this designation.

Col. Youngner reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, any documents produced by the United States in this litigation (USA00001-USA0023965 as of the date of this filing, plus any additional documents to be produced), and any documents that he brings with him to his deposition. Col. Youngner also reserves the right to use summary tables to describe his opinions.

| Description | Type | Case #[1] | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:18-cv-0055 (*SSS Common Documents*)** | | | | |
| **Youngner Report, CV & Attachments** | **Expert** | **SSS** | **002421** | **002525** |
| **Youngner CV** | **Expert** | **SSS** | **002352** | **002373** |
| **Youngner Fee Schedule** | **Expert** | **SSS** | **002374** | **002374** |

---

[1] Documents Common to all Plaintiffs are referred to herein as "Common Documents" and bear the Bates number prefix: "SSS-"

2. *Hon. Jon T. Rymer*

Areas of Expertise: Inspector General Process and Oversight of Criminal History Data Reporting at the Department of Defense

The Honorable Jon T. Rymer was a presidential appointee in both the Barack Obama and George W. Bush administrations serving as the Inspector General at the US Department of Defense, the Federal Deposit Insurance Corporation and the US Securities and Exchange Commission. Mr. Rymer served as a federal Inspector General for over 9 years.  Mr. Rymer also served as the Chair of the Audit Committee for the Council of Inspectors General for Integrity and Efficiency and as Chair of the Comptroller General's Advisory Council on Standards of Internal Control in the Federal Government (the GAO Green Book) and as a member of GAO's Advisory Council on Government Auditing Standards. Mr. Rymer earned a BA in Economics from the University of Tennessee and an MBA from the University of Arkansas at Little Rock. Mr. Rymer holds several financial and auditing certifications including: Certified Internal Auditor, Certified Government Auditing Professional and Certified Defense Financial Manager. Mr. Rymer was awarded the Department of Defense Medal for Distinguished Public service by the Secretary of Defense. Mr. Rymer served over 30 years in the active and reserve components of the US Army and is a graduate of the US Army Inspector General School. Upon his retirement from the Army, Mr. Rymer was awarded the United States Legion of Merit.

For a more detailed summary of Mr. Rymer's skills, training, education, experience, and knowledge, please see his curriculum vitae, which is attached as noted in the chart below and is incorporated by reference into this designation.

Mr. Rymer will testify regarding the roles, organization, standards, governance and authorities of Federal Inspectors General at the government wide level, as well as at the Department of Defense level, his review of reports from the

Department of Defense Office of Inspector General (DODIG) concerning criminal history data reporting, and related issues in this case for all Plaintiffs. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

Mr. Rymer's opinions are based on reviews of evidence including selected Department of Defense (DoD) documents, DoD Inspector General (IG) reports, depositions and exhibits presented to the deposed witnesses in this case, and documents produced in this case, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his report. For a more detailed discussion of his opinions and bases for those opinions, please see his report, which is attached as noted in the chart below and incorporated by reference into this designation. Mr. Rymer is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

Mr. Rymer has not testified in a case in the last four years. His rate of compensation is as follows: a flat non-refundable $750.00/month for the duration of the case engagement; $300.00 per hour for work performed; and $400.00 per hour for deposition and/or trial testimony.

Mr. Rymer reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, any documents produced by the United

States in this litigation (USA00001-USA0023965 as of the date of this filing, plus any additional documents to be produced), and any documents that he brings with him to his deposition. Mr. Rymer also reserves the right to use summary tables to describe his opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:18-cv-0055 (*SSS Common Documents*)** | | | | |
| **Rymer Report, CV & Attachments** | **Expert** | **SSS** | **002375** | **002420** |

3.   *Daniel W. Webster, Sc.D., M.P.H.*

Areas of Expertise: Epidemiology of Firearm Violence, Public Health Policy, Methodological Issues in Injury and Violence

Dr. Webster is the Bloomberg Professor of American Health in Violence Prevention in the Department of Health Policy and Management at Johns Hopkins Bloomberg School of Public Health in Baltimore, MD. He is also the Director of Research Center Participation at Johns Hopkins Bloomberg School of Public Health Center. Dr. Webster received his Doctor of Science from The Johns Hopkins University, School of Hygiene and Public Health, Department of Health Policy and Management, his Master of Public Health from The University of Michigan, School of Public Health, Department of Health Planning and Administration, and his B.A. from The University of Northern Colorado in Psychology. For a more detailed summary of Dr. Webster's skills, training, education, experience, and knowledge, please see his curriculum vitae, which is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Webster will testify as to the epidemiological aspects of the Sutherland Springs shooting, including his findings that access to firearms by individuals with a history of domestic violence and suicidality greatly increases the risk that those individuals will commit serious acts of violence including homicide, and fatal mass shootings and that denials of applications to purchase firearms due to the applicant's history of violence, other criminal acts, or threatening behaviors resulting from mental illness reduce the risk of the applicant's risk of committing acts of violence, as well as related issues in this case for all Plaintiffs. He will further testify that the Government's negligent conduct in this case increased the risk of harm to the American public, including individuals like the Plaintiffs. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

Dr. Webster's opinions are based on reviews of evidence including epidemiological data and research relating to access to firearms by individuals with a history of domestic violence and suicidality and the risk that those individuals will commit serious acts of violence including homicide, and fatal mass shootings, epidemiological data and research relating to denials of applications to purchase firearms due to the applicant's history of violence, other criminal acts, or threatening behaviors resulting from mental illness reduce the risk of the applicant's risk of committing acts of violence, selected documents produced in this case, depositions and exhibits presented to the deposed witnesses in this case, and documents produced in this case, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience. Including the records cited by Dr. Webster in his report, he has also relied on the following documents:

Depositions:

01.07.20      Del Greco, Kimberly J.

Documents produced by Defendant:

USA0005250-5387 DODIG-2019-030, 12/6/18

USA0005425-5433 AG Fine Testimony

USA0010238-10243 CJIS Lindquist Testimony

USA0011166-11220 DoDIG Evaluation of DoD Compliance with Criminal History
Data Reporting Requirements

USA0011221-11312 IG Report Reporting

USA0012133-12135 Kelley Firearm Transfer Record (Feb 12, 2012)

USA0012136-12140 Kelley Firearm Transfer Record (Apr 12, 2012)

USA0012797-12808 ATF Report of Investigation

USA0012877-12882 Devin Kelley Report of Trial (Nov. 7, 2012)

USA0012893-12895 Kelley Firearms Transfer Record (Dec 22, 2014)

USA0012896-12898 Kelley Firearms Transfer Record (Oct 18, 2017)

USA0012899-12907 Kelley AR557 Transfer Record (Apr 7, 2016)

USA0012947-12948 Devin Kelley Report of Trial (Nov. 7, 2012)

USA0012953-12958 Unsubmitted Fingerprints/Disposition of Kelley

USA0013393-14181 I2MS AFOSI case file

USA0015367-15370 Interview Thumbnail, Mrs. Valerie Lynn Rowe (Jan. 18, 2018)

USA0015371-15373 Kelley Firearms Transfer Records (June 26, 2015)

USA0016510-16511 Kelley DMNDBK DB9 9mm Order Form (Jun 7, 2012)

USA0016837-16840 Email concerning FBI data on Kelley

USA0022295-22300 ATF Brandon Testimony

USA0022301-22313 AFT Brandon Answers

USA0022314-22318 CJIS Lindquist Testimony

USA0022319-22323 AF Sec. Wilson Answers

USA0022324-22325 AF Testimony Sec. Wilson Testimony

USA0022625-22714 Notes from FBI Interview

USA0022907-23215 Notes from FBI Interview

Pleadings:

DKT #149 Stipulations

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his report. For a more detailed discussion of his opinions and bases for those opinions, please see his report, which is attached as noted in the chart below and incorporated by reference into this designation. Dr. Webster is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Webster has testified in either by deposition or trial, as well as his fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Dr. Webster reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, any documents produced by the United States in this litigation (USA00001-USA0023965 as of the date of this filing, plus any additional documents to be produced), and any documents that he brings with him to his deposition. Dr. Webster also reserves the right to use summary tables to describe his opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:18-cv-0055 (*SSS Common Documents*)** | | | | |
| Webster Report | Expert | SSS | 002290 | 002304 |
| Webster CV | Expert | SSS | 002305 | 002350 |
| Webster Fee Schedule & Testimony List | Expert | SSS | 002351 | 002351 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### *Damages Expert Witnesses*

**4.   *Chester S. Gwin, III, M.D.***

Areas of Expertise: Pathology, Cause and Manner of Death, and Conscious Pain and Suffering

Dr. Chester S. Gwin is a physician specializing in forensic pathology and is board certified in Anatomic and Forensic Pathology through the American Board of Pathology. Dr. Gwin holds current full and unrestricted medical licensure in Texas, Tennessee, and Maryland. Dr. Gwin obtained a B.S. in Biology from Southwestern Adventist University (1998), and an M.D. from Loma Linda University School of Medicine (2003). He completed Anatomic and Clinical Pathology residency at Mount Sinai Medical Center in Miami Beach, Florida (2003-2007) followed by a Forensic Pathology fellowship at the Miami-Dade Medical Examiner's Office in Miami, Florida (2007-2008). For a more detailed summary of Dr. Gwin's skills, training, education, experience, and knowledge, please see his curriculum vitae, which is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Gwin will testify as to any pathological, cause of death, manner of death, conscious pain and suffering, and related issues in this case for the Plaintiffs in the cases identified below. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

Dr. Gwin's opinions are based on reviews of evidence including the video of the shooting, scene photographs, autopsy reports, autopsy photographs, statements from the survivors of the shooting, medical illustrations of the decedents' injuries,

testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his reports. For a more detailed discussion of his opinions and bases for those opinions, please see his reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Dr. Gwin is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Gwin has testified in either by deposition or trial, as well as his fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Dr. Gwin reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition. Dr. Gwin also reserves the right to use summary tables to describe his opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:18-cv-00555 (*Holcombe*)** | | | | |
| *Gwin Report* | *Expert* | *18-555* | *000203* | *000211* |
| *Gwin CV* | *Expert* | *18-555* | *000212* | *000213* |
| *Gwin Fee Schedule* | *Expert* | *18-555* | *000214* | *000214* |
| *Gwin Testimony List* | *Expert* | *18-555* | *000215* | *000216* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *John Bryan Holcombe Illustration* | *Expert* | *18-555* | *000217* | *000217* |
| **5:18-cv-00881 (*Uhl*)** | | | | |
| *Gwin Report (HK)* | *Expert* | *18-881* | *033187* | *033195* |
| *HK Illustration* | *Expert* | *18-881* | *033196* | *033196* |
| *Gwin CV* | *Expert* | *18-881* | *033197* | *033198* |
| *Gwin Fee Schedule* | *Expert* | *18-881* | *033199* | *033199* |
| *Gwin Testimony List* | *Expert* | *18-881* | *033200* | *033201* |
| **5:18-cv-00944 (*Ramsey*)** | | | | |
| *Gwin Report* | *Expert* | *18-944* | *000099* | *000106* |
| *Gwin CV* | *Expert* | *18-944* | *000107* | *000108* |
| *Gwin Testimony List* | *Expert* | *18-944* | *000109* | *000110* |
| *Gwin Fee Schedule* | *Expert* | *18-944* | *000111* | *000111* |
| *John Bryan Holcombe Illustration* | *Expert* | *18-944* | *000112* | *000112* |
| **5:18-cv-00949 (*McNulty*)** | | | | |
| *Gwin Report (Tara McNulty)* | *Expert* | *18-949* | *004695* | *004702* |
| *Gwin CV* | *Expert* | *18-949* | *004703* | *004704* |
| *Gwin Fee Schedule* | *Expert* | *18-949* | *004705* | *004705* |
| *Gwin Testimony List* | *Expert* | *18-949* | *004706* | *004707* |
| **5:18-cv-00951 (*Wall*)** | | | | |
| *Gwin Report (Dennis Johnson)* | *Expert* | *18-951* | *000412* | *000420* |
| *Gwin Report (Sara Johnson)* | *Expert* | *18-951* | *000421* | *000428* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Gwin CV* | *Expert* | *18-951* | *000429* | *000430* |
| *Gwin Fee Schedule* | *Expert* | *18-951* | *000431* | *000431* |
| *Gwin Testimony List* | *Expert* | *18-951* | *000432* | *000433* |
| **5:18-cv-01151 (*Amador*)** | | | | |
| *Gwin Report (Richard Cardona Rodriguez) with R. Rodriguez Illustration* | *Expert* | *18-1151* | *001970* | *001978* |
| *Gwin CV* | *Expert* | *18-1151* | *001979* | *001980* |
| *Gwin Fee Schedule* | *Expert* | *18-1151* | *001981* | *001981* |
| *Gwin Testimony List* | *Expert* | *18-1151* | *001982* | *001983* |
| **5:19-cv-00691 (*Braden*)** | | | | |
| *Estate of Keith Braden* | | | | |
| *Gwin Report (Keith Braden)* | *Expert* | *KBRADEN-19-691* | *000395* | *000402* |
| *Gwin CV* | *Expert* | *KBRADEN-19-691* | *000403* | *000404* |
| *Gwin Testimony List* | *Expert* | *KBRADEN-19-691* | *000405* | *000406* |
| *Gwin Fee Schedule* | *Expert* | *KBRADEN-19-691* | *000407* | *000407* |
| *Elizabeth Braden* | | | | |
| *Gwin Report (Keith Braden)* | *Expert* | *EBRADEN-19-691* | *000604* | *000611* |
| *Gwin CV* | *Expert* | *EBRADEN-19-691* | *000612* | *000613* |
| *Gwin Testimony List* | *Expert* | *EBRADEN-19-691* | *000614* | *000615* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Gwin Fee Schedule* | *Expert* | *EBRADEN-19-691* | *000616* | *000616* |
| *Estate of Robert Corrigan* | | | | |
| *Gwin Report (R. Corrigan)* | *Expert* | *RCORRIGAN-19-691* | *000826* | *000834* |
| *Gwin CV* | *Expert* | *RCORRIGAN-19-691* | *000835* | *000836* |
| *Gwin Testimony List* | *Expert* | *RCORRIGAN-19-691* | *000837* | *000838* |
| *Gwin Fee Schedule* | *Expert* | *RCORRIGAN-19-691* | *000839* | *000839* |
| *Estate of Shani Corrigan* | | | | |
| *Gwin Report (R. Corrigan)* | *Expert* | *SCORRIGAN-19-691* | *000549* | *000556* |
| *Gwin CV* | *Expert* | *SCORRIGAN-19-691* | *000557* | *000558* |
| *Gwin Testimony List* | *Expert* | *SCORRIGAN-19-691* | *000559* | *000560* |
| *Gwin Fee Schedule* | *Expert* | *SCORRIGAN-19-691* | *000561* | *000561* |
| *Estate of Robert Marshall* | | | | |
| *Gwin Report (R. Marshall)* | *Expert* | *RMARSHALL-19-691* | *000431* | *000440* |
| *Gwin CV* | *Expert* | *RMARSHALL-19-691* | *000441* | *000442* |
| *Gwin Testimony List* | *Expert* | *RMARSHALL-19-691* | *000443* | *000444* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Gwin Fee Schedule* | *Expert* | *RMAR-SHALL-19-691* | *000445* | *000445* |
| *Estate of Karen Marshall* | | | | |
| *Gwin Report (K. Marshall)* | *Expert* | *KMAR-SHALL-19-691* | *000439* | *000446* |
| *Gwin CV* | *Expert* | *KMAR-SHALL-19-691* | *000447* | *000448* |
| *Gwin Testimony List* | *Expert* | *KMAR-SHALL-19-691* | *000449* | *000450* |
| *Gwin Fee Schedule* | *Expert* | *KMAR-SHALL-19-691* | *000451* | *000451* |
| *Estate of Peggy Warden* | | | | |
| *Gwin Report (P. Warden)* | *Expert* | *PWARDEN-19-691* | *000388* | *000395* |
| *Gwin CV* | *Expert* | *PWARDEN-19-691* | *000396* | *000397* |
| *Gwin Testimony List* | *Expert* | *PWARDEN-19-691* | *000398* | *000399* |
| *Gwin Fee Schedule* | *Expert* | *PWARDEN-19-691* | *000400* | *000400* |
| **5:19-cv-00706 (*Lookingbill*)** | | | | |
| *Gwin Rpt (E.G.)* | *Expert* | *19-706* | *001714* | *001722* |
| *Gwin Testimony List* | *Expert* | *19-706* | *001723* | *001724* |
| *Gwin CV* | *Expert* | *19-706* | *001725* | *001726* |
| *Gwin Fee Schedule* | *Expert* | *19-706* | *001727* | *001727* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *E.G. Medical Illustration* | *Expert* | *19-706* | *001729* | *001729* |
| **5:19-cv-01318 (*Holcombe II*)** | | | | |
| *John Bryan Holcombe Illustration* | *Expert* | *19-1318* | *000181* | *000181* |
| *John Porter Holcombe Illustration* | *Expert* | *19-1318* | *000182* | *000182* |
| *Karla Holcombe Illustration* | *Expert* | *19-1318* | *000183* | *000183* |
| *Crystal Holcombe Illustration* | *Expert* | *19-1318* | *000184* | *000184* |
| *Gwin Report (Crystal Holcombe)* | *Expert* | *19-1318* | *000189* | *000197* |
| *Gwin Report (John Bryan Holcombe)* | *Expert* | *19-1318* | *000198* | *000206* |
| *Gwin Report (Karla Holcombe)* | *Expert* | *19-1318* | *000207* | *000214* |
| *Gwin CV* | *Expert* | *19-1318* | *000215* | *000216* |
| *Gwin Fee Schedule* | *Expert* | *19-1318* | *000217* | *000217* |
| *Gwin Testimony List* | *Expert* | *19-1318* | *000218* | *000219* |
| **5:20-cv-00109-XR (*Braden II*)** | | | | |
| **5:20-cv-00368 (*John Porter Holcombe ANF/Ind Admin Hill Children*)** | | | | |
| *Gwin Report [Crystal Holcombe]* | *Expert* | *20-368* | *000439* | *000447* |
| *Gwin Report [ERH]* | *Expert* | *20-368* | *000448* | *000455* |
| *Gwin Report [GLH]* | *Expert* | *20-368* | *000456* | *000465* |
| *Gwin Report [John Bryan Holcombe]* | *Expert* | *20-368* | *000466* | *000474* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Gwin Report [Karla Holcombe]* | *Expert* | *20-368* | *000475* | *000482* |
| *Gwin Report [MGH]* | *Expert* | *20-368* | *000483* | *000490* |
| *Gwin CV* | *Expert* | *20-368* | *000491* | *000492* |
| *Gwin Fee Schedule* | *Expert* | *20-368* | *000493* | *000493* |
| *Gwin Testimony List* | *Expert* | *20-368* | *000494* | *000495* |
| *Crystal Holcombe Illustration* | *Expert* | *20-368* | *000496* | *000496* |
| *ERH Illustration* | *Expert* | *20-368* | *000497* | *000497* |
| *GLH Illustration* | *Expert* | *20-368* | *000499* | *000499* |
| *John Bryan Holcombe Illustration* | *Expert* | *20-368* | *000500* | *000500* |
| *Karla Holcombe Illustration* | *Expert* | *20-368* | *000502* | *000502* |
| *MGH Illustration* | *Expert* | *20-368* | *000503* | *000503* |

