IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HOLCOMBE, et. al, | NO. 5:18-CV-00555-XR |
| Plaintiffs | (consolidated cases) |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

## UNITED STATES' STATUS REPORT

Defendant United States of America, in accordance with the Court's instructions during the April 28 Status Conference, proposes the schedule contained in the attached proposed order, and explains the basis for the schedule below. After a lengthy meet and confer, and several draft proposals shared between counsel, the parties have been unable to file a proposed schedule jointly. Accordingly, the United States submits its proposed order.

## STATEMENT

During the April 28 Conference, the Court expressed a desire to stay depositions of damages experts, and medical providers whose testimony is relevant to damages, during the time the Court rules on motions for summary judgment. The Court also expressed a desire to hold the trial of this consolidated, multi-Plaintiff litigation in April 2021, if necessary. The attached schedule endeavors to satisfy both desires while acknowledging the substantial amount of damages discovery remaining in this case.

The United States' proposed deadline to file dispositive motions is Friday September 4, 2020. Then, in the event they remain necessary, damages depositions may recommence on

November 2, 2020. This timing takes into account the need to take depositions of the 29 treatment providers identified by Plaintiffs, the 20 damages experts who authored 146 expert reports, mental and physical Fed. R. Civ. P. 35 examinations of injured Plaintiffs, the United States' damages expert reports, deposition of the United States' damages experts, and depositions of certain of the more than 900 treatment providers Plaintiffs have identified as potential trial witnesses, but not included in Plaintiffs' list of 29 providers, to be identified by the United States. Indeed, completing this discovery prior to an April trial date will be a challenge. For that reason, although the United States understands that the Court has commitments in May and in the Summer of 2021, a late Summer or September trial date may best accommodate the vast amount of damages discovery remaining in this litigation while also providing the Court the requisite time to adjudicate dispositive motions on liability to determine whether such expensive and burdensome discovery is warranted.

Plaintiffs propose an earlier summary-judgment deadline and recommencement of damages depositions as a means to address this scheduling issue. An earlier summary-judgment deadline is not workable. As the United States explained during the hearing, it needs to take depositions of third-party witnesses before its expert reports are due. For that reason, the Court agreed that the reports would be due approximately two and a half months after the hearing. And, the government will need to depose Plaintiffs' liability experts prior to moving for summary judgment. Because Plaintiffs' liability expert rebuttal reports will not be due until fifteen days thereafter (July 30), having a summary-judgment deadline in the middle of August is simply not enough time to take expert depositions and obtain transcripts from those depositions.

Additionally, Plaintiffs' proposal to recommence damages depositions at an earlier date eviscerates any time the Court may have to review summary-judgment motions before the

beginning of potentially unnecessary depositions of medical and mental health providers. Moreover, the stay of damages depositions does not mean the parties will cease moving this case forward.  The United States submits that the stay of damages depositions should be used as a time for scheduling provider depositions, and ensuring that complete medical and mental health records have been provided for each Plaintiff.  Plaintiffs have taken the position that the United States must subpoena any medical records for Plaintiffs relating to preexisting medical or mental health conditions, resulting in delays in getting records.  In addition. Plaintiffs appear to have not provided all records relating to their injuries from the church shooting.  Indeed, during the status conference with the Court, counsel for the United States provided an example of a large stack of mental health records, that had not been received at the time, relating to what is believed to be treatment received by certain Plaintiffs after the shooting.  Any stay in depositions will be used to ensure the parties have produced responsive material.

    Finally, Plaintiffs' latest proposed schedule, as sent to the United States last evening, contains several provisions that Plaintiffs did not bring up, and were not discussed, during the parties meet and confer the following Friday.  Certain matters, such as the need to video record Fed. R. Civ. P. 35 examinations, are matters that need to be further discussed by the parties. Other provisions in Plaintiffs' schedule simply do not make sense.  Plaintiffs have a deadline for *Daubert* motions for damages experts on the same date as the deadline for liability experts.  The *Daubert* motions for damages experts should logically be after those expert depositions are taken, which will not be until months after liability expert depositions are taken.  Therefore, even if the Court adopts Plaintiffs' dates, additional matters not relevant to dates and not discussed by the parties should not be included in any scheduling order.

## **CONCLUSION**

Accordingly, the United States respectfully requests the Court adopt the attached proposed scheduling order.

Dated: May 5, 2020　　　　　　　　　　**JOSEPH H. HUNT**
　　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　　　　　　**JOHN F. BASH**
　　　　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　　　　Western District of Texas
　　　　　　　　　　　　　　　　　　　**JOHN F. PANISZCZYN**
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　State Bar. No. 15443855
　　　　　　　　　　　　　　　　　　　**JAMES G. TOUHEY, JR.**
　　　　　　　　　　　　　　　　　　　Director, Torts Branch
　　　　　　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　　　　　　**STEPHEN E. HANDLER**
　　　　　　　　　　　　　　　　　　　Senior Trial Counsel, Torts Branch
　　　　　　　　　　　　　　　　　　　Civil Division

　　　　　　　　　　　　　　　　By:　*/s/ Austin L. Furman*
　　　　　　　　　　　　　　　　　　　**PAUL DAVID STERN**
　　　　　　　　　　　　　　　　　　　**AUSTIN L. FURMAN**
　　　　　　　　　　　　　　　　　　　Trial Attorneys, Torts Branch
　　　　　　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　　　　　　*Counsel for the United States of America*

5

## **CERTIFICATE OF SERVICE**

      I certify that on May 5, 2020, I electronically filed the foregoing with the clerk of court by using the CM/ECF system, and that counsel of record have received notice and been served through that system.

                                          */s/ Austin L. Furman*
                                          **AUSTIN L. FURMAN**
                                          Trial Attorney, Torts Branch