IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HOLCOMBE, et. al, | NO. 5:18-CV-00555-XR |
| Plaintiffs | (consolidated cases) |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

## PLAINTIFFS' PROPOSED SCHEDULING ORDER

At the hearing on April 28, 2020, the Court requested the Parties submit a joint scheduling order. Plaintiffs propose the attached scheduling order. Parties agree on the date for the Government to serve their liability experts (July 15) and the trial date (Apr. 5, 2021).[1] However, the Government's other dates create logistical problems by vacating the Court's original *Daubert* deadlines, by compressing damages discovery, and vacating the Court's original pre-trial requirements entirely.

---

[1] Or, at least, Plaintiffs thought parties agreed on the trial date. While its proposed order sticks by the April trial date that it agreed to at the hearing, the Government's pleading suggests pushing the trial further back to fall of 2021. Notably, they now want a trial date *later* than their request in the Joint Status Report. *See* ECF No. 212, at 17 (requesting a June trial date). For Plaintiffs, an April trial date embodies a significant compromise knowing that elderly Plaintiffs may die before they see a trial. Yet, for the Government, an April trial date represents an inch, from which they can take a mile.

First, the Government inaccurately claims that Plaintiffs set *Daubert* deadlines for damages experts and liability experts on the same date. Plaintiffs' Daubert deadlines—like the Court's original deadline—starts from the designation or deposition date, whichever is later. *See* ECF No. 98, at 2. Even though the Court did not request parties change that deadline, the United States wants *Daubert* motions on the eve of trial. Not only does this fail to give the Court adequate time to consider the motions, but what happens if a party must procure a new expert or a supplemental report due to this deadline? Putting *Daubert* deadlines on the eve of trial prevents the Court from holding a hearing, if necessary. And it adds yet another issue for the Court to deal with on top of the numerous pretrial issues, such as objections to exhibits, proposed deposition designations objections, motions in limine, and proposed findings.

Second, the Government's proposed order artificially compresses damages discovery. On liability, The Government's only excuse for further delaying summary judgment is that it will need Plaintiffs' liability experts before filing a motion. But Plaintiffs disclosed *both* liability and damages experts on April 1, 2020. *See* ECF No. 197. And at the hearing, AUSA Stern represented to the Court that any summary judgment motion would be an entirely legal question.

On damages, the United States repeatedly represented that damages discovery in this case is "voluminous" and the issue on which "the greatest

amount of discovery remains."[2] *See* ECF No. 212, at 13–14 (Apr 23, 2020). Yet, when offered the opportunity for more time for damages discovery, the Government balks. Instead, the Government wants to compress all the damages discovery at the beginning of 2021. In contrast, Plaintiffs propose that Parties start damages discovery, a month and a half after the dispositive motion deadline.[3] And Plaintiffs' proposal gives the Government until November to designate its damages experts.

Third, the Government's proposed order vacates the Court's previous scheduling order (ECF No. 98) in its entirety. This creates uncertainty of deadlines. For example, if vacated, does that mean parties have additional time to amend pleadings? More importantly, the original order set very specific requirements leading up to trial—such as the Final Joint Pretrial Order. *See* ECF No. 98 at 3–4. Are parties no longer required to file their list of contested facts and law? Or their estimated length of trial? Or proposed findings of fact and conclusions of law? The Government's order remains silent on these and other issues.

---

[2] The Government is all over the place here. In some filings, the Government needs an extension because Plaintiffs have produced nearly 70,000 pages of medical records. *See* ECF No. 212, at 15 (Apr. 23, 2020). In others, the Government needs an extension because there are "delays in getting" large stacks of records. *See* ECF 218, at 3 (May 5, 2020). If it is missing records, why put off that discovery?

Then, the Government asks to delay, complaining that Plaintiffs provided them a 10-year HIPAA authorization for medical records. The Government neglects to tell the Court that Plaintiffs provided these authorizations *at the Government's request* and now acts as if this were obstructionist on Plaintiffs' part.

