UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, INDIVIDUALLY, AS HEIRS AT LAW AND AS REPRESENTATIVES OF THE ESTATE OF JOHN BRYAN HOLCOMBE, DECEASED; AND CLARYCE HOLCOMBE, INDIVIDUALLY, AS HEIRS AT LAW AND AS REPRESENTATIVES OF THE ESTATE OF JOHN BRYAN HOLCOMBE, DECEASED; | § § § § § § § § § § § § § § § § § § | Civil Action No. SA-18-CV-00555-XR  *Consolidated with:* 5:19-cv-01481-XR; 5:20-cv-00109-XR; 5:18-cv-00712-XR; 5:18-cv-00881-XR; 5:18-cv-00944-XR; 5:18-cv-00949-XR; 5:18-cv-00951-XR; 5:18-cv-01151-XR; 5:19-cv-00184-XR; 5:19-cv-00289-XR; 5:19-cv-00506-XR; 5:19-cv-00678-XR; 5:19-cv-00691-XR; 5:19-cv-00705-XR; 5:19-cv-00715-XR; 5:19-cv-00706-XR; 5:19-cv-00805-XR; 5:19-cv-00806-XR; 5:19-cv-00972-XR; 5:19-cv-00953-XR; 5:19-cv-00714-XR; 5:19-cv-01301-XR; 5:19-cv-01291-XR; 5:19-cv-01300-XR |
| *Plaintiffs*, v. UNITED STATES OF AMERICA, *Defendant.* | | |

## AMENDED SCHEDULING ORDER

The parties have agreed that modification of the deadlines and settings in this case is appropriate. Mindful of both the complexity of this case and the need for timely resolution for Plaintiffs, the Court hereby amends its previously entered Scheduling Order (ECF No. 98) as follows.[1] If a deadline set in this order falls on a weekend or a holiday, the effective day will be the next business day.

The parties and the Court have agreed that remaining discovery should be bifurcated into liability and damages phases. As detailed below, the Government plans to file a motion for summary judgment as to liability, and accordingly outstanding discovery relating solely to damages should be stayed until after the Court's ruling on dispositive motions.

However, as stated in open court on April 28, 2020, the remaining depositions of Plaintiffs shall go forward, and the parties plan to complete those depositions by **June 3, 2020**. Additionally, the parties should endeavor in good faith, even before the recommencement of depositions on damages, to exchange relevant records and to proactively work to schedule all remaining depositions—including damages depositions to commence on or after **October 2,**

---

[1] Deadlines not specifically amended herein remain unchanged.

**2020** and to be completed no later than the close of damages discovery on **February 24, 2021**. *See infra* Section II(a), II(c).

## I. LIABILITY AND SUMMARY JUDGMENT PHASE

### a. EXPERTS ON LIABILITY

Plaintiffs have already filed their designation of testifying experts and served the materials required by Fed. R. Civ. P. 26(a)(2)(B) on April 1, 2020. *See* ECF No. 197.

The Government shall file its designation of testifying experts as to liability and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before **July 15, 2020**.

All parties shall file all designations of rebuttal experts and serve on all parties the material required by Fed. R. of Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert.

An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within eleven (11) days from the receipt of the written report of the expert's proposed testimony, or within eleven (11) days from obtaining a copy of the expert's deposition, if a deposition is taken, whichever is later.

The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) is **August 3, 2020**.

### b. COMPLETION OF LIABILITY DISCOVERY

Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

The deadline for the completion of all discovery as to liability is **August 3, 2020**.

### c. DISPOSITIVE MOTIONS

No motion as to liability (other than a motion *in limine*) may be filed after this date except for good cause. The deadline to file motions as to liability is **August 14, 2020**. This deadline is applicable to *Daubert* motions pertaining to retained liability experts, and to any summary judgment motion under Fed. R. Civ. P. 56. Responses shall be filed within fourteen days, no later than **August 28, 2020**, and any reply shall be filed within fourteen days of the filing of a response, no later than **September 11, 2020**.

Leave of court is automatically given to file motions not to exceed 40 pages in length, responses not to exceed 30 pages in length, and replies not to exceed 20 pages in length.

## II. DAMAGES PHASE

### a. RECOMMENCEMENT OF DISCOVERY

The Court seeks to adjudicate any dispositive motions on liability prior to the recommencement of damages discovery. In any case, depositions that primarily or solely pertain to damages may recommence on **October 2, 2020**. The parties shall endeavor, before this recommencement date, to exchange all relevant documents and to proactively schedule all required depositions.

### b. EXPERTS ON DAMAGES

Plaintiffs have already filed their designation of testifying experts and served the materials required by Fed. R. Civ. P. 26(a)(2)(B) on April 1, 2020.

The Government shall file its designation of testifying experts as to damages and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before **November 6, 2020**.

All parties shall file all designations of rebuttal experts and serve on all parties the material required by Fed. R. of Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert.

An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within eleven (11) days from the receipt of the written report of the expert's proposed testimony, or within eleven (11) days from obtaining a copy of the expert's deposition, if a deposition is taken, whichever is later.

The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) is **February 24, 2020**.

### c. COMPLETION OF DAMAGES DISCOVERY

Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

The deadline for the completion of all discovery is **February 24, 2020**.

### III. TRIAL

#### a. PRETRIAL MOTIONS

No motion (other than a motion *in limine*) may be filed after this date except for good cause. The deadline to file motions (including dispositive motions and *Daubert* motions) is **February 24, 2020**. This deadline is also applicable to the filing of any summary judgment motion under Fed. R. Civ. P. 56 and any defense of qualified immunity.

Leave of court is automatically given to file motions not to exceed 40 pages in length, responses not to exceed 30 pages in length, and replies not to exceed 20 pages in length.

#### b. WITNESS, EXHIBIT LIST, AND PRETRIAL DISCLOSURES

The deadline for filing Rule 26(a)(3) disclosures is **March 10, 2021**.

The deadline for filing objections under Rule 26(a)(3) is **March 24, 2021**. Any objections not made will be deemed waived.

#### c. JOINT PRETRIAL ORDER

The deadline to file a Final Joint Pretrial Order and any motion *in limine* is **Friday, March 12, 2021.**

All attorneys are responsible for preparing the Final Joint Pretrial Order, which must contain the following:

1) a short statement identifying the Court's jurisdiction. If there is an unresolved jurisdictional question, state it;
2) a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties;
3) a summary of the remaining claims and defenses of each party;
4) a list of facts all parties have reached agreement upon;
5) a list of contested issues of fact;
6) a list of the legal propositions that are not in dispute;
7) a list of contested issues of law;
8) a list of all exhibits expected to be offered. Counsel will make all exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before the final pre-trial conference. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;
9) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;
10) an estimate of the length of trial;

11) include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;
12) the signatures of all attorneys; and
13) a place for the date and the signature of the presiding judge.

### d. PRETRIAL CONFERENCE

The Final Pretrial Conference shall be held on **Thursday, March 25, 2021 at 10:30 a.m.**

Motions *in limine*, if any, will be heard on this date. Counsel should confer prior to this hearing on any issues raised in a motion *in limine* or the Joint Pretrial Order. Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the pretrial conference so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the pretrial conference.

### e. BENCH TRIAL

The Bench Trial Date is **Monday, April 5, 2021 at 9:00 a.m.**

It is so **ORDERED**.

**SIGNED** this 11th day of May, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE