IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, et al. | § | 5:18-CV-00555-XR |
| | § | |
| Plaintiffs, | § | Consolidated with: |
| | § | 5:18-cv-00712-XR (*Vidal*) |
| | § | 5:18-cv-00881-XR (*Uhl*) |
| vs. | § | 5:18-cv-00944-XR (*Ramsey*) |
| | § | 5:18-cv-00949-XR (*McNulty*) |
| UNITED STATES OF | § | 5:18-cv-00951-XR (*Wall*) |
| AMERICA, | § | 5:18-cv-01151-XR (*Amador*) |
| | § | 5:19-cv-00184-XR (*Brown*) |
| Defendant. | § | 5:19-cv-00289-XR (*Ward*) |
| | § | 5:19-cv-00678-XR (*Colbath*) |
| | § | 5:19-cv-00691-XR (*Braden*) |
| | § | 5:19-cv-00705-XR (*Workman*) |
| | § | 5:19-cv-00706-XR (*Lookingbill*) |
| | § | 5:19-cv-00714-XR (*Solis*) |
| | § | 5:19-cv-00715-XR (*McKenzie*) |
| | § | 5:19-cv-00805-XR (*Curnow*) |
| | § | 5:19-cv-00705-XR (*Workman*) |
| | § | 5:19-cv-00806-XR (*Macias*) |

**DEFENDANT UNITED STATES' RESPONSE TO MICHAEL KELLEY AND
REBECCA KELLEY'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER**

Defendant United States of America submits the following response to Michael Kelley
and Rebecca Kelley's ("Movants") motion to quash and motion for protective order.  (ECF No.
224).  Movants' motion fails in three respects.  First, it was filed prior to Movants seeking a meet
and confer, which would have narrowed (if not resolved) several issues now before the Court.
Second, the motion does not demonstrate that the Requests for Production are overly broad or
unduly burdensome.  Third, the motion fails to demonstrate a sufficient need to assert a privilege,
most notably, their Fifth Amendment rights under the Act of Production Doctrine.
Consequently, the Movants' motion to quash and for a protective order should be denied.

## BACKGROUND

Michael and Rebecca Kelley are the parents of the shooter, Devin Patrick Kelley. Several of the plaintiffs in these consolidated case brought an action against Movants, alleging negligence and gross negligence because they "turned a blind eye" to Devin's abusive behavior and use of firearms while he lived with them at the time of the mass shooting. *Lookingbill, et al., v. Michael Kelley and Rebecca Kelley*, Case No. C2020-393C, at *9 (Dist. Ct. Bexar Cty.). The United States has not impleaded Movants or identified them as a potential responsible third party (RTP). However, because the United States identified Devin as an RTP, (ECF No. 150), it sought to take Movants' depositions in order to learn more about the shooter's mental state, planning, and violent propensities leading up to the shooting. At the April 28, 2020, status hearing, the Court granted the United States' request to take Movants' depositions.

Following the Court's ruling, counsel for the United States contacted Movants' counsel from the *Lookingbill* case to coordinate the depositions and inform him that the Government would be requesting documents prior to the deposition. Movants' counsel informed the United States that the state action had settled[1] and that the Movants would likely obtain new counsel for the depositions. On May 6, Movants' counsel sent an email to all parties in this litigation, introducing Gerald E. Bourque, a criminal defense lawyer who had been retained by Movants.[2]

---

[1] The United States was not informed of the *Lookingbill* settlement by Plaintiffs' counsel despite having served a previous Request for Production that specifically requested material pertaining to any related settlements. As the United States has the right to seek a credit against any other parties' settlement, Tex. Civ. Prac. & Rem. Code § 33.003(a)(3), the undersigned contacted Plaintiffs' counsel to again request the material. While Plaintiffs' counsel notified the undersigned that it would provide the information, no material related to the settlement has thus far been produced.

[2] The initial email suggested that Mr. Bourque was retained only by Mr. Kelley; however, subsequent correspondence confirm that Mr. Bourque represents both Mr. and Mrs. Kelley.

The email requested that the parties coordinate the depositions for the same day and that the United States send its subpoena promptly to provide Movants adequate response time.  (Ex. A., Email Chain.)  That evening, the United States served a subpoena *duces tecum* on Movants' counsel.  *Id.*

On May 20, Movants filed the pending motion.  The following day, Movants' original counsel sent another letter, informing the United States that Mr. and Mrs. Kelley already "have given everything they had to either" the FBI, Texas Rangers, or USAF.  (Ex. B, Letter).  The letter continues, "However, they will continue to look and if any other documents are located they will be either voluntarily produced or I will notify you of their existence so that a hearing may be had if the government deems necessary."  *Id.*  Movants' counsel did not attempt to confer with counsel for the United States prior to filing the motion to quash.

