# Exhibit A

**In the Matter Of:**

HOLCOMBE vs UNITED STATES of AMERICA

5:18-CV-00555-XR

---

**MICHAEL SHAWN KELLEY**

*June 23, 2020*

---



800.211.DEPO (3376)
EsquireSolutions.com

1            UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TEXAS
2
JOE HOLCOMBE, ET AL.,        §
3                            §
     PLAINTIFF,              §   CIVIL ACTION NO.
4                            §   5:18-CV-00555-XR
V.                           §
5                            §
UNITED STATES OF AMERICA,    §
6                            §
     DEFENDANT.              §
7

8

9

10

11       REMOTE DEPOSITION OF MICHAEL SHAWN KELLEY
                   JUNE 23, 2020
12

13

14

15       REMOTE DEPOSITION OF MICHAEL SHAWN KELLEY,
produced as a witness at the instance of the
16 Defendant and duly sworn, was taken in the above
styled and numbered cause on Tuesday, June 23, 2020,
17 from 8:17 a.m.  to 9:23 a.m., before TAMARA CHAPMAN,
CSR, RPR-CRR in and for the State of Texas, reported
18 remotely by computerized stenotype machine in
Austin, Texas pursuant to the Federal Rules of Civil
19 Procedure and any provisions stated on the record
herein.
20

21

22

23

24

25   Job No. J5731874



```
 1                A P P E A R A N C E S

 2

 3
      FOR THE PLAINTIFFS:
 4        Joseph M. Schreiber
          SCHREIBER KNOCKAERT, PLLC
 5        701 North Post Oak Road, Suite 325
          Houston, Texas 77024
 6        281-949-8904
          joe@lawdoneright.com
 7
          -and-
 8
          Jamal K. Alsaffar
 9        Tom Jacob
          WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR,
10        HIGGINBOTHAM AND JACOB, PLLC
          7500 Rialto Boulevard
11        Building Two, Suite 250
          Austin, Texas 78735
12        855-419-2050

13        -and-

14        Jason Charles Webster
          THE WEBSTER LAW FIRM
15        6200 Savoy Drive, Suite 150
          Houston, Texas 77036
16        713-396-5197

17        -and-

18        Brett T. Reynolds
          BRETT REYNOLDS & ASSOCIATES, PC
19        1250 NE Loop 410, Suite 420
          San Antonio, Texas 78209
20        210-805-9799
          Btreynolds@btrlaw.com
21

22

23

24

25
```



```
 1    A P P E A R A N C E S  (CONTINUED):

 2    FOR THE DEFENDANT:
          Stephen E. Handler
 3        Austin Furman
          U.S. DEPARTMENT OF JUSTICE
 4        Three Constitution Square
          175 N Street, NE, 11th Floor, Room 1809
 5        Washington, D.C. 20002
          202-616-4272
 6        austin.l.furman@usdoj.gov

 7        -and-

 8        Paul Stern
          U.S. ATTORNEY'S OFFICE
 9        601 W. Loop 410, Suite 600
          San Antonio, Texas 78216
10        210-384-7100

11

12    FOR MICHAEL AND REBECCA KELLEY:
          Dean Jackson
13        CURNEY, FARMER, HOUSE, OSUNA & JACKSON, P.C.
          411 Heimer Road
14        Washington, D.C. 20002
          210-377-1990
15        djackson@cfholaw.com

16        -and-

17        Gerald E. Bourque
          LAW OFFICE OF GERALD E. BOURQUE
18        24 Waterway Avenue, Suite 660
          The Woodlands, Texas 77380
19        713-862-7766
          gerald@geraldebourque.com

20

21    ALSO PRESENT:
          Daniel P. Chung
22        GIBSON DUNN
          1050 Connecticut Avenue, N.W.
23        Washington, DC 20036-5306
          Dchung@gibsondunn.com

24

25
```



```
 1                    I N D E X

 2
                                              PAGE
 3

 4   APPEARANCES..................................    2

 5       MICHAEL SHAWN KELLEY

 6   EXAMINATION
          By Mr. Handler...........................    7
 7

 8   CORRECTION PAGE...............................   41
     SIGNATURE PAGE................................   42
 9   REPORTER'S CERTIFICATION......................   43

10
                      E X H I B I T S
11
                                       PAGE  LINE
12   Exhibit 1,                           7    3
     05/14/2020 letter from Gerald E.
13   Bourque to Paul David Stern, RE: Cause
     No. 5:18-cv-00555-XR
14   (No Bates - 1 page)
     Exhibit 2,                           7    3
15   Subpoena to produce documents,
     information, or objects or to permit
16   inspection of premises in a civil
     action
17   (No Bates - 3 pages)
     Exhibit 3,                           7    3
18   Attachment to subpoena duces tecum to
     Michael Kelley
19   (No Bates - 9 pages)
     Exhibit 4,                           7    3
20   Photograph of Devin Kelley
     (TXRANGERS00010965)
21   Exhibit 5,                           7    3
     Photograph of Devin Kelley
22   (TXRANGERS00010967)
     Exhibit 6,                           7    3
23   Photograph of Devin Kelley
     (TXRANGERS00010969)
24   Exhibit 7,                           7    3
     Photograph of Devin Kelley
25   (TXRANGERS00046864)
```



```
 1   E X H I B I T S (Continued)

 2   Exhibit 8,                               7    3
     Photograph
 3   (TXRANGERS00047011)
     Exhibit 9,                               7    3
 4   Texas Department of Public Safety,
     Texas Rangers, Supplemental report by
 5   Billy Mims
     (TXRANGERS00053617 -
 6   TXRANGERS00053621)
     Exhibit 10,                              7    3
 7   Video clip
     (TXRANGERS00053246)
 8   Exhibit 11,                              7    3
     Texas Department of Public Safety,
 9   Texas Rangers, Supplemental report by
     Brent Barina
10   (TXRANGERS00053663 -
     TXRANGERS00053666)
11   Exhibit 12,                              7    3
     Audio clip
12   (TXRANGERS00016657)
     Exhibit 13,                              7    3
13   Texas Department of Public Safety,
     Texas Rangers, Supplemental report by
14   Joseph Evans
     (TXRANGERS00049390 -
15   TXRANGERS00049391)

16

17

18

19

20

21

22

23

24

25
```



1           THE STENOGRAPHER:  Pursuant to the

2   First Emergency Order Regarding the COVID-19

3   State of Disaster, Paragraphs 2.b. and 2.c., this

4   deposition of Michael Kelley is being conducted

5   remotely via Zoom.  Today's date is June 23, 2020

6   and the time is 8:17 a.m.

7           My name is Tamara Chapman, Texas

8   CSR #7248.  I am administering the oath and

9   reporting the deposition remotely by stenographic

10  means from my residence within the State of

11  Texas.

12          MR. HANDLER:  Steve Handler

13  representing the United States.

14          MR. SCHREIBER:  This is Joseph

15  Schreiber.  I represent the plaintiffs.

16          MR. JACKSON:  Dean Jackson.  It's

17  my privilege and honor to represent Michael and

18  Rebecca Kelley.  I'm here along with Gerald

19  Bourque, who is their personal counsel as well.

20          MR. ALSAFFAR:  Jamal Alsaffar,

21  representing the plaintiffs.

22          MR. STERN:  Paul Stern on behalf

23  of defendant, United States.

24          MR. FURMAN:  Austin Furman,

25  defending the United States.



1           MR. WEBSTER:  Jason Webster,

2    representing plaintiffs.

3           MICHAEL SHAWN KELLEY,

4    having been first duly sworn, testified as follows:

5                    EXAMINATION

6    BY MR. HANDLER:

7        Q.  Good morning, Mr. Kelley.  My name is

8    Steven Handler.  I represent the United States.

9           For the record, could you please state

10   your full name and spell it for the record.

