IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, et. al, | § | NO. 5:18-CV-00555-XR |
| | § | |
| Plaintiffs | § | Consolidated cases |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| Defendant | § | |

**DEFENDANT UNITED STATES' DESIGNATION OF
TESTIFYING EXPERTS AS TO LIABILITY**

Defendant United States serves this Designation of Testifying Experts as to Liability, pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), this Court's Revised Scheduling Order dated May 22, 2020, ECF No. 220, and the agreement of the parties. The experts named herein will provide testimony as to common liability issues affecting all of the cases consolidated in this action.

**I.     Retained Liability Experts**

1.   James Alan Fox, PhD

Areas of expertise: criminology, particularly in the area of homicide, mass murders, and serial killers; statistical methods.

Dr. Fox is the Lipman Family Professor of Criminology, Law and Public Policy at Northeastern University in Boston, and has a joint appointment with the College of Criminal

1

Justice and the School of Public Policy and Urban Affairs. He received a B.A. in Sociology in 1972, an M.A. in Criminology (with distinction) in 1974, an M.A. in Statistics (and honored with the top student award) in 1975, and a PhD in Sociology (with distinction) in 1976, all from the University of Pennsylvania. He has published 18 books and dozens of articles.

Dr. Fox will testify as to the lack of foreseeability of Devin Patrick Kelley committing a mass shooting at the First Baptist Church of Sutherland Springs, Texas, based on the facts known to Air Force investigators at the time they should have submitted Kelley's fingerprint card and final disposition form to the FBI's National Criminal Background Check System (NICS). He will also testify that Kelley would not have been prevented from perpetrating the November 5, 2017 church shooting had the Air Force submitted Kelley's fingerprint card and final disposition form to the FBI's NICS. Dr. Fox will further comment on how much responsibility should be placed on the Air Force versus other actors, as well as the weaknesses in the reports provided by Plaintiffs' experts. Dr. Fox will also testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Plaintiffs, any of Plaintiffs' witnesses, or any Plaintiff expert within his area of expertise.

Dr. Fox will testify based on his skills, knowledge, experience, training and education, which can be found in his Curriculum Vitae, which has been served on all parties separately. Dr. Fox's expert opinions can be found in greater detail in his report, which has been served separately.

2. <u>Harold J. Bursztajn, MD</u>

Areas of Expertise: forensic neuropsychiatry

Dr. Bursztajn serves as an Associate Professor of Psychiatry (part-time), Founder of the Program in Psychiatry and the Law, and Principal Mentor for students at Harvard Medical

2

School (HMS).  He obtained a Bachelor's degree from Princeton University in 1972, and an MD from Harvard Medical School in 1976.  He has more than 25 years of service as senior clinical faculty at HMS coupled with more than 30 years of experience in clinical and forensic practice as a psychiatrist.  Dr. Bursztajn is certified in the specialty of psychiatry by the American Board of Psychiatry and Neurology and licensed to practice medicine in the state of Massachusetts.

Dr. Bursztajn will testify that it was not foreseeable at the time the Air Force should have submitted Devin Kelley's criminal history data to the FBI database that Kelley would commit a mass shooting after his discharge from the Air Force.  Dr. Bursztajn will also testify that Kelley would not have been deterred, or otherwise prevented, from committing the mass murder at the church if he had been denied the ability to purchase firearms at federally licensed firearms dealers.  Dr. Bursztajn will further comment on how much responsibility should be placed on the Air Force versus other actors, as well as the weaknesses in the reports provided by Plaintiffs' experts.  Dr. Bursztajn will also testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Plaintiffs, any of Plaintiffs' witnesses, or any Plaintiff expert within his area of expertise.

Dr. Bursztajn will testify based on his skills, knowledge, experience, training and education, which can be found in his Curriculum Vitae, which has been served on all parties separately.  Dr. Bursztajn's expert opinions can be found in greater detail in his report, which has been served separately.

3. John J. Donohue, PhD

Areas of Expertise: Federal and state regulation of firearms in the United States; empirical research on firearms.

