IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, et. al, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | NO. 5:18-CV-00555-XR |
| | § | (CONSOLIDATED CASES) |
| UNITED STATES OF | § | |
| AMERICA, | § | |
| | § | |
| Defendant | § | |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO COMPEL**

The United States replies to Danielle Smith's Response to the United States' Motion to Compel as follows.

## ARGUMENT

## I.      The Motion to Compel Regarding Danielle Smith is Warranted.

Danielle Smith raises several arguments that are similar to those asserted by Michael and Rebecca Kelley in their response brief.  *See* ECF No. 234.  The United States does not seek to reiterate arguments already advanced in its companion reply brief and refers to the Court to that filing.  *See* ECF No. 236.

With respect to Danielle Smith specifically, she acknowledges that she did not file a motion for a protective order or otherwise seek relief from the Court concerning her pending testimony.  ECF No. 235 at 1.  Rather than filing a motion for a protective order in response to the United States' subpoena to produce documents, she simply produced responsive material.  She never raised the issue of immunity or the prospect of invoking her Fifth Amendment right throughout the entire time the parties corresponded to schedule her deposition.  Counsel for the United States spoke on several occasions with Daniel Horowitz, counsel for Danielle Smith.  Mr. Horowitz never raised any concerns about the Government' reasons for taking his client's deposition or inquired about the nature of the questions that would be posed to his client.  In fact, it was Plaintiffs who initially noticed Ms. Smith's deposition.  (Despite the Court authorizing the United States to take Ms. Smith's deposition, Plaintiffs shortly thereafter noticed her deposition, presumably in an effort to ask questions first within the 7-hour time limit.)  Mr. Horowitz did not raise any concerns when Plaintiffs noticed his client's deposition.

1

It was not until the United States was forced to postpone the depositions of Michael and Rebecca Kelley that Ms. Smith raised any concerns about criminal jeopardy in a letter dated June 23, 2020.  Within one hour of the postponement, Mr. Horowitz sent a letter that tracked virtually verbatim the May 14 letter sent by counsel for the Kelleys.  Given that Mr. Horowitz was evidently consulting with counsel for the Kelleys, the United States was reasonably concerned that the same disputes regarding substantive testimony that thwarted Mr. Kelley's deposition would transpire during Ms. Smith's deposition.  Counsel for the United States emailed Mr. Horowitz to inquire about the extent to which Ms. Smith would "plead the 5th" in order to "avoid a meaningless deposition." *Id*. at 2.  The United States received a one-sentence response:  "Depends on the questions asked." *See* ECF No. 235-2, Ex. B at 3.  Based on the obstructionist conduct of the Kelleys' counsel during the previous deposition, and Mr. Horowitz's apparent consultation with counsel for the Kelleys, the United States was justified in not wasting time by proceeding with the deposition and instead seeking a ruling from the Court.

Similar to the depositions of the Kelleys, the United States respectfully requests that the Court issue a limiting instruction prohibiting Ms. Smith from invoking the Fifth Amendment right against self-incrimination absent specific bases for doing so during her deposition.  To permit her to assert the privilege in a blanket fashion, as was done by Mr. Kelley during his deposition, would improperly impede the deposition process.

The June 23, 2020 letter from Ms. Smith's counsel was forwarded to the Criminal Section of the United States Attorney's Office for the Western District of Texas.  On July 15, 2020, the Criminal Section informed the Civil Section of that Office that Ms. Smith is not currently the target of any federal investigation in that District.  Any additional questions or concerns regarding

2

the issues raised in the June 23, 2020 letter from Ms. Smith's counsel should be directed to the

Acting Criminal Chief in the Western District of Texas.

**II.      Danielle Smith's Circumstances Are Not Similar to the Noor Salman Case.**

Danielle Smith equates herself to Noor Salman, the widow of the Pulse Night Club shooter.

Both were the victims of domestic abuse by their controlling husbands.  Ms. Salman was

prosecuted after being questioned by the FBI on the night of the shooting for nearly a dozen hours.

Ms. Smith claims to fear the same outcome.

Unlike Ms. Salman, however, Danielle Smith provided a signed affidavit to Plaintiffs as

part of their state action against Academy, Ltd., d/b/a Academy Sports & Outdoors ("Academy").

*See* Ex. A.  The affidavit was signed and notarized in April 2019 -- a year and a half after the

shooting.  In the statement, Ms. Smith admitted that, in November or December 2015, she went

with her husband to DICK'S Sporting Goods, Inc., where the manager declined to sell Devin a

firearm "because of an ID issue."  *Id.*  Then, in April 2016, she accompanied Devin to Academy in

Selma, Texas.  There, Devin purchased a Ruger AR 556.  According to Ms. Smith, it was her

"understanding that the firearm Devin used in the Sutherland Springs shootings was the AR 556

that Devin bought at Academy located in Selma, Texas."  *Id*.  Ms. Smith further attested that they

went back to Academy monthly so Devin could purchase magazines and ammunition.  She stated,

"Devin did not disclose to me his criminal background, that he wasn't allowed to have firearms or

his intentions in purchasing the AR 566 or any of the ammunition."  *Id*.

Despite her willingness to assist Plaintiffs in their state action, Ms. Smith now claims a fear

of prosecution when counsel for the United States in this civil action seek to by probe the content

of her freely-given affidavit.  Ms. Smith provided statements to federal and state law-enforcement agencies shortly after the Sutherland Springs shooting.  Also unlike in Ms. Salman's case, those statements in close in time to the shooting, and did not result in any prosecution of Ms. Smith. Now, more than two and a half years after she provided those statements, and one year after she aided Plaintiffs' state action by voluntarily signing an affidavit, Ms. Smith now claims that she has a credible fear of criminal jeopardy.   However, similar to the Kelleys, Ms. Smith has not shown that her claimed fear of criminal jeopardy is anything more than a "remote and speculative possibility."  *Steinbrecher v. Comm'r*, 712 F.3d 195, 197 (5th Cir. 1983).

## CONCLUSION

For the reasons stated and upon the authorities cited, the United States respectfully requests this Court to grant its Motion to Compel and issue a limiting instruction regarding assertion of the Fifth Amendment Privilege at issue.

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
JOHN F. BASH
United States Attorney
STEPHEN E. HANDLER
Senior Trial Counsel, Torts Branch
Civil Division

*Paul David Stern*
PAUL DAVID STERN
Trial Attorney, Torts Branch
Civil Division
United States Department of Justice
Attorneys for Defendant
UNITED STATES OF AMERICA

4

## CERTIFICATE OF SERVICE

I certify that on July 15, 2020, I electronically filed the foregoing with the clerk of court by using the CM/ECF system, and that all counsel of record have received notice and been served through that system.

*Paul David Stern*
PAUL DAVID STERN
Trial Attorney, Torts Branch
Civil Division
United States Department of Justice
Attorneys for Defendant
UNITED STATES OF AMERICA