# **EXHIBIT F**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOE HOLCOMBE, ET AL. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-CV-555-XR |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

---

## NON-PARTY ACADEMY, LTD., D/B/A ACADEMY SPORTS + OUTDOORS' OBJECTIONS AND RESPONSES TO SECOND THIRD PARTY SUBPOENA REQUESTING DOCUMENTS

---

TO:     Defendant United States of America, by and through its attorney of record, Paul Stern, U.S. Department of Justice, Three Constitution Square, 175 N. Street, NE, 11th Floor, Rm. 129, Washington, DC 20002.

Subject to and without waiving its rights under the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. and the stay on discovery currently imposed by the Texas Supreme Court, Academy, Ltd., d/b/a Academy Sports + Outdoors ("Academy") hereby submits its objections and responses to the United States of America's third party Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Janet E. Militello
Janet E. Militello
State Bar No. 14051200
Email:  jmilitello@lockelord.com
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1200 (Telephone)
(713) 223-3717 (Facsimile)

**ATTORNEY FOR DEFENDANT ACADEMY LTD. D/B/A ACADEMY SPORTS + OUTDOORS**

Of Counsel:

Brandon F. Renken
State Bar No. 24056197
Email:  brenden@lockelord.com
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1200 (Telephone)
(713) 223-3717 (Facsimile)


David M. Prichard
State Bar No. 16317900
Email: dprichard@prichardyoungllp.com
PRICHARD YOUNG LLP
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7400  (Telephone)
(210) 477-7450  (Facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served pursuant to the Federal Rules of Civil Procedure on July 13, 2020, as follows:

Paul David Stern
P.O. Box 888
Washington, DC  20044


United States Attorney's Office (W.D. Tex.)
Attn: Paul David Stern
601 N.W. Loop 410, Suite 600
San Antonio, Texas  78216


/s/ Janet E. Militello
Janet E. Militello

## THIRD PARTY ABUSE/HARASSMENT OBJECTIONS

1. Academy objects to this Second Third Party Subpoena because, in addition to the statutory and other protections set out specifically in response to each Request, the subpoena generally seeks to impose an unreasonable and improper burden on Academy, a third party, by demanding that Academy produce documents and information that are not reasonably calculated to lead to the discovery of admissible evidence, that have no connection to Plaintiffs' claims and/or any of the relevant facts in this lawsuit, and that are plainly outside the scope of discovery for the *Parties* to this lawsuit.  Academy has already produced all documents even tangentially involved with Plaintiffs' claims and/or the subject transaction and related facts underlying Plaintiffs' claims; nonetheless, the United States Attorney's Office improperly demands more documents and information, on a broader, more burdensome, and harassing scope from Academy than would be enforceable against even the Parties herein.  That is the opposite of federal law, which clearly states that third parties are subject to a more restrictive and limited scope of discovery than the actual parties to a lawsuit.  In any event, Academy has already produced in response to Defendant's prior subpoena all documents and information within the scope of discovery of this lawsuit.

2. Academy also objects to this Second Third Party Subpoena because virtually every Request seeks documents and information which have already been produced in this lawsuit.  As a result, the substance of the Requests are duplicative, abusive, and appear to be a substitute for the United States Attorney's Office actually reviewing the documents and information that Academy has already produced, which cover every aspect of the subject transaction and Academy's role in the subject transaction.  The United States Attorney's Office's Second Third Party Subpoena makes clear that United States Attorney's Office has not done any diligence on the documents already produced.  While it is beyond the scope of Academy's duty to index the documents it has already produced to each Request for which they are responsive, Academy has done so in the Responses, below, in the hopes of avoiding further harassment and abuse of the discovery process by the United States Attorney's Office.

## OBJECTIONS TO DEFINITIONS

1. Academy objects to the definition of "Academy" set forth by the United States Attorney's Office because it includes attorneys and therefore necessarily invades the attorney-client and work product privileges.  Academy responds solely on behalf of Academy Ltd. d/b/a Academy Sports + Outdoors and its employees.

