# **EXHIBIT G**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | ) | |
|---|---|---|
| Holcombe | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:18-CV-00555 |
| United States of America | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Academy, Ltd., d/b/a Academy Sports & Outdoors
        1800 North Mason Road

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attachment

| Place: Academy, ltd. office located at 1800 North Mason Road | Date and Time: 08/03/2020 8:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic means and videoconferencing

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/23/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Paul David Stern |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The United States of America , who issues or requests this subpoena, are:

Paul David Stern; 175 N St. N.E., 3CON 11.129, Washington D.C. 20002; Paul.David.Stern@usdoj.gov; (202) 616-2197

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:18-CV-00555

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT TO SUBPOENA TO**
**ACADEMY, LTD., d/b/a ACADEMY SPORTS & OUTDOORS**

## INSTRUCTIONS

Pursuant to Rule 45 and Rule 30(b)(6) of the Federal Rules of Civil Procedure, Academy, Ltd., d/b/a Academy Sports & Outdoors ("Academy") is required to designate officers, directors, or managing agents, or other persons who consent to testify on its behalf with respect to the matters for examination set forth below.  The person(s) designated to testify must testify about information known or reasonably available to Academy concerning such matters. The deposition(s) will be taken in accordance with the Federal Rules of Civil Procedure, and will occur at the date, time, location, and in accordance with the instructions, set forth in the subpoena to which this document is an attachment.

## DEFINITIONS

The definitions from Civil Rule 26(b) of the Western District of Texas Local Rules are applicable to this subpoena, including the following definitions.

**Communication.**  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Concerning.**  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

**Document.**  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of those terms in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of the term "document."

In addition, for purposes of this subpoena, the following term is defined:

**Academy**.  The term "Academy" as used in this subpoena shall refer to Academy, Ltd. d/b/a Academy Sports & Outdoors, its employees, agents, attorneys, and all other natural persons, businesses, or legal entities acting in a representative capacity, unless otherwise specified.

**Ruger AR-556 Model 8500.**  The term "Ruger AR-556 Model 8500" shall refer to the AR-556 semiautomatic rifle manufactured by Sturm, Ruger & Co. and packaged with a detachable magazine/ammunition feeding device capable of holding 30 rounds of ammunition.  The term "Model 8500" can also be interchanged with "Stock Keeping Unit ("SKU") 8500."     **High capacity magazine**.  The term "high capacity magazine" shall mean a detachable magazine/ammunition feeding device for a firearm that can hold more than fifteen (15) rounds of ammunition.

**ATF**.  The term "ATF" as used in this subpoena shall mean the Bureau of Alcohol, Tobacco, Firearms and Explosives of the United States Department of Justice.

**Sutherland Springs Shooting.**  The term "Sutherland Springs Shooting" means the mass shooting at the First Baptist Church in Sutherland Springs, Texas, perpetrated by Devin Kelley on November 5, 2017.

## MATTERS FOR EXAMINATION

1. Every sales transaction between Academy and Devin Patrick Kelley.  Those sales include, but are not limited to, Academy's sale of the Ruger AR-556 semiautomatic rifle to Kelley on April 7, 2016; Academy's sale of the Ruger SR-22 semiautomatic handgun to Kelley on October 18, 2017; and all additional sales of firearms (including magazines), ammunition, and firearms-related accessories and items.

2. Academy' adoption and implementation of ATF's guidance regarding federal and state firearms statutes, regulations, and ATF Form 4473.

3. Academy's training and supervision of its employees with respect to the compliance with federal and state firearms laws.  Such training and supervision includes the use of Academy's Firearms Sales Certification (FSC) and corresponding roadmap; the use of Firearm Transaction Checklist; sales to out-of-state residents; and Academy's training material regarding "no sales, store level denials, and straw purchases," "denial and non-denial scenarios," and presale documentation.

4. Academy's Compliance Department's practices regarding the Acknowledgment of Federal Firearms Regulation forms; and guidance to store-level employees for firearms sales/transactions regarding interpretation of federal, state, and local statutes and/or regulations as they pertain to the sale of long guns/modern sporting rifles to out-of-state residents, including but not limited to the "Long Gun/MSR Purchase Map."

5. Academy's acquisition and sales of Sturm, Ruger & Co. AR-556 models, including the SKU Model 8500, 8502, 8511, and other models beginning from January 1, 2015 through December 31, 2017:
    a. Policies related to sales quotas and other marketing campaigns for (a) all firearms, (b) modern sporting rifles, and (c) the Model/SKU 8500 AR-

556 semi-automatic, AR-15 style assault rifle sales/transactions by sales associates working at Academy stores from January 1, 2015 through December 31, 2017

b. Policies concerning whether any employee of Academy is permitted or prohibited to repackage any item acquired from a federal firearm licensed distributor contained in a "completed firearm" with a single stock keeping unit number, from January 1, 2013 through December 31, 2016.

c. Academy's annual profits from the sales of Sturm, Ruger & Co. Model/SKU 8500, 8502, and 8511 AR-556 semi-automatic, AR-15 style assault rifle.

d. The company policies and/or reasons for Academy's Store 41 offering or not offering for sale Sturm, Ruger & Co's AR-556 SKU/Models 8502 or any other AR-556 model sold with a lower capacity magazine (less than 15 rounds) on or about April 7, 2016.

e. All aspects of Academy's sale in Store 36 of an AR-556 rifle (Serial # 854-70918) to a resident from Confier, Colorado (Jeffereson County) on August 12, 2017 as recorded in Academy004726.