# Ex. U

**U.S. Department of Justice**

---

# GUIDANCE TO AGENCIES REGARDING SUBMISSION OF RELEVANT FEDERAL RECORDS TO THE NICS



March 2013

USA00016664

On January 16, 2013, the President issued a Memorandum aimed at strengthening the accuracy and efficiency of the federal background check system for firearms purchases. That Memorandum directed the Department of Justice ("Department") to provide guidance to agencies regarding the identification and sharing of relevant federal records for this purpose. This document fulfills the President's directive.

The Brady Handgun Violence Prevention Act of 1993 required the Attorney General to establish a system so that federal firearms dealers, prior to transferring a firearm, could determine whether a potential buyer is prohibited from receiving the firearm under the federal Gun Control Act of 1968 or state law. That system—the National Instant Criminal Background Check System ("NICS")—became operational on November 30, 1998. Since that time, the NICS has been instrumental in denying the transfer of firearms to criminals and other persons for whom possession is against the law.

The ability of the NICS to determine quickly and effectively whether an individual is prohibited from possessing or receiving a firearm depends on the completeness and accuracy of the information made available to it by federal, state and tribal authorities. The NICS Improvement Amendments Act of 2007 ("NIAA"), 18 U.S.C. § 922 note, was a bipartisan effort to strengthen the NICS by increasing the quantity and quality of relevant records accessible to the system. Among its requirements, the NIAA mandates that federal departments and agencies ("agencies") provide relevant information to the Attorney General for the NICS on no less than a quarterly basis. Importantly, the statute specifies that federal agencies must provide this information "notwithstanding any other law," and, as a result, information can be shared by your agency despite the otherwise applicable limitations of the Privacy Act, Health Insurance Portability and Accountability Act and other laws. For any information so provided, the NIAA also requires federal agencies to update, correct, modify or remove records once they become aware that the information is no longer prohibiting under the Gun Control Act.

While a great deal of progress has been made, the goals envisioned by the NIAA have yet to be fully realized. Recognizing that we can all do more to prevent gun violence, the President issued a Memorandum directing the heads of all executive departments and agencies to prioritize the submission on a regular and ongoing basis of relevant federal records to the NICS. In that same Memorandum, the President directed the Department to issue this Guidance and further directed agencies to submit a report and implementation plan concerning relevant records in their possession and to submit annual reports on their progress thereafter.

Section I of this Guidance addresses which records are "relevant" for purposes of this Presidential Memorandum, including a discussion of each of the ten categories of persons who are prohibited from possessing or receiving a firearm by federal law. Section II clarifies when an agency "possesses" records that, consistent with this Presidential Memorandum, must be submitted to the NICS. Section III explains where and how, as a technical matter, an agency should submit relevant information or records in its possession and explains the requirement to update, correct, modify and/or remove records from the NICS. Section IV discusses the contents of the (1) Report and Implementation Plan that agencies must submit, and (2) the annual report that agencies possessing relevant records must submit. Please note that nothing in this Guidance is intended to reduce the number or type of records that your agency currently submits to the

USA00016665

NICS or to discourage you from the continued submission of such records. To the extent that your agency currently submits information to the NICS that would not otherwise be required pursuant to this Guidance, please continue to do so.

As provided in the Presidential Memorandum, the Department has consulted with numerous agencies in drafting this Guidance, which reflects valuable agency input. The Department recognizes that this Guidance will impose some burdens on federal agencies, and we acknowledge and appreciate in advance the efforts that these agencies will be undertaking. These efforts are critical to maximizing the amount of relevant records submitted to the NICS and preventing gun violence.

I.   **Identification of Relevant Records**

Information is relevant for the NICS if it can identify an individual as being someone who is prohibited from shipping, transporting, possessing or receiving firearms under federal firearms law. There are 10 categories of such persons:

(1)   Felons;

(2)   Fugitives from justice;

(3)   Persons unlawfully using or addicted to any controlled substance;

(4)   Persons adjudicated "mentally defective" or committed to a mental institution;

(5)   Illegal/unlawful aliens, and aliens admitted on a non-immigrant visa;

(6)   Persons dishonorably discharged from the military;

(7)   Citizen renunciates;

(8)   Persons subject to a domestic violence restraining order;

(9)   Persons convicted of a misdemeanor crime of domestic violence;

(10)  Persons under indictment.

This section provides information about each of these ten categories, based on statutory and regulatory text and court decisions interpreting them,[1] so that your agency can assess what records may be relevant.

