# Ex. NN

```
 1              IN THE UNITED STATES DISTRICT COURT
 2              FOR THE WESTERN DISTRICT OF TEXAS
 3                     SAN ANTONIO DIVISION
 4
 5
 6   JOE HOLCOMBE, et al.      )   NO. 5:18-CV-00555-XR
 7   Plaintiffs                )      (Consolidated cases)
 8   -vs-                      )
 9   UNITED STATES OF          )
10   AMERICA                   )
11   Defendant                 )
12
13
14        Videotaped Deposition of Kimberly J. Del Greco
15                      Washington, DC
16                 Thursday, November 21, 2019
17                        11:55 a.m.
18
19   Job No: J4693104
20   Pages:  1-201
21   Reported by:  Kenneth Norris
22
```



```
 1   question 11(c); "Have you ever been convicted in any

 2   Court of a felony or any other crime for which the

 3   judge could have imprisoned you for more than

 4   one year?"

 5            How did Mr. Kelly respond?

 6            MR. STERN:  Objection, form.

 7            THE WITNESS:  He checked no on the form.

 8   BY MR. STERN:

 9       Q.   As you've now come to learn, was Devin Kelly

10   -- had Devin Kelly been convicted of a felony or a

11   crime for which the judge could have imprisoned him

12   for more than one year?

13       A.   Yes.

14       Q.   So did Kelly provide false information in

15   answering 11(c)?

16       A.   Yes, he did.

17       Q.   Had Kelly provided truthful answers to

18   11(c), would he have been permitted to purchase an AR

19   556?

20       A.   The FFLs prohibited from even initiating the

21   call with the NICS.

22       Q.   What do you mean by that?  If he marked yes,
```



```
 1   would they have been allowed to proceed with the sale?
 2             I'm sorry.  You're suggesting that the FFL
 3   would not have even contacted the FBI to initiate a
 4   background check, correct?
 5        A.   That's correct.
 6        Q.   It would have been a denial immediately
 7   because he was prohibited under the question of 11(c)?
 8        A.   That's correct.
 9        Q.   Same with question 11(i); "Have you ever
10   been convicted in any Court of a misdemeanor crime of
11   domestic violence."  How did Mr. Kelly answer that
12   question?
13        A.   He checked the box no.
14        Q.   As you've now come to learn, was Mr. Kelly
15   convicted in a Court of -- in a Court of a misdemeanor
16   crime of domestic violence?
17        A.   Yes.
18        Q.   So Kelly -- did Mr. Kelly provide false
19   information in answering 11(i)?
20        A.   Yes, he did.
21        Q.   Same question with regard to 11(c).  If he
22   had provided truthful answers to that question, would
```



```
 1   -- of an interview without an arrest, would you expect
 2   this form to be submitted into Triple I?
 3        A.   No.
 4        Q.   Is an arrest in and of itself a prohibited
 5   event --  a prohibitor under 922(g), offenses?
 6        A.   No.
 7        Q.   Let me ask that again because it was a
 8   terribly phrased question.
 9             Is an arrest an offense in and of itself
10   that is prohibited from an individual purchasing a
11   firearm under the Gun Control Act?
12        A.   The arrest, no.
13        Q.   In a final disposition form, if a component
14   of the armed forces submits a disposition form that
15   denotes an UCMJ violation, would that suffice to
16   trigger an automatic denial?
17        A.   It would not.
18        Q.   Why not?
19        A.   The NICS examiner has to research all of the
20   elements of the final disposition in order to
21   determine maximum conviction.  If it's a misdemeanor
22   crime of domestic violence, they would have to look at
```

