# Ex. RR

| | | |
|---|---|---|
| | | described in section 1801 of title 18, United States Code; (7) involves possession, production, or distribution of child pornography, (8) involves criminal sexual conduct involving a minor, or the use of the internet to facilitate or attempt such conduct, or (9) any conduct that by its nature is a sex offense against a minor. |
| 134 | 134-Y2 | An Assimilative Crime Conviction that (1) has an element involving the sexual contact with another, (2) involves kidnapping of a minor (except by a parent of the minor), (3) involves false imprisonment of a minor (except by a parent of the minor), (4) involves solicitation of a minor to engage in sexual conduct, (5) involves use of a minor in a sexual performance, (6) involves video voyeurism of a minor as described in section 1801 of title 18, United States Code; (7) involves possession, production, or distribution of child pornography, (8) involves criminal sexual conduct involving a minor, or the use of the internet to facilitate or attempt such conduct, (9) any conduct that by its nature is a sex offense against a minor, or (10) any assimilation of sections 1152, 1153, or 1591; or chapters 109A, 110 (but not 2257, 2257A, or 2258), or 117 of title 18, United States Code. |
| 80 | | Attempt (to commit any of the foregoing) |
| 81 | | Conspiracy (to commit any of the foregoing) |
| 82 | 082-A | Solicitation (to commit any of the foregoing) |

Notwithstanding the foregoing listed offenses, an offense involving consensual sexual conduct between adults is not reportable, unless the adult victim was under the custodial authority of the offender at the time of the offense.

Notwithstanding the foregoing listed offenses, an offense involving consensual sexual conduct is not a reportable offense if the victim was at least 13 years old and the offender was not more than 4 years older than the victim (as determined by dates of birth).

## Section 13N—Facilitating the Investigation to Disposition Process

**13.23. General Provision.** An effective military justice process starts with a timely, thorough, and accurate investigation. JA and investigative personnel, particularly AFOSI, must develop a collaborative relationship focused on integrating investigative efforts and the legal process. The goal is thorough, case-ready Reports of Investigation (ROIs), robust litigation preparation, and timely resolution of military justice cases. Although the remainder of this Section applies primarily to AFOSI and JA procedures, SJAs will establish local procedures to implement these goals for all investigations.

**13.24. Initial Process.** An effective team approach starts at the beginning of the military justice process. In matters involving alleged violations of the UCMJ or where the Military Extraterritorial Jurisdiction Act (MEJA) may apply, the AFOSI detachment will notify the local JA when substantive criminal investigations are initiated. At a minimum, the SJA will designate an attorney to provide initial counsel to the AFOSI case agent on the new investigation.

**13.25. Investigative Support Team.** The SJA will designate an investigative support team as early as practicable in the investigative process. The investigative support team will be composed of judge advocate(s), as well as civilian attorney(s) and paralegal(s) when appropriate,

who will work with the AFOSI case agent(s) during the investigation to provide legal support. Members of the investigative support team are not investigators and they must be careful not to depart from their role. The team should properly safeguard all attorney work-product material. *Hickman v. Taylor*, 329 U.S. 495 (1947); *United States v. Romano*, 46 M.J. 269 (C.A.A.F. 1997); *United States v. Vanderwier*, 25 M.J. 263, (C.M.A. 1987).

**13.26. Investigative Plan Development.** The attorney designated by the SJA and/or the investigative support team will receive a briefing on the initial investigative steps. The designated attorney or the investigative support team will continue the collaborative process during the development of the Investigative Plan and work with the AFOSI case agent in identifying potential criminal offenses for investigation, comparing the evidence in the case with the elements of proof for a given offense. JA will coordinate with the AFOSI case agent on subject interviews.

**13.27. Case Development.**

13.27.1. The investigative support team and AFOSI case agents will continue their collaborative efforts as the investigation proceeds. As appropriate, designated investigative support team members or JA staff members will attend AFOSI case review meetings. Likewise, AFOSI personnel are encouraged to attend relevant JA military justice meetings.

13.27.2. The investigative support team will review and update the initial proof analysis crafted by trial counsel to address the elements, evidence, anticipated objections, and potential defenses for each specification as appropriate, but at least on a monthly basis, for JA use. JA will discuss the results of the analysis with AFOSI. A final proof analysis will be completed contemporaneously with the publication of the ROI. This will also assist in pre-trial preparation efforts.

13.27.3. In accordance with AFI 51-1001, the SJA will initiate the coordination process as early as possible for MEJA cases.

**13.28. Disclosure and Reporting of Sensitive Case Information.** As a case develops, both the SJA and AFOSI are required to provide case information and status to higher commands through their respective reporting channels. To avoid compromising an on-going investigation, the SJA will not allow disclosure of sensitive investigative information without the AFOSI Detachment Commander's concurrence. Some examples of sensitive investigative information would include AFOSI investigative techniques, case leads, and confidential source information. Once a case proceeds to trial, the rules of discovery will control the release of any sensitive investigative information.

**13.29. Lessons Learned.** Within 30 days of the conclusion of trial, the SJA and available members of the trial team will conduct a "hot wash" with AFOSI to review case lessons learned. Other legal office personnel may attend at the SJA's and AFOSI detachment commander's discretion.

*Section 13O—Prescribed and Adopted Forms*

**13.30. Prescribed Forms.**

AF Form 304, Request for Appellate Defense Counsel

USA00018520