# Exh. G

# EXHIBIT E

Case 5:18-cv-00555-XR   Document 266-8   Filed 09/04/20   Page 3 of 12

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Case 5:18-cv-00555-XR   Document 246-5   Filed 08/03/20   Page 2 of 11

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| Joe Holcombe, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:28-cv-555-XR |
| United States of America | ) |
| | ) |
| *Defendant* | ) |

*(handwritten: Atres 6/29/20)*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Academy, Ltd., d/b/a Academy Sports & Outdoors
c/o David M. Prichard, Prichard Young, LLP, 10101 Reunion Place, Suite 600, San Antonio, Texas 78216

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: United States Attorney's Office (W.D. Tex.)<br>601 N.W. Loop 410, Suite 600<br>San Antonio, Texas 78216 | Date and Time:<br>07/22/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/24/2020

*CLERK OF COURT*

_____       OR       *Paul David Stern*
Signature of Clerk or Deputy Clerk                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* United States of America _____, who issues or requests this subpoena, are:

Paul David Stern, PO Box 888, Washington, DC 20044, Paul.David.Stern@usdoj.gov, (202) 616-2197

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:28-cv-555-XR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Case 5:18-cv-00555-XR Document 246-5 Filed 08/03/20 Page 5 of 11

ATTACHMENT TO SUBPOENA TO ACADEMY, LTD. ("ACADEMY")

## INSTRUCTIONS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are required to produce the documents and electronically stored information described below for inspection and copying at the time, date, and place set forth in the subpoena. Alternatively, and **as preferred by our office**, if none of the information to be produced is in hard-copy format, and the files are not too voluminous, you may produce documents via email or a drop-box service by **July 22, 2020**, after making arrangements with counsel. For any electronically stored information too voluminous or unable to be transferred via email or a file-sharing service, you may effect production by transferring electronic files to a compact disk or USB flash drive after communicating with counsel for the United States regarding an acceptable format, if the format is other than PDF, by a private delivery service (*e.g.*, FedEx, UPS) to:

Paul Stern
U.S. Department of Justice
Three Constitution Square
175 N Street, NE, 11th Floor, Rm. 129
Washington, DC 20002

**Please do not send U.S. mail to this address.**

If the documents are not all in electronic form, you may send copies of the subpoenaed documents via private delivery to that same address. If none of those options are viable, please follow the instructions on the subpoena for presentation of the documents for inspection and copying at the location listed on the subpoena. So that he may make required arrangements, please contact attorney Paul Stern at (202) 244-2452,

on or before **July 8, 2020**, and advise him of the method or methods of production that you will use to produce the documents and information responsive to the subpoena.

## DEFINITIONS

The definitions from Civil Rule 26(b) of the Western District of Texas Local Rules are applicable to this subpoena, including the following definitions.

**Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Concerning.** The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

**Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of those terms in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of the term "document."

In addition, for purposes of this subpoena, the following terms are defined:

**Academy.** The term "Academy" as used in this subpoena shall refer to Academy, Ltd. d/b/a Academy Sports & Outdoors, its employees, agents, attorneys, and all other natural persons, businesses, or legal entities acting in a representative capacity, unless otherwise specified.

**Academy Stores.** The term "Academy Stores" as used in this subpoena shall collectively refer to all Academy Ltd. d/b/a Academy Sports & Outdoors' retail locations.

**Academy Store 41.** The term "Academy Store 41" as used in this subpoena shall refer to Academy, Ltd. d/b/a Academy Sports & Outdoors' specific retail store located at 2024 N Loop, East San Antonio, Texas 78232.

**Firearms.** The term "firearm" used in these requests shall include, but is not limited to, the Ruger AR-556 Model 8500, and any other long-gun or modern sporting rifle. Pursuant to federal law and for purposes of this subpoena, the definition of "firearms" includes detachable magazines/ammunition feeding device sold in the box with the device.

**Ruger AR-556 Model 8500.** The term "Ruger AR-556 Model 8500" shall refer to the AR-556 semiautomatic rifle manufactured by Sturm, Ruger & Co. and packaged with a detachable magazine/ammunition feeding device capable of holding 30 rounds of ammunition. The term "Model 8500" can also be interchanged with "Stock Keeping Unit ("SKU") 8500."

**High capacity magazine.** The term "high capacity magazine" shall mean a detachable magazine/ammunition feeding device for a firearm that can hold more than fifteen (15) rounds of ammunition.

**ATF.** The term "ATF" as used in this subpoena shall mean the Bureau of Alcohol, Tobacco, Firearms and Explosives of the United States Department of Justice.

**Sutherland Springs Shooting.** The term "Sutherland Springs Shooting" means the mass shooting at the First Baptist Church in Sutherland Springs, Texas, perpetrated by Devin Kelley on November 5, 2017.

