IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HOLCOMBE, et. al, | NO. 5:18-CV-00555-XR |
| | (consolidated cases) |
| Plaintiffs | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

**PLAINTIFF LOOKINGBILL'S RESPONSE TO
THE UNITED STATES' MOTION TO DISMISS**

Dalia Lookingbill, as next friend for R.T. ("Plaintiff") files this response to Defendant's motion to dismiss **[Dkt. 255]** pursuant to Fed. R. Civ. P. 12(b)(1). The motion should be denied because Plaintiff provided notice of the claim in accordance with 28 U.S.C. § 2675(a).

## INTRODUCTION

The Government filed a motion to dismiss the claims of Dalia Lookingbill brought on behalf of the minor R.T. contending that no claim was submitted to the Air Force on R.T.'s behalf. This is not true. R.T.'s claim was timely presented with a sum certain stated, and a sufficient description of the facts that allowed the Government to investigate her claims. The Government's entire position appears to be based on a search of an unidentified internal "database" that did not pull up the multiple notices of claim related to R.T. *See*, Gov't Mot. At 4.  But the standard under

1

the FTCA is not whether the government properly indexed a claim in their personal database, but whether the **Plaintiff** presented the claim properly to the government in the first place. R.T. did and so the Government's motion should be denied.

## FACTS

1. Joann Ward was killed by Devin Kelley at the massacre in Sutherland Springs, Texas. Joann and her children were attending services when Kelley entered the church and opened fire on the congregation. Kelley killed 26 people and wounded 22 others. (Complaint ¶ 3.44).

2. Ms. Ward's children in attendance at the church at the time Kelley began shooting were E.G. and R.T., and stepchildren B.W. and R.W. E.G. and B.W. were killed and R.T. and R.W. were severely injured. (Webster Declaration ¶ 2).

3. Counsel submitted a standard form 95 claim to the Air Force on behalf of Dwayne Garcia for the wrongful death of E.G. and for the personal injuries suffered by R.T. (identified then as R.W.). (See Webster Declaration Exhibit 5). In the personal injury/wrongful death section of the form, it states "Claimant brings this claim on behalf of himself and [R.W.] . . .Claimant also brings personal injury claims on behalf of [R.W.] for the injuries she sustained in the shooting." In the amount of claim section, it lists personal injury of $20,000,000.00 and for the wrongful death $30,000,000.00, for a total of $50,000,000.00. (*Id.*). The Air Force responded acknowledging the claim, assigned claim number 18-5486, and requested additional information. (See Webster Declaration, Exhibit 6).

4. Prior to the massacre, R.T. went by the last name Ward. Thus, the claim form initially referred to her in that manner. (Webster Declaration ¶ 6). Counsel subsequently learned that R.T.'s birth certificate listed her last name as Tristan but none of the family members left alive were aware of who R.T.'s father was. *Id*. Counsel also learned Joann Ward filed a paternity suit against Joseph Tristan but voluntarily dismissed the case before any resolution. Joseph Tristan never participated in R.T.'s life before the incident. As a result, Dalia Lookingbill filed an application with the Bexar County probate court to be appointed the permanent guardian for R.T. which the court subsequently granted. By letter dated May 16, 2018, counsel informed the Air Force that Dalia Lookingbill would act as the representative of R.T. (Webster Declaration ¶ 6 and Exhibit 14). Counsel also provided the Air Force a letter signed by Dalia Lookingbill confirming that the Webster Law Firm represented her as the representative of R.T. (*Id*. and Exhibit 15). After the court appointed Ms. Lookingbill as R.T.'s permanent guardian, counsel provided the Air Force with a copy of the order of appointment. (Webster Declaration ¶7 and Exhibit 16).

## ARGUMENT AND AUTHORITIES

A motion to dismiss under Rule 12(b)(1) may be decided by the Court based upon the complaint alone, the complaint supplemented by undisputed facts evident in the record, or the complaint supplemented by disputed facts resolved by the *Court. Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991); *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).

A plaintiff claiming that they were injured by the negligence of an employee of the United States must first present a written claim to the appropriate federal agency before actually suing the United States. 28 U.S.C. § 2675(a). Thus, "noncompliance with section 2675 deprives a claimant of federal court jurisdiction over his or her claim." *Adams v. United States*, 615 F.2d 284, 290 (5th Cir. 1980), *clarified by* 622 F.2d 197 (5th Cir. 1980).

