IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, ET AL.<br>*Plaintifsf* | §<br>§<br>§ | |
| | § | SA-18-CV-00555-XR |
| -vs- | §<br>§ | |
| UNITED STATES OF AMERICA,<br>*Defendant* | §<br>§<br>§<br>§ | |

# ORDER

On this date, the Court considered Academy's motion to quash (docket no. 246). After careful consideration, the Court issues the following order.

## BACKGROUND

The Court, pursuant to an agreement reached by Academy, Ltd., d/b/a Academy Sports & Outdoors ("Academy") and the Government in docket no. 248, previously dismissed the motion to quash without prejudice in light of the cross-motions for summary judgment filed in this case.[1] During a conference held on October 21, 2020, that considered certain Plaintiffs' motion to strike the designation of Academy as a responsible third party[2], the Government indicated that it still required discovery from Academy. The Court now reconsiders the motion to quash.

On June 24, 2020, the United States issued a subpoena to Academy pursuant to Fed. R. Civ. P. 45 requesting that it produce documents responsive to 18 different requests. *See* docket no. 246, Ex. E. In its motion to quash, Academy argues that it "has already produced more than 6,000

---

[1] The Court intended to defer ruling on the motion to quash until such time as it ruled on the pending cross motions for summary judgment; however, although the Court still needs to devote additional attention to the dispositive motions it has become apparent that material fact issues exist and the parties in this case should proceed with tackling this discovery dispute.

[2] The motion was denied without prejudice in open court on October 21, 2020.

1

pages of documents covering all relevant issues for the relevant time period of Devin Kelley's purchase. Academy has also already provided the sworn testimony of four separate Academy employees—including each Academy employee who had any involvement in, or oversight of, the Devin Kelley transaction and Academy's head of compliance/corporate representative—covering all relevant topics outlined in the government's Deposition Subpoena." Docket no. 246 at 1. Academy requests that the subpoena be quashed because the Government is engaged in "abusive, harassing" behavior and the subpoena seeks documents already in the Government's possession. *Id.* Further, Academy argues that some of the requests seek documents that are not relevant nor proportional because the Government seeks "documents and information from years before the subject sale and unrelated to the subject sale, all of which are wholly unrelated to Devin Kelley." *Id.* at 7.

On July 23, 2020, the Government served upon Academy a Subpoena to Testify at a Deposition, pursuant to Fed. R. Civ. P. 30(b)(6) and 45, identifying five different matters (not including subparts) for examination. *See* docket no. 246, Ex. G. Academy argues that the deposition of its corporate representative yet again would yield the same information that is already in the possession of the Government.

Finally, with respect to both subpoenas, Academy argues that it is immune from discovery in this case because of the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. §§ 7901, *et seq*.

## ANALYSIS

**I.     PLCAA**

"Congress enacted the PLCAA upon finding that manufacturers and sellers of firearms 'are not, and should not, be liable for the harm caused by those who criminally or unlawfully misuse

firearm products … that function as designed and intended.' *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1135 (9th Cir. 2009) (quoting 15 U.S.C. § 7901(a)(5)). To this end, the PLCAA provides that federal courts must 'immediately dismiss[ ]' a 'qualified civil liability action.' 15 U.S.C. § 7902(b). A qualified civil liability action encompasses, *inter alia*, civil actions 'brought by any person against a manufacturer or seller of a qualified product ... for damages ... or other relief, resulting from the criminal or unlawful misuse of a qualified product by the person or a third party, but shall not include [specified enumerated exceptions.]' *Id*. § 7903(5)(A)." *Prescott v. Slide Fire Sols., LP*, 341 F. Supp. 3d 1175, 1187 (D. Nev. 2018).

In this case the Government sought to identify Academy as a responsible third party pursuant to Tex. Civ. Prac. & Rem. Code sections 33.004, *et seq*. Docket no. 150.  The Court issued an Order granting the motion (Docket no. 160), noting that "the filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person: (1) does not by itself impose liability on the person" pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 33.004.

If there is sufficient evidence, a responsible third party's percentage of responsibility is submitted to the fact finder.  "Percentages of responsibility are determinative as to the ultimate judgment including whether joint and several liability exists for the damages recoverable by the claimant.  Specifically, if the percentage of responsibility attributed to a defendant with respect to a cause of action is greater than 50%, the defendant is jointly and severally liable.  Thus, the submission to the jury to determine percentage of responsibility of responsible third parties potentially diminishes the named defendant's percentage of fault as well as potentially eliminate[s] joint and several liability.  The granting of leave to designate a responsible third party or a finding of fault against that person does not, absent joinder as a defendant, impose liability on the

responsible third party and may not be used in other proceedings, on the basis of res judicata or collateral estoppel. That is, the judgment may not be enforced or collected as to a designated responsible third party." 1 McDonald & Carlson Tex. Civ. Prac. § 5:78 (2d. ed.) (citations omitted).

Inasmuch as any judgment may not be enforced or collected against Academy in this case, the designation as a responsible third party does not meet the definition of a "qualified civil liability action" under 15 U.S.C. § 7903(5). Accordingly, any objection by Academy that it does not need to cooperate in the discovery process in this case is overruled. The Court now turns to the issue of whether the Government's requests are overly broad or seeks documents already in its possession.

## II. Current Discovery Dispute

In light of the agreement referenced above, the Government did not file a response to the now dismissed motion to quash. The Government is ordered to meet and confer with Academy regarding these discovery requests. If the parties cannot reach an agreement, Academy may file a new motion to quash and the Government is ordered to respond explaining why any additional documents are required from Academy and why any additional depositions of Academy representatives or employees are required. The Court recognizes that the previous discovery responses and depositions were taken in the state court proceedings. In the event that the issue in this discovery dispute concerns the admissibility of any of the documents or depositions, the Government and Plaintiffs are ordered to meet and confer in order to resolve any such evidentiary concerns.

It is so **ORDERED**.

**SIGNED** this 22nd day of October, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE