IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, et. al, | § | NO. 5:18-CV-00555-XR |
| | § | (Consolidated cases) |
| Plaintiffs | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES OF | § | |
| AMERICA, | § | |
| | § | |
| Defendant | § | |
| | § | |

**DEFENDANT UNITED STATES' RESPONSE TO ACADEMY, LTD., D/B/A ACADEMY SPORTS + OUTDOORS' MOTION TO QUASH AND FOR PROTECTION FROM SUBPOENA SEEKING ORAL TESTIMONY**

On November 5, 2019, the Court granted the United States' motion for leave to designate Academy, Ltd., d/b/a Academy & Outdoors ("Academy") as a responsible third party in the above-captioned consolidation actions arising from the mass shooting at the First Baptist Church of Sutherland Springs on November 5, 2017. ECF No. 160; *see also* Tex. Civ. Prac. & Rem. Code 33.001. Since then, the United States has continuously worked with Academy in a cooperative effort to obtain the requisite discovery in the least intrusive manner, including having agreed to reword its document subpoena at Academy's request, delaying discovery disputes in the hope they may become moot, and accepting Academy's representation that no additional relevant documents remain outstanding. Now, as the United States seeks a single deposition to pursue its responsible third party claim, Academy alleges the government's request is an "abusive, harassing, and overly broad demand for testimony." ECF No. 319 at 1. Even if the United States

1

were permitted to use the deposition testimony of Academy employees taken in the state proceedings as admissible evidence in the federal action – a presumption that is far from clear – the government should nonetheless be permitted to take a single deposition to fill in the gaps of that testimony and ask its own questions to advance its claims and defenses. The government's request is eminently reasonable.

## BACKGROUND

On January 31, 2020, the United States sent counsel for Academy its first subpoena *duces tecum* pursuant to Rule 45 of the Federal Rules of Civil Procedure. Counsel for Academy then requested a meet and confer, during which time they requested that the government reissue its subpoena and limit its request to documents that had already been produced in *Chris Ward, et al. v. Academy, Ltd.*, Case No. 2017-CI-23341, Bexar County District Court, 224th Judicial District, and in any cases consolidated with that case ("Consolidated Texas Cases"). Academy counsel made the request in order to advance its Protection of Lawful Commerce in Arms Act ("PLCAA") defense, while concurrently seeking a protective order, and guard against Plaintiffs from using the federal action as an end-run around the limited discovery orders in the state proceedings. Academy counsel assured the government that the documents would include all relevant material pertaining to the United States' responsible third party designation. The United States agreed to the request under the condition that it reserved its right to seek additional discovery, if warranted.

On March 5, 2020, the United States issued its more narrowly tailored document subpoena. Following motions practice, which resulted in the filing of a protective order that mirrors the order in the state action, Academy produced to the United States the

2

documents it had produced in the state actions, as well as transcripts for depositions of four of its employees.

After reviewing the produced material, the United States sought additional documents and information proportional to its theories against Academy as a responsible third party.  The United States issued a second document subpoena on June 24, and a corporate representative deposition subpoena ("Rule 30(b)(6) deposition subpoena") on July 23, 2020.  Academy served upon the United States its objections and filed a motion to quash on August 3, 2020.  *See* ECF No. 246.  As the government and Plaintiffs were in the process of filing cross-motions for summary judgment at that time, the United States attempted to avoid a potentially needless dispute with Academy and agreed to stay any and all discovery requests until after the Court ruled on the dispositive motions.  The government and Academy filed a joint motion reflecting that agreement.  ECF No. 248.

Pursuant to the Court's Order instructing the government and Academy to meet and confer on the outstanding discovery requests, *see* ECF No. 303, the parties recommenced discussions on November 16, 2020.  As a result of those good-faith discussions, which included detailed conversations about the documents and testimony provided in the state action, the United States accepted representations by Academy counsel that additional documents either did not exist or would only be produced pursuant to a Court order.  Consequently, the United States agreed to withdraw its second document subpoena.  The government, however, notified Academy counsel that it still

sought a Rule 30(b)(6) deposition of Academy's corporate representative to address several outstanding issues.[1]

