IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HOLCOMBE, et. al, <br> Plaintiffs <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br> Defendant | NO. 5:18-CV-00555-XR <br> (consolidated cases) |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO CONTINUE TRIAL; AND MOTION FOR A REMOTE TRIAL

Plaintiffs file their response to the Government's motion to delay the trial and request the Court order a remote trial. The Court should deny Defendant's motion because Defendant has not shown good cause for a continuance. The Court should grant Plaintiffs' Motion to Conduct a Remote Trial in order to ensure justice is timely obtained for the remaining Plaintiffs in this matter.

## INTRODUCTION

For over three years, the Sutherland Springs shooting victims have waited for their day in court. Plaintiffs are cognizant of the concerns associated with the COVID-19 pandemic, but those concerns must be balanced with the rights of the parties seeking justice. Since this lawsuit was filed, four named Plaintiffs have passed away. Texas law compounds this loss of life because the wrongful death statute destroys their claims too. So, the Plaintiffs that perished waited three years to receive justice for their loss of

companionship and mental anguish that the government's own experts concede was serious. But now, those claims are forever lost. Another Plaintiff is currently receiving home hospice care, and several more are over the age of 75.[1] Now, more than ever, for these Plaintiffs, justice delayed is justice denied.

The Court may balance the concerns regarding COVID-19 exposure with the Plaintiffs' right to timely justice by holding the trial virtually, via Zoom.[2] Because this Court has held multiple Zoom hearings in this matter and a majority of litigation has now been conducted via zoom, the parties are already well-accustomed to appearing virtually. And because this matter will be tried to the bench, the challenges presented by a remote jury trial will not be present here.

## ARGUMENT

1. ***The Court should deny the Government's motion to delay.***

This is not a case that warrants a continuance because the parties can safely proceed. For example, this Court most recently held an FTCA bench trial in a safe manner. *Islas v. United States*, SA-19-CV-00322-XR, 2020 WL 7488172 (W.D. Tex. Dec. 17, 2020). Likewise, the same local U.S. Attorneys' office litigating this case will be trying an FTCA case in this Court on February 1, 2021, while observing COVID-19 protocols. *Towry v. United States,* SA-

---

[1] Lula White, Jose Rodriguez, Guadalupe Rodriguez, and Patsy McCain recently passed. Claryce Holcombe is in hospice care. And Joe Holcombe is 89 years of age, Margarette Vidal 77, and Farida Brown 77.

[2] Plaintiffs state "Zoom" throughout but are amenable to utilizing any remote videoconferencing platform preferred by the Court.

17-CV-00509-JKP (W.D. Tex.). And this Court's most recent guidance mandates only the continuance of "civil and criminal **jury** trials scheduled to begin on any date from now through **February 28, 2021**."[3] The trial in this matter is not set until April 5, 2021. Moreover, on July 15, 2020, Judge Garcia issued a Standing Order setting forth general rules and policies for remote proceedings, making clear that such proceedings have become the "new normal."[4]

Proceeding virtually is also the only way to ensure that these litigants, many of whom the Defendant expressly concedes "are elderly and have pre-existing health issues," actually receive their day in Court. Def. Mtn. at 5; *see also id.* at 16 ("The Court has previously noted that many of the Plaintiffs are elderly, causing it concern with the scheduling of this case."). Given the number of Plaintiffs' deaths that have occurred thus far, trial in this case must not be further delayed. Such delays only benefit the Defendant and prejudice Plaintiffs. To be sure, that prejudice is the most severe kind as it involves the eradication of those Plaintiffs' legal rights.

Moreover, the Federal Rules expressly "permit testimony in open court by contemporaneous transmission from a different location," for good cause,

---

[3] Ex. A, Twelfth Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic," (Jan. 7, 2021, available at: https://www.txwd.uscourts.gov/wp-content/uploads/2021/01/Order-twelfthSupplementalCOVID010721.pdf (last accessed Jan. 21, 2021) (emphasis added). This Order further encourages parties to participate "by telephone or video." *Id.*

[4] Ex. B, "Standing Order Regarding Telephone or Videoconference Hearings," Jul. 15, 2020, available at: https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/Standing%20Order%20Regarding%20Telephone%20Or%20Video%20Teleconference%20Hearings%20SA%20071520.pdf (last accessed Jan. 21, 2021).

in compelling circumstances and with the appropriate safeguards. Fed. R. Civ. P. 43(a). The Court may use appropriate safeguards, as courts across the country have demonstrated. Thus, the Defendant's Motion should be denied.

