IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HOLCOMBE, et. al, <br><br> Plaintiffs <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant | NO. 5:18-CV-00555-XR <br> (consolidated cases) |

# JOINT STATUS UPDATE

The Parties file the following status update concerning the trial.

# WITNESSES

**1.** *Witnesses by written or video deposition submission*

Parties agree to the following deadlines:

- March 1, 2021: Parties will submit to each other page and line designations of witnesses to be submitted by video or written deposition.
- March 8, 2021: Parties will exchange objections and counter designations.
- March 12, 2021: Parties will file with the Court the designated transcript portions of written and video deposition testimony.
- March 19-26, 2021: For witnesses submitted by video deposition, parties will provide the Court with the video files on a rolling basis.

Parties agree that the following witnesses should be submitted via written deposition or video deposition submission:

1. Robert Spencer
2. Owen Tullos
3. Yonatan Holz
4. Shelley Ann Verdejo
5. John Owen
6. Clinton Mills
7. Ryan Sablan
8. James Hudson
9. Robert Bearden
10. James Hoy
11. Nathan McLeod-Hughes
12. Randall Taylor
13. Lyle Bankhead
14. Vince Bustillo
15. Emily Willis
16. Robert Ford, Jr.
17. James Poorman
18. Kimberley Del Greco (in the event Ms. Del Greco is unavailable during Plaintiffs' case-in-chief)
19. Candace Marlowe
20. Academy DWQ Witness

Parties reserve all rights to object to the substantive testimony designated.

In addition to forthcoming objections to substantive testimony designations, the United States objects to the entire testimony of three witnesses based on their limited capacities as Rule 30(b)(6) witnesses on topics that the Court has already adjudicated. Shelley Ann Verdejo served as a Rule 30(b)(6) witness on the issue of DIBRS; Robert Spencer served as a Rule 30(b)(6) witness on Air Force policies concerning the execution of DoD Instructions 5505.11 and 7730.47-M Volume 1; and Col. John Owen served as a Rule 30(b)(6) witness on the policies of the office of the Staff Judge Advocate. As

those issues have no relevance to the issues to be adjudged at trial, their entire testimony is irrelevant and should be deemed inadmissible.

Plaintiffs respond that the Government's objections go to the weight not admissibility of the evidence. And Plaintiffs do not agree that the Court adjudicated **all** of the issues on which those witnesses provided relevant testimony. The Government's overbroad objections seek to prevent the Court from hearing their 30(b)(6) witnesses provide testimony that is relevant to the remaining issues—namely, increased risk of harm, proportionate responsibility, and foreseeability. To that end, Plaintiffs will not be presenting written testimony from these three witnesses on any other issue; as a result, their written submissions will be succinct; and because these are written submissions to the bench, the weight can be considered without the specter of incurable prejudice to the Government.

2. *Witnesses by live or remote teleconferencing technology*

Parties will call the following witnesses by remote teleconferencing technology or live. Where designated by an asterisk, Parties have designated that they will be called in person if possible. Otherwise, they will be called by remote video teleconference technology.

a. Plaintiffs' Case-in-Chief for Live or teleconference witnesses:

1. Terry L. Snyder*
2. Danielle Shields*
3. Michelle Shields*
4. Michael Kelley*
5. Rebecca Kelley*
6. Daniel Webster
7. Larry Youngner
8. Jon Rymer

b. <u>Defendant's Case-in-Chief for Live or teleconference witnesses:</u>

Defendant reserves the right to elicit testimony from all fact witnesses called in Plaintiffs' case-in-chief for use in support of its claims or defenses. Defendant also reserves the right to call an Air Force employee live at trial, depending on the Court's ruling on the Government's motion in-limine, see ECF No. 337. In addition to the witnesses listed above, Defendant will call the following:

9. Kimberley Del Greco*
10. William Ryan*
11. Erin Higgins (neé Brassfield)*
12. John Donohue
13. Stephen J. Barborini
14. James Fox
15. Harold Bursztajn
16. Daniel Breyer (Subject to motion in limine, ECF No. 337)

c. <u>Plaintiffs' Rebuttal Expert</u>

17. Jeffrey Metzner

Parties reserve all rights to object to the substantive testimony designated. Parties are aware the Court has requested certain witnesses to appear in person to provide trial testimony. Those witnesses are non-parties and not under the control of either party. Parties have begun contacting counsel for the nonparties but have yet to receive verification of their willingness to appear live in court.

