IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
APR - 7 2021
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| JOE HOLCOMBE et al., <br> *Plaintiffs,* | § § § § § § § § | |
| v. | | Civil Action No. 5:18-CV-00555-XR <br> *Consolidated Cases* |
| UNITED STATES OF AMERICA, <br> *Defendant.* | | |

## NON-PARTY TEXAS DEPARTMENT OF PUBLIC SAFETY'S OPPOSED MOTION TO SEAL GEX 141

TO THE HONORABLE JUDGE XAVIER RODRIGUEZ:

Non-party Texas Department of Public Safety (DPS) files this Motion regarding the video tape that appears on the Government's Exhibit List as Exhibit 141: "Video depicting the shooting." This exhibit is not agreed and has not been admitted, but if the Court does admit this exhibit as a trial exhibit, DPS would ask that the Court close the courtroom during the viewing of this video and place the exhibit under seal. DPS would show the Court as follows:

I. BACKGROUND

1.1   The videotape in question depicts a real time account of the shooting. Shots can be both seen and heard on the video.

1.2   The videotape in question is in the custody of DPS. It was provided to the parties during discovery in a related state court case, *Ward, et al v. Academy, LTD,*

currently pending in the 224th District Court of Bexar County, Texas, cause number 2017CI23341. The videotape was provided subject to a confidentiality agreement. The parties in the above-captioned case agreed to keep the information confidential as well. *See* Ex. A.

1.3   The graphic nature and sensitive content of the videotape have prompted DPS to treat the videotape as confidential and to be diligent in preventing it from becoming public.

1.4   There are no less-restrictive means than sealing the videotape that will adequately and effectively address DPS's concerns.

## II.   ANALYSIS

2.1   Courts have recognized that the public has a common law right to inspect court records. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981)). This right is not absolute, and courts have the discretion to seal the records in judicial proceedings. *Id.* The court must balance the public's common law right of access against the interests favoring nondisclosure when exercising its discretion to seal records. *Id.*

2.2   The information in the video includes graphic depictions of the crime. Family members of some of the victims have asserted their constitutional privacy rights to prevent disclosure of the information under *Nat'l Archives & Records*

*Admin. v. Favish,* 541 U.S. 157, 174, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004). This Court should seal the videotape to protect the constitutional privacy interests of the victims and their families.

2.3. Further, DPS asserts that this videotape should be sealed due to security concerns. This type of specific and graphic depiction of a criminal episode has been known to be used as a roadmap for copy-cat crimes. This Court should prevent public access to this video because it has the potential to become a vehicle for improper purposes. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978).

2.4. If this Court should admit the Government's Exhibit 141 into evidence, DPS requests that it does so only under seal and with protections in place to prevent public dissemination of the videotape.

### III. PRAYER

For the foregoing reasons, DPS respectfully request that this Court grant this Motion and order that the videotape that appears on the Government's Exhibit List as Exhibit 141 remains sealed.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

ELIZABETH BROWN FORE
Chief, Administrative Law Division

_____
HAROLD J. LILLER
Texas Bar No. 24029689
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:  (512) 475-4300
Facsimile:   (512) 320-0167
Harold.Liller@oag.texas.gov
***Attorneys for the Texas Department of Public Safety***

## CERTIFICATE OF CONFERENCE

On April 6, 2021, the undersigned conferred with counsel for Plaintiffs, Justin Demerath, concerning this motion to seal GEX 141. Counsel for Plaintiffs are unopposed. The undersigned was unable to confer with counsel for Defendant, Paul David Stern. Based upon conversations between DPS Assistant General Counsel Kaylyn Betts and Mr. Stern, and noting that the Defendant has listed the video as an exhibit for admission in this trial, the undersigned assumes that Defendant is opposed to this motion to seal GEX 141.

_____
HAROLD J. LILLER
Assistant Attorney General

## CERTIFICATE OF SERVICE

The undersigned verifies that on April 7, 2021 a true and correct copy of the foregoing document was served via e-service and hand delivery to counsel for Plaintiffs, Jamal K. Alsaffar, and counsel for Defendant, Paul David Stern.

_____
HAROLD J. LILLER
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOE HOLCOMBE et al.,<br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>*Defendant.* | §<br>§<br>§<br>§  Civil Action No. 5:18-CV-00555-XR<br>§  *Consolidated Cases*<br>§<br>§<br>§ |

# EXHIBIT A



# KEN PAXTON
ATTORNEY GENERAL O 1: fEXAS

November 6, 2019

    RE:    Cause No. 5:18-CV-555-XR; *Joe Holcombe, et al vs. United States of America;* and other consolidated matters In the United States Western District of Texas.

and

           Cause No. 2017CI23341; *Chris Ward, et al. v. Academy, LTD d/b/a Academy Sports+ Outdoors,* In the. 224th Judicial District Court of Bexar County, Texas

To Whom It May Concern:

Please allow this correspondence to serve as a Rule 11 Agreement under the Texas Rules of Civil Procedure. Please be advised that this office represents the Texas Rangers in relation to a request to obtain copies of materials related to the Mass Shooting which took place in Sutherland Springs, Texas on November 5, 2017 (hereinafter the "Mass Shooting"). My office is in possession of the videotape of the incident, crime scene photographs from inside and around the church sanctuary that were obtained and created by the Texas Rangers, and other investigative materials (hereinafter the "Materials"). I understand there are civil cases related to this Mass Shooting against Academy Sports + Outdoors, the United States Government and others (hereinafter "the Litigation"). I understand that the parties who are involved with civil cases related to this Mass Shooting against Academy Sports+ Outdoors, the United States Government, and others (hereinafter the "Parties") are in need of these materials to properly litigate these cases.

