IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOE HOLCOMBE, et al,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | Civil Action No. _5:18-cv-00555-XR |

## MORGAN HARRIS AND DAVID COLBATH'S MOTION TO STRIKE DEFENDANT'S PROPOSED DAMAGE EXPERTS DR. MICHAEL KOSNETT AND DR. DANIELLE BECKER

### PROCEDURAL BACKGROUND

On May 14, 2020 the Court entered a Corrected Amended Scheduling Order (ECF 221) specifying deadlines for, *inter alia,* designation of both liability and damage experts and production of materials required by applicable provisions of Rule 26. The Plaintiffs, including these Movants, had already filed their designation of testifying damage experts and served the materials required by Fed. R. Civ. P. 26(a)(2)(B) on April 1, 2020. *See* ECF 197. The court ordered the Defendant USA to file its designation of testifying experts as to damages and to serve on the parties the materials required by Rule 26(a)(2)(B) on or before November 6, 2020.

In that designation, these movants timely identified Dr. Douglas Wilkerson and Dr. Robert Todd as testifying neurologists for Morgan Harris and David Colbath, respectively. Movants specifically disclosed to the USA in the designation that Dr. Todd and Dr. Wilkerson would testify "as to any neuropathy and lead toxicity issues in this case" on behalf of Mr. Colbath and Ms. Harris. Movants also produced reports and *vitae* as part of that designation authored by Dr. Wilkerson on behalf of Morgan Harris and by Dr. Todd on behalf of David Colbath. [1] Following

---

[1] Exh. A, Report dated March 30, 2021 by Dr. Douglas Wilkerson with c.v.; Exh B, report by Dr. Robert Todd dated March 26, 2020 with c.v.

eight pages of discussion of his review of records, evidence, and the findings on examination of Morgan Harris, Dr. Wilkerson set forth eleven separate conclusions he reached regarding the cause of Morgan Harris' symptoms, including her bilateral peripheral neuropathy, gait disturbance, and mild encephalopathy. He specifically opined that the "underlying cause of this neuropathy is lead poisoning arising from the retained shrapnel." [2] He further opined that the neuropathy was chronic or static with "ongoing motor deficits of obvious and significant functional impact." The long-term prognosis from the neuropathy was identified as "uncertain", and Dr. Wilkerson explained why. He further opined that her long-term prognosis for safe child-bearing was "poor" based on the present understanding of continued lead exposure from retained bullet shrapnel and the known mobilization of lead with the cycle of pregnancy. *Id.* And he concluded that the long-term prognosis for her cognitive issues and encephalopathy was guarded due to lead mobilization and toxicity.

The report issued by Dr. Todd of March 26, 2020 similarly diagnosed bilateral peripheral neuropathy in David Colbath resulting from lead toxicity, based in part on blood lead levels obtained from tests ordered by his primary care physician in June and October of 2019.[3]

Morgan Harris testified in deposition requested by the Government on May 21, 2020, only twenty-one days after the Plaintiffs' designation of experts. She testified that she continued to experience symptoms of bilateral foot drop and nerve pain unresolved by physical therapy.[4] She wears Bioness active braces on her legs to assist her to walk. [5] She described cognitive issues believed related to the lead toxicity.[6] She specifically identified in deposition testimony in May licensed professional counselor Pat Lincoln as a provider she sees weekly, so the Government

---

[2] Exh. A, at p 9.

[3] Exh. B, at p. 13-14. David Colbath suffers from multiple additional symptoms resulting from direct injuries due to approximately a dozen gunshot wounds received in the shooting, for which he continues to receive treatment from various providers, including a recent surgery.

[4] Exh. C, Dep. Harris at 41:15-21.

[5] Exh. C at 60:18-61:3

[6] Exh. C. at 45:5-46:17

knew Mr. Lincoln was one of her providers since her deposition in May of 2020.[7] The Government was already aware of the opinions of Dr. Wilkerson regarding lead toxicity after the Plaintiffs' timely designation on April 1.

