United States District Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| Joe Holcombe, et. al,<br>    Plaintiffs,<br><br>v.<br><br>United States of America,<br>    Defendant. | No. 5-18-cv-00555-XR<br>(consolidated cases) |

**Defendant United States' Response to Plaintiffs' Motion to Strike**

Plaintiffs Morgan Harris and David Colbath's untimely Motion to Strike two of the Defendant's designated experts, Dr. Danielle Becker and Dr. Michael Kosnett, should be denied on three grounds. First, the motion should be denied because it is untimely. Second, Defendant timely disclosed the experts at issue and produced all but one report based upon the Parties' agreed deadlines. Third, to the extent an expert report was disclosed beyond the agreed deadline, Plaintiffs did not suffer any prejudice from the delay.

**Relevant Factual and Procedural History**

This Court is familiar with the history of this particular litigation under the Federal Tort Claims Act (FTCA). Over the last eighteen months, the Plaintiffs and the United States have engaged in lengthy damages discovery requiring the rolling production of voluminous medical records, scheduling and conducting dozens of remote depositions, obtaining and then re-obtaining medical releases because of expired authorization dates, scheduling and conducting remote psychological evaluations for people spread throughout Texas and the United States, and, lastly, the production of hundreds of expert reports and expert depositions. To keep damage discovery manageable, both sides worked together to coordinate the production of records and the scheduling of depositions and exams without the need for judicial interference.

The scheduling order covering the period of time relevant to this Motion was entered by this Court on May 14, 2020. Dkt 221. That order stated, in part, "Additionally, the parties should endeavor in good faith, even before the recommencement of depositions on damages, to exchange relevant records and to proactively work to schedule all remaining depositions—including damages depositions to commence on or after October 2, 2020 and to be completed no later than the close of damages discovery on February 24, 2021." *Id*. at p. 2. The Order furthered stated:

> Plaintiffs have already filed their designation of testifying experts and served the materials required by Fed. R. Civ. P. 26(a)(2)(B) on April 1, 2020. *See* ECF No. 197.
>
> The Government shall file its designation of testifying experts as to damages and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before **November 6, 2020**.
>
> All parties shall file all designations of rebuttal experts and serve on all parties the material required by Fed. R. of Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within eleven (11) days from the receipt of the written report of the expert's proposed testimony, or within eleven (11) days from obtaining a copy of the expert's deposition, if a deposition is taken, whichever is later.
>
> The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) is **February 24, 2021**.

*Id*. at p. 3. On November 6, 2020, the Defendant, in compliance with this order, filed its expert designations. Dkt. 307. In that filing, the Defendant designated Dr. Julio Chalela as its expert Neurologist and Dr. Michael Kosnett as its expert Toxicologist. *Id*. at pp. 4-5.

After those designations, Dr. Chalela had to leave the case for personal reasons. *See* Exhibit 1. Defendant timely informed Plaintiffs' lead counsel of Dr. Chalela's departure and the parties agreed to Dr. Becker's substitution. The parties further agreed to informally amended various ex-

pert report deadlines. *Id*. As early as December 23, 2020, more than 7 months ago, Plaintiffs Morgan Harris and David Colbath knew that both Dr. Becker and Dr. Kosnett would be producing reports on their alleged conditions. On January 6, 2021, with the Plaintiffs' consent, Defendant amended its Expert Designation, which included both Dr. Becker and Dr. Kosnett. Dkt. 317. These extensions were granted by Plaintiffs' lead counsel as reflected in the attached email correspondence. *See* Exhibits 2-6.

During the discovery period, Defendants were engaged in constant depositions and obtaining voluminous medical records of the various Plaintiffs. As noted above, all parties understood the difficulties involved with a case of this size and complexity and worked together to make sure that damages discovery continued apace. By February 2021, the Parties agreed that with the pending liability phase of trial, damages discovery needed come to a close. Exhibit 7. The Parties moved as quickly as possible to finish discovery and expert depositions, with agreements to conduct depositions beyond the Court's discovery deadline. The Parties agreed to a final extension for discovery until March 23, 2021. *Id*. Before the agreed upon deadline, Dr. Becker produced her initial report for David Colbath and Morgan Harris, which was shared with Plaintiffs on February 2, 2021. Exhibit 8. Dr. Kosnett's report regarding Morgan Harris was disclosed on February 25, 2021. Exhibit 9. Dr. Kosnett's report regarding David Colbath was disclosed on February 26, 2021. Exhibit 10. Plaintiffs have inarguably had Dr. Kosnett and Dr. Becker's opinions for at least five months. Exh. 8-10.

Under unfortunate circumstances, Plaintiff Morgan Harris requested to replace one neurologist with another after the disclosure of Dr. Becker and Dr. Kosnett's reports for Plaintiffs David Colbath and Morgan Harris. The parties, again the spirit of cooperation, agreed. Exhibit 11. Since February 1, 2021, Defendants have conducted forty-four Plaintiff expert depositions, all through

the coordination between the Parties with dates, times, and experts' schedules. Since then, counsel for both sides have engaged in a series of ill-fated attempts to schedule all necessary depositions on these topics. Although Dr. Becker's deposition has been set twice, on March 23, 2021 and May 14, 2021, both depositions were canceled upon the insistence of the counsel who filed this motion.

