United States District Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| Joe Holcombe, et. al,<br>    Plaintiffs,<br><br>    v.<br><br>United States of America,<br>    Defendant. | No. 5-18-cv-00555-XR<br>(consolidated cases) |

**Defendant United States' Unopposed Motion for Summary Judgment on
the Claims of Guadalupe Rodriguez, Jose Rodriguez, and Patsy McCain**

Defendant United States moves for summary judgment as to the wrongful death claims of Guadalupe Rodriguez (18-cv-01151), Jose Rodriguez (18-cv-01151), and Patsy McCain (19-cv-00691) which have all been consolidated into the above captioned and numbered case on the grounds that these Plaintiffs have passed away during the pendency of this case. *See* Dkts 323, 326, and 330. Plaintiffs' counsel and Defendant's counsel have conferred on this issue and the Plaintiffs do not oppose this motion.

**Law and Argument**

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Actions under the FTCA are governed by state law. 28 U.S.C. § 1346(b). Here, Texas law governs. In an action under the Texas Wrongful Death Statute (Tex. Civ. Prac. & Rem. Code Ann. § 71.004), "[t]he damages awarded shall be divided, in shares as found by the jury in its verdict, among the individuals who are entitled to recover and who are alive at that time." *Id.*

§ 71.010. ". . . [T]he courts of [Texas] have consistently held that since the right of action conferred by the Wrongful Death statutes is personal and for the sole benefit of the named beneficiary that such cause of action ceases to exist upon the death of such beneficiary." *Carter v. Van Meter*, 495 S.W.2d 583, 586 (Tex. App.—Dallas 1973); *see also Coffey v. Johnson*, 142 S.W.3d 414, 417 (Tex. App.—Eastland 2004). As such, when a beneficiary dies before damages are awarded, that beneficiary's claims are extinguished. *Id*. Here, there is no argument or controversy that three wrongful death claims have been extinguished by the passing of the three beneficiaries identified above. *See* Dkts 323, 326, and 330. The United States is, therefore, entitled to summary judgment on their claims.

## Conclusion

For the reasons stated above, the United States respectfully requests that the Court grant the Defendant summary judgment as to the wrongful death claims of Guadalupe Rodriguez, Jose Rodriguez, and Patsy McCain.

                              Ashley C. Hoff
                              United States Attorney

By: */s/ James Dingivan*
     James Dingivan
     Assistant United States Attorney
     Texas Bar No. 24094139
     601 NW Loop 410, Suite 600
     San Antonio, Texas 78216
     Telephone: (210) 384-7372
     Fax: (210) 384-7312
     James.dingivan@usdoj.gov
     Attorneys for Defendant
     United States of America