IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HOLCOMBE, et. al, <br><br> Plaintiffs <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant | NO. 5:18-CV-00555-XR <br> (consolidated cases) |

## JOINT STATUS UPDATE

Parties would provide the Court the following updates. Parties have generally agreed to designate deposition testimony of certain witnesses. Parties are discussing the potential for calling certain witnesses via trial depositions. The remaining witnesses will be called by live testimony. Parties would describe the plan below, noting agreements and disagreements to the extent they exist.

## PARTIES PROPOSALS

1.   *Plaintiffs' Proposed Trial Schedule*

Plaintiffs propose the following schedule:

| WEEK | EVIDENCE |
| --- | --- |
| Oct 4 | Live Fact Witness Testimony followed by Plaintiffs' testimony by family group |
| Oct 11 | Live Plaintiffs' testimony by family group |
| Oct 18 | Live Plaintiffs' testimony by family group |
| Nov. 1 | Live Expert Testimony |
| Nov. 8 | Live Expert Testimony |
| Nov. 15–17 | Any final spill-over testimony |

See **Exhibit 1** for Plaintiffs' suggested family groupings. Plaintiffs reserve the right to call these families in the order they believe would be most persuasive and efficient.

For testimony by prior deposition, Plaintiffs request that the Court set the following dates: (1) Twenty-one days before the trial, Plaintiffs should file their deposition designations; (2) Fourteen days before the trial, Defendant should file counter designations and any substantive objections; and (3) Seven days before the trial, Plaintiffs should file any reply designations and objections. For trial depositions to be taken, parties agree to limit examination to one hour per side. For trial testimony, parties agree to reasonable time limitations equally applied to both sides. *See* ECF No. 454, at 1.

### 2. *Plaintiffs' Reasoning*

Plaintiffs have the burden of proof, including the burden of persuasion. As a result, Plaintiffs intend to present the following categories of witnesses: (1) Plaintiffs' live testimony grouped by family and selected common damages fact witnesses; (2) Expert and treating medical witnesses for both sides. Plaintiffs object to the Defendant's proposal for multiple reasons detailed below. Fundamentally, Plaintiffs have the burden of persuasion, and the Government cannot dictate trial strategy, including the order in which Plaintiffs call their witnesses.

First, Plaintiffs will present individual Plaintiffs to offer damages testimony grouped by family and by similar testimony. These witnesses should be grouped by both family and subject matter. And because the parties have stipulated to the admissibility of the expert reports, the Court can assess the experts' economic and non-economic damage conclusions as the families testify. And that will allow Plaintiffs to streamline the live expert testimony portion of trial to 1–2 trial days.[1] Before the trial, Plaintiffs would also present previously-taken deposition designations of certain Plaintiffs and request the Court allow trial depositions of other Plaintiffs. The trial depositions should be limited to one hour per side.

Second, Parties will present expert testimony. This testimony will be grouped by subject matter. For example, Plaintiffs will call their life care planners (who provide testimony on multiple individuals across family groups). Then, Defendant will call their life care planners applicable to the

---

[1] The parties have substantially progressed on agreeing to past medical expenses and trial exhibits, so the Court will likely have that information to assess individual damages while the families are testifying.

same individuals. Parties have agreed to call experts only for the areas where the parties substantially disagree.

Moreover, while Plaintiffs understand that the Defendant is not limited by budgetary constraints and would like to call the same expert back to the stand multiple times, Plaintiffs ask the Court to consider both monetary and time-efficiency costs of calling the same expert back multiple times. For example, under the Defendant's plan, Dr. Fairchild would be called **four (4) separate times**. Government's expert Marx will testify **five (5) times**. Plaintiffs' expert, Joe Gonzalez testifies **five (5) separate times**. Additionally, Plaintiffs' experts have busy clinical and private practice schedules. Requiring them to appear multiple times would adversely affect those schedules and they may not be available to appear multiple times due to those schedules.

Finally, the Government's mini-trial proposal is "mini" in name only: they intend to call nearly 100 live witnesses. *See* Exh. 2 (Government's proposal). In contrast, Plaintiffs' proposal requires less than 50 live witnesses.

