IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE ET AL., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-18-CV-555-XR |
| | § | |
| UNITED STATES OF AMERICA, | § | *Consolidated Cases* |
| | § | |
| *Defendant.* | § | |

**ORDER**

On this date, the Court considered Plaintiffs' motion to strike Defendant's proposed damages experts, Dr. Michael Kosnett and Dr. Danielle Becker. ECF No. 456. In the alternative, Plaintiffs seek leave to designate a rebuttal toxicology expert and to allow Plaintiffs' expert, Dr. Robert Todd, to amend his report.  After careful consideration, the Court **DENIES** Plaintiffs' motion to strike. However, the Court will grant the alternative request for additional time to designate a toxicologist and to allow Dr. Todd to amend his report.

**BACKGROUND**

On May 14, 2020 the Court entered an Amended Scheduling Order, ECF No. 221, governing deadlines for discovery, including designation of expert witnesses.  The scheduling order in relevant part read: "The Government shall file its designation of testifying experts as to damages and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before November 6, 2020."  ECF No. 221.

The Government filed its expert designations on November 6, 2020.  ECF No. 307.  In that filing, the Government designated Dr. Julio Chalela as its expert neurologist and Dr. Michael Kosnett as its expert toxicologist.  *Id.*  The Government did not, however, serve the materials required by Fed. R. Civ. P. 26(a)(2)(B), namely Dr. Chalela's and Dr. Kosnett's expert reports.

On December 23, 2020, the parties agreed to Dr. Danielle Becker's designation as the Government's expert neurologist, replacing Dr. Chalela.  ECF No. 457-1.  The Government subsequently amended its expert designation to include Dr. Becker on January 6, 2021.  ECF No. 317.

Dr. Becker's report was disclosed to Plaintiffs on February 4, 2021.  ECF No. 457-8.  Dr. Kosnett's report was then disclosed to Plaintiffs on February 25, 2021.  ECF No. 457-9.  Multiple emails between Plaintiffs' lead counsel and the Government show that deadlines for these reports were informally extended.  ECF Nos. 457-2; 457-3; 457-4.

## ANALYSIS

Plaintiffs assert that the Government's untimely designation of Dr. Becker and untimely receipt of Dr. Becker's and Dr. Kosnett's reports is unfairly prejudicial.  Specifically, they contend that the Government's failure to comply with the Court's scheduling order has prevented Plaintiffs from searching for and retaining their own experts to rebut Dr. Becker's and Dr. Kosnett's reports or to depose these experts.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

FED. R. CIV. P. 37(c)(1).  The Court weighs four factors to determine if the failure is harmless: "(1) the explanation for the failure to identify a witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004); *see also Tex. A&M Rsch. Found. v. Magna Transp. Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

The Government's explanation for the failure to produce Dr. Becker's and Dr. Kosnett's reports on November 6 includes several informal agreements between lead Plaintiffs' counsel and the Government permitting the Government to designate Dr. Becker after the November 6 deadline and to disclose the reports in January or February 2021. Additionally, the Government states that the numerous medical records and number of doctors involved in the case made tracking down Plaintiffs' medical records difficult.  Plaintiffs note that the appropriate medical authorizations were provided to the Government in April 2020, and the Government produced expert reports on November 6 identifying the medical records that formed the basis of their opinions about the Plaintiffs' conditions.  Given the informal agreements between Plaintiffs' counsel and the Government, however, the Court finds this factor neutral.

The second factor, importance of the expert's testimony, weighs in the Government's favor.  Dr. Becker's proposed testimony goes to Plaintiff Harris's pre-existing medical conditions, which would directly affect the damages she would be entitled to.  Specifically, Dr. Becker's testimony is relevant to Harris's pre-existing medical conditions.  Dr. Kosnett's

testimony concerns lead toxicity and how such toxicity manifests or whether other conditions may be the cause of Plaintiffs' injuries. Both experts will provide important testimony.

The third factor, whether there is potential prejudice in allowing Dr. Becker and Dr. Kosnett to testify, weighs in the Government's favor. As to Dr. Becker, Plaintiffs' expert, Dr. Todd, has had the opportunity to view and respond to much of Dr. Becker's report as acknowledged in Plaintiffs' reply brief. Plaintiffs additionally acknowledge in their reply brief that receipt of Dr. Becker's February report complied with the informal agreement between the Government and Plaintiffs' lead counsel. There is no discernable prejudice to Plaintiffs by allowing Dr. Becker to testify.

As to Dr. Kosnett, Plaintiffs were aware that the Government had identified an expert toxicologist in compliance with the Court's scheduling order. Dr. Kosnett was included in the Government's expert designation on November 6, 2020. ECF No. 307. The designation indicates that "Dr. Kosnett will provide testimony in accordance with his reports regarding any lead poisoning and lead toxicity suffered by certain Plaintiffs." *Id.* Additionally, Plaintiffs' lead counsel and the Government discussed the fact that Dr. Kosnett's report would be received after the November 6 deadline. ECF No. 457-6; 457-7. Lastly, Plaintiffs have had Dr. Kosnett's report for six months, ample time to depose him.[1]

The fourth factor, the availability of a continuance to cure any prejudice, is neutral. Neither party at this stage seeks a continuance, and the Court does not wish to delay this lengthy litigation any further.

---

[1] While the Court's scheduling order set the discovery deadline for February 24, 2021, informal agreements between Plaintiffs and the Government have allowed for the continuation of discovery, including depositions, well past this deadline. *See* ECF No. 463-1.

Given the importance of the expert testimony and the lack of prejudice to Plaintiffs, the Court finds the delay in disclosing Dr. Becker's and Dr. Kosnett's reports harmless.

In the alternative, Plaintiffs have requested leave to designate their own toxicology expert to rebut the testimony of Dr. Kosnett, claiming unfair prejudice because of surprise and inability to know a toxicologist was needed, and to allow their expert Dr. Todd to amend his opinion to rebut the opinions of Dr. Becker. The Court will grant Plaintiffs leave to designate a toxicology expert and to allow Dr. Todd to amend his opinion. Plaintiffs have 30 days from the date of this order to designate a toxicology expert, produce a report, and to make any amendments to Dr. Todd's opinion and report. The Court additionally grants leave for the Government to depose Plaintiffs' designated toxicology expert.[2]

## CONCLUSION

For the reasons herein, Plaintiffs' motion to strike (ECF No. 456) is **DENIED**, and Plaintiffs' alternative request for leave to designate a toxicology expert and to allow Dr. Todd to amend his opinion and report are **GRANTED**.

It is so **ORDERED**.

SIGNED this 27th day of August, 2021.

_____
Xavier Rodriguez
United States District Judge

---

[2] To the extent the Government states in the last sentence of its response brief that it requests additional examinations of Plaintiffs, the Government should file an appropriate motion seeking such relief.