IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HOLCOMBE,  et. al, | NO.  5:18-CV-00555-XR |
| | (consolidated cases) |
| Plaintiffs | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

## TRIAL BRIEF ON ELEMENTS OF DAMAGES

Plaintiffs file the following trial brief to give the Court a reference guide to the elements of damages recoverable for each Plaintiff. Plaintiffs have bookmarked the claims by family and, within each family, by claim. Plaintiffs have also attached as Exhibit 1 the specific portions of the Texas Pattern Jury Charge that this trial brief cites.

## DEFINITIONS

1. "Household services" means the performance of household and domestic duties by a spouse to the marriage. Tex. Civ. Jury Instr. Gen. Neg. § 28.4 ¶ 1 (2020)

2. "Consortium" means the mutual right of the husband and wife to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity necessary to a successful marriage. *E.g.*, *id.* § 28.4 ¶ 3.

3. "Parental consortium" means the positive benefits flowing from the parent's love, affection, protection, emotional support, services, companionship, care, and society. *E.g.*, *id.* § 28.11.

4. "Pecuniary loss" means the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, excluding loss of inheritance, that the surviving plaintiff in reasonable probability, would have received from the decedent had he or she lived. *E.g.*, *id.* § 29.3 ¶ 1.

5. "Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that the plaintiff, in reasonable probability, would have received from the decedent had he or she lived. *E.g.*, *id.* § 29.3 ¶ 3.

6. In the wrongful death context, "Mental anguish" means the emotional pain, torment, and suffering experienced by the plaintiff because of the death of her loved one. *Id.* § 29.3 ¶ 5.

7. In the context of damages of a wrongful-death estate, "Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death as a result of the occurrence in question. *Id.* § 30.3 ¶ 1.

8. A plaintiff may recover bystander mental anguish damages if (1) the plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it; (2) the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) the plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. ECF No. 233, at 6–7.

Respectfully Submitted,

/s/ Jamal K. Alsaffar
**Jamal K. Alsaffar**
JAlsaffar@nationaltriallaw.com
Texas Bar No. 24027193
**Tom Jacob**
TJacob@nationaltriallaw.com
Texas Bar No. 24069981
**Whitehurst, Harkness, Brees, Cheng, Alsaffar & Higginbotham & Jacob PLLC**
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
Office 512-476-4346
Fax 512-476-4400
Counsel for Vidal, McKenzie, Solis, McNulty, and Wall

/s/ Jason P. Steed
**Jason P. Steed**
JSteed@kilpatricktownsend.com
Texas Bar No. 24070671
**Kilpatrick Townsend & Stockton LLP**
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Office 214-922-7112
Fax 214-853-5731
Counsel for Vidal, McNulty, and Wall

/s/ April A. Strahan
**April A. Strahan**
april@ammonslaw.com
Texas Bar No. 24056387
**Robert E. Ammons**
rob@ammonslaw.com
Texas Bar No. 01159820
**The Ammons Law Firm**
3700 Montrose Blvd.
Houston, TX 77006
Office 866-523-1603
Fax 713-523-4159
Counsel for Holcombe, Ramsey, Curnow & Macias

/s/ Daniel J.T. Sciano
**Daniel J.T. Sciano**
DSciano@tsslawyers.com
Texas Bar No. 17881200
**Tinsman & Sciano**
10107 McAllister Freeway
San Antonio, TX 78216
Office 210-225-3121
Fax 210-225-6235
Counsel for Amador

/s/ Daniel Barks
**Daniel D. Barks, *pro hac vice***
ddb@speiserkrause.com
**Speiser Krause, P.C.**
5555 Glenridge Connector, Suite 550
Atlanta, GA 30342
Office 571-814-3344
Fax 866-936-6382
Counsel for Holcombe

/s/ Mark Collmer
**Mark W. Collmer**
drcollmer@aol.com
Texas Bar No. 04626420
**Collmer Law Firm**
3700 Montrose
Houston, TX 77006
Office 713-337-4040
Counsel for Holcombe

/s/ Dennis Peery
**Dennis Charles Peery**
d.peery@tylerpeery.com
Texas Bar No. 15728750
**R. Craig Bettis**
cbettis@tylerpeery.com
Texas Bar No. 24040518
**Tyler & Peery**
5822 West IH 10
San Antonio, TX 78201
Office 210-774-6445
Counsel for Uhl

/s/ George LeGrand
**George LeGrand**
tegrande@aol.com
Texas Bar No. 12171450
**Stanley Bernstein**
Texas Bar No. 02225400
**LeGrand & Bernstein**
2511 N. Saint Mary's St.
San Antonio, Texas 78212
Office 210-733-9439
Fax 510-735-3542
Counsel for Wall & Solis

/s/ Justin Demerath
**Justin Demerath**
jdemerath@808west.com
Texas Bar No. 24034415
**O'Hanlon, Demerath & Castillo**
808 West Ave.
Austin, TX 78701
Office 512-494-9949
    Counsel for Corrigan, Braden,
    Warden, Stevens, Pachal, McCain, &
    Poston

/s/ Tim Maloney
**Tim Maloney**
Texas Bar No. 12887380
timmaloney@yahoo.com
**Paul E. Campolo**
pcampolo@maloneyandcampolo.com
Texas Bar No. 03730150
**Maloney & Campolo, L.L.P.**
926 S. Alamo
San Antonio, TX 78205
Office (210) 465-1523
Counsel for Ramsey

/s/ Joseph M. Schreiber
**Joseph M. Schreiber**
joe@lawdoneright.net
Texas Bar No. 24037449
**Erik A. Knockaert**
erik@lawdoneright.net
Texas Bar No. 24036921
**Schreiber | Knockaert, PLLC**
701 N. Post Oak Rd., Suite 325
Houston, TX 77024
Phone (281) 949-8904
Fax (281) 949-8914
Counsel for Brown

/s/ Jason Webster
**Jason Webster**
jwebster@thewebsterlawfirm.com
Texas Bar No. 24033318
**The Webster Law Firm**
6200 Savoy
Suite 640
Houston, TX 77036
    Counsel for Lookingbill

