IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HOLCOMBE, et. al, | NO. 5:18-CV-00555-XR |
| | (consolidated cases) |
| Plaintiffs | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

## PLAINTIFFS' TRIAL BRIEF ON
## NON-ECONOMIC DAMAGES

Plaintiffs file this trial brief on non-economic damages and would respectfully show the Court the following.

First, upon review at the Fifth Circuit, that court will evaluate the non-economic damages under the maximum recovery rule. That rule allows trial courts to make non-economic damages awards that are 150% greater than previously reported analogous verdicts, adjusted for inflation. But analogous cases do not need to be identical to this case.

Second, Plaintiffs would provide this Court with analogous verdicts divided into wrongful death and personal injury cases. Using the Fifth Circuit's preferred inflation calculator, these cases are adjusted for inflation and the 150% recovery rule, as outlined below.

# LEGAL STANDARD

Damages findings are reviewed on appeal under the clear error standard. *Lebron v. United States*, 279 F.3d 321, 326 (5th Cir. 2002). The Fifth Circuit does not "reverse a verdict for excessiveness except on the strongest of showings, but when a jury's award exceeds the bounds of reasonable recovery." *Id.*   District courts enjoy wide discretion in awarding damages; findings of damages are analyzed on appeal under the clear-error standard. *Douglass v. Delta Air Lines, Inc.*, 897 F.2d 1336, 1339 (5th Cir. 1990). The Fifth Circuit compares "damages awarded in factually similar cases and arising within the controlling jurisdiction" to determine whether awards are "entirely disproportionate to the injury sustained." *Id.*

## 1.     *Maximum Recovery Rule*

If a remitter is in order, the Fifth Circuit applies the "loosely defined 'maximum recovery rule.'"[1] *Douglass v. Delta Air Lines, Inc.*, 897 F.2d 1336, 1344 (5th Cir. 1990). Here, the Fifth Circuit applies the maximum recovery rule if the damages exceed 150% of the highest previous reported analogous recovery. *Salinas v. O'Neill*, 286 F.3d 827, 831 & n.6 (5th Cir. 2002). While some cases in the Fifth Circuit use 133%, footnote 6 of *Salinas* describes the

---

[1]  The Fifth Circuit established the maximum recovery rule by precedent. However, this rule has no basis in law, particularly as applied to the statutorily created wrongful death remedies. *See Douglass v. Delta Air Lines, Inc.*, 897 F.2d 1336, 1344 (5th Cir. 1990) (noting that the rule is judge-made). Particularly in an FTCA claim, where the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. A private defendant in Texas would not benefit from a cap on non-economic damages: "Texas does not use the maximum recovery rule. It instead conducts a more wholistic assessment." *Longoria v. Hunter Express, Ltd.*, 932 F.3d 360, 365 (5th Cir. 2019). The plain text of the FTCA demands courts hold the Government liable to the "same extent" as a private individual. 28 U.S.C. § 2674.

split among the cases; under the circuit's rule of orderliness, the 150% rule controls. *Id.* at 831 n.6.

Before applying the rule, the Fifth Circuit adjusts prior verdicts for inflation. *E.g.*, *Puga v. RCX Sous., Inc.*, 922 F.3d 285, 298 & n.12 (5th Cir. 2019); *Longoria v. Hunter Express, Ltd.*, 932 F.3d 360, 367 n.6 (5th Cir. 2019). Specifically, the Fifth Circuit uses the inflation calculator available from the BLS. *Puga*, 922 F.3d at 298 n.12 (citing Bureau of Labor Statistics, CLI Inflation Calculator, https://data.bls.gov/cgi-bin/cpicalc.pl and *Ledet v. Smith Marine Towing Corp.*, 455 Fed. App'x 417, 423 n.1 (5th Cir. 2011)). So, the Fifth Circuit first applies the inflation calculator to a verdict, then the 150% multiplier to determine the maximum recovery for non-economic damages.

For the purposes of this rule, courts can rely on state and federal authority from a broad range of sources. For example, the Fifth Circuit recognizes awards by district courts, even if parties took no appeal, for the purposes of the maximum recovery rule. *Douglass v. Delta Air Lines, Inc.*, 897 F.2d 1336, 1344 (5th Cir. 1990).

