UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Joe Holcombe, et. al., <br><br> *Plaintiffs*, <br><br> v. <br><br> United States of America, <br><br> *Defendant*. | No. 5-18-cv-00555-XR <br> (consolidated cases) |

# AMENDED JOINT STIPULATION REGARDING CERTAIN UNDISPUTED FINDINGS OF FACT

The Parties filed an agreed stipulation concerning the minimum amounts of economic damages on October 1, 2021. ECF No. 530. Since that time the Parties have received updated information from Brooks Army Medical Center (BAMC) regarding Margarette Vidal.

1. The Parties have reached complete agreement on the amount of past medical expenses incurred by each Plaintiff and agree that these amounts are reasonable and necessary. Those agreements are detailed within each section below.

2. Plaintiff John Porter Holcombe

    a. The past medical expenses incurred by John Porter Holcombe as a result of this shooting[1] are: **$8,940.61**.

3. Plaintiff John Porter Holcombe on behalf of E.H. (a minor)

    a. The past medical expenses incurred by John Porter Holcombe on behalf of E.H. (a minor) as a result of this shooting are: **$8,487.90**.

4. Plaintiff Kati Wall

---

[1] All references to the "shooting" refer to the mass shooting at the First Baptist Church of Sutherland Springs on November 5, 2017 made the basis of this lawsuit.

a. The past medical expenses incurred by Kati Wall as a result of this shooting are: **$434.03**.

5. Plaintiff Dalia Lookingbill on behalf of E.G. (a minor)

    a. The past medical expenses incurred by E.G. as a result of this shooting are: **$557.02**.

    b. Defendant United States is entitled to a settlement offset resulting from a settlement by and between the estate of E.G. and another settling party in the amount of **$100,000** in accordance with Tex. Civ. Prac. & Rem. Code § 33.012(b) and *Utts v. Short*, 81 S.W.3d 822 (Tex. 2002).

6. Plaintiff Elizabeth Braden

    a. The past medical expenses incurred by Elizabeth Braden as a result of this shooting are: **$4,256.50**.

7. Plaintiff Robert Braden

    a. The past medical expenses incurred by Robert Braden as a result of this shooting are: **$2,619.90**.

8. Plaintiff Deborah Braden

    a. The past medical expenses incurred by Deborah Braden as a result of this shooting were **$46,770.58**.

    b. Defendant stipulates that the following reasonable and necessary medical expenses are reasonably likely to be incurred in the future by Deborah Braden as a result of this shooting: **$214,995.01**. This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

9. Plaintiff Farida Brown

    a. The past medical expenses incurred by Farida Brown as a result of this shooting were **$46,253.13.**

    b. Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred by Farida Brown in the future as a result of this shooting: **$325,188.86**. This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

10. Plaintiff David Colbath

    a. The past medical expenses incurred by David Colbath as a result of this shooting are: **$44,625.74**.

    b. Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred by David Colbath in the future as a result of this shooting: **$238,060.00.** This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

    c. As a result of the injuries suffered during the shooting, David Colbath lost **$144,159.00** in future income. This amount represents the full amount of future income that the Defendant believes Mr. Colbath lost. Plaintiffs introduced evidence Mr. Colbath's lost future income is in excess of this amount.

11. Plaintiff Morgan Harris

    a. The past medical expenses incurred by Morgan Harris as a result of this shooting are: **$15,394.10**.

    b.  Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred by Morgan Harris in the future as a result of this shooting: **$542,292.98**. This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

12. Plaintiff Dalia Lookingbill on behalf of R.T. (a minor)

    a.  Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred by Dalia Lookingbill on behalf R.T. in the future as a result of this shooting: **$17,849.00**. This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

    b.  Defendant United States is entitled to an offset resulting from a settlement by and between R.T. and another settling party in the amount of **$100,000** in accordance with Tex. Civ. Prac. & Rem. Code § 33.012(b) and *Utts v. Short*, 81 S.W.3d 822 (Tex. 2002).

