IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HOLCOMBE, et. al,<br><br>Plaintiffs<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | NO. 5:18-CV-00555-XR<br>(consolidated cases) |

## SUGGESTION OF DEATH OF JENNIFER MACIAS UPON THE RECORD

COMES NOW undersigned counsel for Plaintiffs JUAN MACIAS and JENNIFER MACIAS and hereby suggests upon the record, pursuant to Federal Rule of Civil Procedure Rule 25, that Plaintiff Jennifer Macias died on Friday, October 22, 2021 during the pendency of this action.

Plaintiff Jennifer Macias was a loving wife and mother whose husband and best friend, Juan "Gunny" Macias, was catastrophically injured in the shooting at the First Baptist Church in Sutherland Springs, Texas on November 5, 2017. Jennifer passed away after dedicating almost four years to caring for her husband while suffering her own individual trauma and losses caused by the tremendous impact of her husband's injuries on their relationship.

Jennifer Macias died with a Will naming her husband, Juan Macias, as the Executor of her Estate. Jennifer Macias's heirs have agreed that Juan Macias should represent the Estate in the prosecution of Jennifer Macias's remaining claim[1] until his appointment is formally completed by an appropriate court probating her Will.

Given the time-sensitive nature of this development in light of the ongoing damages trial, Plaintiff notes that he will file a motion for leave to amend the Complaint and substitute Mr. Macias as the party bringing the claim on behalf of his wife's Estate. Attached as **Exhibit A**, which is

---

[1] Plaintiff notes that Jennifer Macias's past loss of spousal consortium claim is not subject to dismissal like a wrongful death claim. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 646 (Tex. 2009) (internal citations omitted) (emphasis added):

> A tort action seeking damages for loss of consortium . . . is fundamentally different than a statutory wrongful death action. . . . [L]ost consortium claims would be derivative in the sense that the beneficiaries would be required to establish [the defendant] was liable for their [family member's] underlying injury in order to recover damages. **But loss of consortium claims are not entirely derivative as are wrongful death claims; instead, they are separate and independent claims distinct from the underlying action.** Thus, a settlement agreement signed by an injured spouse does not bar a subsequent loss of consortium claim by the non-injured spouse. A wrongful death action is different than a loss of consortium claim because the Wrongful Death Act expressly conditions the beneficiaries' claims on the decedent's right to maintain suit for his injuries. The Legislature created an entirely derivative cause of action when it enacted the Wrongful Death Act, and [the] beneficiaries are bringing an entirely derivative claim. **Their wrongful death action is not in the same category as a loss of consortium claim for purposes of derivative status analysis.**

incorporated herein, is a proposed Amended Complaint substituting Juan Macias as the Personal Representative of the Estate of Jennifer Macias to prosecute her Estate's claim for past loss of consortium damages. Plaintiff will confer with the Government regarding its position on the attached proposed Amended Complaint. But in an effort to allow time for the Government to review Plaintiff's request and yet also timely notify the Court of this development, Plaintiff is filing this Suggestion of Death as soon as practicable following Mrs. Macias's passing.

Accordingly, Plaintiff prays that the Court take notice of the death of Jennifer Macias. Plaintiff also notes that he will file the appropriate pleadings to convert the pending claim of Jennifer Macias into one brought on behalf of her Estate as soon as practicable.

Respectfully submitted,

/s/ April A. Strahan
**April A. Strahan**
april@ammonslaw.com
Texas Bar No. 24056387
**Robert E. Ammons**
rob@ammonslaw.com
Texas Bar No. 01159820
**The Ammons Law Firm**
3700 Montrose Blvd.
Houston, TX 77006
Office 866-523-1603
Fax 713-523-4159
Counsel for Juan Macias and Jennifer Macias

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure on October 25, 2021.

                                            /s/ April A. Strahan
                                            **April A. Strahan**