United States District Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| Joe Holcombe, et. al,<br>    Plaintiffs,<br><br>v.<br><br>United States of America,<br>    Defendant. | No. 5-18-cv-00555-XR<br>(consolidated cases) |

### DEFENDANT'S OPPOSED MOTION TO MODIFY THE COURT'S ORDER TO SUBMIT PROPOSED VERDICT FORM ON NOVEMBER 24, 2021

Defendant United States of America respectfully moves the Court to modify its oral order requiring both parties to provide proposed verdict forms to the Court by close of business on November 24, 2021. *See* Trial Transcript at 3711:25-3712:4. While the United States appreciates the opportunity to provide the Court with damages values, the government should not be required to submit that information until after Plaintiffs provide their own damages calculations. Accordingly, the government requests that it be given 48 hours' time to review Plaintiffs' proposed damages and damages calculations before submitting its own.

### ARGUMENT

As it stands, the Court's order shifts some portion of the burden of proving the amount of damages on to the United States. "Plaintiff must prove every essential element alleged as part of his claims by a preponderance of the evidence." Burden of Proof: Preponderance of the Evidence 3.2, Fifth Circuit Pattern Jury Instruction (2014). Thus, "[t]he plaintiff bears the burden of proof to show the amount, as well as the fact, of damages." *Pizani v. M/V Cotton Blossom*, 669 F.2d 1084, 1088 (5th Cir. 1982); *see also Texas & N. O. R. Co. v. Wood*, 166 S.W.2d 141, 147 (Tex. Civ. App. 1942) (noting that the plaintiff had "the burden of proving facts from which the jury can ascertain the proper amount of damages."). While "the law does not require that Plaintiff[s]

prove the amount of [their] losses with mathematical precision," they must provide "as much definiteness and accuracy as the circumstances permit." Damages: Compensatory Damages, 15.2, Fifth Circuit Pattern Jury Instruction (2014). In contrast, there is no burden on a defendant with regard to the amount of damages. By requiring the United States to provide a proposed verdict form with definite amounts at the same time or even before the Plaintiffs file theirs, the Court has impermissibly shifted some portion of the burden of proof onto the United States.

Further, Plaintiffs' counsel acknowledged that trial provided them with "a lot of information and narrowing the ground on the economic damages." Trial Transcript at 3709:7-9. It would be prejudicial for the United States to provide its damages calculation at the same time or before the Plaintiffs without being afforded the opportunity to review what categories of damages each Plaintiff now intends to pursue, and the amounts of damages sought within each category. The United States has already provided the Court with stipulations regarding economic damages suffered by certain Plaintiffs and *will* provide the Court with updated economic damages along with a verdict form to assist the Court in calculating non-economic damages, but the United States requests that its deadline to submit a proposed verdict form be 48 hours after Plaintiffs have filed their proposed verdict form.

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant this motion and modify the Order given orally on November 12, 2021 requiring the United States to submit a "proposed verdict form" by close of business on November 24, 2021. Instead, the United States requests that the deadlines be altered such that the United States may submit its form 48 hours after Plaintiffs have submitted their form.

Respectfully submitted,

Ashley C. Hoff
United States Attorney

By:   */s/ James E. Dingivan*
     James E. Dingivan
     Assistant United States Attorney
     Texas Bar No. 24094139
     james.dingivan@usdoj.gov
     Clayton R. Diedrichs
     Assistant United States Attorney
     Colorado Bar No. 16833
     clayton.diedrichs@usdoj.gov
     James F. Gilligan
     Assistant United States Attorney
     Texas Bar No. 07941200
     jim.gilligan@usdoj.gov
     Jacquelyn M. Christilles
     Assistant United States Attorney
     Texas Bar No. 24075431
     jacquelyn.christilles@usdoj.gov
     601 N.W. Loop 410, Suite 600
     San Antonio, Texas  78216
     Jocelyn Krieger
     Trial Attorney
     New York Bar No. 065962013
     jocelyn.krieger@usdoj.gov
     175 N St. NE
     Washington DC 20002
     (210) 384-7372 (phone)
     (210) 384-7312 (fax)

## CERTIFICATE OF CONFERENCE

    I do hereby certify that I spoke with Plaintiffs' counsel to confer regarding this motion on November 16, 2021. Plaintiffs stated their opposition to the same.

                              */s/ James E. Dingivan* .
                              JAMES E. DINGIVAN
                              Assistant United States Attorney