United States District Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| Joe Holcombe, et. al,<br>    Plaintiffs,<br><br>v.<br><br>United States of America,<br>    Defendant. | No. 5-18-cv-00555-XR<br>(consolidated cases) |

**Defendant United States' Objections and Response to Plaintiffs' Motion to Enter Judgment**

      Pursuant to this Court's order dated February 7, 2022 (Dkt 584), Defendant United States submits these objections and response to Plaintiffs' Motion to Enter Judgment and proposed final judgment awards (Dkts 586, 586-2, 587, and 588). The Court in its Findings of Fact and Conclusions of Law directed the Plaintiffs to "submit proposed final judgments in each individual case within 10 days of this order [reflecting] the damage awards made in this Order [and that] [w]ith respect to economic damages, the Court has determined the appropriate present value discount rate to be equivalent to a thirty-year Daily Treasury Yield curve rate of 2.23%." Dkt 584 at p. 184. In response, Plaintiffs enlisted their experts to provide new economic reports which contain new evidence and analysis beyond the scope of the instructions by the Court. Therefore, Defendant objects to the declarations from Dr. Fairchild and Dr. Hubbard (Dkts 586-2 and 588) to the extent that these deviate from the Court's specific, limited instructions. Defendant also moves to strike the affidavits of Dr. Fairchild and Dr. Hubbard to the extent they constitute improper newly produced evidence falling outside the Court's explicit instructions.

### I. Objections and Response to Plaintiffs' Submissions

   *a. Motion to Enter Judgment*

In their motion seeking the Court's approval for their proposals, Plaintiffs initially argue (1) the Court need not reduce future damages to present value at all, and then argue (2) the Court should enter a final judgment which reflects the inflation and interest rates outlined in the improper new opinions of Dr. Fairchild and Dr. Hubbard which were not presented prior to the close of evidence. *See* Pl. Mot. to Enter Judgment, Dkt 586 at pp. 1-2. This first argument attempts to justify the Plaintiffs' economists' calculations, which resulted in awards *greater* than the Court's awarded damages.[1] But Plaintiffs provide no binding authority for this position. Instead, Plaintiffs point out a case in which U.S. District Court Judge Alan Albright, when called upon to discuss the reliability of an expert, noted that an *expert* is not needed to reduce future damages to present value. *Hills v. Sam's E., Inc.*, No. 6:18-CV-00301-ADA-JCM, 2020 WL 11929877, at *2 (W.D. Tex. Mar. 18, 2020). Instead, he noted, "[b]ecause reducing damages to present value based on interest rates, even when no evidence is introduced as to the earning power of money, is presumed to be within the ability of the jury, [an expert's] failure to account for the time value of money does not render his opinions unreliable." *Id*.

Plaintiffs then cite to another case, *Foradori v. Harris*, 523 F.3d 477 (5th Cir. 2008), in which the Fifth Circuit criticized a life care planning expert for failing to apply inflation. Setting aside that this criticism does not bind this Court to act in a certain manner, Plaintiffs' motion omitted the complete context of that footnote. Rather than a statement by the Fifth Circuit authorizing an economics expert to add-in whatever inflation they felt appropriate in a post-trial memorandum, the footnote simply criticizes one life care planning expert for failing to account

---

[1] It also appears to ask the Court to consider retracting its order instructing the parties to reduce the Court's findings to present value.

for inflation and criticizes the other for ignoring testimony that future damages had already been adjusted to present value. *Id*.

