**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

| | |
|---|---|
| JOE HOLCOMBE, *et al.*, | |
| Plaintiff-Appellees/Cross-Appellants, | |
| v. | Case No. 22-50458 |
| UNITED STATES OF AMERICA, | |
| Defendant-Appellant/Cross-Appellee**.** | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| LISA MCNULTY, Individually and as Personal Representative of the Estate of TARA MCNULTY, and as Legal Guardian of J.M., a Minor, and HAILEY MCNULTY, | |
| Plaintiffs, | |
| v. | Case No. 5:18-cv-00949-XR (consolidated with 5:18-CV-00555-XR) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendants and the parties' attorneys signing this agreement waiving and releasing claims and judgments, whether or not a party to the civil action), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **1** of **21**

EXHIBIT
**3**

1.      The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned actions under the terms and conditions set forth in this Stipulation.

2.      This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs.   This settlement is entered into by all parties for the purpose of compromising disputed claims and judgments under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.      In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to dismiss its appeal of the judgment that is subject to the appeal, and to pay the Total Settlement Amount of Nine Million Six Hundred Seven Thousand Seven Hundred Thirteen Dollars and Eighty-Six Cents ($9,607,713.86), allocated to each Plaintiff signing this document as follows:

● Hailey McNulty, Individually, the sum of **Two Million Four Hundred Seventy-Four Thousand Nine Hundred Thirty-Two Dollars and Sixty-Two Cents ($2,474,932.62)**;

● Lisa McNulty, on behalf of J.M., a Minor, the sum of **Two Million Four Hundred Ninety Thousand Three Hundred Forty-Eight Dollars and Ninety-One Cents ($2,490,348.91)**, of which sum **One Million Five Hundred Thousand Dollars ($1,500,000.00)** will be allocated to purchase the annuity contract(s) described below in Paragraph 3.e;

● Lisa McNulty, Individually, the sum of **Two Hundred Fifty Thousand Nine Hundred Forty-Two Dollars and Twenty-Nine Cents ($250,942.29)**; and

● Lisa McNulty, as Personal Representative of the Estate of Tara McNulty, the sum of **Four Million Three Hundred Ninety-One Thousand Four Hundred Ninety Dollars and Four Cents ($4,391,490.04)**;

(hereinafter "Individual Settlement Amounts").

a.      Within seven business days after the undersigned counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) Order(s) from a court or courts of competent jurisdiction approving the settlement on behalf of any minor or incompetent-adult Plaintiff; (3) the Social Security numbers or tax identification number of Plaintiffs Hailey McNulty, J.M., a Minor, Lisa McNulty, the Estate of Tara McNulty, and Plaintiffs' attorneys; and (4) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a request to the United States Treasury, for an electronic funds transfer of the Individual Settlement Amount for each Plaintiff, made payable to the appropriate IOLTA or brokerage account as follows:

● For Plaintiff Hailey McNulty, Individually, to the "Whitehurst, Harkness, Brees, Cheng, Alsaffar, Higginbotham & Jacob, PLLC IOLTA Account";

● For Plaintiff Lisa McNulty, on behalf of J.M., a Minor; Nine Hundred Ninety Thousand Three Hundred Forty-Eight Dollars and Ninety-One Cents ($990,348.91) to the "Whitehurst, Harkness, Brees, Cheng, Alsaffar, Higginbotham & Jacob, PLLC IOLTA Account" and One Million Five Hundred Thousand Dollars ($1,500,000) to the Brant Hickey Trust Account ("Brant Hickey") for the purchase of the annuity contract(s) described below in Paragraph 3.e.;

● For Plaintiff Lisa McNulty, Individually, to the "Whitehurst, Harkness, Brees, Cheng, Alsaffar, Higginbotham & Jacob, PLLC IOLTA Account"; and

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **3** of **21**

● For Plaintiff Lisa McNulty, as Personal Representative of the Estate of Tara McNulty, to the "Whitehurst, Harkness, Brees, Cheng, Alsaffar, Higginbotham & Jacob, PLLC IOLTA Account."

