**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

| | |
|---|---|
| JOE HOLCOMBE, *et al.*, <br><br> Plaintiff-Appellees/Cross-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Appellant/Cross-Appellee. | Case No. 22-50458 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| JOE HOLCOMBE and <br> CLARYCE HOLCOMBE, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 5:18-CV-00555-XR |

### STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendants and the parties' attorneys signing this agreement waiving and releasing claims and judgments, whether or not a party to the civil action), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 25, 2023)

Page **1** of **14**

EXHIBIT 10

1. The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned actions under the terms and conditions set forth in this Stipulation.

2. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims and judgments under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to dismiss its appeal of the judgment that is subject to the appeal, and to pay the Total Settlement Amount of $752,826.86, allocated to each Plaintiff signing this document as follows:

● JoCheryl Holcombe, on behalf of Joe Holcombe, the sum of **Three Hundred Seventy-six Thousand Four Hundred Thirteen Dollars and Forty-three Cents ($376,413.43)**; and

● John Porter Holcombe II, As Independent Executor of the Estate of Claryce Holcombe, the sum of **Three Hundred Seventy-six Thousand Four Hundred Thirteen Dollars and Forty-three Cents ($376,413.43)**;

(hereinafter "Individual Settlement Amounts").

   a. Within seven business days after the undersigned counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) Order(s) from a court or courts of competent jurisdiction approving the settlement on behalf of any minor or

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 25, 2023)

Page **2** of **14**

incompetent-adult Plaintiff; (3) the Social Security numbers or tax identification numbers of Plaintiff Joe Holcombe, the Estate of Claryce Holcombe, and Plaintiffs' attorneys; and (4) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a request to the United States Treasury, for an electronic funds transfer of the Individual Settlement Amount for each Plaintiff, made payable to the appropriate IOLTA account as follows:

● For Plaintiff JoCheryl Holcombe, on behalf of Joe Holcombe, to "The Ammons Law Firm, LLP IOLTA Account"; and

● For Plaintiff John Porter Holcombe II, As Independent Executor of the Estate of Claryce Holcombe, to "The Ammons Law Firm, LLP IOLTA Account."

Plaintiffs' attorneys agree to distribute the Individual Settlement Amounts to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

b. Plaintiffs' attorneys agree to facilitate the disbursement of the above-described Individual Settlement Amounts as, if applicable, ordered by the court approving the settlement on behalf of any minor or incompetent adult. Plaintiffs stipulate and agree that Plaintiffs' attorneys shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the above-captioned actions, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

c. With respect to the payment of the Individual Settlement Amounts, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 25, 2023)

Page **3** of **14**

not pay the Individual Settlement Amounts into a qualified settlement fund or an equivalent fund or account. Plaintiffs further stipulate and agree that Plaintiffs, Plaintiffs' attorney(s), any Guardian Ad Litem, and Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by Plaintiffs or by someone else, either before, during, or after the settlement) will not attempt to structure the Individual Settlement Amounts in any way, form, or manner, including by placing any of the Individual Settlement Amounts into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.c. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have deposited the Individual Settlement Amounts, but they agree that they will not represent to any person, entity, or agency that they are purchasing qualified structured settlement annuities, and they agree that they will not attempt to purchase such structured settlement annuities.

        d.     The parties agree that any attorneys' fees owed by Plaintiffs in Plaintiffs' Federal Tort Claims Act suit against the United States shall not exceed twenty-five percent (25%) of the Individual Settlement Amounts. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses of this action against the United States and any court proceedings reviewing the settlement for approval purposes, shall be paid out of the Individual Settlement Amounts paid pursuant to Paragraph 3.a. above, and not in addition thereto. The parties further agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

    4.     Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns hereby accept the settlement, including payment of the Individual Settlement Amounts, in full

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 25, 2023)

Page **4** of **14**

settlement, satisfaction, and release of any and all judgments, claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States, and its agents, servants, or employees, on account of the subject matter that gave rise to the above-captioned actions.

Plaintiffs do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release, and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all judgments, claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have, or hereafter may have with respect to the same subject matter that gave rise to the above-captioned actions, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned actions that could have been but were not alleged in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all judgments, claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned actions, including claims or causes of action for wrongful death.

