IN THE UNITED STATES WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LISA MCNULTY, Individually and as Personal Representative of the Estate of TARA MCNULTY, and as legal guardian of J.M., a minor child, and HAILEY MCNULTY <br><br> Plaintiffs <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant | § § § § § § § § § § § § § § § § § | NO: 18-CV-00949-XR <br> (consolidated into *Holcombe v. United States*, No. 5:18-CV-00555-XR) |

# ORDER APPROVING SETTLEMENT

The parties seek Court approval as to the reasonableness of the proposed settlement between the United States of America and Plaintiffs. The complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677 (hereinafter "Stipulation"). The Court has reviewed the pleadings, the Stipulation, and the report of the Court appointed Guardian ad Litem, the Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including that the settlement is subject to approval by the Attorney General or his designee and funding.

1. *Settlement*

The Court finds that it has jurisdiction and venue over the persons and subject matter of this proceeding and that all the proceedings have been lawful and proper. Further, the Court finds that the terms and conditions of this settlement, as set forth in the Stipulation, are fair, reasonable, and in the best interests of the parties. Accordingly, the court GRANTS the motion.

It is ORDERED that the settlement is hereby approved. It is further ORDERED that J.M's next friend is authorized and required to sign the Stipulation and any other documents that are necessary to consummate this settlement on his behalf. It is ORDERED that attorney's fees in this action shall not exceed twenty-five percent (25%) of the Settlement Amount. The Court finds that the costs and expenses associated with the litigation are fair, reasonable, and necessary. Accordingly, it is ORDERED that said fees of Plaintiffs' attorney, costs, and expenses are hereby approved and shall be paid from the settlement amount.

2. *Trust*

Next, the Court heard and considered the Application for Creation of a Section 142.005 Trust for the Benefit of J.M., Pursuant to §142.005 of the Texas Property Code (hereinafter referred to as the "Application"). The Court finds that it has jurisdiction and venue over the persons and subject matter of this proceeding and that all the proceedings have been lawful and proper.

Further, the Court FINDS:

- That due and proper notice of such Application and hearing thereon has been given to all necessary and interested persons, and all persons necessary for jurisdiction have appeared in person or by attorney, and the Court has

considered the application, the testimony presented, the argument of counsel and the terms of the trust agreement attached to this Order as Exhibit "A" which is incorporated herein for all purposes by this reference;

- That the creation of a trust pursuant to the terms and provisions of Section 142.005, et. seq of the Texas Property Code (a.k.a. - the J.M. Section 142.005 Trust) (hereinafter sometimes referred to as the "Trust") is in the best interest of J.M.;

- That Raymond James Trust, N.A. should be appointed to serve as the Trustee of the Trust;

- That The James Street Group, LLC should serve as the Distribution Director under the Trust;

- That Applicant and representative of Trustee have agreed upon the terms of a Trust Agreement for the Trust which complies with the provisions of Section 142.005 of the Texas Property Code;

- That the original of the proposed Trust Agreement for the Trust which is attached to this Order as Exhibit "A" should be in all respects approved by the Court; and

- That monies specifically disbursed below to the Beneficiary in the above-entitled and numbered cause shall be held in trust for the benefit of Beneficiary pursuant to Section 142.005, Texas Property Code, and pursuant to the terms of the trust agreement.

It is ORDERED that the Court hereby establishes the J.M. Section 142.005 Trust for the benefit of J.M., and that the Trust shall be administered according to the terms of the Trust Agreement for the J.M. Section 142.005 Trust, the original of which is attached hereto as Exhibit "A".

IT IS FURTHER ORDERED that monies disbursed below awarded to the Beneficiary in the above-entitled and numbered cause shall be held in

trust for the benefit of Beneficiary pursuant to Section 142.005, Texas Property Code and pursuant to the terms of the trust agreement.

IT IS FURTHER ORDERED that RAYMOND JAMES TRUST, N.A. is hereby appointed sole Trustee of the Trust; upon the Trustee's acceptance of such Trust, said funds from a final judgment or order in this cause including all interest earned presently, be ORDERED delivered to the Trustee for the benefit of the Beneficiary.

IT IS FURTHER ORDERED that THE JAMES STREET GROUP, LLC is hereby appointed to serve as the Distribution Director under the Trust.

IT IS FURTHER ORDERED that APPROVAL is hereby granted to the Corporate Trustee and Distribution Director, in accordance with Section 142.005(b)(6), to charge a reasonable fee for their trust services, at the rates and in the manner provided in the Trust Agreement.

IT IS FURTHER ORDERED that the funds to be delivered to the Trustee pursuant to this Order shall at no time become accessible or in any way available to the Beneficiary or anyone acting on his behalf, other than as set out in the Trust Agreement.

