**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOE HOLCOMBE, et al** | § | |
| | § | |
| | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:18-CV-00555-XR** |
| | § | |
| | § | **(Consolidated Cases)** |
| **UNITED STATES,** | § | |
| | § | |
| ***Defendants.*** | § | |

## MOTION FOR ORDER TO SHOW CAUSE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** the Anderson & Associates Law Firm, now known as Carabin Law, PC, hereinafter Anderson Law Firm, and respectfully moves this Court for an Order to Show Cause against Hillard, Martinez, and Gonzales ("HMG") and states as follows:

## I.    SUMMARY

1.    This request seeks an order directing HMG to show cause as to why it has failed to distribute reimbursement funds to the Anderson Law Firm, despite a direct order from the Court to do so. The case involves $259,507.75 set aside to reimburse litigation expenses incurred during the Sutherland Springs massacre litigation, specifically for the representation of the minor RW, by the law firms TJH and the Anderson Law Firm. Per the Court's explicit directive, these funds were deposited into the HMG IOLTA Account, and HMG accepted responsibility for promptly disbursing the funds. However, while it appears that HMG's associated counsel, TJH, has already received reimbursement totaling $150,000, the Anderson Law Firm has inexplicably not received the funds owed to it for expenses incurred in prosecuting the litigation on behalf of RW. Instead, HMG has unilaterally appointed itself as the arbiter of the legitimacy of the Anderson Law Firm's expenses—a role it is neither authorized nor justified to assume. The Court, foreseeing the possibility of such conduct, explicitly cautioned the attorneys by stating:

Upon approving this arrangement, the Court issued a strong admonition:

```
16        This case has been up and down all sorts of food
17   chains.  Is there really a concern that the way it's currently
18   structured that the lawyers are not going to comply with their
19   legal obligations to hold these monies in their respective
20   accounts correctly?  I mean, is that where we're at?
```
[1]

4.    More than two years have passed since the Court approved the expense $83,492.91 reimbursement for expenses advanced by the Anderson Firm while representing RW. For the Anderson Firm—a small, four-member practice—the prompt reimbursement of operating capital was vital to its financial stability. However, TJH and HMH appear to have deliberately disregarded the Court's directive, seemingly employing a calculated strategy to deprive the smaller firm of resources in the hopes of forcing its collapse or abandonment of its efforts. Alarmingly, their strategy came dangerously close to succeeding.

5.    Despite repeated misrepresentations by HMG, there is no *valid* litigation in Nueces County challenging the Anderson Firm's expenses. The Nueces County case exclusively addresses the rightful recipient of the attorney fees awarded by this Court for representation of the minor, RW. When this Court issued its order approving RW's settlement, *including expenses*, no court or attorney had the authority to re-litigate the validity of those expenses, which were approved by this Court and the ad litem, Chip Evan.

6.    The Anderson Law Firm has made repeated good faith efforts to resolve this issue without court intervention, including direct communications with TJH/HMG Law Firms on January 31, 2024, and April 24, 29, 30, and May 1, 4, 5 and 6, 2025.[2] Instead of funding the Anderson Firm's expenses as required, HMG has repeatedly requested additional documentation. Despite having no obligation to comply, the Anderson Firm has provided all requested documentation, yet HMG continues to unjustifiably withhold the funds.

7.    The failure of HMG to comply with the Court's order justifies the issuance of an Order to

---

[1] See Exhibit A-Transcript of Settlement Conference Proceeding dated May 2, 2023 and See Exhibit B-Court's order approving settlement. A true and correct copy is incorporated herein by reference.
[2] See Exhibit C & D-Communications.

Show Cause, requiring HMG to appear and explain why they should not be held in contempt or subjected to sanctions.

## II.    FACTS

*HMG received $259,507.75 to reimburse expenses incurred in RW litigation.*

8.    On or about May 2, 2023, HMG/TJH received $259,507.75 by Court order, specifically designated to reimburse expenses on RW's litigation to RW's lawyers, including the Anderson Law Firm.

*HMG represented expenses would be released.*

9.    These expenses were thoroughly documented, reviewed, and approved by all parties involved, including attorneys from TJH, HMG, and the Anderson Firm, as well as RW's parents and RW's ad litem, Chip Evans. The ad litem reports states:

> 19. In order to analyze the settlement in light of the best interest of R.W., I performed the
>
> following:
>
> a.  Review of pleadings in the matter;
>
> b.  Review of The Findings of Fact and Conclusions of Law;
>
> c.  Review of medical history of R.W.;
>
> d.  Reviewed Trial exhibits, including expert reports, pertaining to R.W.;
>
> e.  Reviewed Individual case expenses and all supporting documentation;
>
> f.  Had several phone conversations with counsel for Plaintiff;
>
> g.  Reviewed the Stipulation of the Government;
>
> h.  Reviewed the proposed disbursement;
>
> i.  Had a phone interview with Chancie McMahan;
>
> j.  Reviewed the draft Trust documents;
>
> k.  Reviewed the Proposed Annuity Option;
>
> l.  Drafted this Report; and
>
> m.  Will attend any Final Hearing(s) on the matter as the Court deems necessary. [3]

---

[3] See Exhibit E-Ad Litem Reported from Chip Evan.

17. The division of the settlement is also appropriate.  Great time and effort has gone into the division and disbursement of the settlement proceeds.  ==The attorney's fees and expenses are both reasonable.==

---

Attorney, Wilson (TJH Attorney) reported to the Court:

```
11          MR. WILSON:  Yes, Your Honor.
12          Our firm conducted the breakdown to get to these
13  final numbers, including the expenses that each law firm had
14  engaged in and protected that as well as the liens that are
15  there.
16          I believe that Mr. Lopez, we had a conversation at
17  one point where we agreed that everything would be funded but
18  the attorneys fees portion would be kept in our trust account
19  until that fee issue was resolved, but we would pay the
20  expenses, we'd pay the liens, and then we'd protect the rest
21  of that money until that issue is taken care of.
```

[4]

---

10.    Prioritizing RW's best interests, and based on representations made by TJH Attorney Wilson, the Anderson Law Firm (Mr. Lopez) agreed to allow the HMG attorneys to receive all payments and oversee the distribution of funds. This agreement was made in reliance on Attorney Wilson's assurances to the Court that the expenses would be promptly paid.

11.    **More than two years later,** the HMG lawyers have yet to release the expenses owed to the Anderson Law Firm.

*Carabin Law, PC Carabin Law's right to receive proceeds.*

---

[4] *See* Exhibit A-Transcript of Settlement Conference Proceeding dated May 2, 2023. , (p. 13, lines 16-25)

12.     On January 23, 2023, Paul Anderson—the owner and principal attorney of the Anderson Law Firm, who represented the minor RW in this litigation—passed away. Following his passing, Anderson's estate sold the assets of the law firm to attorney David Tijerina. Subsequently, attorney David Tijerina sold those assets to Carabin Law, PC. Throughout this transition, the client, Chris Ward, acting as next friend of RW, provided written consent for the association of new attorneys and law firms with the case. Moreover, the client reaffirmed the terms of the original contract with each succeeding firm. All relevant supporting documentation demonstrating the transition and the client's consent is embedded in the below link:

AA900-AA936 Transfer AA to CARABIN LAW, PC

***Request for Immediate Release of Withheld Expense Funds***

13.     Movant respectfully requests that the Court take immediate action and issue an order requiring TJH/HMG to show cause, if any, for their failure to promptly release the RW expenses incurred by the Anderson Law Firm to the Anderson Firm. Additionally, Movant urges the Court to order the immediate release of these funds but no later than three (3) days later than the signing of this Court's order. Documentation of the incurred expenses has been provided again at the link below:

ANDERSON EXPENSES RW

III.        **PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** The Anderson Law Firm now known as Carabin Law, PC respectfully requests this Court:

i.      Issue an Order to Show Cause requiring TJH/MG to appear and explain their noncompliance;

ii.     Issue an Order directing HMG to immediately place the sum of $259,507.75 into the registry of this Court within three (3) days of this signing of this Court's order;

iii.    Impose appropriate sanctions if HMG fails to provide a satisfactory explanation;

iv..    Grant any further relief this Court deems just and proper.

Respectfully submitted,


By  /s/ Adam Poncio

**Adam Poncio**
State Bar No. 16109800

**PONCIO LAW OFFICES**
A Professional Corporation
5410 Fredericksburg Road
#109
San Antonio, Texas 78229-3550
Telephone:   210.212.7979
Facsimile:   210.212.5880


By  /s/ Kirsten Carabin

**Kirsten Caabin**
State Bar No. 03785030
service@carabinlaw.com

**CARABIN LAW, PC**
MAILING ADDRESS:
5150 Broadway, Suite 259
San Antonio, Texas 78209
mail@carabinlaw.com
Telephone:   210.224.5555
Facsimile:   210.222.1480


ATTORNEYS FOR Anderson & Associates Law Firm now
known as CARABIN LAW, PC representing minor victim,
RW.


## CERTIFICATE OF CONFERENCE

As required, I certify that I have conferred, or made a reasonable attempt to confer, with all
other parties—which are listed below—about the merits of this motion with the following results
and the parties are opposed to the Motion. This opposition is   further evidenced by the
correspondence attached at Exhibit C & D.

_____
Kirsten Carabin

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and foregoing instrument and exhibits was duly served in accordance with the Texas Rules of Civil Procedure on this the 12th th day of May, 2025, to the following: ***Via Eserve:***

Robert Hilliard
**HILLIARD LAW formerly known as HILLARD, MARTINEZ, GONZALES, LLP**
State Bar No. 9677700
bobh@hmglawfirm.com

Bradford Klager
**HILLIARD LAW formerly known as HILLARD, MARTINEZ, GONZALES, LLP**
State Bar No. 09677700
brad@hilliard-law.com
719 S. Shoreline Boulevard
Corpus Christi, Texas 78401
O: 361. 882.1612
F: 361.882.3015

Travis Venable
**LAW OFFICE OF THOMAS J. HENRY**
State Bar No. 24068577
tvenable@tjhlaw.com

Thomas J. Henry
**LAW OFFICE OF THOMAS J. HENRY**
State Bar No. 09484210
thenry@tjhlaw.com
521 Starr Street
Corpus Christi, Texas 78401
O: 210.656.1000
F: 210.985.0601
E-Service Email: tvenable-svc@tjhlaw.com

**ATTORNEY FOR MOVANT**

**/s/ Kirsten Carabin**

_____
Kirsten Carabin



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, et al | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-CV-00555-XR |
| | § | |
| | § | (Consolidated Cases) |
| UNITED STATES, | § | |
| | § | |
| *Defendants.* | § | |

**AFFIDAVIT IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE**

Before me, the undersigned authority, personally appeared KIRSTEN CARABIN known to me to be the person whose name is subscribed hereto and who, being by me first duly sworn, deposes and says as follows:

1.     My name is KIRSTEN CARABIN.  I am over the age of eighteen (18) years of age, of sound mind, and competent to make this affidavit. I have never been convicted of a felony. I have personal knowledge of the facts set forth in this affidavit, and they are all true and correct. and say as follows:

2.     I am the Managing Partner for the Movant, Carabin Law, PC, aka as Anderson & Associates.

3.     On May 2, 2023,  this Court issued an order requiring  HILLIARD LAW formerly known as HILLARD, MARTINEZ, GONZALES, LLP (HMG)  to receive and disburse expenses in the RW litigation. [5]

---

[5] See Exhibit B-Court's order approving settlement. A true and correct copy is incorporated herein by reference.

4.      TJH/HMG have failed to comply with the Court's order despite proper notice and opportunity to do so.

5.      Prior to my acquisition of the firm's assets, the Anderson Law Firm made multiple attempts to collect the expenses owed to them, but these efforts were unsuccessful. Instead, they received letters that seemed intended to obscure the fact that both the Court and the ad litem had approved the payment of these expenses. Despite this approval, the TJH/HMG firms failed to release the funds to the Anderson Law Firm.[6]

6.      When I acquired the assets of the Anderson Law Firm, I made repeated efforts to resolve the issue of unpaid expenses without involving the court. I contacted TJH Attorney Travis Venable and HMG Attorney Bob Hilliard, but received no response beyond letters requesting expense documentation. This was despite the expenses being approved by the ad litem and TJH Attorney Robert Wilson, and HMG Attorney Marion Reilly, and remaining unpaid for over two years. Although not obligated, I provided copies of the front and back of each check. Despite these efforts, the owed expense funds were still not released.[7]

7.      Instead of releasing the expense funds, TJH Attorney Travis Venable sent yet another letter requesting additional documentation to verify my ownership of the firm. While this verification was not legally required, I promptly provided clear and unequivocal evidence confirming my ownership of the firm's assets. Furthermore, I offered to indemnify both TJH and HMG and proposed that the expenses be paid directly to the Anderson Law Firm. Despite these proactive measures—and despite the reimbursement being approved by the Court—TJH and HMG have continued to withhold the funds.