5.  *H. David Feltoon, Ph.D.*

Area of Expertise: Clinical psychology

Dr. David Feltoon has a Ph.D. in clinical psychology. Dr. Feltoon serves as a clinical psychology expert. Dr. Feltoon earned his doctoral degree from Texas Tech University, his Master of Science from Trinity University, and his Bachelor of Arts in Psychology from University of Delaware. Dr. Feltoon performed his internship in Clinical Psychology at University of Texas Health Science Center at San Antonio. For a more detailed summary of Dr. Feltoon's skills, training, education, experience, and knowledge, please see his curriculum vitae that is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Feltoon will testify as to any psychological issues in this case for the Plaintiffs in the cases identified below. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

His opinions are based on an interview and evaluation of the Plaintiffs as identified in the re-ports referenced in the chart below, which also reference the records he reviewed, such as Plaintiffs' health care records, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his reports. For a more detailed discussion of his opinions and bases for those opinions, please see his reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Dr. Feltoon is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Feltoon has testified in either by deposition or trial, as well as his fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Dr. Feltoon reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him

to his deposition. Dr. Feltoon also reserves the right to use summary tables to describe his opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:18-cv-00712 (*Vidal*)** | | | | |
| *Feltoon Report (Margarette Vidal)* | *Expert* | *18-712* | *006852* | *006857* |
| *Feltoon CV* | *Expert* | *18-712* | *006858* | *006866* |
| *Feltoon Fee Schedule* | *Expert* | *18-712* | *006867* | *006867* |
| *Feltoon Testimony List* | *Expert* | *18-712* | *006868* | *006869* |
| **5:18-cv-00881 (*Uhl*)** | | | | |
| *Feltoon Report (Charlene Uhl)* | *Expert* | *18-881* | *033169* | *033174* |
| *Feltoon CV* | *Expert* | *18-881* | *033175* | *033183* |
| *Feltoon Fee Schedule* | *Expert* | *18-881* | *033184* | *033184* |
| *Feltoon Testimony List* | *Expert* | *18-881* | *033185* | *033186* |
| **5:18-cv-00949 (*McNulty*)** | | | | |
| *Feltoon Report (HM)* | *Expert* | *18-949* | *004502* | *004507* |
| *Feltoon Report (JM)* | *Expert* | *18-949* | *004508* | *004514* |
| *Feltoon Report (Lisa McNulty)* | *Expert* | *18-949* | *004515* | *004519* |
| *Feltoon CV* | *Expert* | *18-949* | *004520* | *004528* |
| *Feltoon Fee Schedule* | *Expert* | *18-949* | *004529* | *004529* |
| *Feltoon Testimony List* | *Expert* | *18-949* | *004530* | *004531* |
| **5:18-cv-01151 (*Amador*)** | | | | |
| *Feltoon Report (Jose Rodriguez)* | *Expert* | *18-1151* | *001947* | *001951* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Feltoon Report (Regina Rodriguez)* | *Expert* | *18-1151* | *001952* | *001957* |
| *Feltoon CV* | *Expert* | *18-1151* | *001958* | *001966* |
| *Feltoon Fee Schedule* | *Expert* | *18-1151* | *001967* | *001967* |
| *Feltoon Testimony List* | *Expert* | *18-1151* | *001968* | *001969* |
| **5:19-cv-00289 (*Ward*)** | | | | |
| *Feltoon Report (C. Ward)* | *Expert* | *19-289* | *008411* | *008416* |
| *Feltoon Report (R.W.)* | *Expert* | *19-289* | *008417* | *008423* |
| *Feltoon CV* | *Expert* | *19-289* | *008424* | *008432* |
| *Feltoon Fee Schedule* | *Expert* | *19-289* | *008433* | *008433* |
| *Feltoon Testimony List* | *Expert* | *19-289* | *008434* | *008435* |
| **5:19-cv-00691 (*Braden*)** | | | | |
| ***Deborah Braden*** | | | | |
| *Feltoon Report (Deborah Braden)* | *Expert* | *DBRADEN-19-691* | *002930* | *002936* |
| *Feltoon CV* | *Expert* | *DBRADEN-19-691* | *002937* | *002945* |
| *Feltoon Testimony List* | *Expert* | *DBRADEN-19-691* | *002946* | *002947* |
| *Feltoon Fee Schedule* | *Expert* | *DBRADEN-19-691* | *002948* | *002948* |
| ***Elizabeth Braden*** | | | | |
| *Feltoon Report (E. Braden)* | *Expert* | *EBRADEN-19-691* | *000617* | *000623* |
| *Feltoon CV* | *Expert* | *EBRADEN-19-691* | *000624* | *000632* |
| *Feltoon Testimony List* | *Expert* | *EBRADEN-19-691* | *000633* | *000634* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Feltoon Fee Schedule* | *Expert* | *EBRADEN-19-691* | *000635* | *000635* |
| *Benjamin Corrigan* | | | | |
| *Feltoon Report (B. Corrigan)* | *Expert* | *BCORRI-GAN-19-691* | *000444* | *000449* |
| *Feltoon CV* | *Expert* | *BCORRI-GAN-19-691* | *000450* | *000458* |
| *Feltoon Testimony List* | *Expert* | *BCORRI-GAN-19-691* | *000459* | *000460* |
| *Feltoon Fee Schedule* | *Expert* | *BCORRI-GAN-19-691* | *000461* | *000461* |
| *Estate of Robert Corrigan* | | | | |
| *Preston Corrigan* | | | | |
| *Feltoon Report (B. Corrigan)* | *Expert* | *PCORRI-GAN-19-691* | *000627* | *000632* |
| *Feltoon CV* | *Expert* | *PCORRI-GAN-19-691* | *000633* | *000641* |
| *Feltoon Testimony List* | *Expert* | *PCORRI-GAN-19-691* | *000642* | *000643* |
| *Feltoon Fee Schedule* | *Expert* | *PCORRI-GAN-19-691* | *000644* | *000644* |
| *Kara Boyd* | | | | |
| *Feltoon Report (K. Boyd)* | *Expert* | *KBOYD-19-691* | *000158* | *000163* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Feltoon CV* | *Expert* | *KBOYD-19-691* | *000164* | *000172* |
| *Feltoon Testimony List* | *Expert* | *KBOYD-19-691* | *000173* | *000174* |
| *Feltoon Fee Schedule* | *Expert* | *KBOYD-19-691* | *000175* | *000175* |
| *Martina Pachel* | | | | |
| *Feltoon Report M. Pachal)* | *Expert* | *MPACHEL-19-691* | *000444* | *000448* |
| *Feltoon CV* | *Expert* | *MPACHEL-19-691* | *000449* | *000457* |
| *Feltoon Testimony List* | *Expert* | *MPACHEL-19-691* | *000458* | *000459* |
| *Feltoon Fee Schedule* | *Expert* | *MPACHEL-19-691* | *000460* | *000460* |
| *Zachary Poston* | | | | |
| *Feltoon Report (Z. Poston)* | *Expert* | *ZPOSTON-19-691* | *003942* | *003947* |
| *Feltoon CV* | *Expert* | *ZPOSTON-19-691* | *003948* | *003956* |
| *Feltoon Testimony List* | *Expert* | *ZPOSTON-19-691* | *003957* | *003958* |
| *Feltoon Fee Schedule* | *Expert* | *ZPOSTON-19-691* | *003959* | *003959* |
| *Jennifer Racey* | | | | |
| *Feltoon Report (J. Racey)* | *Expert* | *JRACEY-19-691* | *000296* | *000301* |
| *Feltoon CV* | *Expert* | *JRACEY-19-691* | *000302* | *000310* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Feltoon Testimony List* | *Expert* | *JRACEY-19-691* | *000311* | *000312* |
| *Feltoon Fee Schedule* | *Expert* | *JRACEY-19-691* | *000313* | *000313* |
| *Patsy McCain* | | | | |
| *Feltoon Report (P. McCain)* | *Expert* | *PMcCAIN-19-691* | *000326* | *000331* |
| *Feltoon CV* | *Expert* | *PMcCAIN-19-691* | *000332* | *000340* |
| *Feltoon Testimony List* | *Expert* | *PMcCAIN-19-691* | *000341* | *000342* |
| *Feltoon Fee Schedule* | *Expert* | *PMcCAIN-19-691* | *000343* | *000343* |
| *Elizabeth Braden obo Z.Z.* | | | | |
| *Feltoon Report (Z.Z.)* | *Expert* | *ZZAVALA-19-691* | *010957* | *010963* |
| *Feltoon CV* | *Expert* | *ZZAVALA-19-691* | *010964* | *010972* |
| *Feltoon Testimony List* | *Expert* | *ZZAVALA-19-691* | *010973* | *010974* |
| *Feltoon Fee Schedule* | *Expert* | *ZZAVALA-19-691* | *010975* | *010975* |
| *5:19-cv-00706 (Lookingbill)* | | | | |
| *Feltoon Rpt (D. Lookingbill)* | *Expert* | *19-706* | *001690* | *001694* |
| *Feltoon Rpt (R.T.)* | *Expert* | *19-706* | *001695* | *001701* |
| *Feltoon CV* | *Expert* | *19-706* | *001702* | *001710* |
| *Feltoon Fee Schedule* | *Expert* | *19-706* | *001711* | *001711* |
| *Feltoon Testimony List* | *Expert* | *19-706* | *001712* | *001713* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:19-cv-00714 (*Solis*)** | | | | |
| *Feltoon Report (Joaquin Ramirez)* | *Expert* | *19-714* | *001211* | *001216* |
| *Feltoon Report (Rosanne Solis)* | *Expert* | *19-714* | *001217* | *001222* |
| *Feltoon CV* | *Expert* | *19-714* | *001223* | *001231* |
| *Feltoon Fee Schedule* | *Expert* | *19-714* | *001232* | *001232* |
| *Feltoon Testimony List* | *Expert* | *19-714* | *001233* | *001234* |
| **5:19-cv-00715 (*McKenzie*)** | | | | |
| *Feltoon Report (Margaret McKenzie)* | *Expert* | *19-715* | *000887* | *000892* |
| *Feltoon CV* | *Expert* | *19-715* | *000893* | *000901* |
| *Feltoon Fee Schedule* | *Expert* | *19-715* | *000902* | *000902* |
| *Feltoon Testimony List* | *Expert* | *19-715* | *000903* | *000904* |
| **5:19-cv-00972 (*McMahan*)** | | | | |
| ***Chancie McMahan*** | | | | |
| *Feltoon Report (C. McMahan)* | *Expert* | *McMAHAN 19-972* | *008241* | *008246* |
| *Feltoon Report (R. Ward)* | *Expert* | *McMAHAN 19-972* | *008247* | *008253* |
| *Feltoon CV* | *Expert* | *McMAHAN 19-972* | *008254* | *008262* |
| *Feltoon Fee Schedule* | *Expert* | *McMAHAN 19-972* | *008263* | *008263* |
| *Feltoon Testimony List* | *Expert* | *McMAHAN 19-972* | *008264* | *008265* |
| **5:20-cv-00109-XR (*Braden II*)** | | | | |
| ***Robert Braden*** | | | | |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Feltoon Report (R. Braden)* | *Expert* | *RBRADEN-20-109* | *000317* | *000322* |
| *Feltoon CV* | *Expert* | *RBRADEN-20-109* | *000323* | *000331* |
| *Feltoon Testimony List* | *Expert* | *RBRADEN-20-109* | *000332* | *000333* |
| *Feltoon Fee Schedule* | *Expert* | *RBRADEN-20-109* | *000334* | *000334* |
| *Rebecca Metcalf Braden* | | | | |
| *Feltoon Report (R. Metcalf)* | *Expert* | *RMETCALF-20-109* | *000124* | *000129* |
| *Feltoon CV* | *Expert* | *RMETCALF-20-109* | *000130* | *000138* |
| *Feltoon Testimony List* | *Expert* | *RMETCALF-20-109* | *000139* | *000140* |
| *Feltoon Fee Schedule* | *Expert* | *RMETCALF-20-109* | *000141* | *000141* |
| *Brenda Moulton* | | | | |
| *Feltoon Report (B. Moulton)* | *Expert* | *BMOULTON-20-109* | *003008* | *003013* |
| *Feltoon CV* | *Expert* | *BMOULTON-20-109* | *003014* | *003022* |
| *Feltoon Testimony List* | *Expert* | *BMOULTON-20-109* | *003023* | *003024* |
| *Feltoon Fee Schedule* | *Expert* | *BMOULTON-20-109* | *003025* | *003025* |

6.   *Joe G. Gonzales, MD, FAAPMR, CLCP, CPLCP*

Areas of Expertise: Life Care Planning, Physical Medicine and Rehabilitation

Dr. Joe G. Gonzales is a triple-board-certified Physician, holding board certifications from the American Board of Physical Medicine & Rehabilitation, the American Board of Pain Medicine, and the American College of Occupational & Environmental Medicine. He is a Certified Life Care Planner and a Certified Physician Life Care Planner. Dr. Gonzales earned his medical degree from Texas Tech University Health Science Center, and his Bachelor of Health Science degree from Baylor College of Medicine. Dr. Gonzales performed his internship in the department of Family Medicine at Texas Tech University Health Science Center in Lubbock, Texas. Dr. Gonzales performed his residency in Physical Medicine & Rehabilitation at the University of Texas Health Science Center at San Antonio. For a more detailed summary of Dr. Gonzales' skills, training, education, experience, and knowledge, please see his curriculum vitae, which is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Gonzales will testify as to any rehabilitation and life care planning issues in this case for the Plaintiffs in the cases identified below. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

His opinions are based on an interview, evaluation, and physical examination of the Plaintiffs as identified in the reports referenced in the chart below, and a review of the Plaintiffs' health care records, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his reports. For a more detailed discussion of his opinions and bases for those opinions, please see his reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Dr. Gonzales is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Gonzales has testified in either by deposition or trial, as well as his fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Dr. Gonzales reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition. Dr. Gonzales also reserves the right to use summary tables to describe his opinions. Dr. Gonzales may also use the photos and videos taken by him or his staff which are produced as part of the reports referenced below. Including the documents cited in his report, Dr. Gonzalez may testify on the following documents, which are publicly available:

- CDC Life Tables, *available at* https://www.cdc.gov/nchs/products/life_tables.htm
- Nolte, Ellen, et al. "The contribution of medical care to changing life expectancy in Germany and Poland." Social science & medicine 55.11 (2002): 1905-1921.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:18-cv-00712 (*Vidal*)** | | | | |
| *Gonzales Life Care Plan (Margarette Vidal)* | *Expert* | *18-712* | *006870* | *006957* |
| *Gonzales CV* | *Expert* | *18-712* | *006958* | *006964* |
| *Gonzales Fee Schedule* | *Expert* | *18-712* | *006965* | *006974* |
| *Gonzales Testimony List* | *Expert* | *18-712* | *006975* | *006988* |
| **5:18-cv-00949 (*McNulty*)** | | | | |
| *Gonzales Life Care Plan (HM)* | *Expert* | *18-949* | *004532* | *004593* |
| *Gonzales Life Care Plan (JM)* | *Expert* | *18-949* | *004594* | *004653* |
| *Gonzales CV* | *Expert* | *18-949* | *004654* | *004660* |
| *Gonzales Fee Schedule (HM)* | *Expert* | *18-949* | *004661* | *004670* |
| *Gonzales Fee Schedule (JM)* | *Expert* | *18-949* | *004671* | *004680* |
| *Gonzales Testimony List* | *Expert* | *18-949* | *004681* | *004694* |
| **5:19-cv-00184 (*Brown*)** | | | | |
| *Dr. Gonzales – CV* | *Expert* | *19-184* | *001681* | *001687* |
| *Dr. Gonzales Invoice* | *Expert* | *19-184* | *001697* | *001697* |
| *Dr. Gonzales Life Care Plan [F. Brown]* | *Expert* | *19-184* | *001698* | *001759* |
| *Dr. Gonzales Expert Appearances* | *Expert* | *19-184* | *001815* | *001828* |
| **5:19-cv-00691 (*Braden*)** | | | | |
| *Deborah Braden* | | | | |
| *Gonzales Life Care Plan - D. Braden* | *Expert* | *DBRADEN-19-691* | *002949* | *003026* |
| *Medical Narrative - D. Braden* | *Expert* | *DBRADEN-19-691* | *003027* | *003028* |

| Description | Type | Case # | Bates Begin-ning | Bates Ending |
|---|---|---|---|---|
| *Gonzales - CV* | *Expert* | *DBRADEN-19-691* | *003029* | *003035* |
| *Gonzales Testimony List* | *Expert* | *DBRADEN-19-691* | *003036* | *003049* |
| *PLCP Retention Agreement (Case- Deborah Braden)* | *Expert* | *DBRADEN-19-691* | *003050* | *003059* |
| *Zachary Poston* | | | | |
| *Gonzales Life Care Plan (Z. Poston)* | *Expert* | *ZPOSTON-19-691* | *003960* | *004061* |
| *Medical Narrative (Z. Poston)* | *Expert* | *ZPOSTON-19-691* | *004062* | *004063* |
| *Gonzales CV* | *Expert* | *ZPOSTON-19-691* | *004064* | *004070* |
| *Gonzales Testimony List* | *Expert* | *ZPOSTON-19-691* | *004071* | *004084* |
| *PLCP Retention Agreement (Z. Poston)* | *Expert* | *ZPOSTON-19-691* | *004085* | *004094* |
| *Elizabeth Braden obo Z.Z.* | | | | |
| *Gonzales Life Care Plan (Z.Z.)* | *Expert* | *ZZAVALA-19-691* | *010976* | *011079* |
| *Medical Narrative (Z.Z.)* | *Expert* | *ZZAVALA-19-691* | *011080* | *011081* |
| *Gonzales CV* | *Expert* | *ZZAVALA-19-691* | *011082* | *011088* |
| *Gonzales Testimony List* | *Expert* | *ZZAVALA-19-691* | *011089* | *011102* |
| *PLCP Retention Agmt (Z.Z.)* | *Expert* | *ZZAVALA-19-691* | *011103* | *001112* |
| **5:19-cv-00705 (*Kyle Workman & Morgan Harris*)** | | | | |

| Description | Type | Case # | Bates Begin-ning | Bates Ending |
|---|---|---|---|---|
| *Kyle Workman* | | | | |
| *Morgan Harris* | | | | |
| *Gonzales Life Care Plan [M. Harris]* | *Expert* | *MHARRIS-19-705* | *000657* | *000719* |
| *Amended Life Care Plan - M. Harris* | *Expert* | *MHARRIS-19-705* | *000857* | *000896* |
| *Gonzales CV* | *Expert* | *MHARRIS-19-705* | *000897* | *000903* |
| *Gonzales Testimony List* | *Expert* | *MHARRIS-19-705* | *000904* | *000909* |
| **5:19-cv-00706 (*Lookingbill*)** | | | | |
| *Gonzales Life Care Plan (D. Lookingbill)* | *Expert* | *19-706* | *001733* | *001766* |
| *Gonzales Life Care Plan (R.T.)* | *Expert* | *19-706* | *001767* | *001800* |
| *Gonzales CV* | *Expert* | *19-706* | *001801* | *001807* |
| *Gonzales Testimony List* | *Expert* | *19-706* | *001808* | *001813* |
| *Gonzales Fee Agreement (R.T.)* | *Expert* | *19-706* | *001814* | *001823* |
| *Gonzales Fee Agreement (D. Lookingbill)* | *Expert* | *19-706* | *001824* | *001833* |
| **5:19-cv-00714 (*Solis*)** | | | | |
| *Gonzales Life Care Plan (Joaquin Ramirez)* | *Expert* | *19-714* | *001235* | *001281* |
| *Gonzales Life Care Plan (Ro-sanne Solis)* | *Expert* | *19-714* | *001282* | *001340* |
| *Gonzales CV* | *Expert* | *19-714* | *001341* | *001347* |

| Description | Type | Case # | Bates Begin-ning | Bates Ending |
|---|---|---|---|---|
| *Gonzales Fee Schedule (Joaquin Ramirez)* | *Expert* | *19-714* | *001348* | *001357* |
| *Gonzales Fee Schedule (Rosanne Solis)* | *Expert* | *19-714* | *001358* | *001367* |
| *Gonzales Testimony List* | *Expert* | *19-714* | *001368* | *001381* |
| **5:19-cv-00715 (*McKenzie*)** | | | | |
| *Gonzales Life Care Plan (Margaret McKenzie)* | *Expert* | *19-715* | *000905* | *000962* |
| *Gonzales CV* | *Expert* | *19-715* | *000963* | *000969* |
| *Gonzales Fee Schedule* | *Expert* | *19-715* | *000970* | *000979* |
| *Gonzales Testimony List* | *Expert* | *19-715* | *000980* | *000993* |
| **5:19-cv-00806 (*Macias*)** | | | | |
| *Gonzales Life Care Plan (Juan Macias)* | *Expert* | *19-806* | *014095* | *014230* |
| *Gonzales CV* | *Expert* | *19-806* | *014231* | *014237* |
| *Gonzales Retention Agree-ment* | *Expert* | *19-806* | *014238* | *014247* |
| *Gonzales Testimony List* | *Expert* | *19-806* | *014248* | *014253* |
| *Juan Macias Illustration* | *Expert* | *19-806* | *014254* | *014254* |
| **5:20-cv-00109-XR (*Braden II*)** | | | | |
| **Brenda Moulton** | | | | |
| *Gonzales Life Care Plan (B. Moulton)* | *Expert* | *BMOULTON-20-109* | *003026* | *003117* |
| *Medical Narrative (B. Moulton)* | *Expert* | *BMOULTON-20-109* | *003118* | *003119* |
| *Gonzales CV* | *Expert* | *BMOULTON-20-109* | *003120* | *003126* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Gonzales Testimony List* | *Expert* | *BMOULTON-20-109* | *003127* | *003140* |
| *Gonzales Retention Agreement (B. Moulton)* | *Expert* | *BMOULTON-20-109* | *003141* | *003150* |

### 7.    *Gerald Casenave, Ph.D.*

Areas of Expertise: Vocational Economics and Rehabilitation Counseling

Dr. Gerald Casenave is board-certified in Psychological Disabilities Evaluation by the American College of Forensic Examiners. He is a Licensed Psychologist in the State of Texas and a Certified Rehabilitation Counselor. Dr. Casenave earned a Ph.D. in Clinical Psychology University of Texas Southwestern Medical Center from Dallas, Texas, an M.S. in Rehabilitation Counseling from Southern Illinois University, a B.A. in Philosophy from Pomona College, Claremont, California, both an M.A. and a Ph.D. in Philosophy from Vanderbilt University, conducted post-doctoral studies at University of Nevada at Las Vegas in Business Valuation, Principles of Economics for Occupational Professionals, and Applied Economics for Vocational Rehabilitation Professionals, and has attended 450 hours in a Psychopharmacology Post-Doctoral Training Program at Texas A & M University. For a more detailed summary of Dr. Casenave's skills, training, education, experience, and knowledge, please see his curriculum vitae, which is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Casenave will testify as to any vocational economic assessments, vocational rehabilitation, and related issues in this case for the Plaintiffs in the cases identified below. He will testify to any subject on which he has factual knowledge or

is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

His opinions are based on interviews with Plaintiffs and review of documents related to his areas of expertise, such as medical records, Social Security earnings history, W-2's, tax returns, which are identified in the reports referenced in the chart below, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his reports. For a more detailed discussion of his opinions and bases for those opinions, please see his reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Dr. Casenave is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Casenave has testified in either by deposition or trial, as well as his fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Dr. Casenave reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition. Dr. Casenave also reserves the right to use summary tables to describe his opinions. Dr. Casenave may also use the photos and videos taken by him or his staff which are produced as part of the reports referenced below.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:19-cv-00691 (*Braden*)** | | | | |
| *Estate of Keith Braden* | | | | |
| *Casanave Report (Keith Braden)* | *Expert* | *KBRADEN-19-691* | *000266* | *000301* |
| *Casenave CV* | *Expert* | *KBRADEN-19-691* | *000302* | *000313* |
| *Casenave Testimony List* | *Expert* | *KBRADEN-19-691* | *000314* | *000351* |
| *Casenave Fee Agreement* | *Expert* | *KBRADEN-19-691* | *000352* | *000353* |
| *Elizabeth Braden* | | | | |
| *Casenave Report (Keith Braden)* | *Expert* | *EBRADEN-19-691* | *000475* | *000510* |
| *Casenave CV* | *Expert* | *EBRADEN-19-691* | *000511* | *000522* |
| *Casenave Testimony List* | *Expert* | *EBRADEN-19-691* | *000523* | *000560* |
| *Casenave Fee Agmnt* | *Expert* | *EBRADEN-19-691* | *000561* | *000562* |
| *Estate of Robert Corrigan* | | | | |
| *Casenave Report (Robert Corrigan)* | *Expert* | *RCORRIGAN-19-691* | *000699* | *000734* |
| *Casenave CV* | *Expert* | *RCORRIGAN-19-691* | *000735* | *000746* |
| *Casenave Testimony List* | *Expert* | *RCORRIGAN-19-691* | *000747* | *000784* |
| *Casenave Fee Agreement* | *Expert* | *RCORRIGAN-19-691* | *000785* | *000786* |
| *Estate of Shani Corrigan* | | | | |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Casenave Report (Robert Corrigan)* | *Expert* | *SCORRIGAN-19-691* | *000422* | *000457* |
| *Casenave CV* | *Expert* | *SCORRIGAN-19-691* | *000458* | *000469* |
| *Casenave Testimony List* | *Expert* | *SCORRIGAN-19-691* | *000470* | *000507* |
| *Casenave Fee Agreement* | *Expert* | *SCORRIGAN-19-691* | *000508* | *000509* |
| *Estate of Robert Marshall* | | | | |
| *Casenave Report (R. Marshall)* | *Expert* | *RMARSHALL-19-691* | *000304* | *000339* |
| *Casenave CV* | *Expert* | *RMARSHALL-19-691* | *000340* | *000351* |
| *Casenave Testimony List* | *Expert* | *RMARSHALL-19-691* | *000352* | *000389* |
| *Casenave Fee Agreement* | *Expert* | *RMARSHALL-19-691* | *000390* | *000391* |
| *Estate of Karen Marshall* | | | | |
| *Casenave Report (K. Marshall)* | *Expert* | *KMARSHALL-19-691* | *000312* | *000347* |
| *Casenave CV* | *Expert* | *KMARSHALL-19-691* | *000348* | *000359* |
| *Casenave Testimony List* | *Expert* | *KMARSHALL-19-691* | *000360* | *000397* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Casenave Fee Agreement* | *Expert* | *KMAR-SHALL-19-691* | *000398* | *000399* |
| *Zachary Poston* | | | | |
| *Casenave Report (Z. Poston)* | *Expert* | *ZPOSTON-19-691* | *003684* | *003720* |
| *Casenave CV* | *Expert* | *ZPOSTON-19-691* | *003721* | *003732* |
| *Casenave Testimony List* | *Expert* | *ZPOSTON-19-691* | *003733* | *003770* |
| *Casenave Fee Schedule* | *Expert* | *ZPOSTON-19-691* | *003771* | *003772* |
| *Estate of Peggy Warden* | | | | |
| *Casenave Report (P. Warden)* | *Expert* | *PWARDEN-19-691* | *000269* | *000304* |
| *Casenave CV* | *Expert* | *PWARDEN-19-691* | *000305* | *000316* |
| *Casenave Testimony List* | *Expert* | *PWARDEN-19-691* | *000317* | *000354* |
| *Casenave Fee Agreement* | *Expert* | *PWARDEN-19-691* | *000355* | *000356* |
| *Elizabeth Braden obo Z.Z.* | | | | |
| *Casenave Report (Z. Zavala)* | *Expert* | *ZZAVALA-19-691* | *010686* | *010722* |
| *Casenave CV* | *Expert* | *ZZAVALA-19-691* | *010723* | *010734* |
| *Casenave Testimony List* | *Expert* | *ZZAVALA-19-691* | *010735* | *010772* |
| *Casenave Fee Agmnt* | *Expert* | *ZZAVALA-19-691* | *010773* | *010774* |

8.   *Keith Wm. Fairchild, Ph.D.*

Areas of Expertise: Economics and Finance

Keith Wm. Fairchild, Ph.D. is an expert in economic and financial analysis. He received his doctoral degree in finance from the University of Texas at Austin. Dr. Fairchild is a recently retired Professor of Finance at the University of Texas at San Antonio, having held several distinguished positions during his tenure, including Director of Entrepreneurship Programs, Acting Associate Dean of Graduate Studies and Research, Department Chair, and Director of the MBA Program. For a more detailed summary of Dr. Fairchild's skills, training, education, experience, and knowledge, please see his curriculum vitae that is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Fairchild will testify as to any economic or financial in this case for the Plaintiffs in the cases identified below. He will testify as to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise. His expected testimony will address damage issues surrounding the facts that are the subject of this lawsuit. His opinions are based on a review of testimony taken and to be taken in this case, a list of documents described in his expert report, any specific literature he may have relied upon, and his education, training, skills, knowledge and experience including the documents attached to Dr. Fairchild's reports. Dr. Fairchild has reviewed the materials listed in his reports.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his reports.