[3] The Government also incorrectly claims that parties did not discuss recording defense medical examinations. Plaintiffs discussed this topic with AUSA Gilligan, who the Government designated responsible for damages discovery. Mr. Gilligan agreed as a condition of the examination that recording could occur at Plaintiffs' expense.

In sum, the Government's order compresses too much, too close to the trial date. Should the Court wish for a motion to continue on the eve of trial from the Government, the surest way is to enter the Government's order. Conversely, Plaintiffs request that the Court enter the proposed order attached here, which gives parties sufficient time to designate experts and to conduct the "voluminous" damages discovery needed by the Government.

Respectfully Submitted,

/s/ Jamal K. Alsaffar
**Jamal K. Alsaffar**
JAlsaffar@nationaltriallaw.com
Texas Bar No. 24027193
**Tom Jacob**
TJacob@nationaltriallaw.com
Texas Bar No. 24069981
**Whitehurst, Harkness, Brees, Cheng, Alsaffar & Higginbotham & Jacob PLLC**
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
Office 512-476-4346
Fax 512-476-4400
Counsel for Vidal, McKenzie, Solis, McNulty, and Wall

/s/ Jason P. Steed
**Jason P. Steed**
JSteed@kilpatricktownsend.com
Texas Bar No. 24070671
**Kilpatrick Townsend & Stockton LLP**
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Office 214-922-7112
Fax 214-853-5731
Counsel for Vidal, McNulty, and Wall

/s/ April A. Strahan
**April A. Strahan**
april@ammonslaw.com
Texas Bar No. 24056387
**Robert E. Ammons**
rob@ammonslaw.com
Texas Bar No. 01159820
**The Ammons Law Firm**
3700 Montrose Blvd.
Houston, TX 77006
Office 866-523-1603
Fax 713-523-4159
Counsel for Holcombe, Ramsey, Curnow & Macias

/s/ Daniel J.T. Sciano
**Daniel J.T. Sciano**
DSciano@tsslawyers.com
Texas Bar No. 17881200
**Tinsman & Sciano**
10107 McAllister Freeway
San Antonio, TX 78216
Office 210-225-3121
Fax 210-225-6235
Counsel for Amador

/s/ Daniel Barks
**Daniel D. Barks,** *pro hac vice*
ddb@speiserkrause.com
**Speiser Krause, P.C.**
5555 Glenridge Connector, Suite 550
Atlanta, GA 30342
Office 571-814-3344
Fax 866-936-6382
Counsel for Holcombe

/s/ Mark Collmer
**Mark W. Collmer**
drcollmer@aol.com
Texas Bar No. 04626420
**Collmer Law Firm**
3700 Montrose
Houston, TX 77006
Office 713-337-4040
Counsel for Holcombe

/s/ Dennis Peery
**Dennis Charles Peery**
d.peery@tylerpeery.com
Texas Bar No. 15728750
**R. Craig Bettis**
cbettis@tylerpeery.com
Texas Bar No. 24040518
**Tyler & Peery**
5822 West IH 10
San Antonio, TX 78201
Office 210-774-6445
Counsel for Uhl

/s/ George LeGrand
**George LeGrand**
tegrande@aol.com
Texas Bar No. 12171450
**Stanley Bernstein**
Texas Bar No. 02225400
**LeGrand & Bernstein**
2511 N. Saint Mary's St.
San Antonio, Texas 78212
Office 210-733-9439
Fax 510-735-3542
Counsel for Wall & Solis

/s/ Justin Demerath
**Justin Demerath**
jdemerath@808west.com
Texas Bar No. 24034415
**O'Hanlon, McCollom & Demerath**
808 West Ave.
Austin, TX 78701
Office 512-494-9949
   Counsel for Corrigan, Braden, Warden, Stevens, Pachal, McCain, & Poston

/s/ Tim Maloney
**Tim Maloney**
Texas Bar No. 12887380
timmaloney@yahoo.com
**Paul E. Campolo**
pcampolo@maloneyandcampolo.com
Texas Bar No. 03730150
**Maloney & Campolo, L.L.P.**
926 S. Alamo
San Antonio, TX 78205
Office (210) 465-1523
Counsel for Ramsey