## ARGUMENT

As relevant here, a subpoena may be quashed or modified if the subpoena "(i) fails to allow a reasonable time to comply . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).  "On a Rule 45(d)(3)(A) motion to quash or modify a subpoena, the moving party has the burden of proof."  *Don Stevenson Design, Inc v. TBP Enterprises I, LTD.*, No. 5:16-CV-01128-RCL, 2018 WL 6704466, at *3 (W.D. Tex. Dec. 19, 2018) (citation omitted).  "The burden is particularly heavy to support a motion to quash as contrasted to some more limited protection[,]" such as modifying the subpoena.  *Granados v. State Farm Lloyds*, No. DR-10-CV-13-AML-VRG, 2010 WL 11597707, at *1 (W.D. Tex. June 2, 2010).

## I.     Movants failed to "meet and confer" prior to filing their motion.

Any motion for a protective order must include "a certification that the movant has in

good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Failure to confer with respect to any non-dispositive motion can serve as a basis for denial of that motion. Local Civil Rule 7(i); *see Anzures v. Prologis Texas I LLC*, 300 F.R.D. 314, 316 (W.D. Tex. 2012). This is because meet and confer requirements "serve the important function of narrowing or eliminating issues before a party seeks judicial involvement." *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-02255-L, 2018 WL 10391736, at *2 (N.D. Tex. Dec. 17, 2018).

Movants did not confer with the United States prior to filing their motion. If they had, several issues likely could have been narrowed or eliminated through discussions. Most notably, Movants' May 21 letter suggests that they already "have given everything they had" to law-enforcement agencies. It is unclear what documents, if any, Movants are withholding based on their privilege assertions or other objections. Additionally, Movants complain that "the subpoenas do not allow a reasonable time to comply." (ECF No. 224 at 2.) But counsel for the United States initially contacted Movants' counsel to coordinate the document production and depositions amicably. While the looming Court-imposed discovery deadlines necessitate prompt action, the United States would not object to Movants' request for additional time to respond. Because conferral could hopefully resolve several of these issues without needing to waste the Court's valuable time, the motion should be denied as premature.

## II. Movants have not established an undue burden or legitimate privilege claim.

### A. The subpoenas are proportional to the needs of the litigation.

In deciding whether a Rule 45 subpoena is overbroad or unduly burdensome, a court looks to the discovery standard set forth in Fed. R. Civ. P. 26(b)(1). *Don Stevenson Design*, 2018 WL 6704466, at *3. For purposes of Rule 26(b)(1), the phrase "relevant to any party's

claim or defense" is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.* at *2 (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).  If the information the party seeks meets that definition, and the request is "proportional to the needs of the case," it is discoverable as a general matter.  *See* Fed. R. Civ. P. 26(b)(1).

The information sought from the Movants is clearly relevant.  Many of the categories seek information concerning Devin Kelley's ability to obtain weapons even if his criminal history had been accessible through a background check and whether the horrific shooting was foreseeable to the Air Force.  Because Plaintiffs must prove proximate cause, information pertaining to those matters is relevant.  *See Bruce Foods Corp. v. Texas Gas Serv.*, 2014 WL 652312, at *12 (W.D. Tex. Feb. 19, 2014) (negligent-undertaking theory requires proving proximate cause).  As the United States argued during the April 28, 2020, status hearing, Devin's parents were uniquely situated to know about Devin's activities and mental state.  And, Plaintiffs themselves cannot dispute that argument, as several of them sued Movants in state court based on that same theory of personal and unique knowledge.  The Court approved the taking of Movants' depositions as a result.

The subpoenas are also relevant because the United States has identified Devin Patrick Kelley as an RTP.  This Court may assign a percentage of responsibility for Plaintiffs' harms to responsible third parties, as well as to "each settling person[.]"  Tex. Civ. Prac. & Rem. Code § 33.003(a)(3).  As such, any information that would permit the fact-finder to assign a percentage of responsibility to Kelley is relevant, and most of the categories identified in the subpoena seek such information.  Moreover, although the United States did not identify Movants as a potential responsible third party, they are "settling persons" to whom responsibility may be assigned as a

result of their *Lookingbill* settlement.  *See id.* § 33.011(5) (defining "settling person").  Thus, the documents sought in the United States' subpoenas are highly relevant.