11       A.  Michael Shawn Kelley.  Michael,

12   M-I-C-H-A-E-L; Shawn, S-H-A-W-N; Kelley, K-E-L-L-E-Y.

13       Q.  Thank you.  Well, let the record reflect

14   that this is the deposition of Michael Kelley taken

15   pursuant to notice in accordance with the Federal

16   Rules of Civil Procedure and the local rules of the

17   Western District of Texas.

18           As I said, I'm representing the United

19   States.  Are you represented by counsel today?

20       A.  Yes.

21       Q.  And can you name your counsel, please?

22       A.  Dean Jackson and Gerald Bourque.

23       Q.  Okay.  Now, there are other attorneys

24   attending this deposition and they represent, of

25   course you heard, the plaintiffs and the United



```
 1   States.

 2              We're here today to discover facts

 3   regarding the allegations that the plaintiffs have

 4   made against the United States, as well as other

 5   related matters.  In particular, this lawsuit

 6   pertains to the wrongful death and personal injury

 7   actions brought against the United States.

 8              The claims arise out of a mass shooting

 9   perpetrated by former Airman Devin Patrick Kelley at

10   the First Baptist Church in Sutherland Springs,

11   Texas, on Sunday, November 5th, 2017.

12              Mr. Kelley, throughout this deposition,

13   instead of me repeating the full names of everyone,

14   I'll probably use shorthand references.  So the First

15   Baptist Church of Sutherland Springs, we'll just call

16   it "the church."  The shooting perpetrated by Airman

17   Devin Patrick Kelley will be called "the church

18   shooting" or just "the shooting."  Whenever I

19   reference Devin Patrick Kelley, I'll probably just

20   call him by his first name, Devin.  I'll also mention

21   Danielle Kelley.  I'll just call her Danielle.

22   That's Devin's second wife.  Tessa Kelley, Devin's

23   first wife, we'll just call her Tessa.  Michelle

24   Shields, the mother of Danielle, we'll just call her

25   Michelle.
```



| | |
|---|---|
| 1 | And to the extent possible I'll try to use |
| 2 | the first names, just to move the deposition along. |
| 3 | Are you presently taking any medications |
| 4 | or are you on any medications that would impair your |
| 5 | ability to understand my questions and give |
| 6 | appropriate answers? |
| 7 | A.  No. |
| 8 | Q.  Have you ever had your deposition taken |
| 9 | before in a setting like this?  Not necessarily on |
| 10 | Zoom, but maybe even in person? |
| 11 | A.  Yes, once. |
| 12 | Q.  And when was that? |
| 13 | A.  Back in the '80s.  I don't remember when. |
| 14 | Q.  Was it a civil case or criminal case? |
| 15 | A.  Civil. |
| 16 | Q.  Okay.  And were you the plaintiff or the |
| 17 | defendant? |
| 18 | A.  I was the defendant. |
| 19 | Q.  Okay.  And what did the -- what was the -- |
| 20 | the gist of the case? |
| 21 | A.  We had some carpenter guys over building a |
| 22 | deck and they cut their fingers on their saw. |
| 23 | Q.  I'm sorry.  Could you repeat that? |
| 24 | A.  I said we had some guys over, carpenters, |
| 25 | building a deck and they cut their fingers with their |



```
 1   saw.
 2              (Discussion off the written record.)
 3        Q.   And, Mr. Kelley, other than that one
 4   deposition back in the '80s, have you ever been
 5   deposed, other than that one time?
 6        A.   No.
 7        Q.   Okay.  So a deposition is just like
 8   testifying in court under oath before a judge.  The
 9   court reporter will record all of your questions --
10   all the questions and all of the answers.  I'll be
11   asking you questions.  Other attorneys may be asking
12   you questions.  And some of the attorneys may object,
13   but you can still respond, unless your attorney
14   instructs you not to.
15              Because you're sworn under oath, you are
16   expected to respond to the questions to the best of
17   your knowledge, but your responses must be truthful.
18   Your response is subject to the penalty of perjury if
19   your response is not truthful regarding any material
20   facts.
21              If at any time I ask you a question and
22   you do not understand it, please stop me so I can
23   rephrase it or ask a different question.  If you
24   respond to a question, I will conclude that you
25   understood it and you were giving an appropriate
```



 1   response.

 2          All of your responses must be verbal in

 3   order for the court reporter to record them.  You

 4   can't nod your head or shake your head or gesture

 5   with your hands.

 6          At the end of deposition, when a

 7   transcript is prepared, you will be given the

 8   opportunity to read it and make corrections.  To the

 9   extent, however, you make any substantive

10   corrections, we may have to take your deposition

11   again.

12          Before we get started, do you understand

13   all my instructions?

14          A.   Yes.

15          Q.   Okay.  Do you have any questions?

16          A.   No.

17          Q.   Okay.  Now, you mentioned before that you

18   were a defendant in a certain -- in the 1980s.

19          Are you presently or had you been a

20   defendant with respect to the litigation involving

21   the shooting at the church?

22               MR. BOURQUE:  No.  Before we go

23   any further, let me -- there is something I want

24   to take up, and I want to take up Kelley 1 with

25   the government at this time.  If you'll pop that



1   up so the government can see.

2            On May the 14th of this year I

3   sent a letter to the Western District of Texas to

4   the attention of Paul David Stern.  I sent it by

5   regular mail and I emailed.  Copies went to

6   Mr. Alsaffar and Mr. Jackson.  I never got a

7   return envelope saying that the letter was not

8   received.

9            I also neither got a response to

10  that letter from the United States Government or

11  from Mr. Stern.  I also never got so much as a

12  phone call from Mr. Stern or anyone with the

13  government involved in this case.  I had no

14  acknowledgement at all that I even existed in

15  this case, from the government.

16           In my letter I set out what I

17  needed from the government before this deposition

18  was to take place.  I never received any

19  statement given by Mr. Kelley.  I never received

20  any statements that were given by Ms. Kelley to

21  any of the people listed in that letter.

22           I also set out why I'm concerned

23  about this deposition going forward.  This is a

24  mass homicide.  The perpetrator of this event

25  either committed suicide or was killed by others.



1  The only remaining possible targets are

2  Mr. Kelley and Ms. Kelley.

3           I asked in my letter, please give

4  me some reassurance.  This is what criminal

5  defense lawyers who have tried 12 to 14 capital

6  murder death penalty cases do.  They seek from

7  the government some assurance that says, "you

8  know, it's been two and a half years.  What's the

9  status of a grand jury impanelling?  Are my

10  clients targets now or are they ever going to be

11  targets?"

12           I got not one single solitary

13  response, not even a phone call that says, "It's

14  out of my hands.  I don't make that call."  So I

15  can only assume that there is a sinister reason

16  for you not contacting me or the government not

17  making an effort to seek immunity so that these

18  two people can give truthful answers to truthful

19  questions.

20           So I have a serious concern about

21  the government's good-faith intentions in this

22  deposition.  And I want somebody to tell me,

23  whether it's Mr. Handler or it's Mr. Stern, what

24  efforts you made to seek immunity or to answer my

25  questions in response to my May 14th, 2020,



1  letter.

2              MR. JACKSON:  Did you introduce it

3  already?

4              MR. BOURQUE:  And if it hadn't

5  been introduced for purposes of the deposition,

6  I'm introducing it now for the purposes of the

7  deposition.

8              MR. HANDLER:  Mr. Bourque, is that

9  it?

10             MR. BOURQUE:  I answer to pretty

11 much anything.  That will work.

12             MR. HANDLER:  Okay.  I can neither

13 confirm nor deny the existence of any criminal

14 investigation.

15             MR. BOURQUE:  You know what the

16 problem is -- whatever --

17             MR. HANDLER:  Let me finish.  Let

18 me finish.  Excuse me.

19             I said I can neither confirm nor

20 deny the existence of any criminal investigation.

21 This is a discovery deposition, the third-party

22 witness in a civil case.  We have issued a

23 subpoena.  He's appearing and we have the right

24 to take his deposition.  I have not --

25             MR. BOURQUE:  He has rights also.



1              MR. HANDLER:  Well, I understand

2      that, but are you saying that if we don't give

3      you the assurances you requested in your letter,

4      that you're going to instruct your witness not to

5      respond to any questions in this deposition?

6              MR. BOURQUE:  Let me ask you this.

7      What efforts did you make to comply with anything

8      I sent on May the 14th, 2020?  That's my question

9      and it deserves an answer.

10             MR. HANDLER:  Let me just say,

11     Mr. Bourque, I am not the witness in this case.

12     The witness in this case is Mr. Kelley, and he is

13     the one that I'm posing questions to, and he is

14     the one that I will ask -- you know, that is the

15     deponent.

16             I am not here to answer your

17     questions, and I'm asking you, are you going to

18     instruct your witness not to answer the questions

19     and participate as a deponent in this civil

20     lawsuit because your letter -- the questions in

21     your letter were not responded to?  A simple

22     question, "yes" or "no"?

23             MR. BOURQUE:  I don't give

24     yes-or-no answers until I get answers to my

25     questions.



1            MR. HANDLER:  Well, I'm not giving

2    you an answer to your question.

3            MR. BOURQUE:  Okay.  Well, then

4    I'm not giving you an answer to yours, big boy.

5            MR. JACKSON:  Mr. Handler, this is

6    Gerald's issue with this.  You didn't respond to

7    his letter.  He has some serious questions about

8    your motives behind this deposition.  We

9    understand it's a civil lawsuit.

10            However, by not responding to his

11    letter, he is assuming that you guys are going to

12    try to indict Mr. and Ms. Kelley, and you're

13    going to take this deposition, you're going to

14    run it over to the other side of the street and

15    say "here you go, we did your work for you."

16            I mean, it's pretty easy.  And

17    what you're making the Kelleys do right now is

18    not answer your questions and possibly invoke

19    their Fifth Amendment right to make it look

20    terrible on them.