Dr. Donohue is the C. Wendell and Edith M. Carlsmith Professor of Law at Stanford Law School.  Dr. Donohue earned his law degree from Harvard University in 1977 and a PhD in economics from Yale in 1986.  In addition to his position at Stanford, Dr. Donohue previously held tenured positions as a chaired professor at both Yale Law School and Northwestern Law School.  He has also been a visiting professor at a number of prominent law schools, including Harvard, Yale, the University of Chicago, Cornell, the University of Virginia, Oxford, Toin University (Tokyo), St. Gallens (Switzerland), and Renmin University (Beijing).  Dr. Donohue has routinely published on the nature of gun regulations in the United States, and the effectiveness of those regulation on reducing crime.

Dr. Donohue will testify regarding the laws and regulations surrounding firearms in both the United States and Texas, including the federal laws establishing the Air Force's and Department of Defense's compulsory responsibility to submit criminal history data to the FBI.  In addition, Dr. Donohue will testify that the limited reach of federal firearm laws and the almost total lack of regulation in Texas result in firearms being widely available without a background check in Texas.  Dr. Donohue will also discuss empirical research concerning accessibility to firearms and the limited effectiveness of background checks on preventing violence.  Dr. Donohue will also testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Plaintiffs, any of Plaintiffs' witnesses, or any Plaintiff expert within his area of expertise

Dr. Donohue will testify based on his skills, knowledge, experience, training and education, which can be found in his Curriculum Vitae, which has been served on all parties separately.  Dr. Donohue's expert opinions can be found in greater detail in his report, which has been served separately.

4. <u>Stephen J. Barborini</u>

Areas of expertise: firearms, firearm accessories and after-market modifications, illegal sales of firearms.

Mr. Barborini was an agent with the Bureau of Alcohol, Tobacco, and Firearms for 25 years, and continues to work in law enforcement. Based on his extensive experience at ATF and in local law enforcement, Mr. Barborini is an expert in firearms identification and technology, and an expert in firearms trafficking and private sales.

Mr. Barborini will testify that the types of firearms used by Devin Kelley are easily acquired in Texas without background checks from sources other than federal firearms licensees, and the variety of ways that such firearms could be acquired. Mr. Barborini will also testify to the modifications made by Kelley to his firearms, and the purpose of such modifications. Mr. Barborini will also testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Plaintiffs, any of Plaintiffs' witnesses, or any Plaintiff expert within his area of expertise.

Mr. Barborini will testify based on his skills, knowledge, experience, training and education, which can be found in his Curriculum Vitae, which has been served on all parties separately. Mr. Barborini's expert opinions can be found in greater detail in his report, which has been served separately.

5. <u>Daniel J. Breyer</u>

Areas of expertise:  probable cause findings, child abuse investigations

Daniel Breyer is a retired prosecutor with over 30 years of experience. As part of his day-to-day experience, Mr. Breyer was required to make determinations of probable cause to advise law enforcement, make charging decisions, and to present cases to grand juries, as well as

5

probable cause for searches and seizures. Mr. Breyer participated in the investigation and prosecution of numerous child abuse investigations. As part of his work, Mr. Breyer worked for over 25 years with the Mayerson Center for Safe and Healthy Children at the Children's Hospital Medical Center in Cincinnati, Ohio to aid him in determining the cause and origin of injuries to children.

Mr. Breyer will testify as to when Air Force Office of Special Investigations investigators had probable cause to believe that Devin Kelley assaulted his step-son, J.M.L. Mr. Breyer will testify based on his skills, knowledge, experience, training and education, which can be found in his Curriculum Vitae, which has been served on all parties separately. Mr. Breyer's expert opinions can be found in greater detail in his report, which has been served separately.

## II.   Non-Retained Liability Experts

1. <u>Special Agent (SA) Robert Spencer Jr., United States Air Force (ret.)</u>

SA Spencer will testify as to policies, procedures, practices, checklists, and protocols concerning Air Force Security Force's and Air Force Office of Special Investigation's (OSI's) execution of DoD Instruction 7730.47-M Volume 1, including the monthly submission of information to the DMDC and the DIBRS database during the relevant time period. SA Spencer will also testify to policies, procedures, practices, checklists, and protocols concerning the Air Force Security Force's and AFOSI's execution of DoD Instruction 5505.11 during the relevant time period. This topic includes, but is not limited to, the submission of fingerprints and final disposition reports to FBI databases by both the Air Force Security Force and Air Force Office of Special Investigation (OSI) during the relevant time period.