2. Academy objects to the definition of firearm to include "detachable magazines/ammunition feeding device sold in the box with the device."  A magazine does not fall within the Gun Control Act's definition of a firearm, 18 U.S.C. § 921(a)(3) even when it is included with the sale of a firearm.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

1. All acknowledgement of Federal Firearms Regulations forms, and any documents attached to said form(s), signed by a representative of Academy and the ATF, from November 25, 2015 through August 15, 2017, and all communications between Academy and the ATF concerning these documents.

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom.   On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation.   The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation").   The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020.   Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request is exceedingly broad and unduly burdensome, and the burden of searching for and collecting potentially responsive documents far outweighs any potential probative value or benefit therein.   More specifically, this Request seeks "All Acknowledgement of Federal Firearms Regulations forms" signed by any Academy representative from any store during an almost-two year period, which encompasses hundreds of Academy representatives that have no relationship to or involvement with Academy Store No. 41 or the events and circumstances giving rise to this dispute.   The Request further seeks to obtain "all communications between Academy and the ATF concerning these documents," which significantly expands the scope of the Request.   The only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.   Moreover, the forms and documents sought are discoverable through other, more efficient, and less intrusive means that render them equally available to the United States Attorney's Office.

Without waiving the above objections, Academy has already produced documents responsive to this Request at Academy004658-004691.

5

2. All non-privileged documents and communications transmitted internally within Academy, from January 1, 2013 until December 31, 2016, concerning whether a detachable magazine is a component of a rifle for purposes of 18 U.S.C. § 921-931 (Brady Gun Control Act) or for purposes of the excise tax outlined in 27 C.F.R. § 3.61(a) as a component of a "completed firearm."

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom. On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation. The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation"). The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020. Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request is overly broad and unduly burdensome, confusing, and calls for multiple legal conclusions in order to determine what documents and/or information is being sought. More specifically, the Request seeks documents and communications from January 1, 2013 until December 31, 2016, a time period that far exceeds the time frame that is relevant to the events and circumstances giving rise to this dispute. Moreover, the Request asks Academy to determine whether any and all communications during the aforementioned time frame concern "whether a detachable magazine is a component of a rifle for purposes of 18 U.S.C. 921-931 (Brady Gun Control Act) or for purposes of the excise tax outlined in 27 C.F.R. 3.61(a) as a component of a 'completed firearm'," an inquiry which is both confusing and unclear, and which necessarily requires Academy to (i) make a legal determination of the meaning of the enumerated statutes, (ii) analyze four years' worth of documents and communications, which likely number in the hundreds of thousands, to identify potentially relevant documents, and then (iii) apply that legally determined meaning to the identified documents to assess their relevance to the Request. Not only is this Herculean task far removed from the events and circumstances at issue, but also the burden of searching for and collecting potentially responsive documents far outweighs any potential probative value or benefit therein. The only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are

wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

Without waiving the above objections, Academy has already produced documents responsive to this Request at Academy00001-02300, Academy002408-414, Academy002739-04657, and Academy004730-4889.

3.   To the extent not already requested, all non-privileged documents and communications from January 1, 2013, until December 31, 2016, that (a) Academy either transmitted internally to its own employees or (b) Academy received from the ATF, concerning whether the sale of a "rifle" to an out-of-state purchaser is illegal pursuant to 18 U.S.C. § 922(b)(3) if such rifle is sold equipped with a magazine that is illegal under the state law of the state where the out-of-state purchaser is from.

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom.   On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation.   The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation").   The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020.   Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request is overly broad and unduly burdensome, confusing, and calls for multiple legal conclusions in order to determine what documents and/or information is being sought.   More specifically, the Request seeks documents and communications from January 1, 2013 until December 31, 2016, a time period that far exceeds the time frame that is relevant to the events and circumstances giving rise to this dispute.   Moreover, the Request asks Academy to determine whether any and all communications during the aforementioned time frame concern "whether the sale of a 'rifle' to an out-of-state purchaser is illegal pursuant to 18 U.S.C. 922(b)(3) if such rifle is sold equipped with a magazine that is illegal under the state law of the state where the out-of-state purchaser is from," an inquiry which is both confusing and unclear, and which necessarily requires Academy to (i) make a legal determination of the meaning of the enumerated statute, (ii) analyze four years' worth of documents and communications, which likely number in the hundreds of thousands, to identify potentially

relevant documents, and then (iii) apply that legally determined meaning to the identified documents to assess their relevance to the Request.  Not only is this Herculean task far removed from the events and circumstances at issue, but also the burden of searching for and collecting potentially responsive documents far outweighs any potential probative value or benefit therein.  The only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

Without waiving the above objections, Academy has already produced documents responsive to this Request at Academy00001-02300, Academy002408-414, Academy002739-04657, and Academy004730-4889.