---

[1]   Information in this section is based on the Gun Control Act of 1968, Title 18, United States Code (U.S.C.), Sections 921 and 922; Title 27, Code of Federal Regulations (C.F.R.), subpart 478.11; and court decisions interpreting those provisions.

USA00016666

### A.     Felons

Pursuant to 18 U.S.C. § 922(g)(1), any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" is prohibited from shipping, transporting, possessing or receiving firearms under federal firearms laws.

Please note the following three important things about this prohibitor:

- *First*, this category applies to any person who has been convicted—including by general court-martial—of any offense that is *punishable* by imprisonment for a term exceeding one year, whether or not such term of imprisonment was imposed.

- *Second*, the term "offense punishable by imprisonment for a term exceeding one year" does not include (a) any federal or state offenses pertaining to antitrust violations, unfair trade practices, restraints of trade or other similar offenses relating to the regulation of business practices, or (b) any state offense classified by the laws of the state as a misdemeanor and punishable by a term of imprisonment of two years or less.

- *Third*, what constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction that has been expunged, or set aside, or for which a person has been pardoned or has had civil rights restored, shall not be considered a conviction, unless such pardon, expungement or restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms.

Relevant Records.  Records that are relevant to this prohibitor include judgment and commitment orders from the courts.  As discussed below, the Department is undertaking the administrative burden of making convictions it secures accessible to the NICS.  If your agency secures convictions without collaborating with a U.S. Attorney's Office or another component of the Department, however, please make these records available to the NICS.

### B.     Fugitives from Justice

Pursuant to 18 U.S.C. § 922(g)(2), any person "who is a fugitive from justice" is prohibited from shipping, transporting, possessing or receiving firearms under federal firearms laws.  This prohibitor covers the following categories of individuals:

(1) Any person who has fled from any state to avoid prosecution for a felony or a misdemeanor;

(2) Any person who leaves the state to avoid giving testimony in any criminal proceeding;

(3) Any person who knows that misdemeanor or felony charges are pending against such person and who leaves the state of prosecution.

USA00016667

Note that a person is not a fugitive from justice merely because he or she has an outstanding civil traffic citation; a criminal warrant must have issued.

Relevant Records.  Records that are relevant to this prohibitor include misdemeanor and felony warrants and charging documents.  As discussed below, the Department is undertaking the administrative burden of making felony warrants, informations and indictments that it secures accessible to the NICS.  If your agency obtains felony warrants, informations and/or indictments without collaborating with a U.S. Attorney's Office or another component of the Department, however, please submit these records.  Please note that with respect to warrants, the Department is only undertaking this administrative burden with respect to felony warrants, not misdemeanor warrants.  Accordingly, if your agency secures misdemeanor warrants, you should ensure those warrants are available to the NICS.

C. **Persons Unlawfully Using or Addicted to Any Controlled Substance**

Pursuant to 18 U.S.C. § 922(g)(3), any person "who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))" is prohibited from shipping, transporting, possessing or receiving firearms under federal firearms laws.  ATF has clarified through regulations that this prohibitor covers the following categories of individuals:

(1) Any person who uses a controlled substance and has lost the power of self-control with reference to the use of the controlled substance;

(2) Any person who is a current user of a controlled substance in a manner other than as prescribed by a licensed physician.

Please note the following four important things about this prohibitor:

- *First*, unlawful use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before receiving a firearm.  Instead, the unlawful use only needs to have occurred recently enough to indicate that the individual is actively engaged in such conduct.  A person may be an unlawful current user of a controlled substance even though the substance is not being used at the precise time the person seeks to acquire a firearm.

- *Second*, an inference of current use may be drawn from evidence of recent use or possession of a controlled substance, or a pattern of use or possession that reasonably covers the present time.  For example,

    o A conviction for use or possession of a controlled substance within the past year; or

    o Multiple arrests for use or possession of a controlled substance within the past five years if the most recent arrest occurred within the past year.

4

USA00016668

- *Third*, for a current or former member of the Armed Forces, an inference of current use may be drawn from recent disciplinary or other administrative action based on confirmed drug use (*e.g.*, court-martial conviction, nonjudicial punishment or an administrative discharge based on drug use or drug rehabilitation failure).