## REQUESTED DOCUMENTS

Please produce all of the following documents that are in your possession, custody, or control:

1. All Acknowledgment of Federal Firearms Regulations forms, and any documents attached to said form(s), signed by a representative of Academy and the ATF, from

November 25, 2015 through August 15, 2017, and all communications between Academy and the ATF concerning these documents.

2. All non-privileged documents and communications transmitted internally within Academy, from January 1, 2013 until December 31, 2016, concerning whether a detachable magazine is a component of a rifle for purposes of 18 U.S.C. § 921-931 (Brady Gun Control Act) or for purposes of the excise tax outlined in 27 C.F.R. § 3.61(a) as a component of a "completed firearm."

3. To the extent not already requested, all non-privileged documents and communications from January 1, 2013, until December 31, 2016, that (a) Academy either transmitted internally to its own employees or (b) Academy received from the ATF, concerning whether the sale of a "rifle" to an out-of-state purchaser is illegal pursuant to 18 U.S.C. § 922(b)(3) if such rifle is sold equipped with a magazine that is illegal under the state law of the state where the out-of-state purchaser is from.

4. All non-privileged documents containing Academy's policies, rules, practices, and/or procedures from January 1, 2013 until December 31, 2016, concerning modification to items in a completed firearm package received by Academy having a stock keeping unit ("SKU") number from a Federal Firearm Licensee ("FFL") distributor and/or wholesaler, including but not limited to modification through removing, switching, or replacing component parts.

5. All documents and communications concerning any instances in which Academy has modified any firearm received from an FFL distributor and/or wholesaler from January 1, 2013 until December 31, 2016, including but not limited to modification through removing, switching, or replacing component parts.

6. All documents and communications from January 1, 2013 until December 31, 2016, concerning instances in which Academy denied the sale of an AR-15 semiautomatic rifle with a high capacity magazines, such as the Model 8500 Ruger AR-556, to a resident of the state of Colorado and/or Maryland for any reason other than a denial through NICS, including but not limited to reports detailing why the transfer was not completed.

7. All documents and communications from January 1, 2013 through December 31, 2016, concerning instances in which Academy Store 41 declined to sell a firearm to an out-of-state resident because of the fact that the prospective purchaser was an out-of-state resident.

8. All non-privileged documents and communications from January 1, 2013 until December 31, 2016, containing Academy's policies, rules, practices, and/or procedures for all Academy stores located in Texas concerning the sale of modern sporting rifles to purchasers who present out-of-state identification.

9. To the extent not already requested, all documents Academy utilized from January 1, 2013 until December 31, 2016, to train, instruct, guide, or assist its employees specifically concerning the sales of the semiautomatic rifle with a high capacity magazines, such as the Model 8500 Ruger AR-556.

10. All non-privileged documents and communications from January 1, 2013 until December 31, 2016, concerning Academy's decision to sell no model of the Ruger AR-556 other than the Model 8500 Ruger AR-556.

11. All documents and communications, from January 1, 2013 until December 31, 2016, received from Lipseys, or any other FFL distributor and/or wholesaler, containing

language indicating any restrictions or limitations on sales of the Model 8500 Ruger AR-556.

12. All documents Academy utilized from January 1, 2013 until December 31, 2016, to train, instruct, guide, or assist its employees concerning the effect of Colo. Stat. § 18-12-302 on the sales of magazines and/or firearms.

13. To the extent not already requested, all non-privileged documents containing Academy's policies, rules, practices, and/or procedures from January 1, 2013 until December 31, 2016, concerning the sales of firearms to out-of-state residents.

14. All documents containing modifications to Academy's policies, rules, practices, and/or procedures concerning the sales of firearms to out-of-state residents made in response to the Sutherland Springs Shooting, including but not limited to modifications of employee training procedures.

15. All documents containing modifications to Academy's policies, rules, practices, and/or procedures concerning the sale of the Model 8500 Ruger AR-556 semi-automatic, AR-15 style assault rifle made in response to the Sutherland Springs Shooting, including but not limited to modifications of employee training procedures.

16. All non-privileged documents and communications from January 1, 2013 to the present, concerning the creation, purpose, development, publication and dissemination of all versions of Academy's Interstate Long Gun Purchase Map (including the version shown on Academy00110-111), including but not limited to communications between Academy and ATF related to ATF Investigator Daniel Mueller's email inquiry (produced as Academy002875) sent to Ms. Mylinda Jones on June 27, 2017, about an Academy Interstate Long Gun Purchase Map.

17. All documents showing Academy's annual profits for the years 2015-2017 from the sales of (a) all firearms, (b) modern sporting rifles, and (c) the Model 8500 Ruger AR-556 semi-automatic, AR-15 style assault rifle.

18. All documents showing Academy's annual training and supervision expenses for the years 2015-2017 from the sales of (a) all firearms, (b) modern sporting rifles, and (c) the Model 8500 Ruger AR-556 semi-automatic, AR-15 style assault rifle.