The Fifth Circuit has consistently held that the notice requirement is satisfied if it provides (1) written notice of the claim sufficient to enable investigation and (2) a value of the claim. "A claim is properly presented within the meaning of 28 U.S.C. § 2675(a) when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim." *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1442, amended on other grounds on reh'g, 905 F.2d 61 (5th Cir. 1990); *see also, Williams v. United States,* 693 F.2d 555, 557 (5th Cir. 1982) (neither a form 95 nor any other particular form of claim is required as long as the agency is informed of the fact of and amount of the claim); *Crow v. United States,* 631 F.2d 28 (5th Cir. 1980) (neither a form 95 nor any other particular form is necessary to meet the FTCA requirements).

"The purpose of the FTCA's administrative-presentment requirement is to allow the federal agency promptly to investigate and, if appropriate, settle claims without having to resort to federal courts." *Pleasant v. United States*, 764 F.3d 445, 449 (5th Cir. 2014). The purpose of the claim procedure "will be served as long as a claim brings to the Government's attention facts sufficient to enable it thoroughly to

investigate its potential liability and to conduct settlement negotiations with the claimant." *Id*. quoting *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980).

In *Transco Leasing*, after a pilot died in a mid-air collision, a bank acting as the executor of the pilot's will sought to recover damages on behalf of the pilot's widow and daughter. *Id*. at 1439-40. The trial court dismissed the claims of the widow and daughter, concluding that they did not satisfy the notice requirements of the FTCA because the bank, rather than the claimants themselves, filed the notice of claim, and the widow was not identified as the claimant and the daughter was not even mentioned on the claim form. *Id*. at 1441. The Fifth Circuit reversed the dismissal stating that it was enough that the bank presented the claims on behalf of the family members and that "the administrative claim form submitted by the Bank, on behalf of the . . . widow and daughter, satisfied the jurisdictional notice requirements identified in *Adams*: (1) the agency was given sufficient written notice to commence investigation; and (2) a value was placed on the claim." *Id*. at 1444. And the court specifically rejected the government's argument that the claim was jurisdictionally deficient because it failed to comply with regulations promulgated under 28 U.S.C. § 2675(a).

> "In *Adams v. United States*, this court held that the jurisdictional notice requirements of § 2675(a) were not to be read in the light of the regulations promulgated pursuant to § 2672. The administrative claim form submitted by the claimants in *Adams* was not inadequate in content or detail, but the claimants failed to comply with a government request for additional information pursuant to § 14.4 of the regulations. This court held that such noncompliance by the claimants did not jurisdictionally bar their suit. The court stated the notice requirements of 28 U.S.C. § 2675(a) are independent of the regulations governing the settlement process promulgated pursuant to 28 U.S.C. § 2672, and that

5

> noncompliance with § 2672, and the regulations promulgated thereunder, "deprives a claimant only of the opportunity to settle his or her claim outside the courts." 615 F.2d at 290."

*Id.* at 1442. The government argued that the burden of identifying qualified claimants in the notice of claim should be on the one presenting the claim, not the government. But the court did not find the failure of the claim to identify the wrongful death beneficiaries by name a sufficient basis to bar the claims. *Id.* at 1443. "Albeit that the government is correct in its contention that [the widow and daughter] were not identified as the claimants on the administrative claim form in accordance with § 14.3(e) of the regulations, such compliance is not a jurisdictional requirement." *Id.*

The Fifth Circuit reaffirmed the requirements for proper notice under § 2675(a) in *Pleasant*. There, Nathan Chaney allegedly died as a result of the negligence of healthcare workers at the Overton Brooks VA Medical Center. Chaney's sister, Denise Pleasant, submitted a form 95 notice of claim to the government as administratrix of Chaney's estate and on behalf of Chaney's minor children. The government moved to dismiss the subsequently filed case contending that Pleasant did not have the capacity under state law to represent the minors when the claim was filed. 764 F.3d at 448. The district court granted the motion concluding that under Louisiana law claims by the minors could only be brought by their "tutors" and not the administratrix. *Id.*

The court reversed the dismissal. Even though Pleasant could not file a lawsuit on behalf of the minors the court held "that the notice of claim filed by Pleasant, because it gave written notice to the VA of the nature and value of the FTCA claims

6

arising from Chaney's death, was sufficient to preserve the children's claims." *Id.* at 449 citing *Transco Leasing* and *Adams*. The court stated that the FTCA does not require the person giving notice of the claim to have legal authority to pursue the beneficiaries' legal rights in court. *Id.* at 450. "To the contrary, we cited with approval the view that 'the administrative claims requirements of the FTCA are 'meant to benefit claimants and in no way are designed to preclude them from their day in court.' The requirements are 'intended to lessen the court case load through fair settlement, not procedural default.'" *Id.* (quoting *Van Fossen v. United States*, 430 F. Supp. 1017, 1017, 1022 (N.D. Cal. 1977)).  And the narrow technical view proposed by the Government in its motion is not just disapproved by the 5th Circuit, but most Circuits.[1]