## ARGUMENT

Federal Rule of Civil Procedure 26 allows for discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Although Rule 45 governs subpoenas served on nonparties, this Court applies "the same relevance and proportionality limitations encompassed by Rule 26 to motions to quash in the context of Rule 45. . . ." *Perez v. Boecken*, SA-19-CV-00375-XR, 2019 WL 5080392, at *2 (W.D. Tex. Oct. 10, 2019).  As relevant here, a subpoena may be quashed or modified if the subpoena "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).  A court in this jurisdiction has held that "[o]n a Rule 45(d)(3)(A) motion to quash or modify a subpoena, the moving party has the burden of proof." *Don Stevenson Design, Inc. v. TBP Enterprises I, LTD.*, No. 5:16-CV-01128-RCL, 2018 WL 6704466, at *3 (W.D. Tex. Dec. 19, 2018) (citation omitted).  That burden has been noted to be "particularly heavy to support a motion to quash as contrasted to some more limited protection[,]" such as

---

[1] Academy asserts that the United States has not issued a new deposition subpoena since its July 23 subpoena. ECF No. 319 at 6.  However, Academy fails to acknowledge that the parties conferred on this specific issue and agreed to rely on the July 23 subpoena, lest the parties further delay by identifying an arbitrary date for a deposition and reissuing a second subpoena that both parties knew would be contested.  Again, the government sought to work collaboratively with Academy only to have that effort used as a sword in this litigation.

modifying a subpoena. *Granados v. State Farm Lloyds*, No. DR-10-CVA-13-AML-VRG, 2010 WL 11597707, at *1 (W.D. Tex. June 2, 2010).

This Court held that the government's designation of Academy as a responsible third party "does not meet the definition of a 'qualified civil liability action' under 15 U.S.C. § 7903(5)" and, as such, "any objection by Academy that it does not need to cooperate in the discovery process in this case is overruled." ECF No. 303 at 4. Nonetheless, Academy seeks to avoid cooperating in this discovery process by claiming that it already has adequately participated.

Academy cites its previous depositions in the Consolidated Texas Cases to argue that an additional deposition will produce duplicative testimony. Academy's position assumes that the United States can automatically use testimony from the four depositions of its representatives in the Consolidated Texas Cases in this litigation. Rule 32(a)(8), however, imposes requirements that may handicap the United States in utilizing that testimony in this litigation. Moreover, even if the previous depositions are admissible in this action, the United States should be permitted to take a Rule 30(b)(6) deposition to address issues that were not thoroughly covered in the previous depositions. While the United States is willing to continue working with Academy to avoid duplicative testimony and focus the scope of the inquiry, the request for a single deposition is neither unduly burdensome nor overly broad.

**I.      The United States should be granted an opportunity to depose Academy's corporate representative because future use by the United States in these proceedings of the four Academy employee's deposition testimony in the Consolidated Texas Cases is not guaranteed under Rule 32(a)(8).**

Academy contends that the government already has the deposition testimony of Academy employees stemming from the state actions and therefore does not need to take its own deposition. However, that argument assumes that the United States will be able to use the deposition testimony transcripts in this action as admissible, non-hearsay evidence. Rule 32(a)(8) states that, "[a] deposition lawfully taken and, if required, filed in any federal-or-state-court action may be used in a later action involving the *same subject matter* between the *same parties.*" Fed. R. Civ. P. 32(a)(8) (emphasis added).

In *Powertrain, Inc. v. Ma*, the Fifth Circuit upheld the lower court's decision to bar at trial plaintiff's (Powertrain) attempt to introduce deposition testimony of two witnesses taken during litigation against a non-party (Honda) because the litigation against defendant (Ma) did not meet the "same parties" requirement under Rule 32(a)(8). 640 Fed.Appx. 263, 265 (5th Cir. 2016). The Court further held that the party attempting to introduce deposition testimony from a prior proceeding is required to make a showing, before the deposition is admissible, that the witness giving the deposition is unavailable or that exceptional circumstances justify admission of the deposition. *Id.* (citing *Jauch v. Corley*, 830 F.2d 47, 49-50 (5th Cir. 1987)).

The United States is not necessarily the same party as Plaintiffs for purposes of Rule 32(a)(8). The United States did not have the ability to participate in the previous depositions or structure the content of the inquires made by counsel for Plaintiffs in their depositions. Furthermore, should the United States be forced to rely solely on the state court testimony, it would be obligated to first demonstrate that Academy's corporate

6

representative in the state actions is unavailable to testify at trial or that other exceptional circumstances exist to justify the admission of prior deposition testimony at trial. By granting Academy's motion to quash and for protective order against oral testimony in a 30(b)(6) deposition, the Court may create an unintended adverse consequence to the government's ability to present all relevant claims and defenses because of the strictures of Rule 32(a)(8).