2. ***Across the country, courts try cases remotely.***

Federal and state courts have conducted trials and other pre-trial proceedings via Zoom.[5] In fact, the Government neglected to mention in its motion that the **same** Washington D.C. DOJ office litigating this case **agreed** to **three** zoom remote trials of a high-profile FTCA case involving approximately 100 plaintiffs sexually assaulted by the VA. In *Leininger v. U.S.A.,* 2:16-CV-2627, *Doe, D.P. v. U.S.A,,* 2:16-CV-2267, and *Doe v. U.S.A.,* 2:16-CV-02315,[6] the Federal District Court for the District of Kansas held zoom trials after the pandemic started and rendered verdicts against the Government in all three cases. The last judgment was issued on January 15, 2021, just a week before the Government filed its continuance request in this case.

And in not one of those three remote zoom trials did the same office trying this case experience the "parade of horribles" outlined in the Government's motion here. Surely, the technological and other logistical concerns outlined in the Government's motion were encountered (and overcome) in those three remote trials. What's more, all of the Government's fears about computer access, internal protocols, and connection issues were similarly

---

[5] Jessica L. Everett-Garcia, Esq., Karen O. Lisko, and Geoffrey A. Vance, Esq., Perkins Coie LLP, *Remotely persuasive: Litigating in unusual times*, 28 No. 05 Westlaw Journal Antitrust 22 (August 11, 2020).

[6] Ex. C, D, E, Court's Memorandum and Opinion containing its Findings of Fact and Conclusions of Law in *Doe v. USA* (Kansas Dist. Ct., January 15, 2021); *Doe v. U.S.A.,* (Kansas Dist. Ct., November 2, 2020); *Leininger v. U.S.A.*, (Kansas Dist. Ct., November 2, 2020).

addressed (and overcome) in each of the three trials conducted by the same office.[7]

Other Federal Courts are similarly adjusting to this new reality and conducting zoom trials. U.S. District Court Judge Marsha Pechman presided over two federal zoom **jury** trials at the end of 2020.[8] "Seattle's federal court not only proved such an arrangement can work, with the first verdict coming in [months] ago, it has repeated the feat [] more."[9] During the trial, Judge Pechman used a Virtual Trials Handbook, which was meticulously prepared by a committee that consisted of judges, IT personnel, courtroom deputies, and jury coordinators.[10] Judge Pechman shared the Virtual Trial Handbook with Plaintiffs' counsel, which is attached here,[11] and also indicated that she had a Virtual Trials: Bench & Jury Handbook for Judges that she would gladly share with any judges upon request.[12] When asked if it was critical for courts to have the capability for online trials, Judge Pechman responded: "[F]or the foreseeable future, I think this is the only game in town."[13]

---

[7] Contrary to the grim portrait painted in the Government's motion, the parties have utilized zoom successfully to complete over 30 depositions, 40 psychological examinations by the **Government's** experts, and 19 life care plan examinations by the Government's experts.

[8] Ex. F, Cara Salvatore, "How Seattle's Federal Court Has Pioneered Zoom Jury Trials," Law360 (Nov. 20, 2020).

[9] *Id.*

[10] *Id.*

[11] Ex. G, United States District Court for the Western District of Washington, "Virtual Trials: Bench & Jury, A Handbook for Attorneys," (Sept. 28, 2020).

[12] The Honorable Judge Marsha J. Pechman's telephonic contact information is as follows: Chambers: (206) 370-8820; Courtroom Deputy: (206) 370-8518; Case Administrator: (206) 370-8456.

[13] Ex. F.