## LIABILITY PHASE TRIAL MECHANICS

Parties request that the Court live stream the proceedings so that members of the public, all Plaintiffs, their counsel, and Defense counsel have open access to the trial.  The live stream should have audio of the bench, and audio and video of the witness and counsel conducting the questioning. This will allow the Court to limit the numbers of lawyers, Plaintiffs, and spectators in the courtroom to ensure appropriate social distancing and those who can't safely be in the Courtroom can be directed to the streaming platform.

Parties expect no more than four lawyers per side to be present in the courtroom, and unless needed for a specific purpose, only one paralegal and one technology support person to remain present in the courtroom at any time. The seating of the lawyers, paralegals, and technology support personnel will be arranged to accomplish social distancing and dependent upon the courtroom used for the trial.  Persons who are not speaking to the court or presenting evidence to the court are required to wear masks at all times. Parties request that all team members in the courtroom sit in a socially distanced manner except when necessary to communicate briefly or exchange documents with their team members.

Parties request an opportunity to send litigation and technological support to meet and confer with courtroom personnel in the courtroom where the trial will be held at the Court's convenience, but prior to March 15.  This would allow the parties to clarify social distancing issues and understand the technology setup of the courtroom in advance of the April trial.

Parties agree that no opening argument is necessary. Parties respectfully request that the Court provide an opportunity for closing arguments.

Parties request that the Court issue pre-trial deadlines for exhibits, findings of fact, pre-trial motions, etc. for the liability phase.

Parties request that the Court determine how the Parties should handle exhibits and other materials obtained during discovery through protective orders and Rule 11 agreements. Third parties (*i.e.*, Academy), nonparties (*e.g.*, the Texas Rangers), and in limited circumstances, the Parties themselves (e.g., *Lookingbill* settlement) disclosed material pursuant to such agreements. Plaintiffs suggest the Court turn off live streaming of the trial when confidential documents are presented during trial. Defendant takes no position on Plaintiffs' suggestion and seeks clarification on how to handle such material during the trial.

Also, the Parties request the Court schedule a hearing to address the setting of trial dates for the damages phase along with deadlines for filing exhibits, findings of fact, pre-trial motions, etc. for this phase.

Respectfully Submitted,


/s/ Jamal K. Alsaffar
**Jamal K. Alsaffar**
JAlsaffar@nationaltriallaw.com
Texas Bar No. 24027193
**Tom Jacob**
TJacob@nationaltriallaw.com
Texas Bar No. 24069981
**Whitehurst, Harkness, Brees, Cheng, Alsaffar & Higginbotham & Jacob PLLC**
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
Office 512-476-4346
Fax 512-476-4400
Counsel for Plaintiffs Vidal, McKenzie, Solis, McNulty, and Wall



BRIAN BOYNTON
Acting Assistant Attorney General Civil Division

ASHLEY C. HOFF United States Attorney

/s/ Paul David Stern

**PAUL DAVID STERN**
Trial Attorney, Torts Branch
Civil Division
United States Department of Justice

Counsel for Defendant, UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

By our signatures above, we certify that a copy of Joint Status Update has been sent to the following on February 15, 2021 via the Court's CM/ECF notice system.

Paul D. Stern
Daniel P. Chung
Stephen E. Handler
Jocelyn Krieger
James G. Touhey, Jr.
U.S. Department of Justice

Clayton R. Diedrichs
James F. Gilligan
James Edward Dingivan
U.S. Attorney's Office
Western District of Texas