Certain families have protested the release of these materials for any purpose, however, this office has subsequently received a limited waiver of this protest from a member of each of these families to release these materials for the purpose of the Litigation only.

This office is prepared to release these materials provided that any person who seeks access to the materials agrees to the tenns of this Rule 11 agreement prior to obtaining access to the materials. No person shall have access to these materials unless and until a written agreement is made referencing this correspondence and agreeing to each and every term herein. Any person desiring to obtain access to the materials must:

1. be a Party to the Litigation;
2. agree to use the Materials for the purpose of the furtherance of the above-referenced litigation only, and for no other purpose;
3. agree to not share or transfer in any way, under any circumstances, the Materials to any person or third party who has not met and agreed in writing to the terms of this Rule 11 agreement; and
4. hereby stipulate as a prerequisite to receiving the Materials that the Materials do not implicate the public health and safety in any way, and do concern the operation of government and also constitute intangible property rights of the victims.

November 6, 2019
Page 2

Notwithstanding anything herein, Parties may provide these materials to insurers, mediators, or expert witnesses and use the Materials in whatever way may arise in the furtherance of the litigation, but agree not release to any third party not related to the Parties and the Litigation. Any party releasing the Materials to one of the persons listed above shall have the duty to reasonably ensure that such person observes the terms of this agreement. To do so, this Rule 11 agreement must be transferred to any Party insurer, mediators, or expert witnesses which obtains access to the Materials and they must agree to be bound by this agreement as a prerequisite to receipt of the Materials.

The Parties agree not to file or display any Materials in any court without following the procedure in the following paragraph:

Regarding Videos and Photos: Plaintiffs and any Party who obtains access to the Materials agree to work with the Office of the Attorney General to seek an agreed fonnal protective order from the Court memorializing this agreement and requiring that the materials be filed, if at all, under seal.

Regarding Any Documents: Prior to filing any documents produced under this Rule 11 agreement, the Parties agree to first obtain the consent of Assistant Attorney General, Kimberly Fuchs, or another appropriate representative of the Office of the Attorney General, who will be required to approve the potential redaction of personally identifiable information or other infonnation for which redaction is deemed necessary. Redaction approval requests not answered and corrected within 2 business days will be deemed approved when associated with a court filing which has related filing deadline.

This agreement does not apply to Materials that are made otherwise publicly available by the Texas Rangers.

If this document accurately reflects our agreements, please sign where indicated below.

Kimberly Fuchs
Assistant Attorney General
Attomeill for Texas Department of Public Safety

Justin B. Demerath
Attomey for Plaintiffs



JAMAL K. ALSAFFAR
*Attorney*

jalsaffar@nationaltriallaw.com
7500 Rialto Blvd., Bldg. II, Ste. 250
Austin, TX 78735
(512) 476-4346 (w)
(512) 476-4400 (f)

October 31, 2019

Paul Stern
Torts Branch, Civil Division
United States Department of Justice
Three Constitution Square Building
175 N Street, N.E.,
Washington, D.C. 20002

   Re: Agreement to keep confidential certain documents in
     *Holcombe v. United States*, No. 5:18-cv-555-XR

Dear Paul:

I am writing this letter to formalize our agreement to keep confidential certain documents related to the above styled case. The United States will mark the following documents as "CONFIDENTIAL":

- Texas Rangers Investigation File
- 10-page collection of ATF Tracer Documents
- FLETC Prisoner Processing Lab Lesson Plan
- Pages containing the likenesses of minor children
- Pages containing the names of persons who were, or are alleged to have been, the victims of sexual assault or child abuse.
- Videos and photographs depicting the shooting at the First Baptist Church of Sutherland Springs on November 5, 2017

Plaintiffs and counsel will keep these documents confidential and limit their use only for the purposes of the above styled litigation. Plaintiffs will procure the same agreement of confidentiality before releasing these documents to any other person. Plaintiffs will file these documents only under seal. Upon such filing, the parties will meet and confer regarding the use of such material in open court. Before

trial, the United States will confer with the Plaintiffs and the Court as to both the necessity of keeping these documents confidential for the purposes of trial, and if needed, then steps to safeguard their confidentiality during trial.

The United States will not mark any other documents "CONFIDENTIAL" pursuant to this agreement.

This agreement will be filed with the Court pursuant to Rules 11 and 29 of the Federal Rules of Civil Procedure. Either party may seek relief from the Court in order to enforce the provisions of this agreement, and the Court may enter any order that is just and appropriate.

Sincerely,

*[signature]*

Jamal K. Alsaffar

Agreed to by:

/s/Paul Stern
PAUL STERN
Attorney for Defendant, U.S.A.