David Colbath testified in deposition on May 27, 2020. He testified that he experiences short-term memory issues related by his doctors to lead toxicity.[8]

On November 6, 2020, the USA filed Defendant's Designation of Testifying Damages Experts. While the USA filed the designation on the date set by the court's Order of May 14, Doc. 221, the Government failed to produce any expert report from its designated neurologist, Julio Chalela, in accordance with the court's order and Rule 26 on the deadline set by the Court on May 14 in ECF 221. in accordance with the court's order and Rule 26. The government instead stated:

> "Dr. Julio Chalela is a Board Certified Neurologist. Dr. Chalela will provide testimony in accordance with his report regarding neurological injuries and/or conditions of certain Plaintiffs. His reports may also rebut opinions asserted by Plaintiffs' experts. His expert opinions are based on his skill, knowledge, training, education, and professional judgment. Dr. Chalela's expert opinions, supporting documents, CV, and list of testimony and depositions for the last four years will be provided." [9]

The Government never produced or provided a report from Dr. Chalela. Instead, the Government waited until January 6, 2021 and filed an Amended Designation of Testifying Damages Experts, Doc. 317. In that Amended Designation, the Government made an identical designation to the designation in Doc. 307, filed on Nov. 6, except for Dr. Julio Chalela. In Dr. Chalela's place, the Government untimely identified for the first time Dr. Danielle Becker.[10] The designation did not include a report from Dr. Becker. In fact, she did not even author reports until February 3, 2021. Suddenly, she authored two reports dated the same day regarding Movants

---

[7]  Exh. C. at 41:
[8]  Exh. D, Dep. Colbath, at 72:4-74:14 and 138:2-20
[9]  Exh. E, Doc. 307 at p.4.
[10] Exh. F, Doc. 317 at p. 4.

David Colbath and Morgan Harris on February 3.[11]   The Government produced these reports untimely, long after the deadline set by the court of November 6.  The Government filed no Motion for Leave to rely upon these reports. The Government produced no opinions and no report of Dr. Becker as required under Rule 26 at the time of designation deadline of November 6 ordered by the court.

The Government also missed the November 6 deadline with respect to Dr. Michael Kosnett. In Doc. 307, filed on Nov. 6, the Government stated:

> "Dr. Kosnett is a Board Certified Toxicologist. Dr. Kosnett will provide testimony in accordance with his reports regarding any lead poisoning and lead toxicity suffered by certain Plaintiffs."[12]

The Government failed even to identify the Plaintiffs with respect to whom it intended to elicit opinions from Dr. Kosnett, and provided no reports or opinions on or before the designation deadline. In fact, it produced no reports from Dr. Kosnett until three and a half months later on February 25.[13] Defendant USA received detailed expert reports over six months prior to the designation deadline of November 6 confirming Movants' intent to rely on board-certified neurologists to establish that certain of Movants' symptoms resulted from exposure to lead and resulting lead toxicity from bullet and shrapnel injuries received in the shooting.  Movants confirmed under oath in sworn testimony in May of 2020 their beliefs and allegations that certain symptoms resulted from lead exposure and toxicity due to the shooting.   Yet the Government simply ignored the Court-ordered deadline for expert designation to which it expressed no opposition at the time of entry, failed to move for leave of court to extend the deadline and ignored its obligation under Rule 26 to timely designate Danielle Becker or to provide opinions of Dr. Becker or Dr. Kosnett until it chose to do so.

---

[11]   Exh G, Report of Becker regarding Harris, identified as Exh. 6.2 when produced by the Government on Feb. 4; and Exh H, Report of Dr. Becker regarding Colbath identified as Exh. 6.1 when produced on that same date.

[12]   Exh. E at 5.

[13]   Exh. I, Report of Kosnett regarding Harris; Exh. J, Report of Kosnett regarding Colbath

On February 25, 2021, the Government produced a twenty-eight page report authored by Dr. Michael Kosnett containing opinions purporting to rebut allegations of lead toxicity suffered by Morgan Harris, and a seven-page report by Kosnett to the same effect regarding David Colbath. Movants had no knowledge prior to receipt of these reports that Kosnett was designated to testify relating to their claims because the designation on November 6 failed to identify the Plaintiffs about whom Kosnett would opine, nor did Movants have knowledge of his opinions until the date of his reports on February 25.

## ARGUMENT

Movants made no attempt to surprise the Government regarding their specific claims of lead toxicity. Instead, they provided full and specific opinions from experts designated in accordance with the court order in detailed reports on April 1, 2020; and the Government had access to medical records of the claimants at the time of the designation in April of 2020. The Government also knew the specific complaints of the Movants about lead toxicity from their sworn deposition testimony the Government obtained in May 2020. The Government never asked to depose Dr. Wilkerson or Dr. Todd prior to its court-ordered damage expert designation on November 6, 2020. [14] The Government simply ignored its obligation to comply with the court order and timely designate the experts.