## Law and Argument

The Federal Rules of Civil Procedure state that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1) (emphasis added). Rule 26(a) requires testifying experts to provide an expert report that includes "a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; [and] any exhibits that will be used to summarize or support them," among other things. Fed. R. Civ. P. 26(a)(2)(B). The Federal Rules also contemplate that opposing experts will present rebuttal evidence, *see* Fed. R. Civ. P. 26(a)(2)(D), and that the original expert may supplement his testimony. Fed. R. Civ. P. 26(a)(2)(E).

a. *Plaintiffs' Motion is Untimely*

Here, Plaintiffs' motion should be denied because it is untimely under the applicable former Local Court Rule CV-16(d), which stated "[a]bsent *exceptional circumstances*, no motions relating to discovery including motions Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery." W.D.Tex. Local Rule CV-

16(d) (emphasis added).[1] Plaintiffs have brought their motion well beyond the time required and without demonstrating any exceptional circumstances, and therefore the same must be denied.

   b.  *Plaintiff's Requested Relief is Inappropriate*

To the extent the Court finds Plaintiffs' motion is considered timely, Defendant timely designated Dr. Becker and Dr. Kosnett as experts and produced all reports within the time period agreed upon by the parties. With regard to any report not timely designated, Plaintiffs have suffered no prejudice.

A district court has broad discretion in deciding whether to strike expert testimony as a sanction for a violation of Rule 37. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996). In exercising this discretion, courts look to four factors: "(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order." *Id.*

Here, the witnesses' testimony is incredibly important. Dr. Danielle Becker, Defendant's retained neurologist, addresses critical neurosurgical consults received by Plaintiff Morgan Harris Workman that document pre-existing medical conditions. Specifically, Plaintiff Harris had a symptomatic Chiari malformation, hydrocephalus and cervical syrinx that can cause foot drop including a "brain and cervical spine problem." Dr. Becker addresses why these signs and symptoms are potentially progressing with neurologically deficit that may not be reversible if they are not treated or monitored.  Dr. Michael Kosnett, a retained government toxicologist, is an expert

---

[1] Defendant notes there have been recent amendments to the local rules, but such changes do not affect the issue currently before the Court.

in lead toxicity, who is trained in reading signs and symptoms of potential lead toxicity. Dr. Kosnett knows how to interpret levels published by CDC and is the only expert who has written and published extensively in this area. Dr. Kosnett can explain the diagnosis, prognosis, and progression by signs and symptoms when lead toxicity manifests or whether other co-morbidities explain complaints.

With regard to the second consideration of prejudice to Plaintiffs, no harm resulted from parties agreed extensions for the disclosure of expert reports, Dr. Becker's substitution for Dr. Chalela, or Dr. Kosnett's reports. The parties have had five months to schedule depositions and review reports regarding Dr. Becker and Dr. Kosnett. Although Plaintiffs argue they have suffered prejudice, any harm has been self-inflicted by their own inaction in the five-month period following Dr. Becker and Dr. Kosnett's initial report disclosures. Exhibits. Defendant has set Dr. Becker's deposition multiple times—even through her unplanned C-section—during the last five months. Importantly, it is clear that Plaintiffs' experts have carefully reviewed and studied the various expert reports at issue, since Dr. Todd spent almost nearly 10 pages criticizing various expert opinions made by Dr. Becker in her report. Because Dr. Todd's lengthy analysis demonstrates he had ample opportunity to read, review, and critique these expert reports, these actions demonstrate Plaintiffs suffer no substantial harm or harmful prejudice.

With regard to the third consideration, there is no need to grant a continuance, as the parties are still able to conduct all necessary depositions in advance of the damages phase of the trial.

With regard to the fourth consideration, the reason this particular report took extra time to produce had to with the difficult in obtaining the relevant medical records of the Plaintiffs. This

case involves voluminous medical records which nearly all needed to be subpoenaed, and medical authorizations which contained arbitrary end dates. Given the numbers of doctors involved, determining which physicians the Plaintiffs saw and then tracking down their medical records continued well into Summer 2021.

    c. *Plaintiffs' Requested Alternative is Unnecessary and Untimely*

In the alternative to their motion, Plaintiffs have requested to be given additional time at this late stage to hire a toxicologist, claiming unfair prejudice or substantial harm because of surprise and inability to know a toxicologist was needed. This argument is not supported by the communication between the parties. On November 6, 2021, Dr. Kosnett was clearly identified in the first Defendant's Expert Designations (Doc. No. 307) as a medical expert with a specialty in toxicology, who would speak to lead toxicity.

## Conclusion

For the reasons stated above, the United States would ask the Plaintiffs' Motion be denied in its entirety. It also requests that the Defense be able to conduct the independent medical/neurological examinations that have most recently been allowed by Plaintiff's newly designated expert, Dr. Todd.

Respectfully submitted,

Ashley C. Hoff
United States Attorney

By: */s/ James F. Gilligan*
James F. Gilligan
Assistant United States Attorney
Texas Bar No. 07941200
James E. Dingivan
Assistant United States Attorney
Texas Bar No. 24094139
Clayton R. Diedrichs
Assistant United States Attorney
Colorado Bar No. 16833
Jacquelyn M. Christilles
Assistant United States Attorney
Texas Bar No. 24075431
Kristin K. Bloodworth
Assistant United States Attorney
Texas Bar No. 24095848
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
james.dingivan@usdoj.gov
clayton.diedrichs@usdoj.gov
jim.gilligan@usdoj.gov
jacquelyn.christilles@usdoj.gov
kristin.bloodworth@usdoj.gov
(210) 384-7372 (phone)
(210) 384-7312 (fax)