### 3.  *Defendant's Proposal Trial Schedule*

See **Exhibit 2** for Defendants' suggested grouping proposal.

### 4.  *Defendant's Reasoning*

The Government's "mini-trial" proposal provides the Court with the information necessary to evaluate the Plaintiffs in each proposed "grouping" as discrete set from the whole. By presenting all Plaintiffs and then the correlating expert and medical witnesses for those Plaintiffs, the Court is

provided the complete picture for that group at once instead of delaying that information until all Plaintiffs have testified.

The Government does not oppose Plaintiffs dictating the order in which the families should be grouped based on family affiliations and similar testimony. The Government's proposal was developed utilizing family relationships determined by its research. The Government accepts that Plaintiffs may have more accurate information to develop logical groupings. As such, the Government would not dictate the order in which Plaintiffs call their witnesses.

If the Court accepts the Plaintiffs plan, the Court will hear from 33 live Plaintiff witnesses before receiving any information from experts associated with those Plaintiffs. Although it may preserve some financial resources, the Court's charge is to determine the appropriate amount of damages, if any, to be awarded to each distinct Plaintiff. The Government's trial plan presents the Court with discrete and easily distinguishable segments.

The Government's trial plan would not prevent the parties from agreeing to present witnesses by deposition designations, or by trial deposition, though the Government opposes any requirement to agree to such depositions regardless of which trial plan is accepted. Accordingly, the number of witnesses would not be substantially greater than Plaintiffs' trial plan. The Government would not be calling 100 separate live witnesses. While the Government's plan would require certain experts to testify multiple times, it is anticipated that areas of testimony, such as the experts' general methodologies, would not be repeated. The total length of each expert's testimony should therefore not be significantly longer than if he or she only testified once.

Respectfully Submitted,

/s/ Jamal K. Alsaffar
**Jamal K. Alsaffar**
JAlsaffar@nationaltriallaw.com
Texas Bar No. 24027193
**Tom Jacob**
TJacob@nationaltriallaw.com
Texas Bar No. 24069981
**Whitehurst, Harkness, Brees, Cheng, Alsaffar & Higginbotham & Jacob PLLC**
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
Office 512-476-4346
Fax 512-476-4400
Counsel for Vidal, McKenzie, Solis, McNulty, and Wall

/s/ Jason P. Steed
**Jason P. Steed**
JSteed@kilpatricktownsend.com
Texas Bar No. 24070671
**Kilpatrick Townsend & Stockton LLP**
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Office 214-922-7112
Fax 214-853-5731
Counsel for Vidal, McNulty, and Wall

/s/ April A. Strahan
**April A. Strahan**
april@ammonslaw.com
Texas Bar No. 24056387
**Robert E. Ammons**
rob@ammonslaw.com
Texas Bar No. 01159820
**The Ammons Law Firm**
3700 Montrose Blvd.
Houston, TX 77006
Office 866-523-1603
Fax 713-523-4159
Counsel for Holcombe, Ramsey, Curnow & Macias

/s/ Daniel J.T. Sciano
**Daniel J.T. Sciano**
DSciano@tsslawyers.com
Texas Bar No. 17881200
**Tinsman & Sciano**
10107 McAllister Freeway
San Antonio, TX 78216
Office 210-225-3121
Fax 210-225-6235
Counsel for Amador

/s/ Daniel Barks
**Daniel D. Barks,** *pro hac vice*
ddb@speiserkrause.com
**Speiser Krause, P.C.**
5555 Glenridge Connector, Suite 550
Atlanta, GA 30342
Office 571-814-3344
Fax 866-936-6382
Counsel for Holcombe

/s/ Mark Collmer
**Mark W. Collmer**
drcollmer@aol.com
Texas Bar No. 04626420
**Collmer Law Firm**
3700 Montrose
Houston, TX 77006
Office 713-337-4040
Counsel for Holcombe

/s/ Dennis Peery
**Dennis Charles Peery**
d.peery@tylerpeery.com
Texas Bar No. 15728750
**R. Craig Bettis**
cbettis@tylerpeery.com
Texas Bar No. 24040518
**Tyler & Peery**
5822 West IH 10
San Antonio, TX 78201
Office 210-774-6445
Counsel for Uhl