/s/ Brett Reynolds

**Brett T. Reynolds**
btreynolds@btrlaw.com
Texas Bar No. 16795500
**Brett Reynolds & Associates, P.C.**
1250 N.E. Loop 420, Suite 420
San Antonio, TX 78219
(210)805-9799
    Counsel for Workman, Colbath, and
    Harris


/s/ Hugh Plummer

**Hugh Plummer**
**Law Office of Thomas J. Henry**
4715 Fredricksburg
San Antonio, TX 78229
(210) 585-2151
(361) 985-0601 (fax)
hplummer@tjhlaw.com
    Counsel for McMahan


/s/ Craig Carlson

**Craig Carlson**
ccarlson@carlsonattorneys.com
**Philip Koelsch**
pkoelsch@carlsonattorneys.com
**Joe Craven**
jcraven@carlsonattorneys.com
**The Carlson Law Firm**
100 E Central Texas Expy
Killeen, TX 76541
254-526-5688
    Counsel for Rios


/s/ Marion M. Reilly

Marion M. Reilly
**Hilliard Munoz Gonzales, L.L.P.**
719 S. Shoreline - Ste 500
Corpus Christi, TX 78401
(361) 882-1612
361/882-3015 (fax)
marion@hmglawfirm.com
    Counsel for McMahan


/s/ Diego Lopez

**Diego Lopez**
**Anderson & Associates Law Firm**
2600 SW Military Drive, Suite 118
San Antonio, TX 78224
(210) 928-9999
(210) 928-9118 (fax)
diego@diegolaw.com
    Counsel for Ward

## CERTIFICATE OF SERVICE

By our signatures above, we certify that a copy of  has been sent to the following on September 29, 2021 via the Court's CM/ECF notice system.

Paul D. Stern
Daniel P. Chung
Austin L. Furman
Stephen E. Handler
Jocelyn Krieger
James G. Touhey, Jr.
U.S. Department of Justice

Clayton R. Diedrichs
James F. Gilligan
James Edward Dingivan
Jacquelyn M. Christilles
U.S. Attorney's Office
Western District of Texas

# BRADEN FAMILY

## 1. *Deborah Braden*

### 1.1.   **Deborah Braden's individual damages for personal injury**

| ELEMENT | AMOUNT |
|---|---|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future. | |
| Loss of earning capacity sustained in the past. | |
| Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future. | |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Plaintiff will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Plaintiff will sustain in the future. | |

| ELEMENT | AMOUNT |
|---|---|
| Medical care expenses incurred in the past. | |
| Medical care expenses that, in reasonable probability, Plaintiff will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

### 1.2.   Deborah Braden's individual damages for the death of her husband, Keith Braden

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, will be sustained in the future. | |
| Loss of companionship and society sustained in the past. | |
| Loss of companionship and society that, in reasonable probability, will be sustained in the future. | |
| Mental anguish sustained in the past | |
| Mental anguish that, in reasonable probability, will be sustained in the future. | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.3 (2020) (Wrongful Death Damages—Claim of Surviving Spouse).*

### 2. *Deborah Braden's damages on behalf of the Estate of Keith Braden*

| ELEMENT | AMOUNT |
| --- | --- |
| Pain and mental anguish<br><br>*"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | NOT CLAIMED |
| Funeral & burial expenses | |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

3. ***Rebecca Metcalf***

3.1. **Rebecca Metcalf's individual damages for injury to her mom, Deborah Braden**

| ELEMENT | AMOUNT |
| --- | --- |
| Loss of Parental Consortium that was sustained in the past. | |
| Loss of Parental Consortium in reasonable probability will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.11 (2020) (Personal Injury Damages—Child's Loss of Consortium—Damages Question), if the "physical injury to [the parent] a serious, permanent, and disabling injury." Id. § 28.10.*

### 3.2. Rebecca Metcalf's individual damages for the death of her dad, Keith Braden

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

4.    *Robert Braden*

4.1.    **Robert Braden's individual personal injury damages**

| ELEMENT | AMOUNT |
|---|---|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future. | |
| Loss of earning capacity sustained in the past. | |
| Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future. | |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Plaintiff will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Plaintiff will sustain in the future. | |
| Medical care expenses incurred in the past. | |

| ELEMENT | AMOUNT |
| --- | --- |
| Medical care expenses that, in reasonable probability, Plaintiff will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

4.2.   **Robert Braden's damages for injury to his mom, Deborah Braden**

| ELEMENT | AMOUNT |
|---|---|
| Loss of Parental Consortium that was sustained in the past. | |
| Loss of Parental Consortium in reasonable probability will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.11 (2020) (Personal Injury Damages—Child's Loss of Consortium—Damages Question), if the "physical injury to [the parent] a serious, permanent, and disabling injury." Id. § 28.10.*

### 4.3.   Robert Braden's damages for the death of his dad, Keith Braden

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

## 5.   *Elizabeth Braden*

### 5.1.   **Elizabeth Braden's individual damages for the injury to her mom, Deborah Braden**

| ELEMENT | AMOUNT |
| --- | --- |
| Loss of Parental Consortium that was sustained in the past. | |
| Loss of Parental Consortium in reasonable probability will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.11 (2020) (Personal Injury Damages—Child's Loss of Consortium—Damages Question), if the "physical injury to [the parent] a serious, permanent, and disabling injury." Id. § 28.10.*

### 5.2. Elizabeth Braden's damages for the death of her dad, Keith Braden

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

5.3. **Elizabeth Braden's individual damages for the injury to her minor child, Z.Z.**

| ELEMENT | AMOUNT |
|---|---|
| Loss of services that were sustained in the past | |
| Loss of services that in reasonable probability will be sustained in the future until age eighteen. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.6 (2020) (Personal Injury Damages—Parents' Loss of Services of Minor Child).*