But to be clear, courts do not limit the survey of cases to factually identical cases. *E.g.*, *Puga*, 922 F.3d at 292 (using a traumatic brain injury case as analogous to car wreck case resulting in burns and multiple surgeries for the purpose of the maximum recovery rule). For example, in affirming wrongful death damages for a shooting victim, a Texas court relied on a car wreck wrongful death case. *Plasencia v. Burton*, 440 S.W.3d 139, 149 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Thomas v. Uzoka*, 290 S.W.3d 437, 455 (Tex. App.—Houston [14th Dist.] 2009, pet. denied)). Or in a wrongful-death suicide case, a Texas court examined comparable verdicts

involving a plane crash, train crash, and truck wreck. *West Oaks Hosp., Inc. v. Jones*, No. 01-98-00879-CV, 2001 WL 83528, at *6 (Tex. App.—Houston [1st Dist.] Feb. 1, 2001, pet. denied) (citing cases); *see also Cresthaven Nursing Residence v. Freeman*, 134 S.W.3d 214, 229 (Tex. App.—Amarillo Feb. 5, 2003, no pet.) (reviewing a mental anguish claim arising out of misrepresentation of an insurance policy to analyze damage in nursing home negligence wrongful death). And while the Court is not bound to use unreported cases for the purposes of the maximum recovery rule, but they may be relevant for comparison. *Frazier v. Honeywell Intern., Inc.*, 518 F. Supp. 2d 831, 842 (E.D. Tex. 2007).

### 2.   *Shooting Cases*

Even when looking at shooting cases, the unique circumstances of a mass shooting present unique facts that are not reflected within controlling caselaw because mass shootings are rare. Trial Tr. 1578:16–20 (Gov't Expert Fox). But when they occur, no shooting case involving a single injury can faithfully reflect the magnitude of injury here. Therefore, a departure from precedent is merited in this circumstance. *Lebron*, 279 F.3d at 326; *E.g.*, *Frazier v. Honeywell Intern., Inc.*, 518 F. Supp. at 842 (where no reported cases are "wholly similar to the facts of this case," courts can and do depart from the maximum recovery rule).

But even single-injury shooting cases give the Court room under the maximum recovery rule to provide reasonable non-economic damage awards. For example, in *Mayhew v. Dealey*, the jury awarded $14 million in compensatory damages where an individual was shot in the neck and found dead. 143 S.W.3d 356, 365 (Tex. App.—Dallas 2004, pet. denied). Accounting for the inflation rule and the 150% maximum recovery rule, that verdict

allocates over **$10.8 million pain and suffering** of a decedent and over **$19.4 million loss of consortium and pain and suffering** to a decedent's sister. *Id.* at 365; *infra* (calculating inflation & recovery rule).

Next, in *Pressey v. Patterson*, the plaintiff was shot in the head but survived. 898 F.2d 1018, 1024–26 & n.6 (5th Cir. 1990). The Fifth Circuit reviewed and affirmed the $6.7 million damages award. *Id.* at 1024–26. Whereas the Fifth Circuit affirmed a combined $2.5 million damages allocation for pain, mental anguish, and physical impairment in 1990, inflation and the 150% recovery rule increase that number to over **$7.9 million**. *Id.*

Then, there's *West Oaks Hosp., Inc. v. Jones*. There, a jury awarded $5,740,000 against a hospital where the victim committed suicide. No. 01-98-00879-CV, 2001 WL 83528, at *4–6 (Tex. App.—Houston [1st Dist.] Feb. 1, 2001, pet. denied). Of that, the court held that $5 million for the decedent's pain and mental anguish did not warrant remitter. *Id.* at *5–6. Accounting for inflation and the recovery rule, that equates to over **$11.6 million**.

Finally, in *Reeder v. Allport*, a victim was accidentally shot in the neck and "spent twenty days in the hospital, spent another forty-two days in a Houston rehabilitation facility, and spent two and a half weeks in a Beaumont rehabilitation facility. As a result of permanent paralysis, [he was] confined to a wheelchair." 218 S.W.3d 817, 819–20 (Tex. App.—Beaumont 2007, no pet.). The non-economic damages to the victim, the wife, and children—accounting for inflation and the 150% rule—amount to over **$5.6 million**.