13. Plaintiff Juan Macias

    a.  The past medical expenses incurred by Juan Macias as a result of this shooting are: **$90,862.28**.

    b.  Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred by Juan Macias in the future as a result of this shooting: **$1,140,619.00.** This amount represents the total amount of future

medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

14. Plaintiff Margaret McKenzie

   a. The past medical expenses incurred by Margaret McKenzie as a result of this shooting are: **$25,587.72**.

   b. Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred by Margaret McKenzie in the future as a result of this shooting: **$557,890.08**. This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

15. Plaintiff Chancie McMahan or Christopher Ward on behalf of R.W. (a minor)[2]

   a. The past medical expenses incurred on behalf of R.W. as a result of this shooting are: **$274,249.76**.

   b. Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred on behalf of R.W. in the future as a result of this shooting: **$756,414.00**. This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

---

[2] Both Chancie McMahan and Christopher Ward have made claims on behalf of their minor child, R.W. The matter is currently the subject of litigation in Wilson County, Texas. *See generally* Dkt 442. For the purposes of these stipulations, only one recovery is appropriate, but the Parties need not address R.W.'s representative status at this stage.

16. Plaintiff Hailey McNulty

    a. The following past medical expenses incurred by Hailey McNulty as a result of this shooting are: **$85,423.58.**

    b. Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred by Hailey McNulty in the future as a result of this shooting: **$52,570.13**. This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

17. Plaintiff Lisa McNulty on behalf of J.M. (a minor)

    a. The past medical expenses incurred by Lisa McNulty on behalf of J.M. as a result of this shooting are: **$70,982.32.**

    b. Defendant stipulates the following medical expenses are reasonably likely to be incurred by Lisa McNulty on behalf of J.M. in the future as a result of this shooting: **$65,603.59**. This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

18. Plaintiff Brenda Moulton

    a. The past medical expenses incurred by Brenda Moulton as a result of this shooting are: **$87,717.61.**

    b. Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred by Brenda Moulton in the future as a result of this shooting: **$221,639.34**. This amount represents the total amount of future medical

expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

19. Plaintiff Zachary Poston

   a. The past medical expenses incurred by Zachary Poston as a result of this shooting are: **$101,186.19**.

   b. Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred by Zachary Poston in the future as a result of this shooting: **$249,216.00**. This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

   c. As a result of the injuries suffered during the shooting, Zachary Poston has lost **$851,015.00** in future income. This amount represents the full amount of future income the Defendant believes Zachary Poston lost. Plaintiffs introduced evidence that Zachary Poston's lost future income is in excess of this amount.

20. Plaintiff Joaquin Ramirez

   a. The past medical expenses incurred by Joaquin Ramirez as a result of this shooting are: **$2,893.04**.

   b. Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred by Joaquin Ramirez in the future as a result of this shooting: **$70,284.96**. This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

21. Plaintiff Rosanne Solis

    a. The past medical expenses incurred by Rosanne Solis as a result of this shooting are: **$16,905.82**.

    b. Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred by Rosanne Solis in the future as a result of this shooting: **$462,044.10**. This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

22. Plaintiff Margarette Vidal

    a. The past medical expenses incurred by Margarette Vidal as a result of this shooting are: **$221,680.65**.[3]

    b. Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred by Margarette Vidal in the future as a result of this shooting: **$342,099.59**. This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

23. Plaintiff Kris Workman

    a. The past medical expenses incurred by Kris Workman as a result of this shooting are: **$49,027.00.**

    b. Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred by Kris Workman in the future as a result of this

---

[3] This amount includes $89,445.52 written off by BAMC minus the $1,486.35 the Department of Treasury took from Ms. Vidal's Social Security payments from February 3, 2021, through October 1, 2021.

shooting: **$2,754,778.00.** This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

    c. As a result of the injuries suffered during the shooting, Kris Workman has lost **$115,620.00** in future earning capacity. This amount represents the full amount of future earning capacity that the Defendant believes Mr. Workman lost. While agreeing to this stipulation, Plaintiffs intend to prove Mr. Workman's lost future earning capacity is in excess of this amount.

24. Plaintiff Elizabeth Braden on behalf of Z.Z. (a minor)

    a. The past medical expenses incurred by Elizabeth Braden on behalf of Z.Z. (a minor) as a result of this shooting are: **$166,270.63**.

    b. Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred by Z.Z. in the future as a result of this shooting: **$2,983,794.00**. This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

    c. As a result of the injuries suffered during the shooting, Z.Z. has lost **$82,036.00** in lost future earning capacity. This amount represents the full amount of future earning capacity the Defendant believes Z.Z. lost. Plaintiffs introduced evidence that Z.Z.'s lost future income is in excess of this amount.