Second, Plaintiffs imply that the Court must accept their enlarged numbers because it "cannot ignore the reality of inflation." Pl. Mot. to Enter Judgment, Dkt 586 at p. 2. But what *Culver II* actually requires is that the amount of damages awarded should be *discounted* to present value. *See, e.g., Lee v. United States*, No. SA-08-CA-531-OG, 2013 WL 12094219, at *27 (W.D. Tex. July 22, 2013), vacated in part, 765 F.3d 521 (5th Cir. 2014) (citing *Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 535 (1983) and *Culver v. Slater Boat Co.*, 722 F.2d 114 (5th Cir. 1983) ("Culver II")). Thus, what the Fifth Circuit has instructed the district courts use is what the Court in this case has already ordered: applying an appropriate discount rate to future economic losses. Additionally, nothing in any of the cases cited in Plaintiffs' motion authorizes Drs. Fairchild and Hubbard to submit new testimony and then use that newly created evidence in a transparent attempt to completely offset the Court-ordered present value calculation.

In fact, contrary to Plaintiffs' assertions, the Court's adjudged damages specifically *include* consideration for inflation. For example, the Court made awards (among others) for lost earning capacity for Z.Z., Zach Poston, R.W., Benjamin Corrigan (for the death of his parents), Preston Corrigan (for the death of his parents), Martina Pachal (for the death of her parents), and Kara Boyd (for the death of her parents). In these cases, the Court's award was specifically based on a value that already incorporated an inflation assumption. *See, e.g.*, Dkt 584 n. 74 (relying on Dr. Lundstrom's calculation of lost earning capacity). When the Court states (for example) that Zach Poston is to be awarded $2,212,639.00 for the loss of his future earning capacity, this value already incorporates a specific assumption regarding inflation by relying on Dr. Lundstrom's report. Thus, when Dr. Fairchild substitutes what he believes to be the correct inflation

3

assumption for those incorporated in the awards given by the Court, Plaintiffs blatantly alter the Court's award.

    b. *Report of Dr. Fairchild*

Defendant objects to Dr. Fairchild's report in its entirety because it goes well beyond the limits of the Court's order. While the Court ordered the parties to apply a discount rate of 2.23%, no similar instruction was given to update inflation to "current" conditions. But even in the absence of a specific Court instruction, Dr. Fairchild's reasoning for updating inflation to "current" conditions is unclear. Inflation expectations have changed little between the time of trial and today.[2] The end result of Dr. Fairchild's improper introduction and incorporation of new evidence related to inflation causes his results to no longer "reflect the damage awards made in [the Court's] order." Because there is nothing in the order from the Court requesting this new evidence from Dr. Fairchild, much less asking him to alter the awards made by the Court based on such evidence, Defendant objects.

    c. *Report of Dr. Hubbard*

As with Dr. Fairchild, Dr. Hubbard also incorporated an updated inflation assumption into his analysis. Dkt 586-2 at p. 3. He references the same sources referenced by Dr. Fairchild for this update, namely the forecasts published by the Federal Reserve Bank of Philadelphia. *Id*. Once again, this goes beyond the specific instruction of the Court. As with Dr. Fairchild, there is

---

[2] Dr. Fairchild's new report references "surveys conducted by the Federal Reserve Bank of Philadelphia," including the biannually published *Livingston Survey*. Dkt 588 at p. 2. At the time of trial in November 2021, the June 2021 edition of the *Livingston Survey* was readily available. *See* www.philadelphiafed.org/-/media/frbp/assets/surveys-and-data/livingston-survey/2021/livjun21.pdf (accessed March 3, 2022) (providing a release date of June 18, 2021). And, since the trial concluded, the December 2021 edition of the Livingston Survey was released. *See* www.philadelphiafed.org/-/media/frbp/assets/surveys-and-data/livingston-survey/2021/livdec21.pdf (accessed March 3, 2022). But, importantly, the mean long-term inflation forecast was **unchanged** between the June and December 2021 Livingston Surveys, and the median long-term forecast actually fell slightly.

nothing in the Court's Order requesting this new evidence from Dr. Hubbard, much less asking him to alter the Court's damage awards based on such evidence. Accordingly, Defendant objects.