Plaintiffs' attorneys agree to distribute the Individual Settlement Amounts to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

b.      Plaintiffs' attorneys agree to facilitate the disbursement of the above-described Individual Settlement Amounts as, if applicable, ordered by the court approving the settlement on behalf of any minor or incompetent adult.  Plaintiffs stipulate and agree that Plaintiffs' attorneys shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the above-captioned actions, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

c.      With respect to the payment of the Individual Settlement Amounts, Plaintiffs stipulate and agree that, except as specifically noted in Paragraph 3.e. below, the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Individual Settlement Amounts into a qualified settlement fund or an equivalent fund or account.   Plaintiffs further stipulate and agree that, except as specifically noted in Paragraph 3.e. below, Plaintiffs, Plaintiffs' attorney(s), any Guardian Ad Litem, and Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by Plaintiffs or by someone else, either before, during, or after the settlement) will not attempt to structure the Individual Settlement Amounts in any way, form, or manner, including by placing any of the Individual Settlement

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **4** of **21**

Amounts into any qualified settlement fund or its equivalent.   However, nothing in this Paragraph 3.c. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have deposited the Individual Settlement Amounts, but they agree that they will not represent to any person, entity, or agency that they are purchasing qualified structured settlement annuities, and they agree that they will not attempt to purchase such structured settlement annuities.

        d.     The parties agree that any attorneys' fees owed by Plaintiffs in Plaintiffs' Federal Tort Claims Act suit against the United States shall not exceed twenty-five percent (25%) of the Individual Settlement Amounts.   28 U.S.C. § 2678.   The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses of this action against the United States and any court proceedings reviewing the settlement for approval purposes, shall be paid out of the Individual Settlement Amounts paid pursuant to Paragraph 3.a. above, and not in addition thereto. The parties further agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

        e.     Based on the following terms and conditions, the United States will purchase the following annuity contract(s):

        (1)   The United States will purchase annuity contract(s), from an annuity company or companies rated at least A+ by A.M. Best rating service, to make the following payments to J.M., or to an account in the name of, or for the benefit of, J.M.:

        (a)     $20,000 sum certain on August 28, 2023 or one month from the date of the annuity purchase, whichever comes later;

        (b)     $20,000 semi-annually, for 4 years and 6 months certain,

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **5** of 21

beginning on December 1, 2023, with the last certain payment on December 1, 2027;

(c)　　$1,500 per month, for 5 years certain, beginning on August 28, 2023 or one month from the date of the annuity purchase, whichever comes later;

(d)　　$4,000 per month, for 20 years certain, beginning on August 28, 2030, with the last certain payment on July 28, 2050;

(e)　　$10,007.20 per month, for life and 30 years certain, beginning on August 28, 2050, with the last certain payment on July 28, 2080;

(f)　　$25,000 sum certain on August 28, 2023 or one month from the date of the annuity purchase, whichever comes later;

(g)　　$25,000 sum certain on August 28, 2028.

In the event the cost of the annuity contract(s) has either increased or decreased by the date of purchase, the annuity payments described above shall be adjusted upward or downward to ensure that the total cost of the annuity contract(s) is equal to the Annuity Premium Amount and not more or less than that amount.   The monthly annuity payments are based upon the date of birth for J.M. of August 28, 2005, that was provided by Plaintiffs.    If the date of birth is otherwise, the annuity payments described above will be adjusted accordingly.    In the event of the death of J.M., any remaining certain payments shall be payable to the Estate of J.M., or to any death beneficiary designated by J.M. during the payee's lifetime, provided that any such designation shall be in writing on a form acceptable to the United States and the annuity company.

(2)　　The annuity contract(s) being purchased pursuant to this Paragraph 3.e. will be owned solely and exclusively by the United States and will be purchased through Brant Hickey as specified above in Paragraph 3.a.   The parties stipulate and agree that the United States' only obligation with respect to any annuity contract purchased pursuant to this Stipulation, and

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **6** of **21**

any annuity payments therefrom, is to purchase said contract, and they further agree that the United States does not guarantee or insure any of the annuity payments.   The parties further stipulate and agree that the United States is released from any and all obligations with respect to an annuity contract and annuity payments upon the purchase of said contract.

(3)     The parties stipulate and agree that any annuity company that issues an annuity contract shall, at all times, have the sole obligation for making all annuity payments. The obligation of an annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation.   Payments lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

(4)     The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.   Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and that any attempt to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, shall constitute a breach of contract.

(5)     Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby agree to maintain with the annuity company(ies) and the United States a current mailing address for J.M. and to notify the annuity company(ies)

and the United States of the death of J.M. within ten (10) days of death. Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby further agree to provide to the annuity company(ies) and the United States a certified death certificate within sixty (60) days of the death of J.M.