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 25, 2023)

Page **5** of **14**

Plaintiffs further stipulate and agree that Plaintiffs are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action.   Plaintiffs stipulate and agree that Plaintiffs will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity.   Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, Plaintiffs will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim.  The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5. This compromise settlement is specifically subject to each of the following conditions:

a. All litigants who participated in the appellate court proceeding before the United States Court of Appeals for the Fifth Circuit arising out of the shooting committed by Devin Patrick Kelley on November 5, 2017, at the First Baptist Church of Sutherland Springs, Texas must settle their underlying judgments and claims against the United States.

b. The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 25, 2023)

Page **6** of **14**

c. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before undersigned counsel for the United States will seek settlement authority from the Attorney General or the Attorney General's designee.

d. Plaintiffs must obtain, at their expense, approval of the settlement by a court(s) of competent jurisdiction on behalf of any minor or incompetent-adult Plaintiff. The Order approving the settlement may be obtained from either the United States District Court for the Western District of Texas or a state court of competent jurisdiction. Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event Plaintiffs fail to obtain such court approval, the entire Stipulation and the compromise settlement are null and void. Plaintiffs must obtain such court Order before undersigned counsel for the United States will seek settlement authority from the Attorney General or the Attorney General's designee. Counsel for the United States will not sign the Stipulation until such authority is granted by the appropriate approving official.

e. Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 25, 2023)

Page **7** of **14**

captioned actions. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before the unsigned counsel for the United States will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.e., or (ii) a written representation by Plaintiffs' attorneys stating that, after a diligent search of Plaintiffs' attorneys' law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and Plaintiffs' attorneys are unaware of any such potential tortfeasor.

    f.  All parties must move to voluntarily dismiss any appeal or cross-appeal, and the United States Court of Appeals for the Fifth Circuit must dismiss this action in its entirety, with each side bearing its own costs, expenses, and fees, and with the Court of Appeals not retaining jurisdiction over the above-captioned actions, this settlement, or the United States, within five (5) business days of Plaintiffs' receipt of the electronic funds transfer described in Paragraph 3.

    g.  Plaintiffs agree to waive their claim for costs. In the event the District Court has not ruled on their Motion for Bill of Cost, Plaintiffs must withdraw said Motion. In the event the District Court has granted Plaintiffs' Motion for Bill of Cost, Plaintiffs agree to waive the costs awarded by the District Court and to not appeal any costs not awarded by the District Court.

    6.  The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 25, 2023)

Page **8** of **14**

their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7. Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements. Plaintiffs execute this Stipulation without reliance upon any representation by Defendant as to tax consequences, and Plaintiffs are responsible for the payment of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Individual Settlement Amount proceeds. Plaintiffs execute this Stipulation without reliance on any representation by Defendant as to the application of any such law. Plaintiffs, on behalf of themselves and Plaintiffs' guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8. Plaintiffs represent that they have read, reviewed, and understands this Stipulation, and that Plaintiffs are fully authorized to enter into the terms and conditions of this agreement and that Plaintiffs agree to be bound thereby. Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily. Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorneys, who have explained the documents to Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 25, 2023)

Page **9** of **14**

**WHEREAS,** the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this _____ day of _____ 2023.

UNITED STATES OF AMERICA

By: _____
JOSHUA M. SALZMAN
Attorney for Defendant,
United States of America

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 25, 2023)

Page **10** of **14**

Executed this _____ day of _____ 2023.

ATTORNEYS FOR PLAINTIFFS
THE AMMONS LAW FIRM, LLP


By: _____
      Robert E. Ammons
      April A. Strahan
      The Ammons Law Firm, LLP
      Attorneys for Plaintiffs

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 25, 2023)

Page **11** of **14**

Executed this _____ day of _____ 2023.

JOCHERYL HOLCOMBE, ON BEHALF OF JOE HOLCOMBE, INDIVIDUALLY

_____
JoCheryl Holcombe, on behalf of Joe Holcombe, Individually

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 25, 2023)

Page **12** of **14**

Executed this_____ day of_____ 2023.

JOCHERYL HOLCOMBE, ON BEHALF OF JOE HOLCOMBE, AS HEIR AT LAW AND AS REPRESENTATIVE OF THE ESTATE OF JOHN BRYAN HOLCOMBE

_____

JoCheryl Holcombe, on behalf of Joe Holcombe, as Heir at Law and as Representative Of the Estate of John Bryan Holcombe

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 25, 2023)

Page **13** of **14**

Executed this _____ day of _____ 2023.

JOHN PORTER HOLCOMBE II, AS INDEPENDENT
EXECUTOR OF THE ESTATE OF CLARYCE HOLCOMBE

_____
John Porter Holcombe II, As Independent
Executor of the Estate of Claryce Holcombe

*Holcombe v. United States*, No. 22-50458 (5th Cir.), Stipulation for Compromise Settlement and Release (April 25, 2023)

Page **14** of **14**