3. *Disbursement*

It is further ORDERED that Plaintiffs' counsel shall distributed the Settlement Proceeds according to the terms and conditions of the Stipulation. Specifically, with regard to J.M., it is ordered that the settlement proceeds shall be distributed as follows. Of J.M.'s settlement portion ($2,490,348.91):

1. $622,587.23 or 25% shall be retained by his counsel as attorneys fees;

2. $34,442.97 shall be retained by his counsel as reimbursement for reasonable and necessary costs of litigating his case, understanding that there may be some additional costs counsel shall retain associated with the consummation of the settlement and closing of the case; and

3. $1,833,318.71 shall be remitted for J.M. Specifically, the United States shall pay $1,500,000 to the annuity company named in the Stipulation and the company is ORDERED to purchase annuities in accordance with the terms of the settlement stipulation; the remainder shall be paid into the trust created in this order.

Next, it is ORDERED that J.M.'s guardian ad litem, Chip Evans, fee of $5,000 is fair and reasonable. The Court discharges Mr. Evans as having fulfilled his obligations as guardian ad litem for J.M.

Finally, it is ORDERED that, after costs and fees, Plaintiffs' counsel shall pay the net of the recovery to Tara McNulty's Estate to the IOLTA account of Law Offices of Thomas G. Bassler, P.C., 306 W. Sunset Rd., Suite 119, San Antonio, Texas 78209, (the Bassler Firm), her estates' lawyer. It is further ORDERED that the Bassler Firm shall distribute the estate recovery in accordance with the rules of Texas probate law and the portion to be distributed to J.M. shall be deposited in the Trust created in this order within fourteen (14) days of disbursement.

It is so ORDERED.

SIGNED on this date: _____, 2023.

_____

HON. JUDGE XAVIER RODRIGUEZ

**NOTICE: THE BENEFICIARY AND CERTAIN PERSONS INTERESTED IN THE WELFARE OF THE BENEFICIARY MAY HAVE REMEDIES UNDER SECTION 114.008 OR 142.005, PROPERTY CODE.**

## EXHIBIT "A"
### THE J.M. SECTION 142 TRUST

THIS TRUST AGREEMENT is made and entered into by Order of the United States District Court for the Western District of Texas San Antonio Division (hereinafter referred to as Grantor) regarding **J.M.** and Raymond James Trust, N.A. of 880 Carillon Parkway, St. Petersburg, Florida 33716, Corporate Trustee (hereinafter referred to as "Corporate Trustee") and James Street Group, LLC, of 5300 Memorial Drive, Suite 700, Houston, TX 77007, Distribution Director (hereinafter referred to as "Distribution Director"). The beneficiary is **J.M.**, a minor (hereinafter referred to as Beneficiary). The Trust created hereunder shall be known as the **J.M. SECTION 142 TRUST**. This Trust created herein by Order of the United States District Court for the Western District of Texas San Antonio Division is a result of the following lawsuit; Civil Action No. 5:18-CV-00949-XR (consolidated with 5:18-cv-00555-XR), styled, *Lisa McNulty, Individually and as personal representative of the Estate of Tara McNulty, and as legal guardian of J.M., a minor, and Hailey McNulty, Plaintiffs, v. United States of America, Defendant.*, pending in the United States District Court for the Western District of Texas San Antonio Division.

## ARTICLE I
## PURPOSE

It is the principal purpose and the intent of the Grantor and parties herein to provide a system for fund handling, fiscal management, investment, and disbursement for the benefit of J.M. by authorizing distributions for his health, education, support, and maintenance.

J.M. is a minor born in 2005. He is not currently the beneficiary of a trust. He is a plaintiff in the lawsuit as set forth above and he will receive funds as a result of a trial and/or settlement of this lawsuit. These funds are directed to this trust by Order of the United States District Court for the Western District of Texas San Antonio Division.

## ARTICLE II
## TRUST FUNDING

2-1   <u>Initial Trust Funding</u>.   This Trust shall be initially funded with the assets described in "Exhibit A" attached hereto. By execution of the order establishing the trust, the Grantor hereby assigns, conveys, transfers, and delivers the described assets to Trustee on even date herewith.

2-2   <u>Additions to Trust</u>.   Other property, real or personal, may be transferred to Trustee by anyone with the consent of the Trustee. All property held by the Trustee may be referred to herein as the "Trust Estate."

These funds are directed to this Trust by specific order of the Court and at no time prior to the payment of these funds to the Trustee are these sums to be considered the property of the Beneficiary.

## ARTICLE III
## REVOCATION

This Trust shall be irrevocable. The Beneficiary shall have no power or right, whether alone or in conjunction with others, in whatever capacity, to alter, amend, revoke, or terminate this Trust, or

any of the terms of this trust agreement, in whole or in part, or to designate the persons who shall possess or enjoy the Trust estate, except as is set out in this instrument.

ARTICLE IV
DISPOSITION OF TRUST ESTATE

The Trust estate shall be held, administered, and distributed as follows:

4-1     <u>Introduction</u>. J.M. is a minor who resides in Wilson County, Texas.

4-2     <u>Distributions from the Trust</u>. The Corporate Trustee shall apply for the benefit of J.M. such amounts from the principal or income, up to the whole thereof, as the Distribution Director in the Distribution Director's sole and absolute discretion may from time to time deem necessary or advisable for the satisfaction of the Beneficiary's health, education, maintenance, and support. Any income not distributed shall be added annually to principal.