8.      It appears that the Anderson Firm, a small four-member practice, faced relentless interference from TJH, a firm of more than 250 lawyers, and HMH, with 26 lawyers, after being retained to represent RW, a minor injured in the massacre. Despite its limited resources, the firm advanced over $90,000 to prosecute RW's case. Many believe the aggressive tactics of these larger firms caused such immense strain on Mr. Anderson that they contributed to his untimely passing. Despite this loss, the Anderson Firm persisted and successfully secured a settlement for RW in

---

[6] See Exhibit C-Communications, true and correct copies incorporated herein by reference.
[7] See Exhibit D-Communications, true and correct copies incorporated herein by reference.

May 2023. The Court subsequently ordered the reimbursement of the advanced expenses, and attorneys from TJH and HMH explicitly committed to complying with this order. However, for over two years, TJH and HMH have willfully ignored the Court's directive.

9.       I respectfully request that this Court issue an Order to Show Cause requiring TJH/HMG to appear and explain their noncompliance and provide documentation that the expenses money entrusted into the HMG IOLTA Account is currently still held in the IOLTA Account of HMG.

I declare under penalty of perjury that the foregoing is true and correct.

Signed on this the 6th day of May, 2025. This concludes my Affidavit testimony.

_____
KIRSTEN CARABIN

SUBSCRIBED AND SWORN to before me this the 6th day of May, 2025.

J Maciel
My Commission Expires
8/8/2028
Notary ID125682563

_____
NOTARY PUBLIC
Jessica Maciel

_____
My Commission Expires:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, et al | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-CV-00555-XR |
| | § | |
| | § | (Consolidated Cases) |
| UNITED STATES, | § | |
| | § | |
| *Defendants.* | § | |

# EXHIBIT A

1

```
 1                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TEXAS
 2                       SAN ANTONIO DIVISION

 3
    JOE HOLCOMBE, ET AL,
 4                                      .
                        PLAINTIFF,      .
 5          vs.                         . DOCKET NO. 5:18-CV-555-XR
                                        .
 6   UNITED STATES,                     .
                                        .
 7                  DEFENDANT.          .

 8

 9

                  TRANSCRIPT OF SETTLEMENT CONFERENCE PROCEEDINGS
10                BEFORE THE HONORABLE XAVIER RODRIGUEZ
                     UNITED STATES DISTRICT JUDGE
11                          MAY 2, 2023

12

13

14

15

16   APPEARANCES:
     FOR THE PLAINTIFFS:      APRIL A. STRAHAN, ESQUIRE
17                            APRIL STRAHAN LAW PLLC
                              2525 ESSEX DRIVE
18                            KINGSPORT TX 37660

19                            JAMAL K. ALSAFFAR, ESQUIRE
                              WHITEHURST, HARKNESS, BREES, CHENG,
20                            ALSAFFAR & HIGGINBOTHAM
                              7500 RIALTO BLVD, BLDG 2, SUITE 250
21                            AUSTIN TX 78735

22

23                            MARION MAGDALENE REILLY, ESQUIRE
                              MARTINEZ & REILLY PLLC
24                            310 BAYSHORE DRIVE
                              CORPUS CHRISTI TX 78412

25
```

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 13 of 74
Case 5:18-cv-00555-XR   Document 823   Filed 05/19/23   Page 2 of 28

2

```
 1                              DIEGO A. LOPEZ, ESQUIRE
                                LAW OFFICES OF DIEGO LOPEZ
 2                              THE ARIEL HOUSE
                                8118 DATAPOINT
 3                              SAN ANTONIO TX 78229

 4

 5                              ROBERT WILSON, ESQUIRE
                                THOMAS J. HENRY
 6                              P.O. BOX 696025
                                SAN ANTONIO TX 78269
 7

 8                              JUSTIN B. DEMERATH, ESQUIRE
                                O'HANLON DEMERATH & CASTILLO PC
 9                              808 WEST AVENUE
                                AUSTIN TX 78701
10

11                              CHELSIE KING GARZA, ESQUIRE
                                THE WEBSTER LAW FIRM
12                              6200 SAVOY DRIVE, SUITE 150
                                HOUSTON TX 77036
13

14                              BRETT T. REYNOLDS, ESQUIRE
                                BRETT REYNOLDS & ASSOCIATES PC
15                              1250 NE LOOP 410, SUITE 310
                                SAN ANTONIO TX 78209
16
      FOR THE DEFENDANT:        JOCELYN KRIEGER, ESQUIRE
17                              KIRSTEN WILKERSON, ESQUIRE
                                US DEPARTMENT OF JUSTICE
18                              PO BOX 888, BEN FRANKLIN STATION
                                WASHINGTON DC 20044
19

20    GUARDIAN AD LITEM:        WALTER P. CHIP EVANS, ESQUIRE
                                THE EVANS LAW FIRM
21                              4407 BEE CAVES ROAD, SUITE 611
                                AUSTIN TX 78746
22

23    REPORTED BY:             GIGI SIMCOX, RMR, CRR
                                OFFICIAL COURT REPORTER
24                              UNITED STATES DISTRICT COURT
                                SAN ANTONIO, TEXAS
25
```

Case 5:18-cv-00555-XR   Document 831   Filed 05/13/25   Page 14 of 74
Case 5:18-cv-00555-XR   Document 823   Filed 05/19/23   Page 3 of 28

3

1    *(San Antonio, Texas; May 8, 2023, at 8:30 a.m., via Zoom*
2    *videoconference.)*

3         THE COURT:  Good morning.  Let's call 18 civil 555,
4    Holcombe and others versus the United States and all the other
5    related cases.

6         I'll be taking these one at a time.  So let's begin
7    with 18 civil 555, Joe and Claryce Holcombe versus the United
8    States.

9         Who do we have for the plaintiffs?

10        MISS STRAHAN:  Good morning, Your Honor, April
11   Strahan on behalf of the plaintiffs in that cause.

12        THE COURT:  Thank you.

13        And who do we have for the government?

14        MISS KRIEGER:  Your Honor, Jocelyn Krieger on behalf
15   of the government and Kirsten Wilkerson is also on the line.

16        THE COURT:  Thank you.

17        And so let's begin with Joe Holcombe's case.

18        I've received the paperwork from his physician
19   indicating that he's no longer able to make independent
20   judgments for himself and so JoCheryl Holcombe, his daughter,
21   is operating under a power of attorney.

22        Miss Holcombe, are you there?

23        MISS HOLCOMBE:  Yes.

24        THE COURT:  Thank you.

25        So the guardian ad litem appointed in all these

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 15 of 74
Case 5:18-cv-00555-XR    Document 823    Filed 05/19/23    Page 4 of 28

4

1  cases, Chip Evans, has provided me a report on each of these

2  cases.

3        With regard to Joe and Claryce Holcombe and Claryce's

4  estate now is represented by another family member, but with

5  regard to Joe Holcombe the settlement that's been reached for

6  the United States indicates that Mr. Holcombe will receive a

7  net settlement of $268,728.73.  That's after a gross

8  settlement number and attorneys fees and expenses.

9        Miss Holcombe, JoCheryl, have you received the

10  guardian ad litem report and gone over these numbers with your

11  lawyer?

12        MISS HOLCOMBE:  Yes.

13        THE COURT:  Do you have any questions about these

14  amounts?

15        MISS HOLCOMBE:  No.

16        THE COURT:  Are you in agreement with these amounts

17  being approved by me?

18        MISS HOLCOMBE:  Yes.

19        THE COURT:  Do you understand that, as representing

20  your father, once I approve these amounts and the final

21  settlements are executed by the United States that this will

22  be all the money that your father will be able to receive as a

23  result of the incidents of the Sutherland Springs shooting and

24  that you and his estate and him, if he recovers, you're

25  binding him, there won't be any ability for him to recover any

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 16 of 74
Case 5:18-cv-00555-XR    Document 823    Filed 05/19/23    Page 5 of 28

5

1    more monies than this net settlement, do you understand?

2         MISS HOLCOMBE:  Yes.

3         THE COURT:  And, Mr. Evans, you're there?

4         MR. EVANS:  Yes, sir.

5         THE COURT:  Thank you.  So Mr. Evans, it's your

6    recommendation to me that the settlement for Joe Holcombe be

7    approved?

8         MR. EVANS:  Yes, it is, Your Honor.

9         THE COURT:  Any other comments or questions that need

10   to be asked from Miss Strahan?

11        MISS STRAHAN:  No, Your Honor, unless you have any

12   questions about the estate of Claryce Holcombe, Mr. Holcombe

13   will actually receive those funds as well and John Porter

14   Holcombe is the successor executor of her estate, but no

15   questions from me, Your Honor.

16        THE COURT:  No.  I don't have any questions on that

17   and since no one has brought to my attention that that person

18   is not the proper executor for Claryce Holcombe, I don't

19   believe I need to approve anything there.

20        Anything else from the government, Miss Krieger?

21        MISS KRIEGER:  No, Your Honor.

22        THE COURT:  Now, I do have a question and

23   Miss Strahan or Mr. Alsaffar, maybe you-all can help me out.

24   So Mr. Evans' guardian ad litem fee, I don't see who is

25   responsible for the payment of that fee.

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 17 of 74
Case 5:18-cv-00555-XR   Document 823   Filed 05/19/23   Page 6 of 28

6

1          MR. ALSAFFAR:  Your Honor, the guardian ad litem fee
2    will be paid out of the expenses and that will be based on
3    each individual case.  So his guardian ad litem fee will come
4    out of each particular case in which he served as guardian ad
5    litem as cost.
6          THE COURT:  So in the settlement summaries that I've
7    been provided for where there is a line item for expenses, so
8    then that amount's already including the guardian ad litem
9    fee?
10         MR. ALSAFFAR:  Yes, Your Honor.
11         THE COURT:  Okay.  Thank you.
12         And then what are next steps?  So once I approve this
13   settlement for this individual and we go through all the
14   others, where are we at procedurally?
15         MR. ALSAFFAR:  Your Honor, as soon as the order is
16   entered for the minor settlement approvals, the stipulations
17   and your orders will be sent to the Department of Justice for
18   their final approval and funding, along with the adult
19   stipulations that don't need court approval.
20         So all of the other plaintiffs' stipulations have
21   been finalized.  They have been signed and we are just waiting
22   for this approval process for the minors and for Joe Holcombe.
23   They will all be collectively sent to the government as soon
24   as the order and this proceeding is entered.
25         And then at that point it's in the Department of

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 18 of 74
Case 5:18-cv-00555-XR    Document 823    Filed 05/19/23    Page 7 of 28

7

1    Justice's hands simply to get the matter finally, finally

2    approved and put in line for funding by the Department of

3    Treasury.

4            THE COURT:  And so once checks are received by the

5    various plaintiffs, then what?  You're going to issue a notice

6    of settlement to the Fifth Circuit?

7            MR. ALSAFFAR:  Yes, Your Honor.  We are also

8    simultaneously keeping the Fifth Circuit informed regularly

9    about the process.

10           Once this order is entered, we'll inform the Fifth

11   Circuit that we are in the final stages.  And in terms of the

12   dismissals, once the funding is received from the government

13   then we will notify the Fifth Circuit as well as this Court

14   and enter the appropriate dismissals, final dismissals.

15           THE COURT:  Thank you.

16           I believe that's all we need to take up on 18-555.

17           Let's turn to 18-949, Lisa McNulty.

18           Who do we have for Miss McNulty?  I guess that's you,

19   Mr. Alsaffar?

20           MR. ALSAFFAR:  Yes, Your Honor, that's me.  Thank

21   you.

22           THE COURT:  And Miss Krieger remains on the line.

23           And so with this case we're talking about JM and the

24   guardian here is Miss Lisa McNulty.

25           Miss McNulty, are you on the line?

Case 5:18-cv-00555-XR   Document 831   Filed 05/13/25   Page 19 of 74
Case 5:18-cv-00555-XR   Document 823   Filed 05/19/23   Page 8 of 28

8

1    MR. ALSAFFAR:  She is, Your Honor.

2    Lisa, would you mind unmuting your phone there?

3    MISS McNULTY:  Hello.

4    THE COURT:  There we go.  Thank you, ma'am.

5    So Miss McNulty, you and the government have reached

6    an understanding here that this case on behalf of JM is to be

7    settled for a gross amount of $2.49 million with that being a

8    net of 1.833,318.71.  Roughly 333,000 of that is going to be

9    put into a trust and then the remainder $1.5 million is going

10   to be put into a structured settlement on behalf of JM.