For a more detailed discussion of his opinions and bases for those opinions, please see his reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Dr. Fairchild is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Fairchild has testified in either by deposition or trial, as well as his fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Dr. Fairchild reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition. Dr. Fairchild also reserves the right to use summary tables to describe his opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| 5:18-cv-00712 (*Vidal*) | | | | |
| *Fairchild LCP Report (Margarette Vidal)* | *Expert* | *18-712* | *006790* | *006828* |
| *Fairchild CV* | *Expert* | *18-712* | *006829* | *006834* |
| *Fairchild Fee Schedule* | *Expert* | *18-712* | *006835* | *006835* |
| *Fairchild Testimony List* | *Expert* | *18-712* | *006836* | *006851* |
| 5:18-cv-00949 (*McNulty*) | | | | |
| *Fairchild LCP Report (HM)* | *Expert* | *18-949* | *004364* | *004416* |

| Description | Type | Case # | Bates Begin-ning | Bates Ending |
|---|---|---|---|---|
| *Fairchild LCP Report (JM)* | *Expert* | *18-949* | *004417* | *004463* |
| *Fairchild Report (Tara McNulty)* | *Expert* | *18-949* | *004464* | *004478* |
| *Fairchild CV* | *Expert* | *18-949* | *004479* | *004484* |
| *Fairchild Fee Schedule* | *Expert* | *18-949* | *004485* | *004485* |
| *Fairchild Testimony List* | *Expert* | *18-949* | *004486* | *004501* |
| **5:19-cv-00289 (*Ward*)** | | | | |
| *Fairchild LCP Report (R.W.)* | *Expert* | *19-289* | *008294* | *008385* |
| *Fairchild CV* | *Expert* | *19-289* | *008386* | *008391* |
| *Fairchild Fee Schedule* | *Expert* | *19-289* | *008392* | *008392* |
| *Fairchild Invoice* | *Expert* | *19-289* | *008393* | *008394* |
| *Fairchild Testimony List* | *Expert* | *19-289* | *008395* | *008410* |
| **5:19-cv-00691 (*Braden*)** | | | | |
| ***Deborah Braden*** | | | | |
| *Fairchild LCP Report (Debo-rah Braden)* | *Expert* | *DBRADEN-19-691* | *002857* | *002906* |
| *Fairchild CV* | *Expert* | *DBRADEN-19-691* | *002907* | *002912* |
| *Fairchild Testimony List* | *Expert* | *DBRADEN-19-691* | *002913* | *002928* |
| *Fairchild Fee Schedule* | *Expert* | *DBRADEN-19-691* | *002929* | *002929* |
| ***Estate of Keith Braden*** | | | | |
| *Fairchild Earnings Report (Keith Braden)* | *Expert* | *KBRADEN-19-691* | *000354* | *000371* |
| *Fairchild CV* | *Expert* | *KBRADEN-19-691* | *000372* | *000377* |

| Description | Type | Case # | Bates Begin-ning | Bates Ending |
|---|---|---|---|---|
| *Fairchild Testimony List* | *Expert* | *KBRADEN-19-691* | *000378* | *000393* |
| *Fairchild Fee Schedule* | *Expert* | *KBRADEN-19-691* | *000394* | *000394* |
| *Elizabeth Braden* | | | | |
| *Fairchild Earnings Report (Keith Braden)* | *Expert* | *EBRADEN-19-691* | *000563* | *000580* |
| *Fairchild CV* | *Expert* | *EBRADEN-19-691* | *000581* | *000586* |
| *Fairchild Testimony List* | *Expert* | *EBRADEN-19-691* | *000587* | *000602* |
| *Fairchild Fee Schedule* | *Expert* | *EBRADEN-19-691* | *000603* | *000603* |
| *Benjamin Corrigan* | | | | |
| *Fairchild Report (B. Corri-gan)* | *Expert* | *BCORRI-GAN-19-691* | *000462* | *000480* |
| *Fairchild CV* | *Expert* | *BCORRI-GAN-19-691* | *000481* | *000486* |
| *Fairchild Fee Schedule* | *Expert* | *BCORRI-GAN-19-691* | *000487* | *000487* |
| *Fairchild Testimony List* | *Expert* | *BCORRI-GAN-19-691* | *000488* | *000503* |
| *Estate of Robert Corrigan* | | | | |
| *Fairchild Earnings Report (R. Corrigan)* | *Expert* | *RCORRI-GAN-19-691* | *000787* | *000802* |
| *Fairchild CV* | *Expert* | *RCORRI-GAN-19-691* | *000803* | *000808* |
| *Fairchild Testimony List* | *Expert* | *RCORRI-GAN-19-691* | *000809* | *000824* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Fairchild Fee Schedule* | *Expert* | *RCORRI-GAN-19-691* | *000825* | *000825* |
| *Estate of Shani Corrigan* | | | | |
| *Fairchild Earnings Report (R. Corrigan)* | *Expert* | *SCORRI-GAN-19-691* | *000510* | *000525* |
| *Fairchild CV* | *Expert* | *SCORRI-GAN-19-691* | *000526* | *000531* |
| *Fairchild Testimony List* | *Expert* | *SCORRI-GAN-19-691* | *000532* | *000547* |
| *Fairchild Fee Schedule* | *Expert* | *SCORRI-GAN-19-691* | *000548* | *000548* |
| *Preston Corrigan* | | | | |
| *Fairchild Report (B. Corri-gan)* | *Expert* | *PCORRI-GAN-19-691* | *000645* | *000663* |
| *Fairchild CV* | *Expert* | *PCORRI-GAN-19-691* | *000664* | *000669* |
| *Fairchild Fee Schedule* | *Expert* | *PCORRI-GAN-19-691* | *000670* | *000670* |
| *Fairchild Testimony List* | *Expert* | *PCORRI-GAN-19-691* | *000671* | *000686* |
| *Estate of Robert Marshall* | | | | |
| *Fairchild Earnings Report (R. Marshall)* | *Expert* | *RMAR-SHALL-19-691* | *000392* | *000407* |
| *Fairchild CV* | *Expert* | *RMAR-SHALL-19-691* | *000408* | *000413* |
| *Fairchild Testimony List* | *Expert* | *RMAR-SHALL-19-691* | *000414* | *000429* |

| Description | Type | Case # | Bates Begin-ning | Bates Ending |
|---|---|---|---|---|
| *Fairchild Fee Schedule* | *Expert* | *RMAR-SHALL-19-691* | *000430* | *000430* |
| *Estate of Karen Marshall* | | | | |
| *Fairchild Earnings Report (K. Marshall)* | *Expert* | *KMAR-SHALL-19-691* | *000400* | *000415* |
| *Fairchild CV* | *Expert* | *KMAR-SHALL-19-691* | *000416* | *000421* |
| *Fairchild Testimony List* | *Expert* | *KMAR-SHALL-19-691* | *000422* | *000437* |
| *Fairchild Fee Schedule* | *Expert* | *KMAR-SHALL-19-691* | *000438* | *000438* |
| *Zachary Poston* | | | | |
| *Fairchild Earnings Report (Z. Poston)* | *Expert* | *ZPOSTON-19-691* | *003819* | *003839* |
| *Fairchild LCP Report (Z. Poston)* | *Expert* | *ZPOSTON-19-691* | *003840* | *003918* |
| *Fairchild CV* | *Expert* | *ZPOSTON-19-691* | *003919* | *003924* |
| *Fairchild Testimony List* | *Expert* | *ZPOSTON-19-691* | *003925* | *003940* |
| *Fairchild Fee Schedule* | *Expert* | *ZPOSTON-19-691* | *003941* | *003941* |
| *Estate of Peggy Warden* | | | | |
| *Fairchild Earnings Report (P. Warden)* | *Expert* | *PWARDEN-19-691* | *000357* | *000364* |

| Description | Type | Case # | Bates Begin-ning | Bates Ending |
|---|---|---|---|---|
| *Fairchild CV* | *Expert* | *PWARDEN-19-691* | *000365* | *000370* |
| *Fairchild Testimony List* | *Expert* | *PWARDEN-19-691* | *000371* | *000386* |
| *Fairchild Fee Schedule* | *Expert* | *PWARDEN-19-691* | *000387* | *000387* |
| *Elizabeth Braden obo Z.Z.* | | | | |
| *Fairchild LCP Report (Z.Z.)* | *Expert* | *ZZAVALA-19-691* | *010821* | *010918* |
| *Fairchild Earnings Report (Z.Z.)* | *Expert* | *ZZAVALA-19-691* | *010919* | *010933* |
| *Fairchild CV* | *Expert* | *ZZAVALA-19-691* | *010934* | *010939* |
| *Fairchild Testimony List* | *Expert* | *ZZAVALA-19-691* | *010940* | *010955* |
| *Fairchild Fee Schedule* | *Expert* | *ZZAVALA-19-691* | *010956* | *010956* |
| **5:19-cv-00706 (*Lookingbill*)** | | | | |
| *Fairchild LCP PV Report (Lookingbill)* | *Expert* | *19-706* | *001619* | *001641* |
| *Fairchild LCP PV Report (R.T.)* | *Expert* | *19-706* | *001642* | *001666* |
| *Fairchild CV* | *Expert* | *19-706* | *001667* | *001672* |
| *Fairchild Fee Schedule* | *Expert* | *19-706* | *001673* | *001673* |
| *Fairchild Testimony List* | *Expert* | *19-706* | *001674* | *001689* |
| **5:19-cv-00714 (*Solis*)** | | | | |
| *Fairchild LCP Report (Joaquin Ramirez)* | *Expert* | *19-714* | *001108* | *001141* |

| Description | Type | Case # | Bates Begin-ning | Bates Ending |
|---|---|---|---|---|
| *Fairchild LCP Report (Rosanne Solis)* | *Expert* | *19-714* | *001142* | *001187* |
| *Fairchild CV* | *Expert* | *19-714* | *001188* | *001193* |
| *Fairchild Fee Schedule* | *Expert* | *19-714* | *001194* | *001194* |
| *Fairchild Testimony List* | *Expert* | *19-714* | *001195* | *001210* |
| **5:19-cv-00715 (*McKenzie*)** | | | | |
| *Fairchild LCP Report (Margaret McKenzie)* | *Expert* | *19-715* | *000826* | *000863* |
| *Fairchild CV* | *Expert* | *19-715* | *000864* | *000869* |
| *Fairchild Fee Schedule* | *Expert* | *19-715* | *000870* | *000870* |
| *Fairchild Testimony List* | *Expert* | *19-715* | *000871* | *000886* |
| **5:19-cv-00806 (*Macias*)** | | | | |
| *Fairchild LCP PV Report (Juan Macias)* | *Expert* | *19-806* | *014002* | *014071* |
| *Fairchild CV* | *Expert* | *19-806* | *014072* | *014077* |
| *Fairchild Fee Schedule* | *Expert* | *19-806* | *014078* | *014078* |
| *Fairchild Testimony List* | *Expert* | *19-806* | *014079* | *014094* |
| **5:19-cv-00972 (*McMahan*)** | | | | |
| ***Chancie McMahan*** | | | | |
| *Fairchild LCP Report (R. Ward)* | *Expert* | *McMAHAN 19-972* | *008124* | *008215* |
| *Fairchild CV* | *Expert* | *McMAHAN 19-972* | *008216* | *008221* |
| *Fairchild Fee Schedule* | *Expert* | *McMAHAN 19-972* | *008222* | *008222* |
| *Fairchild Invoice* | *Expert* | *McMAHAN 19-972* | *008223* | *008224* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Fairchild Testimony List* | *Expert* | *McMAHAN 19-972* | *008225* | *008240* |
| **5:20-cv-00109-XR (***Braden II***)** | | | | |
| *Brenda Moulton* | | | | |
| *Fairchild LCP Report (B. Moulton)* | *Expert* | *BMOULTON-20-109* | *002936* | *002984* |
| *Fairchild CV* | *Expert* | *BMOULTON-20-109* | *002985* | *002990* |
| *Fairchild Testimony List* | *Expert* | *BMOULTON-20-109* | *002991* | *003006* |
| *Fairchild Fee Schedule* | *Expert* | *BMOULTON-20-109* | *003007* | *003007* |

9. ***Sharmila Dissanaike, MD FACS FCCM***

Areas of Expertise: Medical care and costs

Dr. Sharmila Dissanaike is a practicing Emergency Room and double-Board-Certified Trauma Surgeon, having been certified by the American Board of Surgery in both General Surgery and Surgical Critical Care. Dr. Dissanaike is the Chair of the Department of Surgery at Texas Tech University Health Sciences Center and Chief of Surgery at University Medical Center. She holds current full and unrestricted medical licensure in Texas. Dr. Dissanaike obtained her M.B.B.S (MD) from University of Sydney, Australia, graduating Summa cum Laude, and completed her bachelor's and advanced level training in Biological Sciences at Methodist College in Colombo Sri Lanka, graduating as Valedictorian. For a more detailed summary of Dr. Dissanaike's skills, training, education, experience, and knowledge, please see

his curriculum vitae, which is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Dissanaike will testify as to the reasonableness and necessity of the past medical care and costs for the Plaintiffs in the cases identified below, and related issues in this case. She will testify to any subject on which he has factual knowledge or is within her area of expertise. She will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within her area of expertise.

Dr. Dissanaike's opinions are based on reviews of medical and billing records, medical illustrations of injuries, testimony taken and to be taken in this case, any specific literature she may have relied upon, and her education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in her reports. For a more detailed discussion of his opinions and bases for those opinions, please see her reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Dr. Dissanaike is available for deposition and Defendant may examine her for a more detailed explanation of her opinions and basis for those opinions relating to this case. Once she has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Dissanaike has testified in either by deposition or trial, as well as her fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Dr. Dissanaike reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of her expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that she brings with her to her deposition. Dr. Dissanaike also reserves the right to use summary tables to describe her opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:18-cv-00712 (*Vidal*)** | | | | |
| *Dissanaike Report (Margarette Vidal)* | *Expert* | *18-712* | *006745* | *006746* |
| *Dissanaike CV* | *Expert* | *18-712* | *006747* | *006787* |
| *Dissanaike Fee Schedule* | *Expert* | *18-712* | *006788* | *006788* |
| *Dissanaike Testimony List* | *Expert* | *18-712* | *006789* | *006789* |
| **5:18-cv-00949 (*McNulty*)** | | | | |
| *Dissanaike Report (HM)* | *Expert* | *18-949* | *004317* | *004318* |
| *Dissanaike Report (JM)* | *Expert* | *18-949* | *004319* | *004320* |
| *Dissanaike CV* | *Expert* | *18-949* | *004321* | *004361* |
| *Dissanaike Fee Schedule* | *Expert* | *18-949* | *004362* | *004362* |
| *Dissanaike Testimony List* | *Expert* | *18-949* | *004363* | *004363* |
| **5:19-cv-00184 (*Brown*)** | | | | |
| *Cover Ltr for Dr. Dissanaike* | *Expert* | *19-184* | *001638* | *001638* |
| *Dr. Dissanaike – CV* | *Expert* | *19-184* | *001639* | *001679* |
| *Dr. Dissanaike – Testimony List* | *Expert* | *19-184* | *001680* | *001680* |
| *Dr. Dissanaike Rpt [F. Brown]* | *Expert* | *19-184* | *001690* | *001691* |

| Description | Type | Case # | Bates Begin-ning | Bates Ending |
|---|---|---|---|---|
| *Dissanaike - Legal Fees Schedule* | *Expert* | *19-184* | *001696* | *001696* |
| **5:19-cv-00691 (*Braden*)** | | | | |
| ***Deborah Braden*** | | | | |
| *Dissanaike Report (Deborah Braden)* | *Expert* | *DBRADEN-19-691* | *002812* | *002813* |
| *Dissanaike CV* | *Expert* | *DBRADEN-19-691* | *002814* | *002854* |
| *Dissanaike Testimony List* | *Expert* | *DBRADEN-19-691* | *002855* | *002855* |
| *Dissanaike Fee Schedule* | *Expert* | *DBRADEN-19-691* | *002856* | *002856* |
| ***Zachary Poston*** | | | | |
| *Dissanaike Report (Z. Poston)* | *Expert* | *ZPOSTON-19-691* | *003773* | *003775* |
| *Dissanaike CV* | *Expert* | *ZPOSTON-19-691* | *003776* | *003816* |
| *Dissanaike Testimony List* | *Expert* | *ZPOSTON-19-691* | *003817* | *003817* |
| *Dissanaike Fee Schedule* | *Expert* | *ZPOSTON-19-691* | *003818* | *003818* |
| ***Elizabeth Braden obo Z.Z.*** | | | | |
| *Dissanaike Report (Z.Z.)* | *Expert* | *ZZAVALA-19-691* | *010775* | *010777* |
| *Dissanaike CV* | *Expert* | *ZZAVALA-19-691* | *010778* | *010818* |
| *Dissanaike Testimony List* | *Expert* | *ZZAVALA-19-691* | *010819* | *010819* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Dissanaike Fee Schedule* | *Expert* | *ZZAVALA-19-691* | *010820* | *010820* |
| **5:19-cv-00714 (*Solis*)** | | | | |
| *Dissanaike Report (Joaquin Ramirez)* | *Expert* | *19-714* | *001062* | *001062* |
| *Dissanaike Report (Rosanne Solis)* | *Expert* | *19-714* | *001063* | *001064* |
| *Dissanaike CV* | *Expert* | *19-714* | *001065* | *001105* |
| *Dissanaike Fee Schedule* | *Expert* | *19-714* | *001106* | *001106* |
| *Dissanaike Testimony List* | *Expert* | *19-714* | *001107* | *001107* |
| **5:19-cv-00715 (*McKenzie*)** | | | | |
| *Dissanaike Report (Margaret McKenzie)* | *Expert* | *19-715* | *000782* | *000782* |
| *Dissanaike CV* | *Expert* | *19-715* | *000783* | *000823* |
| *Dissanaike Fee Schedule* | *Expert* | *19-715* | *000824* | *000824* |
| *Dissanaike Testimony List* | *Expert* | *19-715* | *000825* | *000825* |
| **5:20-cv-00109-XR (*Braden II*)** | | | | |
| ***Robert Braden*** | | | | |
| *Dissanaike Rpt (R. Braden)* | *Expert* | *RBRADEN-20-109* | *000273* | *000273* |
| *Dissanaike CV* | *Expert* | *RBRADEN-20-109* | *000274* | *000314* |
| *Dissanaike Testimony List* | *Expert* | *RBRADEN-20-109* | *000315* | *000315* |
| *Dissanaike Fee Schedule* | *Expert* | *RBRADEN-20-109* | *000316* | *000316* |
| ***Brenda Moulton*** | | | | |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Dissanaike Report (B. Moulton)* | *Expert* | *BMOULTON -20-109* | *002891* | *002892* |
| *Dissanaike CV* | *Expert* | *BMOULTON -20-109* | *002893* | *002933* |
| *Dissanaike Testimony List* | *Expert* | *BMOULTON -20-109* | *002934* | *002934* |
| *Dissanaike Fee Schedule* | *Expert* | *BMOULTON -20-109* | *002935* | *002935* |

**10.**  *Katy Fowler Sutton, PsyD, LSSP*

Area of Expertise: Clinical psychology

Dr. Katy Sutton has a PsyD in clinical psychology and is an active, licensed clinical psychologist in the State of Texas. Dr. Sutton is also a licensed specialist in school psychology in Texas. Dr. Sutton earned her B.A. in Psychology from the University of Texas at Arlington, and her M.S. and PsyD in Clinical Psychology from Baylor University. For a more detailed summary of Dr. Sutton's skills, training, education, experience, and knowledge, please see her curriculum vitae that is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Sutton will testify as to any psychological issues in this case for the Plaintiffs in the cases identified below. She will testify to any subject on which she has factual knowledge or is within her area of expertise. She will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within her area of expertise.