/s/ Joe Schreiber
**Joseph M. Schreiber**
joe@lawdoneright.net
Texas Bar No. 240374497
**Erik A. Knockaert**
erik@lawdoneright.net
Texas Bar No. 24036921
**Schreiber | Knockaert, PLLC**
701 N. Post Oak Rd., Suite 325
Houston, TX 77024
Phone (281) 949-8904
Fax (281) 949-8914
Counsel for Brown

/s/ Jason Webster
**Jason Webster**
jwebster@thewebsterlawfirm.com
Texas Bar No. 24033318
**The Webster Law Firm**
6200 Savoy
Suite 640
Houston, TX 77036
   Counsel for Lookingbill

| | |
|---|---|
| /s/ Brett Reynolds<br>**Brett T. Reynolds**<br>btreynolds@btrlaw.com<br>Texas Bar No. 16795500<br>**Brett Reynolds & Associates, P.C.**<br>1250 N.E. Loop 420, Suite 420<br>San Antonio, TX 78219<br>(210)805-9799<br>   Counsel for Workman, Colblath, and Harris | /s/ Marion M. Reilly<br>Marion M. Reilly<br>**Hilliard Munoz Gonzales, L.L.P.**<br>719 S. Shoreline - Ste 500<br>Corpus Christi, TX 78401<br>(361) 882-1612<br>361/882-3015 (fax)<br>marion@hmglawfirm.com<br>   Counsel for McMahan |
| /s/ Marco Crawford<br>**Marco Crawford**<br>**Law Office of Thomas J. Henry**<br>4715 Fredricksburg<br>San Antonio, TX 78229<br>(210) 585-2151<br>(361) 985-0601 (fax)<br>mcrawford@tjhlaw.com<br>   Counsel for McMahan | /s/ Kelley W. Kelley<br>**Kelley W. Kelley**<br>**Anderson & Associates Law Firm**<br>2600 SW Military Drive, Suite 118<br>San Antonio, TX 78224<br>(210) 928-9999<br>(210) 928-9118 (fax)<br>kk.aalaw@yahoo.com<br>   Counsel for Ward |
| /s/ Craig Carlson<br>**Craig Carlson**<br>ccarlson@carlsonattorneys.com<br>**Philip Koelsch**<br>pkoelsch@carlsonattorneys.com<br>**Joe Craven**<br>jcraven@carlsonattorneys.com<br>**The Carlson Law Firm**<br>100 E Central Texas Expy<br>Killeen, TX 76541<br>254-526-5688<br>   Counsel for Rios | |

# CERTIFICATE OF SERVICE

By our signatures above, we certify that a copy of Plaintiffs' Proposed Scheduling Order has been sent to the following on May 6, 2020 via the Court's CM/ECF notice system.

| | |
|---|---|
| JOSEPH H. HUNT<br>Assistant Attorney General<br>United States Dept. of Justice<br>Civil Division | JOHN PANISZCZYN<br>Civil Chief<br>United States Attorney's Office<br>Western District of Texas |
| JOHN F. BASH<br>United States Attorney<br>Western District of Texas | JAMES G. TOUHEY, JR.<br>Director, Torts Branch<br>United States Dept. of Justice<br>Civil Division |
| KIRSTEN WILKERSON<br>Assistant Director, Torts Branch<br>United States Dept. of Justice<br>Civil Division | STEPHEN E. HANDLER<br>Senior Trial Counsel, Torts Branch<br>United States Dept. of Justice<br>Civil Division |
| PAUL DAVID STERN<br>Trial Attorney, Torts Branch<br>United States Dept. of Justice<br>Civil Division<br>CLAYTON R. DIEDRICHS<br>Assistant United States Attorney | STEPHEN TERRELL<br>Trial Attorney, Torts Branch<br>United States Dept. of Justice<br>Civil Division<br>JAMES E. DINGIVAN<br>Assistant United States Attorney |
| JIM F. GILLIGAN<br>Assistant United States Attorney | |