Movants' arguments of undue burden are unavailing.  They point specifically to Request Nos. 13-17, which address communications between Movants and others, and take issue with the "vague and ambiguous descriptions" of several topics.  (ECF No. 224 at 4.)  But the topics are sufficiently specific and narrow as to permit Movants to readily identify such communications, to the extent they exist (*e.g.*, "arguments, disagreements, or any other disputes between Danielle Kelley and Devin Patrick Kelley").  The requests contain no specific time restriction because the requests are inherently time-limited.  For example, the topic of communication concerning disputes between Devin and Danielle will necessarily be limited to the times when they had a relationship, and Devin then proceeded to reach out to his parents concerning the dispute.  Such topics are limited in scope and request information that, if exists, is highly relevant.

Movants also claim undue burden based on requests that seek "all communications." ECF No. 224 at 4.  Even if this were objectionable, the Plaintiffs and United States in these consolidated cases have used that phrase in Requests for Production, and rather than filing motions with the Court, conferred to identify and produce responsive and proportionate material. The United States would certainly have engaged in such discussion with the movants.

Movants also argue that certain materials are "public records or equally available to the requesting party."  (ECF No. 224 at 5.)  They contend that "many of the documents and communications requested are already in the possession of law enforcement[.]"  *Id.*  Movants have not specified any particular burden in producing those documents.  Rather, their position seems to be: "go ask someone else" for those documents.

The general rule for discovery is that "information in a party's possession, custody, or control is generally discoverable even if it is publicly available or already in the requesting party's possession." *Washington-St. Tammany Elec. Coop., Inc. v. Louisiana Generating*, L.L.C., No. CV 17-405-JWD-RLB, 2019 WL 1804849, at *8 (M.D. La. Apr. 24, 2019). This rule applies to non-parties as well. *See Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers LLP*, 2008 WL 4452134, at *5 ("While Great American's files for this period may not contain anything that is not already in ACHI's files, this fact alone is an insufficient ground on which to quash the subpoena). Accordingly, in the absence of any demonstrated burden, Movants must produce the responsive documents—even if in the possession of law enforcement or the United States—if those documents are in their possession, custody, or control.

Movants also move to quash the subpoena because it seeks documents outside their custody, possession, or control. In particular, Movants argue that "the government has served several requests seeking to require Respondents to cross this boundary and obtain impermissibly documents outside of their possession, custody, or control." (ECF No. 224 at 5.) However, in the Fifth Circuit, "[d]ocuments are deemed to be within the 'possession, custody or control' of a responding party if that party either has 'actual possession, custody or control' of the documents or if that party 'has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action.'" S. *Filter Media, LLC v. Halter*, No. CIV.A. 13-116-JJB-RL, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014).

Movants may have possession of certain items responsive to the subpoena by virtue of the fact that they were Devin Patrick Kelley's parents or because he resided on their property at various times, including at the time of his death. If those items are not in Movants' possession, custody, or control, however, then Movants are under no obligation to produce those documents.

For this reason, "if the information sought is not in the [persons'] possession, custody, or control . . . then [those persons] face no burden or expense at all, as they have no duty to collect and produce the information*." Washington-St. Tammany Elec.*, 2019 WL 1804849, at *8.  Again, this is an issue that could have been resolved through a meet and confer.  Consequently, Movants' assertion that certain documents are outside of their possession, custody, or control does nothing to advance their undue burden argument.

>        **B.       *Movants have not established any valid claim of privilege.***

A person moving to quash a subpoena on the basis of privilege has "the burden to come forward with evidence in support of its privilege claim as part of its motion." *Total Rx Care, LLC v. Great N. Ins. Co.*, 318 F.R.D. 587, 601 (N.D. Tex. 2017).  To support a claim of privilege, Rule 45(e)(2) provides that a non-party withholding subpoenaed documents on that basis to provide a privilege log, the same as a party must under Rule 26(b)(5).  *See id.* at 593. Indeed, mere "cursory descriptions are not sufficient to support a claim of privilege." *Alex v. KHG Of San Antonio, L.L.C.*, No. SA-13-CA-728-OLG, 2014 WL 12489735, at *4 (W.D. Tex. Aug. 6, 2014); *Mumfrey v. CVS Pharmacy, Inc.*, No. 1:10-CV-124-TH, 2011 WL 13196326, at *2 (E.D. Tex. June 27, 2011) ("[A] blanket assertion of privilege . . . [was insufficient to] raise privilege as a ground to quash the subpoenas.").

Movants make specious privilege assertions based on attorney-client communications and HIPPA concerns.  They claim that "requesting 'all communications' related to other civil and criminal proceedings would undoubtedly intrude on the attorney-client privilege."  (ECF No. 224 at 5.)  The only specific case for which a request seeks communications concerns the *Lookingbill* case, and privileged communications from that case are not being sought.  The requests in the subpoena seeking communications between Movants and Devin Patrick Kelley,

and other specific persons, do ask about civil and criminal matters, but it is difficult to see how they could be protected by attorney-client privilege, as none of those persons is an attorney.