21            MR. HANDLER:  I have already made

22    a statement that we are here in this deposition

23    to depose Mr. Kelley with regard to the facts and

24    circumstances of the allegations made by the

25    plaintiffs in this civil litigation.  That is my



 1   only intention in this case.  And I did -- I made

 2   that statement.

 3                    MR. JACKSON:  That right there is

 4   saying something without saying anything.

 5                    MR. HANDLER:  I'm sorry?

 6                    MR. JACKSON:  That is saying

 7   nothing.  I mean, just using words out loud that

 8   mean nothing.

 9                    MR. HANDLER:  Well, I'm going to

10   proceed with this deposition.  If you're going to

11   instruct your witness not to answer, you're going

12   to have to do it question by question.

13                    Okay?  So let's proceed.

14                    MR. SCHREIBER:  I'd like to make a

15   statement on behalf of the plaintiffs in the

16   civil side of the case.

17                    We object to a question-by-question.

18   Fifth Amendment -- questions by the government

19   seeking to have the witness invoke the Fifth

20   Amendment, when for over a month you guys have

21   had a letter letting you know this was going to

22   happen.  So we object to any sort of spectacle

23   which might make the witness look bad and might

24   try and take a side-shot at the plaintiffs.

25                    MR. JACKSON:  Right.  And I will



1    shut this deposition down if we go question by

2    question just to intimidate and harass my

3    clients.

4                    MR. STERN:  Can I jump in for a

5    second.  This is Paul Stern.

6                    Mr. Schreiber, I realize that

7    Mr. Handler is taking the deposition.

8    Nonetheless, the letter was intended and was

9    addressed to me, sir, and to the extent that this

10   issue has been raised and addressed to lead

11   counsel, I would like the opportunity to respond.

12                    MR. SCHREIBER:  Okay.  Go ahead.

13                    MR. STERN:  Thank you.

14                    As you're well aware, we sought

15   the deposition of Michael and Rebecca Kelley

16   during a court hearing on May 14th, 2019.  Judge

17   Rodriguez authorized those depositions to be

18   taken.  Prior to seeking these depositions, we

19   sent a request for a subpoena to produce

20   documents.  That subpoena was responded to with a

21   motion for a protective order.  A motion for

22   protective order addressed various issues without

23   raising the -- including the issue of potential

24   assertions of Fifth Amendment.

25                    We then had a conversation with



 1   Dean Jackson to try to obviate the need to

 2   litigate the matter any further.  After we

 3   responded to that motion, at that time

 4   Mr. Jackson agreed to withdraw the motion for

 5   protective order and agreed to schedule this

 6   deposition.

 7                At the -- subsequent to that

 8   conversation, we then had conversations about the

 9   logistics of scheduling this deposition, and then

10   subpoenaed Michael and Rebecca Kelley to appear

11   for their deposition per the court order.  At no

12   time was the issue raised about that letter and

13   the reassertion of any Fifth Amendment concerns.

14                We fully recognize that this is a

15   civil litigation where we've identified Devin

16   Patrick Kelley as a potential responsible third

17   party.  The Court granted that authorization, as

18   well granted these depositions to be taken.  Note

19   we are -- this deposition is being taken without

20   any outstanding protective order in place; and to

21   the extent that you're now insisting that we

22   respond to the letter, we've had conversations

23   with Dean Jackson but in no way are obligated to

24   reveal how we determined whether or not and to

25   what extent we should respond to that letter.

```
 1              These depositions are going
 2    forward without a protective order in place.
 3    Questions will be asked, and if the deponent
 4    answers by asserting his Fifth Amendment right
 5    against self-incrimination, so be it, but we have
 6    a right to take this deposition and will continue
 7    to do so.
 8              MR. BOURQUE:  All right.  I
 9    appreciate that, Mr. Stern.
10              One more response from Gerald
11    Bourque.  Since you volunteered to jump in to
12    this, I'd like to hear from you.  What effort did
13    you make to determine whether or not Mr. and
14    Ms. Kelley are now targets of the United States
15    Government or are not targets of the United
16    States Government?
17              MR. STERN:  I am not responding to
18    your questions.  I'm responding to your
19    accusations that we are taking this deposition in
20    an inappropriate manner.  That is not the case.
21    We scheduled it with counsel with no outstanding
22    protective order in place and this deposition
23    will go forward.
24              MR. BOURQUE:  Well, that's
25    wonderful, Mr. Stern.  I so much appreciate
```



```
 1   your -- your inclination here.  Can you just

 2   answer my question?  What efforts did you put in

 3   to this?  I take it by your silence, none.  You

 4   did nothing.  You didn't do anything.

 5   Mr. Handler didn't do anything.  No one from the

 6   United States Government so much as made an

 7   effort to walk across the hall and talk to

 8   United -

 9                 (Simultaneous speaking.)

10                 MR. STERN:  Mr. Bourque, we are --

11                 MR. BOURQUE:  I'm assuming -- if

12   I'm wrong --

13                 MR. STERN:  We neither confirming

14   or denying any investigation.  We are not going

15   to reveal attorney work product regarding this --

16   this case.  If you're going to remove your

17   witness, do so, but, otherwise, we are going to

18   continue with this deposition --

19                 MR. BOURKE:  Get on with it.

20                 (Simultaneous speaking.)

21                 MR. STERN:  -- asking the

22   questions.

23                 Mr. Handler, please proceed.

24                 MR. BOURQUE:  Why don't you try to

25   get on with it.  Get on with it.  Okay?  Get on
```



```
 1    with it.  I got my answers.  You did nothing.

 2         Q.  Mr. Kelley, I apologize for the discourse

 3    here.  Attorneys do that in depositions, but we'll

 4    proceed.

 5             Now, with regard to this particular

 6    litigation, the -- involving the church shooting,

 7    were you a defendant in a case called Lookingbill?

 8         A.  On advice of my counsel, I assert my Fifth

 9    Amendment right to remain silent.

10             MR. WEBSTER:  And I'm going to object to

11    the continued line of -- this is Jason Webster.  I'm

12    going to object to the continued line of questioning

13    if he's going to invoke the Fifth Amendment because

14    it's not admissible in federal court.  So if he's

15    going to continue to answer every single question,

16    it's not admissible.  So we need to go get a ruling

17    by the judge and then come back.

18             MR. HANDLER:  Mr. Webster, I think

19    you're incorrect, but we will continue.

20         Q.  Mr. Kelley, you've asserted your Fifth

21    Amendment right to remain silent regarding whether or

22    not you are a defendant in Lookingbill case.  Is that

23    correct?

24             MR. JACKSON:  Objection; asked and

25    answered --
```



1          A.  By advice of counsel, I assert my Fifth
2     Amendment right to remain silent.
3          Q.  Okay.  Are you going to follow that
4     advice?
5          A.  On advice of my counsel, I'm going to
6     assert my Fifth Amendment right to remain silent.
7          Q.  Okay.  Was that -- was the Lookingbill
8     case settled on your behalf?
9          A.  On advice of my counsel, I'm going to
10    assert -- I assert my Fifth Amendment right to remain
11    silent.
12         Q.  And did you pay any money with regard to
13    that lawsuit?
14         A.  On advice of my counsel, I assert my Fifth
15    Amendment right to remain silent.
16              MR. HANDLER:  Counsel, what is the
17    basis for asserting the Fifth Amendment right
18    on -- on information that concerns a pending
19    lawsuit in a state court action?
20              MR. JACKSON:  And I'm also going
21    to object as completely irrelevant, so anything
22    that's happening in the federal lawsuit against
23    the United States Government.
24              Mr. Handler, that makes -- the
25    relevancy of that is -- I can't even comprehend



```
 1   in the great sea of imagination how that would
 2   have any relevance in the plaintiff's lawsuit
 3   against the United States Government.  So I'm
 4   going to object -- I mean, quite frankly, that's
 5   just harassing and it has no relevance whatsoever
 6   to the United States --
 7                 (Simultaneous speaking.)
 8                 MR. HANDLER:  It is not
 9   harassment.  It pertains to monies that are spent
10   by defendant in a state case that may be offset
11   in the federal case and has similar allegations.
12   That's not irrelevant and that's not a basis for
13   asserting the Fifth Amendment.  The Fifth
14   Amendment has a very particular assertion here.
15   Are you saying that your client is asserting the
16   Fifth Amendment based on relevancy?  State the
17   basis, Counsel.
18                 MR. JACKSON:  I'm saying, as the
19   civil counsel for Mr. and Ms. Kelley, that that
20   is -- I mean, I can't even fathom how that would
21   be particularly relevant.  And if this line of
22   questioning keeps coming up, Mr. Handler, I think
23   we need to stop this deposition.  We'll just take
24   it up in front of Mr. -- in front of Judge
25   Rodriguez.  And we can do it in the courthouse.
```



```
 1              MR. HANDLER:  And I think you're
 2   being obstructionist here because this is valid,
 3   you know, questions regarding, you know,
 4   information that United States needs to defend
 5   its lawsuit.  And you are being obstructionist
 6   here.  And I -- I strongly suggest that you ask
 7   your client to answer these questions.
 8              MR. JACKSON:  Mr. Handler, how --
 9              MR. SCHREIBER:  Sidebar.
10              MR. JACKSON:  -- the world is that
11   even relevant to -- to the allegations that the
12   plaintiffs made against the United States
13   Government?  How?
14              MR. HANDLER:  Let me explain it to
15   you.  It has to do with offset.  If he paid money
16   for Lookingbill in the state case, then with
17   regard to the federal case, Lookingbill would be
18   getting an offset for that.  And that is relevant
19   and that's not -- you know, that is information
20   that we can -- that the United States can argue
21   with the plaintiffs at a later time, but right
22   now, I'm gathering facts regarding the amount of
23   money that Mr. Kelley paid with regard to
24   Lookingbill.  And if I have to bring this -- the
25   witness back, this cost is going to be on you,
```



1  Counsel.

2       Q.  So do you have the documents pertaining to

3  the settlement of the Lookingbill case, Mr. Kelley?