A summary of the facts and opinions to which SA Spencer will testify may be found in the transcript of his deposition, taken on September 18, 2019.

2. <u>Kimberly Del Greco, Federal Bureau of Investigation (FBI)</u>

Ms. Del Greco will testify as to the policies, procedures, practices, checklists, and protocols concerning the FBI Criminal Justice Information Services (CJIS) Division's three databases (NCIC, III, and NICS Indices) that are used to operate NICS.  This testimony will include how databases such as Next Gen (NGI) (formerly Integrated Automated Fingerprint Identification System (IAFIS)) populate those databases during the relevant time period.  Ms. Del Greco will testify about the Gun Control Act of 1968 (GCA); the Brady Handgun Violence Prevention Act of 1993; the NICS Improvement Amendments Act of 2007; and the FBI's use of ATF Form 4473, FD-249, and R-84 forms.  Ms. Del Greco will also testify about the extent to which the FBI receives and subsequently uses information from DIBRS during the relevant time period.

A summary of the facts and opinions to which Ms. Del Greco will testify may be found in the transcript of her deposition, taken on November 21, 2019.

3. <u>Col John Owen, United States Air Force</u>

Col Owen will testify as to the policies, procedures, practices, checklists, and protocols concerning probable cause determinations by a Staff Judge Advocate, especially to include when a determination should be made, and any training given to guide Judge Advocates on probable cause determinations during the relevant time period.

A summary of the facts and opinions to which Col Owen will testify may be found in the transcript of his deposition, taken on December 18, 2019.

4. <u>Shelley Ann Verdejo, Department of Defense</u>

Ms. Verdejo will testify about the United States Department of Defense's Defense Manpower Data Center (DMDC) and the extent to which DMDC reported information to FBI

databases through the Defense Incident-Based Reporting System (DIBRS) during the relevant time period.

A summary of the facts and opinions to which Ms. Verdejo will testify may be found in the transcript of her deposition, taken on December 17, 2019.

5. <u>Terry Snyder, Texas Rangers</u>

Mr. Snyder will testify as to matters concerning the documents and communications that the Texas Rangers produced in response to a subpoena *duces tecum*, including but not limited to the process of gathering those documents and communications, and matters contained in those documents and communications.  Mr. Snyder will also testify to the Texas Rangers' knowledge of the Sutherland Springs shooting, including but not limited to the interviews of witnesses interviewed in connection with the shooting; the gathering of evidence in connection with the shooting; the review of documents and information obtained in the investigation of the shooting; and coordination with other law enforcement or government agencies about the shooting.  In addition, Mr. Snyder will testify to the Texas Rangers' knowledge of facts supporting theories of criminal liability concerning the Sutherland Springs Shooting, including but not limited to facts about Devin Patrick Kelley's preparation and motivation for the shooting; state of mind at the time of the shooting; and the execution of the shooting.  Mr. Snyder will further testify as to the Texas Rangers' knowledge of facts pertaining to Devin Patrick Kelley's access to firearms prior to the Sutherland Springs Shooting, and/or his ability to access or acquire firearms to perpetrate the shooting through alternative means.  Mr. Snyder will also testify as to the Texas Rangers' knowledge concerning whether any person or persons conspired with, or aided, abetted, or otherwise assisted, Devin Patrick Kelley in committing the Sutherland Springs Shooting. Mr. Snyder will testify as to the Texas Rangers' knowledge concerning any person or entity that

provided Devin Patrick Kelley with firearms, body armor, or ammunition utilized in the Sutherland Springs Shooting. Mr. Snyder will further testify as to the Texas Rangers knowledge concerning whether any person other than Devin Patrick Kelley knew about his plan to commit the Sutherland Springs Shooting prior to it occurring. Finally, Mr. Snyder will testify to any other matter concerning the Texas Rangers' investigation of the Sutherland Springs Shooting.

A summary of the facts and opinions to which Mr. Snyder will testify may be found in his deposition, taken on July 7, 2020.