4.  All non-privileged documents containing Academy's policies, rules, practices, and/or procedures from January 1, 2013 until December 31, 2016, concerning modification to items in a completed firearm package received by Academy having a stock keeping unit ("SKU") number from a Federal Firearm Licensee ("FFL") distributor and/or wholesaler, including but not limited to modification through removing, switching, or replacing component parts.

   Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom.  On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation.  The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation").  The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020.  Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request is exceedingly broad and unduly burdensome, and the burden of searching for and collecting potentially responsive documents far outweighs any potential probative value or benefit therein.  More specifically, the Request seeks documents and communications from January 1, 2013 until December 31, 2016, a time period that far exceeds the time frame that is relevant to the events and circumstances giving rise to this dispute.  Additionally, the Request presupposes Academy's firearms related policies, rules, practices,

8

and/or procedures and is premised upon a mischaracterization of pertinent facts and circumstances, frustrating Academy's ability to properly interpret the question and provide a response. Lastly, the only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

Academy does not have documents responsive to this Request. No such documents exist because Academy does not "[modify] items in a completed firearm package received by Academy having a stock keeping unit ('SKU') number from a Federal Firearm Licensee ('FFL') distributor and/or wholesaler, including but not limited to modification through removing, switching, or replacing component parts."

5. All documents and communications concerning any instances in which Academy has modified any firearm received from an FFL distributor and/or wholesaler from January 1, 2013 until December 31, 2016, including but not limited to modification through removing, switching, or replacing component parts.

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom. On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation. The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation"). The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020. Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request is overly broad and premised upon a mischaracterization of pertinent facts and circumstances. More specifically, the Request seeks documents and communications from January 1, 2013 until December 31, 2016, a time period that far exceeds the time frame that is relevant to the events and circumstances giving rise to this dispute. Additionally, the Request presupposes Academy's firearms operations and related policies, rules, practices, and/or procedures, frustrating Academy's ability to properly interpret the question and provide a response. Lastly, the only sale within the scope of the government's designation of

Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

Without waiving the above objections, Academy does not have documents responsive to this Request because no such documents exist.

6.   All documents and communications from January 1, 2013 until December 31, 2016, concerning instances in which Academy denied the sale of an AR-15 semiautomatic rifle with a high capacity magazines, such as the Model 8500 Ruger AR-556, to a resident of the state of Colorado and/or Maryland for any reason other than a denial through NICS, including but not limited to reports detailing why the transfer was not completed.

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom.   On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation.   The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation").   The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020.   Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request is exceedingly broad and unduly burdensome, and the burden of searching for and collecting potentially responsive documents far outweighs any potential probative value or benefit therein.   More specifically, this Request seeks documents and communications "concerning instances in which Academy denied the sale of an AR-15 semiautomatic rifle with a high capacity magazine, such as the Model 8500 Ruger AR-556, to a resident of the state of Colorado and/or Maryland for any reason other than a denial through NICS," for a four-year period from any store, which encompasses hundreds of Academy stores that have no relationship to or involvement with Academy Store No. 41 or the events and circumstances giving rise to this dispute, and thousands of documents reflective of denials for a myriad of reasons that are completely irrelevant, such as instances where the prospective transferee completed the Form 4473 in a manner indicating that he was a prohibited person, or Academy suspected a straw purchase and thus declined the sale without conducting a NICS

check.  The only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

7.  All documents and communications from January 1, 2013 through December 31, 2016, concerning instances in which Academy Store 41 declined to sell a firearm to an out-of-state resident because of the fact that the prospective purchaser was an out-of-state resident.