- *Fourth*, the term "controlled substance" includes but is not limited to marijuana, depressants, stimulants and narcotic drugs. It does not include distilled spirits, wine, malt beverages or tobacco (as those terms are defined or used in Subtitle E of the Internal Revenue Code of 1986, as amended). *See* 21 U.S.C. § 802; 21 C.F.R. Part 1308. Marijuana is listed in the Controlled Substances Act as a Schedule I controlled substance. 21 U.S.C. § 812(c)(10). There are no exceptions in federal law for marijuana used for purported medicinal purposes. Accordingly, as a matter of federal law, anyone who uses marijuana, regardless of whether their state has passed legislation purporting to authorize marijuana use and regardless of whether they possess a state-issued marijuana card, is considered an "unlawful drug user" under 18 U.S.C. § 922(g)(3).

Relevant Records. Records that are relevant to this prohibitor include drug-related convictions, drug-related arrests and disciplinary or other administrative actions in the Armed Forces based on confirmed drug use. Therapeutic or medical records that are created in the course of treatment in hospitals, medical facilities or analogous contexts that demonstrate drug use or addiction should not be submitted to the NICS. Likewise, at this time, we are not requesting records of drug testing results. However, records of non-therapeutic admissions of drug use should be made available to the NICS to the extent your agency determines that doing so is appropriate. If your agency currently submits records beyond what is required by this Guidance, we ask that you continue doing so without modification.

As discussed below, the Department is undertaking the administrative burden of making drug-related federal convictions that it secures accessible to the NICS. If your agency obtains drug-related federal convictions without collaborating with a U.S. Attorney's Office or another component of the Department, however, please submit these records. Please note, however, that the Department is not undertaking the administrative burden with respect to drug-related *arrests*. These arrests may be created by your agency's law enforcement components and should be made available to the NICS.

### D. Persons Adjudicated "Mentally Defective" or Committed to a Mental Institution

Pursuant to 18 U.S.C. § 922(g)(4), any person "who has been adjudicated as a mental defective or who has been committed to a mental institution" is prohibited from shipping, transporting, possessing or receiving firearms under federal firearms laws. ATF has clarified through regulations that this prohibitor covers the following circumstances and categories of individuals:

5

USA00016669

(1) A determination by a court, board, commission or other lawful authority that a person, as a result of marked subnormal intelligence, or mental illness, incompetency, condition or disease:

- Is a danger to himself, herself or others; or
- Lacks the mental capacity to contract or manage his or her own affairs.

This includes (1) a person found to be insane by a court in a criminal case, and (2) a person found incompetent to stand trial or found not guilty by reason of lack of mental responsibility pursuant to articles 50a and 76b of the Uniform Code of Military Justice, 10 U.S.C. §§ 850a, 876b.

(2) A formal commitment of a person to a mental institution by a court, board, commission or other lawful authority. This includes commitment to a mental institution involuntarily, commitment for mental defectiveness or mental illness or commitment for other reasons, such as for drug use. It does not include a person in a mental institution for observation or a voluntary admission to a mental institution.

Please note the following four important things about this prohibitor:

- *First*, "mental institution" includes mental health facilities, mental hospitals, sanitariums, psychiatric facilities and other facilities that provide diagnoses by licensed professionals of mental retardation or mental illness, including a psychiatric ward in a general hospital.

- *Second*, "mental defective" does not include a person who has been granted relief from the disability through a qualifying federal or state relief from disability program as authorized by the NIAA.

- *Third*, "mental defective" also does not include a person whose adjudication or commitment was imposed by a *federal* department or agency, and:

    - The adjudication or commitment has been set aside or expunged, or the person has otherwise been fully released or discharged from all mandatory treatment, supervision or monitoring;
    - The person has been found by a court, board, commission or other lawful authority to no longer suffer from the mental health condition that was the basis of the adjudication or commitment, or has otherwise been found to be rehabilitated through any procedure available under law; or
    - The adjudication or commitment is based solely on a medical finding of disability, without an opportunity for a hearing by a court, board, commission or other lawful authority, and the person has not been adjudicated as a mental defective consistent with 18 U.S.C. § 922(g)(4), except that nothing in this section or any other provision of law shall prevent a federal department or agency from providing to the Attorney General any record demonstrating that

6

a person was adjudicated to be not guilty by reason of insanity, or based on lack of mental responsibility, or found incompetent to stand trial, in any criminal case or under the Uniform Code of Military Justice.