R.T.'s notice of claim satisfied the jurisdictional requirements of § 2675(a). The claim for injury form submitted to the Air Force was sufficient to allow the Air Force to (1) to enable investigation of the claim and (2) placed a value on the claim. In the section for basis of the claim, the form states:

> "Due to the failure of the United States Air Force to follow proper procedure in updating all databases regarding criminal history and convictions, Devin Kelley was allowed to purchase firearms in the state of Texas and Colorado. After purchasing the firearms, he massacred dozens of civilians in Sutherland Springs, Texas on November 5, 2017, including the minor daughter of the claimant herein. Numerous other victims incurred serious injuries, including Claimant's other minor daughter [R.W.]. [E.G.], minor daughter of Claimant was killed by Kelley during the massacre." (Webster Dec. Exhibit 5).

---

[1] See e.g., GAF Corp. v. United States, 818 F.2d 901 (D.C. Cir. 1987); Broudy v. United States, 722 F.2d 566 (9th Cir. 1983); Avery v. United States, 680 F.2d 608 (9th Cir. 1982); Erxleben v. United States, 668 F.2d 268 (7th Cir. 1981); Odin v. United States, 656 F.2d 798 (D.C. Cir. 1981).

7

Under the section marked "Personal Injury/Wrongful Death" the form states:

> "Claimant brings this claim on behalf of himself and [R.W.], as wrongful death beneficiaries of his deceased daughter [E.G.], sister of R.W.. Claimant additionally brings a survival claim for the estate of [E.G.] Claimant also brings personal injury claims on behalf of [R.W.] for the injuries she sustained in the shooting."

And the claim provided an amount of $20,000,000 for personal injury and $30,000,000 for wrongful death.

Thus, the claim form filed on behalf of R.T. provided "sufficient written notice to commence investigation and the claimant places a value on the claim." *Transco Leasing*, 896 F.2d at 1442. Additionally, in correspondence with the Air Force subsequent to the claim, counsel identified Dalia Lookingbill as the appropriate representative of R.T. and her correct last name. (Webster Declaration ¶¶ 6 and 7, Exhibits 14-16). Counsel also provided the Air Force with the order appointing Ms. Lookingbill as R.T.'s permanent guardian. What's more, the Government acknowledged receipt of these notices and then corresponded with R.T.'s counsel requesting information on R.T.'s claim. (USAF Jennifer Freda emails, Webster Declaration ¶ 5, Exhibits 9, 10, 12). How does the Government argue, on the one hand, that no claim was filed when, on the other hand, they communicated with R.T.'s counsel about her claim? It's simple—the Government was placed on sufficient notice of R.T.'s claim and was investigating it accordingly.

## CONCLUSION

The Air Force was provided notice of R.T.'s claim, the information necessary to investigate it, and the dollar value of the claim. This satisfied the notice requirement of 28 U.S.C. § 2675(a), and the Government's Motion to Dismiss should be denied.

        Respectfully Submitted,

        /s/ Jason Webster
        **Jason Webster**
        jwebster@thewebsterlawfirm.com
        Texas Bar No. 24033318
        **The Webster Law Firm**
        6200 Savoy Drive, Suite 150
        Houston, TX 77036
        Counsel for Lookingbill

## CERTIFICATE OF SERVICE

By my signatures above, I certify that a copy of this pleading has been sent to the following on September 10, 2020 via the Court's CM/ECF notice system.

JOSEPH H. HUNT
Assistant Attorney General
United States Dept. of Justice
Civil Division

JOHN F. BASH
United States Attorney
Western District of Texas

KIRSTEN WILKERSON
Assistant Director, Torts Branch
United States Dept. of Justice
Civil Division

PAUL DAVID STERN
Trial Attorney, Torts Branch
United States Dept. of Justice
Civil Division

CLAYTON R. DIEDRICHS
Assistant United States Attorney

JIM F. GILLIGAN
Assistant United States Attorney

JOHN PANISZCZYN
Civil Chief
United States Attorney's Office
Western District of Texas

JAMES G. TOUHEY, JR.
Director, Torts Branch
United States Dept. of Justice
Civil Division

STEPHEN E. HANDLER
Senior Trial Counsel, Torts Branch
United States Dept. of Justice
Civil Division

STEPHEN TERRELL
Trial Attorney, Torts Branch
United States Dept. of Justice
Civil Division

JAMES E. DINGIVAN
Assistant United States Attorney