To be clear, the United States is agreeable to entering into stipulations with all parties (including Plaintiffs) regarding the admissibility of the four depositions taken in the state proceedings. And, if the Court rules that the depositions are admissible, it may significantly narrow the scope of any future deposition. However, as discussed below, such admissibility should not foreclose the ability of the government to take its own deposition to address a narrow scope of outstanding topics.

### II.     The United States Should Be Entitled to Take Its Own Deposition of Academy to Address A Narrow Scope of Topics.

For purposes of Rule 26(b)(1), the phrase "relevant to any party's claim or defense" is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case." *Granados*, 2010 WL 11597707, at *2 (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). If the information sought by the party meets this definition, the request is "proportional to the needs of the case," it is discoverable as a general matter. *See* Fed. R. Civ. P. 26(b)(1).

Here, even if the government were permitted to use the state depositions as substantive evidence, not all relevant topics have been adequately addressed by

7

Academy. As a brief example, during the deposition of Danielle Smith (Kelley's widow) for this federal action, which occurred more than a year after the Academy depositions in the state action, she testified that when Kelley attempted to purchase the AR-556 in April 2016, the store clerk had to talk to the manager because of an issue with his Colorado driver's license and the manager "overrode" the issue. *See* Ex. A (Smith Dep. at 151-53). This topic has not been thoroughly addressed in the previous Academy depositions taken in the state court action. This testimony conflicts with then ▇▇▇▇ ▇▇▇ ▇▇▇, who testified ▇▇ ▇▇▇▇▇ deposition ▇▇▇▇▇ ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

As another example, Academy has provided ▇▇ documents ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇ The ▇▇ documents ▇▇ ▇▇▇▇▇▇▇ ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ Academy's ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ ▇▇▇▇ However, these documents do not provide answers to appropriate inquiries, ▇▇▇▇▇▇▇▇▇▇

8

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████ These subject areas were not explored in detail in the state depositions.

Moreover, while the United States has a base-line understanding of the types of measures Academy adopted ███████████████████████████████████████ ███████████████████████████████ the United States is entitled to look beyond what ████████████████████ documents state and gain an understanding of Academy's reasons for implementing ███████████████████████████████████████████ █████████████████████████████████████. Furthermore, the United States is entitled to probe certain details, including but not limited to, protocol for Academy employees when faced with particular situations and factors in its sales. Explanations provided at the requested Rule 30(b)(6) deposition will certainly allow the United States to assess whether, for example, the transaction on April 7, 2016 was performed without reasonable care given the procedures in place, and/or whether Academy's measures taken toward anticipating out-of-state buyers increased risk of harm to the Plaintiffs in this case. The United States should be entitled to pursue these avenues of discovery.

### III.     *Only Academy has access to the information sought by the United States.*

Proportionality is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *JP Morgan Chase Bank, NA v. DataTreasury Corporation*, 936 F.3d 251, 259 (5th Cir. 2019) (citing Fed. R. Civ. P. 26(b)(1)).  The only source for the information sought by the government's 30(b)(6) Subpoena is Academy.  No other entity or corporate representative can explain Academy's policies, internal discussions related to the creation of training and legal guidance documents that are used by store employees, or its practices in complying with federal, state, or local regulations.

The request for a Rule 30(b)(6) deposition is not overly burdensome.  To date, Academy has only needed to reproduce the material it disclosed in the state proceedings.  The government has attempted to work cooperatively with Academy at every turn of this litigation, including limiting its requests to its previous disclosures.  Seeking a single deposition is a narrowly tailored and eminently reasonable request in a case of this magnitude.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court denies Academy's motion to quash and for protective order and order it to comply with the United States' subpoena.

Dated: January 19, 2021

                                                Respectfully submitted,

**JOHN V. COGHLAN**
Acting Assistant Attorney General
Civil Division

**GREGG N. SOFER**
United States Attorney

**STEPHEN E. HANDLER**
Senior Trial Counsel, Torts Branch
Civil Division

/s/ Paul David Stern
**PAUL DAVID STERN**
**JOCELYN KRIEGER**
**DANIEL P. CHUNG**
Trial Attorneys, Torts Branch
Civil Division
United States Department of Justice
UNITED STATES OF AMERICA

## **CERTIFICATE OF SERVICE**

I certify that on January 19, 2021, I electronically filed the foregoing with the clerk of court by using the CM/ECF system, and that all counsel of record have received notice and been served through that system.

/s/ Paul David Stern
**PAUL DAVID STERN**