Since Judge Pechman held the first federal Zoom trial, many more have followed. In October 2020, U.S. District Judge Thomas Zilly held a five day Zoom trial, which was declared an "overwhelming success."[14] In November, an excessive force case was tried via Zoom.[15] In August 2020, the United States District Court for the Middle District of North Carolina completed a five-day bench trial conducted entirely by videoconference.[16] "Shortly before the trial was set to begin, the defendant filed a motion for continuance….The court denied the motion, expressing concern about the backlog of cases resulting from the pandemic, and decided to go forward with the trial at the scheduled time through its videoconferencing technology."[17] "In reaching this decision, the court relied upon Rule 43(a) of the Federal Rules of Civil Procedure, which allows courts to receive testimony by contemporaneous transmission from different locations for good cause in compelling circumstances, so long as appropriate safeguards are in place."[18]

In December 2020, the United States District Court for the District of Massachusetts, in conjunction with the Massachusetts Chapter of the Federal Bar Associations, held a CLE entitled, "USDC-MA Virtual Civil Bench Trials," https://www.fedbar.org/event/massachusetts-chapter-usdc-ma-virtual-civil-bench-trials/, where the panel, consisting of three United States

---

[14] Ex. H Cara Salvatore, "Injured Cruisegoer Wins $1.4M In Federal Zoom Jury Trial," Law360 (Oct. 8, 2020).

[15] Ex. F

[16] Ex. I, Troutman Pepper, "Virtual Trials Are No Longer Just a Remote Possibility," Lexology (Sept. 4, 2020).

[17] *Id.*

[18] *Id.*

District Court Judges and four esteemed attorneys, presented tips and guidance for conducting Virtual Civil Bench Trials.

On August 10, 2020, the nation's first fully remote **jury** trial was held in Florida's Fourth Circuit for Duval County.[19] The two days of jury selection and the trial were all conducted remotely via Zoom.[20] The Court and staff discussed the process with members of the media, also on Zoom.[21] Judge Anderson said that the proceedings "felt like a real trial."[22] Judge Anderson also stated that they were planning to hold another fully remote jury trial next month for a contract dispute.[23]

During the trial Judge Anderson was actually present in his courtroom, and court staff created custom Zoom backgrounds so that the parties, witnesses and the jurors felt that they were involved in a trial.[24]

---

[19] Ex. J, Daniel Siegal, "Strip Club Hit with $354K Verdict in Pioneering Zoom Trial," Law360 (Aug. 11, 2020).

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*



Likewise, Texas state courts have conducted numerous hearings and trials and continued to conduct remote jury trials throughout 2020 and 2021.[25] The numbers make clear that trials can be—and have been—done successfully during the COVID-19 pandemic:

- seven (7) trials were conducted in July 2020;
- sixteen (16) trials were conducted in August 2020; and
- twenty-five (25) trials were conducted in September 2020.[26]

Certainly, more trials were conducted since September 2020, but the website has not yet been updated to reflect that information.

---

[25] Ex. K, Court Coronavirus Information, Approved Jury Trials.
[26] *Id.*

Juries are just as comfortable assessing a witness's credibility via remote video conference as in person.[27] Judge Emily Miskel of the 470th District Court in Collin County, Texas presided over a bad-faith insurance trial.[28] Judge Miskel acted as the gatekeeper to the conference call, letting jurors in one by one and asking for their names and what type of device they were using—which included phones, tablets and computers.[29] The Zoom call was livestreamed on YouTube.[30] Of the 28 jurors summoned for duty Monday, only two didn't call into the Zoom meeting.[31]



---

[27] Exhibit L, Katie Buehler, "Texas Court Holds First Jury Trial Via Zoom In Insurance Feud," Law360 (May 18, 2020).

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.*

Throughout the process, Judge Miskel urged the jurors to speak up if they had technological problems or questions.[32] Judge Miskel also split jurors into two groups using Zoom's breakout room function to make voir dire easier for the attorneys.[33] While the attorneys questioned the first round of 12 potential jurors, the other 13 sat in a separate group, which was not monitored by either judge.[34] While this will be a bench trial, this Court may still use some of these techniques to help witnesses present testimony and spectators to view the trial.