The Government's untimely designation of Dr. Becker and untimely production of reports of Becker and Dr. Kosnett unfairly prejudices the Movants. Movants have not retained and should

---

[14] Movants learned through Dr. Wilkerson's communications with their counsel in October of 2020 that Dr. Wilkerson had developed metastatic cancer and had to close his medical practice in Pennsylvania at the end of October with the intention of undergoing immediate treatment. Movants later learned from Dr. Wilkerson in December of 2020 that Dr. Wilkerson's treatment was not successful and that he determined himself to be physically incapable of testifying by deposition or otherwise in the case. Movants' counsel and lead counsel subsequently informed the government through their counsel and reached agreement with the Government that Movants would designate Dr. Robert Todd, who was already designated as a neurological expert for Movant David Colbath and had already produced a report on behalf of David Colbath and the other materials as the expert for Movant Morgan Harris. As such, Dr. Todd is the only as the only neurological expert designated for Movants. Movants have not designated a toxicological expert.

not have to incur the time and expense to search for and retain a toxicological expert or incur uncertainty associated with the admissibility of the untimely opinions of neurologist Danielle Becker or toxicologist Michael Kosnett at trial without a ruling from the court, nor the time and expense of deposing these two untimely designated damage experts by the USA. No basis exists for their late designation and untimely production of the reports in violation of the express terms of the court's order of May 14, 2020 (Doc. 221) and in violation of Rule 26.  The USA has sought no relief from the order or leave of court to untimely designate Dr. Becker or Dr. Kosnett or to extend the deadline for production of their respective reports.  Movants have never consented to the untimely designation of Dr. Kosnett or the late production of their respective reports.[15]

Rule 26(a)(2)B obligates parties to provide written reports at the time of designation of persons "retained or specially employed to provide expert testimony in the case…" The Government knew in May 2020 at the time the court entered its order of the opinions of both Dr. Todd and Dr. Wilkerson regarding lead toxicity suffered by the Movants yet did nothing to designate experts or produce reports by the November 6, 2020 deadline.  The "expert" neurologist designated by the Government in November (Chalela) was de-designated two months later when the Government apparently decided on an expert that would provide the opinions the Government wanted—Dr. Becker.  The Government already was two months late.  The Government failed to provide *any* report from Dr. Kosnett until over three months after the deadline, on February 25, 2021, even though his name was included in the designation on November 6, 2020.

Exercise of discretion by the court to exclude experts includes consideration of:

(1)   The explanation for the failure to identify the witness;

(2) The importance of the testimony;

---

[15]   The court understandably declined to rule on this issue when raised in a status conference on February 26, 2021 preceding the liability trial, (see attached Exh. K. Tr. at 50) and granted leave of court for counsel for these Movants to file a Motion to Strike. Movants refrained from doing so until now because the issue relates solely to damages and the court has been occupied with and focused on the liability phase of the case between that hearing and the issuance of the court's findings of fact and conclusions of law on July 6, 2021.

(3) Potential prejudice in allowing the testimony; and

(4) The availability of a continuance to cure such prejudice.

*Hamburger v. State Farm Mutual Auto Ins. Co.,* 361 F. 3d 875, 883 (5th Cir. 2004), *citing Geiserman v. MacDonald,* 893 F. 2d 787, 791 (5th Cir. 1990). Movants oppose a continuance of this complex consolidated case, pending before this court since 2019 and arising out of a horrific mass shooting in November 2017. Multiple Plaintiffs have already died without receiving justice, certain others are elderly, and injured victims are without compensation for necessary medical care and other necessary accommodations for their injuries. The Government has numerous lawyers both from the Department of Justice and the United States Attorney's office in the Western District of Texas representing it at all times. The Government's lawyers knew the designation deadlines for the experts and chose to disregard their obligations under Rule 26 with respect to designation of experts Becker and Kosnett. Penalizing these Movants and all other Plaintiffs by continuing the damage trial is neither fair to these Movants nor to the many other Plaintiffs. A continuance under these circumstances would not cure prejudice but inflict more. Continuances in such circumstances are disfavored. See *e.g., Controneo v. Shaw Environmental & Infrastructure, Inc.,* 2007 WL 2777775 (S.D. Tex. 2007).