/s/ Tim Maloney
**Tim Maloney**
Texas Bar No. 12887380
timmaloney@yahoo.com
**Paul E. Campolo**
pcampolo@maloneyandcampolo.com
Texas Bar No. 03730150
**Maloney & Campolo, L.L.P.**
926 S. Alamo
San Antonio, TX 78205
Office (210) 465-1523
Counsel for Ramsey

/s/ George LeGrand
**George LeGrand**
tegrande@aol.com
Texas Bar No. 12171450
**Stanley Bernstein**
Texas Bar No. 02225400
**LeGrand & Bernstein**
2511 N. Saint Mary's St.
San Antonio, Texas 78212
Office 210-733-9439
Fax 510-735-3542
Counsel for Wall & Solis

/s/ Joseph M. Schreiber
**Joseph M. Schreiber**
joe@lawdoneright.net
Texas Bar No. 24037449
**Erik A. Knockaert**
erik@lawdoneright.net
Texas Bar No. 24036921
**Schreiber | Knockaert, PLLC**
701 N. Post Oak Rd., Suite 325
Houston, TX 77024
Phone (281) 949-8904
Fax (281) 949-8914
Counsel for Brown

/s/ Justin Demerath
**Justin Demerath**
jdemerath@808west.com
Texas Bar No. 24034415
**O'Hanlon, McCollom & Demerath**
808 West Ave.
Austin, TX 78701
Office 512-494-9949
   Counsel for Corrigan, Braden, Warden, Stevens, Pachal, McCain, & Poston

/s/ Jason Webster
**Jason Webster**
jwebster@thewebsterlawfirm.com
Texas Bar No. 24033318
**The Webster Law Firm**
6200 Savoy
Suite 640
Houston, TX 77036
   Counsel for Lookingbill

/s/ Brett Reynolds
**Brett T. Reynolds**
btreynolds@btrlaw.com
Texas Bar No. 16795500
**Brett Reynolds & Associates, P.C.**
1250 N.E. Loop 420, Suite 420
San Antonio, TX 78219
(210)805-9799
   Counsel for Workman, Colblath, and Harris

/s/ Hugh Plummer
**Hugh Plummer**
**Law Office of Thomas J. Henry**
4715 Fredricksburg
San Antonio, TX 78229
(210) 585-2151
(361) 985-0601 (fax)
hplummer@tjhlaw.com
   Counsel for McMahan

/s/ Craig Carlson
**Craig Carlson**
ccarlson@carlsonattorneys.com
**Philip Koelsch**
pkoelsch@carlsonattorneys.com
**Joe Craven**
jcraven@carlsonattorneys.com
**The Carlson Law Firm**
100 E Central Texas Expy
Killeen, TX 76541
254-526-5688
   Counsel for Rios

/s/ Marion M. Reilly
Marion M. Reilly
**Hilliard Munoz Gonzales, L.L.P.**
719 S. Shoreline - Ste 500
Corpus Christi, TX 78401
(361) 882-1612
361/882-3015 (fax)
marion@hmglawfirm.com
   Counsel for McMahan

/s/ Kelley W. Kelley
**Kelley W. Kelley**
**Anderson & Associates Law Firm**
2600 SW Military Drive, Suite 118
San Antonio, TX 78224
(210) 928-9999
(210) 928-9118 (fax)
kk.aalaw@yahoo.com
   Counsel for Ward

By:

Respectfully submitted,

Ashley C. Hoff
United States Attorney

*/s/ James E. Dingivan*
James E. Dingivan
Assistant United States Attorney
Texas Bar No. 24094139
Clayton R. Diedrichs

Assistant United States Attorney
Colorado Bar No. 16833
James F. Gilligan
Assistant United States Attorney
Texas Bar No. 07941200
Jacquelyn M. Christilles
Assistant United States Attorney
Texas Bar No. 24075431
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
james.dingivan@usdoj.gov
clayton.diedrichs@usdoj.gov
jim.gilligan@usdoj.gov
jacquelyn.christilles@usdoj.gov

(210) 384-7372 (phone)
(210) 384-7312 (fax)