5.4.    **Elizabeth Braden's damages on behalf of her minor child, Z.Z.**

| ELEMENT | AMOUNT |
| --- | --- |
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, the child will sustain in the future. | |
| Loss of earning capacity sustained in the past | |
| Loss of earning capacity that, in reasonable probability, will be sustained in the future from the time of trial until the child reaches the age of eighteen years. | |
| Loss of earning capacity that, in reasonable probability, will be sustained in the future after the child reaches the age of eighteen years. | |
| Disfigurement sustained in the past | |
| Disfigurement that, in reasonable probability, the child will sustain in the future. | |
| Physical impairment sustained in the past | |

| ELEMENT | AMOUNT |
| --- | --- |
| Physical impairment that in reasonable probability, the child will sustain in the future. | |
| Medical care expenses incurred in the past on behalf of the child | |
| Medical care expenses that, in reasonable probability, will be incurred on behalf of the child in the future from the time of trial until each child reaches the age of eighteen years | |
| Medical care expenses that, in reasonable probability, the child will incur after he reaches the age of eighteen years. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.5 (2020) (Personal Injury Damages—Injury of Minor Child).*

Braden Family - Elizabeth Braden

# BROWN, FARIDA

## 1. *Farida Brown's personal injury damages*

| ELEMENT | AMOUNT |
|---|---|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future. | |
| Loss of earning capacity sustained in the past. | NOT CLAIMED |
| Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future. | NOT CLAIMED |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Plaintiff will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Plaintiff will sustain in the future. | |
| Medical care expenses incurred in the past. | |

| ELEMENT | AMOUNT |
| --- | --- |
| Medical care expenses that, in reasonable probability, Plaintiff will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

# COLBATH FAMILY

### 1.   *David Colbath's personal injury damages*

| ELEMENT | AMOUNT |
| --- | --- |
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future. | |
| Loss of earning capacity sustained in the past. | |
| Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future. | |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Plaintiff will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Plaintiff will sustain in the future. | |
| Medical care expenses incurred in the past. | |

| ELEMENT | AMOUNT |
|---|---|
| Medical care expenses that, in reasonable probability, Plaintiff will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

### 2. *David Colbath, on behalf of his daughter, O.C., a minor, for her damages arising out of injuries to himself*

| ELEMENT | AMOUNT |
|---|---|
| Loss of Parental Consortium that was sustained in the past. | |
| Loss of Parental Consortium in reasonable probability will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.11 (2020) (Personal Injury Damages—Child's Loss of Consortium—Damages Question), if the "physical injury to [the parent] was a serious, permanent, and disabling injury." Id. § 28.10.*

Colbath Family - David Colbath, on behalf of his daughter, O.C., a minor, for her damages arising out of injuries to himself

# CORRIGAN FAMILY

## 1.  *Benjamin Corrigan on behalf of the Estate of Robert Corrigan*

| ELEMENT | AMOUNT |
|---|---|
| Pain and mental anguish<br><br>*"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | |
| Funeral & burial expenses | |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

2. ***Benjamin Corrigan on behalf of the Estate of Shani Corrigan***

| ELEMENT | AMOUNT |
|---|---|
| Pain and mental anguish<br><br>*"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | |
| Funeral & burial expenses | |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

3. ***Benjamin Corrigan's individual damages for the death of his dad, Robert Corrigan***

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

4. ***Benjamin Corrigan's individual damages for the death of his mom, Shani Corrigan***

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

5. ***Preston Corrigan's individual damages for the death of his dad, Robert Corrigan***

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

### 6. *Preston Corrigan's individual damages for the death of his mom, Shani Corrigan*

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

# HOLCOMBE FAMILY

1. ***Joe Holcombe's individual damages for the death of his child John Bryan Holcombe***

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, will be sustained in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, will be sustained in the future | |
| Mental anguish sustained in the past | |
| Mental anguish that, in reasonable probability, will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.6 (2020) (Wrongful Death Damages—Claim of Surviving Parents of Adult Child).*

2. ***Claryce Holcombe's individual damages for the death of her child John Bryan Holcombe***

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, will be sustained in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, will be sustained in the future | |
| Mental anguish sustained in the past | |
| Mental anguish that, in reasonable probability, will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.6 (2020) (Wrongful Death Damages—Claim of Surviving Parents of Adult Child).*

Holcombe Family - Claryce Holcombe's individual damages for the death of her child John Bryan Holcombe

3. ***John Porter Holcombe, individually for the death of his mom, Karla Holcombe***

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

4. ***John Porter Holcombe, individually for the death of his dad, John Bryan Holcombe***

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

5. ***Scott Holcombe, individually for the death of his dad, John Bryan Holcombe***

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

6.  ***Scott Holcombe, individually for the death of his mom, Karla Holcombe***

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child)*

Holcombe Family - Scott Holcombe, individually for the death of his mom, Karla Holcombe

### 7.   *John Porter Holcombe's individual damages for his own injuries*

| ELEMENT | AMOUNT |
|---|---|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future. | |
| Loss of earning capacity sustained in the past. | |
| Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future. | |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Plaintiff will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Plaintiff will sustain in the future. | |
| Medical care expenses incurred in the past. | |

Holcombe Family - John Porter Holcombe's individual damages for his own injuries

| ELEMENT | AMOUNT |
| --- | --- |
| Medical care expenses that, in reasonable probability, Plaintiff will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

Holcombe Family - John Porter Holcombe's individual damages for his own injuries

8.  ***John Porter Holcombe, individually as husband of Crystal Holcombe***

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, will be sustained in the future. | |
| Loss of companionship and society sustained in the past. | |
| Loss of companionship and society that, in reasonable probability, will be sustained in the future. | |
| Mental anguish sustained in the past | |
| Mental anguish that, in reasonable probability, will be sustained in the future. | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.3 (2020) (Wrongful Death Damages—Claim of Surviving Spouse).*

Holcombe Family - John Porter Holcombe, individually as husband of Crystal Holcombe

### 9. *John Porter Holcombe on behalf of the Estate of Crystal Holcombe*

| ELEMENT | AMOUNT |
|---|---|
| Pain and mental anguish<br><br>*"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | NOT CLAIMED |
| Funeral & burial expenses | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

### 10. *John Porter Holcombe, on behalf of the Estate of E.H.*

| ELEMENT | AMOUNT |
|---|---|
| Pain and mental anguish<br><br>*"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | NOT CLAIMED |
| Funeral & burial expenses | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

11.  ***John Porter Holcombe, on behalf of the Estate of M.H.***

| ELEMENT | AMOUNT |
|---|---|
| Pain and mental anguish | |
| *"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | NOT CLAIMED |
| Funeral & burial expenses | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

12.  ***John Porter Holcombe, on behalf of the Estate of G.H.***

| ELEMENT | AMOUNT |
|---|---|
| Pain and mental anguish | |
| *"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | NOT CLAIMED |
| Funeral & burial expenses | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

Page 43 of 130

Holcombe Family - John Porter Holcombe, on behalf of the Estate of M.H.