## WRONGFUL DEATH

At the outset, multiple Government agencies publish guidance on the value of life. *See* Fed. R. Evid. 801(d)(2) (admission by opponent); *id*. 902(5) (Self-authenticating official publications).

For example, the Department of Transportation issued guidance on the value of a human life as a part of its guidance on reducing fatalities. In 2020, the Government agency put the value of human life at $11.6 million.[2] Adjusted for inflation using the BLS calculator, the DOT number is **$12,275,933.35**. Similarly, the FAA puts out a similar analysis for airline safety.[3] In 2015 dollars, they concluded the value of life was $9.6 million, or **$11,214,164.74** accounting for inflation since then. *Id*. at 1.

Finally, the EPA puts out guidance on the statistical value of life to identify the benefits of reducing fatalities.[4] It did a survey of the literature in 2003 and found that the U.S. studies on the value of life has a mean of $8.5 million. *Id*. at 13. Adjusted for inflation, that would put the current value of life at **$12,771,191.52**. The studies cited by the EPA ranged from $0.7 million to $16.3 million in 1997 dollars. *Id*. at 27. Adjusted for inflation, that ranges from **$1,201,144.56** to **$27,969,509.12**.

---

[2] Dep't Transp., Departmental Guidance on Valuation of a Statistical Life in Economic Analysis, https://www.transportation.gov/office-policy/transportation-policy/revised-departmental-guidance-on-valuation-of-a-statistical-life-in-economic-analysis

[3] FAA, Treatment of The Values of Life and Injury in Economic Analysis, https://www.faa.gov/regulations_policies/policy_guidance/benefit_cost/media/econ-value-section-2-tx-values.pdf

[4] EPA, Value of Statistical Life Analysis and Environmental Policy, https://www.epa.gov/sites/default/files/2017-12/documents/ee-0483_all.pdf

Starting on the next page, Plaintiffs have broken down wrongful-death verdicts by elements of non-economic damages, adjusted for inflation,[5] and the 150% maximum recovery rule.

(continued on next page)

---

[5] Plaintiffs used the inflation calculator blessed by the Fifth Circuit, calculating from the date of the opinion to July 2021. *Puga*, 922 F.3d at 298 n.12 (*citing* Bureau of Labor Statistics, CLI Inflation Calculator, https://data.bls.gov/cgi-bin/cpicalc.pl; *Ledet v. Smith Marine Towing Corp.*, 455 Fed. Appx. 417, 423 n.1 (5th Cir. 2011)).

Wrongful Death Damages

| REPORTED DAMAGES | INFLATION ADJUSTED | 150% RECOVERY | CITATION |
|---|---|---|---|
| **Pain and suffering** to estate: $5,000,000 | $7,203,245.38 | **$10,804,868.07** | *Mayhew v. Dealey*, 143 S.W.3d 356, 365 (Tex. App.—Dallas Aug. 5, 2004, pet. denied) ($26 million judgment in shooting death case). |
| **Loss of consortium and pain and suffering** to decedent's sister: $9,000,000 | $12,965,841.69 | **$19,448,762.54** | |
| **Future mental anguish and loss of consortium** to decedent's three minor daughters: $12,000,000 | $15,363,140.12 | **$23,044,710.18** | *Wackenhut Corrections Corp. v. de la Rosa*, 305 S.W.3d 594, 600, 608, 636–42 & n.1 (5th Cir. Apr. 2009) ($45 million in damages for victim beaten to death by inmates in prison). |
| **Past & future mental anguish & loss of companionship** to mother of adult decedent: $10,000,000 | $12,802,616.77 | **$19,203,925.16** | |

| REPORTED DAMAGES | INFLATION ADJUSTED | 150% RECOVERY | CITATION |
| --- | --- | --- | --- |
| **Pain and mental anguish** of decedent: $5,000,000 | $7,764,590.44 | **$11,646,885.66** | *West Oaks Hosp., Inc. v. Jones*, No. 01-98-00879-CV, 2001 WL 83528, at *4–6 (Tex. App.—Houston [1st Dist.] Feb. 1, 2001, pet. denied) ($5,740,000 damages against hospital suicide-by-gun case). |
| **Non-economic recovery to parents** of 10-year-old victim: $14,000,000 | $17,923,663.48 | **$26,885,495.22** | *Sanchez v. Brownsville Sports Ctr., Inc.*, 51 S.W.3d 643, 652–53, 671 (Tex. App.—Corpus Christi Feb. 2001, pet. granted but vacated under settlement agreement) (wrongful death products case) |
| **Loss of companionship** of wife: $2,975,000 | $3,121,035.41 | **$4,681,553.12** | *Gregory v. Chohan*, 615 S.W.3d 277, 291, 303, 312– |