25. Plaintiff Preston Corrigan

    a. The past medical expenses incurred by Preston Corrigan as a result of this shooting are: **$210.00**.

26. Plaintiff Dalia Lookingbill

    a. The past medical expenses incurred by Dalia Lookingbill as a result of this shooting are: **$1,024.61**.

    b. Defendant stipulates the following reasonable and necessary medical expenses are reasonably likely to be incurred by Dalia Lookingbill in the future as a result of this shooting: **$11,561.76**. This amount represents the total amount of future medical expenses believed to be reasonable and necessary by Defendant. Plaintiffs introduced evidence regarding future medical expenses in excess of this amount.

    c. Defendant United States is entitled to a settlement offset resulting from a settlement between Dalia Lookingbill and another settling party in the amount of **$100,000** in accordance with Tex. Civ. Prac. & Rem. Code § 33.012(b) and *Utts v. Short*, 81 S.W.3d 822 (Tex. 2002).

27. The Estate of Keith Braden

    a. As a result of the shooting, the Estate of Keith Braden suffered **$60,046.00** in lost future earning capacity. This amount represents the full amount of future income the Defendant believes the estate lost. Plaintiffs introduced evidence that the estate's lost future income is in excess of this amount.

28. The Estate of Robert and Shani Corrigan

    a. As a result of the shooting, the combined estate of Robert and Shani Corrigan suffered **$381,659.00** in lost future earning capacity. This amount represents the full amount of future income the Defendant believes the estate lost. Plaintiffs introduced evidence that the estate's lost future income is in excess of this amount.

29. The Estate of Tara McNulty

    a. As a result of the shooting, the estate of Tara McNulty suffered **$128,859.00** in lost future earning capacity.

30. The Estate of Robert and Karen Marshall

    a. As a result of the shooting, the combined estate of Robert and Karen Marshall suffered **$257,691.00** in lost future earning capacity. This amount represents the full amount of future income the Defendant believes the estate lost. Plaintiffs introduced evidence that the estate's lost future income is in excess of this amount.

31. Defendant United States through its agency the Department of the Army has released any and all claims against Plaintiffs David Colbath, Juan Macias, Margarette Vidal, and Zachary Poston for past medical expenses incurred as a result of their treatment at Brooke Army Medical Center (BAMC).[4] *See* Exhibit 1 attached hereto.

32. As noted throughout, Plaintiffs have already presented evidence regarding additional alleged damages above the stipulated amounts of future medical expenses, future lost income, and loss of future earning capacity. And Plaintiffs will introduce more evidence for each of these damage elements at trial.

*(signature page to follow)*

---

[4] In accordance with 32 C.F.R. § 536.27(g), the "Interdepartmental Waiver Rule" the United States Army would not be able to collect this debt in a case where the United States Air Force has been determined to be the tortfeasor.

Respectfully submitted,

Ashley C. Hoff
United States Attorney

*/s/ James E. Dingivan*
James E. Dingivan
Assistant United States Attorney
Texas Bar No. 24094139
james.dingivan@usdoj.gov
Clayton R. Diedrichs
Assistant United States Attorney
Colorado Bar No. 16833
clayton.diedrichs@usdoj.gov
James F. Gilligan
Assistant United States Attorney
Texas Bar No. 07941200
jim.gilligan@usdoj.gov
Jacquelyn M. Christilles
Assistant United States Attorney
Texas Bar No. 24075431
jacquelyn.christilles@usdoj.gov
601 N.W. Loop 410, Suite 600
San Antonio, Texas  78216
Jocelyn Krieger
Trial Attorney
New Jersey Bar No. 065962013
jocelyn.krieger@usdoj.gov
175 N St. NE
Washington DC 20002
(210) 384-7372 (phone)
(210) 384-7312 (fax)


/s/ Jamal K. Alsaffar*
Jamal K. Alsaffar
JAlsaffar@nationaltriallaw.com
Texas Bar No. 24027193
Whitehurst, Harkness, Brees, Cheng,
Alsaffar & Higginbotham & Jacob PLLC
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
Office 512-476-4346
Fax 512-476-4400
Counsel filing on behalf of all Plaintiffs

*Signed with permission