There are also numerous substantive issues with Dr. Hubbard's report. For example, the Court awarded $20,972 for David Colbath's loss of earning capacity sustained in past years and $144,159 for David Colbath's future loss of earning capacity. Dr. Hubbard's new report assumed that the Court's award is stated in constant 2022 dollars. In his "revisions," Dr. Hubbard left the past award unchanged, and concluded that the present value of the loss of future earning capacity is $135,275. But Dr. Hubbard's assumption that the Court's future award is stated in constant 2022 dollars is incorrect. The Court references the report of Dr. Lundstrom for the award, which gives this amount in present value, not constant 2022 dollars. Dkt 584, n. 30. Dr. Hubbard's mistaken interpretation of the award leads him to inappropriately inflate the award to future dollars prior to discounting to present value. Dr. Hubbard also incorrectly assumed that the future award is not net of income taxes. Thus, he takes taxes out of the award before discounting to present value. This is incorrect. The Court references the report of Dr. Lundstrom for the award, which gives this amount net of taxes. Effectively, Dr. Hubbard takes taxes out of the award twice. Lastly, before applying the 2.23% discount rate that the Court instructs him to use, Dr. Hubbard reduces it by 7.18% for taxes. The Court did not instruct that the discount rate be adjusted for an assumed tax rate.

## II. Defendant's Proposal

Defendant proposes two options for the Court's consideration. The first, contained in Exhibit 1, takes the Court's stated awards, and simply applies the discount rate established in the Court's order, without any other adjustments. However, in direct response to Plaintiffs' filings, the United States also provides the Court with Exhibit 2. Exhibit 2 represents Defendant's

estimates of the present value of the judgments awarded for future medical care expenses and future loss of earning capacity/pecuniary loss of support, assuming a 2.23% discount rate. The purpose of Exhibit 2 is to summarize the present values of these awards using the discount rate. Present value was calculated based on the source cited for each judgment amount, with adjustments as specified by the Court. Where the judgment referenced a value that was already discounted to present value, the discount rate used was *replaced* with 2.23%. Where the judgment referenced a stream of future values, already adjusted for inflation, that stream was discounted at 2.23%. Where the judgment referenced values that were not adjusted for inflation, inflation was applied to the stream in a method identical to that described in the Defendants' expert reports dated November 6, 2020, and the inflation-adjusted stream was discounted at 2.23%. While this is more detailed analysis than may have been directed, the intent in providing this information is to provide the Court with as much information as possible using the methods and evidence already presented at trial. Unlike the Plaintiffs' analysis, Defendant's proposals are not based on new testimony introduced after the close of evidence.

### III.     Conclusion

The United States submits the attached proposed judgment amounts pursuant to the Court's order. The proposed judgment amounts provided herein are not to be construed as admissions of liability by the United States. The United States reserves its right to appeal the Court's rulings on liability and damages, incorporating all prior objections herein, and makes the following proposals subject to all its prior objections in the case.

Respectfully submitted,

BRIAN BOYNTON

        Principal Deputy Assistant Attorney General
        Civil Division

        Ashley C. Hoff
        United States Attorney

        */s/ James E. Dingivan*
        James E. Dingivan
        Assistant United States Attorney
        Texas Bar No. 24094139
        james.dingivan@usdoj.gov
        Clayton R. Diedrichs
        Assistant United States Attorney
        Colorado Bar No. 16833
        clayton.diedrichs@usdoj.gov
        James F. Gilligan
        Assistant United States Attorney
        Texas Bar No. 07941200
        jim.gilligan@usdoj.gov
        Jacquelyn M. Christilles
        Assistant United States Attorney
        Texas Bar No. 24075431
        jacquelyn.christilles@usdoj.gov
        601 N.W. Loop 410, Suite 600
        San Antonio, Texas 78216
        Jocelyn Krieger
        Trial Attorney
        New Jersey Bar No. 065962013
        jocelyn.krieger@usdoj.gov
        175 N St. NE
        Washington DC 20002
        (210) 384-7372 (phone)
        (210) 384-7312 (fax)

        Attorneys for Defendant