4.      Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns hereby accept the settlement, including payment of the Individual Settlement Amounts, in full settlement, satisfaction, and release of any and all judgments, claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States, and its agents, servants, or employees, on account of the subject matter that gave rise to the above-captioned actions.

Plaintiffs do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release, and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all judgments, claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have, or hereafter may have with respect to the same subject matter that gave rise to the above-captioned actions, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned actions that could have been but were not alleged in this action.

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **8** of **21**

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all judgments, claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned actions, including claims or causes of action for wrongful death.

Plaintiffs further stipulate and agree that Plaintiffs are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action.   Plaintiffs stipulate and agree that Plaintiffs will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity.   Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, Plaintiffs will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim.   The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5.     This compromise settlement is specifically subject to each of the following conditions:

a.     All litigants who participated in the appellate court proceeding before the United States Court of Appeals for the Fifth Circuit arising out of the shooting committed by Devin

Patrick Kelley on November 5, 2017, at the First Baptist Church of Sutherland Springs, Texas must settle their underlying judgments and claims against the United States.

       b.      The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

       c.      The parties must agree in writing to the terms, conditions, and requirements of this Stipulation.   The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation.   The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.   The parties must agree to the terms, conditions, and requirements of this Stipulation before undersigned counsel for the United States will seek settlement authority from the Attorney General or the Attorney General's designee.

       d.      J.M. must be alive at the time the annuity contract(s) described in Paragraph 3.e. are purchased.   In the event of the death of J.M. prior to the purchase of the annuity contract(s), the Annuity Premium Amount allocated for the purchase of the annuit(ies) described in Paragraph 3.e. shall be paid in cash to "Whitehurst, Harkness, Brees, Cheng, Alsaffar, Higginbotham & Jacob, PLLC IOLTA Account" for Lisa McNulty, on behalf of J.M., a Minor

       e.      Plaintiffs must obtain, at their expense, approval of the settlement by a court(s) of competent jurisdiction on behalf of any minor or incompetent-adult Plaintiff.   The Order approving the settlement may be obtained from either the United States District Court for

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **10** of **21**

the Western District of Texas or a state court of competent jurisdiction.   Plaintiffs agree to obtain

such approval in a timely manner: time being of the essence.   Plaintiffs further agree that the

United States may void this settlement at its option in the event such approval is not obtained in a

timely manner.   In the event Plaintiffs fail to obtain such court approval, the entire Stipulation and

the compromise settlement are null and void.   Plaintiffs must obtain such court Order before

undersigned counsel for the United States will seek settlement authority from the Attorney General

or the Attorney General's designee.   Counsel for the United States will not sign the Stipulation

until such authority is granted by the appropriate approving official.

f.      Plaintiffs must obtain a release and waiver of any claim or cause of action

(whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or

may have in the future against the United States arising out of the subject matter of the above-

captioned actions.   This condition is for the benefit of the United States exclusively.   The United

States will provide the form of Release and Waiver, or any changes to the form required by the

United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged

tortfeasor.   Before the unsigned counsel for the United States will seek settlement authority from

the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States

with either (i) all such releases and waivers required by this Paragraph 5.e., or (ii) a written

representation by Plaintiffs' attorneys stating that, after a diligent search of Plaintiffs' attorneys'

law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and

files, Plaintiffs and Plaintiffs' attorneys are unaware of any such potential tortfeasor.

g.      All parties must move to voluntarily dismiss any appeal or cross-appeal,

and the United States Court of Appeals for the Fifth Circuit must dismiss this action in its entirety,

with each side bearing its own costs, expenses, and fees, and with the Court of Appeals not

retaining jurisdiction over the above-captioned actions, this settlement, or the United States, within five (5) business days of Plaintiffs' receipt of the electronic funds transfer described in Paragraph 3.

        h.     Plaintiffs agree to waive their claim for costs.  In the event the District Court has not ruled on their Motion for Bill of Cost, Plaintiffs must withdraw said Motion.   In the event the District Court has granted Plaintiffs' Motion for Bill of Cost, Plaintiffs agree to waive the costs awarded by the District Court and to not appeal any costs not awarded by the District Court.