4-3     <u>Spendthrift</u>.     This is a Discretionary Spendthrift Trust. No interest in the principal or income of this Trust shall be anticipated, assigned, or encumbered, or shall be subject to any creditor's claim or to legal process, prior to its actual receipt by the Beneficiary. Furthermore, because this Trust is to be conserved and maintained for the Beneficiary, no part of the Trust estate, neither principal nor undistributed income, shall be construed as part of the Beneficiary's "estate" or be subject to the claims of voluntary or involuntary creditors for the provision of care and services, including residential care. Under no circumstances can the Beneficiary compel a distribution.

4-4     <u>Supplemental</u>. No part of the corpus of the Trust created herein should be used to supplant or replace public assistance or replace benefits due from any insurance carrier under any insurance policy covering the Beneficiary; provided, however, that the Trustee shall not be responsible for making such a determination nor shall the Trustee be held liable for any distribution made in good faith which results in the loss of any federal or state assistance.  Any expenses of the Distribution Director in this regard, including reasonable attorney's fees, shall be a proper charge to the Trust estate. In carrying out the provisions of this Trust, the Distribution Director shall be mindful of the probable future needs of the Beneficiary but not of the Trust remainder beneficiaries.

In making any discretionary payments to the Beneficiary, the Trustee shall consider (i) the standard of living to which the Beneficiary shall have been accustomed prior to the creation of the Trust; (ii) any known resources of the Beneficiary; (iii) the ability of any person who is legally obligated to support the Beneficiary to do so; and (iv) the ability of the Beneficiary to earn funds for the Beneficiary's own support and maintenance, except while obtaining an education.

The Trustee may make any distribution required or permitted hereunder, without the intervention of any guardian or other legal representative, in any of the following ways: (i) to the Beneficiary directly; (ii) to the legal or natural guardian of the Beneficiary; (iii) to any person having custody of the Beneficiary; or (iv) by utilizing the distribution directly for the Beneficiary's benefit.

4-5     <u>Trust Termination</u>.     Unless earlier terminated under the provision of this instrument, this Trust shall cease upon the Beneficiary's TWENTY-FIFTH (25th) birthday and the funds shall be distributed to the Beneficiary pursuant to Section 142 of the Texas Property Code.

In the event of the death of the Beneficiary, the Distribution Director shall direct the Corporate Trustee to distribute the remaining Trust Estate to the personal representative of Beneficiary's estate in accordance with Section 142 of the Texas Property Code. In the event that the Beneficiary has not validly exercised this power to appoint by Will, the remaining Trust Estate shall be distributed to the personal representative for further distribution to those persons who would be the heirs of the Beneficiary had the beneficiary died intestate. The distribution of Trust property, for purposes of this Section, shall be determined by the laws of descent and distribution for intestate estates in effect at the time of any distribution under this section.

## ARTICLE V
## FIDUCIARY PROVISIONS

The provisions of this Article govern the fiduciary relationship of the Corporate Trustee and Distribution Director. When used in this instrument, where the context permits, the term Fiduciary means the Corporate Trustee and Distribution Director or co-trustees from time to time serving and the "estate" of the Trust means the particular trust estate being administered by the Corporate Trustee.

5-1 <u>Co-Fiduciaries</u>. Raymond James Trust, N.A. of 880 Carillon Parkway, St. Petersburg, Florida 33716, shall serve hereunder as the Corporate Trustee. James Street Group, LLC of 5300 Memorial Drive, Suite 700, Houston, TX 77007, shall serve as the Distribution Director under this Trust Agreement. Each of the designated entities shall serve hereunder as fiduciaries but shall be responsible only for decisions that fall within their respective authorities as defined in this Trust Agreement. Both may rely conclusively on instructions given by the other if that instruction relates to a matter under the other's authority and neither shall have a duty or obligation to review the underlying validity of any such instruction or the activities of the other. The duties, obligations, authorities, and responsibilities of each are set forth below.

5-2 <u>Trustee Compensation</u>. An individual or entity serving as Corporate Trustee or Distribution Director shall be reimbursed from the estate for the reasonable costs and expenses incurred in connection with the administration of the estate and the Corporate Trustee and Distribution Director shall be entitled to receive fair and reasonable compensation for services as Trustee to be paid from the Trust's income, corpus, or both. The Court hereby approves the Trustee's and Distribution Director's regularly published fee schedule for such services. A copy is attached as Exhibit "B." The Court hereby approves future fees of Trustee and Distribution Director so long as such fees do not exceed the regularly published fee schedule of Trustee and Distribution Director; provided that the Court may review any future fees of Trustee or Distribution Director at any time and from time to time on the Court's own motion or upon the motion of the Trustee, Distribution Director or any other party interested in the welfare of the Beneficiary, and upon a hearing of the matter, the Court shall take any action with respect to such fees as the Court may deem appropriate. The Distribution Director shall also be reimbursed for all reasonable expenses incurred in connection with the administration of the trust considering: (a) the duties, responsibilities, risks, and potential liabilities undertaken; (b) the nature of the estate; c) the time and effort involved; and (d) the customary and prevailing charges for services of a similar character at the time and at the place such services are performed.