11   Have you reviewed the guardian ad litem report and

12   gone over those numbers with your lawyer?

13   MISS McNULTY:  Yes, I have.

14   THE COURT:  Do you understand that once I approve

15   this and once all the documents are signed and this case is

16   dismissed, that you're binding your child here, JM, on this

17   amount and once JM turns a majority JM will not be able to

18   seek any more monies as a result of this case, do you

19   understand?

20   MISS McNULTY:  I do, sir.

21   THE COURT:  Do you believe that this settlement here

22   is fair and reasonable and will satisfy all the needs of JM

23   into the future?

24   MISS McNULTY:  Yes, I do.

25   THE COURT:  Do you want me to approve this

Case 5:18-cv-00555-XR   Document 831   Filed 05/13/25   Page 20 of 74
Case 5:18-cv-00555-XR   Document 823   Filed 05/19/23   Page 9 of 28

9

1    settlement?

2             MISS McNULTY:  I do, sir.

3             THE COURT:  Mr. Evans, you are recommending that I

4    approve these amounts?

5             MR. EVANS:  Yes, Your Honor, I am.  It's a very good

6    and appropriate way to handle this money.

7             THE COURT:  Any further questions, Mr. Alsaffar?

8             MR. ALSAFFAR:  No, Your Honor.  Thank you.

9             THE COURT:  Any questions from the government?

10            MISS KRIEGER:  No, Your Honor.

11            THE COURT:  Just so the record is clear, I've

12   approved the Joe Holcombe settlement in 18-555.  I approve the

13   settlement on behalf of JM in 18 civil 949.

14            Let's turn to 19 civil 289, and this becomes a little

15   more complex.  Who do we have on behalf of the plaintiffs here

16   and RW?  We've got I believe two conflicting lawyers.

17            Miss Reilly, are you there?

18            MISS REILLY:  I am here, Your Honor.  Marion Reilly

19   on behalf of Chancie McMahan.  Thank you.

20            THE COURT:  And who else do we have on this case?

21            MR. LOPEZ:  Good morning, Your Honor, Diego Lopez on

22   behalf of Chris Ward.

23            MR. WILSON:  And Robert Wilson here with Miss Reilly

24   on behalf of Chancie McMahan.

25            THE COURT:  So on behalf of Chancie McMahan, who is

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 21 of 74
Case 5:18-cv-00555-XR    Document 823    Filed 05/19/23    Page 10 of 28

10

1  claiming guardianship, and then Christopher Ward, Miss Chancie

2  McMahan, are you on the line?

3          MISS McMAHAN:  Yes, sir.

4          THE COURT:  And Christopher Ward?

5          MR. WARD:  Yes, sir.

6          THE COURT:  Okay.  So as I understand the situation,

7  there is still ongoing litigation in the state court as to who

8  the proper guardian is for RW.  As a federal judge here, I

9  don't have any jurisdiction over that matter so that needs to

10 be resolved by the state courts as to who the proper guardian

11 is.

12          What I'm going to try to attempt to achieve today is

13 to figure out whether both you, Chancie McMahan and

14 Christopher Ward, agree to these amounts, and then once both

15 of you agree that it's in the best interest of RW to receive

16 these amounts then I want to talk about how the money is going

17 to be disbursed.

18          So in RW's situation the gross settlement was over

19 $6.9 million, attorneys fees of roughly 1.7, expenses of

20 roughly $260,000, and there's a medical lien and other

21 medicals in the amount of 317 owing.  So that would be a net

22 settlement of 4.626,778.53.

23          And so the settlement that's been negotiated here

24 would have 3.126,778.53 paid into a trust, and then

25 $1.5 million to fund the structured settlement with the

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 22 of 74
Case 5:18-cv-00555-XR   Document 823   Filed 05/19/23   Page 11 of 28

11

1   guardian ad litem fee of 5,000 in this case.

2          So let me start with you, Chancie McMahan.  Miss

3   McMahan, have you reviewed the guardian ad litem report in

4   this case and gone over with your lawyers these numbers?

5          MISS McMAHAN:  Yes, sir.

6          THE COURT:  Do you believe this settlement is fair

7   and in the best interest of RW?

8          MISS McMAHAN:  Yes, sir.

9          THE COURT:  Do you understand that once I approve

10  this order and all the various dismissal documents get

11  finalized that this will be binding on RW?  RW will not be

12  able to receive any more monies as a result of this shooting

13  case and so for the rest of his life he's going to be bound

14  with this number, do you understand that?

15         MISS McMAHAN:  Yes, sir.

16         THE COURT:  Do you want me to approve this

17  settlement?

18         MISS McMAHAN:  Yes, sir.

19         THE COURT:  Mr. Ward, Christopher Ward, same

20  questions to you, sir.  Have you reviewed this guardian ad

21  litem report?

22         MR. WARD:  Yes, sir.

23         THE COURT:  Have you gone over these numbers with

24  your lawyer?

25         MR. WARD:  Yes, I have.

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 23 of 74
Case 5:18-cv-00555-XR    Document 823    Filed 05/19/23    Page 12 of 28

12

1      THE COURT:  Do you believe that these amounts, and

2  especially the net, is appropriate for your child and it's in

3  his best interest to receive this amount?

4      MR. WARD:  Yes, I do.

5      THE COURT:  Do you understand that you're binding RW

6  to this amount and he'll never again be able to receive any

7  more monies as a result of this shooting case?

8      MR. WARD:  Yes.

9      THE COURT:  Do you think this net settlement amount

10 is sufficient to handle his future medical needs?

11     MR. WARD:  Yes.

12     THE COURT:  Do you want me to approve this

13 settlement?

14     MR. WARD:  Yes.

15     THE COURT:  Now let me turn to the lawyers, Miss

16 Reilly and Mr. Lopez.  So how are we going to go forward on

17 this?  Are we going to go ahead and just fund the trust now or

18 are we going to still wait for the state court resolution

19 before all of this?  And what happens to these monies in the

20 interim, if we're not going to immediately fund?

21     Miss Reilly first.

22     MISS REILLY:  Yes, Your Honor, and I'll ask

23 Mr. Wilson to join me as well in responding to this.

24     As I understand, Your Honor, we had had an agreement

25 previously that the funds were going to be deposited into the

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 24 of 74
Case 5:18-cv-00555-XR    Document 823    Filed 05/19/23    Page 13 of 28

13

1  IOLTA account of Thomas J. Henry.  I understand that that may

2  not be an agreement any longer per an email that I received

3  late last night from Mr. Lopez.

4          Really depends on his position.  We're happy to keep

5  the funds in a trust account.  We're happy to do that, or if

6  the Court determines that it's more appropriate to keep them

7  in the registry of the court, we understand that position as

8  well.

9          THE COURT:  So Mr. Wilson, do you want to assist Miss

10 Reilly?

11         MR. WILSON:  Yes, Your Honor.

12         Our firm conducted the breakdown to get to these

13 final numbers, including the expenses that each law firm had

14 engaged in and protected that as well as the liens that are

15 there.

16         I believe that Mr. Lopez, we had a conversation at

17 one point where we agreed that everything would be funded but

18 the attorneys fees portion would be kept in our trust account

19 until that fee issue was resolved, but we would pay the

20 expenses, we'd pay the liens, and then we'd protect the rest

21 of that money until that issue is taken care of.

22         THE COURT:  Mr. Lopez, your comments.

23         MR. LOPEZ:  Good morning, Your Honor.

24         As to the payment of expenses as well as the medical,

25 we have no problem with approving those as well as the

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 25 of 74
Case 5:18-cv-00555-XR    Document 823    Filed 05/19/23    Page 14 of 28

14

1    structured settlement that the Court mentioned funding that at

2    this time.

3          The only thing that should be of any issue is what to

4    do with the attorneys fees and I believe that as to the

5    attorneys fees, Mr. Wilson and Miss Reilly and I can still

6    work something out.  I'm not certain whether the attorneys

7    fees at this time should be in anybody's IOLTA account or just

8    left in the registry of the Court.

9          THE COURT:  So if I understand that correctly here

10   then the trust and the structured settlement would be

11   immediately funded.

12         Mr. Lopez, then who is going to get the check for the

13   expenses and the medical lien payments?  Whose office is going

14   to receive that?

15         MR. LOPEZ:  We have -- Mr. Wilson and the two law

16   firms have basically put together all of our expenses, Your

17   Honor, and I would trust that Mr. Wilson or Miss Reilly would

18   be -- we could make certain that all the payments that were

19   due to third parties were made based upon that assemblance of

20   that document.

21         MR. WILSON:  Your Honor, if I may, I would suggest

22   that the government make one wire transfer for the full

23   funding, and then if there's further -- and which would

24   include the attorneys fees so that that issue is taken care of

25   and the government is out of it.  If the Court then directs us

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 26 of 74
Case 5:18-cv-00555-XR    Document 823    Filed 05/19/23    Page 15 of 28

15

1  to fund the fees, put the fees in the registry of the Court.

2       The fee dispute is now pending in front of Nueces

3  County -- in Nueces County.  So if there are going to be fees

4  put into the registry, that's likely where it needs to go.

5       THE COURT:  So let me tell you my thoughts and I'll

6  hear from the government on this.

7       Once the settlement documents have all been

8  finalized, what I would -- what I'm contemplating ordering is

9  that the trust payment be fully funded and the structured

10  settlement be fully funded.

11       Then the government would issue a separate check to

12  Miss Reilly's law firm in the amount of 259,507.75 for

13  expenses and 317,261.97 for any medical or lien payments that

14  are outstanding and Miss Reilly's law office would be charged

15  with the responsibility of taking care of all those expenses

16  and medical lien payments, and that the government would issue

17  a third check in the amount of 1.734,516.09 for the attorneys

18  fees and that would be placed into the registry of this Court,

19  the Western District of Texas, until such time as the

20  attorneys fees issue has been resolved.

21       What's the government's thoughts on my proposal?

22       MISS WILKERSON:  Your Honor, this is Kirsten

23  Wilkerson.  I'm a colleague of Jocelyn's, as she said on the

24  beginning of the call.

25       First of all, just to let the Court know, we very

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 27 of 74
Case 5:18-cv-00555-XR    Document 823    Filed 05/19/23    Page 16 of 28

16

1    much appreciate the thoughtfulness that the Court and all

2    counsel have shown on this matter.

3        We would have to alter the stipulation for this case

4    to reflect that payment -- those payment streams, and we would

5    need to check with Treasury to make sure that all those

6    separate payment streams can be issued under this case.

7        THE COURT:  So then backtrack for me, Miss Wilkerson.

8    Currently, how is the deal structured?  Where is all of this

9    going to?

10        MISS WILKERSON:  So for the minor RW, $5,438,064.34

11    was being paid into the Hilliard Martinez Gonzales IOLTA

12    account; and 1.5 million, the premium amount for an annuity,

13    was being paid to the Brant Hickey Trust Account.

14        THE COURT:  Thank you.

15        So let me go back to the lawyers now.

16        This case has been up and down all sorts of food

17    chains.  Is there really a concern that the way it's currently

18    structured that the lawyers are not going to comply with their

19    legal obligations to hold these monies in their respective

20    accounts correctly?  I mean, is that where we're at?

21        Miss Reilly.

22        MISS REILLY:  Certainly, Your Honor.  I believe that

23    we will intend to do so appropriately.  I think that's a

24    question probably addressed to Mr. Lopez.

25        THE COURT:  Mr. Lopez.

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 28 of 74
Case 5:18-cv-00555-XR   Document 823   Filed 05/19/23   Page 17 of 28

17

1          MR. LOPEZ:  Your Honor, I believe that any trust

2    account would be -- of course, the attorneys would abide by

3    the guidelines set out by the Texas Bar Association.  So if

4    the Court -- at this time we would withdraw any objection to

5    taking the monies and putting them into the trust account of

6    either Mr. Wilson's firm or Miss Reilly's firm.  I think the

7    Court is well-aware now of the conflict with regard to these

8    attorneys fees.

9          THE COURT:  Yeah; no.  Thank you.

10         So let's keep the structure in place the way the

11   government currently has it drafted so we're not making any

12   modifications to that.

13         The Court approves the settlement as to RW as

14   proposed, as well as the guardian ad litem fee.