Dr. Sutton's opinions are based on interviews, testing and evaluations of the Plaintiffs as identified in the reports referenced in the chart below, which also

reference the records she reviewed, such as Plaintiffs' health care records, depositions, academic records, testimony taken and to be taken in this case, any specific literature she may have relied upon, and her education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in her reports. For a more detailed discussion of Dr. Sutton's opinions and bases for those opinions, please see her reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Dr. Sutton is available for deposition and Defendant may examine her for a more detailed explanation of her opinions and basis for those opinions relating to this case. Once she has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Sutton has testified in either by deposition or trial, as well as her fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Dr. Sutton reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of her expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that she brings with her to her deposition. Dr. Sutton also reserves the right to use summaries to describe her opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| 5:18-cv-00555 (*Holcombe*) | | | | |
| *Sutton Report (Claryce Holcombe)* | *Expert* | *18-555* | *000168* | *000179* |
| *Sutton Report (Joe Holcombe)* | *Expert* | *18-555* | *000180* | *000192* |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Sutton CV* | *Expert* | *18-555* | *000193* | *000197* |
| *Sutton Fee Schedule* | *Expert* | *18-555* | *000198* | *000198* |
| *Sutton Testimony List* | *Expert* | *18-555* | *000199* | *000202* |
| *PTSD Illustration* | *Expert* | *18-555* | *000221* | *000221* |
| **5:18-cv-00944 (*Ramsey*)** | | | | |
| *Sutton Report (Gary Ramsey)* | *Expert* | *18-944* | *000067* | *000077* |
| *Sutton Report (Ronald Ramsey, Jr.)* | *Expert* | *18-944* | *000078* | *000088* |
| *Sutton CV* | *Expert* | *18-944* | *000089* | *000093* |
| *Sutton Testimony List* | *Expert* | *18-944* | *000094* | *000097* |
| *Sutton Fee Schedule* | *Expert* | *18-944* | *000098* | *000098* |
| *PTSD Illustration* | *Expert* | *18-944* | *000116* | *000116* |
| **5:19-cv-00805 (*Curnow*)** | | | | |
| *Sutton Report (Fred Curnow)* | *Expert* | *19-805* | *000041* | *000051* |
| *Sutton Report (Kathleen Curnow)* | *Expert* | *19-805* | *000052* | *000063* |
| *Sutton CV* | *Expert* | *19-805* | *000064* | *000068* |
| *Sutton Fee Schedule* | *Expert* | *19-805* | *000069* | *000069* |
| *Sutton Testimony List* | *Expert* | *19-805* | *000070* | *000073* |
| *PTSD Illustration* | *Expert* | *19-805* | *000074* | *00074* |
| **5:19-cv-00806 (*Macias*)** | | | | |
| *PTSD Illustration* | *Expert* | *19-806* | *014255* | *014255* |
| *Sutton Report (Jennifer Macias)* | *Expert* | *19-806* | *014259* | *014268* |
| *Sutton CV* | *Expert* | *19-806* | *014269* | *014273* |

| Description | Type | Case # | Bates Begin-ning | Bates Ending |
|---|---|---|---|---|
| *Sutton Fee Schedule* | *Expert* | *19-806* | *014274* | *014274* |
| *Sutton Testimony List* | *Expert* | *19-806* | *014275* | *014278* |
| *Sutton Report (Juan Macias)* | *Expert* | *19-806* | *014279* | *014289* |
| **5:19-cv-01318 (*Holcombe II*)** | | | | |
| *PTSD Illustration* | *Expert* | *19-1318* | *000185* | *000185* |
| *Sutton CV* | *Expert* | *19-1318* | *000220* | *000224* |
| *Sutton Fee Schedule* | *Expert* | *19-1318* | *000225* | *000225* |
| *Sutton Testimony List* | *Expert* | *19-1318* | *000226* | *000229* |
| *Sutton Report (John Porter Holcombe)* | *Expert* | *19-1318* | *000230* | *000241* |
| **5:20-cv-00368 (*John Porter Holcombe ANF/Ind Admin Hill Children*)** | | | | |
| *PTSD Illustration* | *Expert* | *20-368* | *000504* | *000504* |
| *Sutton CV* | *Expert* | *20-368* | *000508* | *000512* |
| *Sutton Fee Schedule* | *Expert* | *20-368* | *000513* | *000513* |
| *Sutton Testimony List* | *Expert* | *20-368* | *000514* | *000517* |
| *Sutton Report (PJH)* | *Expert* | *20-368* | *000847* | *000857* |
| *Sutton Report (EJH)* | *Expert* | *20-368* | *000858* | *000867* |

11.  *Mary Kennington, Ph.D.*

Area of Expertise: Clinical psychology

Dr. Mary Kennington is a licensed psychologist providing trauma and grief therapy to Farida Brown. Dr. Kennington earned her Ph.D. in Clinical Psychology from Brigham Young University. She interned at Baylor College of Medicine. Her

doctoral fellowship was completed through the University of Texas Medical School, Houston. She has been licensed in the State of Texas since 1995. For a more detailed summary of Dr. Kennington's skills, training, education, experience, and knowledge, please see her curriculum vitae that is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Kennington will testify as to any psychological issues in this case for Plaintiff Farida Brown in the case identified below. She will testify to any subject on which she has factual knowledge or is within her area of expertise. She will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within her area of expertise.

Dr. Kennington's opinions are based on interviews, testing and evaluations of Plaintiff Farida Brown as identified in the report and records referenced in the chart below, which also reference the records she reviewed, such as Plaintiffs' health care records, testimony taken and to be taken in this case, any specific literature she may have relied upon, and her education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in her report. For a more detailed discussion of Dr. Kennington's opinions and bases for those opinions, please see her report, which is attached as noted in the chart below and is incorporated by reference into this designation. Dr. Kennington is available for deposition and Defendant may examine her for a more detailed explanation of her opinions and basis for those opinions relating to this case. Once she has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

Dr. Kennington has not testified either by deposition or trial, so no testimony list is provided. Her billing is attached as noted in the chart below and incorporated by reference into this designation.

Dr. Kennington reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of her expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that she brings with her to her deposition. Dr. Kennington also reserves the right to use summaries to describe her opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:19-cv-00184 (*Brown*)** | | | | |
| Kennington Records [F. Brown] | Medical | 19-184 | 001606 | 001636 |
| Dr. Kennington – CV | Expert | 19-184 | 001688 | 001689 |
| Dr. Kennington Report [F. Brown] | Expert | 19-184 | 001692 | 001695 |
| Dr. Kennington Billing [F. Brown as of 3.12.20] | Expert | 19-184 | 001829 | 001831 |

**12.   *Jacqueline Valencia Mendez, M.R.C., L.P.C., C.R.C., C.L.C.P.***

Areas of Expertise: Vocational Economic Analysis

Jacqueline Valencia Mendez is a Licensed Professional Counselor, Certified Rehabilitation Counselor, and Certified Life Care Planner. Ms. Mendez earned her Bachelor of Science in Psychology from University of Houston, her Master in Rehabilitation Counseling from Texas Tech University, her Life Care Planning Certification from University of Florida/MediPro and completed her Licensed Professional

Counselor training at University of Houston Clear Lake. For a more detailed summary of Ms. Mendez's skills, training, education, experience, and knowledge, please see his curriculum vitae, which is attached as noted in the chart below and is incorporated by reference into this designation.

Ms. Mendez will testify as to any vocational economic assessments, vocational rehabilitation, analysis of wage-earning capacity, and related issues for Plaintiff Minor R.W. in the cases identified below. She will testify to any subject on which she has factual knowledge or is within her area of expertise. She will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

Her opinions are based on interviews with Plaintiffs Minor R.W. and Chancie McMahan, a review of documents related to her areas of expertise, such as medical records, academic records, and other expert reports, which are identified in the report referenced in the chart below, testimony taken and to be taken in this case, any specific literature she may have relied upon, and her education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in her report. For a more detailed discussion of his opinions and bases for those opinions, please see his reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Ms. Mendez is available for deposition and Defendant may examine him for a more detailed explanation of her opinions and basis for those opinions relating to this case. Once she has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Ms. Mendez has testified in either by deposition or trial, as well as her fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Ms. Mendez reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of her expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that she brings with her to her deposition. Ms. Mendez also reserves the right to use summary tables to describe her opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:19-cv-00289 (*Ward*)** | | | | |
| **Mendez Report (R. Ward)** | **Expert** | **19-289** | **008436** | **008445** |
| **Mendez CV** | **Expert** | **19-289** | **008446** | **008447** |
| **Mendez Fee Schedule** | **Expert** | **19-289** | **008448** | **008448** |
| **Mendez Testimony List** | **Expert** | **19-289** | **008449** | **008453** |
| **5:19-cv-00972 (*McMahan*)** | | | | |
| ***Chancie McMahan*** | | | | |
| **Mendez Report (R. Ward)** | **Expert** | **McMAHAN 19-972** | **008266** | **008275** |
| **Mendez CV** | **Expert** | **McMAHAN 19-972** | **008276** | **008277** |
| **Mendez Fee Schedule** | **Expert** | **McMAHAN 19-972** | **008278** | **008278** |
| **Mendez Testimony List** | **Expert** | **McMAHAN 19-972** | **008279** | **008283** |

13.   *Angel Roman, M.D.*

Areas of Expertise: Life Care Planning, Physical Medicine and Rehabilitation

Dr. Angel Roman is a Board-Certified Physical Medicine & Rehabilitation Specialist, and a Board Certified Electrodiagnostic Medicine Specialist. He is a Certified Life Care Planner and a Certified Physician Life Care Planner. Dr. Roman earned a B.S. in Biology from Trinity University in San Antonio and an M.D. from the University of Texas Health Science Center at San Antonio. For a more detailed summary of Dr. Roman's skills, training, education, experience, and knowledge, please see his curriculum vitae, which is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Roman will testify as to any rehabilitation and life care planning issues in this case for Plaintiff Minor R.W. in the cases identified below. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

His opinions are based on an interview, evaluation, and physical examination of Plaintiff Minor R.W. as identified in the reports referenced in the chart below, and a review of the Plaintiff's health care records, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his reports. For a more detailed discussion of his opinions and bases for those opinions, please see his reports, which are attached as noted in the chart below and are incorporated

by reference into this designation. Dr. Roman is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Roman has testified in either by deposition or trial, as well as his fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Dr. Roman reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition. Dr. Roman also reserves the right to use summary tables to describe his opinions. Dr. Roman may also use the photos and videos taken by him or his staff which are produced as part of the reports referenced below.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:19-cv-00289 (*Ward*)** | | | | |
| **Roman Life Care Plan (R. Ward)** | **Expert** | **19-289** | **008454** | **008560** |
| **PLCP Examination Information Form (R. Ward)** | **Expert** | **19-289** | **008561** | **008577** |
| **Roman CV** | **Expert** | **19-289** | **008578** | **008583** |
| **Roman Fee Agreement** | **Expert** | **19-289** | **008584** | **008593** |
| **Roman Testimony List** | **Expert** | **19-289** | **008594** | **008610** |
| **List of R. Ward Medical Procedures** | **Expert** | **19-289** | **008611** | **008611** |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:19-cv-00972 (*McMahan*)** | | | | |
| ***Chancie McMahan*** | | | | |
| **Roman Life Care Plan (R. Ward)** | **Expert** | **McMAHAN 19-972** | **008287** | **008393** |
| **PLCP Examination Information Form (R. Ward)** | **Expert** | **McMAHAN 19-972** | **008394** | **008410** |
| **Roman CV** | **Expert** | **McMAHAN 19-972** | **008411** | **008416** |
| **Roman Testimony List** | **Expert** | **McMAHAN 19-972** | **008417** | **008433** |
| **Roman Fee Agreement** | **Expert** | **McMAHAN 19-972** | **008434** | **008443** |

14. ***Kasi Bowles Howard, Psy.D.***

Area of Expertise: Clinical psychology

Dr. Kasi Bowles Howard is a clinical psychologist in private practice and has worked with individuals with histories of trauma for over a decade. She earned her Masters and Psy.D. in Clinical Psychology at Regent University in Virginia Beach, Virginia, and her B.A. in Psychology from Baylor University in Waco, Texas. For a more detailed summary of Dr. Howard's skills, training, education, experience, and knowledge, please see her curriculum vitae that is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Howard will testify as to any psychological issues in this case for the Plaintiffs in the cases identified below. She will testify to any subject on which she has factual knowledge or is within her area of expertise. She will testify regarding

any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within her area of expertise.