Movants also object to certain requests as "seeking medication history, counseling records, and other protected health information of adult third parties[.]" (ECF No. 224 at 5.) To the extent that they are in fact third-party documents, it is unclear that Movants have "a personal right or privilege in the subject matter" that would permit them to object. *Total Rx Care*, 318 F.R.D. at 594. In any event, HIPAA allows for "disclosure of protected health information in judicial proceedings so long as certain requirements are met." *Mumfrey*, 2011 WL 13196326, at *2 (citing 45 C.F.R. § 164.512(e)). The fact that certain documents or information may contain protected health information is therefore not by itself a basis to quash the subpoena.

Lastly in their brief, Movants point to their Fifth Amendment right against compelled self-incrimination. Importantly, contrary to what Movants' suggest, a person cannot avoid "compliance with the subpoena served on him [or her] merely because the demanded documents contain[] incriminating evidence[.]" *United States v. Hubbell*, 530 U.S. 27, 36 (2000). That is "because the creation of those documents [i]s not 'compelled' within the meaning of the privilege." *Id.* at 35-36. The documents themselves are created voluntarily; it is only the production of those documents that is compelled. *See id.*

In the act of producing documents itself, however, "the producing party implicitly concedes possession and control of the documents and indicates that the documents produced are, in fact, the documents described in the subpoena[.]" *In re Sambrano Corp.*, 441 B.R. 562, 566 (Bankr. W.D. Tex. 2010). Thus, regardless of whether the documents themselves are incriminating, a subpoena may violate the Fifth Amendment "if the act of production would have testimonial aspects that could be self-incriminating." *Id.* (citing *Fisher v. United States*, 425 U.S.

9

391, 410 (1976)).  This doctrine is often called the "Act of Production Doctrine."  *See id.*

Movants claim that this "Act of Production Doctrine" protects them here, but have not demonstrated any basis for possible self-incrimination.  The privilege "applies only when the possibility of self-incrimination is a real danger, not a remote and speculative possibility." *Steinbrecher v. Comm'r*, 712 F.3d 195, 197 (5th Cir. 1983); *see In re Sambrano*, 441 B.R. at 571 ("The privilege applies only in 'instances where the witness has reasonable cause to apprehend danger' of criminal liability.").  "[U]nless the danger of self-incrimination is readily apparent, the burden of proving that the danger exists lies on the claimant."  *Steinbrecher*, 712 F.2d at 197-98.

Movants have not shown that self-incrimination is anything but a "remote and speculative possibility."  Movants have not identified any ongoing criminal matter in which they are involved, and have not pointed to any specific crimes for which they could face criminal jeopardy.  Instead, they generally suggest that the document subpoena is some sort of subterfuge to start building a criminal case against them.  (ECF No. 224 at 8.)  In contrast to Movants' pure speculation, the relevance of the requests in the subpoena in this litigation is explained in detail above.  Even if Movants had established that they had "reasonable cause to apprehend criminal danger," they have not shown how the act of producing documents itself would be inculpatory. Again, the right against self-incrimination does not give permission to withhold documents that may incriminate in response to a lawful subpoena.  *See Hubbell*, 530 U.S. at 35-36.  Because Movants have not demonstrated that by merely producing responsive documents they may be placed in criminal jeopardy, the privilege against self-incrimination cannot provide a basis not to.

## CONCLUSION

For the reasons set forth above, Movants' motion to quash subpoena and for protective order should be denied.

Dated: May 27, 2020                       **JOSEPH H. HUNT**
                                          Assistant Attorney General
                                          Civil Division
                                          **JOHN F. BASH**
                                          United States Attorney
                                          Western District of Texas
                                          **JOHN F. PANISZCZYN**
                                          Assistant United States Attorney
                                          State Bar. No. 15443855
                                          **STEPHEN E. HANDLER**
                                          Senior Trial Counsel, Torts Branch
                                          Civil Division

                       By:     _/s/ Austin L. Furman_
                                          **PAUL DAVID STERN**
                                          **AUSTIN L. FURMAN**
                                          Trial Attorneys, Torts Branch
                                          Civil Division
                                          *Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I certify that on May 27, 2020, I electronically filed the foregoing with the clerk of court by using the CM/ECF system, and that counsel of record have received notice and been served through that system.

*/s/ Austin L. Furman*
**AUSTIN L. FURMAN**
Trial Attorney, Torts Branch