4       A.  On advice of counsel, I assert my Fifth

5  Amendment right to remain silent.

6       Q.  Okay.  Let's move on.

7            Are you assisting any of the plaintiffs in

8  this litigation?

9            MR. SCHREIBER:  Objection; vague.

10           MR. JACKSON:  Objection; vague.

11      A.  On advice of counsel, I assert my Fifth

12  Amendment right to remain silent.

13           MR. SCHREIBER:  Vague.  Objection.

14           This is Mr. Schreiber.  I made a

15  vague objection to -- to the question.

16           MR. JACKSON:  And Dean Jackson did

17  as well.

18      Q.  Mr. Kelley, preparation for this

19  deposition, did you review any documents?

20      A.  On advice of counsel, I assert my Fifth

21  Amendment right to remain silent.

22      Q.  In preparation for this deposition, did

23  you talk to anyone other than your attorneys in

24  preparation for this deposition?

25      A.  On advice of counsel, I assert my Fifth



 1  Amendment right to remain silent.

 2        Q.  Okay.

 3            MR. STERN:  Steven, this is Paul

 4  Stern again.  Could we perhaps maybe take a

 5  five-minute break?  Everyone, I think we just

 6  need to take a quick five minutes.

 7            MR. HANDLER:  Let me ask you a

 8  quick question.

 9            Mr. Jackson, is your client going

10  to assert the Fifth Amendment right to every

11  single question that I ask?

12            MR. JACKSON:  That should not be

13  addressed to me.

14            MR. HANDLER:  I'm asking you.

15  Okay.  We'll ask Mr. Kelley.

16        Q.  Mr. Kelley, are you going to assert your

17  Fifth Amendment right to every single question that I

18  ask you?

19        A.  On advice of counsel, I assert my Fifth

20  Amendment right to remain silent.

21        Q.  Mr. Kelley, I understand you're asserting

22  your Fifth Amendment right, but I have a lot of

23  questions here, and we can be here for the next seven

24  hours of me asking you questions.

25            Are you going to assert your Fifth



1   Amendment right to every single question that I ask

2   you?

3          A.   On the advice of counsel, I assert my

4   Fifth Amendment right to remain silent.

5               MR. HANDLER:   Court reporter,

6   let's take a five-minute break.

7               (Break.)

8          Q.   Mr. Kelley, are you ready?

9          A.   Yes.

10         Q.   Okay.  Mr. Kelley, I just want to be very

11  clear here.  Are you planning to assert the Fifth

12  Amendment right against self-incrimination as to

13  every single question I ask in this deposition?

14              MR. BOURQUE:   Objection; asked and

15  answered.

16         Q.   Mr. Kelley, can you answer the question?

17         A.   On advice of counsel, I assert my Fifth

18  Amendment right to remain silent.

19              MR. HANDLER:   Mr. Jackson, I'm

20  posing this question to you.  Are you going to

21  instruct your witness to assert the Fifth to

22  every single question that I ask in this

23  deposition?

24              MR. JACKSON:   Listen, Mr. Handler,

25  I know exactly what you're doing.  You're not



```
 1   going to get -- you're not going to bait me into
 2   that.  You need to ask your questions.  And if
 3   the question is appropriate, then we'll answer
 4   it.  If not, then his private counsel is going to
 5   instruct him as he -- as he deems appropriate.
 6   You're not going to bait me into that.  I've been
 7   doing this too long.
 8               MR. HANDLER:  So are you saying
 9   that you're going to allow this witness to answer
10   questions and not assert the Fifth --
11               MR. BOURQUE:  Mr. Jackson is --
12               MR. HANDLER:  -- depending on the
13   question?
14               MR. BOURQUE:  Mr. Jackson is not
15   the witness.  Ask your question.
16               MR. HANDLER:  Well, based on that,
17   it seems to me that we're going to go question by
18   question and Mr. Kelley is going to have to
19   either answer the question or plead the Fifth.
20               (Simultaneous speaking.)
21               MR. BOURQUE:  Ask your question.
22               MR. HANDLER:  Okay.  All right.
23   Let's proceed.
24               MR. BOURQUE:  Oh, thank you.  I
25   said that 20 minutes ago.
```



```
 1                MR. HANDLER:  You know, you don't

 2     have to be rude.

 3                MR. BOURQUE:  Oh, sure I do.  You

 4     didn't respond to my letter, big boy.  Okay?  You

 5     treated me like a nonentity, and you're going to

 6     tell me I'm not allowed to be rude?  Call

 7     somebody --

 8                (Simultaneous speaking.)

 9                MR. HANDLER:  Yes, I am telling

10     you:  Don't be rude.  I'm not rude.  Don't be

11     rude.

12                MR. BOURQUE:  I have every right

13     to treat you the way you treated me.  You get

14     that?  And you're very fortunate you're not in

15     this room with me in person right now.  You got

16     that?  And you should have been --

17                (Simultaneous speaking.)

18                MR. HANDLER:  Are you threatening

19     me?  Are you threatening me?

20                MR. BOURQUE:  Oh, please.  Go --

21                (Simultaneous speaking.)

22                MR. HANDLER:  Counsel, why don't

23     you be quiet and sit down and not obstruct this

24     witness from answering my questions.

25                MR. BOURQUE:  Why don't you ask
```



1    your questions that we stopped 30 minutes ago.

2    Or come -- I'm inviting you personally to come to

3    our conference room and you can do it in person.

4              MR. JACKSON:  Mr. Handler, if you

5    want to ask some questions, go ahead.

6         Q.  Mr. Kelley, with regard to documents that

7    you reviewed, did you review anything such as papers

8    or locations?  Did you go to the church before your

9    deposition today?

10        A.  On advice of counsel, I assert my Fifth

11   Amendment right to remain silent.

12             MR. HANDLER:  I'm going to make a

13   statement for the record.  I'm going to stop the

14   deposition, but I'm going to keep it open.  I

15   believe that Mr. Kelley is inappropriately

16   asserting the Fifth Amendment privilege against

17   self-incrimination to appropriate questions for

18   this civil litigation.

19             We are going to leave it open,

20   though, and we're going to seek relief through

21   the Court.

22             And I want to ask counsel for

23   Mr. Kelley.  We have Rebecca's deposition

24   scheduled for 2 o'clock today.  Is Rebecca going

25   to assert the Fifth in the same manner that her



```
 1    husband Michael is going to assert the Fifth?
 2                    MR. BOURQUE:  Ms. Kelley is here,
 3    too.
 4                    MR. JACKSON:  Mr. Handler, if you
 5    wanted a fruitful deposition, and an honest
 6    deposition, you could have answered Mr. Bourque's
 7    letter and you could have asked Mr. Kelley the
 8    questions and we would not be going through this
 9    right now.
10                    However, because of y'all's
11    ineptitude and refusal to answer Mr. Bourque's
12    letter, you've put him in a position and given
13    him no other alternative but to answer your
14    questions the way that he is.
15                    MR. SCHREIBER:  This is Joseph
16    Schreiber.  I'd like to make a statement on
17    behalf of the plaintiffs, and the statement is
18    this.  The plaintiffs state that the government,
19    by refusing to admit or deny that they're making
20    an investigation and charging Mr. and Ms. Kelley,
21    and/or at this point Danielle Kelley, after the
22    government's history of prosecuting the family
23    members of shooters like the Pulse nightclub has
24    put the Kelleys in the situation where they have
25    to assert the Fifth Amendment.
```



1          The plaintiffs on this case would
2   like to ask the Kelleys questions.  We think that
3   there is information.  We understand they cannot
4   answer questions because the government is
5   weaponizing their ability to charge the Kelleys
6   criminally, and therefore the government, by
7   refusing to either confirm or deny, is
8   essentially obstructing our questioning as well.
9          And we object to any inference
10  that may or may not be sought by the government
11  when they've created the situation by refusing to
12  either -- to deny officially that there is an
13  investigation into the Kelleys, or grant an
14  immunity to testify so they won't be charged.
15          MR. JACKSON:  Also, on the record
16  I want to say -- this is Dean Jackson -- I want
17  to state that I will also be seeking relief from
18  the court, as well as attorney's fees for the
19  abject refusal of the U.S. Government to reply to
20  Mr. Bourque's letter and creating the situation
21  that puts the Kelleys in a situation that they
22  are forced to assert their Fifth Amendment
23  privilege.
24          MR. HANDLER:  Again, Mr. Jackson,
25  my question still stands.  In order to resolve



1   this right now --

2                   (Simultaneous speaking.)