6. <u>Col Robert Ford, United States Air Force</u>

Col Ford will testify as to the training or education United States Air Force Security Forces personnel received concerning fingerprint collection and final disposition to the FBI CJIS, NIBRS, or DIBRS. This topic concerns training or education given to personnel involved in the investigation, court-martial, or confinement of Devin Kelley between July 1, 2011, and December 14, 2012, whether they received the training at the time or some earlier time. This topic includes, but is not limited to: the training or education provided by the Air Force Security Forces Academy at Joint Base San Antonio-Lackland, Texas; the 65-day course at the Security Forces Academy covering basic military police functions; formal or informal training; "on-the-job" training or education; recurring or annual training or education; and training or education provided by the Naval Corrections Academy. Col Ford will also testify to policies, procedures, practices, checklists, and protocols concerning the United States Air Force Corrections System policy for post-trial inmates during in-processing concerning the submission of fingerprints and final disposition reports to the FBI. This topic includes, but is not limited to, the collection of Devin Kelley's fingerprints and submission of his final disposition report by the confinement personnel.

Col Ford will additionally testify to the Air Force Security Forces' adoption and implementation of recommendations by Department of Defense (DoD) Inspector General, between 1997 and present, concerning the submission of criminal history data or fingerprints by Air Force Security Forces to DoD's DMDC or the FBI. This topic includes corrective actions taken by the units or commands concerning such recommendations, agreements, or undertakings; instructions, regulations, guidelines, or other mandates provided to various Air Force Security Forces units or command levels concerning such recommendations, agreements, or undertakings; and training or supervision provided to units or command concerning implementation of such recommendations, agreements, or undertakings.

A summary of the facts and opinions to which Mr. Snyder will testify may be found in his deposition, taken on June 18, 2020.

7. <u>James Kevin Poorman, United States Air Force</u>

Mr. Poorman will testify as to the training or education of United States Air Force Office of Special Investigation (OSI) personnel received concerning fingerprint collection and final disposition to the FBI CJIS, NIBRS, or DIBRS. This topic concerns training or education given to personnel involved in the investigation, court-martial, or confinement of Devin Kelley between July 1, 2011, and December 14, 2012, whether they received the training at the time or some earlier time. This topic includes, but is not limited to: formal or informal training; "on-the-job" training or education; and recurring or annual training or education.

Mr. Poorman will additionally testify to the Air Force OSI's implementation of recommendations by Department of Defense (DoD) Inspector General, between 1997 and present, concerning the submission of criminal history data or fingerprints by Air Force units or command to DoD's DMDC or the FBI. This topic includes corrective actions taken by the units

or commands concerning such recommendations, agreements, or undertakings; instructions, regulations, guidelines, or other mandates provided to various Air Force OSI units or command levels concerning such recommendations, agreements, or undertakings; and training or supervision provided to units or command concerning implementation of such recommendations, agreements, or undertakings.

8. William Ryan, Bureau of Alcohol, Tobacco, and Firearms (ATF)

Mr. Ryan will opine that Devin Kelley was not prohibited from possessing firearms by 18 U.S.C. § 922(g)(4) and/or (g)(6), as he was neither dishonorably discharged nor adjudicated as mentally defective.

9. Expert witness from Academy, Ltd. d/b/a Academy Sports & Outdoors (Academy)

The United States anticipates calling an expert witness from Academy. At this time, the United States has no additional information on the facts or opinions to which said witness will testify.

### III. Plaintiffs' Experts

Without vouching for the credibility, reliability or accuracy of any of Plaintiffs' expert witnesses, the United States cross-designates any and all experts designated by Plaintiffs. All relevant information regarding Plaintiffs' experts may be found in Plaintiffs' Combined Designation of Testifying Experts (Dkt. 206), which is incorporated into this document by reference.

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
JOHN F. BASH
United States Attorney
STEPHEN E. HANDLER
Senior Trial Counsel, Torts Branch
Civil Division

*Paul David Stern*
PAUL DAVID STERN
Trial Attorney, Torts Branch
Civil Division
United States Department of Justice
Attorneys for Defendant
UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I certify that on July 15, 2020, I electronically filed the foregoing with the clerk of court by using the CM/ECF system, and that all counsel of record have received notice and been served through that system.

*Paul David Stern*
PAUL DAVID STERN
Trial Attorney, Torts Branch
Civil Division
United States Department of Justice
Attorneys for Defendant
UNITED STATES OF AMERICA