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom.  On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation.  The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation").  The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020.  Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request seeks documents and communications from January 1, 2013 until December 31, 2016, a time period that far exceeds the time frame that is relevant to the events and circumstances giving rise to this dispute.  Additionally, this Request seeks to force Academy to artificially characterize documents and communications as potentially responsive on the basis of one specific reason for declining to sell a firearm to an out-of-state resident, out of several or many reasons that may have impacted the declined transaction.  The Gun Control Act only allows Academy to sell rifles and shotguns to out-of-state residents, 18 U.S.C. § 922(b)(3), and this request would require Academy to search its records for all occasions over a four year period in which an out-of-state resident attempted to purchase another type of firearm, such as a pistol, revolver, frame/receiver, or pistol-grip firearm, at any of Academy's stores.  The only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

8.  All non-privileged documents and communications from January 1, 2013 until December 31, 2016, containing Academy's policies, rules, practices, and/or procedures for all Academy stores located in Texas concerning the sale of modern sporting rifles to purchasers who present out-of-state identification.

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom.   On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation.   The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation").   The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020.   Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request is overly broad and premised upon a mischaracterization of pertinent facts and circumstances.   More specifically, the Request seeks documents and communications from January 1, 2013 until December 31, 2016, a time period that far exceeds the time frame that is relevant to the events and circumstances giving rise to this dispute.   Additionally, the Request presupposes Academy's firearms operations and related policies, rules, practices, and/or procedures, frustrating Academy's ability to properly interpret the question and provide a response.   Lastly, the only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

Without waiving the above objections, Academy has already produced documents responsive to this Request at Academy00001-02300, Academy002408-414, Academy002739-04657, and Academy004730-4889.

9.  To the extent not already requested, all documents Academy utilized from January 1, 2013 until December 31, 2016, to train, instruct, guide, or assist its employees specifically concerning the sales of the semiautomatic rifle with a high capacity magazines, such as the Model 8500 Ruger AR-556.

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom.   On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation.   The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"); and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation").   The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020.   Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request is overly broad and premised upon a mischaracterization of pertinent facts and circumstances.   More specifically, the Request seeks documents and communications from January 1, 2013 until December 31, 2016, a time period that far exceeds the time frame that is relevant to the events and circumstances giving rise to this dispute. Additionally, the Request presupposes Academy's firearms related policies, rules, practices, and/or procedures, frustrating Academy's ability to properly interpret the question and provide a response.   Lastly, the only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

Without waiving the above objections, Academy has already produced documents responsive to this Request at Academy00001-02300, Academy002408-414, and Academy004730-4889.

10.  All non-privileged documents and communications from January 1, 2013 until December 31, 2016, concerning Academy's decision to sell no model of the Ruger AR-556 other than the Model 8500 Ruger AR-556.

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom.   On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery

requests against or affecting Academy in the currently stayed Texas state court litigation.  The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No.  2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation").  The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020.  Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request is overly broad and premised upon a mischaracterization of pertinent facts and circumstances.  More specifically, the Request seeks documents and communications from January 1, 2013 until December 31, 2016, a time period that far exceeds the time frame that is relevant to the events and circumstances giving rise to this dispute.  Additionally, Academy objects that this Request is confusing and nonsensical in that it seeks documents and communications "concerning Academy's decision to sell no model of the Ruger AR-556 other than the Model 8500 Ruger AR-556," which presupposes the way in which Academy determines what firearms it will sell during a given time frame, and superimposes an inaccurate representation of Academy's strategic thought process for firearm sales, frustrating Academy's ability to assess the documents and information that may be responsive to this Request.  The only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

Without waiving the above objections, Academy has no documents responsive to this Request, because no such documents are known to exist.

11. All documents and communications, from January 1, 2013 until December 31, 2016, received from Lipseys, or any other FFL distributor and/or wholesaler, containing language indicating any restrictions or limitations on sales of the Model 8500 Ruger AR-556.

   Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom.  On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation.  The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the

438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation"). The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020. Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy objects that this Request is duplicative of prior Requests. Academy further objects to this Request because it is exceedingly broad and unduly burdensome, and the burden of searching for and collecting potentially responsive documents far outweighs any potential probative value or benefit therein. More specifically, this Request seeks documents and communications "containing language indicating any restrictions or limitations on sales of the Model 8500 Ruger AR-556" for a four-year period received by Academy, which encompasses hundreds of Academy stores and employees that have no relationship to or involvement with Academy Store No. 41 or the events and circumstances giving rise to this dispute. The only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

Without waiving the above objections, Academy has no documents responsive to this Request, because no such documents are known to exist.