- *Fourth*, agencies that conduct mental health adjudications must provide both oral and written notice to the individual at the commencement of the adjudication process. Such notice must include:

    o  Notification that adjudication of the person as a mental defective or commitment to a mental institution, when final, will prohibit the individual from purchasing, possessing, receiving, shipping or transporting a firearm or ammunition under 18 U.S.C. § 922(d)(4) or § 922(g)(4);

    o  Information about the penalties imposed for unlawful possession, receipt, shipment or transportation of a firearm under 18 U.S.C. § 924(a)(2); and

    o  Information about the availability of relief from the disabilities imposed by federal laws with respect to the acquisition, receipt, transfer, shipment, transportation or possession of firearms.

Relevant Records.  Records that are relevant to this prohibitor include judgment and commitment orders, sentencing orders and court or agency records of adjudications of an individual's inability to manage his or her own affairs if such adjudication is based on marked subnormal intelligence or mental illness, incompetency, condition or disease.  This last category includes certain agency designations of representative or alternate payees for program beneficiaries.

### E.  Illegal/Unlawful Aliens and Aliens Admitted on a Non-Immigrant Visa

Pursuant to 18 U.S.C. § 922(g)(5), any person "who, being an alien, (A) is illegally or unlawfully in the United States; or (B) except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26))" is prohibited from shipping, transporting, possessing or receiving firearms under federal firearms laws.

Please note the following four important things about this prohibitor:

- *First*, permanent resident aliens are not prohibited under this section.

- *Second*, aliens who are unlawfully in the United States are not in valid immigrant, nonimmigrant or parole status.  The term includes any alien:

    o  Who unlawfully entered the United States without inspection and authorization by an immigration officer and who has not been paroled into the United States under § 212(d)(5) of the Immigration and Nationality Act (INA);

USA00016671

- o Who is a nonimmigrant and whose authorized period of stay has expired or who has violated the terms of the nonimmigrant category in which he or she was admitted;
- o Paroled under INA § 212 (d)(5) whose authorized period of parole has expired, or whose parole status has been terminated; or
- o Under an order of deportation, exclusion or removal, or under an order to depart the United States voluntarily, whether or not he or she has left the United States.

- *Third*, an alien lawfully present in this country without a visa (*e.g.*, from a visa-waiver country) is not prohibited from possessing a firearm under this section.

- *Fourth*, 18 U.S.C. § 922(y)(2) sets out the following exceptions to the general prohibition on firearms possession for aliens who have been admitted to the United States under a nonimmigrant visa:

  - o An alien who has been admitted to the United States for lawful hunting or sporting purposes.
  - o An alien who is in possession of a hunting license or permit lawfully issued in the United States.
  - o An official representative of a foreign government who is:
    - (1) Accredited to the United States Government or the Government's mission to an international organization having its headquarters in the United States; or
    - (2) En route to or from another country to which that alien is accredited.
  - o An official of a foreign government or a distinguished foreign visitor who has been so designated by the Department of State.
  - o A foreign law enforcement officer of a friendly foreign government entering the United States on official law enforcement business.
  - o An alien who has received a waiver from the Attorney General.

<u>Relevant Records.</u>  Records that are relevant to this prohibitor include deportation orders, visa applications (including denials) and immigration papers.

### F.     **<u>Persons Dishonorably Discharged from the Military</u>**

Pursuant to 18 U.S.C. § 922(g)(6), any person "who has been discharged from the Armed Forces under dishonorable conditions" is prohibited from shipping, transporting, possessing or receiving firearms under federal firearms laws.  ATF has clarified through regulations that this prohibitor covers:

8

A person whose separation from the U.S. Armed Forces was characterized as:

(1) A dishonorable discharge; or

(2) A dismissal adjudged by a general court-martial.

Please note the following two important things about this prohibitor:

- *First*, this prohibitor does not cover any separation from the Armed Forces resulting from any other discharge, such as a bad conduct discharge.

- *Second*, this prohibitor does not cover dishonorable discharges or dismissals that have been upgraded under the authority of a discharge review board or a board for the correction of military records.

<u>Relevant Records.</u>  Records that are relevant to this prohibitor include discharge records, court-martial records and disciplinary orders.

### G. <u>Citizen Renunciates</u>

Pursuant to 18 U.S.C. § 922(g)(7), any person "who, having been a citizen of the United States, has renounced his citizenship" is prohibited from shipping, transporting, possessing or receiving firearms under federal firearms laws.  ATF has clarified through regulations that this prohibitor covers a person who, having been a U.S. citizen, has renounced U.S. citizenship either:

(1) Before a diplomatic or consular officer of the United States in a foreign state pursuant to 8 U.S.C. § 1481(a)(5); or

(2) Before an officer designated by the Attorney General when the United States is in a state of war pursuant to 8 U.S.C. § 1481(a)(6).