Again, many of the issues that may have been complicated in other cases—if any—will be drastically ameliorated by the very fact that this is a bench trial, not a jury trial. The Court and the parties are certainly sophisticated enough to proceed remotely, have the access and capability to do so, and—frankly must—in light of the risks posed to the elderly Plaintiffs with each passing day.[35]

## CONCLUSION

Plaintiffs respectfully pray that this Honorable Court DENY Defendant's Motion to Continue Trial, and GRANT Plaintiffs' Motion to Conduct Trial via Zoom Remote Video Conference.

---

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *See also* Ex. M, Pavel Bespalko, "The Remote Jury Trial Is Not A Bad Idea," Law360 (July 2, 2020); Ex. N, Daniel Siegal, "Texas Court Pioneers Trial By Zoom in Atty Fee Dispute," Law360 (April 22, 2020).

Respectfully Submitted,

/s/ Jamal K. Alsaffar
**Jamal K. Alsaffar**
JAlsaffar@nationaltriallaw.com
Texas Bar No. 24027193
**Tom Jacob**
TJacob@nationaltriallaw.com
Texas Bar No. 24069981
**Whitehurst, Harkness, Brees, Cheng, Alsaffar & Higginbotham & Jacob PLLC**
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
Office 512-476-4346
Fax 512-476-4400
Counsel for Vidal, McKenzie, Solis, McNulty, and Wall

/s/ Jason P. Steed
**Jason P. Steed**
JSteed@kilpatricktownsend.com
Texas Bar No. 24070671
**Kilpatrick Townsend & Stockton LLP**
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Office 214-922-7112
Fax 214-853-5731
Counsel for Vidal, McNulty, and Wall

/s/ April A. Strahan
**April A. Strahan**
april@ammonslaw.com
Texas Bar No. 24056387
**Robert E. Ammons**
rob@ammonslaw.com
Texas Bar No. 01159820
**The Ammons Law Firm**
3700 Montrose Blvd.
Houston, TX 77006
Office 866-523-1603
Fax 713-523-4159
Counsel for Holcombe, Ramsey, Curnow & Macias

/s/ Daniel J.T. Sciano
**Daniel J.T. Sciano**
DSciano@tsslawyers.com
Texas Bar No. 17881200
**Tinsman & Sciano**
10107 McAllister Freeway
San Antonio, TX 78216
Office 210-225-3121
Fax 210-225-6235
Counsel for Amador

/s/ Daniel Barks
**Daniel D. Barks,** *pro hac vice*
ddb@speiserkrause.com
**Speiser Krause, P.C.**
5555 Glenridge Connector, Suite 550
Atlanta, GA 30342
Office 571-814-3344
Fax 866-936-6382
Counsel for Holcombe

/s/ Dennis Peery
**Dennis Charles Peery**
d.peery@tylerpeery.com
Texas Bar No. 15728750
**R. Craig Bettis**
cbettis@tylerpeery.com
Texas Bar No. 24040518
**Tyler & Peery**
5822 West IH 10
San Antonio, TX 78201
Office 210-774-6445
Counsel for Uhl

/s/ George LeGrand
**George LeGrand**
tegrande@aol.com
Texas Bar No. 12171450
**Stanley Bernstein**
Texas Bar No. 02225400
**LeGrand & Bernstein**
2511 N. Saint Mary's St.
San Antonio, Texas 78212
Office 210-733-9439
Fax 510-735-3542
Counsel for Wall & Solis

/s/ Mark Collmer
**Mark W. Collmer**
drcollmer@aol.com
Texas Bar No. 04626420
**Collmer Law Firm**
3700 Montrose
Houston, TX 77006
Office 713-337-4040
Counsel for Holcombe

/s/ Tim Maloney
**Tim Maloney**
Texas Bar No. 12887380
timmaloney@yahoo.com
**Paul E. Campolo**
pcampolo@maloneyandcampolo.com
Texas Bar No. 03730150
**Maloney & Campolo, L.L.P.**
926 S. Alamo
San Antonio, TX 78205
Office (210) 465-1523
Counsel for Ramsey