Assuming the Government contends and the court agrees that the testimony of Becker and Kosnett are "important" to the Government's attempted defense against Movants' claims, the Fifth Circuit has held in such cases:

> "The importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders. Moreover, the claimed importance of Plaintiffs' expert testimony merely underscores the need for plaintiffs to have complied with the court's deadlines or at least informed the trial judge in advance if good faith compliance was not possible."

*Controneo* at 2, citing *Barrett v. Atlantic Richfield Co.,* 95 F. 3d 375. 381 (5th Cir. 1996); *Betzel v. State Farm Lloyds,* 480 F. 3d 704, 708 (5th Cir. 2007). One court in the Southern District of Texas

7

has noted: "Weak" explanations for failure to timely designate experts "strongly weigh in favor of exclusion." *Controneo at 2.*

In accord with Local Rule CV-7(i), counsel for Movant conferred by phone with counsel for the United States James Gilligan about the subject matter of this Motion and was unable to reach agreement on the substance of the Motion, which is therefore presented to the Court. [16]

## **ALTERNATIVE MOTION FOR LEAVE TO LATE DESIGNATE TOXICOLOGICAL EXPERT**

Movants will suffer prejudice if the court denies the Movants' Motion to Strike Dr. Kosnett unless movants are granted leave from the scheduling order deadline of November 6, 2020 and allowed to designate a toxicological expert in rebuttal to Dr. Kosnett's extensive, late-produced opinions, and to allow Dr. Todd to offer any amended opinions not already set forth in his report to rebut the opinions of Dr. Becker in her multiple reports to date. Movants therefore urge the court only in the event the Court denies Movants' Motion to Strike that the Court grant leave for MOVANTS to designate a toxicological expert prior to trial on a date to be determined by the Court to allow MOVANTS the opportunity to present opinions of a toxicological expert in opposition to Dr. Becker, even though MOVANTS anticipate substantial difficulty and potential severe prejudice in identifying and allowing sufficient time for such an expert to prepare and opine by any deadline set by the court prior to what MOVANTS anticipate at the time of filing will be a trial date in the very near future.

MOVANTS DAVID COLBATH AND MORGAN HARRIS MOVE that the court enter an order striking Dr. Danielle Becker and Dr. Michael Kosnett from testifying or providing any

---

[16] Indeed, counsel for Movants even offered in a good-faith proposed compromise to waive objections to the late designation of Dr. Becker, the neurologist, and all of her untimely reports if the United States would agree to de-designate Dr. Kosnett, whose report was produced over three months after the deadline, but the USA summarily rejected that offer.

opinions as expert witnesses or otherwise in connection with the trial of this cause relating to the damages suffered by MOVANTS or the causes thereof because of the untimely designation of these two purported expert witnesses in violation of the court's order set forth in Doc. 307 and in violation of Rule 26 of the Federal Rules of Civil Procedure.

Respectfully submitted,

__/s/Brett T. Reynolds___
BRETT T. REYNOLDS
Federal Bar No. 19994
State Bar No. 16795500
btreynolds@btrlaw.com
BRETT REYNOLDS & ASSOCIATES, P.C.
1250 NE Loop 410, Suite 310
San Antonio, Texas 78209
(210) 805-9799 – Telephone
(210) 455-2434 – Facsimile

**ATTORNEY FOR MOVANTS
MORGAN HARRIS AND DAVID
COLBATH**

# **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel identified as counsel of record for the United States listed on the docket page in the Pacer filing system in Cause # 5:18—cv—00555, by e-mail notwithstanding that the United States has not been served and has made no appearance in this cause, on the 23rd day of July, 2021.

Clayton R. Diedrichs
U.S. Attorneys' office
601 NW Loop 410 Ste. 600
San Antonio, Tx. 78216

James Edward Dingivan
U.S. Attorneys' office
601 NW Loop 410 Ste. 600
San Antonio, Tx. 78216

Paul D. Stern
United States Department of Justice
Three Constitution Square
175 N. St. N.E.
Washington, D.C. 20002

                                                                 /s/ *Brett T. Reynolds*
                                                                 BRETT T. REYNOLDS
                                                                 Federal Bar No. 19994
                                                                 State Bar No. 16795500
                                                                 btreynolds@btrlaw.com
                          BRETT REYNOLDS & ASSOCIATES, P.C.
                                         1250 NE Loop 410, Suite 310
                                              San Antonio, Texas 78209
                                          (210) 805-9799 – Telephone
                                          (210) 455-2434 – Facsimile
                                          **ATTORNEY FOR MOVANTS MORGAN HARRIS AND DAVID COLBATH**