1.  ***John Porter Holcombe, on behalf of minor child EJH***

  1.1.   **EJH's Personal Injury Claim**

| ELEMENT | AMOUNT |
|---|---|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, the child will sustain in the future. | |
| Loss of earning capacity sustained in the past | NOT CLAIMED |
| Loss of earning capacity that, in reasonable probability, will be sustained in the future from the time of trial until the child reaches the age of eighteen years. | NOT CLAIMED |
| Loss of earning capacity that, in reasonable probability, will be sustained in the future after the child reaches the age of eighteen years. | NOT CLAIMED |
| Disfigurement sustained in the past | NOT CLAIMED |
| Disfigurement that, in reasonable probability, the child will sustain in the future. | NOT CLAIMED |
| Physical impairment sustained in the past | |

Holcombe Family - John Porter Holcombe, on behalf of minor child EJH

| ELEMENT | AMOUNT |
| --- | --- |
| Physical impairment that in reasonable probability, the child will sustain in the future. | |
| Medical care expenses incurred in the past on behalf of the child | |
| Medical care expenses that, in reasonable probability, will be incurred on behalf of the child in the future from the time of trial until the child reaches the age of eighteen years | |
| Medical care expenses that, in reasonable probability, the child will incur after she reaches the age of eighteen years. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.5 (2020) (Personal Injury Damages—Injury of Minor Child).*

Holcombe Family - John Porter Holcombe, on behalf of minor child EJH

### 1.2.   EJH's damages for her mom, Crystal Holcombe's, death

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, the child will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, the child will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, the child will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

Holcombe Family - John Porter Holcombe, on behalf of minor child EJH

## 2. *John Porter Holcombe, on behalf of Philip Hill, formerly a minor child (presently 18)*

### 2.1. **Philip's damages for the death of his mom, Crystal Holcombe**

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, the child will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, the child will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, the child will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

# JOHNSON FAMILY

### 1.  *Kati Wall & Michael Johnson as personal representatives of the Estate of Dennis Johnson*

| ELEMENT | AMOUNT |
| --- | --- |
| Pain and mental anguish | |
| *"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | |
| Funeral & burial expenses | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

### 2.  *Kati Wall & Michael Johnson as personal representatives of the Estate of Sara Johnson*

| ELEMENT | AMOUNT |
| --- | --- |
| Pain and mental anguish | |
| *"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | |

Johnson Family - Kati Wall & Michael Johnson as personal representatives of the Estate of Dennis Johnson

| ELEMENT | AMOUNT |
| --- | --- |
| Funeral & burial expenses | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

### 3. *Kati Wall as child of Dennis Johnson*

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

4. *Kati Wall as child of Sara Johnson*

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

### 5.   *Michael Johnson as child of Dennis Johnson*

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

### 6. *Michael Johnson as child of Sara Johnson*

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

### 7.  *Deanna Staton as child of Dennis Johnson*

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

Johnson Family - Deanna Staton as child of Dennis Johnson

### 8.  *Deanna Staton as child of Sara Johnson*

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

### 9.   *Chris Johnson as child of Dennis Johnson*

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

10. *Chris Johnson as child of Sara Johnson*

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

11.   *Dennis Johnson Jr. as child of Dennis Johnson Sr.*

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

Page 58 of 130

Johnson Family - Dennis Johnson Jr. as child of Dennis Johnson Sr.

12.   *James Graham as child of Dennis Johnson*

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

Johnson Family - James Graham as child of Dennis Johnson

# LOOKINGBILL-WARD FAMILY

## 1.  *Dalia Lookingbill*

### 1.1.  Dalia Lookingbill, for the death of her daughter JoAnn Ward

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, will be sustained in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, will be sustained in the future | |
| Mental anguish sustained in the past | |
| Mental anguish that, in reasonable probability, will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.6 (2020) (Wrongful Death Damages—Claim of Surviving Parents of Adult Child).*

### 1.2. Dalia Lookingbill, on behalf of the Estate of E.G., for survival damages, as well as, her bystander claims for the death of her sister B.W. and her mother, JoAnn Ward

| ELEMENT | AMOUNT |
|---|---|
| Pain and mental anguish | |
| *"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶ 1.* | |
| Medical Expenses | |
| Funeral & burial expenses | |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

1.3.   **Dalia Lookingbill, on behalf of R.T., a minor child, for personal injuries, as well as, bystander claims for the death of her sisters E.G. and B.W., injuries to her step-brother R.W., and her mother, JoAnn Ward**

| ELEMENT | AMOUNT |
|---|---|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, the child will sustain in the future. | |
| Loss of earning capacity sustained in the past | |
| Loss of earning capacity that, in reasonable probability, will be sustained in the future from the time of trial until the child reaches the age of eighteen years. | |
| Loss of earning capacity that, in reasonable probability, will be sustained in the future after the child reaches the age of eighteen years. | |
| Disfigurement sustained in the past | |
| Disfigurement that, in reasonable probability, the child will sustain in the future. | |

| ELEMENT | AMOUNT |
|---|---|
| Physical impairment sustained in the past | |
| Physical impairment that in reasonable probability, the child will sustain in the future. | |
| Medical care expenses incurred in the past on behalf of the child | |
| Medical care expenses that, in reasonable probability, will be incurred on behalf of the child in the future from the time of trial until each child reaches the age of eighteen years | |
| Medical care expenses that, in reasonable probability, the child will incur after he reaches the age of eighteen years. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.5 (2020) (Personal Injury Damages—Injury of Minor Child). Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Bystander Claims).*

1.4.    **Dalia Lookingbill, on behalf of R.T., for the death of her mom, JoAnn Ward**

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

## 2.   *Chris Ward*

### 2.1.   **Chris Ward on behalf of the Estate of JoAnn Ward**

| ELEMENT | AMOUNT |
| --- | --- |
| Pain and mental anguish<br><br>*"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | |
| Funeral & burial expenses | |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