Wrongful Death Damages

| REPORTED DAMAGES | INFLATION ADJUSTED | 150% RECOVERY | CITATION |
|---|---|---|---|
| **Mental anguish** of wife: $4,462,500 | $4,681,553.12 | **$7,022,329.68** | 13 (Tex. App.—Dallas Nov. 30, 2020, pet. filed) ($17 million verdict where 45-year-old trucker died in wreck). |
| **Mental anguish & loss of consortium** of decedent's two children (age 8 and 10): $2,445,000 | $2,565,019.02 | **$3,847,528.53** | |
| **Mental anguish & loss of companionship** of two parents: $1,280,000 | $1,342,832.04 | **$2,014,248.06** | |
| **Mental anguish & loss of consortium** of two parents: $9,750,000 | $12,739,687.03 | **$19,109,530.55** | *Frazier v. Honeywell Intern., Inc.*, 518 F. Supp. 2d 831, 884 (E.D. Tex. Oct. 2007) ($24 million verdict from car wreck causing 18-year-old's death). |
| **Mental anguish & loss of consortium** as husband: $1,900,000 | $2,811,413.01 | **$4,217,119.52** | *Vogler v. Blackmore*, 352 F.3d 150, 152–53 (5th Cir. Nov. 2003) ($3.8 million |

| REPORTED DAMAGES | INFLATION ADJUSTED | 150% RECOVERY | CITATION |
|---|---|---|---|
| **Mental anguish & loss of consortium** as father: $1,500,000 | $2,219,536.59 | **$3,329,304.89** | verdict from car wreck causing death of mother and 3-year-old child). |
| **Pain and suffering** of decedent: $1,000,000 | $2,013,296.46 | **$3,019,944.69** | *C&H Nationwide, Inc. v. Thompson*, 810 S.W.2d 259, 266 (Tex. App.—Houston [1st Dist.] May 1991), *affirmed in part, reversed in part on other grounds at* 903 S.W.2d 315, 317 (Tex. 1994) ($8.2 million in damages for car wreck causing 48-year-old's death). |
| **Loss of companionship and pain & suffering** of wife: $4,000,000 | $8,053,185.84 | **$12,079,778.76** | |
| **Mental anguish and consortium claims** of the son: $950,000 | $1,912,631.64 | **$2,868,947.46** | |
| **Mental anguish and consortium claims** of the daughter: $550,000 | $1,107,313.05 | **$1,660,969.58** | |

Wrongful Death Damages

| Reported Damages | Inflation Adjusted | 150% Recovery | Citation |
|---|---|---|---|
| **Mental anguish & loss of consortium** to mother: $6,000,000 | $8,092,334.60 | **$12,138,501.90** | *Souza v. Cooper* – 2006 (cited by *Frazier v. Honeywell Intern., Inc.*, 518 F. Supp. 2d 831, 843 (E.D. Tex. 2007)) (spouses killed in car wreck). |
| **Mental anguish & consortium claim** of 17-year-old child: $3,400,000 | $5,568,147.57 | **$8,352,221.36** | *Atchison, Topeka and Santa Fe Ry. Co. v. Cruz*, 9 S.W.3d 173, 181, 185 (Tex. App.—El Paso July 14, 1999, pet. granted, but vacated and remanded by agreement) ($16.5 compensatory damages verdict where father, mother, and one son died in train wreck) |
| **Mental anguish & consortium claim** of 12-year-old child: $4,622,000 | $7,569,405.31 | **$11,354,107.97** | |
| **Mental anguish & consortium claim** of 12-year-old child: $6,125,000 | $10,030,854.08 | **$15,046,281.12** | |
| **Pain and suffering** of decedent: $2,200,000 | $2,210,583.15 | **$3,315,874.73** | *City of Austin v. Lopez*, __ S.W.3d __, 2021 WL |