6.    The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7.    Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements.  Plaintiffs execute this Stipulation without reliance upon any representation by Defendant as to tax consequences, and Plaintiffs are responsible for the payment of all taxes that may be associated with this settlement.   Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Individual Settlement Amount proceeds.   Plaintiffs execute this Stipulation without reliance on any representation by Defendant as to the application of any such law.   Plaintiffs, on behalf of themselves and Plaintiffs' guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **12** of **21**

in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8.      Plaintiffs represent that they have read, reviewed, and understands this Stipulation, and that Plaintiffs are fully authorized to enter into the terms and conditions of this agreement and that Plaintiffs agree to be bound thereby.   Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily.   Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorneys, who have explained the documents to Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.      It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party.   All such counterparts and signature pages, together, shall be deemed to be one document.

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **13** of **21**

**WHEREAS,** the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this_____day of_____ 2023.

UNITED STATES OF AMERICA


By: _____
JOSHUA M. SALZMAN
Attorney for Defendant,
United States of America

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **14** of **21**

Executed this_____day of_____,2023.

ATTORNEYS FOR PLAINTIFFS
WHITEHURST, HARKNESS, BREES, CHENG,
ALSAFFAR, HIGGINBOTHAM & JACOB, PLLC


By:   _____
      Jamal K. Alsaffar
      Tom Jacob
      Whitehurst, Harkness, Brees, Cheng, Alsaffar, Higginbotham & Jacob, PLLC
      Attorneys for Plaintiffs

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release
(April 27, 2023)

Page **15** of **21**

Executed this_____day of_____ 2023.

HAILEY MCNULTY, INDIVIDUALLY


_____
Hailey McNulty, Individually

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **16** of **21**

Executed this_____day of_____ 2023.

LISA MCNULTY, ON BEHALF OF J.M., A MINOR CHILD

_____

Lisa McNulty, on behalf of J.M., a Minor Child

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **17** of **21**

Executed this_____day of_____ 2023.

LISA MCNULTY, INDIVIDUALLY


_____
Lisa McNulty, Individually

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **18** of **21**

Executed this_____day of_____ 2023.

LISA MCNULTY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF TARA MCNULTY

_____

Lisa McNulty, as Personal Representative of the Estate of Tara McNulty

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **19** of **21**

Executed this_____day of_____, 2023.

STRUCTURED SETTLEMENT BROKERAGE COMPANY
BRANT HICKEY & ASSOCIATES (HEREINAFTER "COMPANY")

 I, the undersigned, am duly authorized to sign this Stipulation on behalf of the Company and have furnished written proof thereof to the United States.   I also declare under penalty of perjury that the Company and its employees, agents, and structured settlement annuity brokers are covered by an Errors and Omission insurance policy and a fidelity bond or equivalent insurance coverage, and have furnished to the United States a certificate or proof of insurance for such policies.   By signing this Stipulation, I agree that the Company will accept the Annuity Premium Amount.   I further agree that, within five business days of receipt of the Annuity Premium Amount, the Company will (1) disburse the Annuity Premium Amount to an annuity company(ies), rated at least A+ by A.M. Best rating service, for the purchase the annuity contract(s) described above in Paragraph 3.e of this Stipulation, and (2) provide to the parties written proof that the Annuity Premium Amount has been accepted by said annuity company(ies).

 I declare under penalty of perjury that the foregoing is true and correct.   28 U.S.C. § 1746.

By:  _____
  Aaron Hickey, Chief Operating Officer
  On behalf of the Company

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **20** of **21**

Executed this_____day of_____, 2023.
STRUCTURED SETTLEMENT ANNUITY BROKER
BRANT HICKEY & ASSOCIATES (HEREINAFTER "BROKER")

      I, the undersigned Broker, declare that I currently meet the minimum qualifications set forth in 28 CFR § 50.24 to provide structured settlement annuity brokerage services to the United States and that I am currently covered by an Errors and Omissions insurance policy and a fidelity bond or equivalent insurance coverage, and have furnished to the United States a certificate or proof of insurance for such policies.   By signing this Stipulation, I agree that the application for any annuity contract and the annuity contract issued by the annuity company will comply with the terms and conditions of Paragraph 3.e of this Stipulation.

      I declare under penalty of perjury that the foregoing is true and correct.   28 U.S.C. § 1746.


_____
Aaron Hickey
Structured Settlement Annuity Broker


*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 27, 2023)

Page **21** of **21**