The Grantor understands that affiliates of the Raymond James Trust, N.A. may receive payments from investments including but not limited to stock, bonds, and mutual funds, in which the Trustee has invested, including payment for investment advisory or management fees, brokerage fees and commissions, and payments for other administrative services. The Grantor agrees that these payments will not offset such fees as the Corporate Trustee may receive from the Trust property as an expense of administration.

5-3    <u>Trustee Liability.</u>

A.    <u>Liability for Predecessor Fiduciary.</u> No Trustee shall have any duty: (a) to investigate the prior acts or failures to act of a Predecessor Fiduciary (including a predecessor Trustee or Distribution Director under this instrument or a personal representative or trustee of any estate or trust from which distributions may be made to the Trustee); (b) to request a formal accounting by a Predecessor Fiduciary; or (c) to investigate any accountings provided by a Predecessor Fiduciary.

No Trustee or Distribution Director shall be personally liable for any act or failure to act of a Predecessor Fiduciary, or for the failure to contest any accounting provided by a Predecessor Fiduciary. However, the preceding shall not apply to any Trustee to the extent that the Trustee (d) has received a request from a beneficiary having a material interest in its estate to secure such an accounting or to conduct such an investigation, or (e) has actual knowledge of facts that would lead a reasonable person to believe that, as a consequence of any act or omission of a Predecessor Fiduciary, a material loss has occurred or will occur.

  B. <u>Reimbursement</u>. An individual or entity serving as Trustee or Distribution Director shall be entitled to reimbursement from the estate for any liability or expense, whether in contract, tort or otherwise, reasonably incurred by the Trustee in the administration of the estate.

  5-4 <u>Ancillary or Corporate Trustee</u>. The Distribution Director, to the extent permitted by applicable law, may appoint (and remove) any Qualified Corporation (meaning any corporation having trust powers that is qualified and willing to serve under this instrument and that has, as of the relevant time, either (a) a minimum capital and surplus of at least Five Million Dollars ($5,000,000 U.S.), or (b) at least Fifty Million Dollars ($50,000,000 U.S.) in trust assets under administration) to act as Ancillary or Corporate Trustee on such terms as the Trustee may deem appropriate.

  5-5 <u>Reorganization or Insolvency of Corporate Trustee</u>. If a corporation nominated to serve or serving as the Trustee or Distribution Director shall ever change its name or shall merge or consolidate with or into any other bank or trust company, such corporation shall be deemed to be a continuing entity and shall continue to be eligible for appointment or shall continue to act as the Trustee.

  5-6 <u>Powers of a Corporate Trustee.</u> The following provisions related to the authority and powers of any acting Corporate Trustee, including RAYMOND JAMES TRUST, NA., shall be in addition to and/or in place of any provisions in this Trust Agreement to the contrary.

  (1) <u>General Powers of Corporate Trustee</u> - In addition to the powers herein provided and those given by applicable State law, Corporate Trustee, without any order of the Court and in Corporate Trustee's sole and absolute discretion, shall have the following powers:

   a. <u>Managing Investments</u>

    i. Manage cash or investments for the Trust estate including the authority to retain assets, without duty of diversification, in kind or to sell the same, at public or private sale, at such times and upon such terms and conditions as it sees fit, without regard to any otherwise applicable statutory or other limitations on investments by fiduciaries.

    ii. To invest and reinvest the Trust fund in its discretion. It is acknowledged that the Trustee is an affiliate of Raymond James Financial, Inc. and that when Trustee exercises such discretion, Trustee is authorized to engage the services of Raymond James Financial, Inc. or any of its affiliates and to compensate them from the Trust fund. Such services include but are not limited to: investment management or advice with respect to investments in mutual funds, bonds, stocks and other securities or accounts offered or managed by affiliates; acting as broker/dealer to execute transactions at retail rates of commission and purchasing any securities underwritten and/or offered or issued by affiliated corporations, including those offered as a principal.

   b. <u>Unproductive Investments</u> - Retain without liability for so doing any property, real or personal, productive or unproductive, of whatever nature and wherever situated from any source regardless of whether the particular property so retained be of a kind and quality which Corporate Trustee would ordinarily purchase for trust accounts, regardless of whether it includes a security in a Trustee corporation or related or affiliated corporation and regardless of whether such property if retained should constitute a larger portion of the Trust estate than Corporate Trustee would ordinarily deem advisable or prudent.

   c. <u>Borrow Money</u> - Pledge, exchange, or mortgage any real or personal property and to lease the same for any period of time, including without limitation more than either five (5) years or the term of the Trust; to give or exercise options for sales, leases, and

exchanges; to borrow money; to lend money (including, without limitation, to any possible beneficiary hereunder) on commercially reasonable terms; to compromise claims;

  d. <u>Voting Rights</u>

    i. Vote shares of corporate stock, in person or by proxy, in favor of or against management proposals and otherwise exercise all rights of security holders; to carry securities in the name of a nominee, including that of a clearing corporation or depository, in book entry form, unregistered or in such other form as will pass by delivery; to allocate realized capital gains to income or principal; to allocate receipts and disbursements as between income and principal; and to make distribution either in cash or in kind.