15         And then, needless to say, Miss Reilly and

16   Mr. Wilson, it's a paying upon contempt of this Court if the

17   monies are misappropriated.  And I have no concerns about both

18   your law firms, but just to make sure it's all very clear that

19   if you have any questions about disbursement and there's a

20   fight, better approach me first before doing anything with the

21   monies.

22         MR. LOPEZ:  Yes, Your Honor.

23         THE COURT:  Okay.  Let's turn to ZZ, 19-691, Braden

24   and others versus the U.S.

25         Who do we have as counsel here in this case?

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 29 of 74
Case 5:18-cv-00555-XR    Document 823    Filed 05/19/23    Page 18 of 28

18

1          MR. DEMERATH:  Your Honor, Justin Demerath for

2    plaintiff ZZ, and I have with me Beth Braden, ZZ's legal

3    guardian and mother.

4          THE COURT:  Thank you.

5          Miss Braden, same questions that I've been giving

6    everybody else.  Have you had a chance to review the guardian

7    ad litem report and have an understanding with your lawyer

8    about how the settlement monies, what they are and how they

9    are being disbursed?

10          MISS BRADEN:  Yes, sir.

11          THE COURT:  Do you understand that on behalf of ZZ

12   you are binding your child to this settlement amount, and then

13   the net that's going to ZZ is 6.258,823.53 with 758,823.53

14   going into a trust, and the remaining $5.5 million to fund a

15   structured settlement, do you understand that?

16          MISS BRADEN:  Yes, sir.

17          THE COURT:  Do you understand that you're binding ZZ

18   to those amounts and that once ZZ becomes a majority age your

19   child won't be able to get any additional monies from any

20   other party in this case because this is going to be a final

21   settlement of the matter, and so are you satisfied that this

22   is enough monies and fair to resolve any medical and

23   psychological issues that ZZ may encounter for the rest of

24   ZZ's life?

25          MISS BRADEN:  Yes, sir.

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 30 of 74
Case 5:18-cv-00555-XR    Document 823    Filed 05/19/23    Page 19 of 28

19

```
 1          THE COURT:  Do you want me to approve this amount?
 2          MISS BRADEN:  Yes, sir.
 3          THE COURT:  Mr. Evans, you are recommending to me
 4   that I approve this, correct?
 5          MR. EVANS:  I am, Your Honor.
 6          THE COURT:  Mr. Demerath, any questions you would
 7   like to ask?
 8          MR. DEMERATH:  No, Your Honor.  No questions.
 9          THE COURT:  Anything from the government?
10          MISS KRIEGER:  No, Your Honor.
11          THE COURT:  In 19-691 the Court approves the
12   settlement and settlement amounts to ZZ as proposed and
13   approves the guardian ad litem fee.
14          Let's turn to 19-706, Dalia Lookingbill and others
15   versus the U.S.
16          Who do we have for counsel for plaintiff?
17          MISS GARZA:  Good morning, Your Honor, Chelsie Garza,
18   counsel for plaintiffs in this matter.
19          THE COURT:  Thank you.
20          And for the government?
21          MISS KRIEGER:  Miss Krieger.
22          THE COURT:  Thank you.
23          And Miss Lookingbill, are you there?
24          MISS LOOKINGBILL:  Yes, sir.
25          THE COURT:  Thank you.
```

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 31 of 74
Case 5:18-cv-00555-XR   Document 823   Filed 05/19/23   Page 20 of 28

20

1          So Miss Lookingbill, have you had a chance to review

2    the guardian ad litem report that's been made by Mr. Evans and

3    gone over those numbers?

4          MISS LOOKINGBILL:  Yes, sir.

5          THE COURT:  And you've gone over these numbers with

6    your lawyer?

7          MISS LOOKINGBILL:  Yes, sir.

8          THE COURT:  Do you have any questions about those

9    numbers?

10         MISS LOOKINGBILL:  No, sir.

11         THE COURT:  The same issues are going to apply to RT.

12   Do you understand that this net settlement of 4.388,474.35,

13   with 1.388,474.35 being made payable into a trust, and

14   $3 million to fund a structured settlement, that's going to be

15   the final number that RT will be able to get as a result of

16   this shooting, and so are you satisfied that this amount is

17   fair and reasonable and that it will satisfy any of RT's

18   medical and psychological needs in the future?

19         MISS LOOKINGBILL:  Yes, sir.

20         THE COURT:  Do you want me to approve this amount?

21         MISS LOOKINGBILL:  Yes, sir.

22         THE COURT:  Mr. Evans, you are proposing that I

23   approve this, correct?

24         MR. EVANS:  Yes, sir.

25         THE COURT:  Anything further from plaintiff's

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 32 of 74
Case 5:18-cv-00555-XR   Document 823   Filed 05/19/23   Page 21 of 28

21

1  counsel?

2          MISS GARZA:  No, Your Honor, unless you have any

3  questions about how we're funding the trust.  I have no

4  questions.

5          THE COURT:  No, I do not.  Thank you, though.

6          And so the Court approves the settlement as to RT as

7  proposed and approves the guardian ad litem fee also.

8          Let's move to 19-1300, David Colbath versus the

9  United States.

10          Who do we have as counsel for the plaintiff?

11          MR. REYNOLDS:  Your Honor, Brett Reynolds on behalf

12  of David Colbath.

13          THE COURT:  Thank you.

14          MR. REYNOLDS:  And Mr. Colbath.

15          THE COURT:  Thank you.

16          And we still have government counsel online.

17          David Colbath, are you on line, sir?

18          MR. REYNOLDS:  He is, Your Honor.  He was muted.

19          David, you need to unmute.  David, you need to

20  unmute.

21          MR. COLBATH:  I got it.

22          THE COURT:  Thank you, sir.

23          MR. COLBATH:  Thank you, Judge.  I'm here.

24          THE COURT:  Mr. Colbath, I'll be asking you the same

25  set of questions I've been asking the others today.

Case 5:18-cv-00555-XR   Document 831   Filed 05/13/25   Page 33 of 74
Case 5:18-cv-00555-XR   Document 823   Filed 05/19/23   Page 22 of 28

22

```
 1          Have you had a chance to review the guardian ad litem
 2  report prepared by Mr. Evans?
 3          MR. COLBATH:  Yes, sir, I have.
 4          THE COURT:  You have reviewed those numbers and gone
 5  over those with your lawyer?
 6          MR. COLBATH:  Yes, sir, I have.
 7          THE COURT:  Do you understand that there's a net
 8  settlement in this case to OC in the amount of 16,263.49 to
 9  fund a structured settlement?
10          MR. COLBATH:  Yes, sir, I do understand that.
11          THE COURT:  Do you understand that you're binding OC
12  to that amount and that as a result of this, once it all
13  finally gets approved, OC will not be able to come back and
14  try to recover any additional monies, and so you are binding
15  him to that amount, do you understand?
16          MR. COLBATH:  Yes, sir, I do understand.
17          THE COURT:  Do you think this is a fair and
18  reasonable amount to cover OC's needs?
19          MR. COLBATH:  Yes, sir, I do.
20          THE COURT:  Do you want me to approve that
21  settlement?
22          MR. COLBATH:  Yes, sir, I do.
23          THE COURT:  Mr. Evans, you recommend that I approve
24  this amount, correct?
25          MR. EVANS:  Yes, Your Honor.
```

Case 5:18-cv-00555-XR   Document 831   Filed 05/13/25   Page 34 of 74
Case 5:18-cv-00555-XR   Document 823   Filed 05/19/23   Page 23 of 28

23

1          THE COURT:  Any further questions, Mr. Reynolds?

2          MR. REYNOLDS:  No, Your Honor.  No questions.

3          THE COURT:  The Court approves the settlement as to

4    OC in the amounts provided and also the guardian ad litem fee

5    in this case.

6          Turning to 19-1301, Kris Workman versus the United

7    States.

8          Mr. Reynolds, this is your case as well, I believe.

9          MR. REYNOLDS:  Yes, Your Honor.

10         THE COURT:  Kris Workman, are you there?

11         MR. WORKMAN:  Yes, I am.

12         THE COURT:  Thank you, sir.

13         Mr. Workman, same questions to you, sir.  Have you

14   reviewed the guardian ad litem report prepared by Mr. Evans?

15         MR. WORKMAN:  Yes.

16         THE COURT:  Have you gone over those numbers and

17   discussed those numbers with your attorney?

18         MR. WORKMAN:  Yes.

19         THE COURT:  Do you understand that in this case

20   there's a net settlement to EW in the amount of $108,603.55,

21   and that as a result of me approving this, if I approve it,

22   that will be a binding amount on EW and EW will not be able to

23   recover any additional amounts as a result of this case, do

24   you understand?

25         MR. WORKMAN:  Yes.

Case 5:18-cv-00555-XR   Document 831   Filed 05/13/25   Page 35 of 74
Case 5:18-cv-00555-XR   Document 823   Filed 05/19/23   Page 24 of 28

24

1  THE COURT:  Do you believe this is a fair and

2  reasonable amount for EW's needs in the future?

3  MR. WORKMAN:  Yes.

4  THE COURT:  Do you want me to approve this

5  settlement?

6  MR. WORKMAN:  Yes.

7  THE COURT:  Mr. Evans, you recommend that I approve

8  this settlement, correct?

9  MR. EVANS:  Yes, sir.

10  THE COURT:  Any questions, Mr. Reynolds?

11  MR. REYNOLDS:  No, Your Honor.

12  THE COURT:  The Court approves the amount as proposed

13  as settlement for EW, as well as the guardian ad litem fee.

14  And then, finally, let's turn to 20CV368, EJH and

15  others versus the United States.

16  Who do we have as counsel here?

17  MISS STRAHAN:  April Strahan for the plaintiffs in

18  this cause, Your Honor.

19  THE COURT:  Thank you.  And the guardian is John

20  Porter Holcombe.

21  Mr. Holcombe, are you online?

22  MR. HOLCOMBE:  Yes, sir.

23  THE COURT:  Mr. Holcombe, same questions to you, sir.

24  Have you reviewed the guardian ad litem report prepared in

25  this case by Mr. Evans?

1          MR. HOLCOMBE:  Yes, I have.

2          THE COURT:  Have you reviewed those numbers and

3   discussed those numbers with your lawyer?

4          MR. HOLCOMBE:  Yes, sir.

5          THE COURT:  In this case on behalf of EJH, the net

6   settlement is $6.425,406.26 with 4.917,783.19 payable into a

7   trust and 1,500,000 to fund a structured settlement.  Do you

8   understand that if I approve this settlement those amounts

9   will be the final and binding numbers on EJH, and EJH will not

10  be able to ever come back and recover against any of the

11  parties in this case for any additional amounts, do you

12  understand?

13         MR. HOLCOMBE:  Yes, I understand.

14         THE COURT:  Do you believe that this net settlement

15  is fair and reasonable and in the best interest of EJH?

16         MR. HOLCOMBE:  Yes, I do.

17         THE COURT:  Do you want me to approve that

18  settlement?

19         MR. HOLCOMBE:  Yes, Your Honor.

20         THE COURT:  Mr. Evans, you recommend that I approve

21  that settlement amount, correct?

22         MR. EVANS:  Yes, Your Honor.

23         THE COURT:  Any further questions, Miss Strahan?

24         MISS STRAHAN:  No, Your Honor.

25         THE COURT:  And we have counsel for government on

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 37 of 74
Case 5:18-cv-00555-XR    Document 823    Filed 05/19/23    Page 26 of 28

26

1  this case too.

2          The Court approves the settlement in this matter

3  before EJH in the amounts proposed and the Court approves the

4  guardian ad litem fee in the amount proposed as well.

5          I believe with that, that concludes all the business

6  that we need to handle unless somebody else has something else

7  for my attention.

8          We'll start with the government first.

9          Any additional matters or questions you have, Miss

10  Krieger?

11          MISS KRIEGER:  No, Your Honor.

12          THE COURT:  Anything else on behalf of any of the

13  counsel present here for any of the plaintiffs?

14          MR. ALSAFFAR:  No, Your Honor.  Thank you.

15          THE COURT:  And not hearing from anybody else,

16  anything else, Mr. Evans, that I might have missed?