Dr. Howard's opinions are based on interviews, testing and evaluations of the Plaintiffs as identified in the reports referenced in the chart below, which also reference the records she reviewed, such as Plaintiffs' health care records, depositions, academic records, testimony taken and to be taken in this case, any specific literature she may have relied upon, and her education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in her reports. For a more detailed discussion of Dr. Howard's opinions and bases for those opinions, please see her reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Dr. Howard is available for deposition and Defendant may examine her for a more detailed explanation of her opinions and basis for those opinions relating to this case. Once she has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Howard has testified in either by deposition or trial, as well as her fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Dr. Howard reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of her expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that she brings with her to her deposition. Dr. Howard also reserves the right to use summaries to describe her opinions.

| Description | Type | Case # | Bates Be-ginning | Bates Ending |
|---|---|---|---|---|
| **5:18-cv-00949 (*McNulty*) / *Intervenor Ruben Rios [5:18-cv-00949]*** | | | | |
| **Howard Report (R. Rios)** | **Expert** | **RIOS-18-949** | **000328** | **000335** |
| **Howard CV & Testimony List** | **Expert** | **RIOS-18-949** | **000336** | **000343** |
| **Howard Fee Schedule** | **Expert** | **RIOS-18-949** | **000344** | **000345** |

### 15.   *Irmo Marini, Ph.D., D.Sc., CLCP, CRC*

Areas of Expertise: Vocational Economic Analysis

Dr. Irmo Marini is a Certified Life Care Planner, Certified Rehabilitation Counselor, and a Social Security Vocational Expert. Dr. Marini earned his Bachelor of Arts in Psychology and Master of Arts in Clinical Psychology from Lakehead University in Thunder Bay, Canada, and his Doctor of Philosophy, majoring in Rehabilitation, from Auburn University. For a more detailed summary of Dr. Marini's skills, training, education, experience, and knowledge, please see his curriculum vitae, which is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Marini will testify as to any vocational economic assessments, vocational rehabilitation, and related issues for Plaintiff Morgan Harris in the case identified below. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

His opinions are based on an interview with Plaintiff Morgan Harris and review of documents related to his areas of expertise, such as medical records, which are identified in his report referenced in the chart below, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his report. For a more detailed discussion of his opinions and bases for those opinions, please see his reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Dr. Marini is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Marini has testified in either by deposition or trial, as well as his fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Dr. Marini reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition. Dr. Marini also reserves the right to use summary tables to describe his opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:19-cv-00506 (*Kris Workman*)** | | | | |
| **Marini Report (Kris Workman)** | **Expert** | **19-506** | **003510** | **003516** |
| **Marini CV** | **Expert** | **19-506** | **003517** | **003549** |
| **Marini Fee Schedules** | **Expert** | **19-506** | **003550** | **003553** |
| **Marini Testimony List** | **Expert** | **19-506** | **003554** | **003564** |
| **5:19-cv-00678 (*David Colbath*)** | | | | |
| **Marini Report (D. Colbath)** | **Expert** | **19-678** | **003995** | **004004** |
| **Marini CV** | **Expert** | **19-678** | **004005** | **004037** |
| **Marini Fee Schedules** | **Expert** | **19-678** | **004038** | **004041** |
| **Marini Testimony List** | **Expert** | **19-678** | **004042** | **004052** |
| **5:19-cv-00705 (*Kyle Workman & Morgan Harris*)** | | | | |
| ***Morgan Harris*** | | | | |
| **Marini Report [M. Harris]** | **Expert** | **MHARRIS-19-705** | **000724** | **000730** |
| **Marini Fee Schedules** | **Expert** | **MHARRIS-19-705** | **000731** | **000734** |
| **Marini Retainer Agreement** | **Expert** | **MHARRIS-19-705** | **000770** | **000770** |
| **Marini CV** | **Expert** | **MHARRIS-19-705** | **000771** | **000803** |
| **Marini Testimony List** | **Expert** | **MHARRIS-19-705** | **000804** | **000814** |

16.     *Christopher B. Ticknor, MD*

Area of Expertise: Psychiatry

Dr. Christopher B. Ticknor is in private practice as a psychiatrist. He is a Diplomate in Psychiatry, having been certified by the American Board of Psychiatry. Dr. Ticknor received his M.D. from The University of Texas Health Science Center, San Antonio and his B.S. in Biology from Southern Methodist University in Dallas, Texas. He serves as the Chief of the Division of Forensic Psychiatry at University of the Incarnate Word School of Medicine in San Antonio, Texas and Adjunct Professor of Psychiatry at UT Health San Antonio. Dr. Ticknor also serves as the team psychiatrist for the San Antonio Spurs. For a more detailed summary of Dr. Ticknor's skills, training, education, experience, and knowledge, please see his curriculum vitae that is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Ticknor will testify as to any psychological issues in this case for the Plaintiffs in the cases identified below. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

His opinions are based on an interview and evaluation of the Plaintiffs as identified in the reports referenced in the chart below, which also reference the records he reviewed, such as Plaintiffs' medical records, Diagnostic Manual of Mental Disorders, Fifth Edition,(DSM-5), published by the American Psychiatric Association, May 2013, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his reports. For a more detailed discussion of his opinions and bases for those opinions, please see his reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Dr. Ticknor is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Ticknor has testified in either by deposition or trial is attached as noted in the chart below and is incorporated by reference into this designation. Dr. Ticknor charges $575.00 per hour for forensic consulting, writing reports and testifying in cases.

Dr. Ticknor reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition. Dr. Ticknor also reserves the right to use summary tables to describe his opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:19-cv-00506 (*Kris Workman*)** | | | | |
| **Ticknor Expert Report for Kris Workman [6.10.18]** | **Expert** | **19-506** | **002827** | **002835** |
| **Ticknor Expert Report for Kris Workman [12.19.19]** | **Expert** | **19-506** | **003462** | **003471** |
| **Ticknor CV** | **Expert** | **19-506** | **003472** | **003486** |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| Ticknor Testimony List | Expert | 19-506 | 003487 | 003494 |
| **5:19-cv-00678 (*David Colbath*)** | | | | |
| Dr. Christopher Ticknor M.D.'s Expert Report for David Colbath | Expert | 19-678 | 002482 | 002488 |
| Ticknor CV | Expert | 19-678 | 003673 | 003687 |
| Ticknor Testimony List | Expert | 19-678 | 003688 | 003695 |
| Ticknor Report [D. Colbath 12.19.19] | Expert | 19-678 | 003967 | 003975 |
| **5:19-cv-00705 (*Kyle Workman & Morgan Harris*)** | | | | |
| *Kyle Workman* | | | | |
| Ticknor Report [Kyle Workman 7.24.18] | Expert | KWORK-MAN-19-705 | 000001 | 000007 |
| Ticknor Report [Kyle Workman 12.19.19] | Expert | KWORK-MAN-19-705 | 000008 | 000015 |
| Ticknor CV | Expert | KWORK-MAN-19-705 | 000016 | 000030 |
| Ticknor Testimony List | Expert | KWORK-MAN-19-705 | 000031 | 000038 |
| *Morgan Harris* | | | | |
| Ticknor Report [M. Harris 12.19.19] | Expert | MHARRIS-19-705 | 000720 | 000723 |
| Ticknor CV | Expert | MHARRIS-19-705 | 000815 | 000829 |
| Ticknor Testimony List | Expert | MHARRIS-19-705 | 000830 | 000837 |
| **5:19-cv-00953 (*Kip Workman & Julie Workman*)** | | | | |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| *Kip Workman* | | | | |
| Ticknor Report (Kip Workman 7.24.18) | Expert | KWorkman-19-953 | 000002 | 000008 |
| Ticknor CV | Expert | KWorkman-19-953 | 000009 | 000023 |
| Ticknor Testimony List | Expert | KWorkman-19-953 | 000024 | 000031 |
| Ticknor Report (Kip Workman 12.19.19) | Expert | KWorkman-19-953 | 000032 | 000039 |
| *Julie Workman* | | | | |
| Ticknor Report (Julie Workman 7.23.18) | Expert | JWorkman-19-953 | 000002 | 000009 |
| Ticknor Report (Julie Workman 12.19.19) | Expert | JWorkman-19-953 | 000010 | 000019 |
| Ticknor CV | Expert | JWorkman-19-953 | 000020 | 000034 |
| Ticknor Testimony List | Expert | JWorkman-19-953 | 000035 | 000042 |
| 5:19-cv-01481 (*Colbey Workman*) | | | | |
| Ticknor Report (Colbey Workman) | Expert | 19-1481 | 000001 | 000005 |
| Ticknor CV | Expert | 19-1481 | 000006 | 000020 |
| Ticknor Testimony List | Expert | 19-1481 | 000021 | 000028 |

17.   ***Joann Murphey, Ph.D., ABPP, FICPP***

Area of Expertise: Clinical psychology

Dr. Joann Murphey is a clinical and forensic psychologist in private practice. She is a diplomate in clinical psychology as determined by the Academy of Clinical Psychology and a diplomate fellow in psychopharmacology as determined by the International College of Prescribing Psychologists. Dr. Murphey earned her B.S. in Elementary Education, as well as Ph.D.'s in both Clinical and School Psychology, from University of Tennessee in Knoxville. For a more detailed summary of Dr. Murphey's skills, training, education, experience, and knowledge, please see her curriculum vitae that is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Murphey will testify as to any psychological issues in this case for the Plaintiffs in the cases identified below. She will testify to any subject on which she has factual knowledge or is within her area of expertise. She will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within her area of expertise.

Dr. Murphey's opinions are based on interviews, testing and evaluations of the Plaintiffs as identified in the reports referenced in the chart below, which also reference the records she reviewed, such as Plaintiffs' health care records, depositions, academic records, testimony taken and to be taken in this case, any specific literature she may have relied upon, and her education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in her reports. For a more detailed discussion of Dr. Murphey's opinions and bases for those opinions, please see her reports, which are attached as noted in the chart below and are

incorporated by reference into this designation. Dr. Murphey is available for deposition and Defendant may examine her for a more detailed explanation of her opinions and basis for those opinions relating to this case. Once she has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

Dr. Murphey has not provided testimony in the last four years, and she charges $250.00 per hour.

Dr. Murphey reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of her expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that she brings with her to her deposition. Dr. Murphey also reserves the right to use summaries to describe her opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:19-cv-01300 (*David Colbath ANF O.C.*)** | | | | |
| **Murphey Report (O.C.)** | **Expert** | **19-1300** | **000001** | **000013** |
| **Murphey CV** | **Expert** | **19-1300** | **000014** | **000021** |
| **Murphey Testimony List** | **Expert** | **19-1300** | **000022** | **000026** |
| **5:19-cv-01301 (*Kris & Colbey Workman ANF E.W.*)** | | | | |
| **Murphey Report (E.W.)** | **Expert** | **19-1301** | **000001** | **000009** |
| **Murphey CV** | **Expert** | **19-1301** | **000010** | **000017** |
| **Murphey Testimony List** | **Expert** | **19-1301** | **000018** | **000022** |

18. ***Dan M. Bagwell, R.N.***

Areas of Expertise: Life Care Planning, Physical Medicine and Rehabilitation

Dan M. Bagwell is a Registered Nurse and Certified Life Care Planner, Certified Disability Management Specialist, and Certified Case Manager. He currently serves as Chief Executive Officer of Rehabilitation Professional Consultants, Inc. in San Antonio, Texas. Mr. Bagwell earned his Bachelor of Science in Nursing (With Honors) from the University of Mississippi School of Nursing and also completed graduate studies at University of Texas at San Antonio, School of Business and post-graduate work in Life Care Planning for Advanced Catastrophic Case Management at the University of Florida Department of Rehabilitation Counseling and The Rehabilitation Training Institute. For a more detailed summary of Mr. Bagwell's skills, training, education, experience, and knowledge, please see his curriculum vitae, which is attached as noted in the chart below and is incorporated by reference into this designation.

Mr. Bagwell will testify as to the costs and related matters in the Life Care Plans he developed in conjunction with any Dr. David J. Altman regarding rehabilitation and life care planning issues for the Plaintiffs in the cases identified below. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

His opinions are based on an interview, evaluation, and physical examination of the Plaintiffs as identified in the reports referenced in the chart below, and a review of the Plaintiffs' health care records, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his reports. For a more detailed discussion of his opinions and bases for those opinions, please see his reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Mr. Bagwell is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Mr. Bagwell has testified in either by deposition or trial, as well as his fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Mr. Bagwell reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition. Mr. Bagwell also reserves the right to use summary tables to describe his opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:19-cv-00506 (*Kris Workman*)** | | | | |
| **Bagwell-Altman Life Care Plan for Kris Workman** | **Expert** | **19-506** | **002836** | **002903** |
| **Life Care Cost Analysis for Kris Workman** | **Expert** | **19-506** | **002904** | **002911** |
| **Bagwell CV** | **Expert** | **19-506** | **003412** | **003417** |
| **Bagwell Testimony List** | **Expert** | **19-506** | **003444** | **003457** |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| Bagwell-Altman Fee Agreement | Expert | 19-506 | 003458 | 003461 |
| **5:19-cv-00678 (*David Colbath*)** | | | | |
| Life Care Cost Analysis for David Colbath | Expert | 19-678 | 002489 | 002492 |
| Life Care Plan for David Colbath | Expert | 19-678 | 002493 | 002528 |
| Bagwell CV | Expert | 19-678 | 003917 | 003922 |
| Bagwell Testimony List | Expert | 19-678 | 003949 | 003962 |
| Altman-Bagwell Fee Agreement | Expert | 19-678 | 003963 | 003966 |
| Altman-Bagwell Life Care Plan Spreadsheet | Expert | 19-678 | 004065 | 004068 |

## 19.   *David J. Altman, M.D., C.L.C.P.*

Areas of Expertise: Life Care Planning, Physical Medicine and Rehabilitation

Dr. David J. Altman is a Board-Certified Neurologist and Certified Life Care Planner with extensive experience in clinical care, neurorehabilitation, life care planning, and clinical research. Dr. Altman earned his medical degree from University of CT School of Medicine in Farmington, Connecticut, and his Bachelor of Arts degree in Psychology from Brandeis University in Waltham, Massachusetts. For a more detailed summary of Dr. Altman's skills, training, education, experience, and knowledge, please see his curriculum vitae, which is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Altman will testify as to any rehabilitation and life care planning issues in this case for the Plaintiffs in the cases identified below. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

His opinions are based on an interview, evaluation, and physical examination of the Plaintiffs as identified in the reports referenced in the chart below, and a review of the Plaintiffs' health care records, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his reports. For a more detailed discussion of his opinions and bases for those opinions, please see his reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Dr. Altman is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Altman has testified in either by deposition or trial, as well as his fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Dr. Altman reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him

to his deposition. Dr. Altman also reserves the right to use summary tables to describe his opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:19-cv-00506 (*Kris Workman*)** | | | | |
| **Bagwell-Altman Life Care Plan for Kris Workman** | **Expert** | **19-506** | **002836** | **002903** |
| **Life Care Cost Analysis for Kris Workman** | **Expert** | **19-506** | **002904** | **002911** |
| **Altman CV** | **Expert** | **19-506** | **003405** | **003411** |
| **Altman Testimony List** | **Expert** | **19-506** | **003418** | **003443** |
| **Bagwell-Altman Fee Agreement** | **Expert** | **19-506** | **003458** | **003461** |
| **5:19-cv-00678 (*David Colbath*)** | | | | |
| **Life Care Cost Analysis for David Colbath** | **Expert** | **19-678** | **002489** | **002492** |
| **Life Care Plan for David Colbath** | **Expert** | **19-678** | **002493** | **002528** |
| **Altman CV** | **Expert** | **19-678** | **003910** | **003916** |
| **Altman Testimony List** | **Expert** | **19-678** | **003923** | **003948** |
| **Altman-Bagwell Fee Agreement** | **Expert** | **19-678** | **003963** | **003966** |
| **Altman-Bagwell Life Care Plan Spreadsheet** | **Expert** | **19-678** | **004065** | **004068** |

20.   *George Stephen Best, M.D.*

Areas of Expertise: Urology

Dr. George Stephen Best is a Board-Certified Physician, holding a certification from the American Board of Urology in the specialties of adult and pediatric urology. He earned his medical degree from the University of Texas Health Science Center and his B.A. from the University of Texas in Austin, Texas. For a more detailed summary of Dr. Best's skills, training, education, experience, and knowledge, please see his curriculum vitae, which is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Best will testify as to any urological or related issues in this case, such as fertility issues, for Plaintiff Kris Workman in the case identified below. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

His opinions are based on an interview, evaluation, and physical examination of the Plaintiff as identified in the report referenced in the chart below, and a review of the Plaintiff's health care records, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his reports. For a more detailed discussion of his opinions and bases for those opinions, please see his reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Dr. Best is available for deposition and

Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

Dr. Best has not provided testimony either by deposition or trial within the last four years, and he charges $350.00 per hour for his professional services.