3                   MR. BOURQUE:  How does that work

4   for you?  The government's ploy is to neither

5   admit or deny.

6                   MR. HANDLER:  Mr. Bourque, please

7   let me finish my statement.  I asked the

8   question, we have Rebecca's deposition at

9   2 o'clock.  Is she going to respond like Michael

10  and plead the Fifth to every question that we ask

11  her regarding this matter?  Is she going to do

12  that?  So we don't have to notice her -- take her

13  deposition and ask those --

14                  MR. BOURQUE:  Asked and answered.

15                  MR. HANDLER:  I didn't hear your

16  answer.  Can you please repeat it.

17                  MR. BOURQUE:  You'll have to get

18  the court reporter.

19                  MR. HANDLER:  Read back the

20  answer.

21                  (The requested material was read.)

22                  THE STENOGRAPHER:  "Ms. Kelley is

23  here."

24                  MR. HANDLER:  I can't get an

25  answer.



```
 1                  MR. BOURQUE:  That is the only
 2      answer you're going to get.
 3                  MR. HANDLER:  I consider that we
 4      have met or satisfied our meet and confer with
 5      regard to seeking relief before the Court, and we
 6      will seek relief for the Court and we will ask
 7      the Court to provide us with an opportunity to
 8      re-depose Mr. Kelley and Ms. Kelley at an
 9      appropriate time.  Anybody else have any --
10                  MR. BOURQUE:  Please --
11                  MR. HANDLER:  Anyone else have a
12      statement for the record?
13                  MR. BOURQUE:  Yes, I do.  Gerald
14      Bourque.  To the government, either Mr. Handler
15      or Mr. Stern or whatever other government
16      employees involved in this case.  Please bring
17      your grant of immunity with you when you seek
18      your relief for Mr. Kelley and Ms. Kelley.  That
19      concludes my statement.
20                  MR. SCHREIBER:  I have nothing
21      further for the plaintiff.
22                  MR. HANDLER:  Anyone else?
23                  MR. JACKSON:  While we're on the
24      record, Mr. Handler, are you saying that you're
25      releasing Ms. Kelley from her subpoena?
```



1          MR. HANDLER:  No.  All of the

2     subpoenas, the depositions remain open and

3     pending.  I'm not releasing anyone from anything

4     until the Court rules.

5          MR. JACKSON:  I'm talking about

6     2 o'clock today.

7          MR. HANDLER:  She does not need to

8     appear for 2 o'clock, but she's still under the

9     subpoena.

10          MR. BOURQUE:  The subpoena is --

11          MR. HANDLER:  Anyone else?

12          MR. JACKSON:  The subpoena for

13     2 o'clock.  That makes no sense.  You have to

14     reissue the subpoena.

15          MR. STERN:  I think the idea of

16     going forward with Rebecca Kelley is obviously

17     futile, and so let's just queue this up for the

18     court.  And to the extent we would need to

19     reissue a subpoena for Rebecca at a later date,

20     we would do so.

21          MR. BOURQUE:  So you're not doing

22     the deposition at 2 o'clock for Ms. Kelley?

23          MR. STERN:  Yes, to the extent

24     that we anticipate that she would provide similar

25     non-testimony the way Mr. Kelley is right now.



```
 1   That is correct.
 2              MR. BOUCKE:  Well, then I'm
 3   assuming that the 2 o'clock depo for Ms. Kelley
 4   is off.
 5              MR. HANDLER:  Understood.
 6              MR. BOUCKE:  Very good.  Thank
 7   you.
 8              MR. SCHREIBER:  This is Joseph
 9   Schreiber.  The plaintiffs would object to -- let
10   me back up.
11              Prior to the deposition a number
12   of exhibits were uploaded to the Zoom chat for
13   Esquire, including the first one, Kelley 1,
14   uploaded by Mr. Jackson, who is Michael Kelley's
15   personal attorney, which was actually discussed
16   in the deposition.
17              Mr. Handler for the government
18   uploaded -- I believe was it 13 documents that he
19   intended to use in the deposition but did not get
20   a chance to use because the deposition was
21   suspended.  And so the plaintiffs object to the
22   13 documents that Mr. Handler uploaded being
23   attached to the deposition because they weren't
24   used with the witness at all.
25              To the extent that he needs to
```



1   show them to the judge is what he was going to

2   ask, we don't have any objection to those because

3   we have a record of what they were being attached

4   to it a different motion.  But I don't think they

5   belong on the transcript itself because they

6   weren't used to ask a witness a question.

7                    Again, I don't -- we have a record

8   of what they were, Steven, and I don't have any

9   problem with you attaching them to a motion for

10  the judge and saying these are the ones I was

11  going -- what I was going to use.  And I have a

12  record of which ones you have.  I downloaded them

13  all.  So I get it.

14                   MR. HANDLER:  I understand.

15                   MR. BOURQUE:  This is Gerald

16  Bourque.  Let me add one final thing, if that's

17  all right.

18                   Mr. Kelley was present for the

19  deposition, was seated, sworn, and as of about

20  9:15 Houston time, which would be 10:15 Eastern

21  time, the government stopped asking questions.

22  So our position is this deposition is concluded.

23  If you want another deposition, you'll have to

24  notice us and we'll go from there.

25                   MR. HANDLER:  The only reason the




 1  witness -- the government stopped the deposition

 2  is because your client, Mr. Kelley, refused to

 3  ask (sic) reasonable questions, but that did not

 4  implicate the Fifth Amendment.

 5                    And for that reason, the

 6  government was not able to continue the

 7  deposition.  It was not the fault of the

 8  government.  It was the fault of either the

 9  witness or his attorneys.

10                    MR. BOURQUE:  Look, let's let

11  somebody else decide faults here.  Okay?  You're

12  a big boy.  You know that you don't have the

13  right to put fault on me any more than I have a

14  right to put fault on you.  Okay?

15                    MR. HANDLER:  I'd appreciate if

16  you keep your name-calling to yourself.

17                    MR. BOURQUE:  It's specifically

18  directed to me.

19                    MR. HANDLER:  Okay.  If you want

20  to act like a child, that's fine.  This

21  deposition has been concluded.

22                    MR. BOURQUE:  Yes, it is.  The

23  deposition is concluded.

24                    MR. STERN:  It has been suspended.

25                    MR. BOURQUE:  It's concluded.



1                    MR. HANDLER:  You know what I

2    mean.  We'll let the Court decide.

3                    MR. JACKSON:  Are we done?

4                    THE STENOGRAPHER:  Mr. Jackson?

5                    MR. JACKSON:  Yes, ma'am, please.

6                    MR. SCHREIBER:  I need one for the

7    plaintiff as well.  Send me one for the

8    plaintiff.  Electronic.

9                    THE STENOGRAPHER:  The transcript

10   has been ordered next day.

11                   MR. SCHREIBER:  No.

12                   MR. JACKSON:  No.

13                   (Deposition concluded at 9:23 a.m.)

14

15

16

17

18

19

20

21

22

23

24

25



1              CORRECTION PAGE

2   WITNESS NAME:   MICHAEL SHAWN KELLEY DATE:
    06/23/2020
3
    PAGE   LINE   CHANGE              REASON
4   _____

5   _____

6   _____

7   _____

8   _____

9   _____

10  _____

11  _____

12  _____

13  _____

14  _____

15  _____

16  _____

17  _____

18  _____

19  _____

20  _____

21  _____

22  _____

23  _____

24  _____

25  _____



1                        SIGNATURE PAGE

2

        I, MICHAEL SHAWN KELLEY, have read the
3  foregoing deposition and hereby affix my signature
   that same is true and correct, except as noted on
4  the correction page.