12. All documents Academy utilized from January 1, 2013 until December 31, 2016, to train, instruct, guide, or assist its employees concerning the effect of Colo. Stat. § 18-12-302 on the sales of magazines and/or firearms.

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom. On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation. The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the

15

Consolidated Cases, the "Stayed Texas Litigation"). The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020. Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request is overly broad and unduly burdensome, confusing, calls for a legal conclusion in order to determine what documents and/or information is being sought, and is premised upon a mischaracterization of pertinent facts and circumstances. More specifically, the Request seeks documents and communications from January 1, 2013 until December 31, 2016, a time period that far exceeds the time frame that is relevant to the events and circumstances giving rise to this dispute. Moreover, the Request asks Academy to determine whether any and all documents during the aforementioned time frame concern "the effect of Colo. Stat. 18-12-302 on the sales of magazines and/or firearms," an inquiry which necessarily requires Academy to (i) make a legal determination of the meaning of the enumerated statute, (ii) analyze four years' worth of documents, which are likely voluminous, to identify potentially relevant documents, and then (iii) apply that legally determined meaning to the identified documents to assess their relevance to the Request. Not only is this Herculean task far removed from the events and circumstances at issue, but also the burden of searching for and collecting potentially responsive documents far outweighs any potential probative value or benefit therein. Additionally, the Request presupposes Academy's firearms related policies, rules, practices, and/or procedures, frustrating Academy's ability to properly interpret the question and provide a response. The only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

Without waiving the above objections, Academy has already produced documents showing its firearms sales training at Academy00001-02300, Academy002408-414, and Academy004730-4889.

13. To the extent not already requested, all non-privileged documents containing Academy's policies, rules, practices, and/or procedures from January 1, 2013 until December 31, 2016, concerning the sales of firearms to out-of-state residents.

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom. On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation. The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-

CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation"). The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020. Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request is overly broad and premised upon a mischaracterization of pertinent facts and circumstances. More specifically, the Request seeks documents and communications from January 1, 2013 until December 31, 2016, a time period that far exceeds the time frame that is relevant to the events and circumstances giving rise to this dispute. Additionally, the Request presupposes Academy's firearms related policies, rules, practices, and/or procedures, frustrating Academy's ability to properly interpret the question and provide a response. Lastly, the only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

Without waiving the above objections, Academy has already produced documents responsive to this Request at Academy00001-02300, Academy002408-414, and Academy004730-4889.

14. All documents containing modifications to Academy's policies, rules, practices, and/or procedures concerning the sales of firearms to out-of-state residents made in response to the Sutherland Springs Shooting, including but not limited to modifications of employee training procedures.

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom. On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation. The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation"). The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme

Court and is scheduled for oral argument on October 6, 2020. Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request is overly broad and premised upon a mischaracterization of pertinent facts and circumstances. More specifically, the Request seeks documents and communications from January 1, 2013 until December 31, 2016, a time period that far exceeds the time frame that is relevant to the events and circumstances giving rise to this dispute. Additionally, the Request presupposes Academy's firearms related policies, rules, practices, and/or procedures, frustrating Academy's ability to properly interpret the question and provide a response. Lastly, the only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

Without waiving the above objections, Academy does not have documents responsive to this Request because no such documents exist.

15. All documents containing modifications to Academy's policies, rules, practices, and/or procedures concerning the sale of the Model 8500 Ruger AR-556 semi-automatic, AR-15 style assault rifle made in response to the Sutherland Springs Shooting, including but not limited to modifications of employee training procedures.

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom. On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation. The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation"). The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020. Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request is overly broad and premised upon a mischaracterization of pertinent facts and circumstances. More specifically, the Request seeks documents and

communications from January 1, 2013 until December 31, 2016, a time period that far exceeds the time frame that is relevant to the events and circumstances giving rise to this dispute. Additionally, the Request presupposes Academy's firearms related policies, rules, practices, and/or procedures, frustrating Academy's ability to properly interpret the question and provide a response. Lastly, the only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

Without waiving the above objections, Academy does not have documents responsive to this Request because no such documents exist.