Note that this prohibitor does not cover any renunciation of citizenship that has been reversed as a result of administrative or judicial appeal.

<u>Relevant Records.</u>  Records that are relevant to this prohibitor include Form DS-4083, Certificates of Loss of Nationality.

### H. <u>Persons Subject to a Domestic Violence Restraining Order</u>

18 U.S.C. § 922(g)(8) prohibits the shipping, transporting, possessing or receiving firearms under federal firearms laws by any person who is subject to a court order that—

- Was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

9

- Restrains such person from harassing, stalking or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; *and*

- Includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child, *or* by its terms expressly prohibits the use, attempted use or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury.

ATF has clarified through regulation that the term "intimate partner" means (1) the spouse of the person, (2) a former spouse of the person, (3) an individual who is a parent of a child of the person, and (4) an individual who cohabits or has cohabited with the person.

<u>Relevant Records.</u>  Records that are relevant to this prohibitor include protective orders.

I. <u>**Persons Convicted of a Misdemeanor Crime of Domestic Violence**</u>

Pursuant to 18 U.S.C. § 922(g)(9), any person "who has been convicted in any court of a misdemeanor crime of domestic violence" is prohibited from shipping, transporting, possessing or receiving firearms under federal firearms laws.  This prohibitor covers any person who has been convicted of a federal, state, local or tribal offense that meets all of the following criteria:

(1) The offense is a misdemeanor under federal, state, local or tribal law, *or*, in states that do not classify offenses as misdemeanors, is an offense that is punishable by imprisonment for a term of one year or less, and includes offenses that are punishable only by a fine (this is true whether or not the state statute specifically defines the offense as a "misdemeanor" or as a "misdemeanor crime of domestic violence");

(2) The offense has, as an element, the use or attempted use of physical force (*e.g.*, assault and battery), or the threatened use of a deadly weapon; and

(3) The offense was committed by a current or former spouse, parent or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent or guardian (*e.g.*, the equivalent of a "common law" marriage even if such relationship is not recognized under the law), or by a person similarly situated to a spouse, parent or guardian of the victim (*e.g.*, two persons who are residing at the same location in an intimate relationship with the intent to make that place their home would be similarly situated to a spouse).

Note that a person is not considered to have been convicted of a misdemeanor crime of domestic violence if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the jurisdiction in which the proceedings were held provides for the loss of civil rights upon conviction for such an offense), unless the pardon, expungement or restoration of civil rights expressly provides that the

10

USA00016674

person may not ship, transport, possess or receive firearms and the person is not otherwise prohibited by the law of the jurisdiction in which the proceedings were held from receiving or possessing any firearms.

Relevant Records. Records that are relevant to this prohibitor include convictions. As discussed below, the Department is undertaking the administrative burden of making convictions secured by its components accessible to the NICS. If your agency obtains convictions of domestic violence crimes without collaborating with a U.S. Attorney's Office or another component of the Department, please make these records available to the NICS.

### J.    Persons Under Indictment

Pursuant to 18 U.S.C. § 922(n), any person "who is under indictment for a crime punishable by imprisonment for a term exceeding one year" is prohibited from shipping, transporting or receiving firearms under federal firearms laws. ATF has clarified through regulations that this prohibitor covers:

(1) A person under indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted; or

(2) A military service member charged with any offense punishable by imprisonment for a term exceeding one year which has been referred to a general court-martial.

Note that the filing of a criminal complaint pursuant to Federal Rule of Criminal Procedure 3 is not sufficient for purposes of this prohibitor, but in some cases will be sufficient to demonstrate a prohibition under § 922(g)(2).

Relevant Records. Records that are relevant to this prohibitor include indictments and informations. As discussed below, the Department is undertaking the administrative burden of making indictments and informations it secures accessible to the NICS. If your agency creates these documents without collaborating with a U.S. Attorney's Office or another component of the Department, however, please make these records available to the NICS.

### II.    Records in an Agency's "Possession" and that Must Be Submitted to the NICS

This section provides guidance about which records are in an agency's "possession" within the meaning of the Presidential Memorandum and therefore must be submitted to the NICS. It is critical that you independently determine whether and where your agency houses each type of information relevant to determining if a person is disqualified from possessing or receiving a firearm. In identifying your agency's relevant records, please consider all subdivisions that may exist within your agency to ensure that your responses are comprehensive and representative of your entire agency.