/s/ Joseph M. Schreiber
**Joseph M. Schreiber**
joe@lawdoneright.net
Texas Bar No. 240374497
**Erik A. Knockaert**
erik@lawdoneright.net
Texas Bar No. 24036921
**Schreiber | Knockaert, PLLC**
701 N. Post Oak Rd., Suite 325
Houston, TX 77024
Phone (281) 949-8904
Fax (281) 949-8914
Counsel for Brown

| | |
|---|---|
| /s/ Justin Demerath | /s/ Jason Webster |
| **Justin Demerath** | **Jason Webster** |
| jdemerath@808west.com | jwebster@thewebsterlawfirm.com |
| Texas Bar No. 24034415 | Texas Bar No. 24033318 |
| **O'Hanlon, McCollom & Demerath** | **The Webster Law Firm** |
| 808 West Ave. | 6200 Savoy |
| Austin, TX 78701 | Suite 640 |
| Office 512-494-9949 | Houston, TX 77036 |
|    Counsel for Corrigan, Braden, Warden, Stevens, Pachal, McCain, & Poston |    Counsel for Lookingbill |
| /s/ Brett Reynolds | /s/ Marion M. Reilly |
| **Brett T. Reynolds** | Marion M. Reilly |
| btreynolds@btrlaw.com | **Hilliard Munoz Gonzales, L.L.P.** |
| Texas Bar No. 16795500 | 719 S. Shoreline - Ste 500 |
| **Brett Reynolds & Associates, P.C.** | Corpus Christi, TX 78401 |
| 1250 N.E. Loop 420, Suite 420 | (361) 882-1612 |
| San Antonio, TX 78219 | 361/882-3015 (fax) |
| (210)805-9799 | marion@hmglawfirm.com |
|    Counsel for Workman, Colblath, and Harris |    Counsel for McMahan |
| / /s/ Hugh J. Plummer | /s/ Kelley W. Kelley |
| **Hugh J. Plummer** | **Kelley W. Kelley** |
| **Law Office of Thomas J. Henry** | **Anderson & Associates Law Firm** |
| 5711 University Heights Blvd #101 | 2600 SW Military Drive, Suite 118 |
| San Antonio, TX 78249 | San Antonio, TX 78224 |
| (210) 656-1000 | (210) 928-9999 |
| (361) 985-0601 (fax) | (210) 928-9118 (fax) |
| hplummer@tjhlaw.com | kk.aalaw@yahoo.com |
|    Counsel for McMahan |    Counsel for Ward |

<u>/s/ Craig Carlson</u>
**Craig Carlson**
ccarlson@carlsonattorneys.com
**Philip Koelsch**
pkoelsch@carlsonattorneys.com
**Joe Craven**
jcraven@carlsonattorneys.com
**The Carlson Law Firm**
100 E Central Texas Expy
Killeen, TX 76541
254-526-5688
    Counsel for Rios

## CERTIFICATE OF SERVICE

By our signatures above, we certify that a copy of Plaintiffs' Response to Defendant's Motion for Continuance and Plaintiffs' Motion for Remote Trial has been sent to the following on January 26, 2021 via the Court's CM/ECF notice system.

| | |
|---|---|
| GREGG N. SOFER<br>United States Attorney<br>Western District of Texas | JAMES G. TOUHEY, JR.<br>Director, Torts Branch<br>United States Dept. of Justice<br>Civil Division |
| KIRSTEN WILKERSON<br>Assistant Director, Torts Branch<br>United States Dept. of Justice<br>Civil Division | STEPHEN E. HANDLER<br>Senior Trial Counsel, Torts Branch<br>United States Dept. of Justice<br>Civil Division |
| PAUL DAVID STERN<br>Trial Attorney, Torts Branch<br>United States Dept. of Justice<br>Civil Division<br>CLAYTON R. DIEDRICHS<br>Assistant United States Attorney | STEPHEN TERRELL<br>Trial Attorney, Torts Branch<br>United States Dept. of Justice<br>Civil Division<br>JAMES E. DINGIVAN<br>Assistant United States Attorney |
| JIM F. GILLIGAN<br>Assistant United States Attorney | |