### 2.2.   **Chris Ward on behalf of the Estate of B.W., a minor at the time of death**

| ELEMENT | AMOUNT |
| --- | --- |
| Pain and mental anguish<br><br>*"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | |
| Funeral & burial expenses | |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

Lookingbill-Ward Family - Chris Ward

### 2.3.   Chris Ward's individual damages for the death of his wife, JoAnn Ward

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, will be sustained in the future. | |
| Loss of companionship and society sustained in the past. | |
| Loss of companionship and society that, in reasonable probability, will be sustained in the future. | |
| Mental anguish sustained in the past | |
| Mental anguish that, in reasonable probability, will be sustained in the future. | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.3 (2020) (Wrongful Death Damages—Claim of Surviving Spouse).*

### 2.4.    Chris Ward's damages for the death of his daughter B.W., a minor child

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, will be sustained in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, will be sustained in the future | |
| Mental anguish sustained in the past | |
| Mental anguish that, in reasonable probability, will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.5 (2020) (Wrongful Death Damages—Claim of Surviving Parents of Minor Child).*

Lookingbill-Ward Family - Chris Ward

3.    *Chancie McMahan*

   3.1.    **Chancie McMahan on behalf of R.W., a minor child for personal injuries, as well as, bystander claims for the death of his step-sister E.G., half-sister B.W., and step-mother, JoAnn Ward**

| ELEMENT | AMOUNT |
|---|---|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, the child will sustain in the future. | |
| Loss of earning capacity sustained in the past | |
| Loss of earning capacity that, in reasonable probability, will be sustained in the future from the time of trial until the child reaches the age of eighteen years. | |
| Loss of earning capacity that, in reasonable probability, will be sustained in the future after the child reaches the age of eighteen years. | |
| Disfigurement sustained in the past | |
| Disfigurement that, in reasonable probability, the child will sustain in the future. | |

| ELEMENT | AMOUNT |
|---|---|
| Physical impairment sustained in the past | |
| Physical impairment that in reasonable probability, the child will sustain in the future. | |
| Medical care expenses incurred in the past on behalf of the child | |
| Medical care expenses that, in reasonable probability, will be incurred on behalf of the child in the future from the time of trial until each child reaches the age of eighteen years | |
| Medical care expenses that, in reasonable probability, the child will incur after he reaches the age of eighteen years. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.5 (2020) (Personal Injury Damages—Injury of Minor Child). Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Bystander Claims).*

### 3.2. Chancie McMahan's damages for injury to her child, R.W., a minor

| ELEMENT | AMOUNT |
|---|---|
| Loss of services that were sustained in the past | |
| Loss of services that in reasonable probability will be sustained in the future until age eighteen. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.6 (2020) (Personal Injury Damages—Parents' Loss of Services of Minor Child).*

# MACIAS FAMILY

1. ***Juan "Gunny" Macias damages for his own personal injuries.***

| ELEMENT | AMOUNT |
|---|---|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future. | |
| Loss of earning capacity sustained in the past. | |
| Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future. | |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Plaintiff will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Plaintiff will sustain in the future. | |

Macias Family - Juan "Gunny" Macias damages for his own personal injuries.

| ELEMENT | AMOUNT |
|---|---|
| Medical care expenses incurred in the past. | |
| Medical care expenses that, in reasonable probability, Plaintiff will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

Macias Family - Juan "Gunny" Macias damages for his own personal injuries.

2.   *Jennifer Macias, as wife of Juan Macias*

| ELEMENT | AMOUNT |
| --- | --- |
| Loss of household services sustained in the past | |
| Loss of household services that, in reasonable probability, Mrs. Macias will sustain in the future. | |
| Loss of consortium sustained in the past | |
| Loss of consortium that, in reasonable probability, Mrs. Macias will sustain in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.4 (2020) (Personal Injury Damages—Injury of Spouse).*

# MARSHALL FAMILY

### 1. *Martina Pachal on behalf of the Estate of Robert Marshall*

| ELEMENT | AMOUNT |
| --- | --- |
| Pain and mental anguish<br><br>*"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | |
| Funeral & burial expenses | |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

## 2.   *Martina Pachal on behalf of the Estate of Karen Marshall*

| ELEMENT | AMOUNT |
|---|---|
| Pain and mental anguish<br><br>*"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | |
| Funeral & burial expenses | |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

Marshall Family - Martina Pachal on behalf of the Estate of Karen Marshall

3. ***Martina Pachal's individual damages for the death of her dad, Robert Marshall***

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

4. ***Martina Pachal's individual damages for the death of her mom, Karen Marshall***

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

5.  ***Kara Boyd's individual damages for the death of her dad, Robert Marshall***

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

Marshall Family - Kara Boyd's individual damages for the death of her dad, Robert Marshall

6.  ***Kara Boyd's individual damages for the death of her mom, Karen Marshall***

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

Marshall Family - Kara Boyd's individual damages for the death of her mom, Karen Marshall

## MCNULTY FAMILY

1.  ***Lisa McNulty, as personal representative of the Estate of Tara McNulty, deceased***

| ELEMENT | AMOUNT |
| --- | --- |
| Pain and mental anguish<br><br>*"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | NOT CLAIMED |
| Funeral & burial expenses | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

McNulty Family - Lisa McNulty, as personal representative of the Estate of Tara McNulty, deceased

2.   *Lisa McNulty, on behalf of J.M., a minor child*

2.1.   **J.M.'s Personal Injury Claim**

| ELEMENT | AMOUNT |
| --- | --- |
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, the child will sustain in the future. | |
| Loss of earning capacity sustained in the past | NOT CLAIMED |
| Loss of earning capacity that, in reasonable probability, will be sustained in the future from the time of trial until the child reaches the age of eighteen years. | NOT CLAIMED |
| Loss of earning capacity that, in reasonable probability, will be sustained in the future after the child reaches the age of eighteen years. | NOT CLAIMED |
| Disfigurement sustained in the past | |
| Disfigurement that, in reasonable probability, the child will sustain in the future. | |
| Physical impairment sustained in the past | |

| ELEMENT | AMOUNT |
| --- | --- |
| Physical impairment that in reasonable probability, the child will sustain in the future. | |
| Medical care expenses incurred in the past on behalf of the child | |
| Medical care expenses that, in reasonable probability, will be incurred on behalf of the child in the future from the time of trial until each child reaches the age of eighteen years | |
| Medical care expenses that, in reasonable probability, the child will incur after he reaches the age of eighteen years. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.5 (2020) (Personal Injury Damages—Injury of Minor Child).*