Wrongful Death Damages

| Reported Damages | Inflation Adjusted | 150% Recovery | Citation |
|---|---|---|---|
| **Mental anguish & loss of consortium** for child: $7,000,000.00 | $7,033,673.66 | **$10,550,510.49** | 2587718, *3 (Tex. App.—Austin June 24, 2021, no pet. h.); *see also* Exh. 1 (Jury charge) ($9,360,000 in damages arising from workplace electrocution). |
| **Mental anguish & loss of consortium** of spouse: $1,000,000 | $2,303,822.78 | **$3,455,734.17** | *Larsen v. Delta Air Lines, Inc.*, 692 F. Supp. 714, 721 (S.D. Tex. July 1988) ($3,000,174 verdict for death of 32-year-old in plane crash). |
| **Mental anguish & loss of consortium** of both parents: $800,000.00 | $1,843,058.23 | **$2,764,587.35** | |
| **Mental anguish & loss of consortium** of spouse: $1,000,000 | $2,117,944.14 | **$3,176,916.21** | *Douglass v. Delta Air Lines, Inc.*, 897 F.2d 1336, 1343–45 (5th Cir. Apr. 1990) ($6,901,822 in damages for death in plane crash). |
| **Mental anguish & loss of consortium** of three children (ages 11, 9, and 5): $900,000 | $1,906,149.73 | **$2,859,224.60** | |

Wrongful Death Damages

| REPORTED DAMAGES | INFLATION ADJUSTED | 150% RECOVERY | CITATION |
|---|---|---|---|
| **Loss of consortium to widow** of widow: $500,000 | $1,311,253.60 | **$1,966,880.40** | *Monsanto Co. v. Johnson*, 675 S.W.2d 305 (Tex.App.—Houston July 1984, writ ref'd n.r.e.) ($710,000 judgment for 63-year-old pedestrian car-wreck death). |
| **Mental anguish & loss of consortium** for widow: $900,000 | $2,333,358.97 | **$3,500,038.46** | *Air Florida, Inc. v. Zondler*, 683 S.W.2d 769 (Tex.App.—Dallas Dec. 1984, no writ) ($2,540,000 judgment in plane-crash death). |
| **Mental anguish & loss of consortium** for wo sons: $200,000 | $518,524.22 | **$777,786.33** | |
| **Decedents physical pain & suffering**: $1,500,000 | $1,696,703.58 | **$2,545,055.37** | *Montano v. Orange Co.*, Tex., 842 F.3d 865, 879 (5th Cir. Nov. 2016) ($2,417,000 in damages for 41-year-old who died suffering acute renal failure for 4.5 days). |

Wrongful Death Damages

| Reported Damages | Inflation Adjusted | 150% Recovery | Citation |
|---|---|---|---|
| **Pain, suffering, and mental anguish** of the decedent: $3,500,000 | $5,218,517.20 | **$7,827,775.80** | *Cresthaven Nursing Residence v. Freeman*, 134 S.W.3d 214, 230, 231–32 (Tex. App.—Amarillo Feb. 2003, no pet.) ($9 million jury verdict for medical malpractice wrongful death). |
| **Loss of consortium and suffering** of three adult daughters of decedent: $3,000,000 | $4,473,014.75 | **$6,709,522.13** | |
| **Loss of companionship and mental anguish** for both brother to parents: $10,000,000 | $19,077,777.78 | **$28,616,666.67** | *Gen. Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 918 & n.2 (Tex. Feb. 1993) ($14.6 million compensatory damages jury verdict for death of two adult brothers). |
| **Pain & suffering survival damages** to the estates for both brothers: $2,000,000 | $3,815,555.56 | **$5,723,333.34** | |
| **Pain, mental anguish & medical expenses** of estate: $5,722,199.22 | $9,348,758.55 | **$14,023,137.83** | *Pittsburgh Corning Corp. v. Walters*, 1 S.W.3d 759, 780 (Tex. App.—Corpus |

Wrongful Death Damages

| Reported Damages | Inflation Adjusted | 150% Recovery | Citation |
|---|---|---|---|
| **Loss of companionship & mental anguish** of wife: $2,145,825.70 | $3,505,786.08 | **$5,258,679.12** | Christi Aug. 1999, writ denied) ($8.15 million verdict for death from mesothelioma). |
| **Loss of companionship and mental anguish** to parents: $290,875.08 | $475,223.04 | **$712,834.56** | |
| **Loss of companionship & mental anguish** to the spouse of decedent: $3,650,000 | $5,963,261.22 | **$8,944,891.83** | *Serv-Air, Inc. v. Profitt*, 18 S.W.3d 652, 662 (Tex. App.—San Antonio Aug. 1999, no writ) ($4,868,000 compensatory damages verdict to family of air crash victim). |