    ii. To vote directly or by proxy at any election or stockholder's meeting any shares of stock held hereunder, including shares of any mutual fund for which Trustee, or one or more of its affiliates, is the advisor.

    iii. To execute securities transactions without providing written confirmation thereof to any beneficiary and to execute securities transactions through any broker/dealer, including an affiliate of the Trustee, at normal retail rates of commissions.

    iv. To hold any or all securities or property in Trust's name, in the name of the Trustee, or in the name of a nominee or a nominee of an affiliate, and in accounts or deposits administered in any location by Trustee or any affiliate of Trustee. In the event the same are held in its own name or in the name of a nominee or nominees, suitable designation is to be made upon the books and records of trustee that such securities or property are so held as part of any trusts hereunder.

    v. The Trustee may use an affiliate, even though the costs associated with a particular service rendered by an affiliate may not be the lowest and the trustee shall incur no liability as a result thereof.

  e. <u>Employment of Agents</u> - Employ such agents, attorneys, investment counsel or advisors, accountants, custodians, brokers, and appraisers including any who are affiliated with Corporate Trustee or Distribution Director as seem reasonably necessary and to rely upon their legal, tax, or other expert advice, and to pay them reasonable fees for said services from the Trust estate.

  f. <u>Actions</u> - Acquire, borrow, invest, reinvest, sell for cash or on terms, convey, exchange, transfer, mortgage, pledge, rent, lease for any term and otherwise manage any part of the Trust estate, sign, execute and deliver all accountings, reports, tax returns, or other instruments on behalf of the Trust, make advances, borrow money, commence, and compromise claims, including executing such actions with affiliates of Corporate Trustee or Distribution Director;

  g. <u>Hazard Insurance</u> - Maintain insurance against such hazards as Distribution Director instructs.

  h. <u>Retain Trust Investments</u> - Corporate Trustee is expressly permitted to retain trust investments in interests in real estate, mortgage loans, and agreements secured by real estate only as directed from time to time by Distribution Director. Distribution Director and not Corporate Trustee shall have the obligation to determine whether or not to retain any such investment, to collect any such loan, or to enforce any such agreement, and Corporate Trustee shall dispose of such investment, collect such loan, or enforce such agreement only if directed to do so by Distribution Director.

  i. <u>Residence</u> - As directed by Distribution Director, Corporate Trustee may acquire, hold, and maintain any residence (whether held as real property, condominium, or cooperative apartment) for investment or for the use and benefit of J.M. as Distribution Director, in the exercise of its sole and absolute discretion, shall determine. If Distribution Director shall determine that it would be in the best interest of J.M. to maintain a residence for his use, but that the residence owned by Trust should not be used for such purpose, Distribution Director shall be

5

authorized to sell said residence and to apply all or any part of the net proceeds of sale to the purchase of such other residence or residences or to make such other arrangements as Distribution Director, in the exercise of its sole and absolute discretion, shall deem suitable for the purposes. Any proceeds of sale not needed for reinvestment in a residence as provided above are to be added to the principal of the trust and thereafter held, administered, and disposed of as a part thereof. Distribution Director may direct the use of the proceeds to pay all carrying charges of such residence, including but not limited to any taxes, assessments and maintenance thereon, and all expenses of the repair and operation thereof, including the employment of domestic servants and other expenses incident to the maintenance of a household for the benefit of J.M., to expend such amounts as Distribution Director, in the exercise of sole and absolute discretion, shall determine, including, but not limited to, providing for the personal care and comfort of J.M. in any manner whatsoever. Distribution Director may also direct payment for modifications to the home in which J.M. is living to the extent reasonably necessary to accommodate the needs of his disability.

    j. <u>Income and Principal Apportionment</u> - Determine what is income and what is principal; to pay such expenses, costs, and taxes, if any, deemed by Corporate Trustee to be lawfully chargeable to the Trust estate; to apportion all such charges between income and principal as Corporate Trustee deems appropriate and to exercise all powers granted by law, including the power to provide or not to provide a reasonable reserve against appreciation, depletion, or obsolescence. Whenever Corporate Trustee determines that the net income of the Trust is not sufficient to make the distribution directed by Distribution Director as set forth herein, Corporate Trustee is authorized to invade the principal for so much as is necessary to comply with such direction.

    k. <u>Taxes</u> - At the direction of Distribution Director, Corporate Trustee shall also pay any estimated or actual tax payments due from Beneficiary, which result from income received by the Trust, but properly reported on Beneficiary's income tax return(s). Beneficiary's accountant or tax preparer shall specify the amount of the tax payments due from Beneficiary in writing and deliver the writing to Distribution Director. Distribution Director shall rely conclusively on this amount. The funds used to pay any such tax liability shall be paid directly to the appropriate federal and state taxing authority, and such funds used to pay the income taxes shall not be available to Beneficiary.

    l. <u>Post-Termination</u> - Exercise all power, authority, and discretion given by this Trust, after termination of any trust created herein, until the same is fully distributed.