17          MR. EVANS:  No, Your Honor.  We're good.

18          THE COURT:  Thank you.  Thank you for your services.

19          Someone wanted to say something?

20          MISS STRAHAN:  Your Honor, April Strahan.

21          I just simply wanted to say thank you and your staff

22  so much for everything you've done throughout the case.  It

23  may be our last opportunity to visit with you and I just

24  wanted you to know you have a great team of folks working for

25  you.  So thank you very much.

```
1              THE COURT:  Thank you for that comment and compliment
2    to my staff.  I do have a great staff.
3              And with that, I believe this concludes my
4    participation in this case.
5              My best wishes to all.
6              We're adjourned.
7         (Concludes proceedings)
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Case 5:18-cv-00555-XR    Document 831    Filed 05/13/25    Page 39 of 74
Case 5:18-cv-00555-XR   Document 823   Filed 05/19/23   Page 28 of 28

28

1                                    –oOo–

2        I certify that the foregoing is a correct transcript from

3    the record of proceedings in the above–entitled matter.   I

4    further certify that the transcript fees and format comply

5    with those prescribed by the Court and the Judicial Conference

6    of the United States.

7

8    Date:   05/19/23              /s/  *Gigi Simcox*
                                   United States Court Reporter
9                                  262 West Nueve Street
                                   San Antonio TX 78207
10                                 Telephone:   (210)244-5037

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOE HOLCOMBE, et al | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-CV-00555-XR |
| | § | |
| | § | **(Consolidated Cases)** |
| UNITED STATES, | § | |
| | § | |
| *Defendants.* | § | |

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WARD, INDIVIDUALLY AND ON BEHALF OF THE ESTATES OF JOANN WARD AND BROOKE WARD, DECEASED; AND AS NEXT FRIEND OF R.W., A MINOR CHILD,<br><br>Plaintiffs<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | § § § § § § § § § § § § § § § § | NO: 5:19-CV-00289-XR<br>(consolidated into *Holcombe v. United States*, No. 5:18-CV-00555-XR) |

## ORDER APPROVING SETTLEMENT

The parties seek Court approval as to the reasonableness of the proposed settlement between the United States of America and Plaintiffs. The complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677 (hereinafter "Stipulation"). The Court has reviewed the pleadings, the Stipulation, and the report of the Court appointed Guardian ad Litem, the Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including that

**EXHIBIT D**

the settlement is subject to approval by the Attorney General or his designee and funding.

1. **Settlement**

The Court finds that it has jurisdiction and venue over the persons and subject matter of this proceeding and that all the proceedings have been lawful and proper. Further, the Court finds that the terms and conditions of this settlement, as set forth in the Stipulation, are fair, reasonable, and in the best interests of the parties. Accordingly, the court GRANTS the motion.

It is ORDERED that the settlement is hereby approved. It is further ORDERED that R.W.'s next friend is authorized and required to sign the Stipulation and any other documents that are necessary to consummate this settlement on his behalf. It is ORDERED that attorney's fees in this action shall not exceed twenty-five percent (25%) of the Settlement Amount. The Court finds that the costs and expenses associated with the litigation are fair, reasonable, and necessary. Accordingly, it is ORDERED that said fees of Plaintiffs' attorney, costs, and expenses are hereby approved and shall be paid from the settlement amount.

2. **Trust**

It is further ORDERED that the request to the Court to establish a trust for the benefit of R.W., a minor child pursuant to Section 142.005 of the Texas Property Code is granted.  THE R.W. SECTION 142 TRUST ("Trust") in the best interest of R.W. and should be created under the authority of Section 142.005 of the Texas Property Code; and that First National Trust Company, the proposed Corporate Trustee of the Trust, is a trust company having trust powers in the State of Texas and therefore is qualified to serve as

trustee of the Trust created pursuant to Section 142.005 of the Texas Property Code.

It is therefore ORDERED that the funds awarded to R.W. pursuant to this Order shall be held in trust for the benefit of R.W. pursuant to Section 142.005 of the Texas Property Code, and pursuant to the terms of the Trust Agreement attached to this Order as Exhibit "A" which is incorporated herein for all purposes by this reference.

It is further ORDERED that First National Trust Company is hereby appointed as Corporate Trustee of the Trust; and, upon the acceptance by the Trustee of such Trust, all sums awarded to R.W. herein shall be paid to the Corporate Trustee.

It is further ORDERED that National Distribution Consultants, LLC is hereby appointed as Distribution Director of the Trust herein created.

It is further ORDERED that approval is hereby granted to the Corporate Trustee and Distribution Director to charge a reasonable fee for its services at the rates and in the manner provided in the Trust, provided that the court may review the fees at any time and from time to time on the Court's own motion, motion of the Corporate Trustee or Distribution Director, or any other party interested in the welfare of R.W., and upon a hearing of the matter, the Court shall take any action with respect to such fees as the Court deems appropriate.

It is further ORDERED that Mayo & Poland, PLLC, is awarded the sum of $3,000.00 for legal services rendered on behalf of R.W., which sum is hereby ORDERED to be paid to said Attorneys directly by the Corporate Trustee for R.W.

3.  *Disbursement*

It is further ORDERED that the settlement amount shall be distributed according to the terms and conditions of the Stipulation. Specifically, with regard to R.W., it is ordered that the settlement proceeds shall be distributed as follows. Of R.W.'s settlement portion ($6,938,064.34):

1.  $1,734,516.09 or 25% shall be retained by his counsel as attorneys fees;

2.  $259,507.75 shall be retained by his counsel as reimbursement for reasonable and necessary costs of litigating the case, understanding that there may be some additional costs counsel shall retain associated with the consummation of the settlement and closing of this case;

3.  $317,261.97 shall be remitted to counsel for medical repayments and liens; and

4.  $4,626,778.53 shall be remitted for R.W. Specifically, the United States shall pay $1,500,000 to the annuity company named in the Stipulation and the company is ORDERED to purchase annuities to provide periodic payments in accordance with the terms of the settlement stipulation; the remainder shall be paid into the trust created in this order. The periodic payments will be paid to the R.W. Section 142 Trust as long as such trust is in existence.

Next, it is ORDERED that R.W.'s guardian ad litem, Chip Evans, fee of $5,000 is fair and reasonable. The Court discharges Mr. Evans as having fulfilled his obligations as guardian ad litem for R.W.

Finally, it is ORDERED that, after costs and fees, Plaintiffs' counsel shall pay the net of the recoveries to JoAnn Ward's Estate and Brooke Ward's Estate to the IOLTA account of The Webster Law Firm, 6200 Savoy Dr Ste 150, Houston, TX 77036. It is further ORDERED that The Webster Law Firm shall distribute the estate recovery in accordance with the rules of Texas

probate law and the portion to be distributed to R.W. shall be deposited in the Trust created in this order within five (5) days of disbursement.

It is so **ORDERED**.

SIGNED this 2nd day of May, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOE HOLCOMBE, et al | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-CV-00555-XR |
| | § | |
| | § | (Consolidated Cases) |
| UNITED STATES, | § | |
| | § | |
| *Defendants.* | § | |

# EXHIBIT C



5/1/2025

To The Honorable Judge Xavier Rodriguez
United States District Court Western District of Texas
United States District Clerk's Office
262 West Nueva Street, Room 1-400
San Antonio, Texas 78207

Re:    **Cause No. 2022CCV-60432-1; Hilliard Martinez Gonzales LLP and**
**Thomas J. Henry Injury Attorneys v Anderson & Associates Law**
**Firm, PLLC and Law Offices of Diego Lopez, PLLC**

To The Honorable Xavier Rodriguez:

This letter is in response to Robert Hilliard's letter dated January 30, 2024. Firstly, this matter is not set for trial as stated by Robert Hilliard. Th Plaintiff in the above matter has asked for a hearing to determine the division of atty fees. Secondly, Mr. Hilliard ignores the plain language contained in the hearing transcript where Mr. Robert Wilson stated that expenses would be paid to Anderson & Associates (now Anderson & Tijerina) and the only issue to be decided in the state court is the division of atty fees.

Once again, I must correct statements from Thomas J. Henry and Hilliard Law Firms. In Mr. Hilliard's letter dated January 30, 2024, Mr. Hilliard states this case is currently set for trial in March. This is not true. This case is set for a hearing, which occurrence is questionable given recent filings by the undersigned counsel. There is no trial setting in the matter, nor has a DCO been entered by the Court.

Additionally, Mr. Hilliard would have you ignore the plain representations made by Mr. Robert Wilson at the hearing. It has been approximately eight (8) months since Mr. Robert Wilson represented to this Court that he would forward a check for expenses to Anderson & Tijerina. To date, no money has been received, and in fact amounts the expenses have been used in an attempt to gain advantage in settlement discussions with the undersigned counsel.

As for Mr. Hilliard's representation that the Anderson Associates Law Firm did not have the right to represent the Plaintiff, Mr. Chris Ward, this allegation has been made without any evidentiary support whatsoever. In fact, it is Mr. Hilliard and Thomas J. Henry who were representing the mother in violation of the Order Affecting Suit in Parent Child Relationship. In theat regard, Chauncie McMahon never asked Chris Ward for permission to hire her own counsel. Be that as it may, we are left with a direct representation by counsel that expenses.

Based on the above, an emergency hearing is requested before this court to determine the rights of the parties and to resolve the issue pertaining to attorney expenses.

Respectfully,

_____
David A. Tijerina
State Bar Number: 00791796

Cc: The Honorable Judge Todd Robinson
    Nueces County Court At Law 1

    HILLIARD LAW
    Robert C. Hilliard
    bobh@hmglawfirm.com
    Rudy Gonzales, Jr.
    rudyg@hmglawfirm.com
    Catherine Tobin Hilliard
    catherine@hmglawfirm.com
    T. Christopher Pinedo
    cpinedo@hmglawfirm.com
    Jessica J, Pritchett
    jpritchett@hilliard-law.com

    LAW OFFICE OF THOMAS J. HENRY
    Robert P. Wilson
    rwilson@thomasjhenrylaw.com
    Karen Villarruel
    kvillarruel@thomasjhenrylaw.com

    DIEGO LOPEZ LAW FIRM
    Diego Lopez
    diego@diegolaw.com



# ANDERSON TIJERINA

5/1/2025

To The Honorable Judge Xavier Rodriguez
United States District Court Western District of Texas
United States District Clerk's Office
262 West Nueva Street, Room 1-400
San Antonio, Texas 78207

Re:   **Cause No. 2022CCV-60432-1; Hilliard Martinez Gonzales LLP and
Thomas J. Henry Injury Attorneys v Anderson & Associates Law
Firm, PLLC and Law Offices of Diego Lopez, PLLC**

To The Honorable Xavier Rodriguez:

This letter is in response to Robert Hilliard's letter dated January 30, 2024. Firstly, this matter is not set for trial as stated by Robert Hilliard. Th Plaintiff in the above matter has asked for a hearing to determine the division of atty fees. Secondly, Mr. Hilliard ignores the plain language contained in the hearing transcript where Mr. Robert Wilson stated that expenses would be paid to Anderson & Associates (now Anderson & Tijerina) and the only issue to be decided in the state court is the division of atty fees.

Once again, I must correct statements from Thomas J. Henry and Hilliard Law Firms. In Mr. Hilliard's letter dated January 30, 2024, Mr. Hilliard states this case is currently set for trial in March. This is not true. This case is set for a hearing, which occurrence is questionable given recent filings by the undersigned counsel. There is no trial setting in the matter, nor has a DCO been entered by the Court.