Dr. Best reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition. Dr. Best also reserves the right to use summary tables to describe his opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:19-cv-00506 (*Kris Workman*)** | | | | |
| **Best Report [K. Workman]** | **Expert** | **19-506** | **003499** | **003500** |
| **Best CV** | **Expert** | **19-506** | **003501** | **003501** |

## 21. *Carl M. Hubbard, Ph.D., CFA*

Areas of Expertise: Economics and Finance

Carl M. Hubbard is an expert in economic and financial analysis. He received his doctoral degree in Economics from Texas Tech University, his M.B.A. from Hardin-Simmons University, and his B.B.A. in Finance from McMurry College. Dr. Hubbard spent much of his career holding various distinguished positions at Trinity University in San Antonio, Texas and has maintained an active economic consulting practice. For a more detailed summary of Dr. Hubbard's skills, training, education,

experience, and knowledge, please see his curriculum vitae that is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Hubbard will testify as to any economic or financial in this case for the Plaintiffs in the cases identified below. He will testify as to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise. His expected testimony will address damage issues surrounding the facts that are the subject of this lawsuit. His opinions are based on a review of testimony taken and to be taken in this case, a list of documents described in his expert report, any specific literature he may have relied upon, and his education, training, skills, knowledge and experience including the documents attached to Dr. Hubbard's reports. Dr. Hubbard has reviewed the materials listed in his reports.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his reports. For a more detailed discussion of his opinions and bases for those opinions, please see his reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Dr. Hubbard is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Hubbard has testified in either by deposition or trial, as well as his fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Dr. Hubbard reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition. Dr. Hubbard also reserves the right to use summary tables to describe his opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| 5:19-cv-00506 (*Kris Workman*) | | | | |
| Hubbard CV | Expert | 19-506 | 003502 | 003507 |
| Hubbard Fee Schedule | Expert | 19-506 | 003508 | 003508 |
| Hubbard Testimony List | Expert | 19-506 | 003509 | 003509 |
| Hubbard Report (Kris Workman) | Expert | 19-506 | 003565 | 003573 |
| 5:19-cv-00678 (*David Colbath*) | | | | |
| Hubbard CV | Expert | 19-678 | 004057 | 004062 |
| Hubbard Fee Schedule | Expert | 19-678 | 004063 | 004063 |
| Hubbard Testimony List | Expert | 19-678 | 004064 | 004064 |
| Hubbard Report (D. Colbath) | Expert | 19-678 | 004069 | 004076 |
| 5:19-cv-00705 (*Kyle Workman & Morgan Harris*) | | | | |
| *Morgan Harris* | | | | |
| Hubbard Report [Morgan Harris] | Expert | MHARRIS-19-705 | 000754 | 000761 |
| Hubbard CV | Expert | MHARRIS-19-705 | 000762 | 000767 |
| Hubbard Fee Schedule | Expert | MHARRIS-19-705 | 000768 | 000768 |

| Description | Type | Case # | Bates Be-ginning | Bates Ending |
|---|---|---|---|---|
| **Hubbard Testimony List** | **Expert** | **MHARRIS-19-705** | **000769** | **000769** |

## 22.   *L. Douglas Wilkerson, M.D.*

Area of Expertise: Neurology

Dr. L. Douglas Wilkerson is in private practice as a neurologist. He is Board Certified by the American Board of Pediatrics and by the American Board of Psychiatry and Neurology. Dr. Wilkerson received his M.D. from Emory University in Atlanta, Georgia and his B.S. from Davidson College in Davidson, North Carolina. For a more detailed summary of Dr. Ticknor's skills, training, education, experience, and knowledge, please see his curriculum vitae that is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Wilkerson will testify as to any neuropathy and lead toxicity issues in this case for Plaintiff Morgan Harris as identified below. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

His opinions are based on an interview and evaluation of Plaintiff Morgan Harris as identified in the report referenced in the chart below, which also reference the records he reviewed, such as Plaintiff's health care records, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his reports. For a more detailed discussion of his opinions and bases for those opinions, please see his reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Dr. Wilkerson is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Wilkerson has testified in either by deposition or trial, as well as his fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Dr. Wilkerson reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition. Dr. Wilkerson also reserves the right to use summary tables to describe his opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:19-cv-00705 (*Kyle Workman & Morgan Harris*)** | | | | |
| ***Morgan Harris*** | | | | |
| **Wilkerson Report [M. Harris]** | **Expert** | **MHARRIS-19-705** | **000739** | **000748** |
| **Wilkerson CV** | **Expert** | **MHARRIS-19-705** | **000749** | **000751** |
| **Wilkerson Fee Schedule** | **Expert** | **MHARRIS-19-705** | **000752** | **000752** |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **Wilkerson Testimony List** | **Expert** | **MHARRIS-19-705** | **000753** | **000753** |

### 23.    *Robert E. Todd, M.D.*

Area of Expertise: Neurology

Dr. Robert E. Todd is a neurologist. He is double-board-certified, being named a Diplomate of the National Board of Medical Examiners and a Diplomate of the American Board of Psychiatry and Neurology. Dr. Todd received his M.D. from SUNY HSC Syracuse and his B.S. in Pharmacy from Fordham University in New York, New York. For a more detailed summary of Dr. Todd's skills, training, education, experience, and knowledge, please see his curriculum vitae that is attached as noted in the chart below and is incorporated by reference into this designation.

Dr. Todd will testify as to any neuropathy and lead toxicity issues in this case for Plaintiff David Colbath as identified below. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

His opinions are based on an interview and evaluation of Plaintiff David Colbath as identified in the report referenced in the chart below, which also reference the records he reviewed, such as Plaintiff's health care records, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiffs have no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his reports. For a more detailed discussion of his opinions and bases for those opinions, please see his reports, which are attached as noted in the chart below and are incorporated by reference into this designation. Dr. Todd is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiffs incorporate such testimony by reference into this designation.

A list of the cases Dr. Todd has testified in either by deposition or trial, as well as his fee schedule, are attached as noted in the chart below and are incorporated by reference into this designation.

Dr. Todd reserves the right to use any exhibits previously produced by Plaintiffs, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition. Dr. Todd also reserves the right to use summary tables to describe his opinions.

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| **5:19-cv-00678 (*David Colbath*)** | | | | |
| **Todd CV** | **Expert** | **19-678** | **003696** | **003698** |
| **Todd Testimony List** | **Expert** | **19-678** | **003699** | **003702** |
| **Todd Fee Documents** | **Expert** | **19-678** | **003703** | **003710** |
| **Lead Toxicity: What Are U.S. Standards for Lead Levels?** | **Expert** | **19-678** | **003711** | **003719** |
| **Blood Lead Levels in Emergency Department Patients** | **Expert** | **19-678** | **003720** | **003724** |

| Description | Type | Case # | Bates Beginning | Bates Ending |
|---|---|---|---|---|
| with Retained Lead Bullets and Shrapnel | | | | |
| Neuropathies associated with excessive exposure to lead | Expert | 19-678 | 003725 | 003726 |
| Neurotoxic Effects and Bi-omarkers of Lead Expo-sure: A Review | Expert | 19-678 | 003727 | 003759 |
| Pb Neurotoxicity: Neuropsy-chological Effects of Lead Toxicity | Expert | 19-678 | 003760 | 003767 |
| World Health Organization: "Lead poisoning and health" | Expert | 19-678 | 003768 | 003773 |
| Todd Report [D. Colbath] | Expert | 19-678 | 003774 | 003909 |

## II.    NON-RETAINED EXPERTS

Plaintiffs designate all non-retained treaters identified in Plaintiffs' initial disclosures and supplements. Plaintiffs' medical records have been previously produced to the United States. Plaintiffs incorporate those lists and records by reference herein. Plaintiffs also reserve the right to use the deposition testimony or call live these treating doctors. Plaintiffs also cross designate any experts designated by the United States for the limited purpose of reserving the right to elicit favorable admissions at trial, either by deposition or in person. At this point, however, Plaintiffs do not possess any other information regarding their mental impressions.

## III.    OTHER WITNESSES & EXHIBITS

For a designation of potential witnesses and proposed exhibits, please see Plaintiffs' Initial Disclosures and any supplements to the Initial Disclosures. Plaintiffs incorporate those documents into this document by reference.

### Category 1: Defense Witnesses who have Testified

Plaintiffs further cross-designate the following individuals who are under the control of the United States and Plaintiffs may illicit favorable testimony from those individuals:

### 1.    Special Agent Robert Spencer

*Subject Matter*: Robert Spencer serves as a Special Agent with the Air Force Office of Special Investigations and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.  Special Agent Spencer serves as the computer systems officer for representative with the criminal justice information system of the FBI for the Air Force and OSI. In his current capacity as a program manager for the CJIS criminal justice information services program, he is the sole representative for the Air Force in dealing with the FBI.

Additionally, Special Agent Spencer has been identified as a FRCP 30(b)(6) corporate representative and is expected to offer testimony on:

- Policies, procedures, practices, checklists, and protocols concerning Air Force Security Force's and AFOSI's execution of DoD Instruction 7730.47-M Volume 1. This topic includes, but is not limited to, the monthly submission of information to the DMDC and the DIBRS database for centralization of the collection of information reportable by the DoD Components pursuant to The Brady Handgun Violence Prevention Act of 1993. This topic

includes but is not limited to, information concerning I2MS, as noted on pages 8–9 of DODIG-2015-011.

- Policies, procedures, practices, checklists, and protocols concerning the Air Force Security Force's and AFOSI's execution of DoD Instruction 5505.11. This topic includes, but is not limited to, the submission of fingerprints and final disposition reports to FBI CJIS by both the Air Force Security Force and AFOSI. This topic includes, but is not limited to, the process by which Devin Kelley's fingerprints and final disposition report should have been reported to FBI CJIS.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on September 18, 2019. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

## 2.   Kimberly J. Del Greco

*Subject Matter*: Kimberly J. Del Greco serves as the Assistant Director at the FBI and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017. Assistant Director Del Greco oversees the National Instant Criminal Background Check Section, the Biometric Services Section, and the IT component of the Criminal Justice Information Services Division for the FBI.

Additionally, Assistant Director Del Greco has been identified as a FRCP 30(b)(6) corporate representative and is expected to offer testimony on the FBI and the process in which the NICS receives information and processes background checks, including the handouts, manuals, course materials, or other documents concerning the training or education of any Air Force employee on fingerprint collection and final disposition submission procedures.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on November 21, 2019. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

### 3.    Colonel Owen W. Tullos

*Subject Matter*: Colonel Owen W. Tullos serves as the Staff Judge Advocate for the Air Force Office of Special Investigations and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on December 4, 2019. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

### 4.    Jacqueline Albright

*Subject Matter*: Jacqueline Albright serves as the Inspector General for the Air Force Office of Special Investigations and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.  Inspector General Albright was the Deputy Director of the OSI Region 2 at the time that Detachment 225 had an investigation regarding Devin Kelley.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on December 5, 2019. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

### 5.    **Yonatan Holz**

*Subject Matter*: Yonatan Holz formerly served as a Special Agent with the Air Force Office of Special Investigations and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.  Mr. Holz was at Holloman Air Force Base and involved in the Devin Kelley investigation.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on December 13, 2019. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

### 6.    **Shelley Ann Verdego**

*Subject Matter*: Shelley Ann Verdego serves as an employee of the Defense Human Resource Activity, a component of the Department of Defense and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

Additionally, Ms. Vertego has been identified as a FRCP 30(b)(6) corporate representative and is expected to offer testimony on:

- Policies, procedures, practices, checklists, and protocols concerning the FBI CJIS NICS database and how other databases such as Next Gen (NGI) (formerly Integrated Automated Fingerprint Identification System (IAFIS)), NCIC, NIBRS, and Uniform Crime Report (UCR) are used to populate it. This topic includes, but is not limited to, the process by which the FBI receives and subsequently uses the information from DIBRS to prevent the purchase of firearms by any person prohibited by one of the eight listed categories.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on December 17, 2019. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

### 7.    Colonel John Owen

*Subject Matter*: Colonel John Owen serves as the Division Chief at the Military Justice Division and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

Additionally, Colonel Owen has been identified as a FRCP 30(b)(6) corporate representative and is expected to offer testimony on:

- Policies, procedures, practices, checklists, and protocols concerning probable cause determinations by a Staff Judge Advocate, especially to include, when a determination should be made, and any training given to guide Judge Advocates on probable cause determinations.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on December 18, 2019. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

8.    **James Hoy**

*Subject Matter*: James Hoy serves as a Special Agent with the Air Force Office of Special Investigations and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.  Mr. Holz was at Holloman Air Force Base and involved in the Devin Kelley investigation.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on January 7, 2020. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

9.    **Major Nathan McLeod-Hughes**

*Subject Matter*: Major Nathan McLeod-Hughes is a government civilian, serving in the 375th Logistics Readiness Squadron and he is the flight chief for the Deployment and Distribution Flight and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.  Major McLeod-Hughes was at Holloman Air Force Base and involved in the Devin Kelley investigation.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on January 9, 2020. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

10.    **Clinton Mills**

*Subject Matter*: Clinton Mills serves as a Technical Sergeant in the Air Force and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.  Mr. Mills was at Holloman Air Force Base and involved in the Devin Kelley investigation.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on January 10, 2020. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

### 11.  Tech Sgt. Ryan Sablan

*Subject Matter*: Tech Sgt. Ryan Sablan serves as a Security Manager in the Air Force and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.  Tech Sgt. Sablan was at Holloman Air Force Base and involved in the Devin Kelley investigation.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on January 14, 2020. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

### 12.  Colonel James Hudson

*Subject Matter*: Colonel James Hudson serves in the Air Force and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland

Springs First Baptist Church Shooting on November 5, 2017.  Colonel Hudson was at Holloman Air Force Base and involved in the Devin Kelley investigation.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on January 16, 2020. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

### 13.    Lt. Colonel Robert C. Bearden

*Subject Matter*: Lt. Colonel Robert C. Bearden serves as the Vice Commander, 10th Air Base Wing, in the Air Force Academy and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.  Lt. Colonel Bearden was at Holloman Air Force Base and involved in the Devin Kelley investigation.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on January 16, 2020. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

### 14.    Randall Taylor

*Subject Matter*: Randall Taylor is a retired military serviceman, and formerly served as a Special Agent with the Air Force Office of Special Investigations and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.  Mr. Taylor

was a Special Agent in Charge at Detachment 225 at Holloman Air Force Base and involved in the Devin Kelley investigation.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on February 25, 2020. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

### 15.    Lyle Bankhead

*Subject Matter*: Lyle Bankhead serves as a Master Sergeant E7 and oversees all the criminal investigations for all the bases in the Pacific for the Air Force and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.  Mr. Bankhead was a Master Sergeant at Detachment 225 at Holloman Air Force Base and involved in the Devin Kelley investigation.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on February 27, 2020. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

### 16.    Sergeant (Ret.) Vince Bustillo

*Subject Matter*: Sergeant (Ret.) Vince Bustillo served as Special Agent-in-Charge assigned to Holloman Air Force Base from October 2009 until October 31, 2011 and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

*Facts and Opinions*: A summary of the facts and opinions of this witness can be found in the oral deposition given on March 10, 2020. This deposition transcript and accompanying exhibits are incorporated by reference into this designation.

### Category 2: Defense Witnesses that will Testify and/or Any Future Designated 30(b)(6) Corporate Representatives

### 1. Phillip Douglas Countryman

*Subject Matter*: Phillip Douglas Countryman served as an Assistant SJA assigned to Holloman Air Force Base from April 2010 until September 2012 and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

### 2. Major Schneider Rislin

*Subject Matter*: Major Schneider Rislin served as a 49th Security Forces Squadron Confinement Facility Commander in November 2012 and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

### 3. Lt. Colonel (Ret.) Dawn Hankins

*Subject Matter*: Lt. Colonel (Ret.) Dawn Hankins served as Holloman Air Force Base Staff Judge Advocate assigned in June 2011, February 2012, and November 2012 and served as SJA at Holloman prior to July 2012 and is expected to offer testimony related to the actions and failures in the United States Government that led to

a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

### 4. Colonel Frank Marconi

*Subject Matter*: Colonel Frank Marconi served as Devin Kelley's Holloman Air Force Base Commander in June 2011 and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

### 5. Sergeant James Williams

*Subject Matter*: Sergeant James Williams served at Holloman as AFOSI Detachment 225 Special Agent-in Charge in June 2012 and served as Detachment 225 Enlisted Agent from August 14, 2010 until July 20, 2013 and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

### 6. (Ret.) Willie Dukes

*Subject Matter*: Willie Dukes served as a 49th Security Forces Squadron Confinement Facility Non-Commissioned Officer in Charge in November 2012 and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

### 7. Sergeant (Ret.) Adam Arnold

*Subject Matter*: Sergeant (Ret.) Adam Arnold served at Holloman as AFOSI Detachment 225 Commander in June 2011-March 31, 2013 and served as Superintendent at Nellis Air Force Base from November 2012 until December 2012 and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

### 8.   Ronald Rupe

*Subject Matter*: Ronald Rupe served as a 49th Security Forces Squadron investigator assigned in February 2012 and served as 49th Security Forces Squadron Detective from June 2004 until April 2013 and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

### 9.   Richard Schnell (Civilian)

*Subject Matter*: Richard Schnell served as a 49th Security Forces Squadron investigator assigned in February 2012 and served as 49th Security Forces Squadron Detective from June 2004 through present and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

### 10.   Colonel (Ret.) Humberto Morales

*Subject Matter*: Colonel (Ret.) Humberto Morales served as AFOSI Detachment 225 Special Agents (case agents) assigned in June 2012 and served as 2nd Field Investigations Region Commander from August 2010 until May 2012 and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

### 11.    Andrew Johnson

*Subject Matter*: Andrew Johnson has knowledge of Security Forces Training and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

### 12.    Sergeant (Ret.) Ken Salinger

*Subject Matter*: Sergeant (Ret.) Ken Salinger has knowledge of Security Forces Training and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

### 13.    Sergeant Matthew Veltrie

*Subject Matter*: Sergeant Matthew Veltrie served as a desk officer at the Holloman Air Force base from August 2010 until June 2014 and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

14.    **Brigadier General Kevin Jacobsen**

*Subject Matter*: Brigadier General Kevin Jacobsen served as the AFOSI Commander and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

15.    **Colonel Burt Borallis**

*Subject Matter*: Colonel Burt Borallis served as the OSI Vice Commander and is expected to offer testimony related to the actions and failures in the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

16.    **Any and All Future Defendant-Designated 30(b)(6) Corporate Representatives**

**Category 3:  *Individuals who Provided Testimony to Congress at the 12/6/2017 Senate Judiciary Hearing Entitled "Firearm Accessory Regulation and Enforcing Federal and State Reporting to the National Instant Criminal Background Check System (NICS)"***

1.    **Glenn A. Fine**

*Subject Matter*: Glenn A. Fine serves as the Acting Inspector General of the Department of Defense Office of Inspector General.