5

6                    _____
                          MICHAEL SHAWN KELLEY
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



```
 1              UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS
 2
    JOE HOLCOMBE, ET AL.,        §
 3                               §
         PLAINTIFF,              §   CIVIL ACTION NO.
 4                               §   5:18-CV-00555-XR
    V.                           §
 5                               §
    UNITED STATES OF AMERICA,    §
 6                               §
         DEFENDANT.              §
 7

 8                  REPORTER'S CERTIFICATION
 9             DEPOSITION OF MICHAEL SHAWN KELLEY
                   TAKEN JUNE 23, 2020
10

11       I, TAMARA CHAPMAN, Certified Shorthand Reporter

12  in and for the State of Texas, hereby certify to the

13  following:

14       That the witness, MICHAEL SHAWN KELLEY, was

15  duly sworn by the officer and that the transcript of

16  the oral deposition is a true record of the

17  testimony given by the witness;

18       That the original deposition was delivered to

19  STEPHEN HANDLER;

20       That a copy of this certificate was served on

21  all parties and/or the witness shown herein on

22  _____.

23       I further certify that pursuant to FRCP

24  No. 30(f)(i) that the signature of the deponent:

25          was requested by the deponent or a party
```



 1  before the completion of the deposition and that the

 2  signature is to be returned within 30 days from date

 3  of receipt of the transcript.  If returned, the

 4  attached Changes and Signature Page contains any

 5  changes and the reasons therefor;

 6      X  was not requested by the deponent or a

 7  party before the completion of the deposition.

 8      I further certify that I am neither counsel

 9  for, related to, nor employed by any of the parties

10  in the action in which this proceeding was taken,

11  and further that I am not financially or otherwise

12  interested in the outcome of the action.

13      Certified to by me this 24th day of June, 2020.

14

15

16

17  _____
    Tamara Chapman, CSR, RPR-CRR
    Texas CSR #7248 (Expir. 04/30/21)
18  Firm Registration No. 77
    ESQUIRE DEPOSITION SOLUTIONS, LLC
19  9901 IH 10 West, No. 800
    San Antonio, Texas  78230
20  210.331.2280

21

22

23

24

25



**Exhibits**

5731874 Mic
hael.
Kelley.
Exhibit01
  4:12

5731874 Mic
hael.
Kelley.
Exhibit02
  4:14

5731874 Mic
hael.
Kelley.
Exhibit03
  4:17

5731874 Mic
hael.
Kelley.
Exhibit04
  4:19

5731874 Mic
hael.
Kelley.
Exhibit05
  4:21

5731874 Mic
hael.
Kelley.
Exhibit06
  4:22

5731874 Mic
hael.
Kelley.
Exhibit07
  4:24

5731874 Mic
hael.
Kelley.
Exhibit08
  5:2

5731874 Mic
hael.
Kelley.
Exhibit09
  5:3

5731874 Mic
hael.
Kelley.
Exhibit10
  5:6

5731874 Mic
hael.
Kelley.
Exhibit11
  5:8

5731874 Mic
hael.
Kelley.
Exhibit12
  5:11

5731874 Mic
hael.
Kelley.
Exhibit13
  5:12

**1**

1
  11:24
  37:13

10:15
  38:20

12
  13:5

13
  37:18,22

14
  13:5

14th
  12:2
  13:25

15:8
18:16

1980s
  11:18

**2**

2
  31:24
  34:9
  36:6,8,
  13,22
  37:3

20
  29:25

2017
  8:11

2019
  18:16

2020
  13:25
  15:8

**3**

30
  31:1

**5**

5th
  8:11

**8**

80s
  9:13 10:4

**9**

9:15
  38:20

**A**

ability
  9:5 33:5

abject
  33:19

accordance
  7:15

accusations
  20:19

acknowledge
ment
  12:14

act
  39:20

action
  23:19

actions
  8:7

add
  38:16

addressed
  18:9,10,
  22 27:13

admissible
  22:14,16

admit
  32:19
  34:5

advice
  22:8
  23:1,4,5,
  9,14
  26:4,11,

20,25
  27:19
  28:3,17
  31:10

agreed
  19:4,5

ahead
  18:12
  31:5

Airman
  8:9,16

allegations
  8:3 16:24
  24:11
  25:11

allowed
  30:6

Alsaffar
  12:6

alternative
  32:13

Amendment
  16:19
  17:18,20
  18:24
  19:13
  20:4
  22:9,13,
  21 23:2,
  6,10,15,
  17 24:13,
  14,16
  26:5,12,
  21 27:1,
  10,17,20,
  22 28:1,
  4,12,18
  31:11,16
  32:25
  33:22
  39:4

amount
  25:22



MICHAEL SHAWN KELLEY
HOLCOMBE vs UNITED STATES of AMERICA
June 23, 2020
Index: and/or..church

and/or
  32:21

answering
  30:24

answers
  9:6 10:10
  13:18
  15:24
  20:4 22:1

anticipate
  36:24

apologize
  22:2

appearing
  14:23

argue
  25:20

arise
  8:8

assert
  22:8
  23:1,6,
  10,14
  26:4,11,
  20,25
  27:10,16,
  19,25
  28:3,11,
  17,21
  29:10
  31:10,25
  32:1,25
  33:22

asserted
  22:20

asserting
  20:4
  23:17
  24:13,15
  27:21
  31:16

assertion
  24:14

assertions
  18:24

assisting
  26:7

assume
  13:15

assuming
  16:11
  21:11
  37:3

assurance
  13:7

assurances
  15:3

attached
  37:23
  38:3

attaching
  38:9

attending
  7:24

attention
  12:4

attorney
  10:13
  21:15
  37:15

attorney's
  33:18

attorneys
  7:23
  10:11,12
  22:3
  26:23
  39:9

authorizati
on
  19:17

authorized
  18:17

aware
  18:14

——————————

        B
——————————

back
  9:13 10:4
  22:17
  25:25
  34:19
  37:10

bad
  17:23

bait
  29:1,6

Baptist
  8:10,15

based
  24:16
  29:16

basis
  23:17
  24:12,17

behalf
  17:15
  23:8
  32:17

belong
  38:5

big
  16:4 30:4
  39:12

BOUCKE
  37:2,6

BOURKE
  21:19

Bourque
  7:22

11:22
14:4,8,
10,15,25
15:6,11,
23 16:3
20:8,11,
24 21:10,
11,24
28:14
29:11,14,
21,24
30:3,12,
20,25
32:2
34:3,6,
14,17
35:1,10,
13,14
36:10,21
38:15,16
39:10,17,
22,25

Bourque's
  32:6,11
  33:20

boy
  16:4 30:4
  39:12

break
  27:5
  28:6,7

bring
  25:24
  35:16

brought
  8:7

building
  9:21,25

——————————

        C
——————————

call
  8:15,20,

21,23,24
12:12
13:13,14
30:6

called
  8:17 22:7

capital
  13:5

carpenter
  9:21

carpenters
  9:24

case
  9:14,20
  12:13,15
  14:22
  15:11,12
  17:1,16
  20:20
  21:16
  22:7,22
  23:8
  24:10,11
  25:16,17
  26:3 33:1
  35:16

cases
  13:6

chance
  37:20

charge
  33:5

charged
  33:14

charging
  32:20

chat
  37:12

child
  39:20

church



8:10,15,
16,17
11:21
22:6 31:8

circumstanc
es
16:24

civil
7:16
9:14,15
14:22
15:19
16:9,25
17:16
19:15
24:19
31:18

claims
8:8

clear
28:11

client
24:15
25:7 27:9
39:2

clients
13:10
18:3

committed
12:25

completely
23:21

comply
15:7

comprehend
23:25

concern
13:20

concerned
12:22

concerns

19:13
23:18

conclude
10:24

concluded
38:22
39:21,23,
25

concludes
35:19

confer
35:4

conference
31:3

confirm
14:13,19
33:7

confirming
21:13

contacting
13:16

continue
20:6
21:18
22:15,19
39:6

continued
22:11,12

conversatio
n
18:25
19:8

conversatio
ns
19:8,22

Copies
12:5

correct
22:23
37:1

corrections
11:8,10

cost
25:25

counsel
7:19,21
18:11
20:21
22:8
23:1,5,9,
14,16
24:17,19
26:1,4,
11,20,25
27:19
28:3,17
29:4
30:22
31:10,22

court
10:8,9
11:3
18:16
19:11,17
22:14
23:19
28:5
31:21
33:18
34:18
35:5,6,7
36:4,18
40:2

courthouse
24:25

created
33:11

creating
33:20

criminal
9:14 13:4
14:13,20

criminally

33:6

cut
9:22,25

_____

D

_____

Danielle
8:21,24
32:21

date
36:19

David
12:4

day
40:10

Dean
7:22
19:1,23
26:16
33:16

death
8:6 13:6

decide
39:11
40:2

deck
9:22,25

deems
29:5

defend
25:4

defendant
9:17,18
11:18,20
22:7,22
24:10

defense
13:5

deny
14:13,20

32:19
33:7,12
34:5

denying
21:14

depending
29:12

depo
37:3

deponent
15:15,19
20:3

depose
16:23

deposed
10:5

deposition
7:14,24
8:12 9:2,
8 10:4,7
11:6,10
12:17,23
13:22
14:5,7,
21,24
15:5
16:8,13,
22 17:10
18:1,7,15
19:6,9,
11,19
20:6,19,
22 21:18
24:23
26:19,22,
24 28:13,
23 31:9,
14,23
32:5,6
34:8,13
36:22
37:11,16,
19,20,23
38:19,22,