16. All non-privileged documents and communications from January 1, 2013 to the present, concerning the creation, purpose, development, publication and dissemination of all versions of Academy's Interstate Long Gun Purchase Map (including the version shown on Academy00110-111), including but not limited to communications between Academy and ATF related to ATF Investigator Daniel Mueller's email inquiry (produced as Academy002875) sent to Ms. Mylinda Jones on June 27, 2017, about an Academy Interstate Long Gun Purchase Map.

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom. On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation. The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation"). The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020. Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request seeks documents and communications from January 1, 2013 until December 31, 2016, a time period that far exceeds the time frame that is relevant to the events and circumstances giving rise to this dispute. Additionally, the Request seeks to obtain "communications between Academy and ATF," which significantly expands the scope of the Request. The only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by

Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.  Moreover, the forms and documents sought are discoverable through other, more efficient, and less intrusive means that render them equally available to the United States Attorney's Office.

Without waiving the above objections, Academy has already produced documents responsive to this Request at Academy000013-135 and Academy002739-04657.

17. All documents showing Academy's annual profits for the years 2015-2017 from the sales of (a) all firearms, (b) modern sporting rifles, and (c) the Model 8500 Ruger AR-556 semi-automatic, AR-15 style assault rifle.

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom.  On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation.  The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation").  The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020.  Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request is exceedingly broad, unduly burdensome, and abusive and harassing in that it seeks documents and information with no conceivable relevance to any claims at issue in the dispute.  Moreover, this Request presupposes the way in which Academy keeps its books and records, and places an undue burden upon Academy by improperly forcing it to manipulate information and/or create documents that do not exist.  The only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

Without waiving the above objections, Academy has already produced documents responsive to this Request at Academy004727.

20

18. All documents showing Academy's annual training and supervision expenses for the years 2015-2017 from the sales of (a) all firearms, (b) modern sporting rifles, and (c) Model 8500 Ruger AR-556 semi-automatic, AR-15 style assault rifle.

Response:

Academy objects to this Request on the grounds that the Protection of Lawful Commerce in Arms Act – 15 U.S.C. §§ 7901 et seq. ("PLCAA") grants Academy immunity from any "qualified civil liability action" as such term is defined under PLCAA, including the burdens of discovery resulting therefrom.   On that basis, Academy has previously sought an Order preventing Plaintiffs in this suit from filing and/or pursuing any claims and/or further discovery requests against or affecting Academy in the currently stayed Texas state court litigation.   The styles of those cases are: *Ward v. Academy*, Cause No. 2017-CI-23341, in the 224th Judicial District Court of Bexar County, Texas; *Solis v. Academy*, Cause No. 2018-CI-14368, in the 438th Judicial District Court of Bexar County, Texas; *McMahan v. Academy*, Cause No. 2018-CI-23299, in the 285th Judicial District Court of Bexar County, Texas; *Braden, R. v. Academy*, Cause No. 2018-CI-23302, in the 408th Judicial District Court of Bexar County, Texas (collectively, the "Consolidated Cases"), and *Braden, D. v. Academy*, Cause No. 2019-CI-03804, in the 225th Judicial District Court of Bexar County, Texas ("Braden II," collectively with the Consolidated Cases, the "Stayed Texas Litigation").   The issue of Academy's immunity from the claims set forth in the Stayed Texas Litigation is currently pending before the Texas Supreme Court and is scheduled for oral argument on October 6, 2020.   Because PLCAA immunizes Academy from suit in a qualified civil liability action, including the burdens of discovery, Academy objects to the discovery sought in this case.

Academy also objects that this Request is exceedingly broad, unduly burdensome, and abusive and harassing in that it seeks documents and information with no conceivable relevance to any claims at issue in the dispute.   Moreover, this Request presupposes the way in which Academy keeps its books and records, and places an undue burden upon Academy by improperly forcing it to manipulate information and/or create documents that do not exist.   The only sale within the scope of the government's designation of Academy as a responsible third party is the April 7, 2016 sale of a Ruger AR-556 rifle to Devin Kelley by Academy Store No. 41; documents related to any and all other sales and all other sales activity by Academy are wholly irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and constitute an improper fishing expedition.

Without waiving the above objections, Academy has no documents responsive to this Request, because no such documents are known to exist.