We understand and expect that making relevant information available may impose burdens on agencies, including requiring changes in operating procedures, information technology solutions, amendments to governing documents or other alterations. However, some

11

USA00016675

additional burden does not by itself provide reason for an agency not to submit otherwise relevant information to the NICS. In the discussion that follows, we set forth some general principles to help agencies prioritize the submission of this information.

### A.   Distinction Between "Create" and "Possess"

The purposes of the NICS are not served by the submission of duplicative and potentially unreliable information. Because agencies cannot necessarily vouch for the reliability of records created elsewhere and because those records should be submitted to the NICS by their original creator, your agency should focus its efforts on ensuring the accessibility of records and information relevant to firearms background checks that the agency *creates*. By contrast, your agency generally need not focus on information that the agency merely *possesses* but that was created independently by another entity. If, however, your agency possesses relevant and reliable records created by a state or subdivision thereof, please make those records available to the NICS.

By "create" in this context, we mean information in your agency's possession that is generated by your agency, or by a third party at your agency's request or direction, in accordance with agency practices and procedures, such that you can vouch for its reliability. For example, the Department of Homeland Security *creates* records of deportation orders, which are relevant to the unlawful alien prohibitor. The Department of Justice *creates* indictments, even though the actual indictment is returned by a grand jury as an arm of a federal court. Conversely, the Department of Labor does not *create* records of dishonorable discharges. By *possess*, in contrast, we mean information that is contained in agency records or files but that was obtained in due course from sources or processes independent of the agency, and the reliability of which the agency has not corroborated.

Pursuant to the President's directive, as clarified by this Guidance, agencies have a general obligation to submit all relevant records that they "create" to the NICS. Note that the Department is requesting only records that your agency presently has (or, though the normal course, expects to have in the future); agencies need not create records specifically for the purpose of submitting them to the NICS.

To streamline the process and assist partner agencies, the Department is undertaking the administrative burden of making federal convictions, felony warrants, indictments and informations accessible to the NICS in the first instance, although to the extent that your agency currently makes such records available to the NICS, we ask that you continue to do so without modification. The Department can only submit records of which it is aware, however, and if your agency creates indictments or informations and/or convictions without the involvement of a United States Attorney's Office or a Department litigating division (*e.g.*, Criminal, Civil, Tax, Environment, Antitrust and Civil Rights), the Department is likely unaware of such records and cannot make them available to the NICS. Similarly, if your agency creates relevant warrants without the involvement of a United States Attorney's Office, a Department litigating division, or a Department law enforcement component (*e.g.*, ATF, DEA, FBI and USMS), the Department is also likely unaware of such records and will not be able to make them accessible to the NICS. We therefore ask that you make these records available to the NICS.

USA00016676

**B.     Special Circumstances that May Justify Exceptions to Agencies' General Obligation to Submit All Relevant Records that they Create**

The accuracy and efficacy of the background check system depends upon the greatest possible agency effort to submit all relevant records. The Department's consultation with affected agencies, however, made clear that there may be some limited circumstances in which narrow exceptions to the usual submission requirements might be warranted, particularly with respect to certain historical records. The following list is illustrative of the kinds of factors that may, in unusual cases, justify such an exception.

- *Where submission of the record would substantially undermine another program or policy interest.* For example, an agency may believe that submission of certain records, such as medical records created in a clinical setting, would present a serious deterrent to people seeking treatment, benefits or other services that the agency provides. In such cases, the agency must be able to show that the policy interests the agency seeks to protect substantially outweigh the countervailing interest in submission of all relevant records to the NICS.

- *Where submission would be inconsistent with confidentiality or limited use assurances made when the record was obtained.* For example, if an agency made a promise of confidentiality to secure a research subject's participation in a study, an exception to the general rule of submission might be justified. (In such cases, the agency should consider whether it makes sense to modify such confidentiality assurances on a prospective basis.)

- *Where previous record-keeping practices prevent the agency today from determining which records are relevant.* For example, if an agency makes relevant alternate or representative payee designations, but prior record-keeping practices make it impossible to determine whether those decisions were made on the basis of mental as opposed to physical disability, an exception may be justified. (In such cases, the agency should modify those record-keeping practices on a prospective basis in order to permit such a determination.)

- *Where the logistical hurdles associated with producing the records would be prohibitive.* For example, if an agency maintains paper records that, though potentially relevant, are many decades old, are unscannable and thus would need to be reviewed by hand, and are stored in boxes across multiple locations, the logistical burdens associated with submission of those records might be deemed insurmountable and justify an exception.