McNulty Family - Lisa McNulty, on behalf of J.M., a minor child

### 2.2.  **J.M.'s damages for his mom, Tara McNulty's, death**

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, the child will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, the child will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, the child will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

3.   ***Lisa McNulty, on behalf of Hailey McNulty, formerly a minor (presently over 18)***

3.1.   **Hailey's Personal Injury Claim**

| ELEMENT | AMOUNT |
|---|---|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future. | |
| Loss of earning capacity sustained in the past. | |
| Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future. | |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Plaintiff will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Plaintiff will sustain in the future. | |
| Medical care expenses incurred in the past. | |

| ELEMENT | AMOUNT |
|---|---|
| Medical care expenses that, in reasonable probability, Plaintiff will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

### 3.2.   Hailey's damages for the death of her mom, Tara McNulty

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, the child will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, the child will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, the child will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

McNulty Family - Lisa McNulty, on behalf of Hailey McNulty, formerly a minor (presently over 18)

4. ***Lisa McNulty, individually for the death of her daughter, Tara McNulty***

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, will be sustained in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, will be sustained in the future | |
| Mental anguish sustained in the past | |
| Mental anguish that, in reasonable probability, will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.6 (2020) (Wrongful Death Damages—Claim of Surviving Parents of Adult Child).*

McNulty Family - Lisa McNulty, individually for the death of her daughter, Tara McNulty

5. *Margaret McKenzie individual damages for her own injuries*

| ELEMENT | AMOUNT |
|---|---|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Ms. McKenzie will sustain in the future. | |
| Loss of earning capacity sustained in the past. | NOT CLAIMED |
| Loss of earning capacity that, in reasonable probability, Ms. McKenzie will sustain in the future. | NOT CLAIMED |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Ms. McKenzie will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Ms. McKenzie will sustain in the future. | |
| Medical care expenses incurred in the past. | |

McNulty Family - Margaret McKenzie individual damages for her own injuries

| ELEMENT | AMOUNT |
|---|---|
| Medical care expenses that, in reasonable probability, Ms. McKenzie will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

### 6.   *Ruben Rios, individually for the death of Tara McNulty*

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, will be sustained in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, will be sustained in the future. | |
| Mental anguish sustained in the past | |
| Mental anguish that, in reasonable probability, will be sustained in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.3 (2020) (Wrongful Death Damages—Claim of Surviving Spouse).*

# MOULTON FAMILY

1. ***Brenda Moulton's individual personal injury damages***

| ELEMENT | AMOUNT |
|---|---|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future. | |
| Loss of earning capacity sustained in the past. | |
| Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future. | |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Plaintiff will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Plaintiff will sustain in the future. | |
| Medical care expenses incurred in the past. | |

| ELEMENT | AMOUNT |
| --- | --- |
| Medical care expenses that, in reasonable probability, Plaintiff will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

2. ***Jessica Moulton's individual damages for injury to her mom, Brenda Moulton***

| ELEMENT | AMOUNT |
| --- | --- |
| Loss of Parental Consortium that was sustained in the past. | |
| Loss of Parental Consortium in reasonable probability will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.11 (2020) (Personal Injury Damages—Child's Loss of Consortium—Damages Question), if the "physical injury to [the parent] a serious, permanent, and disabling injury." Id. § 28.10.*

3. ***William Lane's individual damages for injury to his mom, Brenda Moulton***

| ELEMENT | AMOUNT |
| --- | --- |
| Loss of Parental Consortium that was sustained in the past. | |
| Loss of Parental Consortium in reasonable probability will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.11 (2020) (Personal Injury Damages—Child's Loss of Consortium—Damages Question), if the "physical injury to [the parent] a serious, permanent, and disabling injury." Id. § 28.10.*

Moulton Family - Jessica Moulton's individual damages for injury to her mom, Brenda Moulton

# RODRIGUEZ-AMADOR FAMILY

1. ***Ronald & Gary Ramsey on behalf of the Estate of Therese Rodriguez***

| ELEMENT | AMOUNT |
|---|---|
| Pain and mental anguish<br><br>*"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | NOT CLAIMED |
| Funeral & burial expenses | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

Rodriguez-Amador Family - Ronald & Gary Ramsey on behalf of the Estate of Therese Rodriguez

### 2. *Regina Amador on behalf of the Estate of Richard C. Rodriguez*

| ELEMENT | AMOUNT |
|---|---|
| Pain and mental anguish | |
| *"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶ 1.* | |
| Medical Expenses | NOT CLAIMED |
| Funeral & burial expenses | |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

Rodriguez-Amador Family - Regina Amador on behalf of the Estate of Richard C. Rodriguez

3. ***Ronald Ramsey Jr.'s damages for the death of his mom Therese Rodriguez***

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

Rodriguez-Amador Family - Ronald Ramsey Jr.'s damages for the death of his mom Therese Rodriguez

4.  ***Gary Ramsey's damages for the death of his mom Therese Rodriguez***

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

5.  ***Regina Amador's damages for the death of her dad, Richard C. Rodriguez***

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

Rodriguez-Amador Family - Regina Amador's damages for the death of her dad, Richard C. Rodriguez

# SOLIS-RAMIREZ FAMILY

## 1.   *Rosanne Solis*

### 1.1.   **Individual Personal Injury**

| ELEMENT | AMOUNT |
|---|---|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Ms. Solis will sustain in the future. | |
| Loss of earning capacity sustained in the past. | NOT CLAIMED |
| Loss of earning capacity that, in reasonable probability, Ms. Solis will sustain in the future. | NOT CLAIMED |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Ms. Solis will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Ms. Solis will sustain in the future. | |

| ELEMENT | AMOUNT |
| --- | --- |
| Medical care expenses incurred in the past. | |
| Medical care expenses that, in reasonable probability, Ms. Solis will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