## PERSONAL INJURY

| Reported Damages | Inflation Adjusted | 150% Recovery | Citation |
|---|---|---|---|
| **Pain, mental anguish, and physical impairment** of victim: $2,500,000 | $5,294,860.36 | **$7,942,290.54** | *Pressey v. Patterson*, 898 F.2d 1018, 1024–26 & n.6 (5th Cir. Apr. 1990) ($6.7 million verdict for Plaintiff shot in head, but survived after multiple surgeries and rehab, but left with permanent deficits). |
| **Non-economic damages** to shooting victim: $1,450,000.00 | $1,927,686.85 | **$2,891,530.28** | *Reeder v. Allport*, 218 S.W.3d 817, 819–20 (Tex. App.—Beaumont Mar. 2007) (Plaintiff survived shooting, and "spent twenty days in the hospital, spent another forty-two days in a Houston rehabilitation |
| **Loss of consortium** to wife: $1,076,000 | $1,430,476.59 | **$2,145,714.89** | |
| **Loss of consortium** to seventeen-year-old daughter: $125,000 | $166,179.90 | **$249,269.85** | |

Personal Injury Damages

| Reported Damages | Inflation Adjusted | 150% Recovery | Citation |
|---|---|---|---|
| **Loss of consortium** to minor son: $175,000 | $232,651.86 | **$348,977.79** | facility, and spent two and a half weeks in a Beaumont rehabilitation facility. As a result of permanent paralysis, Gregory is confined to a wheelchair.") |
| **Physical pain and suffering, mental anguish, and the loss of enjoyment in life** of victim: $10,000,000 | $12,708,276.12 | **$19,062,414.18** | *Foradori v. Harris*, 523 F.3d 477, 484–85, 503 (5th Cir. Apr. 2008) ($20,881,884.41 verdict for assault of 15-year-old, leading to spinal cord injuries and quadriplegia under Mississippi law). |
| **Past & future disfigurement:** $2,500,000 | $2,535,364.70 | **$3,803,047.05** | *Four J's Community Living Ctr., Inc. v. Wagner*, __ S.W.3d __, 2021 WL |

Personal Injury Damages

| Reported Damages | Inflation Adjusted | 150% Recovery | Citation |
|---|---|---|---|
| **Pain & mental anguish:** $5,500,000 | $5,577,802.34 | **$8,366,703.51** | 2006311 (Tex. App.—Houston [1st Dist.] May 20, 2021, pet. filed) (to be published) ($8,076,400 verdict for legally blind individual with cerebral palsy and disability who was subsequently burned in fire). |
| **Non-economic damages** for child: $1,250,000 | $1,926,898.64 | **$2,890,347.96** | *Lebron v. United States*, 279 F.3d 321, 327–28 (5th Cir. Jan. 2002) ($32 million in damages found by district court in birth-injury case). |
| **Loss of consortium** to both parents: $2,000,000 | $3,083,037.83 | **$4,624,556.75** | |
| **Loss of parental consortium** for three daughters: $3,030,000 | $4,076,880.68 | **$6,115,321.02** | *General Motors Corp. v. Burry*, 203 S.W.3d 514, 525, 550–52 (Tex. App.—Fort Worth Sept. 21, 2006, pet. denied) ($38 million |
| **Mental anguish** for mother: $15,000,000 | $20,182,577.62 | **$30,273,866.43** | |

Personal Injury Damages

| Reported Damages | Inflation Adjusted | 150% Recovery | Citation |
|---|---|---|---|
| **Future physical impairment** to victim: $3,500,000 | $4,709,268.11 | **$7,063,902.17** | verdict arising out of car wreck causing coma and severe brain damage to mother of three). |
| **Future loss of consortium**: $1,800,000 | $2,304,471.02 | **$3,456,706.53** | *Puga v. RCX Solutions, Inc.*, 922 F.3d 285, 289, 297 (5th Cir. Apr. 2019) (car wreck resulting in "a variety of injuries, including burns on large parts of his body and fractures in his spine, legs, pelvis, and fingers," with Plaintiff still undergoing surgeries two years later. Court held that damages were not excessive.) |
| **Past loss of consortium**: $1,600,000 | $2,048,418.68 | **$3,072,628.02** | |