    m. <u>Additional Powers-</u> The Trustee shall have the right to use and expend the trust income and principal to (1) conduct or cause to be conducted environmental investigations of the trust property, including environmental audits, assessments, site monitoring, laboratory analyses, testing, title histories, aerial photographs, public and private records reviews, and any related inquiries arising out of or in any way related to liability or claims under federal, state or local environmental statutes, regulations, ordinances, requirements, demands of government authorities or policies or under common law ("environmental laws"); (2) take appropriate remedial action to contain, clean up or remove any actual or threatened environmental hazard, including a spill, release, discharge or contamination, and conduct site restoration work on the trust property and notify the appropriate federal, state or local authorities either on its own accord or in response to an actual or threatened violation of environmental laws; (3) institute legal proceedings, claims and demands concerning environmental hazards, contamination or condition of the trust property, or contest, pay, compromise, settle or comply with legal proceedings, claims, demands, orders, penalties, fines and damages brought or imposed by federal, state or local government authorities or by a private litigant; and (4) employ agents, consultants and legal counsel to assist with or perform the above undertakings or actions. Any expenses or costs incurred by the trustee under this subparagraph may be charged against income or principal as the trustee shall determine.

   (2) <u>Exclusive Powers of Corporate Trustee</u> - In addition to Corporate Trustee's other duties hereunder, Corporate Trustee shall, with respect to each trust created hereunder, have the

6

following exclusive duties:

    a.    <u>Titling of Assets</u> - To hold any or all securities or property in the Trust's name, in the name of Corporate Trustee, or in the name of a nominee or a nominee or an affiliate, and in accounts or deposits administered in any location by Corporate Trustee or any affiliate of Corporate Trustee. In the event the same are held in its own name or in the name of a nominee or nominees, suitable designation is to be made upon the books and records of Corporate Trustee that such securities or property are so held as part of any trusts hereunder.

    b.    <u>Oversee Investments</u> - To oversee the investment of Trust funds except to the extent that real estate is held by the Trust at the direction of Distribution Director.

    c.    <u>Maintain Records</u> - To maintain records for the Trust and produce statements of all trust transactions annually and on a quarterly basis as provided in the subsection below entitled "Statement".

    d.    <u>Effectuate Distributions</u> - To make or effectuate the distribution or transfer of assets from the Trust as instructed by Distribution Director without liability or responsibility for said distributions other than properly distributing and tracking payments as transmitted to Corporate Trustee by Distribution Director.

    e.    <u>Fiduciary Income Tax Return</u> - To prepare or arrange for the preparation of fiduciary income tax returns for the Trust.

5-7    <u>Affiliates</u> - While observing its primary responsibility to act in the best interests of Beneficiary, Corporate Trustee is authorized to deal with its own institution and its affiliates on the same basis as with unrelated institutions. By way of illustration and not limitation, Corporate Trustee may invest in interest-bearing accounts in, or certificates of deposit issued by, its own affiliate, in accounts offered, in shares of a mutual fund(s) or registered investment companies for which Corporate Trustee or an affiliate performs services for a fee, whether as custodian, transfer agent, investment advisor or otherwise, or in securities underwritten by syndicates of which Corporate Trustee is a member, but not if purchased from Corporate Trustee; may borrow money from its affiliates or banking department; and may execute purchases and sales through its affiliated brokerage service at the affiliate's regular rates so long as that service provides competitive execution. Any broker or dealer executing transactions on behalf of the Trust may receive commissions that are reasonable in relation to the value of the brokerage and/or research services provided. The term "affiliate" shall include, without limitation, a banking department, parent, sister or subsidiary corporation of Corporate Trustee, or a subsidiary of a sister or subsidiary corporation.

5-8    <u>Specific Powers of Distribution Director.</u> Distribution Director shall have the following powers, to be exercised in its discretion, in addition to and not in limitation to those granted by law:

(1)    <u>Primary Contact</u> - To serve as the primary contact point between Beneficiary and Corporate Trustee.

(2)    <u>Requests</u> - To facilitate, approve and/or disapprove distribution requests and direct Corporate Trustee regarding the payment or non-payment of distributions or courses of distributions;

(3)    <u>Maintain Records</u> - To keep records of distribution requests and decisions;

(4)    <u>Reports</u> -To produce required reports regarding distributions from the Trust;

(5)    <u>Interact with Corporate Trustee</u> - To interact with Corporate Trustee or Trust Consultant(s) regarding issues involving Beneficiary or administration of the Trust;

(6)    <u>Access Information</u> - To have access to all information regarding this Trust and full communication with all representatives of Corporate Trustee who are involved with implementation of this Trust;

(7)    <u>Statements</u> - To receive all statements of Trust activity prepared by Corporate Trustee;

(8)    <u>Oversee Distributions</u> - To oversee the distributions and receipts of the Trust;

(9)    <u>Facilitate Compliance</u> - To facilitate the compliance with any Court orders or government regulations regarding the administration of this Trust;