Additionally, Mr. Hilliard would have you ignore the plain representations made by Mr. Robert Wilson at the hearing. It has been approximately eight (8) months since Mr. Robert Wilson represented to this Court that he would forward a check for expenses to Anderson & Tijerina. To date, no money has been received, and in fact amounts the expenses have been used in an attempt to gain advantage in settlement discussions with the undersigned counsel.

As for Mr. Hilliard's representation that the Anderson Associates Law Firm did not have the right to represent the Plaintiff, Mr. Chris Ward, this allegation has been made without any evidentiary support whatsoever. In fact, it is Mr. Hilliard and Thomas J. Henry who are representing the mother in violation of the Order Affecting Suit in Parent Child Relationship. In theat regard, Chauncie McMahon never asked Chris Ward for permission to hire her own counsel. Be that as it may, we are left with a direct representation by counsel that expenses.

Based on the above, an emergency hearing is requested before this court to determine the rights of the parties and to resolve the issue pertaining to attorney expenses.

Respectfully,

_____
David A. Tijerina
State Bar Number: 00791796

Cc: The Honorable Judge Todd Robinson
    Nueces County Court At Law 1

    HILLIARD LAW
    Robert C. Hilliard
    bobh@hmglawfirm.com
    Rudy Gonzales, Jr.
    rudyg@hmglawfirm.com
    Catherine Tobin Hilliard
    catherine@hmglawfirm.com
    T. Christopher Pinedo
    cpinedo@hmglawfirm.com
    Jessica J, Pritchett
    jpritchett@hilliard-law.com

    LAW OFFICE OF THOMAS J. HENRY
    Robert P. Wilson
    rwilson@thomasjhenrylaw.com
    Karen Villarruel
    kvillarruel@thomasjhenrylaw.com

    DIEGO LOPEZ LAW FIRM
    Diego Lopez
    diego@diegolaw.com



**HILLIARD**
LAW

January 30, 2024

**VIA HAND DELIVERY:**
United States District Court Western District of Texas
United States District Clerk's Office
262 West Nueva Street, Room 1-400
San Antonio, Texas 78207

Re: ***Hilliard Martinez Gonzales LLP and Thomas J. Henry Injury Attorneys v. Anderson & Associates Law Firm, PLLC and Law Offices of Diego Lopez, PLLC;*** Cause No. 2022CCV-60432-1; In The County Court At Law No. 1, Nueces County.

Honorable Judge Rodriguez:

On behalf of both Thomas J. Henry Injury Attorneys and Hilliard Law (formerly Hilliard Martinez Gonzales LLP) we write in response to Mr. David Tijerina's letter dated January 29, 2024 to confirm compliance with the Court's instructions to the attorneys during the hearing held on May 2, 2023.

The May 2, 2023 order approving the settlement for minor plaintiff R.W. ordered that $1,734,516.09 (25%) be retained by R.W.'s counsel as attorney's fees and that $259,507.75 shall be retained by his counsel as reimbursement for reasonable and necessary costs of litigating the case.

Pursuant to this order, the client's portion of the settlement funds have been provided to the trust for Plaintiff R.W. and R.W.'s medical liens have been paid accordingly. All other funds have been received by Hilliard Law and continue to be held in trust pending the outcome of the fee dispute which is pending before Judge Todd Robinson in Nueces County Court Number 1. The issues before the Nueces County court included the validity of the contingency fee contracts which would include the right to receive reimbursement of expenses. This case is currently set for trial on March 21, 2024.

Hilliard Law has not violated the Court's instructions, and Thomas J. Henry Injury Attorneys and Hilliard Law do not believe the parties require Your Honor's intervention at this time.

Should you have any questions or concerns, please feel free to contact us at 361-882-1612.

Sincerely,

*/s/ Robert C. Hilliard*
HILLIARD LAW
719 South Shoreline Blvd.

Corpus Christi, Texas 78401
Phone: 361-882-1612

and

*/s/ Robert Wilson*
Thomas J. Henry Injury Attorneys
P.O. Box 696025
San Antonio, Texas 78269
Phone: 210-656-1000
Fax: 361-985-0601



# ANDERSON TIJERINA

5/1/2025

United States District Court Western District of Texas
United States District Clerk's Office
262 West Nueva Street, Room 1-400
San Antonio, Texas 78207

> Re:    **Cause No. 2022CCV-60432-1; Hilliard Martinez Gonzales LLP and
> Thomas J. Henry Injury Attorneys v Anderson & Associates Law
> Firm, PLLC and Law Offices of Diego Lopez, PLLC**

To The Honorable Judge of the Court:

On May 2, 2023, this Honorable Court held a hearing in Joe Holcombe, *et. al.* v United States, Docket Number: 5:18-CV-555-XR. A true and correct copy of transcript is attached hereto for the Court's convenience. In that hearing, the Court assigned the division of Attorney Fees for the minor plaintiff, R.W., to be heard in State Court. *See* Exhibit A page number 15, lines 17-20. That case is currently pending in the above referenced matter. Specifically, in the hearing held on May 2, 2023, the Court stated as follows:

> "Then the government would issue a separate check to Miss Reilly's law firm in the amount of $259,507.75 for expenses and $317,261.97 for any medical or lien payments that are outstanding and Miss Reilly's law office would be charged with the responsibility of taking care of all those expenses, and medical lien payments, and that the government would issue a third check in the amount of $1,734,5116.09 for the attorneys' fees and that would be placed into the registry of the Court, the Western District of Texas, until such time as the attorney fees issue has been resolved."

> "And then, needless to say, Miss Reilly and Mr. Wilson, It's a paying upon contempt of this Court if the monies are misappropriated.  And I have no concerns about both your law firms, but just to make sure it's all very clear that if your have any questions about disbursement and there's a fight, better approach me first before ding anything with the monies." *See* Exhibit A page number 17, lines 15-21.

Clearly, this Court ordered that it be advised should any conflict relating to the payment of monies arise. Accordingly, although $259,507.97 was set aside for the reimbursement of expenses, the Hilliard Law Firm and Thomas. J. Henry has refused to pay Anderson & Tijerina (formally Anderson & Associates) for its' portion of expenses.

In light of the Courts directive that it be "approached" in the event of a fight regarding expenses, this office is complying with the Court's prior directive that it be approached should there be a fight regarding expenses. Based on the foregoing, this office requests direction from this Honorable Court as to how to proceed in this matter. Thank you for your attention to this matter. Should the Court have any questions, please feel free to contact me directly at the number below or on my cell phone: 210.840.4888.

Respectfully Submitted,

David A. Tijerina

Cc: The Honorable Judge Todd Robinson
Nueces County Court At Law 1

HILLIARD LAW
Robert C. Hilliard
bobh@hmglawfirm.com
Rudy Gonzales, Jr.
rudyg@hmglawfirm.com
Catherine Tobin Hilliard
catherine@hmglawfirm.com
T. Christopher Pinedo
cpinedo@hmglawfirm.com
Jessica J, Pritchett
jpritchett@hilliard-law.com

LAW OFFICE OF THOMAS J. HENRY
Robert P. Wilson
rwilson@thomasjhenrylaw.com
Karen Villarruel
kvillarruel@thomasjhenrylaw.com
DIEGO LOPEZ LAW FIRM
Diego Lopez
diego@diegolaw.com

BROWN SIMS
Nicholas Cenac
ncenac@brownsims.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, et al | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-CV-00555-XR |
| | § | |
| | § | (Consolidated Cases) |
| UNITED STATES, | § | |
| | § | |
| *Defendants.* | § | |

# EXHIBIT D

 **CARABIN LAW**
INJURY LAWYERS

**Carabin, Kirsten <kcarabin@thedesiregroup.com>**

---

# MOTION TO ORDER FUNDS RELEASED
1 message

**Kirsten Carabin** <kcarabin@carabinlaw.com>                                           Thu, Apr 24, 2025 at 1:04 PM
To: tvenable@tjhlaw.com, bobh@hmglawfirm.com, brad@hilliard-law.com, thenry@tjhlaw.com
Cc: David Tijerina <DavidT@carabinlaw.com>, Kirsten Carabin <kcarabin@carabinlaw.com>, Niqita Selman
<nselman@carabinlaw.com>
Bcc: Richard David Nalbach <rd@carabinlaw.com>

As you may know, my firm has purchased all assets and assumed all case responsibilities of the Anderson Firm. This
includes the receivables, specifically the fees and expenses incurred and owed for the Sutherland Springs plaintiff, RW.
Upon reviewing the documentation, it is evident that your firm assured the Court these expenses would be promptly
reimbursed to the appropriate parties including the Anderson Firm. For reference, the documented expenses are
attached via the embedded link.

### RW WARD EXPENSES ANDERSON LAW FIRM

However, two years have passed, and the Anderson Firm, now Carabin Law, PC ,has not received this reimbursement.  I
have prepared the attached motion, which I intend to file with the Court tomorrow. However, I hope this step will not
be necessary, and I urge you to immediately wire the expense monies incurred by this firm and which have been held
by your firm for over 2 years. I will look to receive your wire confirmation within 24 hours. Wiring instructions are as
follows:

| Account Name: | CARABIN LAW, PC |
|---|---|
| Account # | 10675628 |
| Routing # | 114000093 |

If you have any questions or concerns do not hesitate to contact me. My cell phone is 210.859.8600.

 **CARABIN LAW**
DON'T WORRY, WE GOT YOU

**KIRSTEN CARABIN**

ATTORNEY | FOUNDER
carabinlaw.com
210.224.5555
225 E Locust St.
San Antonio, TX 78212

---

📄 **25 APR 15 Motion To Order Funds Released WARD expenses (1).pdf**
596K

# THOMAS J HENRY

A TRIAL FIRM OF MORE THAN 250 ATTORNEYS
REPRESENTING VICTIMS NATIONWIDE FOR MORE THAN 25 YEARS

April 24, 2025

**Via E-Service**
Kirsten Carabin
CARABIN LAW, PC
5150 Broadway, Ste. 259
San Antonio, Texas 78209
*Attorneys for Defendant, Anderson & Associates Law Firm*

> *RE:*    Cause No.: 2022CCV-60432-1; Hilliard Martinez Gonzales LLP and Thomas J.
> Henry Injury Attorneys v. Anderson & Associates Law Firm, in the County Court at Law
> No. 1, Nueces County Texas

In reference to the above-styled and numbered cause, please allow for this formal correspondence to serve as our attempt to confer on the matters below.

Our office is in receipt of your motion to order funds released. However, there has been no evidence presented of Carabin Law's entitlement to any reimbursement of expenses that are to be paid to Anderson & Associates Law Firm as a result of the representation of R.W. in prosecuting his claims against the United States Air Force. Further, as both Mr. Anderson and Mr. Ward passed away before Carabin Law purportedly purchased all assets of the Anderson Firm, there is a question as to whether Carabin Law can even continue to represent R.W. as a client.

Due to the above concerns, please provide documentation indicating that Carabin Law is entitled to Anderson & Associates' reimbursement of expenses, including the purchase agreement between Carabin Law and Anderson & Associates Law Firm, a client consent to share fees, or any other documentation indicating that Carabin Law has a right to Anderson & Associates Law Firm's assets.

Please respond to this letter by **3:00 p.m., on Monday, April 28, 2025**.

If you have any questions regarding the above, please feel free to contact me directly.

Very truly yours,

**THOMAS J. HENRY INJURY
ATTORNEYS**

**Travis E. Venable**



**Carabin, Kirsten <kcarabin@thedesiregroup.com>**

# EXPENSES OWED TO ANDERSON & ASSOCIATES

8 messages

**Kirsten Carabin <kcarabin@carabinlaw.com>**                    <mark>Tue, Apr 29, 2025 at 5:23</mark> PM
To: tvenable@tjhlaw.com, bobh@hmglawfirm.com, thenry@tjhlaw.com, brad@hilliard-law.com
Cc: David Tijerina <DavidT@carabinlaw.com>, Niqita Selman <nselman@carabinlaw.com>, Kirsten Carabin
<kcarabin@carabinlaw.com>, Adam Poncio <salaw@msn.com>

I acknowledge receipt of your letter. While the Court Order and transcript confirm that all necessary documentation
was previously submitted and approved by the Court and the ad litem, I am providing the requested documentation
again as a courtesy. The Anderson Law Firm is owed **$90,416.08** and this amount is fully documented on the
attached link-all check copies, front and back and receipts.

## RW WARD EXPENSES ANDERSON LAW FIRM

Additionally, I have included a link for verification regarding Carabin Law, PC. acquisition of the Anderson Law Firm.

## AA900-AA936 AA to CARABIN LAW, PC

Please WIRE the Anderson expense money-$90,416.08- to below referenced account before 5:00 pm, April 30, 2025. If
you fail do this I will seek Court intervention, see attached. This matter must be resolved—it is unfair that the Anderson