*Facts and Opinions*: A summary of the facts and opinions of this witness is contained in the written report, oral testimony and supplemental Questions for the Record provided to the United States Senate Committee of the Judiciary previously produced as Bates Nos. SSS-001113–SSS-001121 and SSS-001341–SSS-001345 and

is incorporated herein by reference.  See also all Inspector General Reports authored by the witness including:

- Report No. DODIG-2018-035, entitled *Evaluation of Fingerprint Card and Final Disposition Report Submissions by Military Service Law Enforcement Organizations*, dated December 4, 2017, previously produced as Bates Nos. SSS-000077–SSS-000168;

- Report No. DODIG-2019-030, entitled *Report of Investigation in the United States Air Force's Failure to Submit Devin Kelley's Criminal History Information to the Federal Bureau of Investigation*, dated December 6, 2018, previously produced as Bates Nos. SSS-000169–SSS-000306;

- Inspector General Report, entitled *Compendium of Open Office of Inspector General Recommendations to the Department of Defense*, as of March 31, 2018, produced herein as Bates Nos. SSS-001346–SSS-001871; and

- Inspector General Report, entitled *Compendium of Open Office of Inspector General Recommendations to the Department of Defense*, as of March 31, 2019, produced herein as Bates Nos. SSS-001872–SSS-002289.

### 2. Douglas E. Lindquist

*Subject Matter*: Douglas E. Lindquist served as the Assistant Director of the Criminal Justice Information Services Division of the Federal Bureau of Investigation.

*Facts and Opinions*:  A summary of the facts and opinions of this witness is contained in the written report and oral testimony provided to the United States Senate Committee of the Judiciary previously produced as Bates Nos. SSS-001125 – SSS-001129 and is incorporated herein by reference.

### 3. Heather Wilson

*Subject Matter*: Heather Wilson served as the 24th Secretary of the Air Force.

Facts and Opinions:  A summary of the facts and opinions of this witness is contained in the written report, oral testimony and supplemental Questions for the Record provided to the United States Senate Committee of the Judiciary previously produced as Bates Nos. SSS-000404 – SSS-000405 and SSS-000406 – SSS000410 and is incorporated herein by reference.

### Category 4: Command Level Individuals

A. Secretaries of Defense during the relevant time period of 1997-present:

1.   **William Cohen**
2.   **Donald Rumsfeld**
3.   **Robert Gates**
4.   **Leon Panetta**
5.   **Chuck Hagel**
6.   **Ash Carter**
7.   **Jim Mattis**
8.   **Patrick Shanahan**
9.   **Mark Esper**
10.  **Richard Spencer**

*Subject Matter*: These individuals served as the Secretary of Defense of the United States of America and are expected to offer testimony related to the actions and failures in the Command Levels of the Department of Defense of the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

B.  Secretaries of the Air Force during the relevant time period of 1997-present:

1.   **Sheila Windall**
2.   **F. Whitten Peters**
3.   **Lawrence Delaney**
4.   **James Roche**
5.   **Peter Teets**

6.  **Michael Montelongo**
7.  **Michael Dominguez**
8.  **Pete Geren**
9.  **Michael Wynne**
10. **Michael Donley**
11. **Eric Fannin**
12. **Deborah Lee James**
13. **Lisa Disbrow**
14. **Heather Wilson (see further designation above)**
15. **Matthew Donovan**
16. **Barbara Barret**

*Subject Matter*: These individuals served as the Secretary of the Air Force of the United States of America and are expected to offer testimony related to the actions and failures in the Command Levels of the Air Force of the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

C. Chiefs of Staff of the Air Force during the relevant time period of 1997-present:

1.  **Ronald Fogleman**
2.  **Ralph Eberhart**
3.  **Michael E. Ryan**
4.  **John Jumper**
5.  **Michael Moseley**
6.  **Duncan McNabb**
7.  **Norton Schwartz**
8.  **Mark Welsh**
9.  **David Goldfein**

*Subject Matter*: These individuals served as the Chief of Staff of the Air Force of the United States of America and are expected to offer testimony related to the actions and failures in the Command Levels of the Air Force of the United States

Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

    D.  Under Secretary of Defense for Intelligence with the Department of Defense during the relevant time period of 1997-present:

    1.    **Stephen A. Cambone**
    2.    **James R. Clapper**
    3.    **Michael G. Vickers**
    4.    **Marcel Lettre**
    5.    **Joseph D. Kernan**

*Subject Matter*: These individuals served as the Under Secretary of Defense for Intelligence with the Department of Defense of the United States of America and are expected to offer testimony related to the actions and failures in the Command Levels of the Air Force of the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

    E.  Deputy Chief Management Officer and/or Chief Management Officer of the Department of Defense during the relevant time period of 1997-present, including, but not limited to:

    1.    **John H. Gibson II (CMO)**
    2.    **Lisa Hershman (CMO)**

*Subject Matter*: These individuals served as Deputy Chief Management Officer and/or Chief Management Officer of the Department of Defense of the United States of America and are expected to offer testimony related to the actions and failures in the Command Levels of the Air Force of the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

F.  Under Secretary of Personnel and Readiness with the Department of Defense during the relevant time period of 1997-present:

1.  **Edwin Dorn**
2.  **Rudy de Leon**
3.  **Charles Cragin (acting)**
4.  **Bernard D. Rostker**
5.  **David S.C. Chu**
6.  **Gail H. McGinn (acting)**
7.  **Clifford L. Stanley**
8.  **JoAnn Rooney (acting)**
9.  **Erin C. Conaton**
10. **Jessica L. Wright**
11. **Brad Carson (acting)**
12. **Peter Levine (acting)**
13. **Anthony Kurta (acting)**
14. **Robert Wilkie**
15. **James N. Stewart (acting)**
16. **Matthew Donovan (acting)**
17. **Dr. Alexis Lasselle Ross (acting)**

*Subject Matter*: These individuals served as Under Secretary of Personnel and Readiness with the Department of Defense of the United States of America and are expected to offer testimony related to the actions and failures in the Command Levels of the Air Force of the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

G.  Air Force Inspector General at the United States Air Force during the relevant time period of 1997-present:

1.  **Richard T. Swope**
2.  **Nicholas B. Kehoe**
3.  **Raymond O. Huot**
4.  **Steven R. Polk**
5.  **Ronald F. Sams**
6.  **Marc E. Rogers**
7.  **Stephen P. Mueller**
8.  **Gregory A. Biscone**

9.    **Anthony J. Rock**
10.   **Stayce D. Harris**
11.   **Sami D. Said**

Subject Matter: These individuals, all holding Lieutenant General Rank, served as Air Force Inspector General at the United States Air Force and are expected to offer testimony related to the actions and failures in the Command Levels of the Air Force of the United States Government that led to a former Airman illegally acquiring the firearm used in the Sutherland Springs First Baptist Church Shooting on November 5, 2017.

### *Category 5: Plaintiffs' Treating Medical Providers*

**Each and Every Medical Treatment Provider and Their Associated Billing Department is Identified as a Non-Retained Expert Witness.**

*Subject Matter*: These individuals are expected to testify regarding all aspects of the past and future elements of Plaintiffs' injuries sustained in this mass shooting, including but not limited to the nature, extent, cost and causation of the same.

*Facts and Opinions*: The facts and opinions held by these witnesses are contained in the medical records and medical bills associated with the treatment they provided which have been previously produced by Plaintiffs, may be produced in the future by Plaintiffs, and/or obtained by Defendant by way of the requested medical authorizations provided by Plaintiffs to Defendant.

## IV.    ADDITIONAL RESERVATIONS

Plaintiffs further reserve the right to call any of the following witnesses or experts who may have knowledge of relevant facts:

a)      Any witness or expert which has been or will be named by any other party in any answer to Interrogatory, even if the party which designated the witness or expert is no longer a party to the lawsuit at the time of trial;

b)      Any witness or expert whose name appears on any document which has been or will be produced by any party in any response to Requests for Production;

c)      Any witness or expert whose name is reflected in any document which has been or will be obtained through the use of medical authorizations;

d)      Any witness or expert whose name is reflected in any document which has been or will be submitted to the Court by Affidavit;

e)      Any witness or expert whose name is reflected in any document which has been or will be subpoenaed by any party;

f)      Any witness or expert whose name appears in the transcript of any deposition taken in this matter; and

g)      Any witness or expert whose name is reflected in any document which has been or will be attached to the transcript of any deposition.

Descriptions provided below each retained expert's name are not intended to be an exhaustive list of the areas to be addressed by the expert. Likewise, the listing of documents or materials reviewed by any expert are not necessarily a complete listing of the materials contained within the expert's file. Rather, this information is being furnished to provide opposing counsel with an indication of the general areas that the expert will address and to provide guidance on the types of information or materials that the expert has or will review in connection with his/her work in this case.

Plaintiffs reserve the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a

witness at trial, and to re-designate same as consulting expert, who cannot be called by opposing counsel.

Plaintiffs reserve the right to call rebuttal witnesses who are not designated and whose testimony cannot be reasonably foreseen until the presentation of the evidence against Plaintiffs.

Plaintiffs would name any agent servant or employee of thereof of any health care provider(s) named above who may have rendered treatment to Plaintiffs during relevant time periods and whose name or initials appear in Plaintiffs' medical or billing records kept by said health care provider(s).

Respectfully Submitted,

/s/ Jamal K. Alsaffar

**Jamal K. Alsaffar**
JAlsaffar@nationaltriallaw.com
Texas Bar No. 24027193
**Tom Jacob**
Tjacob@nationaltriallaw.com
Texas Bar No. 24069981
**Whitehurst, Harkness, Brees, Cheng, Alsaffar & Higginbotham & Jacob PLLC**
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
Office 512-476-4346
Fax 512-476-4400
Counsel for Vidal, McKenzie, Solis, McNulty, and Wall

/s/ Jason P. Steed

**Jason P. Steed**
Jsteed@kilpatricktownsend.com
Texas Bar No. 24070671
**Kilpatrick Townsend & Stockton LLP**
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Office 214-922-7112
Fax 214-853-5731
Counsel for Vidal, McNulty, and Wall

/s/ April A. Strahan

**April A. Strahan**
april@ammonslaw.com
Texas Bar No. 24056387
**Robert E. Ammons**
rob@ammonslaw.com
Texas Bar No. 01159820
**The Ammons Law Firm**
3700 Montrose Blvd.
Houston, TX 77006
Office 866-523-1603
Fax 713-523-4159
Counsel for Holcombe, Ramsey, Curnow & Macias

/s/ Daniel J.T. Sciano

**Daniel J.T. Sciano**
Dsciano@tsslawyers.com
Texas Bar No. 17881200
**Tinsman & Sciano**
10107 McAllister Freeway
San Antonio, TX 78216
Office 210-225-3121
Fax 210-225-6235
Counsel for Amador

/s/ Daniel Barks

**Daniel D. Barks,** *pro hac vice*
ddb@speiserkrause.com
**Speiser Krause, P.C.**
5555 Glenridge Connector, Suite 550
Atlanta, GA 30342
Office 571-814-3344
Fax 866-936-6382
Counsel for Holcombe

/s/ Mark Collmer

**Mark W. Collmer**
drcollmer@aol.com
Texas Bar No. 04626420
**Collmer Law Firm**
3700 Montrose
Houston, TX 77006
Office 713-337-4040
Counsel for Holcombe

/s/ Dennis Peery
**Dennis Charles Peery**
d.peery@tylerpeery.com
Texas Bar No. 15728750
**R. Craig Bettis**
cbettis@tylerpeery.com
Texas Bar No. 24040518
**Tyler & Peery**
5822 West IH 10
San Antonio, TX 78201
Office 210-774-6445
Counsel for Uhl

/s/ George LeGrand
**George LeGrand**
tegrande@aol.com
Texas Bar No. 12171450
**Stanley Bernstein**
Texas Bar No. 02225400
**LeGrand & Bernstein**
2511 N. Saint Mary's St.
San Antonio, Texas 78212
Office 210-733-9439
Fax 510-735-3542
Counsel for Wall & Solis

/s/ Justin Demerath
**Justin Demerath**
jdemerath@808west.com
Texas Bar No. 24034415
**O'Hanlon, McCollom & Demerath**
808 West Ave.
Austin, TX 78701
Office 512-494-9949
   Counsel for Corrigan, Braden,
   Warden, Stevens, Pachal, McCain, &
   Poston

/s/ Tim Maloney
**Tim Maloney**
Texas Bar No. 12887380
timmaloney@yahoo.com
**Paul E. Campolo**
pcampolo@maloneyandcampolo.com
Texas Bar No. 03730150
**Maloney & Campolo, L.L.P.**
926 S. Alamo
San Antonio, TX 78205
Office (210) 465-1523
Counsel for Ramsey

/s/ Joe Schreiber
**Joseph M. Schreiber**
joe@lawdoneright.net
Texas Bar No. 240374497
**Erik A. Knockaert**
erik@lawdoneright.net
Texas Bar No. 24036921
**Schreiber | Knockaert, PLLC**
701 N. Post Oak Rd., Suite 325
Houston, TX 77024
Phone (281) 949-8904
Fax (281) 949-8914
Counsel for Brown

/s/ Jason Webster
**Jason Webster**
jwebster@thewebsterlawfirm.com
Texas Bar No. 24033318
**The Webster Law Firm**
6200 Savoy
Suite 640
Houston, TX 77036
   Counsel for Lookingbill

/s/ Brett Reynolds
**Brett T. Reynolds**
btreynolds@btrlaw.com
Texas Bar No. 16795500
**Brett Reynolds & Associates, P.C.**
1250 N.E. Loop 420, Suite 420
San Antonio, TX 78219
(210)805-9799
    Counsel for Workman, Colblath, and
    Harris

/s/ Marco Crawford
**Marco Crawford**
**Law Office of Thomas J. Henry**
4715 Fredricksburg
San Antonio, TX 78229
(210) 585-2151
(361) 985-0601 (fax)
mcrawford@tjhlaw.com
    Counsel for McMahan

/s/ Craig Carlson
**Craig Carlson**
ccarlson@carlsonattorneys.com
**Philip Koelsch**
pkoelsch@carlsonattorneys.com
**Joe Craven**
jcraven@carlsonattorneys.com
**The Carlson Law Firm**
100 E Central Texas Expy
Killeen, TX 76541
254-526-5688
    Counsel for Rios

/s/ Marion M. Reilly
Marion M. Reilly
**Hilliard Munoz Gonzales, L.L.P.**
719 S. Shoreline – Ste 500
Corpus Christi, TX 78401
(361) 882-1612
361/882-3015 (fax)
marion@hmglawfirm.com
    Counsel for McMahan

/s/ Kelley W. Kelley
**Kelley W. Kelley**
**Anderson & Associates Law Firm**
2600 SW Military Drive, Suite 118
San Antonio, TX 78224
(210) 928-9999
(210) 928-9118 (fax)
kk.aalaw@yahoo.com
    Counsel for Ward

# CERTIFICATE OF SERVICE

By our signatures above, we certify that a copy of Plaintiffs' Combined Designation of Testifying Experts has been sent to the following on April 1, 2020 via the Court's CM/ECF notice system.

| | |
|---|---|
| JOSEPH H. HUNT<br>*Assistant Attorney General*<br>United States Dept. of Justice<br>Civil Division | JOHN PANISZCZYN<br>*Civil Chief*<br>United States Attorney's Office<br>Western District of Texas |
| JOHN F. BASH<br>United States Attorney<br>Western District of Texas | JAMES G. TOUHEY, JR.<br>Director, Torts Branch<br>United States Dept. of Justice<br>Civil Division |
| KIRSTEN WILKERSON<br>Assistant Director, Torts Branch<br>United States Dept. of Justice<br>Civil Division | STEPHEN E. HANDLER<br>Senior Trial Counsel, Torts Branch<br>United States Dept. of Justice<br>Civil Division |
| PAUL DAVID STERN<br>Trial Attorney, Torts Branch<br>United States Dept. of Justice<br>Civil Division | STEPHEN TERRELL<br>Trial Attorney, Torts Branch<br>United States Dept. of Justice<br>Civil Division |
| CLAYTON R. DIEDRICHS<br>Assistant United States Attorney | JAMES E. DINGIVAN<br>Assistant United States Attorney |
| JIM F. GILLIGAN<br>Assistant United States Attorney | |