23 39:1,
7,21,23

**depositions**
18:17,18
19:18
20:1 22:3
36:2

**deserves**
15:9

**determine**
20:13

**determined**
19:24

**Devin**
8:9,17,
19,20
19:15

**Devin's**
8:22

**directed**
39:18

**discourse**
22:2

**discover**
8:2

**discovery**
14:21

**discussed**
37:15

**discussion**
10:2

**District**
7:17 12:3

**documents**
18:20
26:2,19
31:6
37:18,22

**downloaded**
38:12

——————————

**E**

——————————

**Eastern**
38:20

**easy**
16:16

**effort**
13:17
20:12
21:7

**efforts**
13:24
15:7 21:2

**Electronic**
40:8

**emailed**
12:5

**employees**
35:16

**end**
11:6

**envelope**
12:7

**Esquire**
37:13

**essentially**
33:8

**event**
12:24

**Excuse**
14:18

**exhibits**
37:12

**existed**
12:14

**existence**
14:13,20

**expected**

10:16

**explain**
25:14

**extent**
9:1 11:9
18:9
19:21,25
36:18,23
37:25

——————————

**F**

——————————

**facts**
8:2 10:20
16:23
25:22

**family**
32:22

**fathom**
24:20

**fault**
39:7,8,
13,14

**faults**
39:11

**federal**
7:15
22:14
23:22
24:11
25:17

**fees**
33:18

**final**
38:16

**fine**
39:20

**fingers**
9:22,25

**finish**

14:17,18
34:7

**five-minute**
27:5 28:6

**follow**
23:3

**forced**
33:22

**fortunate**
30:14

**forward**
12:23
20:2,23
36:16

**frankly**
24:4

**front**
24:24

**fruitful**
32:5

**full**
7:10 8:13

**fully**
19:14

**futile**
36:17

——————————

**G**

——————————

**gathering**
25:22

**Gerald**
7:22
20:10
35:13
38:15

**Gerald's**
16:6

**gesture**
11:4

**gist**
9:20

**give**
9:5 13:3,
18 15:2,
23

**giving**
10:25
16:1,4

**good**
7:7 37:6

**good-faith**
13:21

**government**
11:25
12:1,10,
13,15,17
13:7,16
17:18
20:15,16
21:6
23:23
24:3
25:13
32:18
33:4,6,
10,19
35:14,15
37:17
38:21
39:1,6,8

**government'
s**
13:21
32:22
34:4

**grand**
13:9

**grant**
33:13
35:17

**granted**
19:17,18



great
  24:1

guys
  9:21,24
  16:11
  17:20

—————————

        H

half
  13:8

hall
  21:7

Handler
  7:8 13:23
  14:8,12,
  17 15:1,
  10 16:1,
  5,21
  17:5,9
  18:7
  21:5,23
  22:18
  23:16,24
  24:8,22
  25:1,8,14
  27:7,14
  28:5,19,
  24 29:8,
  12,16,22
  30:1,9,
  18,22
  31:4,12
  32:4
  33:24
  34:6,15,
  19,24
  35:3,11,
  14,22,24
  36:1,7,11
  37:5,17,
  22 38:14,
  25 39:15,
  19 40:1

hands
  11:5
  13:14

happen
  17:22

happening
  23:22

harass
  18:2

harassing
  24:5

harassment
  24:9

head
  11:4

hear
  20:12
  34:15

heard
  7:25

hearing
  18:16

history
  32:22

homicide
  12:24

honest
  32:5

hours
  27:24

Houston
  38:20

husband
  32:1

—————————

        I

idea
  36:15

identified
  19:15

imagination
  24:1

immunity
  13:17,24
  33:14
  35:17

impair
  9:4

impanelling
  13:9

implicate
  39:4

inappropria
te
  20:20

inappropria
tely
  31:15

inclination
  21:1

including
  18:23
  37:13

incorrect
  22:19

indict
  16:12

ineptitude
  32:11

inference
  33:9

information
  23:18
  25:4,19
  33:3

injury
  8:6

insisting
  19:21

instruct
  15:4,18
  17:11
  28:21
  29:5

instruction
s
  11:13

instructs
  10:14

intended
  18:8
  37:19

intention
  17:1

intentions
  13:21

intimidate
  18:2

introduce
  14:2

introduced
  14:5

introducing
  14:6

investigati
on
  14:14,20
  21:14
  32:20
  33:13

inviting
  31:2

invoke
  16:18
  17:19
  22:13

involved

12:13
  35:16

involving
  11:20
  22:6

irrelevant
  23:21
  24:12

issue
  16:6
  18:10,23
  19:12

issued
  14:22

issues
  18:22

—————————

        J

Jackson
  7:22 12:6
  14:2 16:5
  17:3,6,25
  19:1,4,23
  22:24
  23:20
  24:18
  25:8,10
  26:10,16
  27:9,12
  28:19,24
  29:11,14
  31:4 32:4
  33:15,16,
  24 35:23
  36:5,12
  37:14
  40:3,4,5,
  12

Jason
  22:11

Joseph
  32:15



MICHAEL SHAWN KELLEY
HOLCOMBE vs UNITED STATES of AMERICA

June 23, 2020
Index: judge..murder

37:8

judge
10:8
18:16
22:17
24:24
38:1,10

jump
18:4
20:11

jury
13:9

_____

K
_____

K-E-L-L-E-Y
7:12

Kelley
7:7,11,
12,14
8:9,12,
17,19,21,
22 10:3
11:24
12:19,20
13:2
15:12
16:12,23
18:15
19:10,16
20:14
22:2,20
24:19
25:23
26:3,18
27:15,16,
21 28:8,
10,16
29:18
31:6,15,
23 32:2,
7,20,21
34:22
35:8,18,

25 36:16,
22,25
37:3,13
38:18
39:2

Kelley's
37:14

Kelleys
16:17
32:24
33:2,5,
13,21

killed
12:25

knowledge
10:17

_____

L
_____

lawsuit
8:5 15:20
16:9
23:13,19,
22 24:2
25:5

lawyers
13:5

lead
18:10

leave
31:19

letter
12:3,7,
10,16,21
13:3 14:1
15:3,20,
21 16:7,
11 17:21
18:8
19:12,22,
25 30:4
32:7,12

33:20

letting
17:21

listed
12:21

Listen
28:24

litigate
19:2

litigation
11:20
16:25
19:15
22:6 26:8
31:18

local
7:16

locations
31:8

logistics
19:9

long
29:7

Lookingbill
22:7,22
23:7
25:16,17,
24 26:3

lot
27:22

loud
17:7

_____

M
_____

M-I-C-H-A-
E-L
7:12

made
8:4 13:24

16:21,24
17:1 21:6
25:12
26:14

mail
12:5

make
11:8,9
13:14
15:7
16:19
17:14,23
20:13
31:12
32:16

makes
23:24
36:13

making
13:17
16:17
32:19

manner
20:20
31:25

mass
8:8 12:24

material
10:19
34:21

matter
19:2
34:11

matters
8:5

medications
9:3,4

meet
35:4

members
32:23

mention
8:20

mentioned
11:17

met
35:4

Michael
7:11,14
18:15
19:10
32:1 34:9
37:14

Michelle
8:23,25

minutes
27:6
29:25
31:1

money
23:12
25:15,23

monies
24:9

month
17:20

morning
7:7

mother
8:24

motion
18:21
19:3,4
38:4,9

motives
16:8

move
9:2 26:6

murder
13:6



**N**

name-calling
  39:16

names
  8:13 9:2

necessarily
  9:9

needed
  12:17

nightclub
  32:23

nod
  11:4

non-testimony
  36:25

nonentity
  30:5

Nonetheless
  18:8

Note
  19:18

notice
  7:15
  34:12
  38:24

November
  8:11

number
  37:11

**O**

oath
  10:8,15

object
  10:12

17:17,22
22:10,12
23:21
24:4 33:9
37:9,21

objection
  22:24
  26:9,10,
  13,15
  28:14
  38:2

obligated
  19:23

obstruct
  30:23

obstructing
  33:8

obstructionist
  25:2,5

obviate
  19:1

officially
  33:12

offset
  24:10
  25:15,18

open
  31:14,19
  36:2

opportunity
  11:8
  18:11
  35:7

order
  11:3
  18:21,22
  19:5,11,
  20 20:2,
  22 33:25

ordered

40:10

outstanding
  19:20
  20:21

**P**

paid
  25:15,23

papers
  31:7

participate
  15:19

party
  19:17

Patrick
  8:9,17,19
  19:16

Paul
  12:4 18:5
  27:3

pay
  23:12

penalty
  10:18
  13:6

pending
  23:18
  36:3

people
  12:21
  13:18

perjury
  10:18

perpetrated
  8:9,16

perpetrator
  12:24

person
  9:10

30:15
31:3

personal
  8:6 37:15

personally
  31:2

pertaining
  26:2

pertains
  8:6 24:9

phone
  12:12
  13:13

place
  12:18
  19:20
  20:2,22

plaintiff
  9:16
  35:21
  40:7,8

plaintiff's
  24:2

plaintiffs
  7:25 8:3
  16:25
  17:15,24
  25:12,21
  26:7
  32:17,18
  33:1
  37:9,21