Please note that considerations like these will not always or even frequently justify an exception; the burden remains on the agency to establish that unusual circumstances justify a departure from the baseline obligation to submit all relevant records. Nor is the list exclusive; your agency may have a particular basis to argue for an exception that is not noted here.

13

If you believe your agency has a strong argument that some category of records should be exempt from submission on the basis of one or more of these factors, you should explain in detail in your Report and Implementation Plan (*see infra* Section IV.A) why a narrow exemption for those records is justified.

### III. Procedure for Submitting Relevant Records to the NICS and Ongoing Requirement to Update, Correct, Modify and/or Remove Records

Please review this section carefully if, based on the foregoing discussion, you determine that your agency does create relevant records within the meaning of this Guidance.

#### A. Databases to Which Relevant Records Should Be Submitted

In conducting the background check, the NICS compares the potential transferee's personal identifying information with information contained in three databases: the National Crime Information Center (NCIC), the Interstate Identification Index (III) and the NICS Index. The NCIC includes files of protection orders and sub-files on persons for whom arrest warrants have been issued by federal, state and local jurisdictions across the country. The III provides access to the criminal history record information of over 70 million people. The NICS Index, in turn, contains information that may not be in the NCIC or III but is relevant to firearm background checks.

If records are relevant to the NCIC or III, you should submit them to those databases, rather than the NICS Index, for two reasons. *First*, records submitted to the NCIC and III are available to federal, state and local authorities for a wide variety of law enforcement purposes. Accordingly, populating the NCIC and III has benefits not only for the firearms background check, but also for law enforcement more broadly. In contrast, the NICS Index can only be used during the course of a NICS background check.

*Second*, a "hit" in the NICS Index triggers an automatic denial of the firearm transfer. Therefore, contributors must "pre-validate" information before submitting it to the NICS Index; that is, they must confirm that a record is *independently adequate* to show that an individual is prohibited from shipping, transporting, possessing or receiving firearms before submitting it to the database. In order to pre-validate information, contributors must carefully examine the contours of a particular prohibitor and compare the information in the record against those contours. By way of example, drug-related arrests should not necessarily be submitted to the NICS Index. Although they can be relevant to determining whether someone is an unlawful user of a controlled substance, they do not independently establish that fact; such arrests only trigger the prohibitor if there are multiple arrests for use or possession within the past five years, with the most recent arrest occurring within the past year.

If an agency submits information to the NCIC or III, in contrast, it need not pre-validate the record; the NCIC and III have broader law enforcement purposes, and whether a record in either database in fact is prohibiting is a determination that the NICS will make on a case-by-case basis when they get a hit in those databases. An agency's efforts to comply with the

USA00016678

Presidential Memorandum will thus be simplified and facilitated by preferring the NCIC and III during submission.

To the extent your agency creates relevant records within the meaning of the term discussed in Part II.A of this Guidance, submission to the NCIC or III is available for the following prohibitors:

- Section 922(g)(1): *Felons*. Convictions should be submitted to the III.

- Section 922(g)(2): *Fugitives From Justice*. Warrants should be submitted to the NCIC.

- Section 922(g)(3): *Persons Unlawfully Using or Addicted to any Controlled Substance*. Convictions and arrests for drug use should be submitted to the III.

- Section 922(g)(4): *Persons Adjudicated "Mentally Defective" or Committed to a Mental Institution*. Court orders or arrest records that stem from a criminal action and relate to this prohibitor should be submitted to the III. All other relevant records, including agency determinations regarding inability to manage affairs, should be submitted to the NICS Index.

- Section 922(g)(8): *Persons Subject to a Domestic Violence Restraining Order*. All such protective orders should be submitted to the NCIC.

- Section 922(g)(9): *Persons Convicted of a Misdemeanor Crime of Domestic Violence*. All such convictions should be submitted to the III.

- Section 922(n): *Persons under Indictment*. Informations and indictments should be submitted to the III if they are accompanied by fingerprints or have a corresponding arrest record already filed in the III. Otherwise, they should be submitted to the NICS Index.

If, for any reason, the NCIC or III will not accept relevant records, please submit those records to the NICS Index.

    B.    <u>Mechanics of Making Relevant Information Available to NICS in Electronic Format</u>

Regardless of whether agencies submit to the NCIC, III or NICS Index, agencies should make relevant information available in an electronic format. Technical specifications for electronic submissions vary by database, with some databases requiring more pieces of information than others. For example, the NICS Index requires only the submission of a line of data, rather than the underlying records. Agencies should contact Ms. Tina B. Collins in the FBI's NICS Section at 304-625-7399 or by e-mail at tina.collins@leo.gov to obtain additional guidance.