1.2. **Rosanne's damages arising from Injury of Spouse (Mr. Ramirez)**

| ELEMENT | AMOUNT |
|---|---|
| Loss of household services sustained in the past | |
| Loss of household services that, in reasonable probability, Ms. Solis will sustain in the future. | |
| Loss of consortium sustained in the past | |
| Loss of consortium that, in reasonable probability, Ms. Solis will sustain in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.4 (2020) (Personal Injury Damages—Injury of Spouse).*

## 2.   *Joaquin Ramirez*

### 2.1.   **Individual Injury**

| ELEMENT | AMOUNT |
|---------|--------|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Mr. Ramirez will sustain in the future. | |
| Loss of earning capacity sustained in the past. | |
| Loss of earning capacity that, in reasonable probability, Mr. Ramirez will sustain in the future. | |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Mr. Ramirez will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Mr. Ramirez will sustain in the future. | |
| Medical care expenses incurred in the past. | |

Solis-Ramirez Family - Joaquin Ramirez

| ELEMENT | AMOUNT |
|---|---|
| Medical care expenses that, in reasonable probability, Mr. Ramirez will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

2.2. **Joaquin's damages arising from Injury of Spouse (Ms. Solis)**

| ELEMENT | AMOUNT |
| --- | --- |
| Loss of household services sustained in the past | |
| Loss of household services that, in reasonable probability, Mr. Ramirez will sustain in the future. | |
| Loss of consortium sustained in the past | |
| Loss of consortium that, in reasonable probability, Mr. Ramirez will sustain in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.4 (2020) (Personal Injury Damages—Injury of Spouse).*

# UHL-KRUEGER FAMILY

### 1.  *Charlene Uhl on behalf of the Estate of H.K., a minor*

**ELEMENT**                                                          **AMOUNT**

---

Pain and mental anguish

*"Pain and mental anguish" means the*
*conscious physical pain and emotional pain,*
*torment, and suffering experienced by the*
*decedent before his or her death. Tex. Civ.*
*Jury Instr. Gen. Neg. § 30.3 ¶1.*

---

Medical Expenses

---

Funeral & burial expenses

---

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

2.  ***Charlene Uhl's individual damages for the death of her daughter, H.K.***

| ELEMENT | AMOUNT |
|---|---|
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, will be sustained in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, will be sustained in the future | |
| Mental anguish sustained in the past | |
| Mental anguish that, in reasonable probability, will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.5 (2020) (Wrongful Death Damages—Claim of Surviving Parents of Minor Child).*

Uhl-Krueger Family - Charlene Uhl's individual damages for the death of her daughter, H.K.

# VIDAL FAMILY

### 1.  *Margarette Vidal, individually*

| ELEMENT | AMOUNT |
| --- | --- |
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Ms. Vidal will sustain in the future. | |
| Loss of earning capacity sustained in the past. | NOT CLAIMED |
| Loss of earning capacity that, in reasonable probability, Ms. Vidal will sustain in the future. | NOT CLAIMED |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Ms. Vidal will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Ms. Vidal will sustain in the future. | |
| Medical care expenses incurred in the past. | |

| ELEMENT | AMOUNT |
| --- | --- |
| Medical care expenses that, in reasonable probability, Ms. Vidal will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

Vidal Family - Margarette Vidal, individually

## 2. *Ramiro Vidal Jr. individually as an adult child of Margarette Vidal*

| ELEMENT | AMOUNT |
| --- | --- |
| Loss of Parental Consortium that was sustained in the past. | |
| Loss of Parental Consortium in reasonable probability will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.11 (2020) (Personal Injury Damages—Child's Loss of Consortium—Damages Question), if the "physical injury to [the parent was] a serious, permanent, and disabling injury." Id. § 28.10.*

## 3. *Robert Vidal individually as an adult child of Margarette Vidal*

| ELEMENT | AMOUNT |
| --- | --- |
| Loss of Parental Consortium that was sustained in the past. | |
| Loss of Parental Consortium in reasonable probability will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.11 (2020) (Personal Injury Damages—Child's Loss of Consortium—Damages Question), if the "physical injury to [the parent was] a serious, permanent, and disabling injury." Id. § 28.10.*

Vidal Family - Ramiro Vidal Jr. individually as an adult child of Margarette Vidal

4.   ***Monica Shabbir individually as an adult child of Margarette Vidal***

| ELEMENT | AMOUNT |
|---|---|
| Loss of Parental Consortium that was sustained in the past. | |
| Loss of Parental Consortium in reasonable probability will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.11 (2020) (Personal Injury Damages—Child's Loss of Consortium—Damages Question), if the "physical injury to [the parent was] a serious, permanent, and disabling injury." Id. § 28.10.*

# WARDEN FAMILY

## 1.  *James Stevens on behalf of the Estate of Peggy Warden*

| ELEMENT | AMOUNT |
| --- | --- |
| Pain and mental anguish<br><br>*"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by the decedent before his or her death. Tex. Civ. Jury Instr. Gen. Neg. § 30.3 ¶1.* | |
| Medical Expenses | |
| Funeral & burial expenses | |

*Tex. Civ. Jury Instr. Gen. Neg. § 30.3 (2020) (Survival Damages—Compensatory Damages).*

2. ***Jennifer Racey's individual damages for the death of her mom, Peggy Warden***

| ELEMENT | AMOUNT |
| --- | --- |
| Pecuniary loss sustained in the past | |
| Pecuniary loss that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of companionship and society sustained in the past | |
| Loss of companionship and society that, in reasonable probability, Plaintiff will sustain in the future | |
| Mental anguish sustained in the past. | |
| Mental anguish that, in reasonable probability, Plaintiff will sustain in the future | |
| Loss of inheritance. | NOT CLAIMED |

*Tex. Civ. Jury Instr. Gen. Neg. § 29.4 (2020) (Wrongful Death Damages—Claim of Surviving Child).*

3.   ***Jennifer Racey's individual damages for injury to her child, Zachary Poston***

| ELEMENT | AMOUNT |
|---|---|
| Loss of services that were sustained in the past | |
| Loss of services that in reasonable probability will be sustained in the future until age eighteen. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.6 (2020) (Personal Injury Damages—Parents' Loss of Services of Minor Child).*

Warden Family - Jennifer Racey's individual damages for injury to her child, Zachary Poston