Personal Injury Damages

| REPORTED DAMAGES | INFLATION ADJUSTED | 150% RECOVERY | CITATION |
|---|---|---|---|
| **Pain and suffering and mental anguish** to 26-year-old who would suffer constant pain for remainder of life expectancy: $5,000,000 | $5,240,503.85 | **$7,860,755.78** | *Peña v. Guerrero*, No. 04-19-00874-CV, 2020 WL 7232136, at *5, *6–7 (Tex. App.—San Antonio Dec. 2020, no pet.) ($9,756,223.22 compensatory damages verdict from car wreck resulting in injury and death). |
| **Future physical disfigurement** where a current photo did not show "obvious disfigurement.": $250,000 | $262,025.19 | **$393,037.79** | |
| **Future physical impairment** where plaintiff's pain "decreases his motivation, hinders his ability to exercise, and makes it difficult for him to work": $1,500,000 | $1,572,151.16 | **$2,358,226.74** | |

Personal Injury Damages

| REPORTED DAMAGES | INFLATION ADJUSTED | 150% RECOVERY | CITATION |
|---|---|---|---|
| **Pain, mental anguish, disfigurement, and physical impairment**: $1,500,000 | $2,104,339.67 | **$3,156,509.51** | *Rosenthal v. United States*, No. 303-CV-0822, 2005 WL 926964, at *8 (N.D. Tex. Apr. 20, 2005) ($3,712,031.00 premises liability damages under the FTCA from fall resulting in broken ankle, surgical repair of ankle, and blood clotting complications.) |

# CONCLUSION

The review of cases from Texas and the Fifth Circuit show that this Court has great discretion in awarding damages for 26 wrongful deaths, 22 personal injuries, and the derivative claims arising out of the Sutherland Springs shooting. Plaintiffs request the Court use that discretion to fully compensate these families.

Respectfully Submitted,

/s/ Jamal K. Alsaffar

**Jamal K. Alsaffar**
JAlsaffar@nationaltriallaw.com
Texas Bar No. 24027193
**Tom Jacob**
TJacob@nationaltriallaw.com
Texas Bar No. 24069981
**Whitehurst, Harkness, Brees, Cheng, Alsaffar & Higginbotham & Jacob PLLC**
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
Office 512-476-4346
Fax 512-476-4400
Counsel for Vidal, McKenzie, Solis, McNulty, and Wall

/s/ Jason P. Steed

**Jason P. Steed**
JSteed@kilpatricktownsend.com
Texas Bar No. 24070671
**Kilpatrick Townsend & Stockton LLP**
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Office 214-922-7112
Fax 214-853-5731
Counsel for Vidal, McNulty, and Wall

/s/ April A. Strahan

**April A. Strahan**
april@ammonslaw.com
Texas Bar No. 24056387
**Robert E. Ammons**
rob@ammonslaw.com
Texas Bar No. 01159820
**The Ammons Law Firm**
3700 Montrose Blvd.
Houston, TX 77006
Office 866-523-1603
Fax 713-523-4159
Counsel for Holcombe, Ramsey, Curnow & Macias

/s/ Daniel J.T. Sciano

**Daniel J.T. Sciano**
DSciano@tsslawyers.com
Texas Bar No. 17881200
**Tinsman & Sciano**
10107 McAllister Freeway
San Antonio, TX 78216
Office 210-225-3121
Fax 210-225-6235
Counsel for Amador

/s/ Daniel Barks

**Daniel D. Barks,** *pro hac vice*
ddb@speiserkrause.com
**Speiser Krause, P.C.**
5555 Glenridge Connector, Suite 550
Atlanta, GA 30342
Office 571-814-3344
Fax 866-936-6382
Counsel for Holcombe

/s/ Mark Collmer

**Mark W. Collmer**
drcollmer@aol.com
Texas Bar No. 04626420
**Collmer Law Firm**
3700 Montrose
Houston, TX 77006
Office 713-337-4040
Counsel for Holcombe