(10) <u>Termination of Corporate Trustee</u> – Subject to Court approval to terminate the services of any Corporate Trustee designated hereunder, with or without cause, and to select a successor Corporate Trustee;

(11) <u>Change Situs</u> - To change the situs of the Trust for purposes of determining the laws that will govern the administrative requirements applied to Corporate Trustee, so long as such a change does not impair the purposes of this Trust or the ability of the Court of competent jurisdiction to maintain jurisdiction over this Trust;

(12) <u>Court</u> - At any time during the life of Beneficiary, Distribution Director may petition a Court of competent jurisdiction at the expense of the Trust Estate for authorization to make any specific distribution to or for the benefit of Beneficiary, regardless of whether this Agreement otherwise authorizes Distribution Director to exercise its discretion to make such distribution; and

(13) <u>Regular Contact with Beneficiary</u> - Distribution Director or agent(s) are requested to visit or contact Beneficiary at regular intervals (or otherwise as determined appropriate by Distribution Director.)

5-9 <u>Statement</u> - Corporate Trustee shall make annual or more frequent statements of investment activity, disbursements, transactions, and assets concerning all distribution and investment activity undertaken on behalf of the Trust.

5-10 <u>Amend Trust</u> - If the law or regulations governing this trust change, Distribution Director may request that a Court of competent jurisdiction amend the Trust to ensure compliance.

## ARTICLE VI
## ADMINISTRATIVE PROVISIONS

6-1 <u>Investment Authority</u>. The Corporate Trustee shall invest the assets of the estate in proper and prudent investments with due regard to reasonable diversification, considering the entire portfolio of its estate (and the entire portfolio of any collective investment vehicle, as the case may be) rather than on an individual asset basis. To the extent consistent with the foregoing; (a) a corporate entity serving as Corporate Trustee may deposit funds with itself and may place funds under its administration in common trust funds; and (b) the Corporate Trustee may acquire securities, real estate, life insurance, oil, gas and other mineral interests, and other investments.

6-2 <u>Management Authority</u>. The Corporate Trustee may exercise the managerial powers of an individual with respect to matters affecting the estate and with complete an unfettered managerial discretion that is consistent with the reasonable and prudent management and administration of the estate, including the following managerial authorities: (a) the Trustee may manage, sell, lease (for any term, even if beyond the anticipated term of the trust), partition, improve, repair, insure, and otherwise deal with all property of the trust; (b) the Trustee may form, reorganize or dissolve corporations, give proxies to vote securities, enter into voting trusts, and generally exercise all rights of a stockholder; (c) the Trustee may take whatever action, if any, the Trustee considers best to collect the proceeds of life insurance policies and employee benefit plans as well as any other property that may be tendered to the Trustee; (d) the Trustee may pay all taxes and all reasonable expenses, including reasonable compensation to the agents and counsel (including investment counsel) of the Trustee; (e) the Trustee may employ and compensate advisors and agents and delegate to an agent any authorities (including discretionary authorities); (f) the Trustee may institute and defend suits and release, compromise or abandon claims; (g) the Trustee may hold title to any property in the name of one or more nominees without disclosing the fiduciary relationship; (h) the Trustee may lend money to any entity with or without security, endorse, guarantee, provide security for, or otherwise become obligated with respect to the debts of any entity, provided that all such transactions (except those for the benefit of any beneficiaries of the particular estate involved) must be on commercially reasonable terms; (i) the Trustee may assume,

renew and extend any indebtedness previously created and borrow for any purpose (including the payment of taxes or expenses) from any source (including a Trustee individually) at the then usual and customary rate of interest, and mortgage or pledge any property of the estate to any such lender; (j) the Trustee, at the direction of the Distribution Director may make partial distributions to any beneficiary, including any trust created by this instrument, whether or not the administration of the estate is complete; (k) the Trustee, at the direction of the Distribution Director may retain, sell or distribute in kind any personal residence and any furnishings of such residence; (l) the Distribution Director may store personal effects given to a minor or other incapacitated beneficiary for later distribution to such individual, or sell such property and add the proceeds of sale to a trust of which individual is a beneficiary; (m) the Trustee, at the direction of the Distribution Director may divide, allocate or distribute property of the estate in undivided interests, non pro rata, and either wholly or partly in kind; (n) for administrative and investment purposes only, the Trustee may hold separate estates under this or any other instrument in one or more common accounts in which such estates have undivided interests; (o) the Trustee may allocate receipts and disbursements between principal and income in a reasonable manner, and may establish a reasonable reserve for depreciation or depletion and fund such reserve by appropriate charges against income of the estate; and (p) the Trustee may take all appropriate action to deal with any environmental hazard and comply with any environmental law, regulation or order, and may institute, contest or settle legal proceedings concerning environmental hazards.