Firm's expenses have been wrongfully withheld for over two years and counting......

| Account Name: | CARABIN LAW, PC |
|---|---|
| Account # | 10675628 |
| Routing # | 114000093 |

If you have any additional concerns—though I can't imagine what they might be—this firm is willing to indemnify TJH or
HMG. Travis, I attempted to contact you to discuss this matter, but you did not return my call. If you'd like to discuss
further, please feel free to reach out to me directly at 210.859.8600.



## KIRSTEN CARABIN

ATTORNEY | FOUNDER
carabinlaw.com
210.224.5555
225 E Locust St.
San Antonio, TX 78212

📄 **25 APR 29 Motion To Order Funds Released  WARD  expenses  (1).pdf**
636K

 **CARABIN** LAW
INJURY LAWYERS

Carabin, Kirsten <kcarabin@thedesiregroup.com>

## EXPENSES OWED TO ANDERSON & ASSOCIATES

**Bob Hilliard** <bobh@hilliard-law.com>                                        Wed, Apr 30, 2025 at 3:13 AM
To: Kirsten Carabin <kcarabin@carabinlaw.com>, "tvenable@tjhlaw.com" <tvenable@tjhlaw.com>, "thenry@tjhlaw.com"
<thenry@tjhlaw.com>, Brad Klager <brad@hilliard-law.com>, Lynn Bradley <lbradley@hilliard-law.com>, Catherine Hilliard
<catherine@hilliard-law.com>
Cc: David Tijerina <DavidT@carabinlaw.com>, Niqita Selman <nselman@carabinlaw.com>, Kirsten Carabin
<kcarabin@carabinlaw.com>, Adam Poncio <salaw@msn.com>

Kristen,


Congratulations on your acquisition—I wish you the best as you begin and attempt and  clean up what can
best be described as a…well, a bit of a Picasso of problems.


Though, like Tom Henry, I mostly monitor this case and leave it to Travis to take the lead, with Brad K
assisting—your recent involvement  does seem like a somewhat positive development to the long chaos to
date and I look forward to hopefully a more traditional dispute resolution path than we have seen.


Warm regards,


bob


 **HILLIARD** LAW

ROBERT C. HILLIARD
*Founding Partner*
*Double Board Certified in Personal Injury & Civil Trial Law*

*Winner of National Law Journal's*
*Elite Trial Lawyer of the Year - Products Liability*
*Elite Trial Lawyer of the Year - Motor Vehicles*

    

View My Bio


[Quoted text hidden]

 **CARABIN LAW**
INJURY LAWYERS

Carabin, Kirsten <kcarabin@thedesiregroup.com>

## EXPENSES OWED TO ANDERSON & ASSOCIATES

**Kirsten Carabin** <kcarabin@carabinlaw.com>                                    Wed, Apr 30, 2025 at 10:31 AM
To: Bob Hilliard <bobh@hilliard-law.com>
Cc: "tvenable@tjhlaw.com" <tvenable@tjhlaw.com>, "thenry@tjhlaw.com" <thenry@tjhlaw.com>, Brad Klager <brad@hilliard-law.com>, Lynn Bradley <lbradley@hilliard-law.com>, Catherine Hilliard <catherine@hilliard-law.com>, David Tijerina <DavidT@carabinlaw.com>, Adam Poncio <salaw@msn.com>, Kirsten Carabin <kcarabin@carabinlaw.com>, Niqita Selman <nselman@carabinlaw.com>

Thank you for your email. Please provide the tracking number for the expense reimbursement wire so we can close this issue that has been pending for years.

Our firm is dedicating significant time and resources to trial preparations. If your team is genuinely interested in participating in constructive discussions to resolve this case, it would be best to initiate those conversations sooner rather than later. I left a message for you this morning and have reached out to Travis multiple times without a response. Please let me know how you wish to proceed—my cell is 210-859-8600 or Adam's cell is 210.683.2379. It appears, we agree that this case needs to be resolved fairly and immediately.

Take care, Kirsten

 **CARABIN LAW**
DON'T WORRY, WE GOT YOU

**KIRSTEN CARABIN**
ATTORNEY | FOUNDER
carabinlaw.com
210.224.5555
225 E Locust St.
San Antonio, TX 78212

T

[Quoted text hidden]



Carabin, Kirsten <kcarabin@thedesiregroup.com>

## EXPENSES OWED TO ANDERSON & ASSOCIATES

**Bob Hilliard** <bobh@hilliard-law.com>                                      Wed, Apr 30, 2025 at 10:39 AM
To: Kirsten Carabin <kcarabin@carabinlaw.com>
Cc: "tvenable@tjhlaw.com" <tvenable@tjhlaw.com>, "thenry@tjhlaw.com" <thenry@tjhlaw.com>, Brad Klager <brad@hilliard-law.com>, Lynn Bradley <lbradley@hilliard-law.com>, Catherine Hilliard <catherine@hilliard-law.com>, David Tijerina <DavidT@carabinlaw.com>, Adam Poncio <salaw@msn.com>, Kirsten Carabin <kcarabin@carabinlaw.com>, Niqita Selman <nselman@carabinlaw.com>

Unfortunately, that is somewhat premature as there are significant legal hurdles that will need to be resolved re original representation, standing, etc—I suspect, tho again, I am not in the weeds and defer to Travis and Brad, that all definitive motions will need rulings to determine if there is  even a  path forward to  resolution--



## ROBERT C. HILLIARD
*Founding Partner*
*Double Board Certified in Personal Injury & Civil Trial Law*

*Winner of National Law Journal's*
*Elite Trial Lawyer of the Year · Products Liability*
*Elite Trial Lawyer of the Year · Motor Vehicles*

   

View My Bio

[Quoted text hidden]

# THOMAS J HENRY

A TRIAL FIRM OF MORE THAN 250 ATTORNEYS
REPRESENTING VICTIMS NATIONWIDE FOR MORE THAN 25 YEARS

May 1, 2025

**Via E-Service**
Kirsten Carabin
CARABIN LAW, PC
5150 Broadway, Ste. 259
San Antonio, Texas 78209
*Attorneys for Defendant, Anderson & Associates Law Firm*

>    *RE:*    Cause No.: 2022CCV-60432-1; Hilliard Martinez Gonzales LLP and Thomas J. Henry Injury Attorneys v. Anderson & Associates Law Firm, in the County Court at Law No. 1, Nueces County Texas

In reference to the above-styled and numbered cause, please allow for this formal correspondence to serve as our attempt to confer on the matters below.

Our office is in receipt of the ledger purporting to be expenses incurred by the Anderson Law Firm on behalf of R.W. and we have some serious concerns. The ledger includes expenses incurred after the District Court's Findings of Facts and Conclusions of Law on February 7, 2022 in the amount of $26,585.62 which necessarily cannot be case expenses as the case had been resolved. Further, these expenses include probating Chris Ward's will and transcripts for depositions regarding this fee dispute, which cannot be considered case expenses incurred on behalf of R.W. in prosecuting his claims.

Further, the ledger documents expenses in the amount of $90,416.08, however a review of these documents show that expenses which can be proved by a bill and proof of payment of said bill amounts to $22,341.95. For example, there is a $3,500 check made out to Leslie Ward but no documentation of a bill with Leslie Ward's name on it. Please provide any documentation you have evidencing that these expenses were in fact incurred.

Please respond to this letter by **3:00 p.m., on Friday, May 2, 2025**.

If you have any questions regarding the above, please feel free to contact me directly.

Very truly yours,

**THOMAS J. HENRY INJURY
ATTORNEYS**

**Travis E. Venable**

---

TOLL FREE 1-855-740-8145 • FAX 1-877-513-1359 • TJHLAW.COM
MAILING ADDRESS 5711 University Heights Suite 101 • San Antonio, Texas 78249

 **CARABIN LAW** INJURY LAWYERS

Carabin, Kirsten <kcarabin@thedesiregroup.com>

---

## Letter to Confer - Cause No. 2022CCV-60432-1, Hilliard Martinez Gonzales LLP, Thomas J. Henry Injury Attorneys vs. Anderson & Associates Law Firm PLLC

**Kirsten Carabin** <kcarabin@carabinlaw.com>                                    Thu, May 1, 2025 at 5:06 PM
To: Katharine Simms <KSimms@tjhlaw.com>
Cc: Travis Venable <TVenable@tjhlaw.com>, "Thomas J. Henry" <TJH@tjhlaw.com>, Jacqueline Zarate
<JackieZarate@tjhlaw.com>, David Tijerina <DavidT@carabinlaw.com>, Niqita Selman <nselman@carabinlaw.com>, Bob
Hilliard <bobh@hilliard-law.com>, "brad@hilliard-law.com" <brad@hilliard-law.com>, Adam Poncio <salaw@msn.com>,
Kirsten Carabin <kcarabin@carabinlaw.com>

It is deeply concerning that yet another excuse has been fabricated to justify withholding payment of expenses owed to
the Anderson Firm. The expense funds were entrusted to your firms **not for further evaluation of their legitimacy**, but
for prompt disbursement. To quote the Court: "*And then, needless to say, Miss Reilly (HGM Firm) and Mr. Wilson (TJH
Firm) it paying upon contempt of Court if the monies are misappropriated.*" It appears that this is what has happened?
If you are so concerned with $3,500, deduct it, Anderson will be taken advantage of again...but so be it-wire
**$86,916.06.**

I have attempted to reach all of you but no one has had the courtesy to return my call. In the meantime, if we insist on
continuing down the path, please forward your firm's itemized expenses in this case and proof the funds we are
discussing are actually held in HMG trust account.

It is truly disheartening to witness how far our profession has strayed from the principles of professionalism and
integrity that should define it. Again, I am available to discuss.



**KIRSTEN CARABIN**

ATTORNEY | FOUNDER

carabinlaw.com
210.224.5555
225 E Locust St.
San Antonio, TX 78212

**CARABIN** LAW
DON'T WORRY, WE GOT YOU

[Quoted text hidden]

# THOMAS J HENRY

### A TRIAL FIRM OF MORE THAN 250 ATTORNEYS
### REPRESENTING VICTIMS NATIONWIDE FOR MORE THAN 25 YEARS

May 2, 2025

**<u>Via E-Service</u>**
Adam Poncio
PONCIO LAW OFFICES
5410 Fredericksburg Rd., Ste 109
San Antonio, Texas 78229

Kirsten Carabin
CARABIN LAW, PC
5150 Broadway, Ste. 259
San Antonio, Texas 78209

*Attorneys for Defendant, Anderson & Associates Law Firm*

> *RE:*     Cause No.: 2022CCV-60432-1; Hilliard Martinez Gonzales LLP and Thomas J. Henry Injury Attorneys v. Anderson & Associates Law Firm, in the County Court at Law No. 1, Nueces County Texas

In reference to the above-styled and numbered cause, please allow for this formal correspondence to serve as our attempt to confer on the matters below.

Our office is in receipt of your Request for Production dated May 1, 2025. However, on April 29, 2025, you sent correspondence stating that Plaintiff's discovery requests sent April 29, 2025, were untimely due to the current trial date of June 9, 2025 resulting in a discovery cut off of May 10, 2025. Please advise whether you are waiving the objection of untimeliness lodged in your April 29, 2025, correspondence or if your previous opinion is the same and your office is knowingly sending untimely and improper discovery requests.

Further, per your prior statement presuming the discovery cut off is May 10, 2025, your May 1, 2025 designation of expert witnesses is untimely. Please withdraw this untimely expert designation. Should this untimely expert designation not be withdrawn, our office will file a Motion to Strike and seek costs and fees due to having to file the motion.

Finally, please provide dates for David Tijerina to be deposed on or before May 9, 2025, to speak to the discovery responses that were sent to Plaintiff.

Please respond to this letter by **<u>12:00 p.m., on Monday, May 5, 2025</u>**.

If you have any questions regarding the above, please feel free to contact me directly.

Very truly yours,

**THOMAS J. HENRY INJURY
ATTORNEYS**

# T H O M A S J H E N R Y

A TRIAL FIRM OF MORE THAN 250 ATTORNEYS
REPRESENTING VICTIMS NATIONWIDE FOR MORE THAN 25 YEARS

**Travis E. Venable**

 **CARABIN** LAW
INJURY LAWYERS

Carabin, Kirsten <kcarabin@thedesiregroup.com>

---

## Letter to Confer - Cause No. 2022CCV-60432-1, Hilliard Martinez Gonzales LLP, Thomas J. Henry Injury Attorneys vs. Anderson & Associates Law Firm PLLC

**Kirsten Carabin** <kcarabin@carabinlaw.com>                                    Sat, May 3, 2025 at 6:52 AM
To: Katharine Simms <KSimms@tjhlaw.com>
Cc: Travis Venable <TVenable@tjhlaw.com>, "Thomas J. Henry" <TJH@tjhlaw.com>, Jacqueline Zarate
<JackieZarate@tjhlaw.com>, David Tijerina <DavidT@carabinlaw.com>, Niqita Selman <nselman@carabinlaw.com>, Bob
Hilliard <bobh@hilliard-law.com>, "brad@hilliard-law.com" <brad@hilliard-law.com>, Adam Poncio <salaw@msn.com>, David
Tijerina <DTijerina@carabinlaw.com>, Kirsten Carabin <kcarabin@carabinlaw.com>

HI Katharine, again, willing to talk anytime, How about Tuesday at 9:00 AM? If that does not work, give me an
alternative time,  I will gather my team? Have a great day. K



**KIRSTEN CARABIN**

ATTORNEY | FOUNDER

carabinlaw.com
210.224.5555
225 E Locust St.
San Antonio, TX 78212

[Quoted text hidden]



Carabin, Kirsten <kcarabin@thedesiregroup.com>

---

**RE: Letter to Confer - Cause No. 2022CCV-60432-1, Hilliard Martinez Gonzales LLP, Thomas J. Henry Injury Attorneys vs. Anderson & Associates Law Firm PLLC**

---

**Kirsten Carabin** <kcarabin@carabinlaw.com>                              Mon, May 5, 2025 at 2:57 PM
To: Katharine Simms <KSimms@tjhlaw.com>