planning
  28:11

plead
  29:19
  34:10

ploy
  34:4

point
  32:21

pop
  11:25

posing
  15:13
  28:20

position
  32:12
  38:22

possibly
  16:18

potential
  18:23
  19:16

preparation
  26:18,22,
  24

prepared
  11:7

present
  38:18

presently
  9:3 11:19

pretty
  14:10
  16:16

Prior
  18:18
  37:11

private
  29:4

privilege
  31:16
  33:23

problem
  14:16
  38:9

Procedure
  7:16

proceed
  17:10,13



21:23
22:4
29:23

**produce**
18:19

**product**
21:15

**prosecuting**
32:22

**protective**
18:21,22
19:5,20
20:2,22

**provide**
35:7
36:24

**Pulse**
32:23

**purposes**
14:5,6

**pursuant**
7:15

**put**
21:2
32:12,24
39:13,14

**puts**
33:21

---
**Q**
---

**question**
10:21,23,
24 15:8,
22 16:2
17:12
18:1,2
21:2
22:15
26:15
27:8,11,

17 28:1,
13,16,20,
22 29:3,
13,15,17,
18,19,21
33:25
34:8,10
38:6

**question-
by-question**
17:17

**questioning**
22:12
24:22
33:8

**questions**
9:5 10:9,
10,11,12,
16 11:15
13:19,25
15:5,13,
17,18,20,
25 16:7,
18 17:18
20:3,18
21:22
25:3,7
27:23,24
29:2,10
30:24
31:1,5,17
32:8,14
33:2,4
38:21
39:3

**queue**
36:17

**quick**
27:6,8

**quiet**
30:23

---
**R**
---

**raised**
18:10
19:12

**raising**
18:23

**re-depose**
35:8

**read**
11:8
34:19,21

**ready**
28:8

**realize**
18:6

**reason**
13:15
38:25
39:5

**reasonable**
39:3

**reassertion**
19:13

**reassurance**
13:4

**Rebecca**
18:15
19:10
31:24
36:16,19

**Rebecca's**
31:23
34:8

**received**
12:8,18,
19

**recognize**
19:14

**record**
7:9,10,13
10:2,9
11:3
31:13
33:15
35:12,24
38:3,7,12

**reference**
8:19

**references**
8:14

**reflect**
7:13

**refusal**
32:11
33:19

**refused**
39:2

**refusing**
32:19
33:7,11

**regard**
16:23
22:5
23:12
25:17,23
31:6 35:5

**regular**
12:5

**reissue**
36:14,19

**related**
8:5

**releasing**
35:25
36:3

**relevance**
24:2,5

**relevancy**
23:25

24:16

**relevant**
24:21
25:11,18

**relief**
31:20
33:17
35:5,6,18

**remain**
22:9,21
23:2,6,
10,15
26:5,12,
21 27:1,
20 28:4,
18 31:11
36:2

**remaining**
13:1

**remember**
9:13

**remove**
21:16

**repeat**
9:23
34:16

**repeating**
8:13

**rephrase**
10:23

**reply**
33:19

**reporter**
10:9 11:3
28:5
34:18

**represent**
7:8,24

**represented**
7:19



representin
g
   7:18

request
   18:19

requested
   15:3
   34:21

resolve
   33:25

respect
   11:20

respond
   10:13,16,
   24 15:5
   16:6
   18:11
   19:22,25
   30:4 34:9

responded
   15:21
   18:20
   19:3

responding
   16:10
   20:17,18

response
   10:18,19
   11:1 12:9
   13:13,25
   20:10

responses
   10:17
   11:2

responsible
   19:16

return
   12:7

reveal
   19:24
   21:15

review
   26:19
   31:7

reviewed
   31:7

rights
   14:25

Rodriguez
   18:17
   24:25

room
   30:15
   31:3

rude
   30:2,6,
   10,11

rules
   7:16 36:4

ruling
   22:16

run
   16:14

─────────

        S
─────────

S-H-A-W-N
   7:12

satisfied
   35:4

schedule
   19:5

scheduled
   20:21
   31:24

scheduling
   19:9

Schreiber
   17:14
   18:6,12
   25:9

26:9,13,
14 32:15,
16 35:20
37:8,9
40:6,11

sea
   24:1

seated
   38:19

seek
   13:6,17,
   24 31:20
   35:6,17

seeking
   17:19
   18:18
   33:17
   35:5

self-
incriminati
on
   20:5
   28:12
   31:17

Send
   40:7

sense
   36:13

set
   12:16,22

setting
   9:9

settled
   23:8

settlement
   26:3

shake
   11:4

Shawn
   7:11,12

Shields
   8:24

shooters
   32:23

shooting
   8:8,16,18
   11:21
   22:6

shorthand
   8:14

show
   38:1

shut
   18:1

sic
   39:3

side
   16:14
   17:16

side-shot
   17:24

Sidebar
   25:9

silence
   21:3

silent
   22:9,21
   23:2,6,
   11,15
   26:5,12,
   21 27:1,
   20 28:4,
   18 31:11

similar
   24:11
   36:24

simple
   15:21

simultaneou
s

21:9,20
24:7
29:20
30:8,17,
21 34:2

single
   13:12
   22:15
   27:11,17
   28:1,13,
   22

sinister
   13:15

sir
   18:9

sit
   30:23

situation
   32:24
   33:11,20,
   21

solitary
   13:12

sort
   17:22

sought
   18:14
   33:10

speaking
   21:9,20
   24:7
   29:20
   30:8,17,
   21 34:2

specificall
y
   39:17

spectacle
   17:22

spell
   7:10



spent
    24:9

Springs
    8:10,15

stands
    33:25

started
    11:12

state
    7:9 23:19
    24:10,16
    25:16
    32:18
    33:17

statement
    12:19
    16:22
    17:2,15
    31:13
    32:16,17
    34:7
    35:12,19

statements
    12:20

States
    7:8,19
    8:1,4,7
    12:10
    20:14,16
    21:6
    23:23
    24:3,6
    25:4,12,
    20

status
    13:9

STENOGRAPHE
R
    34:22
    40:4,9

Stern
    12:4,11,

12 13:23
18:4,5,13
20:9,17,
25 21:10,
13,21
27:3,4
35:15
36:15,23
39:24

Steven
    7:8 27:3
    38:8

stop
    10:22
    24:23
    31:13

stopped
    31:1
    38:21
    39:1

street
    16:14

strongly
    25:6

subject
    10:18

subpoena
    14:23
    18:19,20
    35:25
    36:9,10,
    12,14,19

subpoenaed
    19:10

subpoenas
    36:2

subsequent
    19:7

substantive
    11:9

suggest

25:6

suicide
    12:25

Sunday
    8:11

suspended
    37:21
    39:24

Sutherland
    8:10,15

sworn
    10:15
    38:19

───────

T

───────

taking
    9:3 18:7
    20:19

talk
    21:7
    26:23

talking
    36:5

targets
    13:1,10,
    11 20:14,
    15

telling
    30:9

terrible
    16:20

Tessa
    8:22,23

testify
    33:14

testifying
    10:8

Texas
    7:17 8:11

12:3

thing
    38:16

third-party
    14:21

threatening
    30:18,19

time
    10:5,21
    11:25
    19:3,12
    25:21
    35:9
    38:20,21

today
    7:19 8:2
    31:9,24
    36:6

transcript
    11:7 38:5
    40:9

treat
    30:13

treated
    30:5,13

truthful
    10:17,19
    13:18

───────

U

───────

U.S.
    33:19

understand
    9:5 10:22
    11:12
    15:1 16:9
    27:21
    33:3
    38:14

understood
    10:25
    37:5

United
    7:8,18,25
    8:4,7
    12:10
    20:14,15
    21:6,8
    23:23
    24:3,6
    25:4,12,
    20

uploaded
    37:12,14,
    18,22

───────

V

───────

vague
    26:9,10,
    13,15

valid
    25:2

verbal
    11:2

volunteered
    20:11

───────

W

───────

walk
    21:7

wanted
    32:5

weaponizing
    33:5

Webster
    22:10,11,
    18



```
Western          9:10
   7:17 12:3     37:12

whatsoever
   24:5

wife
   8:22,23

withdraw
   19:4

wonderful
   20:25

words
   17:7

work
   14:11
   16:15
   21:15
   34:3

world
   25:10

written
   10:2

wrong
   21:12

wrongful
   8:6

_____

       Y
_____

y'all's
   32:10

year
   12:2

years
   13:8

yes-or-no
   15:24

_____

       Z
_____

Zoom
```