USA00016679

C.  **Ongoing Requirement to Update, Correct, Modify and/or Remove Records**

The NIAA requires agencies to update, correct, modify or remove records that they submit to the NICS upon learning that the basis under which the agency submitted the record "does not apply, or no longer applies." An agency that submits records indicating that an individual has been adjudicated to be "mentally defective," for example, must remove the records from databases that are accessible to the NICS if the individual's right to receive firearms is subsequently restored as a matter of law. Agencies should contact the NICS to obtain technical specifications and additional information about how to update, correct, modify and/or remove records from the NICS database.

IV.  **Submission of Report and Implementation Plan and Annual Report**

Within 60 days of the issuance of this Guidance, the Presidential Memorandum directs all agencies to "submit a report to DOJ advising whether they possess relevant records, as set forth in the guidance, and setting forth an implementation plan for making information in those records available to the NICS, consistent with applicable law." Agencies that possess relevant records consistent with this Guidance are further directed to "submit a report to the President through the Attorney General" on an annual basis, describing their progress in submitting all relevant records to the NICS.

A.  **Contents of Report and Implementation Plan and Directions for Submission**

All agencies must submit a Report that advises the Department whether they possess relevant records. If your agency does not possess any relevant records within the meaning of the Presidential Memorandum and as discussed in this Guidance, you need only advise the Department of that fact in writing. If your agency does possess relevant records, however, your Report and Implementation Plan must describe the following areas with particularity:

1. The type and quantity of relevant records in your agency's possession, as well as the prohibitor(s) to which each type of records is relevant;

2. The extent to which your agency has been making each type of records available to the NICS, including a description and quantification of any deficiencies;

3. Any legal or other obstacles your agency anticipates or has experienced with regard to making available or increasing the availability of each type of records to the NICS and how it intends to overcome or resolve those obstacles;

4. Any efforts your agency has made or intends to make to increase the number of relevant records made available to the NICS; and

5. A work plan with target dates that sets forth your agency's plan to make available all relevant records in its possession to the NICS.

USA00016680

As discussed in Section II.B of this Guidance, if you believe that your agency should receive any exceptions from the general obligation to submit all relevant records that it creates, you must set forth your reasoning in this Report and Implementation Plan with particularity. At a minimum, your discussion must describe: (1) the relevant records at issue, including the estimated quantity of such records; (2) the prohibitor to which the records are relevant; (3) the specific challenges, burdens or conflicting interests your agency would encounter in submitting the records; and (4) any efforts you have undertaken to address or ameliorate those concerns.

<u>Directions for Submitting the Report and Implementation Plan</u>. To submit your agency's Report and Implementation Plan, please e-mail the document to nicsccc@leo.gov.

**B.     Contents of Annual Reports and Directions for Submission**

In addition to submitting a Report and Implementation Plan, agencies that possess relevant records must submit Annual Reports to the President through the Attorney General by October 1 of each year. The first report must be submitted no later than October 1, 2013. If an agency certifies in its annual report that it has made available to the NICS all relevant records that can be shared, and describes its plan to make new records available to the NICS and to update, modify or remove existing records electronically no less than quarterly, the agency need not submit further annual reports; instead, it will be required to submit an annual certification to the Department, attesting that the agency continues to submit relevant records and has corrected, modified or removed appropriate records.

As provided by the Presidential Memorandum, each Annual Report must describe:

1. The relevant records possessed by the agency that can be shared with the NICS consistent with applicable law;

2. The number of those records submitted to databases accessible by the NICS during each reporting period;

3. The efforts made to increase the percentage of relevant records possessed by the agency that are submitted to databases accessible by the NICS;

4. Any obstacles to increasing the percentage of records that are submitted to databases accessible by the NICS;

5. For agencies that make qualifying adjudications related to the mental health of a person, the measures put in place to provide notice and programs for relief from disabilities as required under the NIAA;

6. The measures put in place to correct, modify or remove records accessible by the NICS when the basis under which the record was made available no longer applies; and

USA00016681

7. Additional steps that will be taken within 1 year of the report to improve the processes by which records are identified, made accessible, and corrected, modified or removed.

<u>Directions for Submitting Annual Report</u>.  To submit your agency's Annual Report, e-mail the document to nicsccc@leo.gov.

18

USA00016682