### 4. *Zachary Poston's Individual Personal Injury Damages*

| ELEMENT | AMOUNT |
|---|---|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Ms. Vidal will sustain in the future. | |
| Loss of earning capacity sustained in the past. | |
| Loss of earning capacity that, in reasonable probability, Ms. Vidal will sustain in the future. | |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Ms. Vidal will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Ms. Vidal will sustain in the future. | |
| Medical care expenses incurred in the past. | |

Warden Family - Zachary Poston's Individual Personal Injury Damages

| ELEMENT | AMOUNT |
| --- | --- |
| Medical care expenses that, in reasonable probability, Ms. Vidal will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

Warden Family - Zachary Poston's Individual Personal Injury Damages

# WORKMAN FAMILY

### 1.  *Julie Workman's personal injury damages*

| ELEMENT | AMOUNT |
|---|---|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future. | |
| Loss of earning capacity sustained in the past. | |
| Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future. | |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Plaintiff will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Plaintiff will sustain in the future. | |
| Medical care expenses incurred in the past. | |

| ELEMENT | AMOUNT |
|---------|--------|
| Medical care expenses that, in reasonable probability, Plaintiff will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

2.   ***Kip Workman's damages for injury to his wife, Julie Workman***

| ELEMENT | AMOUNT |
|---|---|
| Loss of household services sustained in the past | |
| Loss of household services that, in reasonable probability, Mr. Workman will sustain in the future. | |
| Loss of consortium sustained in the past | |
| Loss of consortium that, in reasonable probability, Mr. Workman will sustain in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.4 (2020) (Personal Injury Damages—Injury of Spouse).*

3.   *Kyle Workman & Morgan Harris*

3.1.   **Kyle Workman's personal injury damages**

| ELEMENT | AMOUNT |
|---|---|
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future. | |
| Loss of earning capacity sustained in the past. | |
| Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future. | |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Plaintiff will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Plaintiff will sustain in the future. | |
| Medical care expenses incurred in the past. | |

| ELEMENT | AMOUNT |
|---|---|
| Medical care expenses that, in reasonable probability, Plaintiff will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

Workman Family - Kyle Workman & Morgan Harris

### 3.2. Kyle Workman's damages for injury to his mom, Julie Workman

| ELEMENT | AMOUNT |
|---|---|
| Loss of Parental Consortium that was sustained in the past. | |
| Loss of Parental Consortium in reasonable probability will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.11 (2020) (Personal Injury Damages—Child's Loss of Consortium—Damages Question), if the "physical injury to [the parent was] a serious, permanent, and disabling injury." Id. § 28.10.*

### 3.3. Kyle Workman's damages for injury to his wife, Morgan Harris

| ELEMENT | AMOUNT |
|---|---|
| Loss of household services sustained in the past | |
| Loss of household services that, in reasonable probability, Mr. Workman will sustain in the future. | |
| Loss of consortium sustained in the past | |
| Loss of consortium that, in reasonable probability, Mr. Workman will sustain in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.4 (2020) (Personal Injury Damages—Injury of Spouse).*

3.4.    **Morgan Harris' personal injury damages**

| ELEMENT | AMOUNT |
| --- | --- |
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future. | |
| Loss of earning capacity sustained in the past. | |
| Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future. | |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Plaintiff will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Plaintiff will sustain in the future. | |
| Medical care expenses incurred in the past. | |

Workman Family - Kyle Workman & Morgan Harris

| ELEMENT | AMOUNT |
| --- | --- |
| Medical care expenses that, in reasonable probability, Plaintiff will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

3.5. **Morgan Harris' damages for injury to her husband, Kyle Workman**

| ELEMENT | AMOUNT |
|---|---|
| Loss of household services sustained in the past | |
| Loss of household services that, in reasonable probability, Mrs. Workman will sustain in the future. | |
| Loss of consortium sustained in the past | |
| Loss of consortium that, in reasonable probability, Mrs. Workman will sustain in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.4 (2020) (Personal Injury Damages—Injury of Spouse).*

4. *Kris & Colbey Workman*

4.1. **Kris Workman's personal injury damages**

| ELEMENT | AMOUNT |
| --- | --- |
| Physical pain and mental anguish sustained in the past. | |
| Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future. | |
| Loss of earning capacity sustained in the past. | |
| Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future. | |
| Disfigurement sustained in the past. | |
| Disfigurement that, in reasonable probability, Plaintiff will sustain in the future. | |
| Physical impairment sustained in the past | |
| Physical impairment that, in reasonable probability, Plaintiff will sustain in the future. | |
| Medical care expenses incurred in the past. | |

| ELEMENT | AMOUNT |
| --- | --- |
| Medical care expenses that, in reasonable probability, Plaintiff will incur in the future. | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.3 (2020) (Personal Injury Damages—Basic Question).*

4.2.   **Kris Workman's individual damages for injury to his mom, Julie Workman**

| ELEMENT | AMOUNT |
| --- | --- |
| Loss of Parental Consortium that was sustained in the past. | |
| Loss of Parental Consortium in reasonable probability will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.11 (2020) (Personal Injury Damages—Child's Loss of Consortium—Damages Question), if the "physical injury to [the parent was] a serious, permanent, and disabling injury." Id. § 28.10.*

4.3.   **Colbey Workman's damages for injury to her husband, Kris Workman**

| ELEMENT | AMOUNT |
|---|---|
| Loss of household services sustained in the past | |
| Loss of household services that, in reasonable probability, Mrs. Workman will sustain in the future. | |
| Loss of consortium sustained in the past | |
| Loss of consortium that, in reasonable probability, Mrs. Workman will sustain in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.4 (2020) (Personal Injury Damages—Injury of Spouse).*

### 4.4. Kris Workman and Colbey Workman on behalf of their daughter, E.W., a minor, for her damages arising out of injuries to her dad, Kris Workman

| ELEMENT | AMOUNT |
|---|---|
| Loss of Parental Consortium that was sustained in the past. | |
| Loss of Parental Consortium in reasonable probability will be sustained in the future | |

*Tex. Civ. Jury Instr. Gen. Neg. § 28.11 (2020) (Personal Injury Damages—Child's Loss of Consortium—Damages Question), if the "physical injury to [parent was] a serious, permanent, and disabling injury." Id. § 28.10.*