/s/ Dennis Peery

**Dennis Charles Peery**
d.peery@tylerpeery.com
Texas Bar No. 15728750
**R. Craig Bettis**
cbettis@tylerpeery.com
Texas Bar No. 24040518
**Tyler & Peery**
5822 West IH 10
San Antonio, TX 78201
Office 210-774-6445
Counsel for Uhl

/s/ George LeGrand

**George LeGrand**
tegrande@aol.com
Texas Bar No. 12171450
**Stanley Bernstein**
Texas Bar No. 02225400
**LeGrand & Bernstein**
2511 N. Saint Mary's St.
San Antonio, Texas 78212
Office 210-733-9439
Fax 510-735-3542
Counsel for Wall & Solis

/s/ Justin Demerath

**Justin Demerath**
jdemerath@808west.com
Texas Bar No. 24034415
**O'Hanlon, McCollom & Demerath**
808 West Ave.
Austin, TX 78701
Office 512-494-9949
    Counsel for Corrigan, Braden,
    Warden, Stevens, Pachal, McCain, &
    Poston

/s/ Tim Maloney

**Tim Maloney**
Texas Bar No. 12887380
timmaloney@yahoo.com
**Paul E. Campolo**
pcampolo@maloneyandcampolo.com
Texas Bar No. 03730150
**Maloney & Campolo, L.L.P.**
926 S. Alamo
San Antonio, TX 78205
Office (210) 465-1523
Counsel for Ramsey

/s/ Joseph M. Schreiber

**Joseph M. Schreiber**
joe@lawdoneright.net
Texas Bar No. 24037449
**Erik A. Knockaert**
erik@lawdoneright.net
Texas Bar No. 24036921
**Schreiber | Knockaert, PLLC**
701 N. Post Oak Rd., Suite 325
Houston, TX 77024
Phone (281) 949-8904
Fax (281) 949-8914
Counsel for Brown

/s/ Jason Webster

**Jason Webster**
jwebster@thewebsterlawfirm.com
Texas Bar No. 24033318
**The Webster Law Firm**
6200 Savoy
Suite 640
Houston, TX 77036
    Counsel for Lookingbill

/s/ Brett Reynolds
**Brett T. Reynolds**
btreynolds@btrlaw.com
Texas Bar No. 16795500
**Brett Reynolds & Associates, P.C.**
1250 N.E. Loop 420, Suite 420
San Antonio, TX 78219
(210)805-9799
  Counsel for Workman, Colblath, and
  Harris

/s/ Hugh Plummer
**Hugh Plummer**
**Law Office of Thomas J. Henry**
4715 Fredricksburg
San Antonio, TX 78229
(210) 585-2151
(361) 985-0601 (fax)
hplummer@tjhlaw.com
  Counsel for McMahan

/s/ Craig Carlson
**Craig Carlson**
ccarlson@carlsonattorneys.com
**Philip Koelsch**
pkoelsch@carlsonattorneys.com
**Joe Craven**
jcraven@carlsonattorneys.com
**The Carlson Law Firm**
100 E Central Texas Expy
Killeen, TX 76541
254-526-5688
  Counsel for Rios

/s/ Marion M. Reilly
Marion M. Reilly
**Hilliard Munoz Gonzales, L.L.P.**
719 S. Shoreline - Ste 500
Corpus Christi, TX 78401
(361) 882-1612
361/882-3015 (fax)
marion@hmglawfirm.com
  Counsel for McMahan

/s/ Kelley W. Kelley
**Kelley W. Kelley**
**Anderson & Associates Law Firm**
2600 SW Military Drive, Suite 118
San Antonio, TX 78224
(210) 928-9999
(210) 928-9118 (fax)
kk.aalaw@yahoo.com
  Counsel for Ward

# CERTIFICATE OF SERVICE

By our signatures above, we certify that a copy of Plaintiffs' Trial Brief on Non-Economic Damages has been sent to the following on September 29, 2021 via the Court's CM/ECF notice system.


Paul D. Stern
Daniel P. Chung
Austin L. Furman
Stephen E. Handler
Jocelyn Krieger
James G. Touhey, Jr.
U.S. Department of Justice

Clayton R. Diedrichs
James F. Gilligan
James Edward Dingivan
U.S. Attorney's Office
Western District of Texas