   6-3 <u>Records, Books of Account, And Reports</u>. The Corporate Trustee shall maintain proper books of account which shall, at reasonable times, be open for inspection or review by J.M., beneficiary, or any court appointed guardian for the beneficiary, or his caretaker(s). The Corporate Trustee shall make a written financial report, at least annually, to J.M., beneficiary, or any court appointed guardian for the beneficiary, or his caretaker(s). The Corporate Trustee's usual computer statements shall suffice for any accounting. Neither the Distribution Director nor Corporate Trustee shall be accountable to any person interested in this trust for the manner in which, in good faith, it carries out its discretion to supplement the needs of the primary beneficiary (including any decision it may make not to incur the expense of detailed analysis of alternative choices) and, even though its decision in this regard may result in decreased distributions to the contingent beneficiaries of this trust, there shall in no event be any compensation readjustments or reimbursements by the Distribution Director by reason of the manner in which the Distribution Director thus carries out its discretion.

   6-4 <u>Applicability of Texas Trust Code</u>. To the extent consistent with the other provisions of this instrument, the Trustee shall have the powers, duties, and liabilities of trustees set forth in the Texas Trust Code, as amended and in effect from time to time. However, any legislation enacted subsequent to the date of this instrument which limits a Trustee's duties or liability to the beneficiaries of the estate shall be inapplicable to every trust created under this instrument, and the Corporate Trustee's acceptance of office under this instrument shall constitute any irrevocable agreement that no such subsequent legislation shall be applicable.

   6-5 <u>Additional Transfers of Property</u>. Any additional transfer of property to this Trust shall be absolute; provided, however, that the duties of the Corporate Trustee and Distribution Director shall not be increased by virtue of any such transfer without the consent of the Corporate Trustee and Distribution Director.

   6-6 <u>Resignation</u>. Any Trustee or Distribution Director may resign by giving thirty (30) days written notice to a beneficiary. If a beneficiary is legally incapacitated, the notice shall be delivered to that beneficiary's legal representative.

   6-7 <u>Removal of Trustee</u>. Any interested person herein, including, but not limited to the Beneficiary, the Beneficiary's legal representative, the Beneficiary's parents, or contingent beneficiaries, may petition the Court under whose authority this Trust was created or any court of competent jurisdiction for removal of any Trustee or Distribution Director, the decision on whether to

9

remove any Trustee or Distribution Director shall be in the exclusive discretion and control of the court.

6-8   Appointment of Successors. In the event that the Corporate Trustee or Distribution Director shall resign, is removed, or otherwise fails or ceases to act as Trustee for any reason, any Court of competent jurisdiction shall have the power to fill any vacancy in the Trusteeship resulting from the death, resignation, removal, or incapacity of the Trustee.

## ARTICLE VII
## GENERAL PROVISIONS

7-1   Execution. The Corporate Trustee and Distribution Director hereby accept the Trust herein created and covenants and agrees to and with the Grantor in consideration thereof that the Corporate Trustee and Distribution Director will execute the same as herein provided.

7-2   Pronouns, Singular and Plural. Unless the context requires otherwise, words denoting the singular may be construed as denoting the plural, and words of the plural may be construed as denoting the singular, and words of one gender may be construed as denoting such other gender as is appropriate.

7-3   Execution in Counterparts. This document may be executed in any number of counterpart signature pages, all of which together will constitute the entire, original document.

7-4   Inception of the Trust. This Trust shall become effective upon (I) the entry of the order to which this trust indenture is attached, (ii) the transfer of the stated sum of money to the Trustee, (iii) the Trustee's acceptance of the Trust which shall be evidenced by the signature below of the appropriate representative of the Trustee.

**TRUSTEE'S ACCEPTANCE:**

**RAYMOND JAMES TRUST N.A.**, Corporate Trustee

By: *Jana Shrum* _VP + Senior Trust Officer_    Date: April 25, 2023

**JAMES STREET GROUP, LLC**, Distribution Director

By: _[signature]_ Chief Fiduciary Officer    Date: 4/25/23

10

Exhibit "A"

The foregoing Trust shall be initially funded with the proceeds of any settlement in the lawsuit identified below including any structured settlement approved by this Court.

Civil Action No. 5:18-CV-00949-XR (consolidated with 5:18-cv-00555-XR); Lisa McNulty, Individually and as personal representative of the Estate of Tara McNulty, and as legal guardian of J.M., a minor, and Hailey McNulty, Plaintiffs, v. United States of America, Defendant; in the United States District Court for the Western District of Texas San Antonio Division.

Fee Schedule

# THE JAMES STREET GROUP, LLC

**Non Special Needs Trust Fee Schedule**

| | | |
|---|---|---|
| 1.50% | First | $1,000,000 |
| 1.25% | Next | $2,000,000 |
| 1.00% | Above | $3,000,000 |

Minimum Fee:    $3,000

**Please note that the above fee is a total trust administration fee that includes both the Corporate Trustee Fee and the Distribution Director trust administration fee.**

**The Distribution Director portion of the fee is calculated and charged annually in advance.**

**Annual Tax Reporting Fee: $200.00 - $500.00**

**Although not normally charged, the Corporate Trustee and The James Street Group/PAG, LLC reserve the right to charge extraordinary fees for services determined by them to be in addition to normal duties. The beneficiary, guardian and/or advocate will be provided notice should extraordinary fees be charged.**

**Additional charges will apply for rush delivery or special payment handling including overnight mail, wire transfers and stop payments.**