Cc: Travis Venable <TVenable@tjhlaw.com>, "Thomas J. Henry" <TJH@tjhlaw.com>, Jacqueline Zarate <JackieZarate@tjhlaw.com>, David Tijerina <DavidT@carabinlaw.com>, Niqita Selman <nselman@carabinlaw.com>, Bob Hilliard <bobh@hilliard-law.com>, "brad@hilliard-law.com" <brad@hilliard-law.com>, Adam Poncio <salaw@msn.com>, David Tijerina <DTijerina@carabinlaw.com>, kcarabin@carabinlaw.com

Super. I will call you at 9:00. Maybe we can work through some of these discovery issues. K



**KIRSTEN CARABIN**

ATTORNEY | FOUNDER

carabinlaw.com

210.224.5555

225 E Locust St.
San Antonio, TX 78212

[Quoted text hidden]



Carabin, Kirsten <kcarabin@thedesiregroup.com>

---

## RE: Letter to Confer - Cause No. 2022CCV-60432-1, Hilliard Martinez Gonzales LLP, Thomas J. Henry Injury Attorneys vs. Anderson & Associates Law Firm PLLC

**Kirsten Carabin** <kcarabin@carabinlaw.com>                                Tue, May 6, 2025 at 7:02 AM
To: Katharine Simms <KSimms@tjhlaw.com>
Cc: Travis Venable <TVenable@tjhlaw.com>, "Thomas J. Henry" <TJH@tjhlaw.com>, Jacqueline Zarate <JackieZarate@tjhlaw.com>, David Tijerina <DavidT@carabinlaw.com>, Niqita Selman <nselman@carabinlaw.com>, Bob Hilliard <bobh@hilliard-law.com>, "brad@hilliard-law.com" <brad@hilliard-law.com>, Adam Poncio <salaw@msn.com>, David Tijerina <DTijerina@carabinlaw.com>

Hi Katharine, I am on the phone with your receptionist...she says you do not exists....??? Can you call me? 210 8598600?



## KIRSTEN CARABIN

ATTORNEY | FOUNDER

carabinlaw.com

210.224.5555

225 E Locust St.
San Antonio, TX 78212

[Quoted text hidden]



Carabin, Kirsten <kcarabin@thedesiregroup.com>

## Todays Call
1 message

**Kirsten Carabin** <kcarabin@carabinlaw.com>                                  Tue, May 6, 2025 at 8:41 AM
To: Katharine Simms <KSimms@tjhlaw.com>
Cc: Bob Hilliard <bobh@hilliard-law.com>, David Tijerina <DTijerina@carabinlaw.com>, "Thomas J. Henry"
<TJH@tjhlaw.com>, Adam Poncio <salaw@msn.com>, Travis Venable <tvenable@tjhlaw.com>, Brad Klager <brad@hilliard-law.com>, Kirsten Carabin <kcarabin@carabinlaw.com>, Niqita Selman <nselman@carabinlaw.com>

Hi Katharine, so nice that you exist....: ) I appreciate our productive call this am. To summarize my notes for follow up:

(1) You are going to double check that you do not have any correspondence/text etc between HHG or TJH with attorney Webster. As we both recognized...strange? I hate to bother this judge with unnecessary motions.

(2) You are going to reach out for any documentation explaining the mysterious fee-sharing agreement (95/10). My understanding is that this agreement was signed with Webster as your firm's agent, as the Anderson Firm ceased all involvement with Webster on the RW file in 2017.

(3) You will review with Travis past settlement offers to this firm and advise what they were if any.

(4) Please produce activity logs related to this file, if they exist, so that all firms can properly evaluate the activity. Note that I am not requesting activity logs for other clients represented by TJH/HMG, such as the Holcombe family and Chancie McMahan. I am specifically interested in the work conducted on behalf of RW. We will also update our activity logs today and forward them to you. To confirm, the Anderson attorneys involved in this file include Mr. Anderson, Kelly Kelly, Michael Dominick, Kandyce Palmerchuck, David Tijerina, and currently Adam Poncio and myself.

(5) You will research again—though I understand this may be daunting—how Webster could possibly be included in the TJH fee-sharing agreement when neither TJH nor HMG firms have ever had any communication with him. You mentioned you would reach out to Marco Crawford and Mr. Wilson once more to explore whether any clarity can be gained on this matter. Again....as we both recognized...strange?

(6) Expenses:

(a) I am unclear on how TJH/HMG is questioning expenses that have already been approved by the ad litem and awarded by the Court. You mentioned that you would review the files for any authority for TJH or JMG to take this action, such as a contract with Chancie or any contract or Court order granting TJH or HMG the authority to question approved case expenses. As I said, I was considering filing a motion to involve the federal court in this matter, but I would prefer to avoid unnecessary court intervention. If this documentation exists, please let me know.  If you need a copy of the ad litem report, I am more than happy to provide it.

(b) Although I believe these expenses were submitted and approved at the time of settlement, I have gathered them again for review. I saw your email raising questions about a couple of the items. I have requested clarification documentation, including the front and back of the check, and will provide it as soon as possible—most likely today.

(c) As a courtesy, could you please provide TJH/HMG expense documentation? I understand it may be somewhat moot at this point, but I would like to have it for our records.

(7) Proof of Funds Expenses: Thank you for agreeing to reach out to HHG to obtain documentation verifying proof of funds. I would request verification that both the the attorney fees award  of $1,734,516.098 and the expense payment or $259,507.75 are still held, safe and sound, in the HMG Trust Account. Seems to me, this is a straightforward and simple request, and I would strongly prefer not to waste the Court's time addressing it. What a shame this monies were not moved into an interest bearing account.

(8) Motion to Strike SJ: Please consider pulling this down. I believe it was filed timely and Travis and HMG probably did not have time to open until the 30th.  See attached screenshots verifying timing......again, let's not waste the Court's time if we can avoid it. Let me know.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE, et al | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-CV-00555-XR |
| | § | |
| | § | (Consolidated Cases) |
| UNITED STATES, | § | |
| | § | |
| *Defendants.* | § | |

# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE HOLCOMBE *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | Civil Action No. SA-18-cv-555-XR |
| | § | |
| v. | § | *Consolidated with:* |
| | § | SA-19-cv-00289-XR, |
| UNITED STATES OF AMERICA, | § | SA-19-cv-00972-XR |
| | § | |
| *Defendant.* | § | |

## ORDER

On this date, the Court considered the status of these consolidated cases.

This Court entered final judgments in these cases on April 5, 2022. The United States timely filed notice of appeal, and Plaintiffs timely filed their cross-appeal, divesting this Court of jurisdiction over these cases. *See Alvestad v. Monsanto Co.*, 671 F.2d 908, 911 n.2 (5th Cir.) *cert. denied*, 459 U.S. 1070 (1982). The parties have reached a settlement agreement which requires the appointment of guardians ad litem and approve settlement terms for minor plaintiffs and adult-incompetent Plaintiffs. On April 12, 2023, the Fifth Circuit remanded the case to this Court for the limited purposes of appointing guardians ad litem and approving the settlement terms in those cases involving minor and adult-incompetent Plaintiffs. *See* ECF No. 814.

On April 12, 2023, the Court issued an order appointing a guardian ad litem to represent and protect the interests of a number of minor and adult-incompetent Plaintiffs and reopening the member cases in which their respective complaints were filed. *See* ECF No. 813.

Due to a family dispute, the minor Plaintiff R.W.'s claims were filed in two separate actions: *Ward et al. v. United States*, No. SA-19-cv-00289-XR (the "*Ward* Action") and *McMahan et al. v. United States*, No. SA-19-cv-00972-XR (the "*McMahan* Action").

When the Court entered final judgments in these actions on April 5, 2022, it noted that the

final judgment in the *McMahan* Action was duplicative of the judgment entered in the *Ward* Action

but "[did] not does not constitute a second award" and "[was] only listed in [*McMahan* Action]

due to the family law dispute between R.W.'s parents, Christopher Ward and Chancie McMahan,

pending in Lampasas County, Texas." *McMahan* Action, ECF No. 11.

After appointing Chip Evans as guardian ad litem on behalf of minor Plaintiff R.W., the

Court reopened the *McMahan* Action for the purpose of effectuating the Fifth Circuit's Order of

Limited Remand. *McMahan* Action, ECF No. 21. Based on the language in the *McMahan* final

judgment indicating that R.W. was awarded damages in the *Ward* Action, the Court concludes that

the settlement of R.W.'s claims should be addressed in the *Ward* Action in the interest of

consistency. Accordingly, the *Ward* Action must be reopened.

**The Clerk is DIRECTED to REOPEN** *Ward et al. v. United States*, No. SA-19-cv-

00289-XR, and to add Chip Evans as the Guardian Ad Litem representing and protecting the

interests of the minor Plaintiff R.W. in the *Ward* Action.

Chip Evans's contact information is as follows:

Walter P. Chip Evans
Evans & Herlihy Law Firm
4407 Bee Caves Rd., Suite 611
Austin, TX 78746
Telephone: (512) 732-2727
Email: chip@evanstxlaw.com

It is so **ORDERED**.

**SIGNED** this 26th day of April, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOE HOLCOMBE *et al.*,       §
                            §
        *Plaintiffs,*        §      Civil Action No. SA-18-cv-555-XR
                            §
v.                          §      *Consolidated with:*
                            §      SA-19-cv-00972-XR
UNITED STATES OF AMERICA,    §
                            §
        *Defendant.*         §

## ORDER

On this date, the Court considered the status of these consolidated cases.

This Court entered final judgments in these cases on April 5, 2022. The United States timely filed notice of appeal, and Plaintiffs timely filed their cross-appeal, divesting this Court of jurisdiction over these cases. *See Alvestad v. Monsanto Co.*, 671 F.2d 908, 911 n.2 (5th Cir.) *cert. denied*, 459 U.S. 1070 (1982). The parties reached a settlement agreement requiring the appointment of guardians ad litem and approval of settlement terms for minor plaintiffs and adult-incompetent Plaintiffs. On April 12, 2023, the Fifth Circuit remanded the case to this Court for the limited purposes of appointing guardians ad litem and approving the settlement terms in those cases involving minor and adult-incompetent Plaintiffs. *See* ECF No. 814. On the same day, the Court issued an order appointing a guardian ad litem to represent and protect the interests of a number of minor and adult-incompetent Plaintiffs and reopening the member cases in which their respective complaints were filed (the "Limited Remand Cases"). *See* ECF No. 813.

Due to a family dispute, the minor Plaintiff R.W.'s claims were filed in two separate actions: *Ward et al. v. United States*, No. SA-19-cv-00289-XR (the "*Ward* Action") and *McMahan et al. v. United States*, No. SA-19-cv-00972-XR (the "*McMahan* Action"). When the Court entered

final judgments in these actions on April 5, 2022, it noted that the final judgment in the *McMahan*

Action was duplicative of the judgment entered in the *Ward* Action but "[did] not does not

constitute a second award" and "[was] only listed in [*McMahan* Action] due to the family law

dispute between R.W.'s parents, Christopher Ward and Chancie McMahan, pending in Lampasas

County, Texas." *McMahan* Action, ECF No. 11.

    After appointing Chip Evans as guardian ad litem on behalf of minor Plaintiff R.W., the

Court reopened the *McMahan* Action for the purpose of effectuating the Fifth Circuit's Order of

Limited Remand. *McMahan* Action, ECF No. 21. Based on the language in the *McMahan* final

judgment indicating that R.W. was awarded damages in the *Ward* Action, the Court concluded

that the settlement of R.W.'s claims should be addressed in the *Ward* Action in the interest of

consistency and re-opened that case.

    On August 3, 2023, the Fifth Circuit entered an order dismissing the appeal under FED. R.

APP. P. 42(b) pursuant to the joint motion of the parties. *See Holcombe et al. v. United States*, No.

No. 22-50458, Doc. No. 339 (5th Cir. Aug. 3, 2023). Thereafter, in light of the Fifth Circuit's

order, the Court directed the Clerk to close the Limited Remand Cases, including the *Ward* Action.

*See Ward* Action, ECF No. 33.

    In light of the dismissal of the appeal and the closure of the *Ward* Action, the Clerk is

**DIRECTED** to **CLOSE** the *McMahan* Action, No. SA-19-cv-00972-XR.

    It is so **ORDERED**.

    **SIGNED** this 18th day of September, 2023.

                                    _____
                                    XAVIER RODRIGUEZ
                                    UNITED STATES DISTRICT JUDGE

2